1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone:  (310) 405-7190
Email:  jpafiti@pomlaw.com

*Counsel for the Apple Investor Group and Proposed*
*Co-Lead Counsel for the Class*

(*additional counsel on signature page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., TIMOTHY D. COOK, and LUCA MAESTRI,<br><br>Defendants. | Case No.: 4:19-cv-02033-YGR<br><br>NOTICE OF MOTION AND MOTION OF THE APPLE INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date:  August 13, 2019<br>Time:  2:00 p.m.<br>Judge:  Hon. Yvonne Gonzales Rogers<br>Courtroom:  1 – 4th Floor |

*-  caption continued on following page -*

| | |
|---|---|
| PRIYAM REDDY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., TIMOTHY D. COOK, and LUCA MAESTRI,<br><br>Defendants. | Case No.: 4:19-cv-02615-YGR<br><br>CLASS ACTION |
| STEAMFITTERS LOCAL 449 PENSION PLAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., TIMOTHY D. COOK, and LUCA MAESTRI,<br><br>Defendants. | Case No.: 3:19-cv-02891-JD<br><br>CLASS ACTION |

1

# TABLE OF CONTENTS

NOTICE OF MOTION...........................................................................................................1

STATEMENT OF ISSUES .................................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................2

I.      PRELIMINARY STATEMENT .............................................................................2

II.     STATEMENT OF FACTS .....................................................................................4

III.    ARGUMENT...........................................................................................................6

        A.      CONSOLIDATION OF THE RELATED ACTIONS IS WARRANTED ...........6

        B.      THE APPLE INVESTOR GROUP SHOULD BE APPOINTED LEAD
                PLAINTIFF.....................................................................................................7

                1.      The Apple Investor Group is Willing to Serve as Lead Plaintiff .............8

                2.      The Apple Investor Group Is the Most Adequate Plaintiff .....................9

                        a.      The Apple Investor Group Has the Largest Financial Interest in
                                the Action.......................................................................................9

                        b.      The Apple Investor Group Otherwise Satisfies the Requirements
                                of Rule 23....................................................................................10

        C.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
                APPROVED..................................................................................................12

IV.     CONCLUSION......................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armour v. Network Assocs.*,
    171 F. Supp. 2d 1044 (N.D. Cal. 2001) ...................................................................11

*Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF,
    2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014).......................................10

*Casden v. HPL Techs., Inc.*, No C-02-3510 VRW,
    2003 U.S. Dist. LEXIS 19606 (N.D. Cal. Sept. 29, 2003) ...................................6, 7

*China Agritech, Inc. v. Resh*,
    138 S. Ct. 1800 (2018)................................................................................................4

*Gluck v. CellStar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................11

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992).....................................................................................11

*Hessefort v. Super Micro Comput., Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) ...................................................................10

*In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
    2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) ........................................10

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
    2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013)......................................9, 10

*Osher v. Guess?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .........................................12

*Richardson v. TVIA, Inc.*, No. C-06-06304 RMW,
    2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) .......................................11

*Serafimov v. Netopia, Inc.*, No. C-04-03364 RMW,
    2004 U.S. Dist. LEXIS 25184 (N.D. Cal. Dec. 3, 2004) ...........................................7

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003)....................................................................................11

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) ........................................................................7

ii

NOTICE OF MOTION AND MOTION OF THE APPLE INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT - 4:19-cv-02033-YGR; 4:19-cv-02615; 3:19-cv-02891-JD

**Statutes**

15 U.S.C. §§ 78u-4(a)(1) ....................................................................................................7

15 U.S.C. § 78u-4(a)(3)(A)(i) ...........................................................................................8

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................8, 9

15 U.S.C. §78u-4(a)(3)(B)(i) ......................................................................................2, 8, 9

15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii) ...............................................................................12

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...............................................................................3, 4, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ................................................................................10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .......................................................................................8

15 U.S.C. §78u-4(a)(3)(B)(v)...............................................................................................2

15 U.S.C. §§ 78j(b) and 78t(a)).............................................................................................2

Private Securities Litigation Reform Act of 1995 ...........................................................*passim*

**Rules**

Federal Rule of Civil Procedure 23 ...................................................................................*passim*

Federal Rule of Civil Procedure 42 .............................................................................. 1, 2, 6

iii

NOTICE OF MOTION AND MOTION OF THE APPLE INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT - 4:19-cv-02033-YGR; 4:19-cv-02615; 3:19-cv-02891-JD

## NOTICE OF MOTION

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on August 13, 2019 at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Yvonne Gonzalez Rogers in Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, California 94612, Michael Grecco, Shaikh M. Ahmad, and Shahtaj M. Ahmad[1] (collectively, the "Apple Investor Group") will and hereby do respectfully move this Court pursuant to the Securities Exchange Act of 1934, Section 21D(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), and Fed. R. Civ. P. 42(a) ("Rule 42(a)") for an Order: (1) consolidating the above-captioned actions (the "Related Actions"); (2) appointing the Apple Investor Group as Lead Plaintiff in the Related Actions on behalf of a proposed class (the "Class") of all persons who purchased or otherwise acquired the securities of Apple Inc. ("Apple" or the "Company") during the class period extending between August 1, 2017 and January 2, 2019, both dates inclusive, as may be amended in the future (the "Class Period")[2]; and (3) approving the Apple Investor Group's selection of Pomerantz LLP ("Pomerantz") and Bernstein Liebhard LLP ("Bernstein Liebhard") as Co-Lead Counsel for the proposed Class.

To the extent that this motion seeks consolidation, it is made on the grounds that the Related Actions are both putative class actions alleging violations of the federal securities laws by the same Defendants occurring during the same Class Period, and arising from the same alleged fraudulent misconduct. As such, the Related Actions involve common questions of both law and fact, and their consolidation pursuant to Rule 42(a) is appropriate and warranted.

---

[1] Shaikh M. Ahmad and Shahtaj M. Ahmad are a married couple.
[2] The Complaints in *City of Roseville Employees Retirement System v. Apple Inc. et al.*, 4:19-cv-02033 ("*Roseville*") and *Reddy v. Apple Inc. et. al.*, 4:19-cv-02615 ("*Reddy*") allege a class period extending from November 2, 2018 to January 2, 2019, both dates inclusive. *Roseville* Dkt. No. 1 at ¶ 1; *Reddy* Dkt. No. 1 at ¶ 1. The Complaint in *Steamfitters Local 449 Pension Plan v. Apple Inc. et al.*, 3:19-cv-02891 ("*Steamfitters*") alleges a longer class period extending from August 1, 2017 through January 2, 2019, both dates inclusive. *Steamfitters* Dkt. No. 1 at ¶ 1. All references to the "Class Period" herein refer to the longer *Steamfitters* class period.

1  To the extent that this motion seeks appointment of the Apple Investor Group as Lead

2  Plaintiff, it is made on the grounds that the Apple Investor Group is the "most adequate

3  plaintiff" to lead the Class within the meaning of the PSLRA.  The Apple Investor Group timely

4  filed its motion for appointment as lead plaintiff, and believes that it is entitled to a rebuttable

5  presumption favoring its appointment, because, to the best of its knowledge, it has the "largest

6  financial interest" in the relief sought by the Class, and because it also satisfies the adequacy

7  and typicality requirements of Fed. R. Civ. P. 23 ("Rule 23").

8  This motion is supported by the memorandum of points and authorities submitted

9  herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

## STATEMENT OF ISSUES

11  1.  Whether consolidation of the Related Actions, pursuant to Rule 42(a), is

12  warranted.

13  2.  Whether the Apple Investor Group is the "most adequate plaintiff," pursuant to

14  15 U.S.C. §78u-4(a)(3)(B)(i), such that it should be approved as the Lead Plaintiff in this

15  securities fraud class action lawsuit.

16  3.  Whether to also approve the Apple Investor Group's selection of Pomerantz and

17  Bernstein Liebhard as Co-Lead Counsel in this securities fraud class action lawsuit, pursuant to

18  15 U.S.C. §78u-4(a)(3)(B)(v).

19

## MEMORANDUM OF POINTS AND AUTHORITIES

20
21  **I.    PRELIMINARY STATEMENT**

22  Presently pending in this District are three Related Actions alleging violations of

23  Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), on behalf of all

24  persons who purchased or otherwise acquired Apple securities during the Class Period against

25  the Apple and certain of its officers (collectively, "Defendants").  The Apple Investor Group

26  hereby moves for the Related Actions to be consolidated pursuant to Rule 42(a) because they

27

28

NOTICE OF MOTION AND MOTION OF THE APPLE INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT - 4:19-cv-02033-YGR; 4:19-cv-02615; 3:19-cv-02891-JD

involve common questions of law and fact and because consolidation here would promote judicial economy.

Pursuant to the PSLRA, class action complaints alleging Exchange Act violations trigger statutory requirements for selecting the "most adequate plaintiff" to lead the action.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the movant that possesses the "largest financial interest" in the outcome of the litigation and that satisfies the adequacy and typicality requirements of Fed. R. Civ. P. 23. *Id.*  Here, the Apple Investor Group is the most adequate plaintiff to represent the Class.

First, the Apple Investor Group believes that it has the largest financial interest of any movant in this action, having incurred losses of approximately $568,883 calculated on a last-in, first-out ("LIFO") basis, and $561,649 calculated on a first in, first-out ("FIFO") basis, in connection with its Class Period purchases of Apple stock.  *See* Pafiti Decl., Ex. A.  The Apple Investor Group's substantial financial interest in this action will ensure its vigorous prosecution of the Class' claims.

Second, the Apple Investor Group handily satisfies the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class.  The Apple Investor Group's claims are typical of the Class, *inter alia*, in that it suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants, and bases its claims on the same, or substantially the same, legal theories as the Class. The Apple Investor Group likewise has demonstrated its adequacy because it is a small and cohesive group of three investors, two of whom are a married couple, which has submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as co-lead plaintiffs, and the steps that each of its members is prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. B.  The appointment of such small

and cohesive groups as lead plaintiffs is expressly permitted by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and was recently endorsed by the United States Supreme Court in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018).

Additionally, the Apple Investor Group has further demonstrated its adequacy by selecting Pomerantz and Bernstein Liebhard as Co-Lead Counsel for the Class. Pomerantz and Bernstein Liebhard are both nationally-recognized securities class action firms that have recovered billions of dollars on behalf of defrauded investors.

Accordingly, and for the reasons articulated more fully below, the Apple Investor Group respectfully requests that the Court enter an order consolidating the Related Actions, appointing the Apple Investor Group as Lead Plaintiff for the proposed Class, and approving Pomerantz and Bernstein Liebhard as Co-Lead Counsel for the proposed Class.

## II.      STATEMENT OF FACTS

As alleged in Related Actions, Apple is a multinational technology company headquartered in Cupertino, California that designs, develops, and sells consumer electronics, computer software, and online services. *Roseville* Complaint ¶ 2; *Reddy* Complaint ¶ 2; *Steamfitters* Complaint ¶ 2. Apple's most profitable product is the iPhone smartphone, which, since 2012, has represented more than 40 percent of the Company's revenue. *Roseville* Complaint ¶ 3; *Reddy* Complaint ¶ 3; *Steamfitters* Complaint ¶ 2. China is the Company's third-largest market, and most important growth market, yet it is susceptible to geopolitical and macroeconomic uncertainty and increased competition from emerging Chinese smartphone manufacturers. *Roseville* Complaint ¶ 4; *Reddy* Complaint ¶ 4; *Steamfitters* Complaint ¶ 2.

In late 2016, reports surfaced of older model iPhones experiencing sudden shutdown issues. *Roseville* Complaint ¶ 8; *Reddy* Complaint ¶ 8; *Steamfitters* Complaint ¶ 3. Unknown to the market at the time was that the shutdowns were caused by aging iPhone batteries, as opposed to the age of the iPhone itself. *Roseville* Complaint ¶ 8; *Reddy* Complaint ¶ 8; *Steamfitters* Complaint ¶ 3. In order to remediate this problem, on January 23, 2017, Apple

1
2
3
4

published iOS update 10.2.1 to every iPhone in the world to secretly "fix" the shutdown issues by intentionally slowing down the performance of iPhones with older batteries. *Steamfitters* Complaint ¶ 3. The update disclosed only that it included "bug fixes and improves the security of your iPhone or iPad." *Steamfitters* Complaint ¶ 3.

5
6
7
8
9
10
11
12
13
14

Defendants subsequently confessed to the patch-induced slowdown and, in an effort to preserve the Company's reputation and retain customer goodwill, offered to replace iPhone batteries at a substantial discount. *Roseville* Complaint ¶ 8; *Reddy* Complaint ¶ 8; *Steamfitters* Complaint ¶ 7. Customers of the affected iPhone models could then benefit from a phone operating at peak performance (for another two years) that felt like a "new" iPhone. *Steamfitters* Complaint ¶ 7. Accordingly, as a direct and primary result of the previously undisclosed iPhone throttling during 2017, the 2018 battery replacement program worked to cannibalize Apple's sales of newer model iPhones. *Steamfitters* Complaint ¶ 7. Specifically, customers could now simply purchase a discounted replacement battery in lieu of buying a costly new iPhone that would cost up to 30 times more. *Steamfitters* Complaint ¶ 7.

15
16
17
18
19
20
21
22
23
24
25
26

Throughout the Class Period, Defendants misled investors by making materially false and misleading statements related to the Company's revenues and demand for iPhones that artificially inflated and/or maintained Apple's stock price. *Roseville* Complaint ¶ 12; *Reddy* Complaint ¶ 12; *Steamfitters* Complaint ¶ 13. Specifically, (1) because Apple intentionally throttled older-model iPhones during 2017, customers artificially accelerated iPhone upgrades rates during that year, thereby unsustainably boosting unit sales and cannibalizing future sales; (2) the Company's replacement battery program during 2018 (enacted as a direct and primary response to the Company's intentional phone throttling during 2017) was negatively impacting iPhone sales; and (3) macroeconomic and geopolitical issues in China were negatively impacting iPhones sales in Greater China. *Roseville* Complaint ¶ 12; *Reddy* Complaint ¶ 12; *Steamfitters* Complaint ¶ 13.

27
28

On January 2, 2019, for the first time in fifteen years, Apple cut its previously issued quarterly revenue forecast for the already-complete first fiscal quarter 2019. *Roseville* Complaint ¶ 14; *Reddy* Complaint ¶ 14; *Steamfitters* Complaint ¶ 11. Defendants attributed these negatively revised projections to lower-than-expected iPhone sales. *Roseville* Complaint ¶ 14; *Reddy* Complaint ¶ 14; *Steamfitters* Complaint ¶ 11. Specifically, Defendants attributed the decline in iPhone sales, in part, due to "some customers taking advantage of significantly reduced pricing for iPhone battery replacements," as well as emerging market issues, "primarily in Greater China." *Roseville* Complaint ¶ 14; *Reddy* Complaint ¶ 14; *Steamfitters* Complaint ¶ 11.

On this news, the price of Apple stock fell precipitously by more than $15 per share, or approximately 9 percent, closing at $142.19 per share on January 3, 2019 on unusually heavy trading volume, decimating the investments of the Apple Investor Group and other putative Class members. *Roseville* Complaint ¶ 15; *Reddy* Complaint ¶ 15; *Steamfitters* Complaint ¶ 12.

## III.   ARGUMENT

### A.   CONSOLIDATION OF THE RELATED ACTIONS IS WARRANTED

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995). Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Casden v. HPL Techs., Inc.*, No C-02-3510 VRW, 2003

1  U.S. Dist. LEXIS 19606, at *4 (N.D. Cal. Sept. 29, 2003); *Serafimov v. Netopia, Inc.*, No. C-04-

2  03364 RMW, 2004 U.S. Dist. LEXIS 25184, at *5 (N.D. Cal. Dec. 3, 2004).

3        The Related Actions at issue here clearly involve common questions of law ***and*** fact.

4  Each action was brought against Defendants Apple, as well as its Chief Executive Officer and

5  Chief Financial Officer, in connection with the same violations of the same federal securities

6  laws.  *Roseville* Complaint ¶¶ 1, 20-22; *Reddy* Complaint ¶¶ 1, 50-51; *Steamfitters* Complaint

7  ¶¶ 1, 18-20.  In fact, the Related Actions allege substantially the same wrongdoing—namely,

8  that the Defendants issued materially false and misleading statements and omissions that

9  artificially inflated the price of Apple's securities and subsequently damaged members of the

10  proposed Class when Apple's stock price plunged as the truth emerged.  *Roseville* Complaint ¶¶

11  35-40; *Reddy* Complaint ¶ 44-49; *Steamfitters* Complaint ¶¶ 58-62.  For these reasons,

12  consolidation of the Related Actions is both appropriate and warranted.  *See Casden*, 2003 U.S.

13  Dist. LEXIS 19606, at *5 ("Indeed, the [PSLRA] provides that consolidation should occur when

14  the various securities class actions assert substantially the same claim."); *Serafimov*, 2004 U.S.

15  Dist. LEXIS 25184, at *5 ("The four class actions at issue here present common questions of

16  law and fact, predicated as they are on the same announcements and allegations of misstatement

17  by corporate officials that allegedly caused Netopia securities prices to be artificially inflated

18  prior to its drop in share price."); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133

19  (C.D. Cal. 1999) (consolidating putative securities class actions, finding that "differing class

20  periods alone will not defeat consolidation or create a conflict.").

21

22      **B.    THE APPLE INVESTOR GROUP SHOULD BE APPOINTED LEAD**
            **PLAINTIFF**

23        The PSLRA establishes a straightforward sequential procedure for selecting a Lead

24  Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff

25  class action pursuant to the Federal Rules of Civil Procedure."  Sections 21D(a)(1) and

26  (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

27

28

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i).  Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, the Apple Investor Group meets the foregoing criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### 1.      The Apple Investor Group's Motion is Timely

On April 16, 2019, counsel for City of Roseville Employees' Retirement System, the initial plaintiff in the first filed of the Related Actions, caused a notice (the "Notice") to be

NOTICE OF MOTION AND MOTION OF THE APPLE INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:19-cv-02033-YGR; 4:19-cv-02615; 3:19-cv-02891-JD

published over *Business Wire* pursuant to §21D(a)(3)(A)(i) of the PSLRA, which announced that the Action had been filed against Defendants and which advised investors in Apple securities that they had 60 days—*i.e.*, until June 17, 2019—to file a motion to be appointed as lead plaintiff.  *See* Pafiti Decl., Ex. C.  The Apple Investor Group filed the instant motion pursuant to that Notice, and its members have submitted signed Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. D.  Under the PSLRA, the Apple Investor Group's actions were timely and legally sufficient.  Accordingly, the Apple Investor Group readily satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The Apple Investor Group Is the Most Adequate Plaintiff

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). The Apple Investor Group is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

### a. The Apple Investor Group Has the Largest Financial Interest in the Action

The PSLRA instructs the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii).  Courts tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18-*19 (N.D. Cal. Mar. 4, 2013).  The Apple Investor Group suffered losses of approximately $568,883 on a LIFO basis and $561,649 on a FIFO basis in connection with its transactions in Apple stock. To the best of its knowledge,

the Apple Investor Group's losses represent the largest financial interest of any movant seeking to serve as Lead Plaintiff in this action.[3]

### b.     The Apple Investor Group Satisfies the Requirements of Rule 23

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that it is the "most adequate plaintiff," it must also demonstrate that it "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  A *prima facie* showing suffices for this determination.  *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014).  "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy."  *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *13 (N.D. Cal. Jan. 25, 2017).  The Apple Investor Group readily passes muster.

Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  "While the PSLRA requires that the lead plaintiff satisfy all of Rule 23's requirements, the third and fourth requirements of Rule 23—typicality and adequacy—are the

---

[3] Some courts will also assess a lead plaintiff movant's financial interest based on the four factors articulated in *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18.  During the Class Period, the Apple Investor Group: (1) purchased 28,188 shares of Apple common stock; (2) expended $5,419,599 in net funds on its purchases of Apple stock; (3) retained 16,898 of its shares of Apple stock; and (4) incurred losses of approximately $568,883 on a LIFO basis and $561,649 on a FIFO basis in connection with its transactions in Apple stock.  See Pafiti Decl., Ex. A.  The Apple Investor Group likewise believes that it possesses the largest financial interest of any movant in this action under these factors.

key factors for a court's lead plaintiff determination." *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)).

The Apple Investor Group satisfies the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The Apple Investor Group's claims are typical of those of the Class members. Like all Class members, the Apple Investor Group alleges that: (1) Defendants violated the Exchange Act by knowingly or recklessly making false or misleading statements of material facts and/or omitting to disclose material facts concerning Apple; (2) the Apple Investor Group and the Class members purchased Apple securities during the Class Period at prices allegedly inflated by Defendants' misrepresentations or omissions; (3) the Apple Investor Group and the Class members were damaged upon the revelation of Defendants' alleged fraud through partial corrective disclosures that drove Apple's stock price downward. These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate the Apple Investor Group's typicality under Rule 23(a)(3).

The Apple Investor Group also satisfies the Rule 23(a)(4) adequacy requirement. In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted). Here, the members of the Apple Investor Group have submitted signed Certifications declaring their commitment to protect the interests of the Class. *See* Pafiti Decl.,

NOTICE OF MOTION AND MOTION OF THE APPLE INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:19-cv-02033-YGR; 4:19-cv-02615; 3:19-cv-02891-JD

1   Ex. D.  The Apple Investor Group has no conflicts of interest or antagonism with the Class of
2   Apple investors it seeks to represent.  The Apple Investor Group's significant losses from its
3   Class Period trades in Apple securities demonstrate that it has a sufficient interest in the
4   outcome of this litigation that aligns with the interests of Class members.

5   The Apple Investor Group has further demonstrated its adequacy by the submission of a
6   Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their
7   understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA, their
8   decision to seek appointment jointly as co-lead plaintiffs, and the steps that they are prepared to
9   take to cooperatively prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. B.  In
10  addition, to ensure that the Apple Investor Group will be able to manage this litigation
11  effectively even in the unlikely event of a disagreement among its members, the Apple Investor
12  Group has agreed upon a mechanism to resolve any such disagreement.  *Id.* ¶ 10.  The Apple
13  Investor Group has further demonstrated its adequacy through its selection of competent and
14  qualified counsel, as discussed in greater detail in Section III.C, *infra*.

15  For these reasons, the Apple Investor Group more than satisfies the adequacy and
16  typicality requirements of Rule 23.

17
18  ### C.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

19  The PSLRA vests authority in a lead plaintiff to select and retain lead counsel, subject to
20  the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV
21  01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The
22  Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order
23  "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

24  The Apple Investor Group has selected Pomerantz and Bernstein Liebhard to serve as
25  Co-Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of
26  securities litigation and class action lawsuits, which has successfully prosecuted numerous such
27
28

NOTICE OF MOTION AND MOTION OF THE APPLE INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT - 4:19-cv-02033-YGR; 4:19-cv-02615; 3:19-cv-02891-JD

actions on behalf of investors over its 80+ year history, as detailed in its firm resume. Pomerantz is based in New York, with offices in Chicago, Los Angeles, and Paris, France. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. As co-lead counsel in *In re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373 (N.D. Cal.), Pomerantz recently secured a recovery of $80 million on behalf of Yahoo! investors, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach. Courts in the Ninth Circuit and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in many actions pending within the Ninth Circuit, including *Staublein v. ACADIA Pharmaceuticals, Inc.*, No. 18-cv-01657 (C.D. Cal.); *Barnes v. Edison International*, No. 18-cv-09690 (C.D. Cal.); and *Ferris v. Wynn Resorts Ltd.*, No. 18-cv-00479 (D. Nev.). *See* Pafiti Decl., Ex. E.

Bernstein Liebhard is a nationally recognized firm that has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country, recovering billions of dollars on behalf of shareholders. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in The Legal 500, a guide to the best commercial law firms in the United States, as well as in Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years. Some of Bernstein Liebhard's outstanding successes include: *In re Beacon Associates*

*Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement); *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement); *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million); *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);  *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).  *See* Pafiti Decl., Ex. F.

As a result of their extensive experience, the Apple Investor Group's choice of counsel, Pomerantz and Bernstein Liebhard, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute this Action effectively and expeditiously.  The Court may be assured that by approving the Apple Investor Group's selection of Pomerantz and Bernstein Liebhard as Co-Lead Counsel, the Class members will receive the best legal representation available.  Thus, the Apple Investor Group, if appointed, respectfully urges the Court to approve its selection of counsel and appoint Pomerantz and Bernstein Liebhard to serve as Co-Lead Counsel for the proposed Class.

## IV.    CONCLUSION

For the foregoing reasons, the Apple Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Apple Investor Group as Lead Plaintiff for the Class; and (3) approving its selection of Pomerantz and Bernstein Liebhard as Co-Lead Counsel for the Class.

Dated:  June 17, 2019                       Respectfully submitted,

                                            POMERANTZ LLP
                                            */s/ Jennifer Pafiti*
                                            Jennifer Pafiti (SBN 282790)

1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone:  (310) 405-7190
Email:  jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice application forthcoming*)
J. Alexander Hood II
(*pro hac vice application forthcoming*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(*pro hac vice application forthcoming*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

BERNSTEIN LIEBHARD LLP
Stanley D. Bernstein
(*pro hac vice application forthcoming*)
Laurence J. Hasson
(*pro hac vice application forthcoming*)
Matthew E. Guarnero
(*pro hac vice application forthcoming*)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  bernstein@bernlieb.com
Email:  lhasson@bernlieb.com
Email:  mguarnero@bernlieb.com

*Counsel for Lead Plaintiff Movants the Apple Investor
Group and Proposed  Co-Lead Counsel for the Class*

15

NOTICE OF MOTION AND MOTION OF THE APPLE INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT - 4:19-cv-02033-YGR; 4:19-cv-02615; 3:19-cv-02891-JD

1

**PROOF OF SERVICE**

2

      I hereby certify that on June 17, 2019, a copy of the foregoing was filed electronically

3

and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be

4

sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to

5

anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties

6

may access this filing through the Court's CM/ECF System.

7

8
                                          /s/ *Jennifer Pafiti*
                                          Jennifer Pafiti

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION OF THE APPLE INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:19-cv-02033-YGR; 4:19-cv-02615; 3:19-cv-02891-JD