# EXHIBIT B

**JOINT DECLARATION IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL FOR THE CLASS**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We, Shaikh and Shahtaj Ahmad and Michael Grecco (collectively, the "Apple Investor Group"), respectfully submit this Joint Declaration in support of the Apple Investor Group's motion for appointment as Lead Plaintiff and approval of its selection of Bernstein Liebhard LLP ("Bernstein Liebhard") and Pomerantz LLP ("Pomerantz") as Co-Lead Counsel in the above-captioned securities class action lawsuit filed against Apple Inc. ("Apple" or the "Company") and certain of its executives. We are informed of and understand the requirements for serving as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We also each have personal knowledge about the information in this Joint Declaration.

2.      We, Shaikh and Shahtaj M. Ahmad, live in Mississauga, Ontario. Shaikh Ahmad is a retired laboratory scientist who worked at Aramco. We have been investing in the securities markets for over 40 years. As reflected in our Certification, we purchased Apple securities during the Class Period through a joint account and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

3.      I, Michael Grecco, live in DuPage County, Illinois. I am a retired accountant, with bachelor's degrees in accounting and economics. I have been investing in the securities markets for approximately 30 years. As reflected in my Certification, I purchased Apple securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

4.      We each independently determined to seek appointment as Lead Plaintiff in this action after due consideration and deliberation, and after reviewing both the merits of this action

1

and the substantial losses that we incurred as a result of the alleged fraud.  We fully understand that we did not have to seek appointment as Lead Plaintiff, either individually or jointly, to share in any potential recovery in this action.

5. Additionally, we each independently expressed to counsel our interest to explore the possibility of filing a joint lead plaintiff motion in this action because neither of us has served as a lead plaintiff in a securities class action before and we believe that the proposed Class here would benefit from a leadership structure in which a small, cohesive group of like-minded and similarly-situated plaintiffs jointly assume the responsibilities of the Lead Plaintiff.

6. Prior to our filing a motion for appointment as Lead Plaintiff, we held a joint conference call together with counsel to discuss this action with one another.  We each agreed to seek joint appointment as Lead Plaintiff because we are similarly-situated investors that share common goals and suffered substantial losses as a result of the fraud perpetrated by Apple and its executives.  We believe that our combined knowledge, experience, and sophistication will enable us to vigorously represent the interests of the proposed Class and maximize any potential recovery for the Class.

7. During our joint conference call, we discussed, among other things, the merits of the action; our common goals in seeking appointment as Lead Plaintiff; the critical importance that the action be led by investors committed to maximizing the recovery for the Class; the benefits of working together jointly to prosecute the action; our common interest in selecting and appointing the best suited and experienced law firms to act as counsel for the proposed Class; the procedures and mechanisms to ensure that the Class will benefit from our supervision of counsel; the time and resources that we will dedicate to serving as Lead Plaintiff; and the mechanisms for

ensuring continued communication amongst ourselves and with counsel throughout the action. We concluded that the prosecution of this action would benefit from our joint leadership.

8. We are committed to the zealous prosecution of this action and will ensure that it is litigated effectively. We understand that if we are appointed Lead Plaintiff we will each owe a duty to provide fair and adequate representation for absent Class members, to oversee counsel, and to seek the largest possible recovery against all culpable parties on behalf of the Class consistent with good faith and vigorous advocacy.

9. To ensure that the action is prosecuted in the best interests of the Class, we have agreed to exercise joint decision-making and to work together in this action to actively monitor the activities of counsel. In that regard, we have established procedures for overseeing the progress of the litigation and communicating regularly among ourselves and with counsel. Such procedures include our agreement to regularly review and discuss case filings amongst ourselves and with counsel through joint conference calls, as well as other measures that will ensure the work counsel performs is in the best interests of the Class. We have communicated to our counsel a directive that this action be prosecuted efficiently and are confident that counsel understands our mandate

10. We do not anticipate that any disagreements between us will arise, and agree to make all efforts, in good faith, to reach consensus with respect to all litigation decisions in this action. To that end, we will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the proposed Class. In the unlikely event that such a disagreement arises, we agree to resolve such disagreement by a majority vote, in which each of us possesses a number of votes equal to our losses incurred in connection with our class period purchase of Apple securities, calculated in terms of U.S. dollars. We recognize that even in the event of such

a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.

11. We have implemented communication procedures to enable us to confer via phone and/or email on short notice to ensure that we are able to make timely decisions. We have also directed counsel to promptly advise us of all developments during the lead plaintiff motion process.

12. We will continue to direct counsel and actively oversee the prosecution of the action for the benefit of the proposed Class by, among other things, reviewing pleadings, conferring amongst ourselves, instructing counsel, and/or attending hearings, as necessary.

13. We further appreciate and understand the Lead Plaintiff's obligation under the PSLRA to select and retain Lead Counsel and to supervise the prosecution of the action. We believe that an integral part of fulfilling the role of Lead Plaintiff under the PSLRA is to select and retain competent and qualified counsel for the Class that have a proven track record in handling complex securities class actions. To that end, we have selected Bernstein Liebhard and Pomerantz, two highly qualified law firms, to serve as Co-Lead Counsel for the proposed Class. As demonstrated in their firm resumes accompanying the Apple Investor Group's motion, Bernstein Liebhard and Pomerantz each has a demonstrated history of litigating complex securities class actions for the benefit of classes of investors, such as the proposed Class here. It is our understanding that Apple intends to defend this litigation vigorously, and we believe that the proposed Class will be well served by the collective resources and experience of these two law firms.

14. We take very seriously our obligations as Lead Plaintiff to act in the best interests of the Class and are committed to actively monitoring the activities of our chosen counsel for the duration of the litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this ___ day of June, 2019.

DocuSigned by:
*[signature: Michael J. Grecco]*
E3CF6888F471416...

6/17/2019 | 3:45 PM EDT

Michael Grecco

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this 17 day of June, 2019.

*[signature]*

Shaikh Ahmad

*[signature]*

Shahtaj M. Ahmad