**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Movant Richard Rodriguez*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>APPLE INC., TIMOTHY D. COOK, and LUCA MAESTRI,<br><br>Defendants. | No. 4:19-cv-02033-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**RICHARD RODRIGUEZ'S MEMORANDUM AND POINTS OF AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date: August 13, 2019<br>Time: 2:00 p.m.<br>Courtroom: 1-4th Floor |
| PRIYAM REDDY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>APPLE INC., TIMOTHY D. COOK, and LUCA MAESTRI,<br><br>Defendants. | No. 3:19-cv-02615-LHK<br><br>Hon. Lucy H. Koh |

*[Caption Continued on Next Page]*

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION PLAN, Individually and on behalf of all others similarly situated, | No. 3:19-cv-02891-JD |
| | Hon. James Donato |
| Plaintiff | |
| vs. | |
| APPLE INC., TIMOTHY D. COOK, and LUCA MAESTRI, | |
| Defendants. | |

Lead Plaintiff movant Richard Rodriguez ("Mr. Rodriguez" or "Movant"), by and through his undersigned counsel, respectfully submits this Memorandum of Points and Authorities in further support of his motion for consolidation of the actions, appointment as lead plaintiff and approval of lead counsel filed in the above-captioned actions (the "Actions") against Apple, Inc. ("Apple" or the "Company"), Timothy D. Cook ("Cook"), and Luca Maestri ("Maestri").

## I.   PRELIMINARY STATEMENT

Currently pending before the Court are three[1] competing motions for consolidation of the Actions, appointment as lead plaintiff and approval of their selection of lead counsel asserting violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.   Besides Mr. Rodriguez, the competing movants are 1) Employees' Retirement System of the State of Rhode Island ("Rhode Island Fund") (ECF No. 26); and (2) Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Norfolk Pension Fund") (ECF No. 36).

The Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4) (the "PSLRA") states that the movant with the "largest financial interest" in the matter that is otherwise adequate and typical to serve as lead plaintiff

---

[1] Michael Grecco, Shaikh M. Ahmad, Shahtaj M. Ahmad (collectively, the "Apple Investor Group") filed a notice of non-opposition to the competing lead plaintiff movants on June 28, 2019. (ECF No. 50).

RICHARD RODQIGUEZ'S MEMORANDUM AND POINTS OF AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 4:19-cv-02033-YGR; 3:19-cv-02615-LHK; 3:19-cv-02891-JD

1  shall be appointed as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii).

2      As further detailed below, Mr. Rodriguez possesses the "largest financial interest" of any

3  movant who purchased Apple options contracts and suffered injury, and therefore should be

4  appointed as lead plaintiff for a Sub-Class, representing all shareholders who traded Apple options

5  and suffered damages during the class period.

6

7

| MOVANT | CLAIMED LOSSES |
|---|---|
| Rhode Island Fund | $4,101,951.46 |
| Norfolk Pension Fund | $1,166,648.47 |
| Richard Rodriguez | $384,348.07 |

8

9

10

11      Accepting these calculations as accurate, at first glance, Mr. Rodriguez does not have the

12  largest financial interest in the Actions, but he is the only movant who purchased Apple options

13  contracts and suffered injury. Indeed, neither Rhode Island nor Norfolk engaged in options

14  transactions during the class period. Accordingly, Mr. Rodriguez has a significant financial

15  interest in the outcome of the Actions and is both typical and adequate to serve as lead plaintiff.

16  **II.      ARGUMENT**

17      **A. A Sub-Class For Apple Options is Necessary, and Appointing Mr. Rodriguez as**

18      **Lead Plaintiff for the Sub-Class is Appropriate**

19      A large portion of public investors, such as Mr. Rodriguez, purchased Apple options as

20  an alternative to purchasing common stock to yield higher earnings. For example, on June 27,

21  2019, Apple's options trading volume was "200,975 contracts, representing approximately 20.1

22  million underlying shares or approximately *78.6%* of [Apple's] average daily trading volume over

23  [June], of 25.6 million shares."[2] (Emphasis added). In this instance, Mr. Rodriguez would be

24  representing a Sub-Class of more than half the investors of Apple and should be appointed as

25

26

---

[2] *Notable Thursday Option Activity: KSS, GOOGL, AAPL* https://www.nasdaq.com/article/notable-thursday-option-activity-kss-googl-aapl-cm1169786 (Retrieved July 1, 2019)

27

28  RICHARD RODQIGUEZ'S MEMORANDUM AND POINTS OF AUTHORITIES IN FURTHER SUPPORT OF HIS
MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF LEAD COUNSEL
Nos. 4:19-cv-02033-YGR; 3:19-cv-02615-LHK; 3:19-cv-02891-JD

1    such since he is the only options trader out of the three competing movants. This is significant

2    because neither of the other lead plaintiff movants transacted in Apple options.  Accordingly,

3    absent separate representation, it is quite possible that thousands of aggrieved investors might not

4    be represented in this action.

5           Sub-Classes are necessary where differences between the primary class and sub-class are

6    likely to give rise to conflicting litigation strategies. *See*, *e.g.*, *Firefighters Pension & Relief Fund v.*

7    *Bulmahn*, No. 13-3935, 2013 U.S. Dist. LEXIS 172737, at \*11-12 (E.D. La. Dec. 6, 2013) (creating

8    subclass for varying class period); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 444 (S.D. Tex. Feb.

9    15, 2002) ("the Court is required to insure that independent classes with conflicts are protected by

10   subdivision and separate representation"); *Miller v. Ventro Corp.*, No. C 01-01287 SBA, 2001 U.S.

11   Dist. LEXIS 26027, at \*38 (N.D. Cal. Nov. 28, 2001) (appointing co-lead plaintiff for both

12   stockholders and bondholders); *In re Oxford Health Plans, Inc. Securities Litigation*, 182 F.R.D. 42,

13   45 (S.D.N.Y. 1998) (class interests best served by appointing three co-lead plaintiffs); *Chill v. Green*

14   *Tree Financial Corp.*, 181 F.R.D. 398, 405-406 (D.Minn 1998) (claimants asserting theories based

15   on common stock and options entitled to separate litigations). Separate representation for the Sub-

16   Class is warranted in this matter due to the differences in litigation strategy, which will include

17   conflicting focus over price impact, market volatility, and trading volume, among other issues.  It is

18   even more a necessity here because the two institutional investor movants did not transact in options.

19   Accordingly, they may not be sufficiently motivated to undertake the significant issues and challenges

20   raised by options.[3]

21          **B.  Mr. Rodriguez Otherwise Satisfies Rule 23**

22          When selecting a lead plaintiff, the Court is to determine if the presumptive lead plaintiff

23

24   _____
     [3] Calculating the value of options requires the application of the Black Scholes model. The Black Scholes model
     requires five input variables: the strike price of an option, the current stock price, the time to expiration, the risk-
25   free rate, and the volatility. Damage calculations for options, thus, require significantly more time and expense than
     standard calculations for equity securities.

26

27                                                    4

28   RICHARD RODQIGUEZ'S MEMORANDUM AND POINTS OF AUTHORITIES IN FURTHER SUPPORT OF HIS
     MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
     APPROVAL OF LEAD COUNSEL
     Nos. 4:19-cv-02033-YGR; 3:19-cv-02615-LHK; 3:19-cv-02891-JD

1    "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15

2    U.S.C. § 78u-4(a)(3)(B)(iii)(I). Rule 23(a) provides that a party may only serve as a class

3    representative if the following four requirements are met: (1) numerosity—that the class is so

4    numerous that joinder is impracticable; (2) commonality—that there are questions of law or fact

5    common to the class; (3) typicality—that the claims of the representative party are typical of the

6    claims or defenses of the class; and (4) adequacy—that the representative party will fairly and

7    adequately protect the interests of the class. FED. R. CIV. P. 23(a).

8         Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a

9    motion for lead plaintiff as they address the personal characteristic of the class representative. *See*

10   *Ali v. Intel Corp.,* No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *5 (N.D. Cal. May

11   29, 2018) (focusing on typicality and adequacy). Also, at the lead plaintiff stage "all that is

12   required is a 'preliminary showing' that the lead plaintiff's claims are typical and adequate."

13   *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999) (quoting

14   *Wenderhold,* 188 F.R.D. at 587).

15                    **a.   Mr. Rodriguez's Claims Are Typical.**

16        The test to satisfy the typicality requirement of Rule 23(a)(3) is "whether other members

17   have the same or similar injury, whether the action is based on conduct which is not unique to the

18   named plaintiffs, and whether other class members have been injured by the same course of

19   conduct." *In re Aqua Metals Sec. Litig*., No. 17-cv-7142-HSG, 2018 U.S. Dist. LEXIS 86889, at

20   *8 (N.D. Cal. May 23, 2018) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.

21   1992)). Here, Mr. Rodriguez satisfies the typicality requirement because he (1) purchased Apple

22   options in the Class Period (2) at prices artificially inflated by the false and misleading statements

23   issued by defendants and (3) suffered significant damages as a result.  Therefore, Mr. Rodriguez's

24   claims are typical, if not identical, to those of other Sub-Class members who sustained damages

25   as a result of the alleged misrepresentations and/or omissions during the Class Period. *See In re*

26   *Aqua Metals*, 2018 U.S. Dist. LEXIS 86889, at *9 (typicality requirement satisfied where movant,

27

5

28

1  like remainder of class, acquired stock at artificially inflated prices and suffered damages as a

2  result).

3  ### b.  Mr. Rodriguez Is an Adequate Representative.

4  The adequacy requirement contained in Rule 23(a)(4) is satisfied when a class

5  representative establishes that he will "fairly and adequately protect the interests of the class."

6  FED. R. CIV. P. 23(a)(4). "The test for adequacy asks whether the lead plaintiff and his counsel

7  'have any conflicts of interest with other class members' and whether the lead plaintiff and his

8  counsel will 'prosecute the action vigorously on behalf of the class.'" *Welgus v. TriNet Grp., Inc.,*

9  No. 15-cv-03625-BLF, 2015 U.S. Dist. LEXIS 162547, at *8 (N.D. Cal. Dec. 3, 2015) (quoting

10  *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). The adequacy requirement is met if no

11  conflicts exist between the representative's interests and those of the class, and the

12  representative's attorneys are qualified, experienced, and generally able to conduct the litigation.

13  *Schwartz v. Opus Bank*, No. 16-cv-07991-AB (JPRx), 2017 U.S. Dist. LEXIS 217637, at *6-7

14  (C.D. Cal. Feb. 23, 2017) (internal citations omitted).

15  Here, Mr. Rodriguez will adequately protect the interest of the Sub-Class.  The interests

16  of Mr. Rodriguez and the Class or Sub-Class are closely aligned as both have suffered damages

17  because of defendants' false statements and/or omissions.  Additionally, Mr. Rodriguez, by

18  suffering the most losses of any movant trading in options before the Court, has a significant

19  interest in vigorously pursuing these Actions on behalf of the   Sub-Class. *See In re Aqua Metals,*

20  2018 U.S. Dist. LEXIS 86889, at *9 (Movant's "substantial financial stake in the outcome of this

21  litigation, its timely filing of its motions, and the quality of its briefing all demonstrate that it is

22  both motivated to, and capable of, vigorously pursuing this litigation.").  Finally, there are no

23  facts that indicate that there is a conflict of interest between Mr. Rodriguez and the absentee Class

24  or Sub-Class members. In fact, Mr. Rodriguez's adequacy is implied by his willingness to press

25  the case on behalf of those damaged via transactions in options.

26

27

28

**C. Approval of Mr. Rodriguez's Choice of Counsel Is Appropriate.**

The PSLRA also provides that once the court has designated a lead plaintiff, that lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3) (B)(v) .  The district court must approve lead plaintiff's choice of counsel unless declining to do so is necessary to protect the interests of the class.  Here, Mr. Rodriguez has selected Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as lead plaintiff. As Levi & Korsinsky has extensive experience litigating securities class actions, Mr. Rodriguez respectfully submits that his choice of lead counsel should be approved. *See Sanders,* 2013 U.S. Dist. LEXIS 145000, at \*11 ("'The district court does not select class counsel at all', and typically approves the lead plaintiff's selection of counsel") (quoting *In re Cavanaugh*, 306 F.3d at 732-34); *see also In re Aqua Metals,* 2018 U.S. Dist. LEXIS 86889, at \*13 (appointing Levi & Korsinsky as co-lead counsel and noting that Levi & Korsinsky has "extensive experience as lead counsel in securities class actions").

**III. CONCLUSION**

For the foregoing reasons, Mr. Rodriguez respectfully requests that this Court: (1) appoint him as as Lead Plaintiff for the Sub-Class of options purchasers in the Action; and (3) approve Levi & Korsinsky as Lead Counsel for the Sub-Class.

Dated: July 1, 2019          Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ Adam M. Apton_____
Adam M. Apton (SBN 316506)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Movant Richard Rodriguez and Proposed Lead Counsel for the Class*

RICHARD RODQIGUEZ'S MEMORANDUM AND POINTS OF AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 4:19-cv-02033-YGR; 3:19-cv-02615-LHK; 3:19-cv-02891-JD