ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
– and –
MARK SOLOMON (151949)
DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., et al.,<br><br>Defendants. | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>NORFOLK PENSION FUND'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS<br><br>DATE: August 13, 2019<br>TIME: 2:00 p.m.<br>CTRM: 1, 4th Floor |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................1

II. STATEMENT OF ISSUES TO BE DECIDED ....................3

III. ARGUMENT ....................4

A. The *City of Roseville/Reddy* Actions Should Be Consolidated and the Norfolk Pension Fund Should Be Appointed Lead Plaintiff for that Consolidated Case ....................4

B. The Competing Motions Should Be Denied ....................9

IV. CONCLUSION ....................10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Andrada v. Atherogenics, Inc.*,
2005 WL 912359 (S.D.N.Y. Apr. 19, 2005) ... 9

*Applestein v. Medivation Inc.*,
2010 WL 3749406 (N.D. Cal. Sept. 20, 2010) ... 9

*Bodri v. Gopro, Inc.*,
2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ... *passim*

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005) ... 8

*Firefighters Pension and Relief Fund of City of New Orleans v. Bulmahn*,
2013 WL 6388583 (E.D. La. Dec. 6, 2013) ... 8

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) ... 4, 5, 6, 8

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ... 9

*In re Centerline Holding Co. Sec. Litig.*,
2008 WL 1959799 (S.D.N.Y. May 5, 2008) ... 3, 4, 5, 8

*In re Peregrine Sys., Inc. Sec. Litig.*,
2002 WL 32769239 (S.D. Cal. Oct. 11, 2002) ... 8

*Isaacs v. Musk*,
2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) ... 9

*Lax v. First Merchants Acceptance Corp.*,
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ... 5

*Markette v. XOMA Corp.*,
2016 WL 2902286 (N.D. Cal. May 13, 2016) ... 9

*Perlmutter v. Intuitive Surgical, Inc.*,
2011 WL 566814 (N.D. Cal. Feb. 15, 2011) ... 6

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
256 F.R.D. 620 (E.D. Wis. 2009) ... 4, 5

*Smajlaj v. Brocade Commc'ns Sys. Inc.*,
2006 WL 7348107 (N.D. Cal. Jan. 12, 2006) ... 1

**Page**

*Union Asset Mgmt. Holding AG v. Sandisk Corp.*,
2016 WL 406283 (N.D. Cal. Jan. 22, 2016) .......... 7

*Weikel v. Tower Semiconductor Ltd.*,
183 F.R.D. 377 (D.N.J. 1998) .......... 9

*Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*,
231 F.3d 1215 (9th Cir. 2000) .......... 7

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(a)(3)(B)(ii) .......... 1, 4

Federal Rules of Civil Procedure
Rule 21 .......... 4
Rule 23 .......... 4, 9

## I. INTRODUCTION

In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires the Court to first render a decision on consolidation and then consider the appointment of lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Following this statutory sequence, Norfolk County Council as Administering Authority of the Norfolk Pension Fund respectfully submits that the Court should consolidate the *City of Roseville* and *Reddy* actions, but not the *Steamfitters* action as *City of Roseville* and *Reddy* are virtually identical; *Steamfitters* is not. *See* ECF No. 36 at 3-8.[1] The Court should also sever the original China-related theory from the *Steamfitters* Complaint, as the China-related theory (on behalf of Apple investors between November 2018 and January 2019) is wholly untethered to the implausible "batterygate" theory asserted in *Steamfitters* on behalf of Apple investors between August 2017 and January 2019. *See Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *2, *7 (N.D. Cal. Apr. 28, 2016) (severing claims in case alleging distinct theory over longer class period from other related actions alleging separate theory over shorter class period, and consolidating other related actions). All cases should be related and coordinated to reduce the risk of duplication.

Next, in appointing the lead plaintiff, the Court should either: (a) consider only the losses suffered in the original class period because the *Steamfitters* Complaint's batterygate theory is facially untenable (*see* ECF No. 36 at 4-8 and *infra* §III.A.); or (b) appoint a lead plaintiff for the consolidated *City of Roseville/Reddy* actions and a separate lead plaintiff for the *Steamfitters* action. *Bodri*, 2016 WL 1718217, at *7. Doing so will "ensure that this action will be litigated as effectively and efficiently as possible, and that there will be as few procedural or tangential impediments as possible." *Smajlaj v. Brocade Commc'ns Sys. Inc.*, 2006 WL 7348107, at *2 (N.D. Cal. Jan. 12, 2006). As set forth below, in the original class period, the Norfolk Pension Fund suffered the greatest loss:

---

[1] The related actions are *City of Roseville Emps.' Ret. Sys. v. Apple Inc.*, No. 19-cv-02033 (filed Apr. 16, 2019); *Reddy v. Apple Inc.*, No. 19-cv-02615 (filed May 14, 2019); and *Steamfitters Local 449 Pension Plan v. Apple Inc.*, No. 19-cv-02891 (filed May 24, 2019).

| *Movant* | *Losses Suffered in 11/02/18-01/02/18 Period*[2] |
|---|---:|
| **Norfolk Pension Fund** | **($1.2 million)** |
| Apple Investor Group | Group Total: ($406,104) |
| Michael Grecco | ($195,217) |
| Shaikh & Shahtai Ahmad | ($210,887) |
| Rhode Island ERS | ($31,927) |
| Richard Rodriguez | no loss |

Perhaps not surprisingly, in the longer *Steamfitters* class period – which was filed by counsel to both Steamfitters and Rhode Island ERS – Rhode Island ERS appears to have suffered the greatest loss:

| *Movant* | *Losses Suffered in Steamfitters Class Period* |
|---|---:|
| Rhode Island ERS | ($4 million) |
| **Norfolk Pension Fund** | **($1.1 million)** |
| Apple Investor Group | |
| Michael Grecco | ($333,485) |
| Shaikh & Shahtai Ahmad | ($235,397) |
| | Group Total: ($568,882) |
| Richard Rodriguez | ($152,433) |

These facts suggest that *Steamfitters* was filed because Rhode Island ERS' counsel – which also filed the *Steamfitters* Complaint – knew Rhode Island ERS lacked a meaningful loss in the existing November 2018-January 2019 class period. But by appending 15 months to the original class period and positing a distinct (but unsustainable) theory of wrongdoing, counsel for Steamfitters and Rhode Island ERS purports to exponentially increase Rhode Island ERS' claimed financial interest. Tellingly, the *Steamfitters* Complaint was filed with its novel and untenable period with just a few weeks remaining before the statutory deadline for lead plaintiff applications expired. *See generally Bodri*, 2016 WL 1718217, at *2 n.2 (recognizing "'[t]here is a risk . . . to blindly accepting the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they had the largest financial interest'" and declining to use longer class period in assessing lead plaintiff motions).[3]

[2] The movants' losses are uniformly estimated pursuant to the LIFO (last in, first out) accounting method. Importantly, the Norfolk Pension Fund's losses are the same regardless of whether LIFO or FIFO (first in, first out) is used and regardless of which class period is used.

[3] Unless otherwise noted, all emphasis is added and citations are omitted.

Accordingly: (a) the *City of Roseville* and *Reddy* actions should be consolidated, the original China-related allegations should be severed from the *Steamfitters* Complaint, and the Court-appointed Lead Plaintiff in the consolidated cases should be permitted to file a consolidated complaint asserting allegations related to Apple's China market on behalf of purchasers of Apple stock between November 2018 and January 2019; and (b) the Court-appointed Lead Plaintiff in the *Steamfitters* action may file an amended complaint asserting allegations related to Apple's batterygate scandal on behalf of purchasers of Apple stock between August 2017 and January 2019. Alternatively, the Court could also determine that the *Steamfitters* Complaint's batterygate theory and class period are implausible, and only consider the *City of Roseville*/*Reddy* Complaints' theory and class period. *See In re Centerline Holding Co. Sec. Litig.*, 2008 WL 1959799, at *3 (S.D.N.Y. May 5, 2008) (assessing "plausibility" of two class periods at lead plaintiff stage and finding longer period "not plausible" because the complaint "pleads no facts that make th[e] allegation[s] plausible") (emphasis omitted). In that scenario, only the Norfolk Pension Fund should be appointed Lead Plaintiff.

Regardless of the path taken, Norfolk Pension Fund should be appointed Lead Plaintiff for the *City of Roseville/Reddy* consolidated case.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should consolidate the *City of Roseville* and *Reddy* actions but not the *Steamfitters* action, and sever the original China-related allegations from the *Steamfitters* Complaint?

2. Whether Norfolk Pension Fund should be appointed Lead Plaintiff for the *City of Roseville/Reddy* consolidated case and be permitted to file a consolidated complaint asserting allegations related to Apple's China market on behalf of purchasers of Apple stock between November 2018 and January 2019?

## III. ARGUMENT

### A. The *City of Roseville/Reddy* Actions Should Be Consolidated and the Norfolk Pension Fund Should Be Appointed Lead Plaintiff for that Consolidated Case

Before considering which movant to appoint as lead plaintiff, the PSLRA first requires the Court to decide whether to consolidate any of the related cases. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). "'In determining whether or not to consolidate cases, the Court should "weigh the interest of judicial convenience against the potential for delay, confusion and prejudice."'" *Bodri*, 2016 WL 1718217, at *1. Additionally, "'[o]n motion or on its own, the court may at any time, on just terms, add or drop a party [and] may also sever any claim against a party.'" *Id.* (quoting Fed. R. Civ. P. 21). Both Rule 21 and 23 "'should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* (quoting Fed. R. Civ. P. 1).

While in many securities cases there is no real dispute over the propriety of consolidation, here, two cases (*City of Roseville* and *Reddy*) are substantively identical, while one (*Steamfitters*) awkwardly bootstrapped a facially untenable batterygate theory (that allegedly transpired over a dramatically longer time period) onto the original China-related allegations. *See* ECF No. 36 at 3-8 (detailing why the batterygate theory is implausible). In circumstances like these, courts recognize that "'[t]here is a risk . . . to blindly accepting the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they had the largest financial interest.'" *Bodri*, 2016 WL 1718217, at *2 n.2 (quoting *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010)); *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (recognizing that "simply adopting the most inclusive class period might encourage unscrupulous movants to allege longer class periods in an effort to manipulate the lead plaintiff determination").[4] To negate this risk, courts employ a "plausibility" or

[4] Importantly, Norfolk Pension Fund is not asking the Court to make a binding determination regarding the proper class period at this point. *See BP*, 758 F. Supp. 2d at 434 (recognizing a binding determination as to the proper class period would be improper); *MGIC*, 256 F.R.D. at 624 (same); *Centerline*, 2008 WL 1959799, at *3 (same). Rather, Norfolk Pension Fund is simply asking the Court either to consider the original period when appointing a lead plaintiff, or to separate the theories and appoint a lead plaintiff for each. *Compare Centerline*, 2008 WL 1959799, at *3 (assessing original period only) *with Bodri*, 2016 WL 1718217, at *2 n.2 (recognizing "it is

"obviously frivolous" test to assess the class periods alleged and determine whether to disregard the longer period (*Centerline* and *Bodri*), sever the claims alleged in the longer period (*Bodri*), and/or appoint a lead plaintiff for each period/theory (*BP*).[5]

In *Centerline*, several complaints were filed alleging a March 2007-December 2007 class period, including a complaint filed by plaintiff Quill. The day after Quill's initial complaint was filed, it was "corrected" to extend the class period back an additional three months and allege a December 2006-December 2007 class period. After the lead plaintiff motions were filed, three groups remained in contention, with two groups using the original March 2007-December 2007 period, and one group – represented by Quill's counsel – using the longer December 2006-December 2017 period. Two of the competing movants opposed use of the longer period, contending that Quill's counsel extended the *Quill* class period "'to increase the Burns Group's losses and chances of being appointed lead plaintiff'" and that "'the Class Period that it has utilized in calculating its financial interest appears to be improper and inconsistent with the underlying allegations of the complaint.'" 2008 WL 1959799, at *3 n.23. In considering which period to use, Judge Scheindlin held "that the proper standard is that which is used to evaluate a motion to dismiss: the standard of plausibility." *Id.* at *3-*4 (recognizing that "the Court must accept the allegations in the Complaint as true as long as the allegations are plausible in light of competing inferences that may be drawn from those same allegations" and that "it would be inappropriate at this stage in the litigation to make any determination about the merits of the claims"). Reviewing the longer period, Judge Scheindlin determined that the corrected *Quill* complaint "pleads no facts that make [the] allegation[s] plausible." *Id.* at *3 & n.27 (recognizing that the allegations were "certainly a possibility" "[b]ut it is a possibility wholly unsupported by any facts alleged"). Accordingly, the original class period was used, and the investor with the largest loss in that period was appointed lead plaintiff.

---

appropriate to sever" distinct claims) *and BP*, 758 F. Supp. 2d at 442 (appointing lead plaintiff for both class periods/theories).

[5] *See Centerline*, 2008 WL 1959799, at *3 (using plausibility test to determine proper class period at lead plaintiff stage); *MGIC*, 256 F.R.D. at 625 (adopting "obviously frivolous" test at lead plaintiff stage); *BP*, 758 F. Supp. 2d at 434 (same).

In *BP*, like here, two class periods and theories of wrongdoing were alleged arising out of the Deepwater Horizon oil spill in the Gulf of Mexico: one on behalf of investors from June 2005-June 2010 based on statements about safety precautions in the Gulf and elsewhere as well as statements about the rate at which oil was escaping from the rig and BP's attempts to stop the flow, and the other on behalf of investors from March 2009-April 2010 based solely on statements about the safety of drilling operations in the Gulf in the 13 months leading up to the Deepwater Horizon explosion. And, like here, a different movant claimed to have suffered the largest loss in each period (New York & Ohio in the longer, the Ludlow Plaintiffs in the shorter). Similarly, it became clear in the briefing, like here, that "New York & Ohio's theory of the case differ[ed] significantly from that of the Ludlow Plaintiffs." 758 F. Supp. 2d at 437. Likewise, a substantial portion of New York & Ohio's losses derived from the longer period, but not the shorter period, and in the shorter period, New York & Ohio were net sellers. *Id.* at 438. "Because of these divergent theories," the *BP* court recognized that New York & Ohio (the movant with the larger loss in the longer period) "might not have an interest in vigorously pursuing the claims central to the . . . shorter class period, in favor of emphasizing arguments about fraud based on the conduct before and after the [shorter period] window." *Id.* "[E]xercis[ing] discretion 'to ensure that all class members will adequately be represented in the prosecution of this action,'" the *BP* court appointed New York & Ohio as lead plaintiff for purchasers during the longer period, but created a subclass of purchasers during the shorter period, which was led by the Ludlow Plaintiffs. *Id.* at 442.

As in *BP*, here, Rhode Island ERS not only has a relatively small $31,900 interest in the original class period, it also appears to be both a net seller and a net gainer in that period, having sold 400 more shares than it purchased and received $28,365 more during the period of artificial inflation than it expended. *See* ECF No. 27-1; *see also Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814, at *9 (N.D. Cal. Feb. 15, 2011) ("[I]nstead of being injured by the fraud on these sales, Marcus actually benefitted from the fraud. Furthermore, the fact that Marcus received more money from selling stock at fraudulently inflated prices than he spent purchasing stock at inflated prices makes it more likely that Marcus benefitted from Defendants' alleged fraud. Even if Marcus lost money in all of his Intuitive stock transactions, this amount was reduced by his Class Period sales

when the stock prices were inflated."). As a net seller/net gainer with the smallest financial interest of all the movants in the original class period, Rhode Island ERS has little to no economic incentive to vigorously advocate for the original class period and China-related theory of wrongdoing. Moreover, if defendants prevail on a motion to dismiss the batterygate theory but not the China-related theory, the Court may find reconsideration of the lead plaintiff appointment necessary given that Rhode Island ERS would no longer have the largest financial interest in the remaining original class period (and would be subject to a net seller/net gainer defense). *See Union Asset Mgmt. Holding AG v. Sandisk Corp*., 2016 WL 406283, at *5 (N.D. Cal. Jan. 22, 2016) (inviting "motion[s] asking the Court to reconsider its prior order appointing the current lead plaintiffs" in light of court's motion to dismiss decision and determination the shorter class period was "far more realistic"); *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218 (9th Cir. 2000) ("the district court's order designating a lead plaintiff . . . can be revisited if circumstances warrant"). That delay and uncertainty can be avoided entirely here by severing the China-related theory from the *Steamfitters* Complaint and appointing a lead plaintiff for each of the two theories and class periods.

Rhode Island ERS' contention that "the *Roseville* Action failed to plead a class period sufficient to encompass Defendants' alleged false and misleading statements concerning iPhone demand traceable to the 'batterygate' scandal," while accurate, is a red herring. ECF No. 26 at 5.[6] Indeed, as the Norfolk Pension Fund detailed in its Motion, any investor attempting to allege securities claims based on the batterygate theory between August 2017 and January 2019 faces nearly insurmountable falsity, loss, and loss causation challenges, as well as an inevitable truth-on-the-market defense. *See* ECF No. 36 at 4-8.[7] Consequently, the *Steamfitters* Complaint's untenable

6 Rhode Island ERS' counsel's contention is even more confounding when one considers that the *Steamfitters* Complaint actually alleges that Apple began misleading the public about "batterygate" as early as January 2017, but oddly the class period does not begin until seven months later in August 2017. *See Steamfitters* ECF No. 1 at ¶3. Why?

7 Rhode Island ERS' counsel may also urge the Court to use the longer period simply because it encompasses more potential class members. While that concern may be valid in some cases, it is illusory here because the *Steamfitters* Complaint does not allege a plausible securities fraud during the longer period. *See* ECF No. 36 at 4-8; *see also Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 345 (2005) (reiterating that the purpose of the securities laws is not to "provide investors with broad insurance against market losses, but to protect them against those economic losses that misrepresentations actually cause").

period should not be used for the financial interest determination. *See Centerline*, 2008 WL 1959759, at *3 (declining to use longer but implausible period at lead plaintiff stage); *Bodri*, 2016 WL 1718217, at *2 (using original period for largest financial interest assessment).[8] Alternatively, the Court should sever the *Steamfitters* Complaint's batterygate theory and period from the *City of Roseville/Reddy* action and appoint a lead plaintiff for each theory/period. *BP*, 758 F. Supp. 2d at 442 (appointing two lead plaintiffs for both theories/periods); *Bodri*, 2016 WL 1718217, at *2 (severing distinct theory in longer period from consolidated case and permitting investor to file separate complaint alleging distinct theory).[9]

Regardless of the approach taken here, the Court should appoint the Norfolk Pension Fund as a (if not "the") Lead Plaintiff.

---

8 For the same reasons, the *Steamfitters* action should not be consolidated with the other two related actions.

9 *See also In re Peregrine Sys., Inc. Sec. Litig.*, 2002 WL 32769239, at *11-*12 (S.D. Cal. Oct. 11, 2002) (holding that "appointment of co-lead plaintiffs will better represent the class members' varying and perhaps conflicting interests" in consolidated case alleging different claims); *Firefighters Pension and Relief Fund of City of New Orleans v. Bulmahn*, 2013 WL 6388583, at *2 (E.D. La. Dec. 6, 2013) (designating subclass for purchasers during different time period in consolidated actions and appointing separate lead plaintiff for subclass).

### B. The Competing Motions Should Be Denied

In the original class period, the Norfolk Pension Fund suffered the greatest loss:

| *Movant* | *Losses Suffered in 11/02/18-01/02/18 Period* |
|---|---|
| **Norfolk Pension Fund** | **($1.2 million)** |
| Apple Investor Group[10] | Group Total: ($406,104) |
| Michael Grecco | ($195,217) |
| Shaikh & Shahtai Ahmad | ($210,887) |
| Rhode Island ERS | ($31,927) |
| Richard Rodriguez[11] | no loss |

Therefore, the Court cannot consider the other movants' motions unless the presumption in favor of appointing the Norfolk Pension Fund as lead plaintiff is successfully rebutted. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (court considers other motions "if and only if" the presumptive lead plaintiff is "found inadequate or atypical"). Because the Norfolk Pension Fund is "willing to serve and satisfies the requirements of Rule 23," the other motions should be denied. *Id.* at 730.

---

[10] The Apple Investor Group is an amalgamation of a married couple and an individual joined together by two different law firms. "[E]ven though that more than one person/entity (*i.e.*, a group) can be appointed a lead plaintiff, and a pre-litigation relationship amongst group members is not required, . . . courts have also been skeptical of 'artificial' groups." *Isaacs v. Musk*, 2018 WL 6182753, at *2 (N.D. Cal. Nov. 27, 2018). Here, as in *Isaacs*, the Apple Investor Group's Joint Declaration "indicates that [the Apple Investor Group] is a similar artificial group" as they are unrelated (other than the married couple) "and were introduced to one another by their lawyers." *Id.* at *3; *see also* ECF No. 43-2. Also as in *Isaacs*, the Apple Investor Group "participated in only one joint call," there is "nothing concrete" to back up any of their generic assertions, and "the decisionmaking structure does not appear to be robust." *Compare* 2018 WL 6182753, at *3 *with* ECF No. 43-2. Consequently, even if the Apple Investor Group suffered the largest loss, it could not qualify as a candidate for lead plaintiff. *See Isaacs*, 2018 WL 6182753, at *3; *Markette v. XOMA Corp.*, 2016 WL 2902286, at *9 (N.D. Cal. May 13, 2016) (finding that "it is clear that Xoma Group," composed of "a married couple and two other unrelated individuals," was "'created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel and, as such, are "groups" of the sort district courts in this circuit and throughout the country look upon with disfavor'").

[11] While Mr. Rodriguez suffered no loss in the original class period, he did enter into option contracts during the *Steamfitters* Complaint's class period. *See* ECF No. 21-1. While Mr. Rodriguez does not claim the largest interest in even the *Steamfitters* class period, he could not be appointed lead plaintiff in any event as he "traded ***only*** in options," not any Apple stock. *Applestein v. Medivation Inc.*, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010); *Andrada v. Atherogenics, Inc.*, 2005 WL 912359 (S.D.N.Y. Apr. 19, 2005) (same); *Weikel v. Tower Semiconductor Ltd.*, 183 F.R.D. 377, 391–92 (D.N.J. 1998) (same).

## IV. CONCLUSION

Because the *Steamfitters* Complaint's batterygate theory is untenable, the Court should consolidate the *City of Roseville* and *Reddy* actions, but not *Steamfitters*, and use the original class period to appoint the Norfolk Pension Fund as Lead Plaintiff. Alternatively, because the *Steamfitters* class period and batterygate theory are wholly distinct from the *City of Roseville/Reddy* China-related class period and theory, the Court should appoint a lead plaintiff for each period/theory, with the Norfolk Pension Fund serving as Lead Plaintiff in the *City of Roseville/Reddy* China-related case.

DATED: July 1, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
MARK SOLOMON
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ

s/ Danielle S. Myers
DANIELLE S. MYERS

San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 1, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers

DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dmyers@rgrdlaw.com

# Mailing Information for a Case 4:19-cv-02033-YGR City of Roseville Employees' Retirement System v. Apple Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com
- **Mary K. Blasy**
  mblasy@rgrdlaw.com
- **Melinda Haag**
  mhaag@orrick.com
- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com
- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com
- **Jennifer Pafiti**
  jpafiti@pomlaw.com,disaacson@pomlaw.com,cgarcia@pomlaw.com,abarbosa@pomlaw.com
- **Samuel H. Rudman**
  srudman@rgrdlaw.com
- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com
- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com
- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com
- **Shawn A. Williams**
  shawnw@rgrdlaw.com,smorris@rgrdlaw.com,e_file_sd@rgrdlaw.com,1101510420@filings.docketbird.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)