PAGES 1 – 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE**

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, )<br><br>  PLAINTIFF, )<br><br> VS. )<br><br>APPLE, INC., ET AL., )<br><br> )<br> )<br> DEFENDANTS. )<br>_____) | NO. C-19-02033 YGR<br><br>TUESDAY, AUGUST 13, 2019<br><br>OAKLAND, CALIFORNIA<br><br>MOTION TO CONSOLIDATE<br>MOTION TO APPOINT LEAD COUNSEL |

**<u>REPORTER'S TRANSCRIPT OF PROCEEDINGS</u>**

**<u>APPEARANCES:</u>**

| | |
|---|---|
| **FOR LEAD PLAINTIFF**<br>**MOVANT RHODE ISLAND:** | LABATON SUCHAROW<br>140 BROADWAY<br>NEW YORK, NEW YORK 10005<br>BY:  CAROL C. VILLEGAS, ESQUIRE<br>     FRANCIS P. MCCONVILLE, ESQUIRE |
| **ALSO PRESENT:** | AMY L. CRANE, GENERAL COUNSEL<br>STATE OF RHODE ISLAND |

(APPEARANCES CONTINUED)

| | |
|---|---|
| **REPORTED BY:** | DIANE E. SKILLMAN, CSR 4909, RPR, FCRR<br>OFFICIAL COURT REPORTER |

TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

```
 1    FOR LEAD PLAINTIFF        ROBBINS GELLER RUDMAN & DOWD
      MOVANT NORFOLK:           655 WEST BROADWAY, STE. 1900
 2                              SAN DIEGO, CALIFORNIA 92101
                          BY:  DANIELLE S. MYERS, ESQUIRE
 3                              MARK SOLOMAN, ESQUIRE

 4                              ROBBINS GELLER RUDMAN & DOWD
                                ONE MONTGOMERY STREET, SUITE 1800
 5                              SAN FRANCISCO, CALIFORNIA 94104
                          BY:  SHAWN A.WILLIAMS, ESQUIRE
 6
      ALSO PRESENT:            ALEX YOUNGER, NORFOLK PENSION FUND
 7

 8    FOR DEFENDANT:           ORRICK, HERRINGTON & SUTCLIFFE LLP
                                405 HOWARD STREET
 9                              SAN FRANCISCO, CALIFORNIA 94105
                          BY:  MELINDA HAAG, ESQUIRE
10                              JAMES N. KRAMER, ESQUIRE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1     TUESDAY, AUGUST 13, 2019                    2:16 P.M.

2                     P R O C E E D I N G S

3                              O0O

4         **THE CLERK:**  WE WILL DO THE CITY OF ROSEVILLE VERSUS

5     APPLE CASE NEXT.

6         CALLING CIVIL ACTION 19-2033 CITY OF ROSEVILLE EMPLOYEES'

7     RETIREMENT SYSTEM VERSUS APPLE, INC., ET AL.

8         COUNSEL, PLEASE STATE YOUR APPEARANCES.

9         **MS. VILLEGAS:**  GOOD AFTERNOON, YOUR HONOR.  CAROL

10    VILLEGAS FROM LABATON SUCHAROW ON BEHALF OF THE PROPOSED LEAD

11    PLAINTIFF, THE STATE OF RHODE ISLAND.  WITH ME --

12        **THE COURT:**  JUST A MOMENT.  THERE YOU ARE.

13        OKAY.  GO AHEAD.

14        **MS. VILLEGAS:**  WITH ME IS FRANK MCCONVILLE FROM

15    LABATON SUCHAROW.  AND IN THE GALLERY WE HAVE A REPRESENTATIVE

16    FROM OUR CLIENT, AMY CRANE, WHO IS THE GENERAL COUNSEL OF THE

17    STATE OF RHODE ISLAND, GENERAL TREASURER -- OFFICE OF THE

18    GENERAL TREASURER.

19        **THE COURT:**  OKAY.

20        **MS. MYERS:**  GOOD AFTERNOON, YOUR HONOR.  DANIELLE

21    MYERS FROM ROBBINS, GELLER, RUDMAN & DOWD REPRESENTING THE

22    OTHER LEAD PLAINTIFF MOVANT NORFOLK PENSION FUND.  ALSO WITH

23    ME ARE MY PARTNERS SHAWN WILLIAMS FROM OUR SAN FRANCISCO

24    OFFICE AND MARK SOLOMAN.

25        WE ALSO HAVE A REPRESENTATIVE --

4

```
1            THE COURT:  WHO'S SHAWN WILLIAMS?

2            MR. WILLIAMS:  I AM, YOUR HONOR.

3            THE COURT:  ALL RIGHT.

4            MR. WILLIAMS:  GOOD AFTERNOON.

5            THE COURT:  GOOD AFTERNOON.

6       AND MARK SULLIVAN (SIC) IS WHO?

7            MR. SOLOMAN:  YOUR HONOR, GOOD AFTERNOON.

8            THE COURT:  GOOD AFTERNOON.

9            MS. MYERS:  WE ALSO HAVE A REPRESENTATIVE OF THE

10   NORFOLK PENSION FUND, MR. ALEX YOUNGER.  IF IT'S OKAY WITH

11   YOUR HONOR, EVEN THOUGH HE IS NOT ADMITTED TO THE BAR, IF HE

12   COULD SIT AT COUNSEL'S TABLE WITH US FOR THE HEARING.

13            THE COURT:  WHO'S THAT?

14                  (GENTLEMAN RAISES HAND.)

15            THE COURT:  YES, THAT'S FINE.

16            MS. MYERS:  THANK YOU, YOUR HONOR.

17            THE COURT:  MS. HAAG.

18            MS. HAAG:  GOOD AFTERNOON, YOUR HONOR.  MELINDA HAAG

19   AND JIM KRAMER FROM ORRICK, HERRINGTON & SUTCLIFFE ON BEHALF

20   OF THE DEFENDANTS.  AND THERE IS A REPRESENTATIVE FROM APPLE

21   ANDREW CARTHY (PHONETIC) PRESENT IN THE COURTROOM.

22            THE COURT:  OKAY.  GOOD AFTERNOON.  SO I TAKE IT,

23   MS. HAAG, YOU PROBABLY WON'T HAVE MUCH TO SAY TODAY.  I

24   UNDERSTAND THERE'S NO REAL OBJECTION FROM APPLE.

25            MS. HAAG:  THAT'S RIGHT.  ONLY IF NECESSARY, YOUR
```

1      HONOR.

2              **THE COURT:**  OKAY.  SO LET ME HAVE -- WELL, I'M

3      ASSUMING, MS. VILLEGAS AND MS. MYERS; IS THAT RIGHT?

4         WHO'S ARGUING?

5              **MS. MYERS:**  YES, YOUR HONOR.

6              **MS. VILLEGAS:**  YES, YOUR HONOR.

7              **THE COURT:**  ONE OF YOU AT EACH OF THE MICS.

8         I TAKE IT THERE'S NO ONE FROM THE REDDY CLASS HERE?  THEY

9      ARE NOT OBJECTING TO THE CONSOLIDATION WITH ROSEVILLE.

10             **MS. MYERS:**  THAT'S RIGHT, YOUR HONOR.  SO THE COUNSEL

11     THAT FILED THE REDDY COMPLAINT WAS ALSO A MOVANT, AND THEY

12     WITHDREW THEIR MOTION.  BUT IN THEIR MOTION, THEY DID MOVE FOR

13     CONSOLIDATION, YOUR HONOR.

14             **THE COURT:**  OKAY.  ALL RIGHT.

15        LET ME TELL YOU MY PRELIMINARY THOUGHTS ON THIS.  AS I

16     READ THE COMPLAINTS, I DON'T KNOW HOW I WOULD NOT CONSOLIDATE

17     THEM.  THAT IS, THE TWO VARIOUS THEORIES THAT ARE BEING USED

18     IN THIS ACTION, I CAN'T FIGURE OUT A LOGICAL WAY TO SEPARATE

19     THEM IN ANY KIND OF PRACTICAL WAY.  SO I AM INCLINED TO

20     CONSOLIDATE.

21        THAT SAID, I AM ALSO NOT VERY IMPRESSED WITH THE STRENGTH

22     OF THE CLAIMS BY RHODE ISLAND IN THE *STEAMFITTERS* ACTION AND

23     THE LONGER CLASS PERIOD.

24        SO IT PUTS ME IN A PREDICAMENT BECAUSE WHILE I CAN'T

25     DISAGGREGATE THEM, I ALSO AM NOT INCLINED, IF I CONSOLIDATE

1   THEM, TO APPOINT ROBBINS GELLER OR TO APPOINT NORFOLK BECAUSE

2   NORFOLK ISN'T IMPRESSED WITH THEM EITHER.  AND I DON'T THINK

3   THAT THEY WILL DO WHAT IS NECESSARY TO BE VIGOROUS ADVOCATES

4   FOR THAT PARTICULAR CLAIM.

5       SO WHAT I AM INCLINED TO DO IS CONSOLIDATE, TENTATIVELY

6   APPOINT RHODE ISLAND, ALLOW IT TO GO THROUGH ONE ROUND OF

7   MOTIONS TO DISMISS, AND IF ALL THAT IS LEFT IS THE MORE NARROW

8   ACTION, RE-EVALUATE THE APPROPRIATENESS OF WHO IS LEADING THE

9   CLASS, AND MOST LIKELY APPOINT NORFOLK.  THAT IS WHAT I AM

10  INCLINED TO DO.

11      COMMENTS.

12          MS. MYERS:  YOUR HONOR, IF I CAN START, MAYBE.

13      I ACCEPT YOUR INCLINATIONS AND I WOULD LIKE TO RESPOND

14  THAT BOTH JUDGE TIGAR AND JUDGE ELLISON IN THE *GOPRO* AND THE

15  *BP* CASES THAT WE CITED TO YOUR HONOR, WHICH ARE THE ONLY REAL

16  SUBSTANTIVE DECISIONS ON THIS ISSUE, NOT ONLY CONSOLIDATED ALL

17  OF THE CASES, YOUR HONOR, BUT ALLOWED EACH PLAINTIFF TO PURSUE

18  THEIR OWN CLAIMS.

19      AND THE REASON BEING, YOUR HONOR, WAS THAT, AS YOU'VE

20  NOTED, OUR CLIENT, NORFOLK, HAS POINTED OUT SOME DEFECTS THAT

21  WE BELIEVE ARE IN THE LONGER CLASS PERIOD, AND WE WOULD NOT BE

22  INCLINED TO ASSERT A THEORY OF BATTERYGATE SECURITIES FRAUD.

23      HOWEVER, BY THE SAME TOKEN, YOUR HONOR, IN THE SHORTER

24  CLASS PERIOD THAT YOUR HONOR IS PROPOSING TO COLLAPSE WITHIN

25  ONE COMPLAINT LED BY RHODE ISLAND, RHODE ISLAND HAS A $32,000

1    LOSS AS OPPOSED TO OUR $1.1 MILLION LOSS, YOUR HONOR.  BUT

2    IT'S EVEN MORE TROUBLESOME.  THEY HAVE A NET SELLER/NET GAINER

3    DEFENSE, YOUR HONOR, IN THEIR TRADING THAT THEY CONCEDE TO.

4    THEY ADMIT THAT FACT.

5        THAT'S GOING TO BE A PROBLEM FOR THEM AND THAT MEANS THAT

6    THEY ARE NOT INCENTIVIZED TO ACTUALLY --

7            **THE COURT:**  THEY AREN'T INCENTIVIZED BECAUSE THEY

8    WANT TO BE LEAD PLAINTIFFS.  THERE IS MONEY IN WHOEVER IS THE

9    LEAD PLAINTIFF; BOTH FOR THE LAWYERS AND FOR THE CLASS

10   REPRESENTATIVE.

11       SO I AM NOT GOING TO HAVE DUPLICATIVE BRIEFING ON A -- ON

12   ONE PERIOD OF, YOU KNOW, TWO MONTHS.  I'M NOT GOING TO DO IT.

13   IF YOU THINK IT IS INADEQUATE FOR SOME REASON, YOU'RE WELCOME

14   TO FOLLOW ALONG AND ASK FOR PERMISSION TO FILE SOMETHING AFTER

15   ARTICULATING WHY YOU THINK THAT THEY AREN'T APPROPRIATELY

16   ADVOCATING THE POSITION, BUT I'M NOT GOING TO HAVE DUELING

17   PEOPLE ON A TWO-MONTH PERIOD.

18           **MS. MYERS:**  YOUR HONOR, WOULD YOU HAVE TWO PEOPLE,

19   LIKE IN A '33 AND A '34 ACT CASE, WHERE YOU HAVE SOMEONE THAT

20   HAS TO HAVE STANDING FOR THE OFFERING CLAIMS THAT'S A

21   STATUTORY POSITION AND YOU SOMETIMES HAVE TO HAVE SOMEBODY

22   DIFFERENT FOR A '34 ACT CLAIM, WHICH IS ALSO A DIFFERENT

23   STATUTORY POSITION.  AND YOU HAVE THOSE PEOPLE FILE THEIR

24   CLAIMS, BRIEF THEM SIMULTANEOUSLY, YOUR HONOR, THERE'S NO

25   DUPLICATION.

1        JUDGE ELLISON DEALT WITH THIS.  IT WAS ALL STREAMLINED.

2   IT WAS SAME DEADLINES, ALL PACKAGED TOGETHER SO THAT THE COURT

3   WAS NOT INUNDATED WITH PAPER AND DIFFERENT SCHEDULES.

4        WE ARE CONCERNED, YOUR HONOR, THAT THE DEFENDANTS WILL

5   SEIZE THE OPPORTUNITY BASED ON THE DEFECTS THAT THE RHODE

6   ISLAND FUND HAS IN THEIR TRADING IN THE SHORTER PERIOD.  AND

7   IF THEY ARE DEFENDING AGAINST BOTH THEORIES BECAUSE THEY --

8   THEY ARE GOING TO HAVE TO DEFEND AGAINST BOTH THEORIES IN THE

9   MOTION TO DISMISS ANYWAY.  THIS IS NOT GOING TO BE ONE BIG

10  THING.  IT IS ACTUALLY THREE THEORIES THAT THEY ARE GOING TO

11  BE RAISING IN THEIR CASE.

12       OUR CONCERN, YOUR HONOR, IS THAT THE CHINA-RELATED

13  ALLEGATIONS THAT THEY'VE POINTED OUT NO DEFECTS IN OUR

14  CLIENT'S TRADING, WE HAVE A SOLID $1.1 MILLION LOSS NO MATTER

15  WHAT, THEY ARE HOBBLED BY THAT, AND YOUR HONOR MIGHT BE

16  INCLINED TO DISMISS THOSE AS WELL BECAUSE OF THEIR TRADING

17  PATTERN, YOUR HONOR.

18       AND THAT'S OUR CONCERN IS THAT BY THE TIME YOU GET TO THE

19  POINT OF MAYBE RECONSIDERING IT, IT'S TOO LATE FOR US TO COME

20  BACK IN AND SAY THIS IS HOW WE WOULD PLEAD IT, YOUR HONOR.  WE

21  HAVE A SOLID LOSS.  WE HAVE NO DEFECTS.  THERE'S NOTHING IN

22  OUR TRADING THAT THE DEFENDANTS CAN POINT TO IN THAT PERIOD,

23  YOUR HONOR.

24       THEY ARE GOING TO -- EVEN IF RHODE ISLAND ALLEGES A

25  COMPREHENSIVE THEORY OF FRAUD WITH BOTH THE CHINA DEMAND

1    RELATED ALLEGATIONS AND THE BATTERYGATE ALLEGATIONS, YOUR

2    HONOR, THEY ARE STILL GOING TO HAVE TO BREAK APART THEIR

3    BRIEFING, AS ARE THE DEFENDANTS, AND ADDRESS BOTH BECAUSE

4    THERE ARE DIFFERENT ISSUES IN BOTH AS YOUR HONOR HAS NOTED.

5        WE FEEL LIKE IF WE COME IN LATE TO THE GAME, IT MAY BE TOO

6    LATE, YOUR HONOR.

7            **THE COURT:**  ALL RIGHT.  A RESPONSE.

8            **MS. VILLEGAS:**  SURE, YOUR HONOR.

9        I WOULD LIKE TO EXPLAIN WHY WE ARE NOT HOBBLED BY THE

10    CHINA DEMAND THEORY.  WE ACTUALLY PLEAD THAT THERE ARE FALSE

11    STATEMENTS ON THE CHINA DEMAND ISSUE GOING BACK TO JULY OF

12    2018.

13        IF YOU LOOK AT OUR COMPLAINT, ECF AT PAGE 14,

14    PARAGRAPH 47, WE PLEAD THEIR THAT STARTING IN JULY, APPLE

15    STARTED MAKING FALSE STATEMENTS ABOUT DEMAND IN CHINA.  THE

16    WAY THAT WE LINK IT BACK TO SAY THAT THIS STARTED IN JULY, IS

17    IF YOU LOOK AT THE FINAL CORRECTIVE DISCLOSURE.  APPLE ADMITS

18    THAT THE CHINA ISSUE STARTED A HALF YEAR AGO, HENCE AROUND THE

19    JULY TIME FRAME.

20        EVEN IF YOUR HONOR DOESN'T AGREE WITH THE LONGER CLASS

21    PERIOD THEORY, AND I HOPE ON THE AMENDED COMPLAINT WE CAN

22    CHANGE YOUR MIND ABOUT THAT, EVEN IF YOU DON'T AGREE AND THOSE

23    CLAIMS GET DISMISSED, WE STILL HAVE A SOLID CHINA THEORY

24    STARTING BACK IN JULY, THREE MONTHS BEFORE THE ROBBINS

25    COMPLAINT EVEN STARTS, AND WE ALSO HAVE THE LARGEST LOSS IN

1    THAT PERIOD.

2              **THE COURT:**  WHAT IS THE LOSS?

3              **MS. VILLEGAS:**  OUR LOSS IS $4 MILLION IN THAT PERIOD.

4              **THE COURT:**  YOUR LOSS IS $4 MILLION FOR THE ENTIRE

5    PERIOD.

6              **MS. VILLEGAS:**  YES, YOUR HONOR.

7              **THE COURT:**  NOT FOR THE -- SO THE JULY -- I HAVE

8    $4.1 MILLION FOR THE TIME PERIOD BEGINNING NOVEMBER 2ND, 2018.

9              **MS. VILLEGAS:**  THAT'S CORRECT.

10             **MS. MYERS:**  SORRY, YOUR HONOR.  JUST FOR

11   CLARIFICATION.  THAT'S ACTUALLY NOT CORRECT.  IN THE

12   NOVEMBER 2ND, 2018 TO JANUARY 2ND, 2018 PERIOD, RHODE ISLAND

13   HAS A $32,000 LOSS, YOUR HONOR.  IN THE AUGUST 1ST, 2017 TO

14   JANUARY 2ND, 2018 --

15             **THE COURT:**  THAT'S WHAT I MEANT.

16             **MS. MYERS:**  -- RHODE ISLAND HAS A $4 MILLION LOSS.

17   SO IN THE CHINA RELATED CASE ONLY, YOUR HONOR, IT IS

18   UNCONTESTED THROUGHOUT ALL THREE LEVELS OF BRIEFING, THE

19   MOTION, OPPOSITION, AND THE REPLY, YOUR HONOR, RHODE ISLAND

20   HAS A $32,000 LOSS.  WE HAVE A $1 MILLION LOSS.

21             **MS. VILLEGAS:**  YOUR HONOR, MAY I RESPOND TO THAT

22   BECAUSE I THINK THERE'S SOME CONFUSION.

23        THERE IS THE SMALLER CLASS PERIOD THAT ROBBINS BRINGS FOR

24   CHINA --

25             **THE COURT:**  THERE'S A TWO-MONTH PERIOD --

1          **MS. VILLEGAS:**  NOVEMBER THROUGH JANUARY.

2      WHAT I'M SAYING IS THAT WE CAN BRING A CHINA DEMAND CLASS

3  PERIOD STARTING IN JULY OF 2018 IF THE COURT DISMISSES OUR

4  BATTERYGATE ALLEGATIONS.

5      IN OTHER WORDS, WE WOULD STILL BE THE BEST LEAD PLAINTIFF

6  FOR THE CHINA DEMAND ALLEGATIONS.

7          **THE COURT:**  WHAT I WAS ASKING ABOUT IS YOU SAID --

8  YOU SEEM TO SUGGEST THAT THE LOSS WAS IDENTICAL --

9          **MS. VILLEGAS:**  IT'S VERY SIMILAR, YOUR HONOR.

10          **MS. MYERS:**  YOUR HONOR, I BEG TO DIFFER.

11          **THE COURT:**  STOP.  I DIDN'T RECOGNIZE YOU.  DON'T

12  JUMP IN.

13          **MS. MYERS:**  I APOLOGIZE, YOUR HONOR.

14          **THE COURT:**  SO WHAT IS IT PRECISELY?

15          **MS. VILLEGAS:**  I COULD GET THE EXACT NUMBER FOR YOU,

16  YOUR HONOR, BUT IT IS IN THE RANGE OF ABOUT $4 MILLION IF WE

17  STARTED THE CHINA DEMAND PERIOD JULY 2018 THROUGH JANUARY 2ND,

18  2019.

19          **THE COURT:**  SO WHY IS IT -- SO WHY IS IT SIMILAR?

20  THAT IS, YOU HAVE A HUNDRED THOUSAND DOLLAR LOSS FOR THE TIME

21  PERIOD BEFORE JULY 2018?

22          **MS. VILLEGAS:**  I DON'T KNOW THE EXACT NUMBERS, YOUR

23  HONOR.  I CAN GET THEM FOR YOU.

24      THERE WAS A LOT OF TRADING THAT OCCURRED DURING THAT

25  PERIOD, INCLUDING PURCHASES AND SALES.  BUT WHEN WE CALCULATED

```
1    THE LOSS FOR THE PERIOD OF JULY 31ST, 2018 THROUGH

2    JANUARY 2ND, 2019, IT WAS IN THE RANGE OF ABOUT 4 MILLION.

3        AND THAT'S BECAUSE WE HAD A LARGE PURCHASE ON JULY 31ST OF

4    230,000 PLUS SHARES.  AND THAT'S AT ECF 27-2 WITH OUR TRADING.

5        SO THE ARGUMENT HERE, YOUR HONOR, IS EVEN IF ON A MOTION

6    TO DISMISS WE ARE DISMISSED FOR THE LARGER BATTERYGATE

7    SECURITIES FRAUD AFFECTING IPHONE DEMAND, WE WOULD STILL BE

8    THE BEST LEAD PLAINTIFF FOR THE CHINA DEMAND THEORY STARTING

9    OUR CLASS PERIOD ON JULY 31ST, WHICH IS IN OUR COMPLAINT THAT

10   WE PLED BEFORE THIS COURT.

11        THE COURT:  WELL, ONLY IF -- ONLY IF I THOUGHT THAT

12   THAT WAS A PLAUSIBLE PERIOD.

13        MS. VILLEGAS:  THAT'S RIGHT, YOUR HONOR.

14        THE COURT:  YOU CONCEDE THAT YOU'RE NOT IF THE PERIOD

15   IS NOVEMBER 2ND TO JANUARY 2ND?

16        MS. VILLEGAS:  I DO, YOUR HONOR.  WE CERTAINLY HAVE A

17   LOSS SO WE WOULD STILL BE A GOOD REPRESENTATIVE IF YOUR HONOR

18   KEPT THE FULL CLASS PERIOD, BUT I DO CONCEDE THAT IF YOUR

19   HONOR PICKS THE SHORTER CLASS PERIOD STARTING IN NOVEMBER,

20   THEN, YES, OUR LOSSES ARE ABOUT $30,000.

21        THE COURT:  ALL RIGHT.  NOW MS. MYERS.

22        MS. MYERS:  YOUR HONOR, I HAVE TO SAY I AM LITTLE

23   TAKEN ABACK BY THE ARGUMENT.  THIS WAS FULLY BRIEFED AND

24   ANNOUNCED IN OUR MOTION.  THEY HAD EVERY OPPORTUNITY TO BRIEF

25   THIS TO YOUR HONOR IN BOTH THE OPPOSITION AND THE REPLY.  SO I
```

1    DON'T WANT TO SOUND, YOU KNOW, LIKE SOUR GRAPES, BUT ARGUMENTS

2    THAT AREN'T PRESENTED IN THE BRIEFING ARE WAIVED.  SO I'M A

3    LITTLE SHOCKED TO HEAR THIS FOR THE FIRST TIME IN COURT.

4        YOUR HONOR, THE BIGGER POINT IS, IS THAT THE CASES ALL

5    ALLEGED A NOVEMBER START DATE.  THEY'VE CONCEDED THEY HAVE THE

6    SMALLER LOSS.  AND THEY SAID WE PLAN TO ALLEGE IT, A PLAUSIBLE

7    CHINA RELATED THEORY, BUT THEY ALSO DIDN'T RESPOND TO MY

8    ENTIRE POINT, YOUR HONOR, WHICH IS THAT THEY WERE NET SELLERS

9    AND NET GAINERS IN THE SHORTER CLASS PERIOD, THE NOVEMBER TO

10   JANUARY CLASS PERIOD.

11       SO THE FACT THAT THEY ARE URGING YOUR HONOR TO STILL

12   APPOINT THEM FOR THAT CASE BECAUSE THEY HAVE A HAIL MARY FOR

13   THE FIRST TIME IN COURT TODAY THAT THEY WANT TO TAKE IT BACK

14   TO COINCIDENTALLY LINE UP WITH A LARGE PURCHASE TO SAVE THEIR

15   MOTION, YOUR HONOR, IS NOT ONLY SANDBAGGING US, BUT

16   SUBSTANTIVELY IT DOESN'T REALLY DEAL WITH THE REAL FACT WHICH

17   IS THEY ARE HOBBLED.  THEY ARE HOBBLED, AND THEY CONCEDE THAT

18   FACT, YOUR HONOR.

19       THEY ARE NOT THE BEST PLAINTIFF FOR THE CHINA DEMAND

20   THEORY THAT WAS ORIGINALLY ALLEGED IN BOTH THE ROSEVILLE AND

21   THE REDDY CASES.

22            **MS. VILLEGAS:**  MAY I RESPOND, YOUR HONOR?

23            **THE COURT:**  YOU MAY.

24            **MS. VILLEGAS:**  THANK YOU.

25       SO IN TERMS OF THE SHORTER CLASS PERIOD, ASSUMING YOUR

1    HONOR DOESN'T ADOPT THE LONGER CLASS PERIOD STARTING ON

2    JULY 31ST FOR THE CHINA DEMAND RELATED ALLEGATIONS, WE WOULD

3    BE HAPPY TO APPOINT AN ADDITIONALLY NAMED PLAINTIFF TO

4    REPRESENT THAT PART OF THE CLASS PERIOD IF YOUR HONOR WANTED

5    US TO DO SO.  AND WE ARE HAPPY TO DO SO.  WE'VE SPOKEN WITH

6    OUR CLIENT, AND OUR CLIENT WOULD BE HAPPY TO WORK WITH AN

7    ADDITIONALLY NAMED PLAINTIFF.

8        HOWEVER, FOR THE FULL CLASS PERIOD THAT WE PLED, WHICH IS

9    THE CLASS PERIOD STARTING IN 2017, WE DO BELIEVE THAT RHODE

10   ISLAND WOULD BE AN ADEQUATE LEAD PLAINTIFF WHO WOULD DO THEIR

11   BEST TO REPRESENT THE INTEREST OF THE WHOLE CLASS.

12           **THE COURT:**  SO ADDRESS THE TOPIC THAT MS. MYERS

13   RAISED WITH RESPECT TO THAT TWO-MONTH PERIOD.

14       HOW IS IT THAT YOU CAN ADEQUATELY ARGUE THE THEORY GIVEN

15   YOUR STOCK PORTFOLIO FOR THAT PERIOD?

16           **MS. VILLEGAS:**  WELL, YOUR HONOR, THE PERIOD THAT

17   MS. MYERS MENTIONS, WE DO STILL HAVE A LOSS DURING THAT

18   PERIOD.  IT'S A $30,000 LIFO LOSS, SO OUR CLIENT WOULD STILL

19   BE INCENTIVIZED AND INCLINED TO VIGOROUSLY PURSUE THOSE

20   ALLEGATIONS AS WELL.

21       AND, AGAIN, IF YOU CONSIDER AND HOPEFULLY WE WILL BE ABLE

22   TO BRING THE CHINA ALLEGATIONS BACK TO THE FIRST STATEMENT

23   DATE THAT WE PLED, WHICH IS JULY 31ST, OBVIOUSLY FOR THAT

24   PERIOD, OUR CLIENT DOES HAVE THE LARGEST LOSS IN THE MILLIONS

25   OF DOLLARS.

1        AS I MENTIONED, WE COULD SAFEGUARD THAT SHORTER PERIOD BY

2    APPOINTING AN ADDITIONALLY NAMED PLAINTIFF NOW OR AT THE CLASS

3    CERTIFICATION STAGE.

4            **THE COURT:**  WELL, I HAVEN'T HEARD ANYTHING THAT MAKES

5    ME THINK THAT MY INITIAL PERSPECTIVE WASN'T THE RIGHT ONE

6    BECAUSE IT PROTECTS EVERYONE'S INTEREST AND IT DOES NOT GIVE

7    AN ADVANTAGE TO THE LATE COMERS TO THE SHOW WHO POTENTIALLY

8    ARE REALLY PADDING THE CLAIM TO TAKE FIRST POSITION.

9        IT SEEMS A LITTLE OPPORTUNISTIC TO ME, THE TIMING OF YOUR

10   FILING AND HOW YOU HAVE PLED IT, AND SO THAT'S WHY I AM SAYING

11   IN ADVANCE, IF LOSE ON THAT LARGER PERIOD, I'M NOT -- I MEAN

12   YOU ARE ALL GOOD FIRMS.  YOU ARE ALL, YOU KNOW -- BY THE WAY,

13   JUST A FOOTNOTE ON THE SECURITIES CASES, I DON'T KNOW WHY YOU

14   ALL GIVE ME AN INCH OR TWO PLUS OF YOUR FIRM BIOGRAPHIES WHEN

15   ALL OF THOSE LAWYERS ARE NOT GOING TO BE INVOLVED IN THESE

16   CASES.  IT KILLS TREES AND IT IS NOT HELPFUL.  YOU ARE ALL

17   REPUTABLE FIRMS.  FOCUS ON WHO IS GOING TO BE ON THE CASE.

18   AND THAT IS WHAT I NEED TO KNOW.  I DON'T NEED REAMS OF PAPER.

19   IT'S A WASTE OF TIME AND MONEY AND TREES.

20       SO, YOU KNOW, IT'S GOING TO BE A LOSS TO YOU IF YOU ARE

21   BOOTED OUT OF FIRST POSITION, WHICH I WILL HAVE NO HESITATION

22   DOING.  UNDERSTOOD?

23            **MS. MYERS:**  YES, YOUR HONOR.

24            **MS. VILLEGAS:**  UNDERSTOOD, YOUR HONOR.  HOPEFULLY ON

25   THE AMENDED COMPLAINT WE CAN CHANGE YOUR MIND ABOUT OUR

```
 1    THEORY, WHICH WE THINK IS A GOOD ONE.

 2              THE COURT:  ALL RIGHT.  LET'S GET A BRIEFING SCHEDULE

 3    TOGETHER.

 4        MS. HAAG, YOU CAN COME ON UP TO THE MIC, IF YOU WOULD

 5    LIKE.

 6        WHEN CAN YOU GET A CONSOLIDATED COMPLAINT ON FILE?

 7              MS. VILLEGAS:  WE WOULD ASK FOR 45 DAYS, YOUR HONOR.

 8              MS. HAAG:  YOUR HONOR, WE PREFER 30, BUT CERTAINLY IF

 9    IT'S BETTER FOR THE COURT, WE ARE FINE WITH 45.

10              THE COURT:  HOW MUCH TIME ARE YOU GOING TO NEED TO

11    FILE YOUR MOTION TO DISMISS ONCE YOU GET THE COMPLAINT?

12              MS. HAAG:  LET ME ASK MY COLLEAGUE, JIM KRAMER.

13        THE SAME.  I THINK HE'S -- JIM IS INDICATING TO ME 45

14    DAYS.

15              THE COURT:  HOW MANY DAYS ARE YOU GOING TO WANT TO

16    RESPOND?

17              MS. VILLEGAS:  THE SAME AMOUNT OF TIME, IF IT PLEASES

18    THE COURT, 45 DAYS.

19              THE COURT:  REPLY?

20              MS. HAAG:  MAYBE 30 MORE.

21              THE COURT:  WELL, THAT PUTS US IN DECEMBER, WHICH I'M

22    NOT INCLINED TO DO.  SO-- WELL --

23              MS. HAAG:  A SHORTER TIME FRAME IS CERTAINLY FINE FOR

24    US, YOUR HONOR.  IF WE CAN PERHAPS START WITH 30 DAYS FOR THE

25    FILING RATHER THAN 45.
```

1      **MS. VILLEGAS:**  YOUR HONOR, IF I MAY SINCE THIS WILL

2  BE OUR ONLY SHOT AT THE APPLE, I DO REQUEST 45 DAYS.  MAYBE WE

3  CAN SHORTEN THE BRIEFING SCHEDULE TO 30, 30, 20?

4      **MS. HAAG:**  I AM AFRAID MY COLLEAGUE, MR. KRAMER, IS

5  TAKING THE LEAD ON THIS SO I WANT TO MAKE SURE THAT HE'S

6  AVAILABLE.

7      **MR. KRAMER:**  YOUR HONOR, MY CONCERN IS WE DON'T KNOW

8  WHAT'S GOING TO BE IN THE AMENDED COMPLAINT, THE PLAINTIFFS

9  DO.  APPARENTLY IT'S GOING TO BE SOMETHING NEW AND DIFFERENT.

10  IT'S GOING TO BE DROPPED ON US, AND GIVING US 30 DAYS TO DO A

11  MOTION, THAT'S A LOT.

12      SO, I CAN LIVE WITH THE 30 IF THEY GET 30.  BUT IF THEY

13  GET 45, AT LEAST FOR THE OPENING BRIEF, I THINK AS A FAIRNESS

14  MATTER, WE WOULD LIKE 45.  MAYBE WE CAN TIGHTEN UP -- WE'RE

15  HAPPY TO TIGHTEN UP THE REPLY BRIEFING.  I DON'T OBVIOUSLY

16  WANT TO TAKE AWAY THEIR OPPOSITION TIME, BUT I JUST WANT TO

17  MAKE SURE WE HAVE A FAIR CHANCE TO REVIEW WHAT WE ARE TOLD IS

18  GOING TO BE NEW AND DIFFERENT IN THE AMENDED COMPLAINT.

19      (PAUSE IN THE PROCEEDINGS.)

20      **THE COURT:**  I WAS OFF.  THIS TAKES US INTO 2020

21  REGARDLESS.

22      SO IF I GIVE THEM UNTIL SEPTEMBER 30TH, YOU'RE TELLING ME

23  YOU CAN'T FILE A MOTION TO DISMISS UNTIL NOVEMBER 15TH?

24      **MR. KRAMER:**  WE WILL BE HAPPY TO DO IT BY

25  OCTOBER 30TH, BUT I AM JUST SAYING AS A MATTER OF FAIRNESS, IT

```
1    WOULD BE NICE TO HAVE THE ADDITIONAL TWO WEEKS.  ONLY BECAUSE

2    IT SOUNDS LIKE WE ARE GOING TO GET SOMETHING VERY NEW AND VERY

3    DIFFERENT, AND IT MEANS WE'RE NOT EXPECTING IT.

4        IN THE TYPICAL SITUATION, WE REALLY KNOW WHAT'S GOING TO

5    BE IN THE AMENDED COMPLAINT.  IT SOUNDS LIKE HERE THERE'S

6    SOMETHING SPECIAL BEHIND THE CURTAIN.  THAT'S WHY I'M

7    HESITATING.

8            MS. VILLEGAS:  YOUR HONOR, MAY I RESPOND?

9        EVERYTHING THAT'S IN OUR COMPLAINT, INCLUDING THE CHINA

10   ALLEGATIONS STARTING IN JULY, THAT'S ALREADY CURRENTLY IN THE

11   COMPLAINT.  THERE'S NOTHING NEW ABOUT THAT.

12           THE COURT:  THEN WHY DO YOU NEED 45 DAYS?  IF IT'S

13   NOT NEW, WHY DO YOU NEED SO MUCH TIME?

14           MS. VILLEGAS:  WELL, YOUR HONOR, IN FAIRNESS, IF THIS

15   IS GOING TO BE OUR ONLY SHOT, WE WANT TO HAVE AN OPPORTUNITY

16   TO FULLY AND FAIRLY INVESTIGATE ALL THE CLAIMS.  APPLE IS A

17   VERY BIG COMPANY.  WE'RE GOING TO BE DEALING WITH AN

18   INVESTIGATION IN ANOTHER COUNTRY, IN CHINA, AS WELL AS IN THE

19   U.S.

20       SO WE WOULD ASK FOR 45 DAYS IN ORDER TO BE ABLE TO PRESENT

21   OUR BEST CASE TO THE COURT.

22           THE COURT:  IT'S NOT EVERYTHING.  YOU CAN'T HAVE IT

23   BOTH WAYS, COUNSEL.  IT'S EITHER EVERYTHING IS THERE, IN WHICH

24   CASE YOU CAN DO IT IN 30 DAYS.  OR EVERYTHING IS NOT THERE, IN

25   WHICH CASE YOU NEED MORE TIME.
```

1          **MS. VILLEGAS:**  WE DO NEED MORE TIME, YOUR HONOR.  WE

2     REQUEST 45 DAYS.

3          **THE COURT:**  ALL RIGHT.

4       NOVEMBER 15TH.  AND THE OPPOSITION, 45 DAYS PUTS YOU AT

5     JANUARY 3RD.

6       I THINK THAT'S HARSH.  TRANSACTIONAL LAWYERS HAVE TO WORK

7     OVER THE HOLIDAYS.  I DON'T THINK LITIGATORS SHOULD.  SO

8     JANUARY 10TH.

9          **MS. VILLEGAS:**  THANK YOU.

10          **THE COURT:**  AND THEN A REPLY IN 30 DAYS?

11          **MR. KRAMER:**  YES, YOUR HONOR.

12          **THE COURT:**  FEBRUARY 7TH, 2020.

13       WE WILL PUT IT ON MY CALENDAR MARCH 3RD.

14       MS. MYERS.

15          **MS. MYERS:**  YES, YOUR HONOR.

16          **THE COURT:**  IF YOU THINK THE OPPOSITION TO THE MOTION

17     TO DISMISS IS INSUFFICIENT, YOU MAY SUBMIT NO LATER THAN

18     JANUARY 17TH A BRIEF NOT TO EXCEED FIVE PAGES EXPLAINING TO ME

19     WHY YOU THINK IT DOESN'T AND REQUESTING THE ABILITY TO BRIEF

20     WHATEVER IT IS YOU WANT TO BRIEF.  BUT I DON'T WANT YOU TO

21     ATTACH IT.  I WANT YOU TO TELL ME WHAT IT IS YOU WANT TO DO

22     AND TO OUTLINE IT.

23          **MS. MYERS:**  UNDERSTOOD, YOUR HONOR.  THANK YOU VERY

24     MUCH.

25          **THE COURT:**  OKAY?

1          **MR. KRAMER:**  YOUR HONOR, WOULD YOU WANT THE

2     DEFENDANTS --

3          **THE COURT:**  YOU CANNOT TALK IF YOU ARE NOT AT THE

4     MIC.

5          **MR. KRAMER:**  WOULD YOU WANT --

6          **THE COURT:**  YOU ARE NOT AT THE MIC.  I'M NOT RUNNING

7     ANYWHERE.

8          **MR. KRAMER:**  WOULD YOU WANT THE DEFENDANTS TO RESPOND

9     TO THAT?

10         **THE COURT:**  NO.

11         **MR. KRAMER:**  THANK YOU, YOUR HONOR.

12         **THE COURT:**  OBVIOUSLY IF I LET THEM FILE IT, YOU WILL

13    BE ABLE TO RESPOND.

14       OKAY.  IS THERE ANYTHING OUTSTANDING IN TERMS OF OTHER

15    MOTIONS?

16         **MS. VILLEGAS:**  NO, YOUR HONOR.

17         **THE COURT:**  OKAY.  ANYTHING ELSE WE NEED TO DO AT

18    THIS POINT?

19         **MS. VILLEGAS:**  NOT FROM OUR END, YOUR HONOR.

20         **MS. HAAG:**  NOR FROM OURS, YOUR HONOR.

21         **MS. MYERS:**  NO, YOUR HONOR.

22         **THE COURT:**  OKAY.  THANK YOU VERY MUCH.  WE WILL SEE

23    YOU IN 2020.

24         **MS. VILLEGAS:**  THANK YOU.

25             (PROCEEDINGS ADJOURNED AT 2:46 P.M.)

## CERTIFICATE OF REPORTER

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE
UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY
CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE
RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

THURSDAY, AUGUST 15, 2019