1  MELINDA L. HAAG (SBN 132612)
   mhaag@orrick.com
2  JAMES N. KRAMER (SBN 154709)
   jkramer@orrick.com
3  ALEXANDER K. TALARIDES (SBN 268068)
   atalarides@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:    (415) 773-5700
   Facsimile:    (415) 773-5957
7
   Attorneys for Defendant Apple Inc.
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

| 12 | IN RE APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
|---|---|---|
| 13 | | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |
| 14 | | |
| 15 | | |
| 16 | | Judge:  Yvonne Gonzalez Rogers |
| 17 | TERRENCE ZEHRER, Derivatively on behalf of APPLE INC., | Case No. 19-cv-05153-EJD |
| 18 | | Judge:  Edward J. Davila |
| 19 | Plaintiff, | |
| 20 | v. | |
| 21 | TIMOTHY D. COOK, LUCA MAESTRI, CRAIG FEDERIGHI, ARTHUR D. | |
| 22 | LEVINSON, ALBERT GORE, JR., ANDREA JUNG, JAMES A BELL, RONALD D. | |
| 23 | SUGAR, ROGERT A. IGER, and SUSAN L. WAGNER, | |
| 24 | Defendants. | |
| 25 | -and- | |
| 26 | APPLE INC., a California Corporation, | |
| 27 | Nominal Defendant. | |
| 28 | | |

Defendant Apple Inc. ("Apple") submits this Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil Local Rules ("Civ. L.R.") 3-12(b) and 7-11 (the "Motion").

## ACTION REQUESTED

Pursuant to Civ. L.R. 3-12(b), Apple informs the Court that the following cases are related:

1.      This consolidated putative securities class action captioned *In re Apple Inc. Securities Litigation*, Case No. 4:19-cv-02033-YGR (the "Securities Action"), which was consolidated on August 14, 2019 from *City of Roseville Employees' Retirement System v. Apple Inc. et al.,* Case No. 19-cv-02033-YGR, *Reddy v. Apple Inc., et al.,* Case No. 19-cv-02615-YGR, and *Steamfitters Local 449 Pension Plan v. Apple Inc. et al.,* Case No. 19-cv-02891-YGR; and

2.      The putative shareholder derivative action captioned *Zehrer v. Cook, et al.,* Case No. 19-cv-05153-EJD (the "Derivative Action"), filed on August 19, 2019.

Pursuant to Civ. L.R. 7-11(a), Apple informs the Court that the Court-appointed Lead Plaintiff in the Securities Action has indicated that it does not oppose this Motion, whereas the plaintiff in the Derivative Action has indicated that he opposes the Motion.  *See* Declaration of Alexander K. Talarides in Support of Motion ("Talarides Decl.") ¶¶ 4-5 & Ex. C.

## MEMORANDUM

Civ. L.R. 3-12(b) directs a party to file an administrative motion to consider whether an action filed in this District may be related to another action pending in this District.  The Derivative Action is related to the Securities Action within the meaning of Civ. L.R. 3-12(a), because the two actions concern substantially the same parties and underlying transactions or events, and there would likely be an unduly burdensome duplication of labor and expense or conflicting results of the cases are conducted before different judges.

The Derivative Action is purportedly brought on behalf of Apple by a shareholder of the Company, and names the members of Apple's Board of Directors, its CEO Tim Cook and its

CFO Luca Maestri as defendants.  *See* Ex. A ¶¶ 1, 20, 22-31.[1] The Derivative Action alleges that these individuals breached their fiduciary duties to Apple by causing or permitting the Company to slow the performance of iPhones with older batteries via iOS updates, which allegedly had the effect of artificially inflating consumer demand for new iPhones.  *Id.* ¶¶ 5, 62, 69-75.  Apple thereafter implemented a discounted battery replacement program that, according to the Derivative Action, negatively impacted demand for Apple's new iPhones.  *Id.* ¶¶ 11, 68.

The Derivative Action also alleges that Messrs. Cook and Maestri (and the other individual defendants), in further breach of their fiduciary duties, made various statements between August 1, 2017 and January 2, 2019 in Apple's SEC filings and on investor calls that were false and misleading.  *Id.* ¶¶ 11-14, 77-103.  These statements were allegedly false and misleading because they failed to disclose and/or misrepresented that: (a) Apple's iOS updates reduced the performance of older model iPhones without the user's knowledge or consent; (b) due to this alleged slowing, consumers upgraded their iPhones at expedited rates, which boosted unit sales and cannibalized future sales; (c) as a result, iPhone sales growth was not sustainable; (d) Apple's battery replacement program was negatively impacting iPhone sales; and (e) macroeconomic uncertainty in China and the U.S.-China trade war were negatively impacting demand for iPhones and diminishing the Company's pricing power in one of its most important markets, Greater China.  *Id.* ¶ 104.  According to the Derivative Action, the purportedly concealed "truth" was revealed to investors on January 2, 2019, when Mr. Cook disclosed in a letter to investors that demand for new iPhones was weaker than expected due to economic issues in China and the battery replacement program, and as a result Apple was lowering its quarterly revenue forecast for the first quarter of 2019 to $84 billion.  *Id.* ¶¶ 105-111.

The Derivative Action alleges that Apple was damaged by the individual defendants' breaches of fiduciary duties because, among other things, Apple's stock price and market capitalization declined following Mr. Cook's January 2, 2019 disclosure, and now Apple is exposed to securities fraud liability in the Securities Action.  *Id.* ¶¶ 108, 114, 116.

---

[1] All references to "Ex.__" are to the exhibits attached to the Talarides Declaration.

The Securities Action echoes the Derivative Action's allegations and likewise names Messrs. Cook and Maestri as defendants.  *See generally* Ex. B.  As the complaint in the Derivative Action notes, Mr. Cook and Mr. Maestri are both "named as a defendant in related securities class action complaints," Ex. A ¶¶ 22-23, alleging that "Apple and its fiduciaries made misleading statements concerning iOS updates, the battery replacement program [and] macroeconomic issues in China," *id.* ¶ 14.  Indeed, the Securities Action targets the same statements alleged to be false and misleading in the Derivative Action and provides the same reasons as the Derivative Action for why the statements were purportedly false and misleading. *Compare* Ex. A ¶¶ 77-104, *with* Ex. B ¶¶ 36-58.  And like the Derivative Action, the Securities Action alleges that the allegedly concealed "truth" was revealed on January 2, 2019, when Apple released Mr. Cook's letter to investors.  Ex. B ¶¶ 59-62.

Thus, although the Derivative and Securities Actions assert different causes of action,[2] the alleged conduct giving rise to the claims asserted in both cases is the same, and both actions name Messrs. Cook and Maestri as defendants.  In short, the Derivative and Securities Actions "concern substantially the same parties, property, transaction, or event," and thus it is "likely that there will be an unduly burdensome duplication of labor . . . or conflicting results if the cases are conducted before different judges."  Civ. L.R. 3-12(a)(1)-(2).

Plaintiff in the Derivative Action has indicated that he opposes this Motion and maintains that the Derivative Action is not related to the Securities Action within the meaning of Civ. L.R. 3-12(a) but is instead related to the various consumer class actions pending in this Court arising out of Apple's alleged slowing and iOS updates.  *See* Talarides Decl. ¶ 5 & Ex. C.  Those actions have been consolidated under the caption *In re Apple Device Performance Litigation*, Case No. 5:18-md-02827-EJD (the "Consumer MDL Action").

Although the Derivative Action is, in part, factually related to the Consumer MDL Action, there is insufficient overlap such that they should be deemed judicially related pursuant to Civ.

---

[2] The Derivative Action asserts causes of action for breach of fiduciary duty, waste, unjust enrichment, indemnification and contribution, Ex. A ¶¶ 128-148; the Securities Action asserts causes of action under Sections 10(b) and 20(a) of the Securities Exchange Action of 1934, Ex. B ¶¶ 88-93.

ADMINISTRATIVE MOTION TO RELATE CASES –
CASE NO. 19-CV-02033-YGR

L.R. 3-12(a).  *First*, the Derivative Action, like the Securities Action, is based on allegations regarding the iOS 10.2.1 and 11.2 updates *and* China's macroeconomic issues and the U.S.-China trade war, whereas the Consumer MDL Action is based solely on alleged harms caused by the iOS updates.  *Second*, the Derivative Action is brought on behalf of Apple Inc. (not against it) and, like the Securities Action, names Messrs. Cook and Maestri as defendants, whereas the Consumer MDL Action only names Apple as a defendant, and thus there is no overlap in defendants between the two actions.  *Third*, the Derivative Action, like the Securities Action, alleges that false and misleading statements were made to investors between August 1, 2017 and January 2, 2019, and targets the same alleged misstatements targeted in the Securities Action, whereas the Consumer MDL Action does not involve allegations of false or misleading statements to investors.  In fact, all fraud claims were dismissed with prejudice in the Consumer MDL Action.  *Fourth*, to prevail on his claims against any individual defendant, the plaintiff in the Derivative Action, like the plaintiffs in the Securities Action, will need to demonstrate *scienter* regarding the statements to investors, *see, e.g.*, *Leyte-Vidal v. Semel*, 220 Cal. App. 4th 1001, 1014-15 (2013), whereas the scienter of Apple's individual executives or directors in the Consumer MDL Action is irrelevant.  *Finally*, the Derivative Action, like the Securities Action, was only recently filed and there has been no substantive litigation activity in the matter, whereas the Consumer MDL Action has been pending for 18 months and has been hotly litigated since then.  *See, e.g.*, 2019 WL 3973752 (N.D. Cal. Aug. 22, 2019), 2019 WL 2491937 (N.D. Cal. June 14, 2019), 2019 WL 1993916 (N.D. Cal. May 6, 2019), 2018 WL 4998142 (N.D. Cal. Oct. 15, 2018), 386 F. Supp. 3d 1155 (N.D. Cal. 2019) (dismissing fraud claims with prejudice).

*        *        *

For these reasons, Apple respectfully requests that the Derivative Action be deemed judicially related to the Securities Action pursuant to Civ. L.R. 3-12(a).

A Proposed Order accompanies this Motion.

4163-9472-9503.1

1

Dated: September 24, 2019

Respectfully submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP

2

3

*/s/ James N. Kramer*

4

JAMES N. KRAMER

Attorneys for Defendant Apple Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADMINISTRATIVE MOTION TO RELATE CASES –
CASE NO. 19-CV-02033-YGR

4163-9472-9503.1