1  **LABATON SUCHAROW LLP**
   Carol C. Villegas (admitted *pro hac vice*)
2  Christine M. Fox (admitted *pro hac vice*)
   140 Broadway
3  New York, New York 10005
   Telephone: (212) 907-0700
4  Facsimile: (212) 818-0477
   cvillegas@labaton.com
5  cfox@labaton.com

6  *Counsel for Lead Plaintiff Employees'*
   *Retirement System of the State of Rhode Island*
7  *and the Proposed Class*

8  **WAGSTAFFE, VON LOEWENFELDT,**
   **BUSCH & RADWICK LLP**
9  James M. Wagstaffe (SBN 95535)
   Frank Busch (SBN 258288)
10 100 Pine Street, Suite 725
   San Francisco, California 94111
11 Telephone: (415) 357-8900
   Facsimile: (415) 357-8910
12 wagstaffe@wvbrlaw.com
   busch@wvbrlaw.com
13
   *Liaison Counsel for Lead Plaintiff Employees'*
14 *Retirement System of the State of Rhode Island*
   *and the Proposed Class*
15

16                **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
17                         **OAKLAND DIVISION**

|  |  |
|---|---|
|  | )<br>)<br>) Civil Action No. 4:19-cv-02033-YGR<br>)<br>)<br>IN RE APPLE INC. SECURITIES ) **MOTION FOR ADMINISTRATIVE**<br>LITIGATION ) **RELIEF PURSUANT TO L.R. 7-11 TO**<br>) **FILE A CORRECTED CONSOLIDATED**<br>) **AND AMENDED CLASS ACTION**<br>) **COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>_____ ) |

## I. INTRODUCTION

On August 14, 2019, the Court appointed Employees' Retirement System of the State of Rhode Island as Lead Plaintiff ("Lead Plaintiff" or "Rhode Island ERS"), Labaton Sucharow LLP as Lead Counsel for the Class ("Lead Counsel"), and Wagstaffe, Von Loewenfeldt, Busch & Radwick LLP as Liaison Counsel for the Class. (ECF No. 72).

On September 26, 2019, the Court issued an order granting Lead Plaintiff and Defendants Apple Inc., Timothy D. Cook, and Luca Maestri's ("Defendants" and collectively with Lead Plaintiff, the "Parties") Joint Stipulation to Extend Filing Deadlines (the "Scheduling Order"), (ECF No. 79), which set the filing schedule for the Consolidated and Amended Class Action Complaint (the "Amended Complaint") and a briefing schedule for the motion to dismiss. *Id.* Then, on October 15, 2019, Lead Plaintiff timely filed its Amended Complaint. (ECF No. 85). On November 15, 2019, the Parties filed a Stipulation and Proposed Order Regarding Page Limits for Motion to Dismiss Briefing (the "Page Limit Stipulation"), (ECF No. 86), which requested that: (i) Defendants be permitted to file a motion to dismiss of no more than 50 pages; (ii) Lead Plaintiff be permitted to file its opposition to the motion to dismiss of no more than 50 pages; and (iii) that Defendants be permitted to file a reply in support of the motion to dismiss of no more than 25 pages. *Id.*

In response to the Parties filing the Page Limit Stipulation, on November 22, 2019, the Court issued an Order Requiring Preparation of Supplemental Chart, which required Lead Plaintiff to prepare a chart: (i) identifying the false and misleading statements in the Amended Complaint; (ii) identifying the reasons those statements are alleged to be false and misleading; (iii) summarizing the reasons those statements are alleged to be false and misleading; (iv) and identifying the facts supporting a strong inference of scienter (the "Supplemental Chart") so the Court could evaluate the reasonableness of that stipulation. (ECF No. 87). Lead Plaintiff then timely filed the Supplemental Chart on December 4, 2019. (ECF No. 88).

Then, on December 6, 2019, the Court issued an order addressing the Page Limit Stipulation, (ECF No. 89), which expanded the page limits on the motion to dismiss to: (i) 40

MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO L.R. 7-11 TO FILE A CORRECTED CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT
CASE NO. 19-CV-02033-YGR

1

pages for Defendants' motion to dismiss; (ii) 40 pages for Lead Plaintiff's opposition to the motion to dismiss; and (iii) 20 pages for Defendants' reply in support of the motion to dismiss. *Id.*

## II. FACTS

In compiling the Supplemental Chart for the Court, Lead Plaintiff noticed certain errors in the Amended Complaint and the corresponding entries in the Supplemental Chart, which are detailed in Exhibits A and B to this motion, respectively. Lead Counsel accordingly seeks to correct these errors in the Amended Complaint and the corresponding entries in the Supplemental Chart.

On December 10, 2019, Lead Counsel informed counsel for Defendants of these errors and Lead Counsel's intent to file a corrected Amended Complaint and a corrected Supplemental Chart, and sought Defendants' agreement to file a stipulation to address the filing of the corrected Amended Complaint and corrected Supplemental Chart. However, also on December 10, 2019, counsel for Defendants informed Lead Counsel that Defendants would be unwilling to agree to a stipulation regarding the filing of a corrected Amended Complaint, but take no position as to this administrative motion.

## III. ADMINISTRATIVE RELIEF TO FILE A CORRECTED CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT

Under Local Rule 7-11, a motion for administrative relief requires a party to "set forth specifically the action requested and the reasons supporting the motion and must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." L.R. 7-11. Lead Plaintiff has attached a declaration explaining why a stipulation could not be obtained.

It is Lead Plaintiff's position that because the correction of the identified errors does not affect the Amended Complaint substantively, correcting the Amended Complaint will not impact the briefing schedule in effect. Lead Plaintiff seeks administrative relief from the Court to file a corrected Consolidated and Amended Class Action Complaint reflecting the changes in Exhibit

MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO L.R. 7-11 TO FILE A CORRECTED CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT
CASE NO. 19-CV-02033-YGR

2

A, and a corrected Supplemental Chart Required by the Court's November 22, 2019 Order reflecting the changes in Exhibit B.

## IV. CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests an order allowing Lead Plaintiff to file a corrected Consolidated and Amended Class Action Complaint reflecting the changes in Exhibit A, and a corrected Supplemental Chart Required by the Court's November 22, 2019 Order reflecting the changes in Exhibit B.  Defendants take no position on this request.

[signatures on following page]

MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO L.R. 7-11 TO FILE A CORRECTED CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT
CASE NO. 19-CV-02033-YGR

3

DATED: December 12, 2019

Respectfully submitted,

*/s/   Carol C. Villegas*
**LABATON SUCHAROW LLP**
Carol C. Villegas (admitted *pro hac vice*)
Christine M. Fox (admitted *pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
cfox@labaton.com

*Counsel for Lead Plaintiff Employees' Retirement System of the State of Rhode Island and the Proposed Class*

*/s/   James M. Wagstaffe*
**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP**
James M. Wagstaffe (SBN 95535)
Frank Busch (SBN 258288)
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone: (415) 357-8900
Facsimile: (415) 357-8910
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Liaison Counsel for Lead Plaintiff Employees' Retirement System of the State of Rhode Island and the Proposed Class*

MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO L.R. 7-11 TO FILE A CORRECTED CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT
CASE NO. 19-CV-02033-YGR

4