MELINDA L. HAAG (SBN 132612)
mhaag@orrick.com
JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date: March 3, 2020<br>Time: 2:00 p.m.<br>Judge: Honorable Yvonne Gonzalez Rogers<br>Ctrm: 1, 4th Floor |

Defendants Apple Inc., Timothy Cook, and Luca Maestri (collectively, "Defendants") respectfully request that the Court take judicial notice of the documents described below and attached hereto pursuant to Federal Rule of Evidence 201, the incorporation by reference doctrine, and other applicable law. This Request for Judicial Notice is made in support of Defendants' Motion to Dismiss Plaintiff's Consolidated and Amended Class Action Complaint for Violation of the Federal Securities Laws (the "CAC").

**DISCUSSION**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

As detailed below, each of the documents described below and attached hereto is properly considered in connection with Defendants' Motion to Dismiss under (a) the incorporation by reference doctrine, (b) Federal Rule of Evidence 201, which permits the Court to consider information subject to judicial notice, or (c) both of these doctrines.

**I.   DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT ARE CONSIDERED FOR THEIR TRUTH ON A MOTION TO DISMISS**

In setting forth its allegations, Plaintiff expressly references and quotes from various documents. "[I]ncorporation by reference is a judicial doctrine that prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or extinguish their claims." *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (Rogers, J.) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). "A defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* "The court may treat such a document as '*part of the complaint*'" and "*may assume that its contents are true* for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (emphases added); *see, e.g., In re*

*Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) (holding that SEC filings, press releases and conference call transcripts that formed the basis of plaintiff's claims were incorporated by reference into the complaint).[1]

In accordance with this doctrine, Defendants request that the Court consider the following documents, true and correct copies of which are attached hereto:

| DOCUMENT | EXHIBIT NO. | CAC PARAGRAPH |
|---|---|---|
| Letter from Tim Cook to Apple Investors, attached as Exhibit 99.1 to Apple's Form 8-K filed with the SEC on January 2, 2019 | 3 | ¶¶ 28, 410, 489, 493 |
| Apple Form 8-K filed with the SEC on August 1, 2017 | 4 | ¶ 269 |
| Apple Form 8-K filed with the SEC on November 2, 2017 | 5 | ¶¶ 284-285 |
| Apple Form 8-K filed with the SEC on February 1, 2018 | 6 | ¶ 296 |
| Apple Form 8-K filed with the SEC on May 1, 2018 | 7 | ¶¶ 324-325 |
| Apple Form 8-K filed with the SEC on July 31, 2018 | 8 | ¶¶ 349-350 |
| Apple Form 8-K filed with the SEC on November 1, 2018 | 9 | ¶ 382 |
| Transcript of Apple's August 1, 2017 Shareholder/Analyst Call | 10 | ¶¶ 270-276 |
| Transcript of Apple's November 2, 2017 Shareholder/Analyst Call | 11 | ¶¶ 286-288 |
| Transcript of Apple's February 1, 2018 Shareholder/Analyst Call | 12 | ¶¶ 297-304 |
| Transcript of Apple's May 1, 2018 Shareholder/Analyst Call | 13 | ¶¶ 326-330 |
| Transcript of Apple's July 31, 2018 Shareholder/Analyst Call | 14 | ¶¶ 351-354, 361 |
| Transcript of Apple's November 1, 2018 Shareholder/Analyst Call | 15 | ¶¶ 383-388 |
| Excerpts of the Apple Form 10-Q filed with the SEC on August 2, 2017 | 16 | ¶¶ 278-279, 281 |
| Excerpts of the Apple Form 10-Q filed with the SEC on February 2, 2018 | 17 | ¶¶ 310-312, 315-316 |
| Excerpts of the Apple Form 10-Q filed with the SEC on May 2, 2018 | 18 | ¶¶ 334-337, 339-341 |
| Excerpts of the Apple Form 10-Q filed with the SEC on August 1, 2018 | 19 | ¶¶ 356-359, 362-363 |

---

[1] "Generally, a court may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6) . . . . It is improper, however, to assume the truth of *everything* in an incorporated document for the *sole purpose* of disputing facts stated in a well-pleaded complaint." *Intel*, 2019 WL 1427660, at *6 (emphases added). Here, Defendants do not ask the Court to assume as true "everything" in the referenced documents, but rather only the portions of the documents referenced in the contemporaneously filed Motion to Dismiss.

| Document | Exhibit No. | CAC Paragraph |
|---|---|---|
| Excerpts of the Apple Form 10-K filed with the SEC on November 3, 2017 | 20 | ¶¶ 290-291, 293 |
| Excerpts of the Apple Form 10-K filed with the SEC on November 5, 2018 | 21 | ¶¶ 394-395, 398 |
| Apple's Letter to Congress, dated February 2, 2018 | 22 | ¶¶ 164, 317-318 |
| Form 4 for Timothy Cook filed with the SEC on August 26, 2016 | 23 | ¶¶ 447-459 |
| Form 4 for Timothy Cook filed with the SEC on August 31, 2016 | 24 | ¶¶ 447-459 |
| Form 4 for Timothy Cook filed with the SEC on January 19, 2017 | 25 | ¶¶ 447-459 |
| Form 4 for Timothy Cook filed with the SEC on January 24, 2017 | 26 | ¶¶ 447-459 |
| Form 4 for Timothy Cook filed with the SEC on January 27, 2017 | 27 | ¶¶ 447-459 |
| Form 4 for Timothy Cook filed with the SEC on February 1, 2017 | 28 | ¶¶ 447-459 |
| Form 4 for Timothy Cook filed with the SEC on February 3, 2017 | 29 | ¶¶ 447-459 |
| Form 4 for Timothy Cook filed with the SEC on August 28, 2017 | 30 | ¶¶ 447-459 |
| Form 4 for Timothy Cook filed with the SEC on August 28, 2018 | 31 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on March 17, 2016 | 32 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on August 18, 2016 | 33 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on November 9, 2016 | 34 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on December 13, 2016 | 35 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on December 29, 2016 | 36 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on January 10, 2017 | 37 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on March 17, 2017 | 38 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on April 7, 2017 | 39 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on April 21, 2017 | 40 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on June 6, 2017 | 41 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on April 16, 2018 | 42 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on June 4, 2018 | 43 | ¶¶ 447-459 |
| Form 4 for Luca Maestri filed with the SEC on October 5, 2018 | 44 | ¶¶ 447-459 |

Each of these documents is extensively referenced in the CAC (as shown above) and/or forms the basis of Plaintiff's claims. Further, the CAC explicitly incorporates by reference the above-identified Forms 4. *See* CAC ¶ 447. Thus, the Court may consider these documents under

the incorporation by reference doctrine.

In addition, the incorporated SEC Forms 4 (CAC ¶¶ 447-459) show the following facts regarding the individual Defendants' stock trading during the alleged "control period":

*Defendant Tim Cook*

| Control Period | |
|---|---|
| Total Number of Shares Sold | Percentage of Available Holdings Sold |
| 742,454 | 45.2%[2] |

*Defendant Luca Maestri*

| Control Period | |
|---|---|
| Total Number of Shares Sold | Percentage of Available Holdings Sold |
| 107,114 | 99.4%[3] |

## II.   THE COURT MAY TAKE JUDICIAL NOTICE OF SEC FILINGS

"Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case." *In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008) (citations omitted); *see, e.g.*, *In re Violin Memory Sec. Litig.* 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (Rogers, J.) (taking judicial notice of SEC filing that was not referred to in the complaint).

---

[2] The number of available shares was calculated by taking the 901,474 shares and vested stock options held as of 2-2-17 (the final reported transaction during the alleged control period) (Ex. 29), and adding 8,571 shares sold on 2-2-17 (*id.*), plus 20,000 shares sold on 2-1-17 (Ex. 28), plus 10,000 shares sold on 1-31-17 (*id.*), plus 10,000 shares sold on 1-30-17 (*id.*), plus 10,000 shares sold on 1-27-17 (Ex. 27), plus 10,000 shares sold on 1-26-17 (*id.*), plus 10,000 shares sold on 1-25-17 (*id.*), plus 10,000 shares sold on 1-24-17 (Ex. 26), plus 10,000 shares sold on 1-23-17 (*id.*), plus 10,000 shares sold on 1-20-17 (*id.*), plus 10,000 shares sold on 1-19-17 (Ex. 25), plus 10,000 shares sold on 1-18-17 (*id.*), plus 10,000 shares sold on 1-17-17 (*id.*), plus 49,883 shares sold on 8-31-16 (Ex. 24), plus 110,000 shares sold on 8-30-16 (*id.*), plus 110,000 shares sold on 8-29-16 (*id.*), plus 110,000 shares sold on 8-26-16 (Ex. 23), plus 224,000 shares sold on 8-25-16 (*id.*).

[3] The number of available shares was calculated by taking the 657 shares and vested stock options held as of 6-2-17 (the final reported transaction during the alleged control period) (Ex. 41), and adding the 4,757 shares sold on 6-2-17 (*id.*), plus 2,008 shares sold on 4-20-17 (Ex. 40), plus 4,300 shares sold on 4-19-17 (*id.*), plus 20,307 shares sold on 4-5-17 (Ex. 39), plus 17,897 shares sold on 3-15-17 (Ex. 38), plus 4,010 shares sold on 1-6-17 (Ex. 37), plus 200 shares sold on 12-28-16 (Ex. 36), plus 2,100 shares sold on 12-27-16 (*id.*), plus 5,323 shares sold on 12-9-16 (Ex. 35), plus 16,950 shares sold on 11-7-16 (Ex. 34), plus 11,021 shares sold on 8-17-16 (Ex. 33), plus 18,241 shares sold on 3-15-16 (Ex. 32).

Courts may take judicial notice of SEC filings, including Form 10-Qs and Form 8-Ks, because the authenticity of those documents is not disputed and their accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (on motion to dismiss, courts may consider "any matter subject to judicial notice, such as SEC filings"); *see also Intel*, 2019 WL 1427660, at *7 ("SEC filings are routinely subject to judicial notice.").

Defendants request that the Court take judicial notice of the following documents filed with the SEC, true and correct copies of which are attached hereto:

| DOCUMENT | EXHIBIT NO. |
|---|---|
| Excerpts of the Apple Form 10-Q filed with the SEC on February 1, 2017 | 45 |
| Excerpts of the Apple Form 10-Q filed with the SEC on May 3, 2017 | 46 |
| Excerpts of the Apple Form 10-Q filed with the SEC on January 30, 2019 | 47 |
| Apple Form 8-K filed with the SEC on October 25, 2016 | 50 |
| Apple Form 8-K filed with the SEC on January 31, 2017 | 51 |
| Apple Form 8-K filed with the SEC on May 2, 2017 | 52 |
| Apple Form 8-K filed with the SEC on January 29, 2019 | 53 |

**III.   THE COURT MAY TAKE JUDICIAL NOTICE OF NEWS ARTICLES**

Courts may properly take judicial notice of publicly available news articles on a motion to dismiss in securities cases to show "'that the market was aware of the information contained in [the] news articles.'" *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999)); *see also In re Kalobios Pharm., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) (taking judicial notice of news articles not cited in complaint for purpose of showing market was aware of information in the articles); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015) (taking judicial notice of news articles for purpose of showing that particular information was available to the stock market).

Defendants request that the Court take judicial notice of the following documents, true

and correct copies of which are attached hereto:

| DOCUMENT | EXHIBIT NO. |
|---|---|
| A Reddit Thread, *PSA: iPhone slow? Try replacing your battery!*, available at https://www.reddit.com/r/iphone/comments/7inu45/psa_iphone_slow_try_replacing_your_battery/ | 1 |
| An article, *Run, don't walk, to replace your iPhone battery for $29*, published by *The Washington Post* on January 4, 2018, and available at https://www.washingtonpost.com/news/the-switch/wp/2018/01/04/run-dont-walk-to-replace-your-iphone-battery-for-29/ | 2 |
| *Apple Says it Slows Older iPhones to Save Their Battery Life*, published by *NPR* on December 21, 2017, and available at https://www.npr.org/sections/thetwo-way/2017/12/21/572538593/apple-says-it-slows-older-iphones-to-save-their-battery-life | 54 |
| *Apple's iPhones slowed to tackle ageing batteries*, published by *BBC News* on December 21, 2017, and available at https://www.bbc.com/news/technology-42438745 | 55 |
| *Apple sued after it admits to slowing down older iPhones*, published by *CNBC* on December 22, 2017, and available at https://www.cnbc.com/2017/12/22/apple-sued-after-it-admits-to-slowing-down-older-iphones.html | 56 |
| *Apple faces lawsuits after saying it slows down aging iPhones*, published by *Reuters* on December 26, 2017, and available at https://www.reuters.com/article/us-apple-batteries-lawsuits/apple-faces-lawsuits-after-saying-it-slows-down-aging-iphones-idUSKBN1EL034 | 57 |
| *Apple faces class-action lawsuits over slowed-down iPhones*, published by the *Los Angeles Times* on December 27, 2017, and available at https://www.latimes.com/business/technology/la-fi-tn-apple-iphone-lawsuit-20171227-story.html | 58 |
| *Apple's battery replacement offer to reduce 2018 iPhone sales: Barclays*, published by *Reuters* on January 3, 2018, and available at https://www.reuters.com/article/us-apple-batteries-sales/apples-battery-replacement-offer-to-reduce-2018-iphone-sales-barclays-idUSKBN1ES1ZG | 59 |
| *Why the $29 iPhone Battery Replacement Deal Could Hurt Apple's Stock*, published by *Fortune* on January 3, 2018, and available at https://fortune.com/2018/01/03/apple-stock-iphone-battery-replacement/ | 60 |
| *Apple's battery controversy could cost the company over $10 billion in lost iPhone sales*, published by *Business Insider* on January 3, 2018, and available at https://www.businessinsider.com/apple-battery-controversy-10-billion-lost-iphone-sales-2018-1 | 61 |
| *Apple's Battery-Gate Fix Good PR Move, May Hurt iPhone Sales, Says Barclays*, published by *Barron's* on January 3, 2018, and available at https://www.barrons.com/articles/apples-battery-gate-fix-good-pr-move-may- | 62 |

| | |
|---|---|
| hurt-iphone-sales-says-barclays-1514994135 | |
| *Apple battery discount may mean 16 million fewer iPhones sold: Barclays*, published by *Bloomberg* on January 3, 2018, https://www.bnnbloomberg.ca/apple-battery-replacement-may-mean-16-million-fewer-iphones-sold-1.957943 | 63 |
| *Apple To Lose $10 Billion In iPhone Sales Due to $29 Battery Replacement Program*, published by the *Tech Times* on January 5, 2018, and available at https://www.techtimes.com/articles/217991/20180105/apple-to-lose-10-billion-in-iphone-sales-due-to-29-battery-replacement-program.htm | 64 |

**IV.   THE COURT MAY TAKE JUDICIAL NOTICE OF ANALYST REPORTS**

"Among the public documents a court may consider in a motion to dismiss securities fraud claims are analyst reports when they are submitted to establish 'whether and when certain information was provided to the market,' not the truth of the matters asserted in the reports." *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008). Thus, "courts routinely take judicial notice of analyst reports . . . in order to determine what may or may not have been disclosed to the public." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011).

Accordingly, Defendants request that the Court take judicial notice of a Barclays analyst report for Apple published on January 3, 2018, a true and correct copy of which is attached hereto as Exhibit 48.

**V.   THE COURT MAY TAKE JUDICIAL NOTICE OF A COMPANY'S STOCK PRICES**

"[A] court may take judicial notice of a company's published stock prices." *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 816 (C.D. Cal. 2004). Apple's "closing stock price is public information 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned' and [is] the proper subject of judicial notice in a motion to dismiss." *In re Finisar Corp. Derivative Litig.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008). Accordingly, Defendants request that the Court take judicial notice of a Yahoo Finance report of Apple's historical stock prices for the period January 3, 2017 through October 15, 2019, a true and correct copy of which is attached hereto as Exhibit 49.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of, and/or consider pursuant to the incorporation by reference doctrine and the legal authorities cited herein, Exhibits 1 through 64 attached hereto, and consider them in connection with its adjudication of Defendants' contemporaneously filed Motion to Dismiss.

Dated: December 16, 2019        ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ James N. Kramer*
James N. Kramer

Attorneys for Defendants
Apple Inc., Timothy Cook, and Luca Maestri