UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS APPLE INC., TIMOTHY COOK, AND LUCA MAESTRI'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 91 |

Before the Court is Defendants Apple Inc., Timothy Cook, and Luca Maestri's Motion to Dismiss Lead Plaintiff's Consolidated and Amended Class Action Complaint for Violation of the Federal Securities Laws (Dkt. No. 91) that was filed on December 16, 2019 (the "Motion"). The matter came before the Court for hearing before the Honorable Yvonne Gonzalez Rogers on March 3, 2020. Having carefully considered the papers in support of and in opposition to the Motion, the oral arguments of the parties, and the papers on file in this action, and good cause appearing:

IT IS HEREBY ORDERED:

Defendants' motion to dismiss the Complaint is DENIED in its entirety on the grounds that the Complaint states a plausible claim upon which relief may be granted, as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U. S .C. §§ 78u-4, *et seq*.

1. With respect to the first claim for relief for violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U .S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240, 10b-5:

    (a) The Complaint states a plausible claim against Defendants for alleged material misrepresentation or omission (i.e., "falsity"). A statement is false or misleading "if it

1  would give a reasonable investor the impression of a state of affairs that differs in a material way
2  from the one that actually exists." *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 985 (9th
3  Cir. 2008) (internal quotations omitted); *Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 886 (9th Cir.
4  2008) ("statements, although literally accurate, can become, through their context and manner of
5  presentation, devices which mislead investors."). Lead Plaintiff adequately pleads material
6  misrepresentations and omissions under the PSLRA by alleging each misstatement, where it
7  appeared, the date of the statement, the speaker, and facts to explain why each statement was
8  false and misleading.
9             (b)   The Complaint pleads sufficient facts to demonstrate Defendants' scienter.
10 Scienter is "a mental state that not only covers intent to deceive, manipulate, or defraud, but also
11 deliberate recklessness." *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 705 (9th Cir. 2016).
12 A strong inference of scienter arises, "[w]hen the allegations are accepted as true and taken
13 collectively," a "reasonable person would deem the inference of scienter cogent and at least as
14 compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc v.*
15 *Makor Issues & Rights, Ltd..*, 551 U.S. 308, 324–26 (2007). Lead Plaintiff pleads numerous
16 facts that, when viewed collectively, raise a strong inference of scienter.
17            (c)   The Complaint adequately alleges loss causation. The standard for loss
18 causation "requires no more than the familiar test for proximate cause." *Mineworkers' Pension*
19 *Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018). "To prove loss causation,
20 plaintiffs need only show a causal connection between the fraud and the loss . . . by tracing the
21 loss back to the very facts about which the defendant lied." *Id.* Lead Plaintiff sufficiently
22 alleges that the truth Defendants concealed through their false and misleading statements was
23 revealed through corrective disclosures and the materialization of the concealed risk.
24     2.   With respect to the second claim for relief for violation of Section 20(a) of the
25 Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), because the Complaint adequately pleads
26 predicate violations of Section 10(b), Lead Plaintiff's claim for control person liability under
27 Section 20(a) is also adequate. 15 U.S.C. § 78t(a). *In re Intuitive Surgical Sec. Litig.*, 65 F. Supp.
28 3d 821, 839 (N.D. Cal. 2014).

1 **IT IS SO ORDERED.**

3 DATED: _____

_____
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE