MELINDA L. HAAG (SBN 132612)
mhaag@orrick.com
JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION TO DISMISS THE SECOND AMENDED COMPLAINT (OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DIRECTING APPLE TO FILE AN ANSWER)**<br><br>Date:      July 21, 2020<br>Time:     2:00 p.m.<br>Judge:    Honorable Yvonne Gonzalez Rogers<br>Ctrm:     1, 4th Floor |

1

## NOTICE OF MOTION AND RELIEF REQUESTED

2      PLEASE TAKE NOTICE that on July 21, 2020, at 2:00 p.m., or at such later date and

3 time as the Court may order, Defendants Apple Inc. ("Apple"), Timothy Cook and Luca Maestri

4 (collectively, "Defendants") will move the Court, pursuant to its inherent authority to manage its

5 docket, for leave to file a motion to dismiss the forthcoming Second Amended Complaint

6 ("SAC").  In the alternative, Defendants seek the Court's leave, pursuant to Local Rule 7-9, to file

7 a motion for reconsideration of the Court's order directing Apple to file an answer to the SAC.

8 *See* Dkt. No. 110 (Order Granting in Part and Denying in Part Motion to Dismiss) at 46.

9 Defendants' motion is based on this Notice of Motion; the Memorandum of Points and

10 Authorities below; the accompanying Proposed Order; the Court's files; and oral argument of

11 counsel at the hearing.

12

## STATEMENT OF ISSUE TO BE DECIDED

13      Whether Defendants should be granted leave to bring a motion to dismiss the SAC, thus

14 permitting them to challenge the new and different theories and allegations that the SAC will

15 inevitably contain, including by raising arguments for dismissal that could not have been raised,

16 or that Defendants did not have a full opportunity to brief, with regard to the allegations in the

17 Consolidated Amended Complaint ("CAC").

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE TO FILE A MOTION TO DISMISS
C.A. NO. 4:19-CV-02033-YGR

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

3      The Court granted Defendants' motion to dismiss the CAC in large part, but denied the

4  motion with respect to two alleged misstatements—not on the basis of the arguments advanced in

5  the appointed Lead Plaintiff's opposition and extensively briefed by the parties, but rather on the

6  basis of arguments advanced by non-party Norfolk Pension Fund ("Norfolk") in a five-page brief.

7  That five-page brief was submitted in the context of a disputed leadership contest, and followed

8  the Court's invitation for Norfolk to file a supplemental brief addressing the narrow question of

9  whether Lead Plaintiff was "appropriately advocating" its position.  *See* August 13, 2019 Hearing

10  Transcript ("8/13/19 Hrg. Tr.") at 7.  The Court allowed Defendants three business days, and no

11  additional pages of briefing, to incorporate a response to Norfolk's arguments into their reply in

12  support of their motion to dismiss the CAC.

13      The Court has now directed Norfolk to file an amended complaint, but has ordered Apple

14  to file an answer to that amended complaint, not a motion to dismiss.  Given the nature of the

15  case—specifically, a putative securities class action that Congress recognized in adopting the

16  Private Securities Litigation Reform Act of 1995 (the "PSLRA") as one of a narrow category of

17  cases where adjudication of a motion to dismiss is particularly important given the complexity of

18  the issues, the amounts at stake and the possibility for disruption to the company—fairness

19  suggests that once a new lead plaintiff is installed, the Court should allow Apple and the

20  individual defendants the opportunity to test Norfolk's theories as articulated in the amended

21  complaint by way of a motion to dismiss.

22      Further, the forthcoming SAC will necessarily present new and different allegations that

23  Defendants could not have previously challenged through their motion to dismiss the CAC.  In

24  particular, the question of whether a complaint pleads the required strong inference of scienter

25  must be determined by a holistic evaluation of the operative complaint's allegations.  But it has

26  yet to be seen whether the forthcoming SAC satisfies that requirement.  For example, Norfolk

27  will plead a much shorter class period, during which none of the individual defendants sold shares

28  of Apple stock.  Defendants will argue that the lack of sales by individuals demonstrates a lack of

MOTION FOR LEAVE TO FILE A MOTION TO DISMISS
C.A. No. 4:19-cv-02033-YGR

scienter, an argument they could not have raised in their motion to dismiss the CAC, given the longer class period. Due process suggests that Defendants should be permitted to file a motion to assert these arguments.

For these reasons, and others discussed below, Defendants respectfully request that the Court grant leave to file a motion to dismiss the forthcoming SAC.

## II.  BACKGROUND

### A.  The Court Appoints Rhode Island as Lead Plaintiff, But Indicates That it May Reconsider its Decision Following The Initial Motion to Dismiss.

In connection with the competing motions for appointment as lead plaintiff, competing groups of prospective lead plaintiffs presented the Court with entirely different theories of the case. On the one hand, the Employees' Retirement System of the State of Rhode Island ("Rhode Island" or "Lead Plaintiff") urged a 17-month class period, running from August 2017 to January 2019, and alleged a wide range of purported misstatements across an array of subjects, including Apple's iPhone performance management feature and battery replacement program. *See, e.g.*, Dkt. No. 26 (Rhode Island's Motion for Appointment as Lead Plaintiff) at 6-8. By contrast, Norfolk Pension Fund ("Norfolk") argued in favor of a much narrower two-month class period, running from November 2018 to January 2019, and focused solely on one narrow set of alleged misstatements, made on a single date by Apple executives Tim Cook and Luca Maestri, relating to the state of Apple's business in China. *See, e.g.*, Dkt. No. 52 (Norfolk's Opposition to Competing Lead Plaintiff Motions) at 1-3.

The Court ultimately appointed Rhode Island as Lead Plaintiff, but stated at the hearing on motions to appoint lead counsel that it was inclined to "tentatively appoint Rhode Island, allow it to go through one round of motions to dismiss, and if all that is left is the more narrow action, re-evaluate the appropriateness of who is leading the class." 8/13/19 Hrg. Tr. at 6. While the Court previewed the possibility that Norfolk might replace Rhode Island as Lead Plaintiff following the initial motion to dismiss, it also made clear that it did not intend to allow Norfolk to submit briefing on Defendants' motion to dismiss alongside the briefing submitted by Lead Plaintiff Rhode Island. *Id.* at 7 ("I am not going to have duplicative briefing on a . . . period of, you

know, two months.").   The Court stated to Norfolk that if Norfolk thought Lead Plaintiff's

briefing "is inadequate for some reason, you're welcome to follow along and ask for permission

to file something after articulating why you think they aren't appropriately advocating the

position, but ***I'm not going to have dueling people on a two-month period***."   *Id.* (emphasis

added).

### B.   The Parties Brief Defendants' Motion to Dismiss the CAC

Following its appointment as Lead Plaintiff, Rhode Island filed its 190-page CAC.   Dkt.

No. 85.   Defendants moved to dismiss.   Dkt. No. 91.   The parties proceeded to brief the motion to

dismiss over a period of more than two months, with Defendants filing a 40-page opening brief

(*id.*), Lead Plaintiff filing a 40-page opposition (Dkt. No. 100), and Defendants filing a 20-page

reply (Dkt. No. 103).[1]   In connection with Defendants' motion to dismiss, the Court ordered Lead

Plaintiff to file a Supplemental Chart identifying, among other things, "each statement alleged to

have been false or misleading."   Dkt. No. 87 at 1.   In response to that order, Lead Plaintiff filed a

60-page Supplemental Chart containing 60 different entries, many of which included more than

one alleged misstatement.   Dkt. No. 88.

Consistent with its comments at the hearing on motions to appoint lead plaintiff, the Court

did not allow Norfolk to submit duplicative briefing, but instead permitted it to file a five-page

"request to file a brief supplementing the arguments made in Lead Plaintiff's opposition."   Dkt.

No. 72 at 4.   On February 7, 2020, Norfolk filed a Request to Submit Additional Briefing (Dkt.

No. 101), in which it challenged the adequacy of Lead Plaintiff's opposition, arguing that Lead

Plaintiff had "fail[ed] to adequately address key facts and advance applicable legal theories in an

apparent effort to preserve the batterygate Class Period and materialization of the concealed risk

theory of loss."   *Id.* at 1.

The Court had previously instructed Defendants that they were not to file a response to

Norfolk's brief unless specifically permitted by the Court.   *See* 8/13/19 Hrg. Tr. at 20.   On

February 19, 2020, one day before Defendants' reply brief would otherwise have been due (*see*

---

[1] The parties requested fifty pages for opening and opposition briefs, and 25 pages for reply.   Dkt.
No. 86.   The Court allowed 40 pages and 20 pages, respectively.   Dkt. No. 89.

MOTION FOR LEAVE TO FILE A MOTION TO DISMISS
C.A. NO. 4:19-CV-02033-YGR

Dkt. No. 79), the Court issued an order stating that it would entertain Norfolk's five-page brief (but no further briefing from Norfolk), and would give Defendants three business days (until February 24, 2020) to file their reply brief in support of their motion to dismiss—in which Defendants could also address Norfolk's brief.  Dkt. No. 102.  The Court did not expand the existing 20-page limit for Defendants' reply.

While Defendants briefly responded to Norfolk's arguments, using 1.5 pages of their 20-page reply brief to do so (Dkt. No. 103 at 19-20), the bulk of Defendants' reply was dedicated to rebutting the 40 pages of argument advanced by the appointed Lead Plaintiff in support of its 190-page CAC.

**C.      The Court's Order on Defendants' Motion to Dismiss the CAC**

On June 2, 2020, the Court issued its order on Defendants' motion to dismiss the CAC (Dkt. No. 110, the "Order"), granting the motion in large part, but denying the motion in part on the basis of additional arguments presented by Norfolk in its five-page brief (Order at 40), which the Court held established scienter as to two November 1, 2018 statements (CAC ¶¶ 385-86) on the basis of "[t]he close temporal proximity of Defendants' optimistic and pessimistic statements."  Order at 42.  *See also id.* at 40 ("Norfolk submits additional briefing to argue that defendants November 1, 2018 statements demonstrate scienter based on timing.").  This argument advanced by Norfolk regarding temporal proximity was not specifically articulated by Lead Plaintiff in its 40-page opposition or in its Supplemental Chart.  Indeed, the Court found that Lead Plaintiff only advanced three scienter arguments (other than Norfolk's temporal proximity argument), and expressly found them all lacking.  *Id.* at 33-40.

At the conclusion of its Order, the Court stated that it "intends to reconsider the motion for lead counsel as discussed at considerable length with counsel."  *Id.* at 46.  The Court ordered Lead Plaintiff to "meet and confer with counsel for Norfolk for the orderly transition of leadership," and further ordered that a "revised consolidated complaint consistent with this Order shall be filed within twenty-one days."  *Id.*  The Court directed Apple to "file an answer within 21 days thereafter."  *Id.*  The Order was silent with respect to whether the individual defendants are likewise required to answer the forthcoming amended complaint, as opposed to filing a motion to

dismiss.

## III.   ARGUMENT

### A.   Defendants Should Be Granted Leave to Move to Dismiss Because The SAC Will Necessarily Contain New Allegations That Defendants Could Not Have Previously Challenged By Motion.

Norfolk's forthcoming SAC will necessarily contain new and materially different allegations—among them, a significantly shortened class period—which Apple could not have addressed in its earlier motion to dismiss the CAC.  Due process and equity suggest that Defendants be given the opportunity to challenge these different allegations by way of a motion to dismiss the SAC.  *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000) (the "opportunity to respond [to an amended complaint], fundamental to due process, is the echo of the opportunity to respond to original pleadings secured by Rule 12"); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1388 (3d ed. 2018) ("A party is not precluded from making a second motion based on a defense that he or she did not have reasonable notice of at the time that party first filed a motion to dismiss or on a defense that became available only after a motion had been made under Rule 12.").

In particular, an analysis of whether the forthcoming SAC adequately pleads scienter will require a holistic analysis of the SAC in its entirety—something that could not have been determined through a review of the CAC, with its much longer class period and wider-ranging allegations.  As the Court has acknowledged, in determining whether a complaint has pled the strong inference of scienter required by the PSLRA, the Court must perform a holistic assessment, under which the allegations are "taken collectively," so that "the Court [can] view the allegations as a whole and determine whether plaintiffs have raised an inference of scienter." Order at 32; *see also id.* at 33 (citing *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 702-03 (9th Cir. 2012) ("assessing the allegations in combination" to determine scienter).

Here, the forthcoming SAC will presumably plead a much shorter class period, from November 2018 to January 2019.  While Rhode Island alleged that the individual defendants' stock sales during the longer 17-month class period were indicative of scienter (*see, e.g.*, CAC ¶ 448), there were *no* stock sales by the individual defendants during the shorter 2-month class

1   period that will be at issue in the SAC.  *Id.*  Accordingly, Defendants intend to argue that a

2   holistic assessment of the forthcoming SAC does not result in a strong inference of scienter,

3   because among other reasons, the lack of individual stock sales during the shortened class period

4   is indicative of a ***lack*** of scienter.  As the Ninth Circuit has repeatedly recognized, "a lack of

5   stock sales can detract from a scienter finding."  *Webb v. Solarcity Corp.*, 884 F.3d 844, 856 (9th

6   Cir. 2018) (citing *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 884-85 (9th Cir. 2012)).  This

7   argument could not have been made by Defendants in connection with their motion to dismiss the

8   CAC, and the Court should permit Defendants to file a motion to dismiss to make that

9   argument—and others that may become apparent only after the SAC is filed.[2]

10      Granting Defendants leave to file a motion to dismiss is also warranted in the interest of

11   efficiency and judicial economy.  As permitted by Rule 12(c), Defendants could file a motion for

12   judgment on the pleadings—raising the same arguments they would otherwise raise via a motion

13   to dismiss—at the same time they file an answer.  Efficiency would be best served by allowing

14   Defendants to file a pre-answer motion to dismiss to challenge the allegations in the forthcoming

15   SAC.

16   **B.   The Court Should Permit Full Briefing On Norfolk's Arguments Before It Assesses The Sufficiency Of Norfolk's SAC.**

17

18      Even if the forthcoming SAC did not contain allegations materially different from those

19   asserted in the CAC (and it will), the Court should nonetheless grant leave for Defendants to file a

20   motion to dismiss in order to be able to appropriately respond to the arguments—previously

21   addressed only in Norfolk's five-page brief and in a short section of Defendants' reply—on which

22   the Court previously upheld portions of the CAC.

23

24

25   [2] Following the Court's Order, there are no longer any Section 10(b) claims pending against Mr. Maestri, who is not alleged to be a "speaker" with respect to the narrow set of alleged

26   misstatements remaining in the case.  To the extent the SAC continues to name Mr. Maestri as a defendant in the "control person" claim under Section 20(a) of the Exchange Act, Mr. Maestri

27   intends to move to dismiss that claim on the ground that he cannot plausibly be a "control person" with respect to the remaining alleged misstatements—all of which were made by Apple's CEO,

28   Mr. Cook, to whom Mr. Maestri reports.

1    As explained above, in connection with Defendants' motion to dismiss the CAC, the

2    Court authorized Norfolk to file a five-page brief requesting leave to submit additional briefing

3    on the question of whether Lead Plaintiff's briefing was adequate.  The Court did not permit

4    Defendants to file a separate response to Norfolk's brief.  Rather, the court allowed Defendants

5    three business days, and no additional pages, to file their reply brief in support of their motion to

6    dismiss Lead Plaintiff's CAC—in which Defendants could also (if they chose) address Norfolk's

7    arguments.  *See* Dkt. No. 102.  While Defendants briefly addressed Norfolk's arguments, the

8    focus of Defendants' 20-page reply brief was responding to the 40 pages of argument advanced

9    by the appointed Lead Plaintiff in support of its 190-page CAC and the dozens of alleged

10   misstatements asserted therein.

11   This was not simply an oversight on Defendants' part.  Rather, in considering the

12   appropriate amount of space to devote to Norfolk's arguments, Defendants considered what they

13   believed to be the focus of Norfolk's brief, as articulated by the Court: whether Lead Plaintiff was

14   "appropriately advocating" its position.  8/13/19 Hrg. Tr. at 7.  The arguments made by

15   Norfolk—and ultimately adopted by the Court as the basis for upholding portions of the CAC—

16   were not addressed anywhere in the appointed Lead Plaintiff's opposition.  Defendants did not

17   understand the Norfolk filing to constitute a separate brief filed in opposition to Defendants'

18   motion to dismiss.  Rather, Defendants understood that if the Court granted the motion to dismiss

19   with respect to the CAC and the arguments advanced by the Lead Plaintiff, that the Court would

20   consider whether to appoint Norfolk in place of Lead Plaintiff, after which another amended

21   complaint, and another motion to dismiss, would follow.

22   Now that Norfolk is the presumptive Lead Plaintiff, fairness suggests that the Court

23   should permit Defendants the opportunity to challenge Norfolk's theories—not previously

24   articulated by Lead Plaintiff or addressed in Defendants' original motion to dismiss—by way of a

25   motion to dismiss the forthcoming SAC, and to allow the parties the chance to fully brief these

26   issues through the typical briefing process provided for by the Local Rules.  A full airing of

27   Norfolk's theories is particularly important given the nature of this matter, a securities class

28   action that Congress has recognized in the PSLRA as a category of cases in which adjudication of

MOTION FOR LEAVE TO FILE A MOTION TO DISMISS
C.A. No. 4:19-cv-02033-YGR

a motion to dismiss is particularly important.  *See, e.g., In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 978 (9th Cir. 1999) ("Congress designed the PSLRA to deter non-meritorious lawsuits by creating procedural barriers such as heightened pleading standards").  Among other issues, Defendants seek the opportunity to more fully address the Ninth Circuit precedent making clear that allegations of temporal proximity alone are insufficient to establish falsity or scienter. *Yourish v. California Amplifier*, 191 F.3d 983, 997 (9th Cir. 1999); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 622 (9th Cir. 2017).

C.      **In The Alternative, The Court Should Grant Leave For Defendants To File a Motion For Reconsideration.**

In the event that the Court finds that a motion for reconsideration under Local Rule 7-9 is the appropriate vehicle in which to address the issues raised by Defendants herein,[3] Defendants respectfully request, in the alternative, leave to file a motion for reconsideration of the Court's directive that Apple file an answer to the SAC.  Reconsideration of that directive would be appropriate because "a material difference in fact or law [now] exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought."  L.R. 7-9(b)(1).  Specifically, at the time the parties briefed Defendants' motion to dismiss the CAC, Defendants did not understand that the Court intended to treat the Norfolk brief (Dkt. No. 101) as a separate opposition to Defendants' motion to dismiss, rather than what Defendants believed to be a brief challenging the adequacy of Lead Plaintiff's opposition.  The Court's Order, in which the Court adopted the arguments in the Norfolk brief to deny the motion to dismiss in part, constitutes a material difference in law and fact that Defendants could not have addressed at the time of the earlier briefing.

IV.     **CONCLUSION**

For these reasons, Defendants respectfully request that the Court grant leave for Defendants to file a motion to dismiss the forthcoming SAC.

---

[3] Defendants respectfully submit that a motion for reconsideration pursuant to Local Rule 7-9 is not the appropriate framework in which to resolve the question of whether Defendants may move to dismiss the SAC, given that the parties did not previously raise, and have not previously briefed, the question of whether a further motion to dismiss is appropriate.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: June 16, 2020                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                  */s/ James N. Kramer*
                                        _____
                                                   James N. Kramer

                                            Attorneys for Defendants Apple Inc.,
                                           Timothy Cook, and Luca Maestri