ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
  – and –
MARK SOLOMON (151949)
DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

Counsel to Interested Party Norfolk County Council
as Administering Authority of the Norfolk Pension Fund

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION ) ) ) | Case No. 4:19-cv-02033-YGR <br> <u>CLASS ACTION</u> |
| This Document Relates To: ) ) <br> ALL ACTIONS.  ) ) | STIPULATION AND ~~PROPOSED~~ ORDER REGARDING TRANSITION OF LEADERSHIP AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL |

4820-6786-6047.v2-6/17/20

Norfolk County Council as Administering Authority of the Nortfolk Pension Fund ("Norfolk"), its counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and the Employees' Retirement System of the State of Rhode Island ("Rhode Island") and its counsel Labaton Sucharow LLP ("Labaton"), hereby submit this stipulation and proposed order in connection with the Court's June 2, 2020 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 110) ("Motion to Dismiss Order") and the directive therein to meet and confer for the orderly transition of leadership.

WHEREAS, on April 16, 2019, plaintiff City of Roseville Employees' Retirement System commenced the above-captioned action (the "Action") alleging violations of federal securities laws during the period between November 2, 2018 and January 2, 2019, against Defendants Apple Inc., Timothy D. Cook and Luca Maestri (collectively, "Defendants");

WHEREAS, on May 14, 2019, Priyam Reddy filed a substantially similar complaint against these Defendants for violations of the federal securities laws alleging a class period of November 2, 2018 through January 2, 2019;

WHEREAS, on May 24, 2019, Steamfitters Local 449 Pension Plan filed a complaint against these Defendants alleging violations of the federal securities laws alleging a class period of August 1, 2017 through January 2, 2019;

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*, on June 17, 2019, several plaintiffs filed motions with the court to be appointed lead plaintiff and lead counsel to oversee the putative class actions, including Norfolk and Rhode Island.  Among disputed issues between the lead plaintiff movants was the appropriate class period to evaluate the investor movants' alleged losses in connection with the allegations in the Action, as Rhode Island asserted the largest financial loss in the period between August 1, 2017 through January 2, 2019 and Norfolk asserted the largest financial loss in the period between November 2, 2018 and January 2, 2019.  *See* ECF Nos. 26, 36;

WHEREAS, on August 13, 2019, the Court heard oral argument on the competing lead plaintiff motions;

1  WHEREAS, on August 14, 2019, the court issued an Order for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel appointing Rhode Island as Lead Plaintiff and appointing Labaton as Lead Counsel (ECF No. 72) ("Lead Plaintiff Order");

WHEREAS, the August 14, 2019, Lead Plaintiff Order also set a schedule (later modified) for Lead Plaintiff's filing of an amended complaint, briefing of a forthcoming motion to dismiss any amended complaint and provided that Norfolk may submit a request to file a brief supplementing the arguments made in Lead Plaintiff's opposition to Defendants' motion to dismiss.  The Lead Plaintiff Order also stated that "the Court will reconsider its appointment of lead plaintiff as needed following a decision on the above-mentioned motion to dismiss."  ECF No. 72;

WHEREAS, on October 15, 2019, on behalf of Rhode Island, Labaton filed a Consolidated and Amended Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 85) ("Amended Complaint");

WHEREAS, on December 16, 2019, Defendants filed a Motion to Dismiss the Amended Complaint.  ECF No. 91;

WHEREAS on January 15, 2019, on behalf of Rhode Island, Labaton filed a Corrected Consolidated and Amended Class Action Complaint for Violation of the Federal Securities Laws.  ECF No. 98;

WHEREAS, on January 30, 2020, Rhode Island filed an Opposition to Defendants' Motion to Dismiss.  ECF No. 100;

WHEREAS, on February 7, 2020, on behalf of Norfolk, Robbins Geller filed a Motion for Leave to File Plaintiff Norfolk Pension Fund's Request to Submit Additional Briefing in Connection with Defendant Apple's Motion to Dismiss the Corrected Consolidated Complaint and Lead Plaintiff's Opposition Thereto (ECF No. 101) ("Motion for Leave");

WHEREAS, on March 11, 2020, the Court heard oral argument on Defendants' Motion to Dismiss and Norfolk's Motion for Leave;

WHEREAS, on June 2, 2020, the Court issued the Motion to Dismiss Order.  The Motion to Dismiss Order, among other things, denied the motion to dismiss with respect to all of the alleged misrepresentations except for certain alleged misrepresentations on November 1, 2018 in ¶¶385 and

386 of the Amended Complaint and concluded that "[b]ased upon the procedural history of this case, and the findings in this Order the Court intends to reconsider the motion for lead counsel as discussed at considerable length with counsel."  The Motion to Dismiss Order also directed that counsel for Rhode Island, Labaton, meet and confer with counsel for Norfolk, Robbins Geller, for the orderly transition of leadership;

WHEREAS, counsel for Rhode Island and counsel for Norfolk have met and conferred consistent with the Motion to Dismiss Order and agree, subject to the approval of the Court, to the transition of leadership as follows:

1. Norfolk will serve as Lead Plaintiff in the Action;
2. Robbins Geller, by selection of Norfolk, will serve as Lead Counsel in the Action;
3. Rhode Island will remain as a named plaintiff in the Action; and
4. Labaton will serve as additional counsel in the Action.

DATED:  June 17, 2020

ROBBINS GELLER RUDMAN
    & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK

              s/ Shawn A. Williams
              SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com

|   |   |
|---|---|
|   | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>MARK SOLOMON<br>DANIELLE S. MYERS<br>JUAN CARLOS SANCHEZ<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>marks@rgrdlaw.com<br>dmyers@rgrdlaw.com<br>jsanchez@rgrdlaw.com<br><br>Counsel to Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund |
| DATED: June 17, 2020 | LABATON SUCHAROW<br>CAROL C. VILLEGAS<br><br>          s/ Carol C. Villegas<br>          CAROL C. VILLEGAS<br><br>140 Broadway<br>New York, NY 10005<br>Telephone: 212/907-0700<br>212/883-7524 (fax)<br>cvillegas@labaton.com<br><br>Counsel to Employees' Retirement System of the State of Rhode Island |

ATTESTATION

I, Shawn A. Williams, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that concurrence to the filing of this document has been obtained from each signatory.

          s/Shawn A. Williams
          SHAWN A. WILLIAMS

\*     \*     \*

**O R D E R**

Norfolk is appointed to serve as Lead Plaintiff in the Action pursuant to 15 U.S.C. §78u-4(a)(3)(B).

Norfolk's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel is approved pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pretrial proceedings, motion practice, trial, and settlement.

Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

(a) to brief and argue motions;

(b) to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

(c) to direct and coordinate the examination of witnesses in depositions;

(d) to act as spokesperson at pretrial conferences;

(e) to conduct trial on behalf of the class;

(f) to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;

(g) to initiate and conduct any settlement negotiations with Defendants' counsel;

(h) to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

(i) to consult with and employ experts; and

(j) to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees, and to perform such other duties as may be expressly

(k) authorized by further order of this Court.

IT IS SO ORDERED.

DATED: June 19, 2020

_____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE