MELINDA L. HAAG (SBN 132612)
mhaag@orrick.com
JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR<br><br>**DEFENDANTS' ANSWER TO THE REVISED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Judge:     Honorable Yvonne Gonzalez Rogers<br>Ctrm:     1, 4th Floor |

Defendants Apple Inc., Timothy Cook, and Luca Maestri (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the Revised Consolidated Class Action Complaint (the "Complaint") filed by Lead Plaintiff Norfolk County Council ("Plaintiff").

## RESPONSES TO INDIVIDUAL PARAGRAPHS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. Except as specifically admitted, Defendants deny the allegations in the Complaint, including without limitation the Table of Contents, headings, subheadings, and footnotes contained within the Complaint. Plaintiff's Complaint contains 11 footnotes. Any allegations contained therein do not comply with Federal Rule of Civil Procedure 10(b), providing that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see, e.g., Bernath v. YouTube LLC,* 2017 WL 1050070, at *2 (M.D. Fla. Mar. 20, 2017) ("Plaintiff also alleges facts in various and lengthy footnotes that will not be considered as they are not properly stated in numbered paragraphs pursuant to Fed. R. Civ. P. 10(b)."); *Holmes v. Gates,* 2010 WL 956412, at *1 n.1 (M.D. Pa. Mar. 11, 2010) ("[T]he use of . . . footnotes run counter to the pleading requirements set forth by Federal Rule of Civil Procedure 10(b)."). No response is therefore required to the Complaint's footnotes. In any event, except as expressly admitted, Defendants deny any and all allegations contained in footnotes 1 through 11.

1.     Defendants admit that Paragraph 1 purports to describe Plaintiff's claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 1.

2.     Defendants aver that the Court's orders referenced in Paragraph 2 speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 2.

3.     Defendants aver that the Court's June 2, 2020 order speaks for itself. Defendants admit that Paragraph 3 purports to describe Plaintiff's claims and intentions. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 3.

4.     Defendants admit that Paragraph 4 purports to describe Plaintiff's claims and

1    purported investigation.  Except to the extent expressly admitted, Defendants deny the allegations

2    in Paragraph 4.

3         5.    Defendants admit that Apple is a multinational technology company headquartered

4    in Cupertino, California that designs, develops, and sells consumer electronics, computer

5    software, and online services.  Defendants admit that Apple's products include iPhones, iPads,

6    Macs, iPods, and Apple Watches.  Defendants lack knowledge or information sufficient to form a

7    belief as to the truth of the remaining allegations in Paragraph 5, and, on that basis, deny them.

8         6.    Defendants admit that the iPhone uses Apple's iOS operating system and that

9    various models of the iPhone have included Siri, an intelligent assistant, and Apple Pay, Touch

10   ID, and Face ID on qualifying devices.   Defendants admit that the iPhone generated

11   approximately 62% of Apple's net sales in FY17 and approximately 63% of net sales in FY18.

12   Defendants admit that since the iPhone's launch in 2007, the Company has generally released

13   new and updated iPhone models once a year, and that the price of iPhones has generally increased

14   during that time.  Defendants deny the characterization of iPhone price increases as "aggressive."

15   Defendants lack knowledge or information sufficient to form a belief as to the truth of the

16   remaining allegations in Paragraph 6, and, on that basis, deny them.

17        7.    Defendants admit that the chart set forth in Paragraph 7 reflects release dates and

18   U.S. pricing (without taking into account any carrier promotions or contract pricing) for various

19   iPhone models released between 2015 and 2018.  Except as expressly admitted, Defendants deny

20   the allegations in Paragraph 7.

21        8.    Defendants admit that Greater China, as the term is used in certain Apple SEC

22   filings, is a region that includes mainland China, Hong Kong, and Taiwan.  Defendants admit that

23   in FY20, Greater China was Apple's third-largest reportable segment after the Americas and

24   Europe.  Defendants admit that Plaintiff selectively quotes from an October 27, 2015 article in

25   *The Verge*, which speaks for itself.   Except as expressly admitted, Defendants deny the

26   allegations in Paragraph 8.

27        9.    Defendants admit that in FY18, ended September 29, 2018, Greater China

28   accounted for approximately $52 billion in net sales, which was nearly 20% of Apple's total

annual net sales.  Except as expressly admitted, Defendants deny the allegations in Paragraph 9.

10.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, deny them.

11.    Defendants admit that Paragraph 11 references various actions taken by the United States government, which speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 11.

12.    Defendants admit that Plaintiff selectively quotes from a *New York Times* article published on June 14, 2018, and a *CNN Business* article published on June 20, 2018, which speak for themselves.   Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 12.

13.    Defendants admit that Plaintiff selectively quotes from a *New York Times* article published on August 22, 2018, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 13.

14.    Defendants admit that Apple introduced three new iPhones on September 12, 2018: the iPhone XR (priced in the U.S. at $749/$799/$899, not taking into account carrier promotions or contract pricing); the iPhone XS (priced in the U.S. at $999/$1149/$1349, not taking into account carrier promotions or contract pricing); and the iPhone XS Max (priced in the U.S. at $1099/$1249/$1449, not taking into account carrier promotions or contract pricing). Defendants admit that pre-orders for the XS and XS Max went live on September 14, 2018, and those models went on sale on September 21, 2018.  Defendants admit that pre-orders for the XR went live on October 19, 2018, and the XR went on sale on October 26, 2018.  Defendants admit that the least expensive of the three models, the iPhone XR, came in multiple bright colors and utilized a Liquid Retina Display.  Defendants admit that the iPhone XS and XS Max featured a Super Retina OLED display, an all-screen stainless steel and glass design, faster processors, and enhanced cameras.  Except as expressly admitted, Defendants deny the allegations in Paragraph 14.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, deny them.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 16 and, on that basis, deny them. Defendants admit that Plaintiff selectively quotes from an article published on September 24, 2018 in *AppleInsider*, which speaks for itself.   Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 16.

17.     Defendants admit that Plaintiff references and selectively quotes from a November 1, 2018 press release, which speaks for itself.   Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 17.

18.     Defendants admit that Apple held an earnings call on November 1, 2018. Defendants admit that Plaintiff references and selectively quotes from the transcript of the November 1, 2018 call, which speaks for itself.   Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 18.

19.     Defendants admit that Plaintiff references and selectively quotes from the transcript of the November 1, 2018 call, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 19.

20.     Defendants admit that Plaintiff references and selectively quotes from the transcript of the November 1, 2018 call, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 20.

21.     Defendants admit that Plaintiff selectively quotes from a November 1, 2018 report from Canaccord Genuity, which speaks for itself.   Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 21.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 22 and, on that basis, deny them. Defendants admit that Plaintiff selectively quotes from a J.P. Morgan report, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 22.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and, on that basis, deny them.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants admit that Apple's stock price reached $213.65 on November 2, 2018. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 26.

27.     Defendants admit that Plaintiff selectively quotes from a November 5, 2018 *Nikkei Asian Review* article, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 27.

28.     Defendants admit that Plaintiff selectively quotes from a November 5, 2018 RBC Capital Market report, which speaks for itself.  Defendants admit that Apple's share price closed at $207.48 on November 2, 2018 and at $201.59 on November 5, 2018.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 28.

29.     Defendants admit that Plaintiff selectively quotes from a November 12, 2018 Wells Fargo report, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 29.

30.     Defendants admit that Apple's share price closed at $204.47 on Friday, November 9, 2018 and at $194.17 on Monday, November 12, 2018.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 30.

31.     Defendants admit that Plaintiff selectively quotes from a December 4, 2018 *Bloomberg* article, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 31.

32.     Defendants admit that Apple's share price closed at $184.82 on December 3, 2018 and at $176.69 on December 4, 2018.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 32.

33.     Defendants admit that Apple issued a "Letter from Tim Cook to Apple Investors" on January 2, 2019, in which Apple announced revised guidance for its fiscal 2019 first quarter. Defendants aver that the January 2, 2019 "Letter from Tim Cook to Apple Investors" speaks for itself, and refer to said letter for a full and accurate statement of its contents.  Defendants deny any characterizations of statements in the January 2, 2019 "Letter from Tim Cook to Apple Investors" that are inconsistent with the letter's contents.

34.     Defendants admit that Plaintiff selectively quotes from the "Letter from Tim Cook to Apple Investors," which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 34.

35.     Defendants admit that Plaintiff selectively quotes from the "Letter from Tim Cook to Apple Investors," which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 35.

36.     Defendants admit Mr. Cook appeared on CNBC for an interview on January 2, 2019.  Defendants admit that Plaintiff selectively quotes from a transcript of the interview, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 36.

37.     Defendants admit that Apple's share price closed at $157.92 on January 2, 2019 and at $142.19 on January 3, 2019.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 regarding "unusually heavy trading volume," and, on that basis, deny them.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 37.

38.     To the extent the allegations in Paragraph 38 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants admit that Plaintiff purports to assert claims arising under §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 38.

39.     To the extent the allegations in Paragraph 39 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants admit that Plaintiff purports to plead jurisdiction pursuant to 28 U.S.C. §§1331 and 1337, and §27 of the Exchange Act, 15 U.S.C. §78aa.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 39.

40.     To the extent the allegations in Paragraph 40 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required,

Defendants admit that Plaintiff purports to plead venue pursuant to 28 U.S.C. §1391(b) and §27 of the Exchange Act, 15 U.S.C. §78aa.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 40.

41.     Paragraph 41 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 41.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 regarding Plaintiff's purchase or acquisition of Apple stock, and, on that basis, deny them.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 42.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 regarding the purchase or acquisition of Apple stock by City of Roseville Employees' Retirement System, and, on that basis, deny them.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 43.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 regarding the purchase or acquisition of Apple stock by Employees' Retirement System of the State of Rhode Island, and, on that basis, deny them. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 44.

45.     Defendants admit the allegations in the first sentence of Paragraph 45.  Defendants admit that Apple common stock is listed and trades on the NASDAQ under the ticker symbol "AAPL."  To the extent the allegation in Paragraph 45 that the NASDAQ is an "efficient market" is a legal conclusion and characterization, no responsive pleading is required.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 45.

46.     Defendants admit the allegations in Paragraph 46.

47.     Defendants admit the allegations in Paragraph 47.

48.     Paragraph 48 contains no substantive allegations and does not require a response. Insofar as a response is required, Defendants admit that Paragraph 48 sets forth defined terms used by Plaintiff in the Complaint.

49.     The first sentence of Paragraph 49 states legal conclusions to which no response is

required.  Defendants deny the remaining allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     To the extent the allegations are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants admit that Plaintiff references and selectively quotes from a November 1, 2018 Form 8-K and attached press release regarding the Company's financial results for FY18, which speak for themselves.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 53.

54.     Defendants admit that Apple held a conference call on November 1, 2018, during which Mr. Cook and Mr. Maestri spoke.  Defendants admit that Plaintiff selectively quotes from the transcript of that call, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 54.

55.     Defendants admit that Plaintiff selectively quotes from the transcript of the November 1, 2018 call, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 55.

56.     Defendants admit that Plaintiff selectively quotes from the transcript of the November 1, 2018 call, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 56.

57.     Defendants admit that Plaintiff selectively quotes from the transcript of the November 1, 2018 call, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 57.

58.     Defendants admit that Plaintiff references and selectively quotes from a transcript of the November 1, 2018 conference call, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 58.

59.     Defendants admit that Plaintiff selectively quotes from a transcript of the November 1, 2018 conference call, which speaks for itself.  Except to the extent expressly

1    admitted, Defendants deny the allegations in Paragraph 59.

2        60.    Defendants lack knowledge or information sufficient to form a belief as to the

3    truth of the allegations in Paragraph 60, and, on that basis, deny them.

4        61.    Defendants admit that Plaintiff selectively quotes from a November 1, 2018 report

5    from Canaccord Genuity, which speaks for itself.   Except to the extent expressly admitted,

6    Defendants deny the allegations in Paragraph 61.

7        62.    Defendants lack knowledge or information sufficient to form a belief as to the

8    truth of the allegations in Paragraph 62, and, on that basis, deny them.

9        63.    Defendants admit that Plaintiff selectively quotes from a November 2, 2018 J.P.

10   Morgan report, which speaks for itself.  Except to the extent expressly admitted, Defendants deny

11   the allegations in Paragraph 63.

12       64.    Defendants admit that Plaintiff selectively quotes from a November 2, 2018

13   Wedbush report, which speaks for itself.   Except to the extent expressly admitted, Defendants

14   deny the allegations in Paragraph 64.

15       65.    Defendants deny the allegations in Paragraph 65.

16       66.    Defendants deny the allegations in Paragraph 66.

17       67.    Defendants deny the allegations in Paragraph 67.

18       68.    Defendants admit that Plaintiff references and selectively quotes from a November

19   5, 2018 *Nikkei Asian Review* article, which speaks for itself.   Except to the extent expressly

20   admitted, Defendants deny the allegations in Paragraph 68.

21       69.    Defendants admit that Plaintiff selectively quotes from a November 5, 2018 RBC

22   Capital Market report, which speaks for itself.   Except to the extent expressly admitted,

23   Defendants deny the allegations in Paragraph 69.

24       70.    Defendants admit that Plaintiff selectively quotes from a November 5, 2018

25   *Barron's* article, which speaks for itself.   Except to the extent expressly admitted, Defendants

26   deny the allegations in Paragraph 70.

27       71.    Defendants admit that Plaintiff selectively quotes from a November 5, 2018

28   *Reuters* article, which speaks for itself.   Except to the extent expressly admitted, Defendants deny

the allegations in Paragraph 71.

72.     Defendants admit that Plaintiff selectively quotes from a November 5, 2018 *RTT News* article, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 72.

73.     Defendants admit that Apple's share price closed at $207.48 on November 2, 2018, not 2019 as Paragraph 73 states, and at $201.59 on November 5, 2018.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 73.

74.     Defendants admit that Plaintiff references and selectively quotes from a November 12, 2018 Wells Fargo report, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 74.

75.     Defendants admit that Apple's share price closed at $204.47 on Friday, November 9, 2018 and at $194.17 on Monday, November 12, 2018.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 regarding "high trading volume," and, on that basis, deny them.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 75.

76.     Defendants admit that Plaintiff references and selectively quotes from a November 14, 2018 Guggenheim report, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 76.

77.     Defendants admit that Apple's share price closed at $192.23 on November 13, 2018 and at $186.80 on November 14, 2018.  Except as expressly admitted, Defendants deny the allegations in Paragraph 77.

78.     Defendants admit that Plaintiff references and selectively quotes from a December 4, 2018 *Bloomberg* article, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 78.

79.     Defendants admit that Apple's share price closed at $184.82 on December 3, 2018 and at $176.69 on December 4, 2018.  Except as expressly admitted, Defendants deny the allegations in Paragraph 79.

80.     Defendants admit that Plaintiff references and selectively quotes from a December

6, 2018 *Forbes* article, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 80.

81. Defendants admit that Apple's share price closed at $176.69 on December 4, 2018 and at $174.72 on December 6, 2018. Except as expressly admitted, Defendants deny the allegations in Paragraph 81.

82. Defendants admit that Plaintiff references and selectively quotes from the January 2, 2019 "Letter from Tim Cook to Apple Investors," which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 82.

83. Defendants admit Mr. Cook appeared on CNBC for an interview on January 2, 2019. Defendants admit that Plaintiff selectively quotes from a transcript of the interview, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 83.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and, on that basis, deny them.

85. Defendants admit that Plaintiff selectively quotes from a January 2, 2019 Wells Fargo report, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 85.

86. Defendants admit that Plaintiff selectively quotes from a January 2, 2019 *Bloomberg* article, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 86.

87. Defendants admit that Plaintiff selectively quotes from a January 3, 2019 Wedbush report, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 87.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and, on that basis, deny them.

89. Defendants admit that Plaintiff selectively quotes from a January 3, 2019 *Yahoo! Finance* article, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 89.

90.     Defendants admit that Plaintiff references and selectively quotes from a January 3, 2019 *Wall Street Journal* article, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 90.

91.     Defendants admit that Plaintiff references and selectively quotes from a January 3, 2019 *BBC News* article, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 91.

92.     Defendants admit that Apple's share price closed at $157.92 on January 2, 2019 and at $142.19 on January 3, 2019.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92, and, on that basis, deny them.

93.     Defendants admit that Plaintiff references and selectively quotes from a January 6, 2019 article in *The Guardian*, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 93.

94.     Defendants admit that Plaintiff references and selectively quotes from a January 14, 2019 Wedbush report, which speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 94.

95.     Defendants admit that on January 29, 2019, Apple released its results for 1Q19, ended December 29, 2018, and held a conference call.  Defendants admit that Plaintiff selectively quotes from the transcript of the January 29, 2019 conference call, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 95.

96.     Defendants admit that Plaintiff selectively quotes from the transcript of the January 29, 2019 conference call, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants admit that Plaintiff references and selectively quotes from a November 5, 2018 *Nikkei Asian Review* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 98.

99.     Defendants admit that Plaintiff references and selectively quotes from a November 5, 2018 RBC Capital Market report, which speaks for itself.  Except as expressly admitted,

1    Defendants deny the allegations in Paragraph 99.

2        100.     Defendants admit that Plaintiff references and selectively quotes from a November

3 5, 2018 *Barron's* article, which speaks for itself.  Except as expressly admitted, Defendants deny

4 the allegations in Paragraph 100.

5        101.     Defendants admit that Plaintiff references and selectively quotes from a November

6 5, 2018 *Reuters* article, which speaks for itself.  Except as expressly admitted, Defendants deny

7 the allegations in Paragraph 101.

8        102.     Defendants admit that Apple's share price closed at $207.48 on November 2,

9 2018, and at $201.59 on November 5, 2018.  Defendants lack knowledge or information

10 sufficient to form a belief as to the truth of the allegations in Paragraph 102 regarding trading

11 volume and, on that basis, deny them.  Except as expressly admitted, Defendants deny the

12 allegations in Paragraph 102.

13        103.     Defendants admit that Plaintiff references and selectively quotes from a November

14 12, 2018 Wells Fargo report, which speaks for itself.  Except as expressly admitted, Defendants

15 deny the allegations in Paragraph 103.

16        104.     Defendants admit that Apple's share price closed at $204.47 on November 9,

17 2018, and at $194.17 on November 12, 2018.  Defendants lack knowledge or information

18 sufficient to form a belief as to the truth of the allegations in Paragraph 104 regarding trading

19 volume and, on that basis, deny them.  Except as expressly admitted, Defendants deny the

20 allegations in Paragraph 104.

21        105.     Defendants admit that Plaintiff references and selectively quotes from the January

22 2, 2019 "Letter from Tim Cook to Apple Investors," which speaks for itself.  Except as expressly

23 admitted, Defendants deny the allegations in Paragraph 105.

24        106.     Defendants admit Mr. Cook appeared on CNBC for an interview on January 2,

25 2019.  Defendants admit that Plaintiff selectively quotes from a transcript of the interview, which

26 speaks for itself.  Except to the extent expressly admitted, Defendants deny the allegations in

27 Paragraph 106.

28        107.     Defendants admit that Plaintiff references and selectively quotes from a January 2,

1    2019 Wells Fargo report, which speaks for itself.  Except as expressly admitted, Defendants deny

2    the allegations in Paragraph 107.

3         108.    Defendants admit that Plaintiff references and selectively quotes from a January 2,

4    2019 *Bloomberg* article, which speaks for itself.  Except as expressly admitted, Defendants deny

5    the allegations in Paragraph 108.

6         109.    Defendants admit that Plaintiff references and selectively quotes from a January 3,

7    2019 Wedbush report, which speaks for itself.  Except as expressly admitted, Defendants deny the

8    allegations in Paragraph 109.

9         110.    Defendants lack knowledge or information sufficient to form a belief as to the

10   truth of the allegations in Paragraph 110, and, on that basis, deny them.

11        111.    Defendants admit that Apple's share price closed at $142.19 per share on January

12   3, 2019.  Defendants lack knowledge or information sufficient to form a belief as to the truth of

13   the allegations in Paragraph 111 regarding trading volume and, on that basis, deny them.  Except

14   as expressly admitted, Defendants deny the allegations in Paragraph 111.

15        112.    To the extent the allegations in Paragraph 112 are legal conclusions and

16   characterizations, no responsive pleading is required.  Insofar as a response is required,

17   Defendants admit that Plaintiff purports to rely upon the presumption of reliance established by

18   the fraud-on-the-market doctrine.  Except as expressly admitted, Defendants deny the allegations

19   in Paragraph 112.

20        113.    To the extent the allegations in Paragraph 113 are legal conclusions and

21   characterizations, no responsive pleading is required.  Insofar as a response is required,

22   Defendants admit that Apple files periodic public reports with the SEC, and that Apple

23   communicates with public investors through press releases and other means.  Except as expressly

24   admitted, Defendants deny the allegations in Paragraph 113.

25        114.    To the extent the allegations in Paragraph 114 are legal conclusions and

26   characterizations, no responsive pleading is required.  Insofar as a response is required,

27   Defendants admit that Plaintiff purports to rely upon the presumption of reliance under *Affiliated*

28   *Ute Citizens v. United States*, 406 U.S. 128 (1972).  Except as expressly admitted, Defendants

deny the allegations in Paragraph 114.

115.    To the extent the allegations in Paragraph 115 are legal conclusions and characterizations, no responsive pleading is required.   Insofar as a response is required, Defendants admit that this Paragraph purports to set forth Plaintiff's proposed class definition.

116.    To the extent the allegations in Paragraph 116 are legal conclusions and characterizations, no responsive pleading is required.   Insofar as a response is required, Defendants admit that Apple's common stock is traded on the NASDAQ.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116, and, on that basis, deny them.

117.    To the extent the allegations in Paragraph 117 are legal conclusions and characterizations, no responsive pleading is required.   Insofar as a response is required, Defendants deny the allegations in Paragraph 117.

118.    To the extent the allegations in Paragraph 118 are legal conclusions and characterizations, no responsive pleading is required.   Insofar as a response is required, Defendants deny the allegations in Paragraph 118.

119.    To the extent the allegations in Paragraph 119 are legal conclusions and characterizations, no responsive pleading is required.   Insofar as a response is required, Defendants deny the allegations in Paragraph 119.

120.    To the extent the allegations in Paragraph 120 are legal conclusions and characterizations, no responsive pleading is required.   Insofar as a response is required, Defendants deny the allegations in Paragraph 120.

121.    Defendants reassert and hereby incorporate by reference their responses to each Paragraph of Plaintiff's Complaint, as though fully set forth herein.

122.    Defendants deny the allegations in Paragraph 122.

123.    To the extent the allegations in Paragraph 123 are legal conclusions and characterizations, no responsive pleading is required.   Insofar as a response is required, Defendants deny the allegations in Paragraph 123.

124.    To the extent the allegations in Paragraph 124 are legal conclusions and

1   characterizations, no responsive pleading is required.   Insofar as a response is required,
2   Defendants deny the allegations in Paragraph 124.

3        125.   Defendants reassert and hereby incorporate by reference their responses to each
4   Paragraph of Plaintiff's Complaint, as though fully set forth herein.

5        126.   To the extent the allegations in Paragraph 126 are legal conclusions and
6   characterizations, no responsive pleading is required.   Insofar as a response is required,
7   Defendants deny the allegations in Paragraph 126.

8        The remainder of the Complaint consists of Plaintiff's prayer for relief to which no
9   response is required. To the extent a response is required, Defendants deny that Plaintiff is
10  entitled to the relief sought in the Complaint or to any relief whatsoever.

11  **DEFENSES**

12       Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation,
13  or prejudice, and without conceding that they bear the burden of proof or production, hereby
14  assert the following defenses:

15  **FIRST AFFIRMATIVE DEFENSE**

16       Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred
17  in whole or in part because the Complaint and the purported causes of action contained therein
18  fail, in whole or in part, to state a claim for which relief can be granted.

19  **SECOND AFFIRMATIVE DEFENSE**

20       Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are
21  barred in whole or in part because, to the extent their allegations sound in fraud, they are not
22  pleaded with particularity, as required by statute, including but not limited to the Private
23  Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

24  **THIRD AFFIRMATIVE DEFENSE**

25       Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are
26  barred in whole or in part because no statement allegedly made by Defendants contains any
27  material misrepresentation or omission, considered either alone or in the context of the total mix
28  of available information.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, that Plaintiff, or the class that Plaintiff purports to represent, relied upon any material misrepresentation or omission allegedly made by Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, would have

1    purchased Apple shares as they did, even with full knowledge of the facts Plaintiff, and the class

2    that Plaintiff purport to represent, have now alleged were misrepresented or omitted by

3    Defendants.

4                              **TENTH AFFIRMATIVE DEFENSE**

5            Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred

6    in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not

7    sufficiently alleged, and cannot prove, that Plaintiff's alleged injuries, or the injuries of the class

8    that Plaintiff purports to represent, were directly or proximately caused by any material

9    misrepresentation or omission allegedly made by Defendants.

10                            **ELEVENTH AFFIRMATIVE DEFENSE**

11           Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred

12   because they cannot show transaction or loss causation.

13                            **TWELFTH AFFIRMATIVE DEFENSE**

14           Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred

15   in whole or in part because other events or disclosures unrelated to Defendants' alleged material

16   misrepresentations or omissions are responsible for any decline in Apple's share value alleged to

17   form the basis of Plaintiff's claims, and the claims of the class that Plaintiff purports to represent.

18                            **THIRTEENTH AFFIRMATIVE DEFENSE**

19           Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred

20   in whole or in part because any alleged damages that Plaintiff, or the class that Plaintiffs purports

21   to represent, suffered, were caused by independent, intervening, and/or superseding events beyond

22   Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

23                            **FOURTEENTH AFFIRMATIVE DEFENSE**

24           Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are

25   barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have

26   not sufficiently alleged, and cannot prove, that Plaintiff, or the class that Plaintiff purports to

27   represent, suffered any cognizable injury, and further, the damages alleged by Plaintiff, and the

28

class that Plaintiff purports to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, or the class that Plaintiff purports to represent, sold their Apple shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Apple shares.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff, or the class that Plaintiff purports to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiff, or the class that Plaintiff purports to represent, in connection with their ownership of Apple shares.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the class that Plaintiff purports to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

1

**TWENTIETH AFFIRMATIVE DEFENSE**

2
3
4
5

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiff's purchase, or the purchases by the class that Plaintiff purports to represent, of Apple shares.

6

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

7
8
9

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

10

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

11
12
13
14

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part to the extent that Plaintiff, and the class that Plaintiff purports to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. § 240.10b5-1.

15

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

16
17
18
19

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because individual issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

20

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

21
22
23

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

24

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25
26
27

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff cannot fairly and adequately represent the class it purports to represent.

28

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Class certification fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, and the United States Constitution inasmuch as it constitutes trial by formula and would unfairly restrict Defendants' right to litigate affirmative defenses to the individual claims of Plaintiff, and the class that Plaintiff purports to represent.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, have an adequate remedy at law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff, and the class that Plaintiff purports to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiff purports to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff, and the class that Plaintiff purports to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

2        Plaintiff's claims, and the claims of the class that Plaintiff purports to represent, are

3    barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or

4    waiver.

5

## ADDITIONAL DEFENSES

6        Defendants presently have insufficient knowledge or information to determine whether

7    they may have additional, as yet unstated defenses.  Defendants have not knowingly and

8    intentionally waived any applicable defenses and reserve the right to assert additional defenses as

9    they become known to them through discovery in this matter.  Defendants reserve the right to

10    amend this Answer to add, delete, or modify defenses based upon legal theories that may be or

11    will be divulged through clarification of Plaintiff's Complaint, through discovery, or through

12    further legal analysis of Plaintiff's position in this litigation.

13

## PRAYER FOR RELIEF

14    WHEREFORE, Defendants pray for relief and judgment as set forth below.

15        1. For judgment in their favor;

16        2. That Plaintiff takes nothing by means of its Complaint;

17        3. That Defendants be awarded costs to the maximum extent allowable by law; and

18        4. For such other further relief as the Court deems just and proper.

19

20    Dated: November 18, 2020        ORRICK, HERRINGTON & SUTCLIFFE LLP

21

22                                    */s/ James N. Kramer*
                                     JAMES N. KRAMER

23                          Attorneys for Defendants Apple Inc.,
                        Timothy Cook, and Luca Maestri

24

25

26

27

28