1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   SHAWN A. WILLIAMS (213113)
    DANIEL J. PFEFFERBAUM (248631)
3   KENNETH J. BLACK (291871)
    HADIYA K. DESHMUKH (328118)
4   Post Montgomery Center
    One Montgomery Street, Suite 1800
5   San Francisco, CA  94104
    Telephone:  415/288-4545
6   415/288-4534 (fax)
    shawnw@rgrdlaw.com
7   dpfefferbaum@rgrdlaw.com
    kennyb@rgrdlaw.com
8   hdeshmukh@rgrdlaw.com
           – and –
9   MARK SOLOMON (151949)
    TOR GRONBORG (179109)
10  DANIELLE S. MYERS (259916)
    JUAN CARLOS SANCHEZ (301834)
11  655 West Broadway, Suite 1900
    San Diego, CA  92101
12  Telephone:  619/231-1058
    619/231-7423 (fax)
13  marks@rgrdlaw.com
    torg@rgrdlaw.com
14  dmyers@rgrdlaw.com
    jsanchez@rgrdlaw.com
15
    Lead Counsel for Lead Plaintiff
16
                    UNITED STATES DISTRICT COURT
17
                    NORTHERN DISTRICT OF CALIFORNIA
18
                          OAKLAND DIVISION
19

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | ) ) ) | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION |
| This Document Relates To:<br><br>    ALL ACTIONS. | ) ) ) ) ) ) ) ) | JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>DATE:        December 14, 2020<br>TIME:        2:00 p.m.<br>CTRM:        1, 4th Floor<br>JUDGE:       Hon. Yvonne Gonzalez Rogers |

20

21

22

23

24

25

26

27

28

4842-7490-0178.v2

I.     INTRODUCTORY STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f), the Local Rules and Standing Orders of this Court, counsel for Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and counsel for Defendants Apple Inc. ("Apple" or the "Company"), Timothy D. Cook ("Cook"), and Luca Maestri ("Maestri") (together, "Defendants") (collectively, the "Parties") in the above-captioned action respectfully submit this Joint Case Management Conference Statement.  This Statement details the Parties' efforts to prepare a discovery plan and schedule pursuant to Rule 26(f)(3).  The Parties have reached agreement on many of the key issues that will govern the discovery phase of the litigation but have not yet fully agreed on others.  Where there is a disagreement, the Parties have identified their respective positions, including the reasoning in support of their positions.  The Parties will continue to work together on discovery and scheduling issues.  The Parties are scheduled to appear before the Court on December 14, 2020 for a case management conference.  ECF No. 123 ("November 4 Order").

II.    JOINT CASE MANAGEMENT CONFERENCE STATEMENT

A.     Jurisdiction and Service

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1337, and §27 of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §78aa).  There are no issues pending concerning venue.  All parties have been served.

B.     Facts

1.     Relevant Factual Background

**Plaintiff's Statement:**

This is a putative securities class action asserting claims for violations of §§10(b) and 20(a) of the Exchange Act §27 of the Exchange Act 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), on behalf of persons and entities that purchased or otherwise acquired Apple securities between November 2, 2018 through January 2, 2019, inclusive (the "Class Period"), and were damaged thereby (the "Class").  The operative Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 114) ("Revised Complaint"), alleges that, on November 1, 2018, Defendants made false and misleading

statements and omissions concerning the true state of the Company's financial condition and outlook for 1Q19 including demand for the iPhone in Greater China, its largest growth market. Specifically, Plaintiff alleges Defendants falsely assured investors that despite declining economic conditions in Greater China and ongoing trade tensions between the United States and China, the region was not among the emerging markets where the Company was experiencing economic pressure that was negatively affecting sales:

> Starting with emerging markets.  The emerging markets that we're seeing pressure in are markets like Turkey, India, Brazil, Russia, these are markets where currencies have weakened over the recent period.  In some cases, that resulted in us raising prices, and those markets are not growing the way we would like to see.  To give you a perspective in – at some detail, our business at India in Q4 was flat. Obviously, we would like to see that be a huge growth.  Brazil was down somewhat compared to the previous year.  And so I think – or at least the way that I see these is each one of the emerging markets has a bit of a different story.  And I don't see it as some sort of issue that is common between those for the most part.

> In relation to China specifically, I would not put China in that category.  Our business in China was very strong last quarter.  We grew 16%, which we're very happy with. iPhone, in particular, was very strong double-digit growth there.  Our other products category was also stronger, in fact, a bit stronger than even the company – overall company number.

November 4 Order at 3.

Plaintiff alleges that in truth, and contrary to Defendants' representations, Apple was already experiencing slowing demand in Greater China and had already reduced or planned to reduce iPhone production with it top assemblers and manufacturers as a result of economic contractions in Greater China impacting the smartphone market, as well as geopolitical tensions with the United States.  Plaintiff further alleges that in the days and weeks following the November 1, 2018 misrepresentations, media and financial analysts, including the *Nikkei Asian Review* and Wells Fargo reported, *inter alia*, that Apple had significantly cut orders for production of iPhones from its largest iPhone manufacturers and component suppliers in China.  Then, on January 2, 2019, Apple pre-announced that it would miss its 1Q19 revenue guidance by up to $9 billion, driven almost entirely by poor iPhone sales in Greater China and a sharp contraction in Greater China's smartphone market.  On the same day, Cook also gave a television interview on CNBC during which, Plaintiff alleges, Cook stated that Defendants knew that economic conditions in Greater China were deteriorating and negatively affecting iPhone sales prior to Defendants'

1  November 1, 2018 statements.  On January 3, 2019, Apple's stock price declined from $157.92 to
2  $142.19 per share as a result of these disclosures.

3          On November 4, 2020, the Court issued the November 4 Order denying in part Defendants'
4  motion to dismiss the Revised Complaint.  The Order held Plaintiff adequately alleged that the
5  November 1, 2018 false and misleading statements and omissions concerning the condition of the
6  Company's business in China were made with the requisite state of mind.  In particular, in finding
7  Plaintiff's allegations sufficient to plead scienter under a holistic analysis, the Order credited the
8  allegations and the inferences associated with undisclosed cuts to production, Cook's January 2,
9  2019 admissions that the Company saw declining trends in China during the quarter and the core
10  importance of Apple's iPhone and China business.

11          **Defendants' Statement:**

12          Following the Court's November 4 Order, only one alleged misleading statement remains
13  at issue in this case:  a statement made by Apple CEO Tim Cook in response to a question posed
14  by an analyst during an investor conference call held on November 1, 2018.  During that call, in
15  response to an analyst comment that "there has been some real deceleration in some of these
16  emerging markets," Mr. Cook stated, in relevant part:

17          To give you a perspective in – at some detail, our business at India in Q4 was flat.
18          Obviously, we would like to see that be a huge growth. Brazil was down somewhat
            compared to the previous year. And so I think – or at least the way that I see these
19          is each one of the emerging markets has a bit of a different story. And I don't see it
            as some sort of issue that is common between those for the most part. In relation to
20          China specifically, I would not put China in that category. Our business in China
            was very strong last quarter. We grew 16%, which we're very happy with.  iPhone,
21          in particular, was very strong double-digit growth there. Our other products
            category was also stronger, in fact, a bit stronger than even the . . . overall company
22          number.

23          It is Defendants' position that Mr. Cook's statement was accurate and based on the known
24  facts at the time.  Read in context, the statement plainly (and truthfully) indicated that Mr. Cook
25  did not put China—with its 16% growth in the previous quarter—in the same category as markets
26  like Brazil or India that were down or flat in the previous quarter.  Even to the extent Mr. Cook's
27  statement could be construed as a reference to Apple's current or expected future performance in
28

1   Greater China (rather than its historical performance for the previous quarter), there are no facts

2   suggesting that Mr. Cook was contemporaneously aware of undisclosed circumstances that

3   rendered his statement materially false or misleading, let alone that he made the statement with

4   scienter under the federal securities laws.

5         Accordingly, Defendants dispute Plaintiff's allegation that Mr. Cook's statement on the

6   November 1, 2018 conference call was materially false or misleading.  Defendants further dispute

7   Plaintiff's allegations that: (1) Defendants had a duty to disclose the purportedly omitted material

8   facts; (2) the alleged misleading statement was made with scienter; (3) the alleged misleading

9   statement caused the stock price of Apple securities to be artificially inflated; (4) the alleged

10   conduct caused any losses to Plaintiff or members of the putative Class; and (5) Lead Plaintiff and

11   members of the putative Class were damaged, and the measure of any such damages.

12         **C.    Legal Issues**

13         The principal legal issues in dispute include: (1) whether Defendants Apple and Cook

14   violated §10(b) of the Exchange Act and Rule 10b-5; (2) whether Defendants Cook and Maestri

15   violated §20(a) of the Exchange Act; (3) whether Defendant Cook's statement on the November

16   1, 2018 earnings call was materially false or misleading or omitted to state facts necessary to make

17   the statement not misleading in light of the circumstances under which it was made; (4) if

18   Defendant Cook's statement is found to be materially false or misleading, whether such statement

19   was made with the requisite scienter; (5) whether Plaintiff or putative class members relied on a

20   statement found to be materially false or misleading; (6) whether the price of Apple securities was

21   artificially inflated as a result of a statement found to be materially false or misleading; (7) whether

22   Plaintiff and putative Class members were damaged as a result of a statement found to be

23   materially false or misleading; (8) the proper measure of any such damages; and (9) whether this

24   action may proceed as a class action under Rule 23.

25         **D.    Motions**

26         <u>Previously Decided Motions</u>

27         No motions are presently before the Court.  Set forth below is a summary of motions filed

28   and already decided by the Court.

On June 17, 2019, Employees' Retirement System of the State of Rhode Island ("Rhode Island") and Plaintiff filed competing motions to appoint lead plaintiff.  ECF Nos. 26, 36.  On August 14, 2019, the Court appointed Rhode Island as lead plaintiff and consolidated all related pleadings against Defendants.  ECF No. 72.  On October 15, 2019, Rhode Island filed its Consolidated and Amended Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 85) ("Amended Complaint"), later superseded by a corrected version (ECF No. 98).  On December 16, 2019, Defendants moved to dismiss the Amended Complaint.  ECF No. 91.  On June 2, 2020, the Court issued an Order granting in part and denying in part the motion to dismiss the Amended Complaint, ordering that Rhode Island transition leadership of the case to Plaintiff, and directing Plaintiff to file a revised complaint consistent with the June 2, 2020 order.  ECF No. 110.  On June 16, 2020, Defendants filed a motion for leave to file a motion to dismiss the revised complaint (ECF No. 111), which the Court granted on June 29, 2020 (ECF No. 117).  On June 23, 2020, Plaintiff filed the Revised Complaint.  On July 13, 2020, Defendants filed a motion to dismiss the Revised Complaint.  ECF No. 118.  On November 4, 2020, the Court issued the November 4 Order granting in part and denying in part Defendants' motion to dismiss the Revised Complaint.

<u>Anticipated Motions</u>

The Parties are in ongoing negotiations to reach agreement on a stipulated protective order; if the parties cannot reach agreement a motion(s) for protective order may be filed.  Plaintiff anticipates filing a motion for class certification.  Defendants anticipate filing a motion for summary judgment.  Proposed dates for filing said motions are set forth in §Q, *infra*.

**E.      Amendment of Pleadings**

Plaintiff does not currently intend to amend the Revised Complaint but reserves the right to seek leave to amend to the extent necessary to conform to the evidence.  A proposed deadline for filing said motion is set forth in §Q, *infra*.

**F.      Evidence Preservation**

The Parties certify that their counsel have reviewed the Court's Guidelines for the Discovery of Electronically Stored Information and confirm that they have met and conferred

1  pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve

2  evidence relevant to the issues reasonably evident in this action.

3  **G.  Disclosures**

4  Pursuant to Rule 26(a)(1)(C), the Parties will exchange their initial disclosures on

5  December 18, 2020.

6  **H.  Discovery**

7  **1.  Discovery Taken to Date**

8  On November 23, 2020, Plaintiff served Lead Plaintiff's First Set of Requests for

9  Production of Documents on Defendants Apple, Cook and Maestri.  On December 1, 2020,

10  Plaintiff served Lead Plaintiff's Notice of Deposition of Defendant Apple Inc. Pursuant to Federal

11  Rule of Civil Procedure 30(b)(6).

12  **2.  The Anticipated Scope of Discovery**

13  <u>Plaintiff's Position</u>

14  Plaintiff intends to pursue discovery from Defendants and third parties concerning the

15  following, *inter alia*:

16  (a)  economic conditions in Greater China and emerging markets, including the state of

17  consumer spending and the smartphone industry as well as the impact of China-U.S. trade tensions

18  and Apple's internal analyses of the same;

19  (b)  sales of Apple products, in particular the iPhone, in Greater China and emerging

20  markets, including sales forecasts, projections, analyses and trends;

21  (c)  competition between Apple iPhone and smartphones produced by competitors

22  including Chinese smartphone manufacturers;

23  (d)  Apple's supply chain management process, including interactions with suppliers,

24  manufacturers or assemblers or other members of Apple's supply chain, concerning demand and

25  production plans and changes, reductions or cancellations of Apple orders;

26  (e)  Apple's decision to withhold product unit sales from public financial reports;

27  (f)  Defendants' transactions in Apple securities, including buybacks and repurchases;

28  (g)  Defendants' communications with analysts and investors;

1        (h)      Apple's internal and external sales forecast for 1Q19 including the basis and

2  assumptions utilized, deviations from expectations and decisions to pre-announce results;

3        (i)      media and analyst coverage of Apple during the relevant time period; and

4        (j)      Defendants' affirmative defenses.

5  **Defendants' Position**

6        Defendants believe that the anticipated scope of discovery outlined above by Plaintiff is

7  overbroad in several respects given the narrow scope of the remaining claims in this case—

8  which involve only one, discrete alleged misstatement relating to a discrete issue regarding only

9  one region (Greater China).  Defendants will meet and confer with Plaintiff in connection with

10  specific discovery requests in an attempt to resolve any disagreements regarding the scope of

11  appropriate discovery.  Defendants anticipate discovery on issues including: (1) Plaintiff's

12  alleged reliance on the statement alleged to be false or misleading and/or the integrity of the

13  market; (2) loss causation; (3) the amount of damages, if any; and (4) the propriety of class

14  certification under Rule 23.

15        **3.      Proposed Modifications of the Discovery Rules**

16        Plaintiff believes that based on the case's complexity, the scope of Defendants' operations

17  and the numerous witnesses and third parties already known to be relevant, it should be permitted

18  depositions and interrogatories in excess of the limit imposed by the Federal Rules of Civil

19  Procedure.  Plaintiff proposes that the deposition limit of 10 prescribed by Fed. R. Civ. P. 30 be

20  expanded to 20, and the limit of 25 interrogatories prescribed under Fed. R. Civ. P. 33 be expanded

21  to 35, without waiver of any Parties' right to seek leave for additional depositions or interrogatories

22  or to object to any specific deposition or interrogatory.

23        Defendants believe that an expansion of the deposition and interrogatory limits set forth in

24  the Federal Rules is premature at this early stage of discovery, particularly given that Plaintiff's

25  remaining claims involve only a single, discrete alleged misleading statement regarding a discrete

26  issue.  Defendants are willing to meet and confer with Plaintiff to determine whether additional

27  depositions and/or interrogatories are needed as discovery progresses, and with that context in

28  mind, reserve the right to seek such an expansion themselves.

1

**4.      Protective Order**

2      The Parties are meeting and conferring on the terms of a proposed stipulated protective

3  order regarding the confidentiality and protection of discovery in this action.

4

**5.      Electronically Stored Information ("ESI")**

5      Document production shall be made, so far as practicable, in electronic format.  The Parties

6  will meet and confer regarding the ESI production format, and anticipate filing a stipulated order

7  regarding discovery of ESI.

8

**I.      Class Actions**

9      Plaintiff seeks to have this action certified as a class action pursuant to Rule 23(a) and

10 (b)(3) consisting of all persons or entities who purchased or acquired Apple securities between

11 November 2, 2018 and January 2, 2019, inclusive.  All counsel of record for the Parties have

12 reviewed the Procedural Guidance for Class Action Settlements.

13

**J.      Related Cases**

14      On June 11, 2019, the Court entered a Related Case Order relating case No. 19-cv-02615-

15 LHK to this action.  ECF No. 19.  On June 21, 2019, the Court entered a Related Case Order

16 relating case No. 19-cv-02891-JD to this action.  ECF No. 46.

17      A consolidated stockholder derivative action involving similar facts and circumstances,

18 captioned *In re Apple Inc. Stockholder Derivative Litigation*, No. 4:19-cv-05153-YGR, is also

19 pending before this Court.  Another consolidated stockholder derivative action involving similar

20 facts and circumstances is currently pending in Santa Clara Superior Court, captioned *In re Apple*

21 *Inc. Stockholder Derivative Litigation*, No. 19CV355213 (Cal. Super. Ct. Santa Clara Cty.).

22

**K.      Relief Sought**

23      The Revised Complaint seeks to assert claims under §§10(b) and 20(a) of the Exchange

24 Act, and Rule 10b-5 promulgated thereunder, and seeks: (1) an order declaring this action to be a

25 proper class action pursuant to Rule 23; (2) damages, including prejudgment and post-judgment

26 interest; (3) reasonable costs and expenses incurred in this action, including attorneys' fees; and

27 (4) such other relief as the Court may deem just and proper.  The calculation of damages in this

28 complex securities fraud class action will be the subject of expert analysis.

Defendants request the following relief:  (1) that the Court enter judgment in their favor; (2) that Plaintiff take nothing by means of its Complaint; (3) that Defendants be awarded costs to the maximum extent allowable by law; and (4) for such other relief as the Court deems just and proper.

**L.     Settlement and ADR**

The Parties have met and conferred regarding ADR and agreed that private mediation would be appropriate at a later date.

**M.     Consent to Magistrate Judge for all Purposes**

The Parties do not consent to a Magistrate Judge for all further proceedings including trial and entry of judgment.

**N.     Other References**

The Parties do not believe this case is suitable for references to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**O.     Narrowing of Issues**

At this stage of the proceedings, the Parties believe that the narrowing of issues, suggestions to expedite the presentation of evidence at trial, and requests to bifurcate issues, claims or defenses, whether by agreement or by stipulation, are premature.

**P.     Expedited Trial Procedure**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order No. 64.

**Q.     Scheduling**

Pursuant to Rule 26(f), the Parties propose the following timetable for certain discovery events and dispositive motions.

| EVENT | PROPOSED DEADLINES |
|---|---|
| Rule 26(a)(1) Initial Disclosures | December 18, 2020 |
| Plaintiff's Motion for Class Certification | May 5, 2021 |
| Defendants' Opposition to Plaintiff's Motion for Class Certification | June 30, 2021 |

| EVENT | PROPOSED DEADLINES |
|---|---|
| Plaintiff's Reply in Support of Motion for Class Certification | August 13, 2021 |
| Hearing on Motion for Class Certification | TBD |
| Substantial Completion of Document Discovery | January 14, 2022 |
| Fact Discovery Deadline | March 16, 2022 |
| Last Day to File a Motion to Amend Pleadings | Plaintiff's Proposal: September 17, 2021<br><br>Defendants' Proposal: March 26, 2021 |
| Rule 26(a)(2) Expert Disclosures | April 27, 2022 |
| Rebuttal Expert Disclosures | June 10, 2022 |
| Expert Depositions | June 24, 2022-July 22, 2022 |
| Last Day to File Request for Pre-filing Conference in Connection with Summary Judgment Motions | July 29, 2022 |
| Last Day to File Summary Judgment Motions<br><br>*Plaintiff proposes that this should also be the deadline for any *Daubert* Motions. [1]<br><br>Defendants propose that *Daubert* Motions at the summary judgment phase should be limited to those motions relevant to the elements and issues addressed in the summary judgment briefing, as determined by the parties and the Court in connection with the required Pre-Filing Conference. Defendants believe that it would be more efficient to brief all other *Daubert* Motions following summary judgment. | September 9, 2022 |
| Summary Judgment Oppositions (including any Cross-Motion for Summary Judgment) | November 4, 2022 |

---

[1]    Plaintiff's position is consistent with this Court's orders in other securities fraud cases. *See, e.g.*, *In re Ubiquiti Networks, Inc. Sec. Litig.*, No. 4:12-cv-04677-YGR, ECF No. 104 at 1; *In re RH, Inc. Sec. Litig.*, No. 4:17-cv-00554-YGR, ECF No. 109 at 1; *Hatamian v. Advanced Micro Devices*, No. 4:14-cv-00226-YGR,, ECF No. 129 at 3. Because summary judgment often includes attacks on issues that necessarily implicate expert analysis, such as loss causation, the Court will likely require those challenges to be supported or defended by expert opinion.

| EVENT | PROPOSED DEADLINES |
|---|---|
| * Plaintiff proposes that this should also be the deadline for *Daubert* Oppositions.<br><br> Defendants propose that *Daubert* Motions at the summary judgment phase should be limited to those motions relevant to the elements and issues addressed in the summary judgment briefing, as determined by the parties and the Court in connection with the required Pre-Filing Conference. Defendants believe that it would be more efficient to brief all other *Daubert* Motions following summary judgment. | |
| Summary Judgment Replies (including any Opposition to a Cross-Motion for Summary Judgment)<br><br>* Plaintiff proposes that this should also be the deadline for *Daubert* Replies.<br><br> Defendants propose that *Daubert* Motions at the summary judgment phase should be limited to those motions relevant to the elements and issues addressed in the summary judgment briefing, as determined by the parties and the Court in connection with the required Pre-Filing Conference. Defendants believe that it would be more efficient to brief all other *Daubert* Motions following summary judgment. | December 2, 2022 |
| Hearing on Summary Judgment Motions | TBD |
| Pretrial Conference | TBD |
| Trial | TBD |

**R.     Trial**

This case will be tried to a jury.  The Parties believe it is premature at this juncture to estimate the length of trial.

**S.     Disclosure of Non-Party Interested Entities or Persons**

On April 23, 2019, Defendants Apple, Cook and Maestri filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15 ("Certification"), certifying that,

1  other than the named parties, no person or entity has a financial interest in the subject matter in

2  controversy or in a party to the proceeding (ECF No 11).  On June 17, 2019, Plaintiff filed its

3  Certification of Interested Entities or Persons (ECF No. 38) ("Plaintiff's Certification"), certifying

4  that as of the date of Plaintiff's Certification, no such interest is known other than that of the named

5  parties to the action and Plaintiff.

6      **T.    Professional Conduct**

7      All counsel of record for the Parties certify that they have reviewed the Guidelines for

8  Professional Conduct for the Northern District of California.

9   DATED:  December 7, 2020                    ROBBINS GELLER RUDMAN
                                                    & DOWD LLP
10                                              SHAWN A. WILLIAMS
                                                DANIEL J. PFEFFERBAUM
11                                              KENNETH J. BLACK
                                                HADIYA K. DESHMUKH
12

13                                                        s/ Shawn A. Williams
14                                              SHAWN A. WILLIAMS

15                                              Post Montgomery Center
                                                One Montgomery Street, Suite 1800
16                                              San Francisco, CA  94104
                                                Telephone:  415/288-4545
17                                              415/288-4534 (fax)
                                                shawnw@rgrdlaw.com
18                                              dpfefferbaum@rgrdlaw.com
                                                kennyb@rgrdlaw.com
19                                              hdeshmukh@rgrdlaw.com

20                                              ROBBINS GELLER RUDMAN
                                                    & DOWD LLP
21                                              MARK SOLOMON
                                                TOR GRONBORG
22                                              DANIELLE S. MYERS
                                                JUAN CARLOS SANCHEZ
23                                              655 West Broadway, Suite 1900
                                                San Diego, CA  92101
24                                              Telephone:  619/231-1058
                                                619/231-7423 (fax)
25                                              marks@rgrdlaw.com
                                                torg@rgrdlaw.com
26                                              dmyers@rgrdlaw.com
                                                jsanchez@rgrdlaw.com
27
                                                Lead Counsel for Lead Plaintiff
28

1

2                                       LABATON SUCHAROW LLP

                                        CAROL VILLEGAS

3                                        140 Broadway

                                        New York, NY 10005

4                                        Telephone:  212/907-0700

5                                        Counsel to Employees Retirement System of the
State of Rhode Island _____

6   DATED:  December 7, 2020            ORRICK, HERRINGTON & SUTCLIFFE LLP

7                                          MELINDA L. HAAG
JAMES N. KRAMER
ALEXANDER K. TALARIDES

8

9

10                                  _____s/ James N. Kramer_____
                                      JAMES N. KRAMER

11                                      The Orrick Building

12                                      405 Howard Street
                                      San Francisco, CA 94105

13                                      Telephone:  415/773-5700
                                      mhaag@orrick.com

14                                      jkramer@orrick.com
                                      atalarides@orrick.com

15                                      Counsel for Defendants

16

17                               ATTESTATION

18      I, Shawn A. Williams, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that

19 concurrence to the filing of this document has been obtained from each signatory.

20

21                                  _____s/Shawn A. Williams_____

22                                    SHAWN A. WILLIAMS

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

    I hereby certify under penalty of perjury that on December 7, 2020, I authorized the

3

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

4

send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List,

5

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service

6

to the non-CM/ECF participants indicated on the attached Manual Notice List.

7

                                           s/ Shawn A. Williams
                                       SHAWN A. WILLIAMS

8

9

                                       ROBBINS GELLER RUDMAN
                                         & DOWD LLP

10

                                       Post Montgomery Center
                                       One Montgomery Street, Suite 1800

11

                                       San Francisco, CA  94104
                                       Telephone:  415/288-4545

12

                                       415/288-4534 (fax)
                                       E-mail:  shawnw@rgrdlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4842-7490-0178.v2

## Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,johnson@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,fmalonzo@labaton.com,6312349420@filings.docketbird.com

- **Tor Gronborg**
  torg@rgrdlaw.com

- **Melinda Haag**
  mhaag@orrick.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomla

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,lpina@labaton.com,jchristie@labaton.com,acoquin@labaton.com,fmalonzo@laba

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,cbarrett@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtd

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)