**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

February 10, 2021

VIA ECF

The Honorable Yvonne Gonzalez Rogers
United States District Judge
United States District Court
 for the Northern District of California
Courtroom 1, 4th Floor
1301 Clay Street, Oakland, CA 94612

      Re:    *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR (N.D. Cal.)

Dear Judge Gonzalez Rogers:

      Pursuant to this Court's Standing Order in Civil Cases, Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") respectfully submits the following dispute concerning non-party Hon Hai Precision Industry Co., Ltd. a/k/a Foxconn Technology Group's ("Foxconn") objections to Plaintiff's subpoena to produce documents (the "Subpoena") under Federal Rule of Civil Procedure 45. Plaintiff attests it has met and conferred in good faith with Foxconn and cannot reach a resolution.[1]

## PLAINTIFF'S POSITION

      Foxconn refuses to comply with the Subpoena based on objections found nowhere in Rule 45. Indeed, while Foxconn raises boilerplate relevance and burden objections, it refuses to constructively discuss them, or make any production, until Foxconn is satisfied Apple Inc. ("Apple") and Plaintiff have resolved their open discovery disputes. Specifically, Foxconn objects: (i) Apple has not given "permission" for Foxconn to produce anything; (ii) Apple has not yet agreed to the scope of its own production; and (iii) Foxconn will not produce documents without assuring itself that its production will not duplicate Apple's.[2] None of these grounds is supported by law.

    **A.**    **Foxconn Improperly Refuses to Produce Highly Relevant Documents Unless It Receives Apple's Permission**

      Plaintiff alleges that just three days after Defendants assured investors that iPhone sales in China were strong, reports emerged that Apple had already instructed Foxconn, Apple's largest iPhone assembler, to sharply reduce iPhone production. ECF No. 114, ¶¶56, 68, 98. Accordingly,

---

[1]   Plaintiff served the Subpoena on December 16, 2020; Plaintiff granted Foxconn an extension to respond until January 31, 2021. On January 26, 2021, during a meet and confer, Foxconn stated it would start rolling productions on March 1, 2021, but revealed that it had spoken to counsel for Apple, and that any production was contingent on prior resolution of issues described herein. Foxconn specified its position in its formal objections and responses on January 29, 2021. The parties met and conferred without resolution on February 5, 2021.

[2]   Counsel for Apple confirmed that Foxconn contacted them about the Subpoena but assured Plaintiffs that Apple did not direct Foxconn to take any specific litigation positions.

**Robbins Geller**
**Rudman & Dowd LLP**

The Honorable Yvonne Gonzalez Rogers
February 10, 2021
Page 2

Plaintiff seeks production of Foxconn's: (i) iPhone production plans; (ii) tracking of iPhone orders; (iii) analysis of regional economic conditions' effect on its smartphone manufacturing; and (iv) communications with analysts and media regarding iPhone cancellations.

Foxconn has taken the untenable position that "to the extent *any* such responsive documents are to be produced, [Foxconn] will *first need to obtain permission from Apple*, or other third parties." Plaintiff explained that no agreement with Apple permits Foxconn to circumvent its obligations under the Federal Rules. *See, e.g.*, *Chevron Mining Inc. v. Skanska USA Civ. W. Rocky Mountain Dist., Inc.*, 2019 U.S. Dist. LEXIS 157059, at *3 (N.D. Cal. Sep. 13, 2019) (private confidentiality agreements do not bar discovery). Foxconn still stands on this improper objection.

    **B.    Foxconn Improperly Refuses to Produce Documents Until Plaintiff and Apple Reach an Agreement on the Relevant Period**

Plaintiff's Subpoena to Foxconn requests documents from February 1, 2018 to January 31, 2019 (the "Relevant Period"). But Foxconn improperly objects that it "will not produce documents" or negotiate "unless" the "scope of relevant discovery has been clarified by the actual parties to the litigation" (when pressed, Foxconn stated it might withdraw this objection if the Subpoena were limited to the Class Period (November 2, 2018 through January 2, 2019, inclusive) only, but refused to consider any other compromise). *See Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015); *In re Toyota Motor Corp. Sec. Litig.*, 2012 U.S. Dist. LEXIS 124438, at *21-*23 (C.D. Cal. Mar. 12, 2012). Foxconn has provided no basis for its refusal to even negotiate a compromise until Plaintiff concludes separate negotiations with Apple, which faces different burdens and proportionality considerations, and likely possesses temporally distinct collections of responsive materials. *See In re Remec Sec. Litig.*, 2008 U.S. Dist. LEXIS 135208, at *9-*10 (S.D. Cal. Oct. 24, 2008) (non-parties' relevant periods differ based on the scope of their subpoenas).

    **C.    Foxconn Improperly Refuses to Comply with Plaintiff's Subpoena Because It May Overlap with Documents Produced by Apple**

Foxconn objects it "will not" constructively discuss production until Plaintiff "identifie[s] information regarding [Foxconn] already requested or obtained through discovery." But Plaintiff explained its requests encompass information Apple does not possess. And Foxconn knows Apple has not begun production. Moreover, "there is no general rule that plaintiffs cannot seek nonparty discovery . . . likely to be in defendants' possession." *Viacom Int'l, Inc. v. YouTube, Inc.*, 2008 WL 3876142, at *3 (N.D. Cal. Aug. 18, 2008). And, especially in "a fraud action[,] Plaintiff is entitled to test the accuracy of [d]efendant's discovery responses by seeking the same or similar information from" Foxconn. *Jiae Lee v. Dong Yeoun Lee*, 2020 U.S. Dist. LEXIS 246988, at *25 (C.D. Cal. Oct. 1, 2020). Yet Foxconn stands on this improper objection, too.

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order compelling Foxconn to comply with the Subpoena, hold a hearing concerning the dispute or permit Plaintiff to file a motion to compel production of documents pursuant to the Subpoena.

4816-4077-5643.v1

Robbins Geller
Rudman & Dowd LLP

The Honorable Yvonne Gonzalez Rogers
February 10, 2021
Page 3

## **FOXCONN'S POSITION**

[Foxconn has declined to join this letter, taking the position that this Court's Standing Order in Civil Cases regarding discovery disputes does not apply to Foxconn as a non-party.]

Respectfully submitted,

s/ Kenneth J. Black

KENNETH J. BLACK

KJB:cs

4816-4077-5643.v1

Robbins Geller Rudman & Dowd LLP

Boca Raton    Melville       San Diego
Chicago       Nashville      San Francisco
Manhattan     Philadelphia   Washington, D.C.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 10, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Kenneth J. Black
KENNETH J. BLACK

ROBBINS GELLER RUDMAN
       & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail: kennyb@rgrdlaw.com

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,johnson@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,fmalonzo@labaton.com,6312349420@filings.docketbird.com

- **Tor Gronborg**
  torg@rgrdlaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomla

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,lpina@labaton.com,jchristie@labaton.com,acoquin@labaton.com,fmalonzo@laba

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,cbarrett@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtd

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`