# ATTACHMENT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Apple Inc. Securities Litigation | Case No. 4:19-cv-02033 (N.D. Cal.)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or that are (i) prohibited from disclosure by statute; (ii) trade secrets; (iii)

4812-8335-7404.v1

confidential research, development, proprietary, or commercial information, the disclosure of which would cause competitive harm; or (iv) private individual identificatory information such as Social Security numbers, home telephone numbers and addresses, tax returns (including attached schedules and forms), W-2s, 1099s, and banking or credit information.

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" Or "HIGHLY CONFIDENTIAL"

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) was not a past employee of a Party within the 18 months preceding the Expert's retention, and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on

2

4812-8335-7404.v1

behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

3

4812-8335-7404.v1

1  Even after final disposition of this litigation, the confidentiality obligations imposed by this

2  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

3  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

4  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

5  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

6  time limits for filing any motions or applications for extension of time pursuant to applicable law.

7  5.      DESIGNATING PROTECTED MATERIAL

8  5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or

9  Non-Party that designates information or items for protection under this Order must take care to

10  limit any such designation to specific material that qualifies under the appropriate standards. To the

11  extent it is practical to do so, the Designating Party must designate for protection only those parts of

12  material, documents, items, or oral or written communications that qualify – so that other portions of

13  the material, documents, items, or communications for which protection is not warranted are not

14  swept unjustifiably within the ambit of this Order.

15  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

16  to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

17  encumber or retard the case development process or to impose unnecessary expenses and burdens on

18  other parties) expose the Designating Party to sanctions.

19  If it comes to a Designating Party's attention that information or items that it designated for

20  protection do not qualify for protection, that Designating Party must promptly notify all other Parties

21  that it is withdrawing the mistaken designation.

22  5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order

23  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

24  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

25  designated before the material is disclosed or produced.

26  Designation in conformity with this Order requires:

27  (a)  for information in documentary form (e.g., paper or electronic documents, but

28

4

4812-8335-7404.v1

excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains

protected material. If only a portion or portions of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not

designate them for protection until after the inspecting Party has indicated which material it would

like copied and produced. During the inspection and before the designation, all of the material made

available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party

has identified the documents it wants copied and produced, the Producing Party must determine

which documents, or portions thereof, qualify for protection under this Order. Then, before

producing the specified documents, the Producing Party must affix the appropriate legend

("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page that contains Protected

Material. If only a portion or portions of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

Designating Party identify on the record, before the close of the deposition, hearing, or other

proceeding, all protected testimony and specify the level of protection being asserted.  When it is

impractical to identify separately each portion of testimony that is entitled to protection and it

appears that substantial portions of the testimony may qualify for protection, the Designating Party

may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

to have up to 21 days to identify the specific portions of the testimony as to which protection is

sought and to specify the level of protection being asserted. Only those portions of the testimony that

are appropriately designated for protection within the 21 days shall be covered by the provisions of

this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or

up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated

1  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

2  Parties shall give the other parties notice if they reasonably expect a deposition, hearing

3  or other proceeding to include Protected Material so that the other parties can ensure that only

4  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

5  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

6  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

7  Transcripts containing Protected Material shall have an obvious legend on the title page

8  that the transcript contains Protected Material, and the title page shall be followed by a list of all

9  pages (including line numbers as appropriate) that have been designated as Protected Material and

10  the level of protection being asserted by the Designating Party. The Designating Party shall inform

11  the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-

12  day period for designation shall be treated during that period as if it had been designated "HIGHLY

13  CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the

14  transcript shall be treated only as actually designated.

15  (c)  for information produced in some form other than documentary and for any other

16  tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

17  containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the

19  Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level

20  of protection being asserted.

21  5.3  Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

22  designate qualified information or items does not, standing alone, waive the Designating Party's

23  right to secure protection under this Order for such material. Upon timely correction of a

24  designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

25  accordance with the provisions of this Order.

26  6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

27  6.1  Timing of Challenges.  Any Party or Non-Party may challenge a designation of

28
6

4812-8335-7404.v1

1   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

2   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

3   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

4   confidentiality designation by electing not to mount a challenge promptly after the original

5   designation is disclosed.

6          6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

7   by providing written notice of each designation it is challenging and describing the basis for each

8   challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

9   recite that the challenge to confidentiality is being made in accordance with this specific paragraph

10  of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

11  begin the process by conferring directly (in voice to voice dialogue; other forms of communication

12  are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

13  Party must explain the basis for its belief that the confidentiality designation was not proper and

14  must give the Designating Party an opportunity to review the designated material, to reconsider the

15  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

16  designation. A Challenging Party may proceed to the next stage of the challenge process only if it

17  has engaged in this meet and confer process first or establishes that the Designating Party is

18  unwilling to participate in the meet and confer process in a timely manner.

19         6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court

20  intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery

21  and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality

22  within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the

23  meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating

24  Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above)

25  with the Court shall automatically waive the confidentiality designation for each challenged

26  designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any

27  such motion must be accompanied by a competent declaration affirming that the movant has

28

4812-8335-7404.v1

1    complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in

2    its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

3         In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality

4    designation at any time if there is good cause for doing so, including a challenge to the designation

5    of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court

6    allows that a motion may be filed, any motion brought pursuant to this provision must be

7    accompanied by a competent declaration affirming that the movant has complied with the meet and

8    confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to

9    refer the discovery matter to a Magistrate Judge.

10        The burden of persuasion in any such challenge proceeding shall be on the Designating

11   Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

12   unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

13   Unless the Designating Party has waived the confidentiality designation by failing to file a letter

14   brief to retain confidentiality as described above, all parties shall continue to afford the material in

15   question the level of protection to which it is entitled under the Producing Party's designation until

16   the court rules on the challenge.

17   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

18        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

19   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

20   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

21   the categories of persons and under the conditions described in this Order. When the litigation has

22   been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

23   DISPOSITION).

24        Protected Material must be stored and maintained by a Receiving Party at a location and in a

25   secure manner that ensures that access is limited to the persons authorized under this Order.

26        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

27   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

28

8

4812-8335-7404.v1

information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  mock jurors who have signed an Undertaking, the content of which shall be agreed upon by the Parties; and

(g)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Parties or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

4812-8335-7404.v1

may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in the Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     mock jurors who have signed an Undertaking, the content of which shall be agreed upon by the Parties; and

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Parties or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

10

4812-8335-7404.v1

1    If a Party is served with a subpoena or a court order issued in other litigation that compels

2    disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

3    CONFIDENTIAL" that Party must:

4    (a)  promptly notify in writing the Designating Party. Such notification shall include a

5    copy of the subpoena or court order;

6    (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

7    other litigation that some or all of the material covered by the subpoena or order is subject to this

8    Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

9    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

10   Designating Party whose Protected Material may be affected.

11   If the Designating Party timely seeks a protective order, the Party served with the subpoena

12   or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

13   "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order

14   issued, unless the Party has obtained the Designating Party's permission. The Designating Party

15   shall bear the burden and expense of seeking protection in that court of its confidential material –

16   and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party

17   in this action to disobey a lawful directive from another court.

18   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

19        LITIGATION

20        (a)  The terms of this Order are applicable to information produced by a Non-Party in this

21   action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Such information

22   produced by Non-Parties in connection with this litigation is protected by the remedies and relief

23   provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party

24   from seeking additional protections.

25        (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

26   Party's confidential information in its possession, and the Party is subject to an agreement with the

27   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

28

11

1     (1)  promptly notify in writing the Requesting Party and the Non-Party that some or

2    all of the information requested is subject to a confidentiality agreement with a Non-Party;

3     (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in

4    this litigation, the relevant discovery request(s), and a reasonably specific description of the

5    information requested; and

6     (3)  make the information requested available for inspection by the Non-Party.

7     (c)  If the Non-Party fails to object or seek a protective order from this court within 14

8    days of receiving the notice and accompanying information, the Receiving Party may produce the

9    Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

10   seeks a protective order, the Receiving Party shall not produce any information in its possession or

11   control that is subject to the confidentiality agreement with the Non-Party before a determination by

12   the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

13   seeking protection in this court of its Protected Material.

14   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

17   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

18   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

19   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

20   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

21   Be Bound" that is attached hereto as Exhibit A.

22   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

23    MATERIAL

24    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

25   material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

26   are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

27   modify whatever procedure may be established in an e-discovery order that provides for production

28

4812-8335-7404.v1

without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether

13

1   the Protected Material is returned or destroyed, the Receiving Party must submit a written

2   certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

3   by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

4   that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

5   abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

6   Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

7   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

8   correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

9   and expert work product, even if such materials contain Protected Material. Any such archival copies

10  that contain or constitute Protected Material remain subject to this Protective Order as set forth in

11  Section 4 (DURATION).

12  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14      DATED:  February 12, 2021                    ROBBINS GELLER RUDMAN
                                                        & DOWD LLP
15                                                   SHAWN A. WILLIAMS
                                                     DANIEL J. PFEFFERBAUM
16                                                   KENNETH J. BLACK
                                                     HADIYA K. DESHMUKH
17

18
                                                            s/ Shawn A. Williams
19                                                   SHAWN A. WILLIAMS

20                                                   Post Montgomery Center
                                                     One Montgomery Street, Suite 1800
21                                                   San Francisco, CA  94104
                                                     Telephone:  415/288-4545
22                                                   415/288-4534 (fax)
                                                     shawnw@rgrdlaw.com
23                                                   dpfefferbaum@rgrdlaw.com
                                                     kennyb@rgrdlaw.com
24                                                   hdeshmukh@rgrdlaw.com

25

26

27

28
                                                14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
   & DOWD LLP
MARK SOLOMON
TOR GRONBORG
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
torg@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

Lead Counsel for Lead Plaintiff

LABATON SUCHAROW LLP
CAROL VILLEGAS
140 Broadway
New York, NY 10005
Telephone:  212/907-0700

Counsel for Employees' Retirement System of
the State of Rhode Island

DATED:  February 12, 2021

ORRICK, HERRINGTON & SUTCLIFFE LLP
JAMES N. KRAMER
ALEXANDER K. TALARIDES

s/ James N. Kramer
JAMES N. KRAMER

The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415/773-5700
jkramer@orrick.com
atalarides@orrick.com

Counsel for Defendants

15

4812-8335-7404.v1

CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Shawn A. Williams, am the ECF user whose identification and password are being used to file the [Proposed] Stipulated Protective Order.  In compliance with Local Rule 5-1(i)(3), I hereby attest that James N. Kramer has concurred in this filing.


                                                         s/ Shawn A. Williams
                                                    _____
                                                         SHAWN A. WILLIAMS

                                        *        *        *

**O R D E R**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____     _____
                                        THE HONORABLE YVONNE GONZALEZ ROGERS
                                        UNITED STATES DISTRICT JUDGE

16

4812-8335-7404.v1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *In re Apple Inc. Sec. Litig.*, No. 4:19-cv-02033-YGR, (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

17

4812-8335-7404.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 12, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Shawn A. Williams

SHAWN A. WILLIAMS
ROBBINS GELLER RUDMAN
          & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  shawnw@rgrdlaw.com

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,johnson@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,fmalonzo@labaton.com,6312349420@filings.docketbird.com

- **Tor Gronborg**
  torg@rgrdlaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomla

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,lpina@labaton.com,jchristie@labaton.com,acoquin@labaton.com,fmalonzo@laba

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,cbarrett@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtc

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)