# ROBBINS GELLER RUDMAN & Dowd LLP

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Shawn A. Williams
shawnw@rgrdlaw.com

March 3, 2021

VIA ECF

The Honorable Joseph C. Spero
United States Magistrate Judge
United States District Court
 for the Northern District of California
Courtroom F, 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:    *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR-JCS (N.D. Cal.)

Dear Judge Spero:

Pursuant to this Court's Civil Standing Orders, Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and Defendants Apple Inc., Timothy D. Cook and Luca Maestri (collectively, "Defendants") respectfully submit this dispute concerning Plaintiff's request to increase the Fed. R. Civ. P. 30(a)(2)(A)(i) deposition limit from 10 to 20.  The parties have met and conferred in good faith, via video conference, and cannot reach a resolution.[1]

## Plaintiff's Position

## I.    Background

This securities class action alleges that on November 1, 2018, Defendants falsely assured investors that despite declining economic conditions in Greater China, its largest growth market, and despite trade tensions between the United States and China, the region was not among the emerging markets where Apple was experiencing economic pressure negatively affecting sales.  ¶¶18, 56.[2]  In truth, demand in Greater China was already slowing and Apple had already cut or planned to cut significant iPhone production with its top Chinese suppliers, including Foxconn and Pegatron.  ¶¶66, 68, 82-83, 106.  On January 2, 2019, Apple reported 1Q19 financial results up to $9 billion below guidance due to weak iPhone sales and economic deceleration in China, including impact from trade tensions.  ECF No. 123 at 4.  The District Court – issuing two comprehensive opinions on these issues – found Plaintiff plausibly alleged Defendants knew, or deliberately disregarded, the declining conditions prior to November 1, 2018.  *Id.* at 8-10; *see generally* ECF Nos. 110, 123.

---

[1]    The parties met and conferred on December 4, 2020 during the parties' Rule 26(f) conference, February 5, 2021, February 9, 2021 and by video conference on February 24, 2021.

[2]    All "¶_" citations herein are to the operative complaint.  ECF No. 114.

4828-9213-1039.v1
One Montgomery Street   Suite 1800   San Francisco, CA 94104   Tel 415-288-4545   Fax 415-288-4534   rgrdlaw.com

**Robbins Geller
Rudman & Dowd** LLP

Honorable Joseph C. Spero
March 3, 2021
Page 2

**II.     Plaintiff's Request to Expand the Deposition Limits Is Reasonable**

Pursuant to Fed. R. Civ. P. 30, courts should grant a party's request for additional depositions if consistent with the principles of Fed. R. Civ. P. 26(b)(1) and (2).  Fed. R. Civ. P. 30 (a)(2).  Courts consider the breadth and complexity of a case when determining whether to grant more depositions early in the discovery period.  *Del Campo v. Am. Corrective Counseling Services, Inc.*, 2007 U.S. Dist. LEXIS 87150, at *17 (N.D. Cal. Nov. 6, 2007).[3]  And, "shareholder lawsuits by their nature are complex." *Feuer v. Thompson*, 2013 U.S. Dist. LEXIS 84325, at *27 (N.D. Cal. June 14, 2013). Contrary to Defendants' position that Plaintiff's request is premature, "'[i]t would be prejudicial to require Plaintiff[] to choose the ten depositions to take before they know whether they will be granted more.'" *Stiles v. Walmart, Inc.*, 2020 U.S. Dist. LEXIS 8679, at *17 (E.D. Cal. Jan. 17, 2020) (no requirement to exhaust presumptive limit); *Aerojet Rocketdyne, Inc. v. Glob. Aero., Inc.*, 2018 U.S. Dist. LEXIS 190035, at *8 (E.D. Cal. Nov. 6, 2018) (same).

**A.     Plaintiff has Already Identified More than Ten Likely Deponents**

Even in a securities case limited to just one set of alleged misstatements and omissions, like here, Plaintiff must prove falsity, materiality, scienter, loss causation and the requirements for class certification, and also rebut Defendants' 32 affirmative defenses. *See* ECF No. 124.[4]  Here, Plaintiff's Rule 26 disclosures already identify 55 Apple current or former employees likely to have relevant information, nine non-party iPhone suppliers and 46 analysts.  Defendants' initial disclosures identify six people to support their defense.  More importantly, on February 27, 2021, Apple disclosed that it directed 27 unnamed employees to preserve files in connection with this case. *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 82768, at *5-*6 (N.D. Cal. June 14, 2012) (large number of percipient witnesses and factual issues support additional depositions).  Given the number of potential witnesses, including high-level Apple employees, Plaintiff's request is reasonable. *Id.*

**B.     Twenty Depositions Is Proportional to the Needs of This Securities Case**

Additional depositions are warranted where, like here, the alleged fraud affects many people, the amount in controversy is high, and Plaintiff has limited access to Defendants' information.  *See In re Twitter Inc. Sec. Litig.*, No. 3:16-cv-05314-JST (SK), Order Regarding Plaintiffs' Request To Take 36 Additional Depositions (N.D. Cal. Jan. 17, 2019) ("*Twitter* Order") (2 depositions).  During the Class Period (November 2, 2018 through January 2, 2019, inclusive), Apple maintained a trillion dollar market cap and the alleged fraud implicates billions of dollars in damages.  ¶¶82, 96-97. Plaintiff is also at an informational disadvantage.  Apple has an obscure and sophisticated global

---

[3]     All citations and footnotes omitted and emphasis added unless otherwise indicated.

[4]     "The plain language of the Rules and the Advisory Committee Notes do not require a particularized showing [of why additional depositions are needed]," but rather 'consisten[cy] with Rule 26(b)(2)[.]'" *Laryngeal Mask Co. Ltd. v. Ambu A/S*, 2009 U.S. Dist. LEXIS 139238 (S.D. Cal. July 17, 2009).

- 2 -

**Robbins Geller
Rudman & Dowd** LLP

Honorable Joseph C. Spero
March 3, 2021
Page 3

supply chain, the performance of which is central to the case. ¶¶68-69. Discovery will also encompass *inter alia* iPhone performance in Greater China, iPhone production plans, business trends in other emerging markets as well as China and Apple's decision amidst declining sales to stop reporting unit sales data – all of which informed the District Court's decision to uphold Plaintiff's claims. *See generally* ECF Nos. 110, 123. To date, Defendants have not made a substantive document production other than document retention policies.

All of these factors precipitate courts in this District to routinely expand deposition limits in securities cases. *See, e.g.*, *Twitter* Order (20 depositions); *In re RH, Inc. Secs. Litig.*, No. 4:17-cv-00554-YGR, Joint Stipulation and Order (N.D. Cal Nov. 15, 2018) (18 depositions); *Hatamian v. Advanced Micro Devices, Inc.*, No. 4:14-cv-00226-YGR (JSC), Order Re: Discovery Dispute About the Number of Depositions (N.D. Cal Sept. 1, 2016) (29 depositions); *Nursing Home Pension Fund v. Oracle Corp.*, No. 3:01-cv-00988-SI, Amended Order Setting a Discovery Plan (N.D. Cal. Mar. 10, 2005) (38 depositions). The reasonable expansion is warranted here.

### Defendants' Position

Plaintiff has not established good cause for the Court to expand the presumptive deposition limit at this early stage of discovery. This case is not complex. Following two rounds of motion to dismiss briefing, Plaintiff's only claim involves *one*, discrete alleged misstatement: in response to an analyst comment on an investor call that "there has been some real deceleration in some of these emerging markets," Apple CEO Tim Cook stated, in relevant part, that "[he] would not put China in that category." Plaintiff has not shown that it needs 20 depositions for a case about those eight words. While Plaintiff apparently believes that discovery in this case should be expansive – as evidenced by the 28 non-party subpoenas it has served to date – the appropriate scope of discovery should be proportional to the actual claims in the case, not determined by Plaintiff's ability to come up with a long list of purportedly relevant witnesses.

Further, Plaintiff has taken only one of the ten depositions currently allotted to it, making it impossible for Defendants or the Court to ascertain whether Plaintiff truly cannot make do with the ten depositions already permitted under the Federal Rules. Nor is there any particular sense of urgency: fact discovery does not close until March 16, 2022, leaving Plaintiff with plenty of time to take its allotted depositions and *then* determine whether it still believes additional depositions are required. Defendants have repeatedly offered to meet and confer with Plaintiff regarding the deposition limit as the litigation progresses. But as it stands now, Plaintiff's request is premature. For the reasons explained below, the Court should decline Plaintiff's request to double the number of allowable depositions.

### I.     Plaintiff's Request is Premature Because It Has Taken Only One Deposition

In what is known as the "exhaustion rule," courts will generally "not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right." *Authentec, Inc. v. Atrua Techs., Inc.*, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008); *see*

**Robbins Geller
Rudman & Dowd** LLP

Honorable Joseph C. Spero
March 3, 2021
Page 4

*also Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 587 (D. Minn. 1999).  Having taken only one deposition to date (and that one only last Friday), Plaintiff is far from having "exhausted" the ten depositions to which it is already entitled.  The Court should deny Plaintiff's request for that reason alone.

This is not a case where an exception to the exhaustion rule might be warranted because a party is well on its way to the initial ten deposition limit.  *See Century Aluminum Co. v. AGCS Marine Ins. Co.*, 2012 WL 2357446, at *2 (N.D. Cal. June 14, 2012) (finding the "exhaustion" requirement met where plaintiff had completed seven fact depositions and had another three scheduled within the next month); *Authentec, Inc.*, 2008 WL 5120767, at *1 ("[I]n the court's view, Rule 30(a)(2) contemplates that a party has already taken *at least some* of its ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under this rule.") (emphasis added).  Here, without having taken more than a single deposition to date, Plaintiff "cannot possibly know what information it needs but cannot obtain from its 10 permitted depositions."  *See Authentec, Inc.*, 2008 WL 5120767, at *2.

Though some courts have found exceptions to the exhaustion rule in complex cases, that is only where the "complexity clearly warrants more than ten depositions."  *Del Campo v. American Corr. Counseling Servs., Inc.*, 2007 WL 3306496, at *6 (N.D. Cal. Nov. 6, 2007).  That is not the case here.  As far as securities class actions go, the claim here is quite narrow.  Only one alleged misleading statement remains at issue: an eight-word statement made by Mr. Cook during a single investor conference call.  That distinguishes this action from the complex cases where courts have previously found that exceptions to the exhaustion rule are warranted.  *Cf. id.* at *5 (case involved five plaintiffs, eleven defendants, and a putative class stretching back more than ten years); *Couch v. Wan*, 2011 WL 4499976, at *2 (E.D. Cal. Sept. 27, 2011) (case involved multiple plaintiffs, multiple defendants, and complex RICO claims spanning multiple events and multiple individuals).

Nor is a departure from the exhaustion rule warranted just because this is a securities class action.  *See Mazur v. Lampert*, 2007 WL 676096, at *2 (S.D. Fla. Feb. 28, 2007) ("Clearly, the drafters of [Rule 30(a)(2)] understood that many of the cases filed in Federal Court that would ever require more than ten depositions would be securities fraud actions.  Yet, the drafters of the rule did not exempt such actions from the force of the rule."); *see also Alaska Elec. Pension Fund v. Pharmacia Corp.*, 2006 WL 6487632, at *4 (D.N.J. Aug. 22, 2006) (finding that departure from the exhaustion rule was not justified just because the case was a securities class action).

## II.    Plaintiff Has Not Shown Good Cause for an Expansion of the Deposition Limit

Even if the exhaustion rule did not by itself bar Plaintiff's request, the Court should nonetheless decline to expand the deposition limit for the additional reason that Plaintiff has not met its burden to "make a particularized showing of the need for the additional discovery."  *Authentec, Inc.*, 2008 WL 5120767, at *1.

- 4 -

**Robbins Geller**
**Rudman & Dowd** LLP

Honorable Joseph C. Spero
March 3, 2021
Page 5

Plaintiff has not even provided Defendants with the identities of the specific deponents who it would depose with an additional ten depositions.[5]  Indeed, it is not even clear how Plaintiff landed on the number 20—other than simply doubling the presumptive limit.[6]  This is hardly the particularized showing that courts typically require. *See Martensen v. Koch*, 2013 WL 11316743, at *1 (N.D. Cal. June 19, 2013) (merely asserting the number of potential witnesses is not a particularized showing).

As discussed above, the scope of the remaining claim in this case is narrow.  Defendants have identified only six individual witnesses in their Rule 26 initial disclosures.[7]  Even if Plaintiff was to take the depositions of those six individuals, plus a deposition of Apple pursuant to Rule 30(b)(6), it would still have the ability to take three depositions of non-parties, even under the current limit. Plaintiff plainly (and erroneously) believes that discovery in this case should be more wide-ranging. Its initial disclosures listed 55 current and former Apple employees (including all members of Apple's board of directors), and 74 non-parties.  It has served 28 non-party subpoenas.  But a party cannot unilaterally expand the deposition limit simply by including a long list of names in their initial disclosures or by serving subpoenas on everyone under the sun.  Plaintiff must explain with particularity why additional depositions are required.  Plaintiff has not met that burden, and the Court should deny its request.

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP          ORRICK HERRINGTON & SUTCLIFFE LLP
  RUDMAN & DOWD LLP


By:    s/Shawn A. Williams                              By:    s/James N. Kramer
       SHAWN A. WILLIAMS                                       JAMES N. KRAMER

---

[5]    Notwithstanding that it is the moving party, Plaintiff declined to share its portion of this Joint Letter with Defendants prior to filing.  To the extent that Plaintiff's portion of the letter identifies the 20 specific individuals or entities who Plaintiff wishes to depose, Defendants have not previously seen that information and are not able to address it here.

[6]    Plaintiff apparently does not plan to stop at 20 depositions, having indicated to Defendants that it intends to seek 20 depositions "for now."

[7]    We expect Plaintiff will point out that Apple's 30(b)(6) designee on ESI-related topics testified that at the beginning of this case (when the operative complaint alleged a broader array of alleged misstatements and before the claims were narrowed through motion practice), Apple sent a document retention notice to 27 individuals at the company.  But that does not mean that all of those 27 individuals are still relevant to the case, or that each of them must be deposed.  Rather, those 27 custodians were identified for a broader case than is now before the Court, and the number of potential document custodians has no bearing on the appropriate deposition limit.

4828-9213-1039.v1

**Robbins Geller
Rudman & Dowd** LLP

Honorable Joseph C. Spero
March 3, 2021
Page 6

## Certificate Pursuant to Local Rule 5-1(i)(3)

I, Shawn A. Williams, am the ECF user whose identification and password are being used to file the Letter Brief.  In compliance with Local Rule 5-1(i)(3), I hereby attest that James N. Kramer has concurred in this filing.

Dated: March 3, 2021

Shawn A. Williams
SHAWN A. WILLIAMS

4828-9213-1039.v1

**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 3, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Shawn A. Williams
SHAWN A. WILLIAMS
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  shawnw@rgrdlaw.com

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,johnson@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,fmalonzo@labaton.com,6312349420@filings.docketbird.com

- **Tor Gronborg**
  torg@rgrdlaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomla

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,lpina@labaton.com,jchristie@labaton.com,acoquin@labaton.com,fmalonzo@laba

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,cbarrett@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtc

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)