# EXHIBIT 2

**COOLEY LLP**
Ronald S. Lemieux  (rlemieux@cooley.com)
(*Pro Hac Vice Pending*)
Vidya R. Bhakar (vbhakar@cooley.com)
(*Pro Hac Vice Pending*)
Shanée Y. W. Nelson (snelson@cooley.com)
(*Pro Hac Vice Pending*)
5 Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  650-843-5000
Facsimile:  650-849-7400

Attorneys for Defendants
PEGATRON CORPORATION, PEGATRON TECHNOLOGY
SERVICE INC., UNIHAN CORPORATION, ASROCK
INCORPORATED, ASROCK AMERICA, INC., ASUSTeK
COMPUTER, INC., and ASUS COMPUTER INTERNATIONAL

(Additional Counsel and Parties Listed on Signature Page)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AFTG-TG, L.L.C. a Wyoming limited liability company, PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah limited liability company,<br><br>               Plaintiffs,<br>v.<br><br>NUVOTON TECHNOLOGY CORPORATION, a Taiwan corporation, et al.<br><br>               Defendants. | **BRIEF IN SUPPORT OF MOTION TO TRANSFER**<br><br>Civil Action No. 10-CV-227-F |

**For the convenience of the Court and its personnel, and to avoid the unnecessary duplication of work by the Court's staff, the Motions to Transfer filed by the ASUSTeK and Winbond Defendants in Case No. 10-CV-229-F, the Pegatron/Unihan and Nuvoton Defendants in Case No. 10-CV-227-F, and the ASRock Defendants in Case No. 10-CV-228-F, are identical to this motion.**

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), Defendants ASUSTeK Computer Inc., ASUS Computer International (collectively, the "ASUSTeK Defendants"), Pegatron Corporation, Pegatron Technology Service Inc., Unihan Corporation, ASRock Incorporated, and ASRock America, Inc. (collectively, the "Pegatron Defendants"), Nuvoton Technology Corporation, Nuvoton Technology Corporation America (collectively, the "Nuvoton Defendants"), Winbond Electronics Corporation and Winbond Electronics Corporation America (collectively, the "Winbond Defendants") (the ASUSTeK Defendants, the Pegatron Defendants, the Nuvoton Defendants, and the Winbond Defendants are collectively referred to as "Defendants") hereby move to transfer the actions filed by Plaintiffs AFTG-TG, L.L.C. ("AFTG") and Phillip M. Adams & Associates ("PMAA") (collectively, AFTG and PMAA are referred to as "Plaintiffs") in Case Nos. 10-cv-227-NDF, 10-cv-228-NDF, and 10-cv-229-NDF ("Plaintiffs' Actions) to the Northern District of California.

## I.  INTRODUCTION

Plaintiff's principal, Dr. Phillip Adams, comes to this Court after having engaged in over eight years of patent litigation in the United States District Court for the District of Utah on three of the patents asserted here (the other patents in Plaintiffs' Actions are related to those three patents). For the last two and a half years, Dr. Adams litigated those three patents against Asustek, ACI, and Winbond, culminating in a dismissal of his trade-secret claims, a jury verdict of noninfringement for two of the patents, and a verdict of infringement for the remaining patent, but with damages less than one percent of what Dr. Adams was asking for. Dissatisfied with his result in Utah, Dr. Adams decided to move a bit north and east, and attempted, albeit

unsuccessfully, to establish residence in Wyoming for the current owners of the patents-in-suit,

hoping for another bite at the apple in this Court.

This Court should transfer Plaintiffs' Actions to the Northern District of California

because this Court does not have personal jurisdiction over any of the moving Defendants.  None

of the Defendants are residents of Wyoming and none maintain contacts sufficient to justify the

exercise of personal jurisdiction under federal due process considerations.  Defendants are filing,

contemporaneously with this motion, motions to dismiss for lack of personal jurisdiction and

improper venue that explain this issue more fully.

However, should the Court deny those motions in whole or in part, it should transfer

these actions to the Northern District of California, where personal jurisdiction can be exercised

over all of the Defendants.[1]  This is particularly true where the Plaintiffs have little more

connection to Wyoming than "carpetbaggers," failing even to file registration and domestication

papers until after the cases were filed.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Parties

#### 1.     The ASUSTeK Defendants

ASUSTeK Computer Inc. ("ASUSTeK") is a Taiwanese corporation with its principal

place of business in Taiwan, Republic of China.  (Declaration of Sharon Pan ("S. Pan Decl."),

¶ 2.)  ASUSTeK is a designer, developer and manufacturer of computers and other consumer

---

[1]  There are three actions pending in that court already addressing the patents in Plaintiffs' Actions.  One, filed by Wistron, predates Plaintiffs' Actions, and the others were filed by Winbond and Nuvoton on December 30, 2010, and by Asustek and Pegatron, on January 12, 2011.

electronic products.  (*Id.*, ¶ 3.)

ASUS Computer International ("ACI") is a California corporation with its principal place of business in Fremont, California.  (Declaration of Godwin Yan ("G. Yan Decl.") ¶ 2.) ACI is a wholly-owned subsidiary of ASUSTeK and sells ASUSTeK products under the ASUS brand name.  (*Id.*, ¶¶ 2-3.)

### 2. The Pegatron Defendants

Pegatron Corporation ("Pegatron") is a Taiwanese corporation with its principal place of business in Taiwan, Republic of China.  (Declaration of Chiu-Tan (Charles) Lin ("C. Lin Decl."), ¶ 2.)  Pegatron is a Design and Manufacturing Service ("DMS") company.  (*Id.)* Pegatron has technical support and service facilities in the Northern District of California.  (*Id.*)

Pegatron Technology Service Inc. ("PTS") is an Indiana corporation with its principal place of business in Jeffersonville, Indiana.  PTS is a subsidiary of Pegatron.  (Declaration of Mary Diana Jones ("M. Jones Decl."), ¶ 2.)  PTS is Pegatron's U.S. customer service center that provides after-sale services in Indiana.  (*Id.*)

Unihan Corporation ("Unihan") is a Taiwanese corporation with its principal place of business in Taiwan, Republic of China.  (C. Lin Decl. ¶ 3.)  Unihan is a wholly-owned subsidiary of Pegatron.  (*Id.*)  Unihan designs, manufactures and sells computer peripherals and audio-video products for other brand-name companies.  (*Id.*)

ASRock Incorporated ("ASRock") is a Taiwanese corporation with its principal place of business in Taiwan, Republic of China.  (Declaration of Wei-Kai Hung ("W. Hung Decl.")), ¶ 2.) ASRock is a subsidiary of Pegatron.  (*Id.*)  ASRock is a designer and seller of motherboards and

computers. *Id.* ASRock's products are shipped into and sold in California. (*Id.*)

ASRock America, Inc. ("ASRA") is a California corporation with its principal place of business in Chino, California. (Declaration of Tachen (Nelson) Wei ("T. Wei Decl.") ¶ 2.) ASRA is a subsidiary of Pegatron and sells and provides customer support for ASRock products in California. (*Id.*)

### 3.     The Nuvoton Defendants

Nuvoton Technology Corporation ("NTC") is a Taiwan corporation with its principal place of business in Hsinchu, Taiwan. (Declaration of H.Y. Fan on Behalf of Nuvoton Technology Corporation in Support of Motions to Dismiss and Transfer ("H.Y Fan Decl."), ¶ 3.) NTC was formed July 1, 2008, and manufactures logic integrated circuits ("chips"). (*Id.*, ¶¶ 3, 4.)

Nuvoton Technology Corporation America ("NTCA") is a Delaware corporation with its principal place of business in San Jose, California. (Declaration of Wen C. Chu on Behalf of Nuvoton Technology Corporation America in Support of Motions to Dismiss and Transfer ("W.C. Chu Decl."), ¶3.) NTCA was formed July 1, 2008, and is a wholly-owned subsidiary of NTC, marketing and selling logic chips made by NTC. (*Id.*, ¶¶ 3,4.)

### 4.     The Winbond Defendants

Winbond Electronics Corporation ("WEC") is a Taiwan corporation with its principal place of business at No. 8, Keya 1st Road, Daya District, Taichung City 428, Taiwan. (Declaration of Chen-Kung Lin on Behalf of Winbond Electronics Corporation in Support of Motions to Dismiss and Transfer ("C.K. Lin Decl."), ¶ 3.) WEC manufactures and sells memory

integrated circuits and also sold logic chips until NTC was formed on July 1, 2008.  (*Id.*, ¶ 4.)

Winbond Electronics Corporation America ("WECA") is a Delaware corporation with its principal place of business at 2727 N. First Street, San Jose, California.  (Kuang-Yi-Chiu Declaration on Behalf of Winbond Electronics Corporation America in Support of Motions to Dismiss and Transfer ("K.Y. Chui Decl."), ¶ 3.)  WECA a wholly-owned subsidiary of WEC and sells memory integrated circuits.  (*Id.*, ¶¶ 3, 4.)

### 5.    The Plaintiffs

AFTG was a Utah limited liability corporation that was voluntarily dissolved effective October 15, 2010.  (Declaration of Vidya R. Bhakar ("Bhakar Decl."), Exhs. 1 and 2.)  Not until November 22, 2010, more than a month after the instant action was filed, did AFTG reform as a Wyoming limited liability company.  (*Id.*, Exh. 3.)

PMAA is a Utah limited liability company presently listed as an existing company in good standing in the State of Utah.  (*Id.*, Exh. 4.)  Not until October 20, 2010, two days after filing these Complaints, did PMAA register with the Wyoming Secretary of State, still listing Utah as its formation locale with a principal place of business in Salt Lake City, Utah.  (*Id.*, Exhs. 5 and 6.)

Dr. Phillip M. Adams is the manager of both AFTG and PMAA.  (*Id.*, Exhs. 7 and 8.)  Although Plaintiffs submitted a sworn declaration to this Court that Dr. Adams "had at the time of trial [in September 2010, against Winbond, ASUSTeK, and MSI in the United States District

Court for the District of Utah] been a resident of Wyoming for nearly a year,"[2] that declaration contradicts at least six other declarations Dr. Adams filed in the United States Patent and Trademark Office (USPTO), under penalty of perjury, between February 2010 and June 2010 declaring that he resides in Henderson, Nevada, not Wyoming. (*See* Bhakar Decl., Exhs. 9 and 10 ("I, Phillip M. Adams,…hereby declare:…that my residence and post office address is 313 Pleasant Summit Drive, Henderson, Nevada 89012…"); and Exhs. 11, 12, 13, and 14 ("Inventor Residence (City/State/Country) Henderson, NV, US").)

###    B.    The Instant Action

On October 18, 2010, AFTG and PMAA filed four complaints in the United States District Court for the District of Wyoming for patent infringement and theft of trade secrets (collectively, "the Wyoming Actions") against 35 defendants, including the Pegatron and Nuvoton Defendants, and for patent infringement against the ASUSTeK and Winbond Defendants. One complaint included Pegatron, PTS, Unihan, NTC and NTCA (Case No. 10-cv-227-F Dkt. No. 1), a second complaint included ASUSTeK, ACI, WEC and WECA (Case No. 10-cv-229-F Dkt. No. 1), and a third complaint included ASRock and ASRA (Case No. 10-cv-228 Dkt. No. 1). The fourth complaint originally included Pegatron, PTS, Unihan, NTC and NTCA (Case No. 10-cv-230 Dkt. No.1), but they were subsequently dismissed from that case on October 25, 2010.

---

[2] *See* Case No. 2:10-cv-00228-NDF Dkt. No. 65, Declaration of Ezekiel R. Dumke IV in Support of Plaintiffs' Oppositions, p. 5, ¶ 9, and Request for Judicial Notice, Exh. 1, ¶ 9.

In the Wyoming Actions, PMAA and AFTG assert twelve patents against the Pegatron and Nuvoton Defendants, and nine patents against the ASUSTeK and Winbond Defendants. PMAA and AFTG alleged that the Defendants have "infringed various claims of each of the patents-in-suit in violation of 35 U.S.C. § 271 through, among other activities, the manufacture, use, importation, sale and/or offer for sale of computer chips, motherboards, computers and other products, as well as using infringing methods including but not limited to testing of Defendants' products as a part of the manufacturing process." (Case No. 10-cv-227-F Dkt. No. 1, ¶ 22; Case No. 10-cv-228-F Dkt. No. 1, ¶ 52; Case No. 10-cv-229-F Dkt. No. 1, ¶ 16.) PMAA and AFTG further allege that Defendants "have also knowingly and intentionally induced others to infringe under 35 U.S.C. § 271(b) (such as its customers and end-users in this judicial district and throughout the United States) by intentionally aiding, assisting and encouraging their infringement, and… have knowingly contributed to the infringement of others under 35 U.S.C. § 271(c) (such as its customers and end-users in this judicial district and throughout the United States) by supplying their technical know-how and infringing computer chips and motherboards…." (*Id.*)

The instant motion is Defendants' first response to Plaintiffs' Complaints and substantively identical motions are being contemporaneously filed in each of the actions pending against them.

### C.    The Adams Patents

In these Actions, Plaintiffs accuse all of the Defendants of infringing nine patents. (Case No. 10-cv-227-F Dkt. No. 1, ¶ 22; Case No. 10-cv-228-F Dkt. No. 1, ¶ 52; Case No. 10-cv-229-F

Dkt. No. 1, ¶ 16.)  Plaintiffs also asserts three more patents[3] against the Pegatron and Nuvoton

Defendants that Dr. Adams previously asserted against the ASUSTeK Defendants and Winbond

Electronics Corporation in a prior action in the District of Utah.  (Case No. 10-cv-227-F Dkt. No.

1, ¶ 22; Case No. 10-cv-228-F Dkt. No. 1, ¶ 52.)  In their complaints, Plaintiffs allege that six of

the nine commonly-asserted patents are owned by AFTG,[4] and the remaining three commonly-

asserted patents plus the three additional patents asserted against the Pegatron and Nuvoton

Defendants are owned by PMAA.[5]  (Case No. 10-cv-227-F Dkt. No. 1, ¶¶ 1, 2; Case No. 10-cv-

228-F Dkt. No. 1, ¶¶ 1, 2; Case No. 10-cv-229-F Dkt. No. 1, ¶¶ 1, 2.)

        Plaintiffs' assertions of ownership, however, are not supported by the USPTO assignment

records.  According to the USPTO's records, AFTG the Utah limited liability corporation and

not AFTG the Wyoming limited liability corporation is identified as the current owner by

assignment of the AFTG Patents.  (Bhakar Decl., Exhs. 15-24.)[6]  In addition, there are no

assignments recorded with USPTO to establish ownership of the sixth PMAA patent by PMAA

or AFTG.  (*Id.*, Exh. 35.)  Thus, there are no assignments recorded with the USPTO of <u>seven</u> of

the patents at issue in these cases to any of the named Plaintiffs.

---

[3] United States Patents Nos. 5,983,002 ("the '002 Patent"); 6,401,222 ("the '222 Patent");
6,687,858 ("the '858 Patent").
[4] These patents include United States Patent Nos. 6,691,181 (the "'181 Patent"), 7,249,203 (the
"'203 Patent"), 7,472,207 (the "'207 Patent"), 6,842,802 (the "'802 Patent"), 7,366,804 (the
"'804 Patent"), and 7,653,766 (the "'766 Patent") (collectively, the "AFTG Patents").
[5] These patents include the '002 Patent, the '222 Patent, the '858 Patent, U.S. Patent No.
7,069,475 (the "'475 Patent"), U.S. Patent No. 7,409,601 (the "'601 Patent"), and U.S. Patent
No. 7,251,752 (the "'752 Patent") (collectively, the "PMAA Patents").
[6] The purpose of filing assignments is to provide bona fide notice of ownership of the assigned
patent.  35 U.S.C. 261

    **D.**    **Defendants' Pending Declaratory Judgment Actions in the Northern District of California.**

On December 30, 2010 the Winbond and Nuvoton Defendants, and on January 12, 2011, the Asustek and Pegatron Defendants, filed Complaints for Declaratory Judgment of non-infringement and invalidity of the patents asserted in this action. (Request for Judicial Notice, Exhs. 2 and 3.) The Defendants seek a declaration that they do not infringe any of the patents asserted in the Wyoming Actions and that each of the patents be declared invalid. (*Id.*)

**III.**    **ANALYSIS**

    **A.**    **The District of Wyoming is the Wrong Venue for this Action, and the Court Should Transfer this Case to the Northern District of California.**

In an action alleging infringement of a patent, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporation is a resident only of the state in which it is incorporated. *See In re Cordis Corp.*, 769 F.2d 733, 734 (Fed. Cir. 1985). None of the Defendants are incorporated in Wyoming and none have a regular and established place of business here, thus none reside here.

Moreover, an initial requirement for proper venue is the court's ability to exercise personal jurisdiction over the defendant. *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) ("Venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction . . . therefore, no separate venue inquiry is necessary."). The Defendants' contemporaneous motions to dismiss demonstrate in detail why this Court has no jurisdiction over them. In the interests of brevity, Defendants will not

repeat those arguments, but will instead refer the Court to them in those motion papers.

In lieu of dismissing an action that was filed in the wrong venue, the district court may transfer the case pursuant to 28 U.S.C. § 1406(a). A transfer under section 1406(a) is appropriate where, as here, the court lacks personal jurisdiction over the defendants, defendants admit that another court could reasonably exercise personal jurisdiction over them, and defendants filed a suit in a forum in which it is subject to jurisdiction. *See, e.g.*, *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 n.3 (10th Cir. 1991) ("in the case of § 1406(a), the transferor court lacks venue and *must* transfer the action in order for it to proceed") (emphasis in original).

A district court may also transfer an action, even when venue is proper, to another district in the interests of justice and for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). "The purpose of section 1404(a) 'is to prevent the "waste of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense."'" *Flaherty v. All Hampton Limousine, Inc.*, No. 01 Civ. 9939 SAS, 2002 U.S. Dist. LEXIS 15171, at *3 (S.D.N.Y. Aug. 16, 2002) (citations omitted). When considering whether to transfer an action, a district court considers: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of law; and, (9) all other considerations of a practical nature that

may a trial easy, expeditious and economical. *Cohen v. Waxman*, No. 10-1283, 2010 WL 4868057, at *2 (D. Colo. Dec. 1, 2010), quoting *Chrysler Credit Corp.*, 928 F.2d at 1515.

### 1. If the Court Decides not to Dismiss, it Should Transfer Plaintiff's Actions to the Northern District of California.

#### a. Because venue is improper in this Court, it should transfer this case to the Northern District of California under 28 U.S.C. § 1406(a), where venue is proper.

Plaintiffs do not include any specific allegations regarding personal jurisdiction in their complaints. For example, they do not allege that any acts of direct infringement occurred within this judicial district. They simply allege that Defendants have induced infringement and contributed to the infringement of others "in this judicial district and throughout the United States," pointing to no specific acts. Conclusory allegations like these fail to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and are therefore insufficient to establish a prima facie case that this Court has personal jurisdiction over Defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

In contrast, all of the moving Defendants except PTS reside or conduct business in the Northern District of California, and PTS consents to the jurisdiction of that District for this action only. (*See, e.g.,* S. Pan Decl., ¶¶ 5, 6; G. Yan Decl., ¶¶ 2, 3; C. Lin Decl., ¶ 2; W. Hung Decl., ¶¶ 2, 3; T. Wei Decl., ¶¶ 2, 3; H.Y. Fan Decl., ¶ 5; W.C. Chu Decl., ¶ 3; C.K. Lin Decl., ¶ 5; K.Y. Chiu Decl., ¶ 3.) Because venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1400(b), this Court should transfer this action pursuant to 28 U.S.C. § 1406(a) to a forum where venue properly lies as to all Defendants.

**b. The Court Should Also Transfer this Case under 28 U.S.C. § 1404(a) Because the Northern District of California is a Much More Convenient Forum.**

Even if this Court finds that personal jurisdiction could be established over each of the Defendants, transfer to the Northern District of California is still warranted because the balance of factors under 28 U.S.C. § 1404 strongly favors a transfer. *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 n.13 (10th Cir. 2010).

**i. The Plaintiffs' choice of forum is entitled to no deference here.**

Little weight is given to a plaintiff's choice of forum "'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1168, quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993). None of the Defendants maintain any offices, facilities, or employees in Wyoming. (*See, e.g.,* S. Pan Decl., ¶ 7; G. Yan Decl., ¶ 4; C. Lin Decl., ¶ 4; M. Jones Decl., ¶ 3; W. Hung Decl., ¶ 4; T. Wei Decl., ¶ 4; H.Y. Fan Decl., ¶¶ 7-13; W.C. Chu Decl., ¶¶ 6-12; C.K. Lin Decl., ¶¶ 7-13; K.Y. Chiu Decl., ¶¶ 7-13.) Instead, as discussed above, their contacts in the United States are largely with California. (*See, e.g.,* S. Pan Decl., ¶¶ 5, 6; G. Yan Decl., ¶¶ 2, 3; C. Lin Decl., ¶ 2; W. Hung Decl., ¶¶ 2, 3; T. Wei Decl., ¶¶ 2, 3; H.Y. Fan Decl., ¶¶ 5, 6; W.C. Chu Decl., ¶¶ 3, 5; C.K. Lin Decl., ¶¶ 5, 6; K.Y. Chiu Decl., ¶¶ 3, 6.)

Moreover, Plaintiffs have not alleged any injury in Wyoming arising out of Defendants' activities in Wyoming. In fact, Plaintiffs have not identified a single activity directed toward Wyoming that is relevant to this case.

This Court should give little weight to the Plaintiffs' alleged ties with Wyoming as a

basis for denying transfer. The Plaintiffs had no affiliation with Wyoming prior to filing this lawsuit, and did not even exist until after the lawsuit was filed. *See* Section III.A., *supra*. In addition, Dr. Adams has tried to manufacture residency here only very recently, apparently forgetting that he also filed declarations in the USPTO attesting under penalty of perjury that he was a resident of Nevada.

The machinations that Plaintiffs have gone through in an effort to establish residency in Wyoming are precisely the type of conduct that the Supreme Court has admonished courts to reject in considering a plaintiff's attempt to resist a transfer of venue. *See, e.g.*, *Van Dusen v. Barrack,* 376 U.S. 612, 624 (1964) (Section 1404(a) "should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient, and just.").

The Federal Circuit has recently ordered transfers to a more convenient forum where other district courts have failed to properly consider sham efforts by plaintiffs to forum-shop in patent cases. *See, e.g., In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008). In each of these cases, the plaintiff used artificial means to attempt to tip the scales in favor of a jurisdiction with little or no connection to the case or the parties. For example, in *Hoffmann-La Roche*, 587 F.3d 1333, 1337 (Fed. Cir. 2009), the Federal Circuit rejected as "fiction" and an attempt to "manipulate" the venue plaintiff's transfer of 75,000 pages of documents from California to its lawyer's office in Texas to argue that the location of those documents was a factor that favored keeping the case in

the Eastern District of Texas.  In another case, the court similarly disregarded an attempt to transfer documents to the company's office to influence a transfer decision.  *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010).  And a plaintiff's incorporation in the state shortly before filing suit was found deserving of no weight in the transfer analysis.  *In Re Microsoft Corp.*, Misc. Docket No. 944, 2011 U.S. App. LEXIS 80 (Fed. Cir. Jan. 5, 2011).

The Supreme Court has also cautioned courts to avoid being fooled by moves that clearly demonstrate an intention to forum-shop.  Rejecting a party's attempt to create jurisdiction through artifice, it commented, "Upon the evidence in this record, we cannot resist the conviction that the plaintiff had no purpose to acquire a domicile or settled home in Tennessee and that his sole object in removing to that state was to place himself in a situation to invoke the jurisdiction of the circuit court of the United States."  *Morris v. Gilmer*, 129 U.S. 315, 328 (1889) (*quoted in In Re Microsoft*).  The Court should give no weight at all to Plaintiff's alleged "move" to Wyoming in deciding these motions to transfer.

### ii. Accessibility of witnesses and sources of proof strongly favor transfer.

The Tenth Circuit has consistently held that the convenience of witnesses is the most important factor in determining a motion for transfer under Section 1404(a).  *See Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169, citing *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1121-22 (10th Cir. 2003) (limiting consideration of venue factors to the location of witnesses).  In patent infringement actions, it is well settled that "the bulk of relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept

weighs in favor of transfer to that location." *See In re Genentech, Inc.*, 566 F.3d at 1345. Here, there can be no serious dispute that California is a significantly more convenient forum than Wyoming for all of the Defendants.

Defendants do not maintain any documents nor have any witnesses in Wyoming. Each of these Defendants, however, has offices or purposeful connections with California. For example, Defendants ACI and ASRA are both California corporations and subsidiaries of ASUSTeK and Pegatron, respectively. In addition, ASUSTeK and Pegatron, Taiwanese corporations, both maintain sales and technical service operations in California. (*See, e.g.,* S. Pan Decl., ¶ 5; G. Yan Decl. ¶ 3; C. Lin Decl. ¶ 2.) Similarly, ASRock, a Taiwanese corporation, maintains a database service and trading of electronic components in California. (*See, e.g.,* W. Hung Decl. ¶¶ 2, 3; T. Wei Decl. ¶¶ 2, 3.) Nuvoton and Winbond, Taiwanese corporations, similarly have wholly-owned subsidiaries in San Jose, California through which they provide sales and technical services. (*See, e.g.,* H.Y. Fan Decl., ¶¶ 3-6; W.C. Chu Decl. ¶¶ 3-5; C.K. Lin Decl., ¶¶ 3-6; K.Y. Chiu Decl. ¶¶ 3, 4, 6.)

Thus, relevant documents and witnesses for each of these Defendants are likely to be located in California, as well as in Taiwan. As such, this factor weighs heavily in favor of transfer. *See, e.g.*, *Genentech*, 566 F.3d at 1345 (recognizing that substantial number of witnesses within subpoena power of Northern District of California significantly weighs in favor of transfer).

PTS, the only Defendant without a specific presence in California, is willing to consent to the jurisdiction of the California courts for this action only. Plaintiffs will have significant

difficulty in compelling any PTS-related witnesses to attend proceedings in Wyoming, and to the extent Plaintiffs maintain that PTS is legitimately a party to this action, the inability to subpoena witnesses to attend proceedings in Wyoming weighs against keeping the case there.

### iii. The costs of providing evidence is much less in the Northern District of California.

There is no question that litigating this action in Wyoming would significantly increase the costs of litigation, largely due to travel expenses for witnesses and counsel of the parties. As described above, many of Defendants' witnesses are already in California, and the rest are most likely in Taiwan, which has daily non-stop flights to the Northern District of California. (Bhakar Decl., ¶ 37.) Travel from Taiwan to Cheyenne is more expensive, longer, and less convenient than from Taiwan to San Francisco.[7]

Plaintiffs' only relevant witness, Dr. Adams,[8] seems to live all over the Western United States. Wherever he chooses to be, however, Henderson, Nevada, Salt Lake City Utah, and Cheyenne, Wyoming, are all within a couple hours travel to the San Francisco Bay Area.

This convenience factor strongly favors California.

---

[7] Travel from Taiwan to Wyoming currently costs from $2,676 to $4,678 for an economy seat on carriers such as United and Continental. (Bhakar Decl., ¶ 37.) There are no non-stop flights between Taipei and Cheyenne. (*Id*.) Rather, a flight would require two or more stops and would take at least 20 hours to complete. (*Id*.) A flight from Taipei to San Francisco, however, could be completed non-stop at a cost of approximately $1900, or with one stop at a cost of approximately $1,080 for an economy seat on carriers such as Delta, Continental, and United. (*Id*.) These flights take approximately 14 hours. (*Id*.)

[8] Dr. Adams was the only fact witness who appeared for the plaintiffs in the Utah trial in September 2010.

### iv. The availability of Chinese-language translators is greater in the Northern District of California than in Wyoming.

The large Chinese population in Northern California means there are significant resources for providing translation for the witnesses for Defendants that are not fluent in English.[9]  This factor also makes the Northern District of California a more convenient forum.

### v. Enforcement of any judgment will be easier in the Northern District of California.

Should Plaintiffs succeed on their claims against Defendants, there is no significant advantage in enforcing the judgment against Defendants in Wyoming.  Rather, Plaintiffs would likely be more successful in enforcing judgments in the Northern District of California, where most of the Defendants reside and conduct business.

### vi. The remaining factors are neutral.

Court congestion is essentially a neutral factor.  During 2009, civil actions in the Northern District of California had a median time from filing to disposition of 9.4 months versus 10.4 months in the District of Wyoming.  Over the past six years, on average, the Northern District of California disposed of actions in 8.2 months, while the District of Wyoming disposed of actions in 9.9 months.  (*See* Case No. 10-cv-228-F Dkt. No. 27-1, ¶¶ 24 and 25 and Exhs. 21 and 22.)  Although the Northern District handles a higher volume of cases than the District of Wyoming, it also disposes of its cases quickly and efficiently, rending this factor neutral in the transfer analysis.

---

[9]  At least five witnesses used a certified Chinese interpreter for their court testimony in the Utah trial in September 2010.

Similarly neutral is the issue of conflict of laws.  This patent-infringement case involves federal law.  The Northern District of California, however, has local rules that specifically address patent litigation, so even this neutral factor slightly favors transfer to California.

## IV.    CONCLUSION

As the contemporaneous motions explain, this Court should dismiss Plaintiffs' Actions. Should the Court decline to do so, the Defendants respectfully request that this Court transfer these actions to the Northern District of California, where venue and jurisdiction are proper, and where a trial would be much more convenient.

Dated:  January 18, 2010                   Respectfully submitted,

                                           NICHOLAS & CRANK P.C.

                                           By:_____ /s/ Patrick J. Crank_____
                                                        Patrick J. Crank

                                           Attorneys for Defendants PEGATRON CORPORATION, PEGATRON TECHNOLOGY SERVICE INC., UNIHAN CORPORATION, ASROCK INCORPORATED, ASROCK AMERICA, INC., ASUSTeK COMPUTER, INC., and ASUS COMPUTER INTERNATIONAL

                                           FINNEGAN HENDERSON FARABOW GARRETT & DUNNER

                                           By:_____ /s/ Steven H. Morrissett_____
                                                        Steven H. Morrissett

                                           Attorneys for Defendants WINBOND ELECTRONICS CORPORATION, WINBOND ELECTRONICS CORPORATION AMERICA, NUVOTON TECHNOLOGY CORPORATION, and NUVOTON TECHNOLOGY CORPORATION AMERICA

Additional Parties and Counsel:

NICHOLAS & CRANK P.C.
Patrick J. Crank (pat@ncwyolaw.com)
Wyoming Bar No. 5-2305
Robert A. Nicholas (bob@ncwyolaw.com)
Wyoming Bar No. 5-2325
2515 Warren Avenue, Suite 505
Post Office Box 1709
Cheyenne, WY 82003-1709
T: 307-634-2994
F: 307-635-7155

Attorneys for Defendants PEGATRON CORPORATION,
PEGATRON TECHNOLOGY SERVICE INC.,
UNIHAN CORPORATION, ASROCK INCORPORATED,
ASROCK AMERICA, INC., ASUSTeK COMPUTER, INC.,
and ASUS COMPUTER INTERNATIONAL

Steven H. Morrissett
morrissett@finnegan.com
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER
3300 Hillview Avenue
Palo Alto, CA 94304
T: 650-849-6600
F: 650-849-6666

*-and-*

E. Robert Yoches
bob.yoches@finnegan.com
Finnegan Henderson Farabow Garrett Dunner
901 New York Avenue, NW
Washington D.C. 20011-4413
T: 202-408-4039
M/T: 202-408-4000
F: 202-408-4400

*-and-*

Corinne E. Rutledge
(crutledge@lathropandrutledge.com)
J. Kent Rutledge
(krutledge@lathropandrutledge.com)
Shawnna Marie Herron
(sherron@lathropandrutledge.com)
LATHROP & RUTLEDGE
1920 Thomes Avenue, Suite 500
Post Office Box 4068
Cheyenne, WY 82003-4068
T: 307-632-0554
F: 307-635-4502

Attorneys for Defendants WINBOND ELECTRONICS
CORPORATION, WINBOND ELECTRONICS
CORPORATION AMERICA, NUVOTON TECHNOLOGY
CORPORATION AND NUVOTON TECHNOLOGY
CORPORATION AMERICA

911443 v1/HN

# CERTIFICATE OF SERVICE

I certify that on January 18, 2011, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filings to the following attorneys of record:

Randall B. Reed (randy.reed@draylaw.com)
Dray Thomson and Dyekman PC
204 East 22nd Street
Cheyenne, WY 82001
*Attorneys for Plaintiff*

Ezekiel R. Dumke, IV
(edumke@quinndumke.com)
John A. Quinn (jquinn@quinndumke.com)
Quinn Dumke
2150 South 1300 East, Suite 500
Salt Lake City, UT 84106
*Attorneys for Plaintiff*

Corinne E. Rutledge
(crutledge@lathropandrutledge.com)
J. Kent Rutledge
(krutledge@lathropandrutledge.com)
Shawnna Marie Herron
(sherron@lathropandrutledge.com)
Lathrop & Rutledge
1920 Thomes Avenue, Suite 500
Post Office Box 4068
Cheyenne, WY 82003-4068
*Attorneys for Defendants Nuvoton
Technology Corporation, and Nuvoton
Technology Corporation America*

E. Robert Yoches
bob.yoches@finnegan.com
Finnegan Henderson Farabow Garrett Dunner
LLP (DC)
901 New York Avenue, NW
Washington D.C. 20011-4413
*Attorneys for Defendants Nuvoton Technology
Corporation, and Nuvoton Technology
Corporation America*

Steven H. Morrissett
morrissett@finnegan.com
Finnegan Henderson Farabow Garrett &
Dunner
3300 Hillview Avenue
Palo Alto, CA 94304
*Attorneys for Defendants Nuvoton
Technology Corporation, and Nuvoton
Technology Corporation America*

_____
/s/ Deborah McCoy
Legal Assistant