EXHIBIT 26

Ronald S. Lemieux (CA Bar No. 120822)
rlemieux@ipsingularity.com
Vidya R. Bhakar (CA Bar No. 220210)
vbhakar@ipsingularity.com
Lenny Huang (CA Bar No. 264386)
lhuang@ipsingularity.com
SINGULARITY LLP
555 Twin Dolphin Drive, Suite 610
Redwood Shores, CA 94065
Tel:      (650) 720-4650
Fax:     (650) 720-4662

Attorneys for Defendants,
PEGATRON CORPORATION
PEGATRON TECHNOLOGY SERVICE INC. AND
UNIHAN CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| VIA LICENSING CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>PEGATRON CORPORATION, PEGATRON TECHNOLOGY SERVICE INC. and UNIHAN CORPORATION,<br><br>                    Defendants. | Civil Action No. CV 15-4086 JSW<br><br>**DEFENDANTS PEGATRON CORPORATION, PEGATRON TECHNOLOGY SERVICE INC. AND UNIHAN CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COUNT III OF THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:            January 22, 2016<br>Time:           9:00 a.m.<br>Courtroom:    5, 2nd Floor<br><br>Hon. Jeffrey S. White |

1  **NOTICE OF MOTION AND MOTION**

2  PLEASE TAKE NOTICE that Defendants Pegatron Corporation, Pegatron Technology

3  Service Inc. and Unihan Corporation respectfully move the Court for an order pursuant to Federal

4  Rule of Civil Procedure 12(b)(6) (failure to state a claim) to dismiss Count III of Plaintiff Via

5  Licensing Corporation's Complaint with prejudice.  This motion will be heard on January 22,

6  2016 at 9:00 a.m., or as soon thereafter as the matter can be heard by the Honorable Jeffrey S.

7  White in Courtroom 5, 2nd Floor of the above-titled Court at 1301 Clay Street, Oakland, CA

8  94612.

9  Defendants' motion is based upon this notice of motion and motion, the accompanying

10  memorandum of points and authorities, the Complaint, the proposed order, and such other

11  evidence and argument as the Court permits to be heard.

12  **MEMORANDUM OF POINTS AND AUTHORITIES**

13  **I.    INTRODUCTION**

14  Via Licensing Corporation ("Via") is the Administrator for a patent licensing pool relating

15  to certain audio and video technologies used in consumer electronics products.  Many of these

16  patents are incorporated into various industry standards in exchange for a promise by the patent

17  owners to license those patents on a fair, reasonable and non-discriminatory basis ("FRAND").

18  In December 2010, Defendant Unihan Corporation ("Unihan") entered in to written license

19  agreement with Via for a license to this Advanced Audio Coding patent pool ("AAC License").

20  Unihan terminated this license on December 30, 2013, and then merged back into its parent

21  company, Pegatron Corporation ("Pegatron"), on December 31, 2013.

22  Via filed the instant lawsuit against Unihan, Pegatron and Pegatron Technology Service

23  Inc. ("PTS") alleging three causes of action: 1) breach of contract, 2) specific performance and 3)

24  promissory fraud.  Via's improper efforts to repackage its straightforward breach of contract claim

25  into an additional claim for fraud should be dismissed, however, for failing to satisfy the specific

26  requirements for pleading fraud under Rule 9(b) and for asserting a claim that on its face is in

27  violation of California's "economic loss doctrine."

28  First, Via has not pled its promissory fraud claim with sufficient particularity to satisfy the



DEFENDANTS' MOTION TO DISMISS COUNT III OF THE COMPLAINT
Case No. 5:14-cv-03586-BLF                                                    - 1 -

Rule 9(b) "heightened pleading" standard. Via's Complaint only provides general allegations that Unihan made false representations in the AAC License to induce Via into entering the AAC License and that Unihan did not intend to meet its obligations under the AAC License. Via does not provide any specific factual allegations that contradict the alleged misrepresentations made by Unihan in the negotiations for the AAC License, but rather only asserts conclusory allegations regarding Unihan's alleged nonperformance of the Agreement as its sole basis for establishing fraudulent intent by Unihan. Courts have consistently rejected this strategy, however, and have repeatedly held that a plaintiff cannot prove the requisite fraudulent intent by simply pointing to the defendant's subsequent failure to perform under the agreement.

More importantly, Via is precluded from asserting its promissory fraud claim as a matter of California substantive law (the AAC Agreement is governed by California substantive law pursuant to Section 9.9 of the Agreement). California's "economic loss doctrine" prohibits tort claims based simply on the alleged non-performance of a promise underlying a contract between the parties. Via's promissory fraud claim is exactly what the "economic loss doctrine" prohibits and should be dismissed with prejudice.

For all of the reasons stated above, Defendants respectfully move this Court to dismiss Via's promissory fraud claim against all Defendants with prejudice.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

(1) Whether Via's promissory fraud claim should be dismissed for failure to state a claim under the heightened pleading standard prescribed by Rule 9(b); and (2) Whether Via's promissory fraud claim should be dismissed for attempting to assert a claim in violation of California's economic loss doctrine?

## III. STATEMENT OF FACTS

Via filed the current action against Defendants on September 8, 2015, alleging three claims for relief: breach of contract, specific performance and promissory fraud. (Dkt. No. 1.) Each of Via's claims relate to the AAC License that was entered between Via and Unihan on or about December 3, 2010. (*Id.*) As part of the agreement, Unihan agreed to license certain patents related to the MPEG-2, AAC, and MPEG-4 audio standards from Via. (Complaint, ¶ 20.)



During the course of the parties' business relationship, there were various disagreements between them and, ultimately, Unihan terminated the AAC License on or about November 1, 2013. (*Id.* ¶ 37.) On or about December 31, 2013, Unihan was merged back into its parent corporation Pegatron, and Pegatron succeeded to all rights, obligations and liabilities of Unihan, including those arising under the AAC License. (*Id.* ¶ 22.) After the termination of the AAC License and the audit by Via in 2013 and 2014, the parties engaged in repeated, but ultimately unsuccessful, efforts to settle Via's allegations of unpaid and overdue royalties for alleged licensed products. (*Id.* ¶¶ 39, 47-48.)

Count I of Via's Complaint alleges that Defendants breached the AAC License by "failing to provide accurate reports or pay proper royalties, interest and audit expenses as provided in the AAC License" and "failing to provide the auditor with its books and records as necessary to inspect Unihan/Pegatron's Past Practice of the AAC standard as provided in the AAC License." (*See* Compl. ¶¶ 59-60.)

Count II alleges that Defendants have breached Section 4.7 of the AAC License which allegedly "provides Via with the right to audit the books and records and inspect and make abstracts of Unihan's books and records." (*See* Compl. ¶¶ 65-66.)

Count III alleges that Unihan made "false representations" to Via "without any intention of performing its obligations," including allegedly false representations "to make accurate reports, pay applicable royalties that were due, and '[i]f [an] audit shows an underpayment . . . immediately pay the amounts due.'" (*See* Compl. ¶¶ 79-81.)

As demonstrated below, Via's Count III for promissory fraud fails to meet the heightened pleading requirements of Rule 9(b) and is barred under California substantive law by the economic loss doctrine.

## IV.    ARGUMENT

### A.    Applicable Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a complaint must allege facts that "raise a right to relief above the speculative level on the



1  assumption that the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S.

2  544, 555 (2007).  The plaintiff must allege "enough facts to state a claim to relief that is plausible

3  on its face." *Id.* at 570.  "[W]hen the allegations in a complaint, however true, could not raise a

4  claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum

5  expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations

6  omitted).

7      In deciding a Rule 12(b)(6) motion, the court must assume that the plaintiff's allegations

8  are true and construe the complaint in the light most favorable to the non-moving party.  *Cahill v.*

9  *Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Although factual allegations are taken

10 as true, legal conclusions and speculative or conclusory statements are given no deference.

### B.    Via Has Not Pled Promissory Fraud With Sufficient Particularity to Satisfy the Rule 9(b) Pleading Standard

12     "Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity the

13 circumstances constituting fraud.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.

14 2009) (quoting Rule 9(b)).  "[I]f particular averments of fraud are insufficiently pled under Rule

15 9(b), a district court should disregard those averments, or strip them from the claim.  The court

16 should then examine the allegations that remain to determine whether they state a claim." *Vess v.*

17 *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal quotation marks omitted)

18 (Hon. Ronald M. Whyte, sitting by designation).  To satisfy Rule 9(b)'s particularity requirement,

19 the circumstances of the fraud in the Complaint must be "specific enough to give defendants

20 notice of the particular misconduct ... so that they can defend against the charge and not just deny

21 that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.

22 2001) (internal quotations omitted).  Allegations that are vague and conclusory are insufficient to

23 satisfy the particularity required by Rule 9(b).  *Moore v. Kayport Package Express*, 885 F.2d 531,

24 540 (9th Cir. 1989); *Vess*, 317 F.3d at 1106 ("[a]verments of fraud must be accompanied by 'the

25 who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting

26 *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

27     When the complaint highlights a particular statement as false, it must also "set forth what

28



1   is false or misleading about a statement, and why it is false." *Ardente, Inc. v. Shanley*, No. C 07-

2   4479 MHP, 2010 U.S. Dist. LEXIS 11674, at *10 (N.D. Cal. Feb. 9, 2010) (citing *In re GlenFed,*

3   *Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (*en banc*), superseded by statute on other

4   grounds.  Notably, to qualify as a misrepresentation, the complaint must allege facts sufficient to

5   plausibly establish that the statement was false **when made**.  *In re GlenFed, Inc. Sec. Litig.*, 42

6   F.3d 1541, 1548 (9th Cir. 1994); *see also Richardson v. Reliance Nat'l Indem. Co.*, No. C-99-

7   2952-CRB, 2000 U.S. Dist. LEXIS 2838, at *12 (N.D. Cal. Mar. 9, 2000) ("Rule 9(b) requires

8   plaintiffs to plead facts establishing the falsity of a statement *at the time it is made*." (emphasis in

9   original)).  Mere conclusory allegations that the statements were false are insufficient.  *In re*

10  *GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1548.  Rather, to plead falseness, the plaintiff must provide

11  "an explanation as to why the disputed statement was untrue or misleading when made[,]" which

12  may be done "by pointing to inconsistent contemporaneous statements or information" or a "later

13  statement by the defendant along the lines of 'I knew it all along[,]'" *In re GlenFed, Inc. Sec.*

14  *Litig.*, 42 F.3d at 1549 & n.9, or circumstantial evidence that explains why the statement was

15  misleading when made.  *Richardson v. Reliance Nat'l Indem Co.*, 2000 U.S. Dist. LEXIS 2838, at

16  *13 (citation omitted).

17      Factual allegations that "contradict[]" the misrepresentation, and not mere conclusory

18  allegations, are necessary to state a claim for fraud claims.  *Ardente, Inc. v. Shanley*, 2010 U.S.

19  Dist. LEXIS 11674 at *25 (N.D. Cal. Feb. 9, 2010).  In *Ardente*, the plaintiff alleged that

20  defendants committed fraud on plaintiff in obtaining a license agreement by "enter[ing] into the

21  license agreement with no intention of accurately accounting for the royalties due to plaintiff" and

22  later inducing plaintiff to sign a mutual release of the license by under-reporting sales (affecting

23  royalties due), falsely reporting that defendant would likely go bankrupt unless the license was

24  terminated and falsely reporting that defendant would cease selling the licensed product.  *Id.* at

25  *23.  The court dismissed the fraud claim, explaining that plaintiff's allegations were "conclusory

26  and speculative, as it provide[ed] nothing that [gave] rise to an inference that plaintiff actually has

27  any reason to believe the allegation's veracity aside from plaintiff's general distrust of

28  defendants."  *Id.* at *24.  Without any allegation that "contradicts" defendant's representations, the



Court held that **"something more than nonperformance is required to prove the defendant's intent not to perform his promise."** *Id.* at *25 (citing *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (Cal. 1985) (emphasis added).

Here, Via alleges that Unihan induced Via to enter into the AAC License based on Unihan's promise to "to make accurate reports, pay applicable royalties that were due, and [pay underpayments],'" but that Unihan never intended to honor those promises. (Complaint, ¶ 79.) However, similar to *Ardente*, Via's pleadings fall short because Via fails to allege facts sufficient to support a plausible inference that the statements were actually false *when made*. Moreover, Via does not provide any factual basis for its allegation that Unihan entered into the AAC License "never intending" to comply with the terms of the agreement, but merely entered into the AAC License "with the intent to defraud Via, by inducing Via to enter into the AAC License." (Complaint, ¶¶ 80-81); *Amc Tech. v. Cisco Sys.*, No.: 11-CV-03403 PSG, 2012 U.S. Dist. LEXIS 6487, at *10 (N.D. Cal. Jan. 20, 2012) (promissory fraud claim dismissed because "non-performance of less than all its obligations — something altogether different and insufficient for a promissory fraud claim").

Via makes conclusory allegations that Defendants entered into the AAC License "without any intention of performing its obligations," but fails to allege any facts that would otherwise contradict Unihan's representations in the AAC License or that would contradict Unihan's intention to perform the agreement. (Complaint, ¶ 80.) In other words, all that is alleged by the Via in the Complaint is that the "representations made by Unihan in entering into the AAC License" turned out to be false. (Complaint, ¶ 81.) Via's promissory fraud claim boils down to Defendant's alleged subsequent failure to perform certain terms under the AAC License: allegations that Unihan/Pegatron failed to provide quarterly reports, underreported sales information, disputed the scope of products under the AAC License, failed to identify products sold prior to the AAC License, and refused to provide past data or records. (Complaint, ¶ 82.) Courts have repeatedly rejected the argument that a plaintiff can prove the requisite fraudulent intent by simply pointing to the defendant's subsequent failure to perform under the agreement. *See, e.g., Muse Brands, L.L.C. v. Gentil*, No. 15-cv-01744-JSC, 2015 U.S. Dist. LEXIS 99143, at



*15 (N.D. Cal. July 28, 2015) (fraud claim dismissed); *Canard v. Bricker*, No. 14-cv-04986-JSC, 2015 U.S. Dist. LEXIS 22909, at *18 (N.D. Cal. Feb. 24, 2015) (dismissed because "missing actual *facts* that support a plausible inference that the statements were false when made"); *Bio-Horticultura Las Parritas, S.A. de C.V. v. Aviara Parkway Farms, Inc.*, No. 14-cv-0892-WQH-DHB, 2014 U.S. Dist. LEXIS 139858, at *9-10 (S.D. Cal. Sept. 30, 2014) (fraud claim dismissed); *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1153-54 (S.D. Cal. 2001).

For example, in *Smith v. Allstate Insurance Co.*, the court called "specious" the argument that a plaintiff can premise a fraud claim on the grounds that the defendant never intended to honor the contract. *Smith*, 160 F. Supp. 2d at 1153-54. The *Smith* court explained that such an argument "assumes that the alleged breach of contract can be used as evidence that [the defendant] never intended to honor the contract, thereby committing fraud[,]" but this assumption "contradicts the heightened pleading requirements of Rule 9(b) and would allow every breach of contract to support a claim of fraud so long as the plaintiff adds to his complaint a general allegation that the defendant never intended to keep her promise." *Id*. at 1154-53 (internal quotation marks, citations, and alterations omitted); *see also Richardson*, 2000 U.S. Dist. LEXIS 2838 at *14 ("Adopting plaintiff's argument would effectively eviscerate the effect of Rule 9(b) in every case of promissory fraud. Under plaintiff's theory, every breach of contract would support a claim of fraud so long as the plaintiff adds to his complaint a general allegation that the defendant never intended to keep her promise."); *see also Hsu v. Oz Optics Ltd.*, 211 F.R.D. 615, 620 (N.D. Cal. 2002) (noting that the plaintiff is required to plead "facts from which the Court can infer that the allegedly fraudulent statements were false when made"). Via cannot turn its breach of contract claim into an action for promissory fraud by simply alleging that Defendants never intended to honor the promises that serve as the foundation for the AAC License.

Via's promissory fraud allegations do not provide the required factual information and are not pled with the specificity required by Rule 9(b) and should be dismissed with prejudice under Rule 12(b)(6).

**C.    California's Economic Loss Doctrine Precludes Via's Promissory Fraud Claim**

Under California's economic loss doctrine, "no tort cause of action will lie where the



breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement." *Oracle USA, Inc. v. XL Glob. Services, Inc.*, No. C 09-00537, 2009 U.S. Dist. LEXIS 59999, 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009). The rule "generally bars tort claims for contract breaches, thereby limiting contracting parties to contract damages." *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F.Supp. 2d 1163, 1180 (C.D. Cal. 2009) (citing *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000), superseded by statute on other grounds as recognized in *Rosen v. State Farm Gen. Ins. Co.*, 30 Cal. 4th 1070, 1079-80 (2003)).

In *Oracle USA, Inc. v. XL Glob. Servs.*, plaintiff sued for, among other things, breach of contract and promissory fraud based on defendant's alleged failure to pay for services rendered. The court granted defendant's motion for judgment on the pleadings with respect to the tort claim:

> The threshold question in this case is whether Oracle states a claim that arises from something other than contract – i.e., for a breach of some duty that has been placed on XL to vindicate social policy, rather than to protect Oracle's bargained-for expectations. . . . The issue centers upon XL's alleged failure to meet Oracle's bargained-for expectations. For this reason, Oracle's contention that its fraud damages "are not co-extensive with its contract damages" is without merit. Contract remedies, not tort remedies, are appropriate "to enforce the intentions of the parties to the agreement." The parties' intentions and expectations are precisely what are at issue in the dispute. . . . There is no conduct at issue which is independent from the various promises made by the parties in the course of their contractual relationship.

*Oracle USA, Inc. v. XL Glob. Servs.*, No. C 09-00537 MHP, 2009 U.S. Dist. LEXIS 59999, at *13-14 (N.D. Cal. July 13, 2009) (citations omitted); *Erlich v. Menezes*, 21 Cal. 4th 543, 554 (1999) ("A breach of contract is tortious only when some independent duty arising from tort law is violated."); *see also JMP Sec. L.L.P. v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1044 (N.D. Cal. 2012) (To allow fraud claims in actions such as this one would collapse the carefully-guarded distinction between contract and tort law. (internal quotation marks omitted)).

The California Supreme Court has noted that the economic loss rule is necessary to "prevent[ ] the law of contract and the law of tort from dissolving into one another." *Robinson*



1  *Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (internal modification and quotations

2  omitted).  Limiting recovery to contract damages in this manner makes it easier for parties to

3  "estimate in advance the financial risks of their enterprise."  *Freeman & Mills, Inc. v. Belcher Oil*

4  *Co.*, 11 Cal. 4th 85, 106 (1995) (quoting *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.

5  4th 503, 515 (1994)).  As a result, the rationale for the rule is particularly strong where a party

6  alleges a claim based on "commercial activities that negligently or inadvertently [went] awry."

7  *Robinson Helicopter Co.*, 34 Cal. 4th at 991 n. 7.

8        Simply put, Via's Complaint does not allege any harm above and beyond a broken

9  contractual promise.  Via claims that Unihan committed fraud by making "false representations

10  [while] entering into the AAC License … with the intent to defraud Via, by inducing Via to enter

11  into the AAC License."  (Complaint, ¶ 81.)  However, the duties to which Via refers to only arise

12  out of the contractual terms set forth in the AAC License.  (*See* Complaint, ¶ 20, Ex. A.)  Every

13  one of the allegedly fraudulent statements made by Unihan is merely a restatement of the terms of

14  the AAC License:

15        • Complaint, ¶ 79 (alleged fraudulent statement is alleged promise to perform the

16          AAC License by "mak[ing] accurate reports, pay[ing] applicable royalties that were

17          due, and "[i]f [an] audit shows an underpayment . . . immediately pay[ing] the

18          amounts due, plus accrued interest, plus the cost of the Audit if applicable");

19        • Complaint, ¶ 82(a) (alleged fraudulent statement is alleged promise to "provide Via

20          with quarterly reports within 30 days following the end of every calendar quarter

21          following the effective date");

22        • Complaint, ¶ 82(b) (alleged fraudulent statement is alleged promise to "remit

23          payment of royalties and interest owed for Licensed Products");

24        • Complaint, ¶ 82(c) (alleged fraudulent statement is alleged promise not to

25          "dispute[] the scope of products under the AAC License");

26        • Complaint, ¶ 82(d) (alleged fraudulent statement is alleged promise to "provide Via

27          with a written report within 30 days following the effective date identifying any

28          Licensed Products sold or otherwise supplied "during the entire period prior to" the



effective date of the agreement, together with payment for fees and interest

thereon"); and

- Complaint, ¶ 82(e) (alleged fraudulent statement is alleged promise to "provide the

auditor with data or records concerning its Past Practice").

Each of these alleged fraudulent statements reflects a dispute over the contractual terms Via is

seeking to enforce against Defendants.  Via makes no factual allegation of conduct that is

independent from the alleged promises made in the AAC License.  Since no tort cause of action

will lie where the breach of duty is nothing more than the alleged violations of the promises

underlying the expectations of the parties to the agreement, Via is barred from asserting its

promissory fraud claim by California's economic loss doctrine.

Accordingly, Via's promissory fraud claim should be dismissed with prejudice.

## V.    CONCLUSION

For all of the reasons stated above, the Court should grant Defendants' motion to dismiss

Via's promissory fraud claim with prejudice.


DATED:  December 15, 2015        Respectfully submitted,

SINGULARITY LLP


By:    _/s/ Ronald S. Lemieux_____
Ronald S. Lemieux (CA Bar No. 120822)
rlemieux@ipsingularity.com
Vidya R. Bhakar (CA Bar No. 220210)
vbhakar@ipsingularity.com
Lenny Huang (CA Bar No. 264386)
lhuang@ipsingularity.com
555 Twin Dolphin Drive, Suite 610
Redwood Shores, CA 94065

Attorneys for Defendants,
PEGATRON CORPORATION
PEGATRON TECHNOLOGY SERVICE INC. AND
UNIHAN CORPORATION