# EXHIBIT 29

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PEGATRON TECHNOLOGY SERVICE INC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE & LIABILITY INS. CO.,<br><br>Defendant. | Case No.18-cv-01477-LHK (VKD)<br><br>**ORDER RE MAY 28, 2019 JOINT DISCOVERY DISPUTE LETTER**<br><br>Re: Dkt. No. 61 |

On May 28, 2019, plaintiff Pegatron Technology Service, Inc. ("PTSI") and defendant American Guarantee and Liability Insurance Company ("AGLIC") submitted a joint discovery dispute letter concerning PTSI's document production in response to AGLIC's requests for production. Dkt. No. 61. The Court heard oral argument on the matter on June 3, 2019. Dkt. No. 63.

For the reasons stated on the record, the Court orders as follows:

1. If PTSI has not already done so, it shall produce by **June 7, 2019** the following documents:

   a. PTSI's balance sheets for the years 2016 and 2017;

   b. PTSI's tax returns for 2015 and 2016;

   c. PTSI's invoices to Customer for 2016;

   d. General ledger detail of transaction entries for the settlement amounts at issue in this case, including any settlement consideration provided to Customer by PTSI, any settlement consideration provided by Vendor to PTSI, and any settlement consideration provided by Chubb to PTSI; and

1        e.  Documents supporting the two line items in the PTSI spreadsheet to which AGLIC refers at page 5 of the joint discovery dispute letter.

PTSI must produce the above-referenced documents in its possession, custody, or control, including any documents that PTSI has the legal right to obtain upon demand from its parent, Pegatron Corporation. *See, e.g.*, *Sharma v. BMW of North America LLC*, No. 13-cv-02274 MMC (KAW), 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016) (summarizing applicable standard). The documents, including ESI, must be produced in a form that is complete and legible.

2.  Because PTSI has asserted a claim for *Brandt* fees, PTSI must produce its unredacted legal invoices reflecting the amounts sought to be recovered. *See R&R Sails, Inc. v. Ins. Co. of the State of Penn.*, 673 F.3d 1240 (9th Cir. 2012); *Yahoo! Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 5:17-cv-00489-EJD, Dkt. No. 131 (N.D. Cal. Feb. 19, 2019); *Nationwide Mut. Ins. Co. v. Ryan*, No. 12-cv-05000-JST, 2014 WL 12709392 (N.D. Cal. Apr. 14, 2014). PTSI must produce these invoices by **June 7, 2019**.

3.  The Court denies AGLIC's request to compel PTSI-Vendor communications and the PTSI-Vendor joint defense agreement. Given PTSI's representation that it is prepared to stipulate that it will not assert at trial that any portion of the settlement amount paid by Vendor to resolve PTSI's indemnity claim was consideration for something else, the Court concludes that the discovery PTSI seeks is not relevant to a claim or defense or proportional to the needs of this case, at least to the extent AGLIC contends the discovery is required to demonstrate that Vendor's payment to PTSI should serve as an offset to any claim by PTSI against AGLIC in this case. AGLIC made additional arguments in support of this discovery at the hearing, but these arguments were not made in the joint submission and appeared to be based on unsupported speculation about the contents of the communications.

**IT IS SO ORDERED.**

Dated: June 3, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

2