Mark R. Figueiredo, Esq. (SBN 178850)
mrf@structurelaw.com
Austin T. Jackson, Esq. (SBN 312698)
ajackson@structurelaw.com
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Non-Parties
Pegatron Corporation and Pegatron USA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re APPLE INC. SECURITIES LITIGATION | CASE NO. 4:19-cv-02033-YGR (JCS) |
|---|---|
| | **DECLARATION OF AUSTIN T. JACKSON IN SUPPORT OF PEGATRON CORPORATION AND PEGATRON USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL SUBPOENA** |
| | Date:  March 26, 2021<br>Time:  9:30 a.m.<br>Dept:  Zoom<br>Judge: Hon. Joseph C. Spero |

I, Austin T. Jackson, declare as follows:

1. I am an attorney at the law firm of Structure Law Group, LLP, attorneys for Non-Parties Pegatron Corporation and Pegatron USA, Inc. in this action. I make this declaration in Support of Pegatron's Opposition to Plaintiff's Motion to Compel Subpoena. The facts stated herein are true of my knowledge except as to matters stated on information and belief, which I believe to be true. If called upon, I could and would competently testify thereon.

2. In December of 2020 Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") improperly served a subpoena to produce documents on Pegatron Corporation at Pegatron Technology Services, Inc.'s ("PTSI") Elk Grove

- 1 -

facility. Attached hereto as **Exhibit A** is a true and correct copy of the subpoena served on Pegatron Corporation at PTSI's Elk Grove facility.

3. In or around the same time, Plaintiff improperly served a subpoena on the improperly named Pegatron Corporation d/b/a Pegatron USA, Inc. at Pegatron USA, Inc.'s ("PGUSA") Fremont location. Attached hereto as **Exhibit B** is a true and correct copy of the subpoena served on PGUSA at its Fremont location.

4. On December 29, 2020 my office timely served a letter objecting to the service of Pegatron Corporation at PTSI's Elk Grove Facility, as well as improper service on PGUSA. Both Pegatron Corporation and PGUSA also objected to these requests on the grounds that (1) the documents sought are not reasonably accessible, (2) the documents or records are obtainable from another source that is less burdensome, expensive or more convenient (i.e. Apple), (3) the burden of producing the records or documents outweigh the likely benefit, (4) the request use vague and ambiguous terms such as "components", "analysis, monitoring, or tracking", "actual, expected, contingent or stand-by production volume or capacity", and "economic conditions and consumer spending." Pegatron Corporation and PGUSA also objected that the requests sought documents or records that are proprietary, confidential, or trade secrets. These objections were of serious concern to both Pegatron Corporation and PGUSA because the requests were so broad and sought communications with suppliers that are arguably irrelevant and likely would include confidential information like pricing and other confidential information. Attached hereto as **Exhibit C** is a true and correct copy of the December 29, 2020 letter sent from my office to Plaintiff.

5. During the meet and confer process, I spoke with counsel from Apple regarding the case and the status of discovery in the underlying action. I was informed on this call that Apple and Plaintiff were still in the process of determining a relevant time frame for discovery purposes and that it should not extend through the entire year.

6. On January 7, 2021, I had a call with Plaintiff's counsel to discuss the objections raised in **Exhibit C**. The call was a short call and Plaintiff's counsel focused primarily on the position that service on PGUSA was proper. Attached hereto as **Exhibit D** is a true and correct

DECLARATION OF A. T. JACKSON ISO PEGATRON'S OPPOSITION TO PLAINTIFF'S MTC SUBPOENA

copy of the email thread between myself and Plaintiff's counsel. On January 8, 2021, Plaintiff's counsel then sent a letter further explaining the case law. Attached hereto as **Exhibit E** is a true and correct copy of the letter from Plaintiff's counsel.

7. On January 19, 2021, in response to Plaintiff's January 8, 2020 letter, my office responded to Plaintiff's letter explaining that the court has been clear that Rule 45 applies to the service of subpoenas and it ultimately comes down to whether the foreign owned subsidiary has control over the documents sought. Attached hereto as **Exhibit F** is a true and correct copy of the letter my office sent to Plaintiff's counsel.

8. PTSI's agent for service of process has been listed on the secretary of state website for the relevant periods of time. Specifically, the subpoenas were served in December of 2020 and PTSI had a filing identifying its agent for service of process dating back to August of 2020, four months prior. Attached hereto as **Exhibit G** is a true and correct copy of the Statement of Information filed on August 26, 2020 identifying the agent for service of process.

9. Plaintiff never raised the arguments regarding Pegatron Corporation being served via PTSI and PGUSA during the meet and confer process and thus should not be considered. A review of the letters that were exchanged as well as the joint letter filed with this Court will show that this is the first time Plaintiff has made the argument that PTSI, Sabrina Guinn, and PGUSA are "general managers" for Pegatron Corporation. In fact, in Plaintiff's footnote to the joint letter filed with this Court, Plaintiff states that it can "draw a connection between Pegatron Corporation and Pegatron USA, and between Pegatron and Apple", but nowhere did they make the argument that there is a connection between Pegatron Corporation and PTSI sufficient to allow service on Pegatron Corporation via PTSI or even that Pegatron Corporation was served via PTSI.

10. dated January 21, 2021 Plaintiff's counsel informed Pegatron Corporation and PGUSA's counsel that they intended to seek judicial intervention and still maintained that service was proper, but never discussed any of the objections raised in Pegatron Corporation or PGUSA's December 29, 2020 letter.

11. On February 3, 2021, Plaintiff and my office filed a joint discovery letter with this Court identifying the issues to be resolved. Nowhere in this joint letter did Plaintiff's counsel

- 4 -

argue that Pegatron Corporation was served via PTSI, Sabrina Guinn, or PGUSA. Further, nowhere in this joint letter did Plaintiff's counsel mention the objections raised in the December 29, 2020 letter. On the other hand, my office dedicated valuable space to argue the overly broad and unduly burdensome nature of the requests. Attached hereto as **Exhibit H** is the joint discovery letter submitted to this Court.

12. In the event the Court determines that PGUSA or Pegatron Corporation should be compelled to produce the documents sought in the subpoenas, it will be a significant expense. We have received a quote from Fronteo estimating a project of this size would cost somewhere between $300,000 and $400,000. Fronteo based this quotation on the fact that Pegatron Corporation is a multi-million-dollar company with over 7,000 employees. These numbers are based on estimates and would likely fluctuate once Fronteo is retained and begins searching for responsive documents. Attached here to as **Exhibit I** is a true and correct copy of the quote provided by Fronteo.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of March 2021.

                            /s/ Austin T. Jackson
                            Austin T. Jackson