# Exhibit C



Austin T. Jackson, Esq.
ajackson@structurelaw.com

December 29, 2020

*Via First Class Mail and E-Mail*

Shawn A. Williams, Esq. (shawnw@rgrdlaw.com)
Kenneth J. Black, Esq. (KennyB@rgrdlaw.com)
Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, CA 940104

   Re: *Subpoena to Non-Parties Pegatron Corporation, a Taiwanese Corporation and Pegatron USA, Inc.*
     *In re Apple Inc. Securities Litigation*
     *Case No. 4:19-cv-020233-YGR*

Dear Counsel:

  We are in receipt of your subpoenas to Pegatron Corporation and Pegatron USA, Inc. (incorrectly named as Pegatron Corporation d/b/a Pegatron USA, Inc.). Pegatron Corporation and Pegatron USA, Inc. are collectively referred to herein as "Pegatron". Pegatron timely objects to your subpoenas for the reasons set forth below. In addition, Pegatron reserves the right to interpose additional objections to your subpoenas at any time and by responding with this letter Pegatron does not waive and expressly reserves all of its rights.

  As an initial matter, it appears that you have improperly served a subpoena on Pegatron Corporation at 3011 Laguna Boulevard, Elk Grove, CA 95758. Pegatron Corporation is a Taiwanese company not domiciled in the United Stated and is thus not subject to the jurisdiction of the United States District Court for the Northern District of California. Our office is not authorized to accept service on behalf of Pegatron Corporation. We hereby object to the improper service.

  Pegatron USA, Inc. ("Pegatron USA") further objects to the subpoenas because the requests are vague, overbroad, and unduly burdensome, and may seek irrelevant information. The subpoenas are overbroad as they are not limited in time. Furthermore, several of the requests use vague and ambiguous terms or phrases such as "suppliers," "components," "analysis, monitoring, or tracking," "actual, expected, contingent or stand-by production volume or capacity," and "economic conditions and consumer spending."

  Pegatron USA further objects to the extent that the subpoena seeks documents or records that are (1) not reasonably accessible by Pegatron USA because of undue burden or expense; (2) obtainable from another source that is less burdensome, expensive or more convenient; and (3) unreasonably cumulative or duplicative, or where the likely burden or expense of producing the records or documents outweigh the likely benefit. Specifically, the documents and records sought from the subpoenas are available from a source less burdensome than seeking it from Pegatron USA, a third party with no involvement in the litigation. *See Calcor Space Facility, Inc. v. Superior Court,* 53 Cal. App. 4th 216, 224-225 (1997) (holding that "[a]s between parties to litigation and nonparties, the burden of discovery should be placed on the latter only if the former does not possess the material sought to be discovered.")

Shawn A. Williams, Esq.
Kenneth J. Black, Esq.
December 29, 2020
Page 2

      Pegatron USA also objects to the subpoena to the extent it requests documents or records that are proprietary, confidential, or trade secrets of Pegatron USA or other third parties. Pegatron USA also objects to the definition of "YOU" and "YOUR" to the extent it is seeking documents or information that is covered by the attorney-client, work product, or any other privilege or doctrine protecting disclosure of information.

      Lastly, the records and documents sought in the subpoena are not within the possession, custody or control of Pegatron USA.

      We are hopeful that this letter will suffice. However, after reviewing the letter, please feel free to contact us in the event you have questions or would like to discuss further.

      Sincerely,

      STRUCTURE LAW GROUP, LLP

      Austin T. Jackson, Esq.

cc:    Melinda Haag, Esq.
       James Neil Kramer, Esq.
       Alexander K. Talarides, Esq.