# Exhibit D

| | |
|---|---|
| **From:** | Kenny Black |
| **To:** | Austin Jackson |
| **Cc:** | Mark Figueiredo; Hadiya Deshmukh |
| **Subject:** | Re: Subpoenas to Non-Parties Pegatron Corporation, a Taiwanese Corporation and Pegatron USA, Inc. - In Re Apple Inc. Securities Litigation |
| **Date:** | Thursday, January 7, 2021 11:24:42 AM |
| **Attachments:** | image001.png |

Dear Austin,

Thank you for taking the time to talk with us this morning.

As we discussed, here is some of the caselaw we rely on for the proposition that a foreign entity can be served via a US subsidiary.

First, the Supreme Court has established the general proposition that service can be made on subsidiaries, according to state law. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988). The concurrence actually puts it most clearly: "a litigant may… serve process on a foreign corporation by serving its wholly owned domestic subsidiary, because such process is not "service abroad"." *Id.* at 708.

California state law, in turn, "allows service on a foreign corporation by serving its domestic subsidiary." *U.S. ex rel. Miller v. Pub. Warehousing Co. KSC*, 636 F. App'x 947, 949 (9th Cir. 2016). The Ninth Circuit identified two overarching factors in California state law to consider: 1) "the parent corporation [i]s foreign and otherwise not readily available in for service within California"; and 2) there is a "sufficiently close relationship connection with the parent." *Id.*

As we mentioned on the call, we believe that these factors are met for the entities we have already served, but feel free to review the caselaw (the 9th Cir. opinion above has some helpful discussion and cites) and let us know if you believe another subsidiary would be a more appropriate entity to serve.

Best,
Kenny

**From:** Kenny Black
**Sent:** Monday, January 4, 2021 11:47:22 AM
**To:** Austin Jackson
**Cc:** Mark Figueiredo; Hadiya Deshmukh
**Subject:** Re: Subpoenas to Non-Parties Pegatron Corporation, a Taiwanese Corporation and Pegatron USA, Inc. - In Re Apple Inc. Securities Litigation

Thanks Austin, we look forward to talking to you then.

**From:** Austin Jackson <ajackson@structurelaw.com>
**Sent:** Monday, January 4, 2021 11:43:43 AM
**To:** Kenny Black
**Cc:** Mark Figueiredo; Hadiya Deshmukh
**Subject:** RE: Subpoenas to Non-Parties Pegatron Corporation, a Taiwanese Corporation and Pegatron USA, Inc. - In Re Apple Inc. Securities Litigation

Hi Kenny,

9:30 AM  Pacific works for me. Please call the number in my signature line.

Regards,

Austin Jackson
**Structure Law Group, LLP**
1754 Technology Drive, Suite 135
San Jose, CA  95110
408-441-7500 phone
408-441-7501 facsimile

Website: www.structurelaw.com
Blog: www.sanjosebusinesslawyersblog.com



This E-mail is an electronic communication under the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the intended recipient.  This E-mail may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than then the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.   Any review or distribution by others is strictly prohibited.  If you are not the intended recipient, please contact the sender by return electronic mail and delete all copies of this communication.
Pursuant to requirements set forth in U.S. Treasury Regulation Circular 230, Section 10.35, you are informed that this written advice is not intended or written to be used and cannot be used for the purpose of avoiding tax penalties that may be imposed under the Internal Revenue Code.  Furthermore, additional tax issues may exist that could affect the tax treatment of the transaction and this correspondence does not consider or provide a conclusion with respect to any additional issues.

---

**From:** Kenny Black <KennyB@rgrdlaw.com>
**Sent:** Monday, January 4, 2021 11:42 AM
**To:** Austin Jackson <ajackson@structurelaw.com>
**Cc:** Mark Figueiredo <mrf@structurelaw.com>; Hadiya Deshmukh <HDeshmukh@rgrdlaw.com>
**Subject:** Re: Subpoenas to Non-Parties Pegatron Corporation, a Taiwanese Corporation and Pegatron USA, Inc. - In Re Apple Inc. Securities Litigation

Hi Austin,

Would 9:30am Pacific work for you on Thursday?  I think we're generally free outside of 11am-Noon so feel to propose another time.

Best,
Kenny

**From:** Austin Jackson <ajackson@structurelaw.com>
**Sent:** Monday, January 4, 2021 11:35:37 AM
**To:** Kenny Black
**Cc:** Mark Figueiredo; Hadiya Deshmukh
**Subject:** RE: Subpoenas to Non-Parties Pegatron Corporation, a Taiwanese Corporation and Pegatron USA, Inc. - In Re Apple Inc. Securities Litigation

Hi Kenny,

Unfortunately, I am unavailable Wednesday afternoon. I am generally available on Thursday if any times work for you then.

Regards,

Austin Jackson
**Structure Law Group, LLP**
1754 Technology Drive, Suite 135
San Jose, CA  95110
408-441-7500 phone
408-441-7501 facsimile

Website: www.structurelaw.com
Blog: www.sanjosebusinesslawyersblog.com



This E-mail is an electronic communication under the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the intended recipient.  This E-mail may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than then the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.   Any review or distribution by others is strictly prohibited.  If you are not the intended recipient, please contact the sender by return electronic mail and delete all copies of this communication.
Pursuant to requirements set forth in U.S. Treasury Regulation Circular 230, Section 10.35, you are informed that this written advice is not intended or written to be used and cannot be used for the purpose of avoiding tax penalties that may be imposed under the Internal Revenue Code.  Furthermore, additional tax issues may exist that could affect the tax treatment of the transaction and this correspondence does not consider or provide a conclusion with respect to any additional issues.

**From:** Kenny Black <KennyB@rgrdlaw.com>
**Sent:** Wednesday, December 30, 2020 11:29 AM
**To:** Austin Jackson <ajackson@structurelaw.com>
**Cc:** Mark Figueiredo <mrf@structurelaw.com>; Hadiya Deshmukh <HDeshmukh@rgrdlaw.com>
**Subject:** Re: Subpoenas to Non-Parties Pegatron Corporation, a Taiwanese Corporation and Pegatron USA, Inc. - In Re Apple Inc. Securities Litigation

Dear Counsel,

We have received your response and would like to briefly discuss with you.  I will propose next Wednesday, January 6, at 1pm Pacific, but feel free to propose another date or time.

Best,
Kenny

---

**From:** Austin Jackson <ajackson@structurelaw.com>
**Sent:** Tuesday, December 29, 2020 3:58:25 PM
**To:** Shawn Williams; Kenny Black
**Cc:** Mark Figueiredo
**Subject:** Subpoenas to Non-Parties Pegatron Corporation, a Taiwanese Corporation and Pegatron USA, Inc. - In Re Apple Inc. Securities Litigation

Counsel:

Please find attached correspondence.

Regards,

Austin Jackson
**Structure Law Group, LLP**
1754 Technology Drive, Suite 135
San Jose, CA  95110
408-441-7500 phone
408-441-7501 facsimile

Website: www.structurelaw.com
Blog: www.sanjosebusinesslawyersblog.com



This E-mail is an electronic communication under the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the intended recipient.  This E-mail may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than then the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.   Any review or distribution by others is strictly prohibited.  If you are not the intended recipient, please contact the sender by return electronic mail and delete all copies of this communication.
Pursuant to requirements set forth in U.S. Treasury Regulation Circular 230, Section 10.35, you are informed that this written advice is not intended or written to be used and cannot be used for the purpose of avoiding tax penalties that may be imposed under the Internal Revenue Code.  Furthermore, additional tax issues may exist that could affect the tax treatment of the transaction and this correspondence does not consider or provide a conclusion with respect to any additional issues.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.