# Exhibit F



AUSTIN T. JACKSON, ESQ.
ajackson@structurelaw.com

January 19, 2021

*Via First Class Mail and E-Mail*

Shawn A. Williams, Esq. (shawnw@rgrdlaw.com)
Kenneth J. Black, Esq. (KennyB@rgrdlaw.com)
Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, CA 940104

> Re: **Subpoena to Non-Parties Pegatron Corporation, a Taiwanese Corporation and Pegatron USA, Inc.**
> ***In re Apple Inc. Securities Litigation***
> ***Case No. 4:19-cv-020233-YGR***

Dear Mr. Black:

As you recall this law firm represents non-parties Pegatron Corporation and Pegatron USA, Inc. We received your January 8, 2021 letter providing case law to support your position that Pegatron USA, a domestic subsidiary owned by a foreign parent company, is required to produce documents that are not in its possession, custody, or control. Pegatron USA is in the business of providing technical support and business coordination to existing customer and it is in no way involved in the carrying out the sales or product development of Pegatron Corporation. Further none of Pegatron USA's employees are working with and has never had any contact with Apple as a Pegatron Corporation client. As such, the documents sought by your client's subpoena are not within the possession, custody, or control of Pegatron USA.

Your letter relies on two cases to support the position that Pegatron USA should be required to produce the documents sought from your client's subpoena, however these cases deal with service of process and not service of a subpoena. Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure ("FRCP"), whereas service of a subpoena is governed by Rule 45 of the FRCP. In fact, the Advisory Committee Notes to Rule 4 specifically state, "Service of subpoenas is governed by Rule 45, and the service of summonses and complaints is governed by Rule 4."

First, Courts have held that a "Significant differences exists between service of process and services of a subpoena duces tecum on a non-party." (*Viasat, Inc. v. Space Systems/Loral, LLC* S.D. Cal., June 30, 2014, No. 13-CV-2074-H (WVG)) 2014 WL 12577593.) The Court in *Viasat* specifically stated, "The Court declines to rely on a Rule 4 analysis in the context of service of a subpoena on a non-party foreign corporation." Further, courts have construed the service requirement of subpoena pursuant to FRCP 45 more narrowly than service of process pursuant to FRCP 4. (*Fujikura Ltd. v. Finisar Corporation* (N.D. Cal., Oct. 5, 2015, No. 15MC80110HRLJSC) 2015 WL 5782351.)

Kenneth J. Black, Esq.
January 19, 2021
Page 2

Next, Courts have held that control is not defined only as having possession of the documents sought, but also as having a legal right to access the documents sought. There are several cases establishing that a domestic subsidiary is not required to produce documents to which it has no legal right. (See *Linde v. Arab Bank, PLC* (E.D.N.Y. 2009) 262 F.R.D. 136, 150; *see also, Viasat, Inc. v. Space Systems/Loral, LLC* (S.D. Cal., June 30, 2014, No. 13-CV-2074-H (WVG)) 2014 WL 12577593; *see also ASUSTeK Computer Inc. v. Round Rock Research, LLC* (N.D. Cal., Nov. 12, 2013, No. 12-CV-02099 JST (NC)) 2013 WL 6000992).) "Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. The rule provides that a party may command a non-party to testify at a deposition and 'produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control.' Fed.R.Civ.P. 45(a)(1)(A)(iii). Control is defined as 'the legal right to obtain required documents on demand.'" *United States v. Int'l Union of Petroleum & Indus. Workers,* 870 F.2d 1450, 1452 (9th Cir.1989). "The party seeking production of the documents ... bears the burden of proving that the opposing party has such control." (*Id.*) Here, Pegatron USA is a domestic subsidiary owned by a foreign parent company that is in the business of providing technical support and business coordination to existing customers, does not have access to or the need to access the documents sought in your client's subpoena.

In *ASUSTek*, Round Rock attempted to serve a subpoena pursuant to FRCP 45 on PixArt USA, a California corporation that is a wholly owned subsidiary of PixArty Imaging, Inc. of Taiwan. The court in *ASUSTek* provides that FRCP 45 governs discovery of non-parties by subpoena, specifically the production of documents in that person's possession, custody, or control. The court defines control as the legal right to obtain required documents on demand. (*Id.*) The court went on to provide that the party seeking production of the documents bears the burden of proving that the opposing party has such control over the documents. (*Id.*) The court in *ASUSTek*, ultimately ruled that because Round Rock was unable to provide any evidence to prove that PixArt USA had any legal right to request the documents held by its parent in Taiwan. Here, as explained at length above, the documents sought are not in the control of Pegatron USA and Pegatron USA does not have access to, has no reason to access, and has no legal right to the documents sought by your client's subpoena.

\*\*\*

Kenneth J. Black, Esq.
January 19, 2021
Page 3

Ultimately, the subpoena served by your client is governed by FRCP 45 and courts have continuously declined to follow a Rule 4 analysis for service of a subpoena on a non-party. Further, Pegatron USA is in the business of providing technical support and business coordination to existing customer and it is in no way involved in the carrying out of the sales or product development of Pegatron Corporation. Further, no Pegatron USA employee has or has had contact with Apple as a Pegatron Corporation client. Based on the foregoing, Pegatron USA has no possession, custody, or control over the documents sought by your client's subpoena. We are hopeful that this letter will suffice. However, after reviewing the letter, please feel free to contact us in the event you have questions or would like to discuss further.

Sincerely,

STRUCTURE LAW GROUP, LLP

Austin T. Jackson, Esq.