# Exhibit H

**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Kenneth J. Black
kennyb@rgrdlaw.com

February 1, 2021

The Honorable Yvonne Gonzalez Rogers
United States District Judge
United States District Court
 for the Northern District of California
Courtroom 1, 4th Floor
1301 Clay Street, Oakland, CA 94612

Re:  *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR (N.D. Cal.)

Dear Judge Gonzalez Rogers:

Pursuant to this Court's Standing Order in Civil Cases, Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and non-party Pegatron Corporation and Pegatron USA, Inc. (collectively, "Pegatron") respectfully submit the following dispute concerning service of Plaintiff's subpoenas under Federal Rule of Civil Procedure 45. The parties attest that they have met and conferred in good faith and cannot reach a resolution.

## PLAINTIFF'S POSITION

**A. Plaintiff Properly Served Pegatron, However, to Avoid Production, Pegatron Improperly Refused Service**

Pegatron is alleged to be a key iPhone manufacturer who was reportedly directed to reduce production during the class period. ECF No. 114, ¶¶68-69; ECF No. 110 at 41 ("Apple told its biggest manufacturers, Foxconn and P[e]gatron, to halt plans for additional production lines"). Accordingly, documents in Pegatron's possession are likely highly relevant.

On December 14 and December 17, 2020, Plaintiff served the same subpoenas on non-parties Pegatron Corporation ("Pegatron Co.," the Taiwanese parent corporation) and Pegatron USA, Inc. ("Pegatron USA," its domestic subsidiary), respectively, seeking document production under Rule 45. Plaintiff served Pegatron Co. at its offices at 2811 Laguna Boulevard, Elk Grove, CA 95758. Service was accepted by Manager Sabrina Guinn. Plaintiff served Pegatron USA at its registered agent Ing Tsau Ciu at 39150 Paseo Padre Parkway, Suite, 380, Fremont, CA 94538. Service was accepted by Accounting Manager Rebecca Chen. This effectuated proper service on both.

On December 29, 2020, outside counsel for Pegatron objected on behalf of both entities (referring to the two collectively as "Pegatron.") In meet and confers and correspondence, counsel for Pegatron stated that Pegatron Co., as a foreign entity, was immune from service, Pegatron USA was not properly served because it does not possess the requested documents, and no other Pegatron entity could be properly served. This letter ensued.

**B. Service Under Rule 45 is Governed by Standard Procedures Under Rule 4 and the Rest of the Federal Rules, and Pegatron's Arguments to the Contrary Have Been Broadly Rejected**

Service of a foreign corporation at its U.S.-based operations can constitute valid service. *See, e.g.*, *In re Jee*, 104 B.R. 289, 293 (Bankr. C.D. Cal. 1989) (a foreign "corporation is amenable

**Robbins Geller Rudman & Dowd LLP**

The Honorable Judge Yvonne Gonzalez Rogers
February 1, 2021
Page 2

to service," including "a subpoena *duces tecum* . . . pursuant to Rule 45," "in any forum within which the corporation has sufficient minimum contacts").[1] Here, Plaintiff served Pegatron Co. at its office stationed in, or adjacent to, an Apple Inc. ("Apple") facility, which Apple lists on its website as its supplier Pegatron's location. Pegatron Co. may be foreign, but its presence here is significant and it states no reason why this does not constitute proper service.

Service of a foreign corporation via service of its U.S.-based subsidiary is also appropriate. *See U.S. ex rel. Miller v. Pub. Warehousing Co. KSC*, 636 F. App'x 947, 949 (9th Cir. 2016) (California law "'allows service on a foreign corporation by serving its domestic subsidiary'" if there is a "sufficiently close connection with the parent"). Here, Pegatron Co.'s 2019 Annual Report describes Pegatron USA as a "[s]ales and repair service center in North America."[2] Pegatron USA has not claimed an insufficiently close relationship with its parent corporation to accept service. Thus, even if service of Pegatron Co. was insufficient (and it is not), service via its subsidiary is proper.

Pegatron's objection to service relies on one outlier opinion, *Viasat, Inc. v. Space Sys./Loral, LLC*, 2014 WL 12577593 (S.D. Cal. June 30, 2014), to establish a purported distinction between service under Rule 4 and Rule 45. But more recently that court explained: "Rule 45 does not specify what constitutes personal service on a corporation in the United States or in a foreign country. To fill this gap, courts have relied upon the service of process requirements on corporations set forth in Rule 4." *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, 2018 WL 2387580, at *3 (S.D. Cal. May 24, 2018). Courts in the circuit and across the country agree.[3] Thus, the argument that Pegatron USA was not properly served is baseless.

Plaintiff hereby moves the Court to compel Pegatron to accept service of Plaintiff's subpoena for the production of documents and confer in good faith concerning their production.

---

[1] All citations and footnotes omitted and emphasis added unless otherwise indicated.

[2] Were the Court to look to control in connection with service (or Pegatron's anticipated refusal to produce), Plaintiff can brief the strong connections between Pegatron Co. and Pegatron USA, and between Pegatron and Apple. *In re Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-02420-YGR, Transcript of Proceedings of the Official Electronic Sound Recording, (N.D. Cal. Oct. 5, 2017) (subpoena to subsidiary of Taiwanese company proper under similar facts).

[3] *See Paisley Park Enterpr., Inc. v. Boxill*, 2019 WL 1036059, at *3 (D. Minn. Mar. 5, 2019) (same); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009) (same); *see, e.g.*, *U.S. v. Richards*, 892 F.2d 1047 (9th Cir. 1989) (corporate officer "authorized by Rule 4(d)(3) to accept service of the subpoena *duces tecum*").

**Robbins Geller Rudman & Dowd LLP**

The Honorable Judge Yvonne Gonzalez Rogers
February 1, 2021
Page 3

## PEGATRON'S POSITION

On December 11, 2020, Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") improperly served a subpoena to produce documents on non-parties Pegatron Corporation ("Pegatron") and Pegatron USA, Inc. ("PGUSA").

I. <u>Improper Service on Pegatron Corporation.</u>

As an initial matter, Plaintiff has improperly served the subpoena on Pegatron at 3011 Laguna Boulevard, Elk Grove, CA 95758. Pegatron is a Taiwanese company not domiciled in the United Stated and is thus not subject to the jurisdiction of the United States District Court for the Northern District of California.

II. <u>Plaintiff's Counsel Improperly Rely on Cases Analyzing Service of Process Pursuant to Rule 4 and Not Service of a Subpoena Pursuant to Rule 45.</u>

Plaintiff improperly relies on two cases to support the position that PGUSA should be required to produce the documents not in its control. The cases Plaintiff relies on deal with service of process and not service of a subpoena. Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure ("FRCP"), whereas service of a subpoena is governed by Rule 45 of the FRCP. In fact, the Advisory Committee Notes to Rule 4 specifically state, "Service of subpoenas is governed by Rule 45, and the service of summonses and complaints is governed by Rule 4." Courts have held that a "Significant differences exists between service of process and services of a subpoena duces tecum on a non-party." (*Viasat, Inc. v. Space Systems/Loral, LLC* S.D. Cal., June 30, 2014, No. 13-CV-2074-H (WVG)) 2014 WL 12577593.) The Court in *Viasat* specifically stated, "The Court declines to rely on a Rule 4 analysis in the context of service of a subpoena on a non-party foreign corporation." Further, courts have construed the service requirement of subpoena pursuant to FRCP 45 more narrowly than service of process pursuant to FRCP 4. (*Fujikura Ltd. v. Finisar Corporation* (N.D. Cal., Oct. 5, 2015, No. 15MC80110HRLJSC) 2015 WL 5782351.)

III. <u>PGUSA is Not Required to Produce the Documents Sought Because the Documents Are Not In the "Control" of PGUSA.</u>

PGUSA, is a non-party, domestic subsidiary owned by a foreign parent company. PGUSA is in the business of providing technical support and business coordination to certain existing Pegatron customers and it is in no way involved in the carrying out the sales or product development of Pegatron. In fact, none of PGUSA's employees have ever worked with nor had any contact with Apple as a Pegatron client during the relevant periods. As such, the documents sought by the subpoena are not within the possession, custody, or control of PGUSA.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Judge Yvonne Gonzalez Rogers
February 1, 2021
Page 4

Courts have consistently held that control is not defined only as having possession of the documents sought, but also as having a legal right to access the documents sought. There are several cases establishing that a domestic subsidiary is not required to produce documents to which it has no legal right. (See *Linde v. Arab Bank, PLC* (E.D.N.Y. 2009) 262 F.R.D. 136, 150; *see also, Viasat, Inc. v. Space Systems/Loral, LLC* (S.D. Cal., June 30, 2014, No. 13-CV-2074-H (WVG)) 2014 WL 12577593; *see also ASUSTeK Computer Inc. v. Round Rock Research, LLC* (N.D. Cal., Nov. 12, 2013, No. 12-CV-02099 JST (NC)) 2013 WL 6000992).) "FRCP 45 governs discovery of non-parties by subpoena. The rule provides that a party may command a non-party to testify at a deposition and produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. Control is defined as the legal right to obtain required documents on demand." *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir.1989). "<u>The party seeking production of the documents ... bears the burden of proving that the opposing party has such control.</u>" (Emphasis Added) (*Id.*) Here, Pegatron USA is a domestic subsidiary owned by a foreign parent company and is in the business of providing technical support and business coordination to certain existing customers of Pegatron, does not have access to, need to access, or have a legal right to the documents sought in your client's subpoena.

In *ASUSTek*, Round Rock attempted to serve a subpoena pursuant to FRCP 45 on PixArt USA, a California corporation that is a wholly owned subsidiary of PixArty Imaging, Inc. of Taiwan. The court in *ASUSTek* provides that FRCP 45 governs discovery of non-parties by subpoena, specifically the production of documents in that person's possession, custody, or control. The court went on to provide that the party seeking production of the documents bears the burden of proving that the opposing party has such control over the documents. (*Id.*) The court in *ASUSTek*, ruled that because Round Rock was unable to provide any evidence to prove that PixArt USA had any legal right to request the documents held by its parent in Taiwan. Similarly, here, the documents sought are not in the control of PGUSA and PGUSA does not have access to, has no reason to access, and has no legal right to the documents sought by the subpoena. Plaintiff has not provided a shred of evidence to carry its burden to prove that PGUSA is in control of the documents.

IV.  <u>Even If PGUSA Was in Control of the Documents Sought—Which It Is Not—The Documents Sought are Overly Burdensome, Irrelevant, and Confidential.</u>

The subpoena seeks documents that creates an unnecessary burden on the non-parties, are irrelevant to the pending action, and are confidential and proprietary. FRCP Rule 45(d)(1) requires parties issuing a subpoena to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." The "scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b)." *Genus Lifesciences Inc. v. Lannett Co.*, 2019 WL 7313047 (N.D. Cal. Dec. 30, 2019). As such, the court must limit discovery if it

**Robbins Geller Rudman & Dowd LLP**

The Honorable Judge Yvonne Gonzalez Rogers
February 1, 2021
Page 5

determines that "the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.*; *see also* FRCP Rule 26(b)(2)(c)(i). In *Genus Lifesciences*, the court quashed a non-party subpoena as unduly burdensome where the plaintiff had not first requested the materials from the opposing party in way that would be more convenient and less burdensome.

Here, the documents sought can be obtained through Apple, Inc, which is a party to this action. Plaintiffs have provided no grounds to support why PGUSA should be required to search its parent company's database for nearly an entire year's worth of documents dating back to February 1, 2018. In fact, Plaintiffs and Apple are currently in dispute over what time frame is relevant and what documents would actually be relevant to the case at hand. Furthermore, the documents sought that would not be in Apple's control is irrelevant to the issues of this case because it seeks documents relating Apple competitors and suppliers. Lastly, the documents sought are proprietary and confidential to the extent the subpoena seeks documents containing Pegatron and PGUSA's analysis on the smart phone market as well as communications with suppliers.

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP          STRUCTURE LAW GROUP, LLP
  RUDMAN & DOWD LLP


By:   /s/ Kenneth J. Black                By:   /s/ Austin T. Jackson
      KENNETH J. BLACK                          AUSTIN T. JACKSON

KJB:lls

### Certificate Pursuant to Local Rule 5-1(i)(3)

I, Kenneth J. Black, am the ECF user whose identification and password are being used to file the Discovery Letter Brief. In compliance with Local Rule 5-1(i)(3), I hereby attest that Austin T. Jackson has concurred in this filing.

Dated: February 1, 2021

                                                          /s/ Kenneth J. Black
                                                          KENNETH J. BLACK

4829-8599-9578.v1

**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 1, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Kenneth J. Black
KENNETH J. BLACK
ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: kennyb@rgrdlaw.com

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,johnson@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,fmalonzo@labaton.com,6312349420@filings.docketbird.com

- **Tor Gronborg**
  torg@rgrdlaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomla

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,lpina@labaton.com,jchristie@labaton.com,acoquin@labaton.com,fmalonzo@lab

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,cbarrett@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtd

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)