# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| In re Apple Inc. Securities Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:19-cv-02033-YGR |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Pegatron Corporation d/b/a Pegatron USA, Inc.
c/o Ing Tsau Chiu, 39510 Paseo Padre Parkway, Suite 380, Fremont, CA 94538

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: ROBBINS GELLER RUDMAN & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104 | Date and Time:<br>January 11, 2021 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 11, 2020

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund , who issues or requests this subpoena, are:
Kenneth J. Black, Robbins Geller Rudman & Dowd LLP, Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, CA 94104, kennyb@rgrdlaw.com 415/288-4545

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-02033-YGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## (Pegatron Corporation)

**I.     DEFINITIONS**

This section sets forth specific definitions applicable to certain words and terms used herein. Unless words or terms have been given a specific definition in this section or in a specific request, each word or term used herein shall be given its usual and customary dictionary definition, except where such word or term has a specific customary and usage definition in your trade or industry, in which case it shall be interpreted in accordance with such usual customary and usage definition of which you are aware.

1.     "Action" refers to *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR (N.D. Cal.).

2.     "Apple" or the "Company" means Apple Inc. and any of its predecessors, successors, parents, subsidiaries, divisions, operational units, facilities or affiliates, and their respective present and former officers, directors, agents, attorneys, accountants, employees, partners or other persons acting or purporting to act on behalf of the foregoing.

3.     "Communication" or "communications" means the transmittal or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, telegraph, telex, telecopier, electronic mail or other media. The term "communication(s)" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands or complaints, or press, publicity, public statements or trade releases. The term "communication(s)" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements,

understandings, meetings, notices, requests, responses, demands or complaints, or press, publicity, public statements or trade releases.

4.      "Concerns," "concerning," "regarding" or "relating to" include reflecting, containing, setting forth, pertaining to, recording, disclosing, explaining, describing, evidencing, constituting, summarizing or having any logical or factual connection with the subject matter of the topics.

5.      "Defendants" refer collectively to Apple and the Individual Defendants (defined below).

6.      "Document(s)" is intended to be interpreted in the broadest possible sense under Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence and includes, without limitation, all electronic data, databases and all communications or information which are stored or retrievable or recorded in any manner, and also includes, without limitation, any writing (as "writings" is defined in Federal Rule of Evidence 1001) or other record of information or images, including, without limitation, prints, handwritings, photographs videotapes, films, and recordings (as "recordings" is defined in Federal Rule of Evidence 1001). The term "document(s)" also includes, without limitation, drafts or non-identical copies of any document.

7.      "Electronically stored information" or "ESI" refers to all documents stored electronically, including e-mails, voicemails, instant messages, text messages, documents, spreadsheets, databases, file fragments, metadata, digital images and digital diagrams.

8.      "Employee(s)" refers to any person who at any time acted or purported to act on Apple's behalf or under your supervision, direction or control, including, without limitation, past and current directors, officers, principals, partners, executives, analysts, investment bankers,

15. "Practice(s)," "process(es)" or "procedure(s)" means any rule, policy, directive, program, custom or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded.

16. "Meeting" refers to the contemporaneous presence of any natural persons (including by telephone) for any purpose, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

17. "You" and "your" means Pegatron Corporation, and any of its predecessors, successors, parents, subsidiaries, divisions, operational units, facilities or affiliates, and their respective present and former officers, directors, agents, attorneys, accountants, employees, partners or other persons acting or purporting to act on behalf of the foregoing.

18. "And" and "or" are to be construed both conjunctively and disjunctively as necessary to bring within the scope of these topics all responses that might otherwise be construed to be outside of its scope.

19. "Any" is understood to include and encompass "all." The word "all" also includes "each" and vice versa.

20. The singular shall include the plural, and the disjunctive shall include the conjunctive, and vice versa as necessary to bring within the scope of the topic all responses that must otherwise be construed outside of its scope.

21. The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

**II.   INSTRUCTIONS**

1. All documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile

- 4 -

thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

2. All documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, *i.e.*, documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

3. Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by Plaintiff ***original*** documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4. If production of documents is withheld on the ground of privilege, as to each such withheld document state the following information:

    (a) which privilege is claimed;

    (b) who is asserting the privilege;

    (c) a precise statement of the facts upon which said claim of privilege is based; and

    (d) the following information describing each purportedly privileged document:

        (i) a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

        (ii) a brief description sufficient to identify its subject matter and the purpose of the document;

   (iii)  the date it was prepared;

   (iv)  the date it bears;

   (v)  the date it was sent;

   (vi)  the date it was received;

   (vii)  the identity of the person preparing it;

   (viii)  the identity of the person sending it;

   (ix)  the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

   (x)  a statement as to whom each identified person represented or purported to represent at all relevant times;

   (xi)  all persons to whom its contents have been disclosed; and

   (xii)  a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

  5.  If a portion of any document responsive to these requests is withheld under a claim of privilege pursuant to Instruction 4, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

  6.  If you contend that responding to these requests would impact a privilege claim by a third party, in addition to complying with Instruction No. 4 above, you shall promptly inform such third party of these requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

7. You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 4-6 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

8. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document that are not being produced.

9. If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production, as to each such document state the following information:

    (a) whether the document is missing or lost;

    (b) whether the document has been destroyed;

    (c) whether the document has been transferred or delivered to another person and, if so, at whose request;

    (d) whether the document has been otherwise disposed of; and

    (e) a precise statement of the circumstances surrounding the disposition of the document and the date of disposition.

10. With respect to any category of documents, the production of which you contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

### III. PRODUCTION OF HARD COPY DOCUMENTS – FORMAT

Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat). The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME" and "CUSTODIAN." The documents should be logically unitized (*i.e.*, distinct documents shall not

be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. If an original document contains color, and the color is necessary to understand the meaning or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. Multi-page OCR text for each document should also be provided. The OCR software shall maximize text quality. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

### IV.   PRODUCTION OF ESI

1.   Format: Electronically stored information ("ESI") should be produced in single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet and presentation type files, audio and video files, photo or graphic images, and documents with tracked changes reflected in the metadata, which should be produced in native format. If an original document contains color, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs/JPGs should show any and all text and images that would be visible to the reader using the native software that created the document. For example, TIFFs/JPGs of e-mail messages should include the BCC line.

2.   Format – Native Files: If a document is produced in native format, a single-page, Bates stamped image slip sheet stating the document has been produced in native format should also be provided, with the exception of PowerPoint presentations. PowerPoint documents should be produced in native format along with single-page, 300 DPI TIFF/JPG images which display both the slide and speaker's notes. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using

the NATIVELINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties should meet and confer in good faith.

3. De-Duplication: Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. An e-mail that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an e-mail that does not include content in those fields, even if all remaining content in the e-mail is identical. Removal of near-duplicate documents and e-mail thread suppression is not acceptable. De-duplication should be done across the entire collection (global de-duplication) and the CUSTODIAN-ALL field should list each custodian, separated by a semicolon, who was a source of that document and the FILEPATH-DUP field will list each file path, separated by a semicolon, that was a source of that document. Should the CUSTODIAN-ALL or FILEPATH-DUP metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents should be produced prior to substantial completion of the document production.

4. Technology Assisted Review: Predictive coding/technology-assisted-review shall not be used for the purpose of culling the documents to be reviewed or produced without notifying the requesting party prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

5. Metadata: All ESI shall be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto. The metadata produced should have the correct encoding to enable preservation of the documents' original language.

For ESI other than e-mail and e-docs that do not conform to the metadata listed in Table 1, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.

6. Embedded Objects: Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved. The embedded files should be marked with a "YES" in the load file under the "Is Embedded" metadata field. The parties agree logos need not be extracted as separate documents as long as they are displayed in the parent document.

7. Attachments: If any part of an e-mail or its attachments is responsive, the entire e-mail and attachments should be produced, except any attachments that must be withheld or redacted on the basis of privilege. The parties should meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client or work product privilege. The attachments should be produced sequentially after the parent e-mail. The parties shall use their best efforts to collect and produce documents that are links in e-mails, including but not limited to, Google G Suite, Microsoft O365, etc. Documents extracted from links shall be populated with the BegAttach and EndAttach metadata fields to show the family relationship.

8. Compressed File Types: Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

9. Structured Data: To the extent a response to discovery requires production of electronic information stored in a database, the parties should meet and confer regarding methods of production. Parties should consider whether all relevant information may be provided by

querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

10. Exception Report: The producing party shall compile an exception report enumerating any unprocessed or unprocessable documents, their file type and the file location.

11. Encryption: To maximize the security of information in transit, any media on which documents are produced may be encrypted. In such cases, the producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

12. Redactions: If documents that the parties have agreed to produce in native format need to be redacted, the parties should meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.

## V. RELEVANT TIME PERIOD

Unless otherwise specifically indicated, all requests herein refer to the time period from February 1, 2018 to January 31, 2019, inclusive (the "Relevant Period"), and shall include documents and information that relate to such period, even if prepared or published outside of the Relevant Period. If a document prepared before or after this period is necessary for a correct or complete understanding of any document covered by a request, you must produce the earlier document as well. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the request.

## VI. DOCUMENTS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:

All documents and communications concerning Apple iPhone volume production plans, forecasts, expectations, delays, reductions or cancellations, including such communications

- 12 -

between you and Apple or you and your suppliers of components used for Apple iPhone manufacturing or assembly.

REQUEST FOR PRODUCTION NO. 2:

All documents and communications concerning the analysis, monitoring or tracking of iPhone orders, pre-orders, sales or upgrades, including comparisons to any prior periods, forecasts or expectations.

REQUEST FOR PRODUCTION NO. 3:

All documents and communications concerning economic conditions and consumer spending in Greater China and its impact on your production or assembly of Apple smartphones or smartphones offered by Huawei, Oppo, Vivo and Xiaomi.

REQUEST FOR PRODUCTION NO. 4:

All documents and communications concerning any formal or informal contracts, agreements or arrangements for actual, expected, contingent or stand-by production volume or capacity between you and Apple or you and your suppliers of components used for assembly of Apple products.

REQUEST FOR PRODUCTION NO. 5:

All documents concerning communications with any securities analysts, financial analysts, financial publications, news reporters or journalists concerning production of or demand for Apple's iPhones, including reductions in volume or cancellation of production from Apple.

## TABLE 1: METADATA FIELDS[1]

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008 (Unique ID Parent-Child Relationships) | The Document associated with the last page of the last attachment. |
| VOLUME | VOL001 | The name of CD, DVD or Hard Drive. |
| RECORDTYPE | Options: eMail, Attachment, Scanned Doc, eFile | The record type of a document. |
| SENTDATE | MM/DD/YYYY | The date the e-mail or calendar entry was sent. |
| SENTTIME | HH:MM | The time the e-mail or calendar entry was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| MEETING START DATE | MM/DD/YYYY | Start date of calendar entry |
| MEETING START TIME | HH:MM | Start time of calendar entry |
| MEETING END DATE | MM/DD/YYYY | End date of calendar entry |
| MEETING END TIME | HH:MM | End time of calendar entry |
| FILEPATH | i.e. /JsmithPC/Users/Jsmith/Desktop | The file path from the location in which the document was stored in the usual course of business. This field should be populated for both e-mail and e-files. |
| FILEPATH-DUP | i.e. /JSmith.pst/Inbox /Network Share/Accounting/... /TJohnsonPC/Users/TJohnson/My Documents/... | The file paths from the locations in which the duplicate documents were stored in the usual course of business. This field should be populated for both e-mail and e-files and separated by semicolons. |
| AUTHOR | jsmith | The author of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and e-mail address of the author of an e-mail/calendar item. An e-mail address should always be provided. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail address of the recipient(s) of an e-mail/calendar item. An e-mail address should always be provided for every e-mail if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the copyee(s) of an e-mail/calendar item. An e-mail address should always be provided for every e-mail if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the blind copyee(s) of an e-mail or calendar item. An e-mail address should always be provided for every e-mail if a blind copyee existed. |
| SUBJECT | | The subject line of the e-mail/calendar item. |
| MESSAGE TYPE | Appointment, Contact, Task, Distribution List, Message, etc. | An indication of the email system message type. |
| IMPORTANCE | Normal, Low, High | E-mail Importance Flag |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| SOURCE | Computer, Mobile Phone, Email, Network Share, Database Name, etc. | The source from which the document was collected. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| TRACK CHANGES | Yes or No | The yes/no indicator of whether tracked changes exist in the file. |
| IS EMBEDDED | Yes or No | The yes/no indicator of whether a file is embedded in another document. |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document. The same hash method (MD5 or SHA-1) should be used throughout production. |
| CONVERSATION INDEX | | ID used to tie together e-mail threads. |
| REDACTED | Yes or Blank | If a document contains a redaction, this field will display 'Yes'. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in. **NOTE:** This should be the time zone where the documents were located at time of collection. |
| NATIVELINK | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding bates numbers. **Note:** E-mails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. |

[1] For ESI other than email and e-docs that do not conform to the metadata listed here, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.