Robbins Geller Rudman & Dowd LLP

Boca Raton
Chicago
Manhattan
Melville
Nashville
Philadelphia
San Diego
San Francisco
Washington, D.C.

Daniel J. Pfefferbaum
dpfefferbaum@rgrdlaw.com

**REDACTED**

April 13, 2021

VIA ECF

The Honorable Joseph C. Spero
United States Magistrate Judge
United States District Court
for the Northern District of California
Courtroom F, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR-JCS (N.D. Cal.)

Dear Judge Spero:

Pursuant to this Court's Civil Standing Orders, Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and Defendants Apple Inc., Timothy D. Cook and Luca Maestri (collectively, "Defendants") respectfully submit this joint discovery letter setting forth the parties' dispute concerning custodians of relevant information to be searched by Defendants. The parties have met and conferred in good faith, via video conference, and cannot reach a resolution.[1]

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
RUDMAN & DOWD LLP

By: s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM
Counsel for Lead Plaintiff

ORRICK HERRINGTON & SUTCLIFFE LLP

By: s/ James N. Kramer
JAMES N. KRAMER
Counsel for Defendants

[1] The parties met and conferred on Tuesday, April 6, 2021 by video conference.

**Plaintiff's Position**

**I. Background**

On November 4, 2020, the Court issued its order denying in part Defendants' motion to dismiss. ECF No. 123. On November 23, 2020, Plaintiff served its First Set of Requests for Production of Documents seeking documents concerning, among other things: (i) iPhone volume production plans, order modifications and cancellations; (ii) monitoring of iPhone pre-orders and sales; (iii) iPhone demand and competition in Greater China; (iv) the Company's decision to stop reporting iPhone unit sales; (v) traffic at Apple stores and channel partner stores; (vi) reports of contraction of the smartphone industry; (vii) the impact of U.S.-China trade tensions; and (viii) communication with investors, analysts and media. The parties met and conferred on these requests and, as they closely track Plaintiff's allegations, Defendants agreed to produce responsive documents. More than four months later, however, Apple has yet to make its first production of responsive documents.

The parties have engaged in repeated meet and confers, including over Zoom, to design a reasonable plan for document discovery but Plaintiff's efforts have been met with resistance and delay at every turn. For example, Apple refuses to produce an organizational chart, employee directory or equivalent for the relevant divisions of the Company at issue. And, the parties have been engaged in a months-long negotiation over what should be a non-controversial ESI stipulation.

The dispute currently at issue is custodians. Despite repeated requests to identify whose files were being searched, Plaintiff did not receive Defendants' list until March 22, 2021, at which point Plaintiff learned Apple had unilaterally selected just seven individuals. In response, based upon information obtained through depositions of Apple's corporate representatives and Plaintiff's own research, Plaintiff proposed 16 additional custodians based on their roles, duties and responsibilities. Apple rejected 15 of them, prompting this joint letter to the Court.

**II. Plaintiff's Proposed Additional Custodians Are Necessary to Capture Relevant and Responsive Documents**

Defendants do not dispute that the 15 proposed custodians have relevant information; this alone is sufficient to require production of their documents. *See* Order Re: Discovery Dispute at 2, *Hatamian v. Advanced Micro Devices, Inc.*, No. 4:14-cv-00226-YGR(JSC) (N.D. Cal. Apr. 13, 2016) ("Defendants have failed to establish that [proposed custodian] has no information about [plaintiff's allegations]. He is therefore a relevant custodian."). While Defendants claim they selected custodians based upon counsel's assessment of the "flow of relevant information" and document "uniqueness," neither of these is a substitute for relevance under Fed. R. Civ. P. 26. Instead, Defendants' are attempting to unjustifiably circumscribe discovery by excluding individuals that are likely to possess responsive documents concerning, among other things, Apple's directives to reduce iPhone production, communications with Apple's manufacturers and suppliers, retail traffic in China stores, U.S.-China trade tensions, and smartphone competitors. Indeed, Defendants' approach somehow concluded that Isabel Ge Mahe, the Company's ***Vice President and Managing Director of Greater China***, was not a proper custodian until Plaintiff demanded her inclusion.[2]

Complex securities actions regularly permit custodial searches of officers, vice presidents, key decision makers and their direct reports, like the 15 individuals that Plaintiff identifies here, that have knowledge of the subject matter concerning the alleged fraud. *See e.g.*, Amended Order

---

[2] Mahe was the one proposed custodian that Defendants ultimately agreed to add.

Setting a Discovery Plan, *Nursing Home Pension Fund v. Oracle Corp.*, No. 3:01-cv-00988-SI (N.D. Cal. Mar. 10, 2005). Here, Defendants seek to exclude key decision makers, like [redacted] And even if a custodian possesses some overlapping documents with [redacted] – or any other proposed custodian – it does not justify their exclusion from discovery. *RHN Inc. v. CNA Nat'l Warranty Corp.*, 2020 U.S. Dist. LEXIS 64757, at *4 (D. Ariz. Apr. 9, 2020) ("potential for duplicate emails does not excuse [producing party] from identifying all relevant custodians, identifying the whereabouts of all relevant ESI, and producing all relevant information").

Plaintiff's 15 proposed custodians are wholly appropriate given the scope of the allegations, the issues relevant to the dispute and the magnitude of Apple's operations. *See, e.g.*, Letter from Lead Plaintiffs requesting discovery relief, *Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018) (26 custodians); *Hatamian v. Advanced Micro Devices, Inc.*, No. 4:14-cv-00226-YGR (JSC) (N.D. Cal April 7, 2016) (47 custodians); *In re SunPower Sec. Litig.*, 2012 WL 4343245, at *7 (N.D. Cal. Sept. 20, 2012) (finding more than 17 custodians likely appropriate); Declaration of Ryan E. Blair in Support of Defendants' Opposition to Plaintiff's Motion to Compel at 1; *Schueneman v. Arena Pharms., Inc.*, No. 10CV1959-CAB (BLM) (S.D. Cal. July 12, 2017)(16 custodians); Amended Order Setting a Discovery Plan, *Nursing Home Pension Fund v. Oracle Corp.*, No. 3:01-cv-00988-SI (N.D. Cal. Mar. 10, 2005) (well over 22 custodians). Indeed, Apple issued litigation holds to 27 individuals in response to this matter, indicating that Apple previously assessed the scope of relevant information to be far broader than just eight individuals.

## III. <u>Brief Descriptions of Plaintiff's Proposed Custodians</u>

Based upon the Fed. R. Civ. P. 30(b)(6) testimony of senior Apple executives Donal Conroy and Kevan Parekh, as well as Plaintiff's own investigation, the following individuals should be added as custodians immediately:

[redacted]

(3) **Angela Ahrendts:** SVP of Retail in 2018, reporting to Cook. Reportedly fired just a month after the Class Period due to declining iPhone sales.

(4) **Dierdre O'Brien:** SVP of Retail + People, reporting to Cook. Responsible for demand forecasting, supply chain, operations, assumed Ahrendts role immediately after the Class Period.

[redacted]

[3] On March 31, 2021, Plaintiff noticed depositions of [redacted] and [redacted] because Apple's 30(b)(6) testimony identified these individuals as knowledgeable of and involved in the central issues in this case.



Plaintiff respectfully requests that the Court compel Defendants to add these 15 individuals as document custodians.

**Defendants' Position**

This case is about eight words. While an earlier complaint alleged over sixty misstatements, there now remains only one, discrete alleged misstatement, a comment from Apple CEO Tim Cook during a November 1, 2018 earnings call. In response to an analyst comment that "there has been some real deceleration in some of these emerging markets," Mr. Cook replied: "In relation to China specifically, ***I would not put China in that category***." ECF No. 123 at 9 (emphasis added). Plaintiff's approach to this case, however, belies the fact that it is about a single alleged misstatement. Plaintiff continues to propound exceedingly broad discovery requests on Defendants, including an expansive set of document requests and an immediate request to double the presumptive deposition limit before a single deposition had taken place.[4] The instant discovery dispute arises out of Plaintiff's scorched-earth approach to litigating this single-statement case. Defendants disclosed on March 22 an "initial list" of seven ESI custodians: Tim Cook (CEO), Luca Maestri (CFO), Donal Conroy (VP, Operations), Kevan Parekh (VP of Sales, Marketing & Retail Finance), Michael Shapiro (Treasurer), Nancy Paxton (former Senior Director of Investor Relations), and Saori Casey (VP of Corporate Financial Planning).[5] Defendants' counsel assured Plaintiff that "[t]o the extent the need to collect from further custodians becomes apparent through our review of materials collected from this group (or otherwise), we will add to this list." Defendants later agreed to add Isabel Ge Mahe, Apple's VP and Managing Director for Greater China, as an eighth custodian. Plaintiff rejected Defendants' list out of hand—before a single custodial document production had been made—and now demands the addition of fifteen additional custodians. As set forth in more detail below, the Court should decline Plaintiff's request to drastically expand Defendants' list of initial document custodians on the grounds that it is both significantly out of proportion to the needs of this case and premature.[6]

**A. Plaintiff's Request Is Not Proportional To The Scope Of The Remaining Claims**

Plaintiff's demand for fifteen additional Apple custodians is not proportional to the limited scope of the remaining claims. Judge Gonzalez Rogers determined that all that is left in this case is Mr. Cook's statement, "I would not put China in that category." Because the statement was framed as Mr. Cook's personal opinion, the viability of Plaintiff's claim that the statement was misleading will turn in large part on: (1) whether Mr. Cook was referring to the results from the previous quarter, in which case there can be no question that the statement was not misleading; or (2) whether he was instead expressing an opinion on business in the current quarter, and if so, whether his opinion aligned with the information in his possession at the time. *See* ECF No. 110 at 26 (holding that Mr. Cook's statement was actionable because "Plaintiff adequately alleges that Cook's statement did not align with the information ***he*** possessed at the time") (emphasis added).

---

4 Plaintiff has also served over two dozen document subpoenas on non-parties.

5 Plaintiff refused to simultaneously disclose its proposed ESI custodians for its own document collection and production, and still has not done so.

6 Plaintiff declined to share its portion of this letter prior to filing, notwithstanding that it is the movant. To the extent that Plaintiff's letter includes new rationales not disclosed to Defendants as part of the meet and confer process, Defendants may request permission to file a brief response.

Plaintiff has contended that Defendants' custodian list is "manifestly disproportionate to the scope of this litigation" because "[t]housands of individuals work on issues connected to Apple's operations in Greater China, iPhone sales and production, and the Company's sales and financial forecasting and performance." But in this case, the views, impressions, or knowledge of Apple's "thousands" of employees are relevant only to the extent that they were conveyed to Mr. Cook and informed his own views. Defendants reasonably believe that the emails and other documents maintained by Mr. Cook and seven other members of Apple's senior management (who cover, among other areas, operations, sales, marketing, financial planning, investor relations, and the Greater China region) will be more than sufficient to resolve the question of whether Mr. Cook believed his own statement, and whether it was consistent with the information in ***his*** possession.

It is also apparent that Plaintiff's list of custodians was created by indiscriminately compiling names of Apple employees mentioned during recent depositions, without sufficient consideration of whether those individuals are likely to possess relevant and ***unique*** documents. *See In re EpiPen Mktg., Sales Practices & Antitrust Litig.*, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018) ("Other factors courts have considered when evaluating whether a senior executive should be designated as a custodian include whether the executive's relevant ESI is unique and would not be available from other designated custodians."). As just one example, Plaintiff's list includes three employees who report to Kevan Parekh (a custodian on Defendants' initial list) and were identified in Mr. Parekh's deposition testimony as employees who compile and transmit relevant information to Mr. Parekh. Plaintiff has not explained why these three individuals would have additional ESI that is both relevant and unique. Apple's production from Mr. Parekh's files is likely to include responsive communications between Mr. Parekh and these three individuals. At this point, there simply is no basis to conclude that these individuals, or any of Plaintiff's other proposed custodians, will have unique documents that are relevant to the sole, remaining alleged misstatement in this case.

**B. Plaintiff's Request For Additional ESI Custodians Is Also Premature**

There is no question that, in the context of electronic discovery, the producing party is "best situated to evaluate the procedures, methodologies, and technologies appropriate for . . . producing [its] own electronically stored information." *Hastings v. Ford Motor Co.*, 2021 WL 1238870, at *3 (S.D. Cal. Apr. 2, 2021) (citation omitted). For this reason, courts have consistently held that the producing party is entitled to select the custodians it deems "most likely to possess responsive information and to search the files of those individuals." *In re EpiPen*, 2018 WL 1440923, at *2 (citation omitted). Only if the party's choice is "manifestly unreasonable or the requesting party demonstrates that the resulting production is deficient" should courts intervene and dictate the designation of additional custodians. *Id.*

Here, both parties are in the early stages of document collection and production. Defendants made limited initial productions of documents in January and March, and will make a more substantive production in the coming weeks, while Plaintiff has yet to produce any documents. Defendants identified the eight key Apple employees who are most likely to possess responsive information and, importantly, expressly agreed to expand that list should it later become apparent that additional custodians are warranted.

Undeterred by the Court's recent order denying Plaintiff's request to increase the deposition limit on the ground that "the Motion is premature" (ECF No. 140), Plaintiff asks the Court to intervene again to substantially increase the number of Defendants' custodians. There has not yet been a single production from the files of the currently identified custodians, however, and thus Plaintiff is unable to show (or even determine) whether those productions will be deficient. Nor can Plaintiff "demonstrate that the additional requested custodians would provide *unique* relevant information" because Plaintiff can only speculate as to what the initial universe of produced documents will contain. *See Blackrock Allocation Target Shares: Series S Portfolio v. Bank of New York Mellon*, 2018 WL 2215510, at *9 (S.D.N.Y. May 15, 2018); *see also id.* at *10 (rejecting plaintiffs' request for additional custodians as premature because production was ongoing and holding that only "after all parties have a better understanding of the universe of documents being collected and produced" could plaintiffs "demonstrate a particularized need for [additional] discovery"). Because Plaintiff cannot show any deficiency at this point, Court intervention would only be merited by a showing that Defendants' proposed custodians are "manifestly unreasonable," *In re EpiPen*, 2018 WL 1440923, at *2, a high bar that Plaintiff does not remotely meet. The deadline for substantial completion of document discovery is January 14, 2022, more than nine months away. The parties have ample time to determine whether discovery from additional Apple custodians is warranted. Of course, once materials are produced, if Plaintiff believes that the materials produced from the currently identified eight custodians are insufficient, Defendants will meet and confer and determine if additional custodians should be added. But at this point, Plaintiff's request is premature.

**Certificate Pursuant to Local Rule 5-1(i)(3)**

I, Daniel J. Pfefferbaum, am the ECF user whose identification and password are being used to file the Letter Brief. In compliance with Local Rule 5-1(i)(3), I hereby attest that James N. Kramer has concurred in this filing.

Dated: April 13, 2021

                                                           s/ Daniel J. Pfefferbaum
                                                           DANIEL J. PFEFFERBAUM

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 13, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Daniel J. Pfefferbaum

DANIEL J. PFEFFERBAUM
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: dpfefferbaum@rgrdlaw.com

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com
- **Kevin Michael Askew**
  kaskew@orrick.com
- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com
- **Mary K. Blasy**
  mblasy@rgrdlaw.com
- **Frank H. Busch**
  busch@wvbrlaw.com,johnson@wvbrlaw.com,pallister@wvbrlaw.com
- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com
- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,fmalonzo@labaton.com,6312349420@filings.docketbird.com
- **John Hamilton George**
  jgeorge@rgrdlaw.com
- **Tor Gronborg**
  torg@rgrdlaw.com
- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com
- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com
- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com
- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com
- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com
- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com
- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,tcrockett@poml
- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com
- **Samuel H. Rudman**
  srudman@rgrdlaw.com
- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com
- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com
- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,acoquin@labaton.com,fmalonzo(
- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com
- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com
- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com
- **Ariel Brianna Winawer**
  awinawer@orrick.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)