Robbins Geller Rudman & Dowd LLP

Boca Raton
Chicago
Manhattan
Melville
Nashville
Philadelphia
San Diego
San Francisco
Washington, D.C.

**REDACTED**

May 10, 2021

VIA ECF

The Honorable Joseph C. Spero
United States Magistrate Judge
United States District Court
for the Northern District of California
Courtroom F, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR-JCS (N.D. Cal.)

Dear Judge Spero:

Pursuant to this Court's Orders, Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and non-party Hon Hai Precision Industry Co., Ltd. a/k/a Foxconn Technology Group ("Hon Hai" or the "Company") respectfully submit this joint discovery letter setting forth their dispute concerning Plaintiff's subpoena for the production of documents pursuant to Federal Rule of Civil Procedure 45 and subpoena for the deposition of Hon Hai's corporate representative pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45. ECF Nos. 136, 160. Plaintiff and Hon Hai have met and conferred, via videoconference, and cannot reach a resolution.[1]

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
RUDMAN & DOWD LLP

By: s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM
Counsel for Lead Plaintiff

HERRERA KENNEDY LLP

By: s/ Nicomedes Sy Herrera
NICOMEDES SY HERRERA
Counsel for Hon Hai

[1] Plaintiff and Hon Hai met and conferred on Tuesday, May 4, 2021, by videoconference.



One Montgomery Street Suite 1800 San Francisco, CA 94104 Tel 415-288-4545 Fax 415-288-4534 rgrdlaw.com

**Plaintiff's Position**

Over the course of nearly six months, Hon Hai has frustrated the discovery process through shifting positions, improper limitations and unreasonable demands. Despite initially agreeing to produce documents months ago, Hon Hai has backtracked and has yet to produce a single document. Since the last letter to the Court, Plaintiff has made good faith efforts to compromise, including limiting the duration and scope of its document requests. While some progress was made, new barriers have been erected and Plaintiff and Hon Hai remain at an impasse. The Court should compel Hon Hai to comply with Plaintiff's December 15, 2020 subpoena seeking the production of documents and February 5, 2021 subpoena seeking to depose a corporate representative.[2]

## I. The Court Should Compel Non-Party Hon Hai to Search for and Produce Documents Responsive to Plaintiff's Subpoena *Duces Tecum*

Hon Hai is the world's largest smartphone manufacturer and largest iPhone manufacturer, generating $68 billion (or 46%) of annual revenue from Apple in 2016. ECF No. 141-9 at 43-44. The Company has global operations, including in Greater China, the United States, and this District. On December 15, 2020, Plaintiff issued a subpoena *duces tecum* to Hon Hai seeking documents concerning its relationship with Apple, including iPhone production volumes and tracking of iPhone sales, as well as smartphone consumer demand and market conditions in Greater China.[3]

Hon Hai does not dispute that it possesses relevant and responsive information. Indeed, Plaintiff alleges that Apple slashed iPhone production at Hon Hai at the same time Defendants falsely reassured investors that demand for iPhones in Greater China was strong.[4] *See* ECF No. 114, ¶¶68-69. And, given its position as the world's largest smartphone maker and presence in Greater China, Hon Hai is uniquely situated to possess information concerning smartphone consumer trends in China, pressure on iPhone demand from Asian competitors and the overall state of the industry *i.e*., the "facts on the ground" that the Court found "[D]efendants had an added duty to ensure . . . supported their extraordinary claims." ECF No. 123 at 19 n.10.

In a January 26, 2021 email, Hon Hai stated that it "is prepared to produce responsive documents on a rolling basis from March 1, 2021, subject to the entry of a protective order . . . and resolution of the . . . 'Relevant Period.'" However, shortly thereafter, Hon Hai added further restrictions: No production would be made without Apple's permission and Hon Hai would not produce any documents duplicative of Apple's production. These issues were previously submitted to the Court. ECF No. 132. The Court directed Plaintiff and Hon Hai to meet and confer and report back in two weeks. ECF Nos. 136, 160.

Plaintiff spent two months negotiating with Hon Hai, and its newly engaged counsel Nicomedes Herrera, who reversed earlier positions and placed new demands on production. For example, while Hon Hai abandoned its improper position that Apple must approve its production, it now improperly insists that Plaintiff and Apple reach global resolution as to the scope of production

---

[2] At the time of filing, Hon Hai demanded attachment of a declaration to this joint letter which exceeds its five page allotment under the Court's Order. ECF. No. 136. The declaration should be disregarded.

[3] After unsuccessfully trying to serve Hon Hai's registered agent in California, Robert Shei, Plaintiff served the subpoena on the Company's registered agent in Albany, New York. As best as Plaintiff can discern, the registered agent in Albany emailed a copy of the subpoena to Shei, who forwarded it to Hon Hai counsel Peggy Chen. Ms. Chen then wrote to Plaintiff stating (incorrectly) that Plaintiff had served Shei via email, and she would accept service on behalf of Hon Hai.

[4] Defendants are Apple, Inc. ("Apple"), Timothy D. Cook ("Cook") and Luca Maestri.

before any agreement is reached with Hon Hai. And, while Hon Hai previously took the position that it would not produce any documents duplicative of Apple's production, it now reverses course and states that it will only produce documents sent to or from Apple. Finally, Hon Hai acknowledges its duty to produce documents, but will not do so unless Plaintiff agrees to pay Hon Hai's future costs. Despite Plaintiff's good faith efforts, these negotiations have not yielded a single document or a viable path to discovery. Incredibly, despite six months of negotiations, Hon Hai now accuses Plaintiff of rushing to the Court. This gamesmanship needs to end.[5]

**A. Documents Not Sent to or from Apple Are Relevant and Discoverable**

Plaintiff's subpoena seeks documents from Hon Hai specifically concerning the iPhone, including manufacturing, demand, production and tracking of sales, as well as information not specific to the iPhone, including the smartphone industry, economic conditions, consumer spending and iPhone competitors. These documents are relevant to the issues of falsity, scienter and loss causation. ECF No. 114, ¶¶68-69, 98-99. "'The question of relevancy should be construed 'liberally and with common sense.'" *Meneweather v. Powell*, 2012 WL 12995648, at *2 (N.D. Cal. Apr. 4, 2012).[6] "[N]onparties are subject to the same relevance standards as parties." *Linear v. Brewer*, 2009 U.S. Dist. LEXIS 146890, at *7 (S.D. Cal. Aug. 10, 2009). Hon Hai refuses to produce any document that was not transmitted to or from Apple, improperly attempting to rewrite this action into a case about Cook's subjective opinion.[7]

Plaintiff can prove the falsity of Defendants' statements and omissions concerning the state of iPhone demand in China with information that was never transmitted to, or in the possession of, Apple, just as the Court did in upholding Plaintiff's claims. For example, in addition to Defendants' post-Class Period[8] admissions, the Court noted that Plaintiff alleged "other facts" external to Apple "that show that iPhone sales were declining at the time of the November 1, 2018 call" including industry reports that production had been reduced at manufacturers like Hon Hai, and credited allegations of "specific numbers based, in part, on formal announcements by Apple's suppliers." ECF No. 123 at 9, 18.

Plaintiff can also prove scienter – via deliberate recklessness – with information regardless of whether it was transmitted to or from Apple. Indeed, the Court explicitly held: "Given the exceptional optimism [surrounding Defendants' record earnings guidance for 1Q19], [***D***]***efendants had an added duty to ensure that facts on the ground supported their extraordinary claims***." *Id.* at 19 n.10. The Court reiterated that facts need not have been transmitted to Defendants to support scienter: "To be clear, the Court ***does not necessarily conclude that Cook knew of that information*** (though it appears plausible that he did)." *Id.* at 18. Hence, documents concerning smartphone demand, the state of the smartphone industry in Greater China or smartphone competition, regardless of whether shared with Apple, are relevant to Plaintiff's allegations.

---

[5] Indeed, on May 4, 2021, during the parties' final Zoom meet and confer, counsel for both Plaintiff and Hon Hai spent over an hour detailing each issue at an impasse and agreeing to submit these issues to the Court within five days, as ordered. ECF Nos. 136, 160. Yet, on May 5, 2021, Hon Hai sent another letter reasserting the same rejected positions but claimed they were additional compromises and accused Plaintiff of rushing to the Court. This conduct is not acceptable.

[6] All citations and footnotes omitted and emphasis added unless otherwise indicated.

[7] The Court already rejected Defendants' efforts to characterize the alleged misrepresentations as opinions. ECF No. 110 at 26.

[8] The "Class Period" is from November 2, 2018 through January 2, 2019, inclusive.

In an effort to compromise, Plaintiff has offered to forego certain relevant documents related to the intense pressure on Apple from rival smartphones in China. As a concession to Hon Hai's competitive concerns, Plaintiff offered to restrict its request to documents that address the iPhone specifically or the smartphone industry generally. Hon Hai has refused this compromise.

**B. Hon Hai Must Identify Search Terms and Custodians**

Plaintiff has been unable to obtain good-faith cooperation from Hon Hai with respect to search terms. First, Hon Hai demanded Plaintiff propose search terms and Hon Hai would propose additional terms. Although the Federal Rules "do not require plaintiffs to agree to the use of search terms in the first place," Plaintiff complied in an effort to avoid disputes. *Cohen v. Apple Inc.*, 2020 U.S. Dist. LEXIS 137738, at *4 (N.D. Cal. Aug. 3, 2020). But Hon Hai did not run the terms, provide a hit count or propose its own terms.[9] Instead, Hon Hai reneged and stated it would not discuss terms until Plaintiff and Apple agreed to terms for Apple's production – from which Hon Hai seeks to develop an even narrower set of terms. *See* ECF No. 158.

This pre-conditioning is improper. *See* ECF No. 132. Plaintiff seeks different information from Hon Hai and Apple. *Id.* at 2. The terms reached between Plaintiff and Apple must cover many more subjects, address Apple's business operations, be appropriately tailored to be applied across more custodians and over a longer period of time. The search terms Hon Hai uses will target its role as an iPhone manufacturer, the world's larger smartphone maker. Indeed, as a Taiwanese company, Hon Hai's search may even require search terms in a different language.

Similarly, Hon Hai refuses to develop a list of proposed custodians, instead proposing that Plaintiff develop a list from Defendants' not-yet made productions. On May 4, 2021, after months of meet and confers, Hon Hai revealed that it identified two possible custodians (but offered that only one be searched) because they received the [REDACTED] from Apple.[10] While both of these individuals are likely proper custodians, alone, they are insufficient to satisfy Hon Hai's discovery obligations and seek to further limit production only to information communicated to or from Apple. Hon Hai must identify custodians that are likely to possess the requested documents and propose additional search terms based on internal Company knowledge.

**C. Hon Hai Must Comply with the Subpoena Without an *a Priori* Agreement to Shift Costs**

The "nonparty seeking cost shifting ***must demonstrate*** that its costs are reasonable and ***resulted from compliance*** with the subpoena." *Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 281-82 (N.D. Cal. 2017). Attorney's fees, especially those spent fighting, rather than complying with, a subpoena are not reasonable. *See Valcor Eng'g Corp. v. Parker Hannifin Corp.*, 2018 WL 3956732, at *3 (C.D. Cal. July 12, 2018). Hon Hai's prospective demand for costs is improper. Indeed, it has not produced a single document, cannot demonstrate any costs resulting from compliance or offered a detailed and supportable estimate of expected costs. Hon Hai retains the right to seek costs, but it must first comply with the subpoena.

Hon Hai has made no showing of any costs, current or expected. According to its counsel, the only documents collected (but not produced), the [REDACTED] were gathered without extensive search

---

[9] On May 5, 2021, only after Hon Hai and Plaintiff agreed that it would submit this letter did Hon Hai provide Plaintiff a list of internal codes that Hon Hai used to identify iPhones, though it continues to refuse to agree to search terms until Plaintiff and Apple settle on terms.

[10] Hon Hai's counsel also acknowledged the existence of a central database likely to contain relevant information, but refused to agree to search this database, claiming its contents were likely on backup tapes. This unsubstantiated position is insufficient, the database must be searched.

or undue expense. Thus, the Hon Hai's only apparent cost is two separate attorneys' fees resisting Plaintiff's subpoenas. And, while Hon Hai has repeatedly argued that its costs will exceed $20,000, it has offered zero support for such a claim.

Having made no showing of any costs, Hon Hai also fails to show the current or expected future costs are unduly burdensome. Hon Hai is a global technology company that has made hundreds of billions of dollars from manufacturing iPhones alone. Yet it argues it is in the same shoes as the non-profit in *Legal Voice v. Stormans Inc.*, 738 F.3d 1178 (9th Cir. 2013), which had actually incurred $20,000 in expenses complying with a non-party subpoena. *Id.* at 1182.

Finally, Hon Hai's proposal that Plaintiff cover all costs and fees above $15,000 is an improper effort to shift attorneys' fees to Plaintiff. While Hon Hai stated that it would not include its fees to date, it would include attorneys' fees from document review in the future. This is improper. *See Valcor*, 2018 WL 3956732, at *3. The Court should order Hon Hai to comply with the subpoena in full without a prior agreement that Plaintiff pay any costs. *See generally* ECF No. 145 at 10-14.

## II. The Court Should Compel Hon Hai to Comply with Plaintiff's Deposition Subpoena Pursuant to Fed. R. Civ. P. 30(b)(6)

On February 5, 2021, Plaintiff issued a valid deposition subpoena via email to Ms. Chen and serviced it on the same registered agent as the subpoena *duces tecum*.[11] Hon Hai failed to comply: Two days prior to the deposition, Hon Hai emailed a list of objections, none of which excused its appearance. *See In re Coan*, 2007 U.S. Dist. LEXIS 6288, at *7 n.3 (N.D. Cal. Jan. 12, 2007) ("a written objection . . . does not, however, excuse compliance with a deposition subpoena"). Hon Hai refused to provide an alternate date for the deposition, did not move for a protective order, and failed to appear on the record at the deposition. Despite Hon Hai's willful defiance, Plaintiff continued to meet and confer in good faith, but is at an impasse due to Hon Hai's counsel's unsupported assertion that the only potential deponents reside in China and thus the subpoena is unenforceable. These assertions do not pass factual or legal scrutiny.

First, Hon Hai is subject to this Court's jurisdiction. Hon Hai has extensive operations across California, Texas, Wisconsin and in this District.[12] It operates in California both directly and through various subsidiaries, including in San Jose, Santa Clara and Brea. Its 2018 Annual Report lists its U.S. branch office in City of Industry. Indeed, Hon Hai has a registered agent for service of process in California, a precondition to doing business in the state. And, Hon Hai has willingly submitted to the jurisdiction of this Court and brought suit in other districts in this circuit.[13] *See* ECF No. 152 at 19.

Second, contrary to the claim that no possible witness exists outside China, according to publicly available job descriptions, Hon Hai appears to have relevant operations and employees in this District, including in Cupertino, just minutes from Apple's headquarters. According to their own LinkedIn descriptions, employees at the Cupertino location had daily interaction with Apple

---

[11] Ms. Chen confirmed that the subpoena was transmitted to Hon Hai in Asia and that Hon Hai was aware of it. This satisfies the purpose of sufficient service. *See Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1226 (C.D. Cal. 2008) (addressing awareness of foreign company). Nonetheless, upon Mr. Herrera's later arrival, Hon Hai asserted an objection to service. Plaintiff is happy to fully brief why service is proper under Fed. R. Civ. P. 4, 30 and 45.

[12] Apple lists Hon Hai locations in Texas in its top-200 Suppliers List. ECF No. 141-19 at 11.

[13] *E.g. Hon Hai Precision Industry Company, Ltd. v. Suyin Co. Ltd. et al*, 2:10-CV-00437 (E.D. Tex.); *Microsoft Corporation et al v. Hon Hai Precision Industry Co., Ltd.*, 5:19-CV-01279 (N.D. Cal.).

iPhone engineers. Jasmine Huang,[14] employed by Hon Hai in Cupertino, describes her involvement in the manufacturing of the very phones at issue in this litigation as follows:

- Lead the EFFA (Early Field Failure Analysis) manufacturing line bring up for iPhone 8 Plus, iPhone X, iPhone Xs, iPhone Xs Max, iPhone 11 and iPhone 11 Pro. . . .

- Involved in NPI [New Product Introduction] FATP [Final Assembly, Test and Pack] Dry Runs for iPhone 7 Plus, 8 Plus, X, Xs, Xs Max, 11 and 11 Pro. From early product development lifecycle to mass production.

Similarly, Ryan R. Chen,[15] a Hon Hai Deputy Manager, Product Development Engineer, located in the San Francisco Bay Area, states that he is the: "Manager of product development team for Apple iPhones, Packaging, and Accessories programs" and is responsible for "the evaluation of NPI [New Product Introduction] design for manufacturing." Phil Lim,[16] the Apple Global Sales Director at Hon Hai Interconnect Technology in Santa Clara, states that he is: "Responsible for global account management of Apple." Finally, Ian Lee,[17] a former Hon Hai employee in Cupertino (and current Apple employee) stated that he had "daily" interaction with Apple iPhone engineers.[18]

Third, in light of the clear evidence that witnesses are readily available, Hon Hai "has a duty to educate and prepare its corporate designee to convey all facts responsive to the notice that were known to the corporation." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2015 WL 12953930, at *3 (N.D. Cal. July 22, 2015). The burden of preparation for a Rule 30(b)(6) deposition """is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.""" *United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *6 (C.D. Cal. Oct. 26, 2016).

Finally, Hon Hai's proposed "compromise" is a red herring. Hon Hai states that ***if*** geopolitical tensions between China and Taiwan or Hong Kong subside, and ***if*** the deponent can safely travel outside of China to a suitable deposition location, and ***if*** travel can occur without COVID-19 restrictions, then the deposition can proceed ***if*** Plaintiff pays all incurred costs. No date, time or individual has been offered, nor could it be without clairvoyance as to political and viral developments. Plaintiff has refused this wholly speculative "compromise" as it does not ensure any testimony will be taken. Because the subpoena is fully enforceable, the Court should compel Hon Hai to make an appropriately prepared witness available for deposition.

In conclusion, Plaintiff respectfully requests that the Court compel Hon Hai to promptly produce relevant and responsive documents and make an appropriately prepared witness available for deposition.

---

[14] https://www.linkedin.com/in/fangihuang/

[15] https://www.linkedin.com/in/ryan-r-chen-240b7818/

[16] https://www.linkedin.com/in/philklim/

[17] https://www.linkedin.com/in/ian-lee-2410a33a/

[18] The evidence that individuals with at least some knowledge of the iPhone manufacturing relationship distinguishes the cases provided by Hon Hai, for example, *Wultz v. Bank of China Ltd.*, 293 F.R.D. 677 (S.D.N.Y. 2013), in which the court found that domestic employees had "no knowledge about them whatsoever" about the subjects of the deposition subpoena. *Id.* at 681.

**Hon Hai's Position**

Despite the Court's admonitions during the April 16, 2021 discovery hearing concerning Apple's custodians, plaintiff has made Hon Hai appear before the Court on another one of plaintiff's misguided discovery motions. Had plaintiff been willing to compromise or offer meaningful counterproposals to Hon Hai's suggestions for amicable resolution, we would not be here burdening the Court with yet another wasteful discovery dispute.

The disagreements concerning plaintiff's document subpoena could have been resolved if plaintiff were willing to follow the Court's statements delineating the relevant scope of discovery. Specifically, Hon Hai offered several proposals whereby Hon Hai would produce the categories of documents plaintiff requested so long as the information: (1) concerned the market conditions and demand for iPhones in Greater China; and (2) was known by Mr. Timothy Cook, or was reasonably available to him because such information was in Apple's possession (*i.e.*, Hon Hai received the information from, or sent the information to Apple). We are here because of plaintiff's unyielding opposition to those reasonable conditions.

Eschewing cooperation, plaintiff instead has insisted on rushing to file a joint discovery letter. When Hon Hai asked to exchange draft sections one business day before filing a joint letter, plaintiff's counsel stated that he would be "busy" for the "next two days" and so would not agree to exchange drafts before filing. When Hon Hai suggested it would be helpful to the Court to have the benefit of each side's response to the points raised by the other, and that plaintiff therefore should wait two days before setting the five-day clock running (so as to accommodate plaintiff's busy schedule), plaintiff also refused without explanation.[19]

Plaintiff has not taken the necessary steps to avoid imposing undue burden or expense. Rule 45(d)(1) provides that a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Discovery may be refused when it is not "proportional to the needs of the case," taking into consideration such factors as "the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the burden or expense . . . outweighs its likely benefit." Rule 26(b)(1), (2).

**A. Hon Hai's Confidential, Internal Market Analyses and Related Documents**

Many of plaintiff's document requests seek confidential and sensitive internal business documents from Hon Hai to which Apple never had access. For example, Request No. 3 requests:

> All documents and communications concerning economic conditions and consumer spending in Greater China and its impact on your production or assembly of Apple smartphones or smartphones offered by Huawei, Oppo, Vivo and Xiaomi.

---

[19] It seems that the "busy schedule" may not be the real issue because plaintiff appears to regularly refuse to exchange drafts beforehand. *See* Dkt. 156, at 5 & n. 6 (Apple stating in joint discovery letter that "Plaintiff declined to share its portion of this letter prior to filing . . .").

Plaintiff's request is overbroad and contrary to the Court's instruction that the scope of relevant discovery "critically" focuses on information that Mr. Cook knew or to which he had reasonable access. Hon Hai's internal market analyses that were never sent to Apple are not relevant.

More broadly, Hon Hai has offered to produce documents responsive to plaintiff's request provided that all requests be limited in scope to: (1) information concerning the market conditions and demand for Apple smartphones in Greater China; and (2) which was reasonably available to Mr. Cook because such information originated from Apple or was provided to Apple. While Hon Hai originally proposed that only information conveyed to Mr. Cook and the custodians approved by the Court were relevant, Hon Hai made an additional offer during the parties' meet and confer to also produce documents that were received from or sent to *any* Apple officer or employee, but Plaintiff unreasonably rejected that too. The Court should therefore limit the scope of Hon Hai's production by the two qualifications set forth above.

### B. Hon Hai's Correspondence with Its Own Suppliers Containing No Information Supplied by or Sent to Apple

Plaintiff has requested Hon Hai's correspondence with its component suppliers, including "communications concerning Apple iPhone volume production plans, forecasts, expectations, delays, reductions, or cancellations . . . ." (Request No. 1), even though they were neither received from nor shared with Apple. Hon Hai offered to produce correspondence with its suppliers that contain information relating to market conditions and demand for Apple's products in Greater China that were either supplied by Apple or shared with Apple. At the time plaintiff declared an impasse, the parties had been negotiating—but had not reached agreement on—limiting the scope of production to a few top suppliers and excluding irrelevant communications that do not reflect a material change in [redacted]

The [redacted] reports are critical to understanding the reasonability of Hon Hai's proposal. Without waiting to receive formal discovery eliciting such information, Hon Hai volunteered information to plaintiff concerning periodic [redacted] reports it received from Apple. Hon Hai believes and informed plaintiff that these [redacted] reports are the documents plaintiff would most likely be interested in obtaining, because they provide [redacted] Hon Hai identified for plaintiff and offered to produce these reports, even though plaintiff could have easily and more efficiently obtained them directly from Apple. Hon Hai's proposed restriction on communications with its suppliers to *material changes or deviations from* the [redacted] makes sense, because such a condition would sensibly exclude a large volume of correspondence that merely implemented in the ordinary course of business the [redacted] in the [redacted] reports.

For reasons that are still unclear to Hon Hai, plaintiff has rejected Hon Hai's suggested compromise, and instead insists on full production of what could be mountains of irrelevant documents between Hon Hai and its many suppliers that Apple knew nothing about. The Court therefore should reject plaintiff's overbroad and disproportionately burdensome requests. To the extent the Court orders Hon Hai to produce documents relating to component suppliers, Hon Hai proposes limiting the search to three suppliers.

### C. Hon Hai's Proposal Concerning Search Terms

It remains unclear to Hon Hai why plaintiff believes the Court should intervene on search term negotiations at this juncture. Without the benefit of seeing plaintiff's submission, Hon Hai surmises that plaintiff thinks Hon Hai should agree to search terms before Apple does.

On April 5, 2021, plaintiff requested broad, stand-alone search terms such as "Apple," "iPhone," and "Plus." On April 19, Hon Hai stated that plaintiff's proposed list seemed "like a good start" but was overbroad in that some of the terms proposed "should not be stand-alone queries. For example, a search for 'Apple' or 'iPhone' should be restricted by other terms, such as 'production' or 'reduction.' If, during our search, we identify additional documents or terms that should be added to make the searches more effective in capturing the intended documents, we agree to raise them with you in good faith."

Plaintiff never responded substantively to Hon Hai's proposal. Having received no substantive counterproposal or response, Hon Hai followed up on May 5, 2021, stating that because the Court on April 16 had ordered Apple and plaintiff to reach agreement on search terms by May 7 (only two days away), "we should work off those terms and modify them for Hon Hai. We expect that there may be search terms that should not apply to Hon Hai, and that there may be terms that we would consider adding based on Hon Hai's particular situation. Whatever the case, it would be efficient to work off what the parties to the litigation have themselves negotiated, and then adjust the terms to suit Hon Hai's particular situation." Hon Hai even helpfully suggested *additional* terms that plaintiff may have been unaware of, but which would make the search more comprehensive. Thus, Hon Hai wrote on May 5 that plaintiff should considering adding the following terms to its search list: [REDACTED]

There is nothing in any of Hon Hai's proposal, or plaintiff's subsequent silence, that evidences an impasse. Although Hon Hai has expressed its disagreement that this issue should even be before the Court, because plaintiff has insisted on including it in this joint letter, Hon Hai offers the following resolution, which should reasonably capture any relevant documents in a custodial search. In the interests of avoiding possibly weeks of additional negotiations, Hon Hai proposes the following search string, subject to search functions permitted by the database: ("forecast" *OR* "projection" *OR* "estimate") AND ("demand" OR "market" OR "production" or [REDACTED]) *AND* ("reduc*" *OR* "decrease" *OR* "change" *OR* "drop") AND ("iPhone" *OR* "Apple" *OR* [REDACTED]

**D. Hon Hai's Proposed Custodian**

Plaintiff has not suggested any custodians whose files it seeks to search. Instead, Hon Hai conducted an investigation and identified potential custodians who according to information provided by Apple have regularly received the [REDACTED] reports from Apple.[20] One manager whose job responsibilities focused on capacity planning for the relevant iPhones was on all recipient lists Apple identified. That custodian is likely to have the most relevant documents relating to Apple's views on broad demand and market conditions for Apple's products in Greater China. While

---

[20] Only Apple could reasonably identify all the recipients of the [REDACTED] reports, because Apple addressed them to [REDACTED].

plaintiff's precise disagreement remains tenebrous, Hon Hai believes the most efficient route is for Hon Hai to produce documents from the identified custodian and for plaintiff to review them along with other documents plaintiff obtains from Apple. If plaintiff believes it would be worthwhile to later search additional custodians after having the benefit of such discovery, Hon Hai and plaintiff can discuss that in good faith at a later time.

**E. Plaintiff's Deposition Subpoena**

Plaintiff has sought to take the deposition of Hon Hai's corporate representative under Rule 30(b)(6). However, Hon Hai's personnel who are familiar with or have any relevant personal information or knowledge pertaining to the topic areas described in plaintiff's deposition subpoena are located in Asia, with the most knowledgeable and appropriate representatives working and residing in China. (*See* **Addendum A**, Declaration of Kerry Huang). China has a blocking statute making any such depositions—even virtual ones—unlawful on Chinese soil, subjecting any participants to "arrest, detention or deportation" unless they are taken pursuant to requests to its Central Authority.[21] *Accord* Rule 30(b)(4) (providing that virtual depositions take place "where the deponent answers the questions"). Because compliance with plaintiff's subpoena would require witnesses in China to travel more than 100 miles outside of the country, it is unenforceable and should be quashed. *See* Rule 45(c)(1)(A); *see also, e.g., Wultz v. Bank of China Ltd.*, 293 F.R.D. 677, 679-681 (S.D.N.Y. 2013) (quashing subpoena requiring bank to send an employee from a foreign country); *Estate of Klieman v. Palestinian Auth.*, 293 F.R.D. 235, 239-40 (D.D.C. 2013) (same and rejecting defendant's argument that a company was required to "create" a deponent by educating a U.S. employee within the jurisdiction who otherwise had no preexisting knowledge of the subpoena topics); *In Re Moose Enterprises Pty. Ltd.*, 2016 WL 10987320, at **1-2 (C.D. Cal. June 2, 2016) (issuing protective order even though noticing party had offered to take deposition by videoconference).

Even though the case law is clear that Hon Hai is not required to produce a corporate representative to testify at deposition, Hon Hai, in the interests of compromise, nevertheless offered to voluntarily provide an appropriate witness from China at a venue that would not violate Chinese law (such as in Hong Kong or Taiwan), provided plaintiff agrees to pay for expenses, and COVID-19 restrictions would not prohibit such travel or cause the witness to be quarantined for an extended period. Hon Hai also requests a translator and counsel be physically present. Plaintiff rejected Hon Hai's compromise proposal but has not made a counterproposal.

**F. Hon Hai's Expenses**

Cost shifting is mandatory if a non-party has or is expected to incur "significant expense" in responding to a subpoena. *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013). This includes reasonable attorneys' fees necessary to review and produce documents. *See, e.g.*, *Barracuda Networks, Inc. v. j2 Glob., Inc.*, 2020 WL 5802372, at *1 (C.D. Cal. July 17, 2020) (attorneys' fees are reimbursable under Rule 45(d)(2) if they are "a component of the expenses incurred by the non-party in complying with the dictates of the subpoena") (quotation omitted); *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 930809, at *4 (N.D. Cal. Mar. 9, 2017) (shifting $14,700 in outside counsel fees to the subpoenaing party). Hon Hai's expenses in

---

[21] *See* U.S. Dept. of State website: https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html.

responding to plaintiff's document subpoena will be significant—and likely to be greater than the $20,000 that the Ninth Circuit had "no trouble concluding" was "significant" and therefore subject to mandatory fee shifting. *Stormans*, 738 F.3d at 1185.

It is important to resolve the issue of cost-shifting now to avoid any argument that Hon Hai has waived its right to be reimbursed for costs. *Cf., e.g.*, *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 425 (D.N.J. 2004) ("When a court compels document production, it must protect a non-party from significant production expenses . . . . Absent an order, a non-party bears its own production expenses."). Plaintiff has flatly refused to discuss cost shifting at this time. In the interest of compromise, Hon Hai offered to pay the expenses of responding to plaintiff's subpoenas up to $15,000 if plaintiff agrees to pay for any expenses greater than $15,000, including attorneys' fees. Hon Hai will timely inform plaintiff beforehand once it reasonably expects to incur over $15,000 so that plaintiff can either adjust or narrow its discovery requests to reduce costs or agree to pay for any amounts estimated to exceed $15,000. Plaintiff rejected this without making any further attempt to reach a compromise.

Cost shifting is particularly appropriate here because the relevant information that Hon Hai possesses could be more efficiently obtained from Apple. Hon Hai acknowledges that plaintiff may be entitled to take discovery of non-parties even though the requested information is also available directly from a party to the litigation. But the significant burden on Hon Hai should be weighed against the fact that all of the requested information could be more efficiently and directly obtained from Apple, and so plaintiff should bear some of that burden.

### G. Sanctions

Should the Court believe it appropriate to impose sanctions against plaintiff under Rule 45(d)(1) for plaintiff's failure to take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and its unwillingness to adequately compromise on its discovery positions, the Court should award Hon Hai $4,000, which is less than its actual attorneys' fees incurred to research and draft this joint letter.

Moreover, while Hon Hai stands ready to provide discovery in accordance with its compromise proposals, the Court should consider ordering that plaintiff should receive only the discovery to which it is entitled under applicable law, and no more. (For example, under Rule 45, plaintiff is not entitled to any 30(b)(6) deposition of Hon Hai at all, even though Hon Hai offered to produce witnesses in Asia for the sake of compromise.) Doing so is necessary to avoid a potential moral hazard. In this case, plaintiff made few (and mostly insignificant) counterproposals and refused to even discuss anything less than its maximal discovery positions on some issues. Were the Court to order discovery broader than what plaintiff would be entitled to by law simply because Hon Hai offered to compromise in good faith, plaintiff might be incentivized to continue its overly aggressive discovery. Even if plaintiff loses on its discovery motion, plaintiff would be rewarded with more discovery than that to which it would otherwise be entitled, simply because Hon Hai offered to compromise when plaintiff did not.

**Certificate Pursuant to Local Rule 5-1(i)(3)**

I, Daniel J. Pfefferbaum, am the ECF user whose identification and password are being used to file the Letter Brief. In compliance with Local Rule 5-1(i)(3), I hereby attest that Nicomedes Sy Herrera has concurred in this filing.

Dated: May 10, 2021

s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 10, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Daniel J. Pfefferbaum

DANIEL J. PFEFFERBAUM
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: dpfefferbaum@rgrdlaw.com

# Mailing Information for a Case 4:19 cv 02033 YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com
- **Kevin Michael Askew**
  kaskew@orrick.com
- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com
- **Mary K. Blasy**
  mblasy@rgrdlaw.com
- **Frank H. Busch**
  busch@wvbrlaw.com,johnson@wvbrlaw.com,pallister@wvbrlaw.com
- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com
- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,fmalonzo@labaton.com,6312349420@filings.docketbird.com
- **John Hamilton George**
  jgeorge@rgrdlaw.com
- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com
- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com
- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com
- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com
- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com
- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com
- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com
- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.c
- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c
- **Samuel H. Rudman**
  srudman@rgrdlaw.com
- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com
- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com
- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,acoquin@labaton.com,fmalonzo(
- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com
- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com
- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com
- **Ariel Brianna Winawer**
  awinawer@orrick.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Addendum A

[Declaration of Kerry Huang dated May 10, 2021]

HERRERA KENNEDY LLP
Nicomedes Sy Herrera (SBN 275332)
1300 Clay Street, Suite 600
Oakland, CA 94612
Tel: (510) 422-4700
Fax: (855) 969-2050
nherrera@herrerapurdy.com

*Attorneys for Hon Hai Precision Industry Co., Ltd.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| IN RE APPLE INC. SECURITIES LITIGATION | Master Docket No.: 19-cv-02033-YGR (JCS) |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **DECLARATION OF KERRY HUANG IN SUPPORT OF HON HAI'S JOINT DISCOVERY LETTER SUBMISSION** |

I, Kerry Huang, hereby declare as follows:

1. I am Director of Supply Chain Management. I submit this declaration in support of the positions taken by non-party Hon Hai Precision Industry Co., Ltd. in its joint discovery letter submission.

2. There are no individuals—including employees and officers of Hon Hai and its affiliated entities—working or residing in the United States who are familiar with or have any relevant personal information or knowledge pertaining to the topic areas described in plaintiffs' deposition subpoena dated February 5, 2021. Rather, such personnel are located in Asia, with the most knowledgeable and appropriate representatives working and residing in China.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 2021-May-10

Kerry Huang