Robbins Geller Rudman & Dowd LLP

Boca Raton | Chicago | Manhattan | Melville | Nashville | Philadelphia | San Diego | San Francisco | Washington, D.C.

May 28, 2021

VIA ECF

The Honorable Joseph C. Spero
United States Magistrate Judge
United States District Court
for the Northern District of California
Courtroom F, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR-JCS (N.D. Cal.)

Dear Judge Spero:

Pursuant to this Court's Civil Standing Orders, Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and Defendants Apple Inc., Timothy D. Cook and Luca Maestri (collectively, "Defendants"), respectfully submit this joint discovery letter setting forth their dispute concerning this Court's April 16, 2021 order requiring that the parties "meet and confer on an earlier deadline [than July 15, 2021] for production of documents and categories of documents that can be produced without search terms." ECF No. 158. Plaintiff and Defendants have met and conferred, via videoconference, and cannot reach a resolution.[1]

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
RUDMAN & DOWD LLP

By: s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM
Counsel for Lead Plaintiff

ORRICK HERRINGTON & SUTCLIFFE LLP

By: s/ Kevin M. Askew
KEVIN M. ASKEW
Counsel for Defendants

[1] The parties met and conferred on Friday, May 21, 2021, by videoconference.


One Montgomery Street Suite 1800 San Francisco, CA 94104 Tel 415-288-4545 Fax 415-288-4534 rgrdlaw.com

## Plaintiff's Position

Defendants have utterly failed to treat their discovery obligations, or this Court's Order, seriously. In the seven months since Plaintiff served document requests, ***Defendants have not produced a single internal document related to the events underlying this action: Not a single email, internal report, or financial analysis; nor a single document from the files of any custodian.***[2] On April 16, 2021, this Court ordered Defendants to produce documents that could be identified and collected without the use of search terms "earlier" than July 15, 2021. ECF No. 158. Plaintiff proposed 14 such categories of documents, but Defendants rejected all but one of them. Only when Plaintiff stated this dispute would be brought to the Court did Defendants offer to merely ***investigate*** by June 15 whether four of the remaining 13 categories ***might*** be produced by targeted collection. Unable to obtain Defendants' meaningful compliance with the Court's Order, and unwilling to let Defendants simply run out the clock, Plaintiff is left with no option but to seek the Court's assistance.

### I. Plaintiff Has Been Seeking Production of Documents Without The Use of Search Terms For More than Six Months

On November 23, 2020, Plaintiff served its first set of requests for document production and engaged in a series of meet and confers. Plaintiff repeatedly identified documents at the heart of this litigation that should be produced without prior agreement on custodians and search terms. On January 11, 2021, plaintiff identified: (i) communications between Apple and its suppliers regarding changes to production schedules; (ii) drafts of Cook's January 2, 2019 pre-announcement letter; (iii) internal daily, weekly and monthly sales and financial reports; (iv) conference calls scripts; and (v) board materials.

On March 4, 2021, after weeks without progress, Plaintiff requested a videoconference to address this issue, enumerating a list similar to the above. On March 5, 2021, defense counsel acknowledged that "the categories of materials you are requesting that we prioritize . . . is helpful information." On March 18, however, defense counsel changed his tune, claiming such documents were not "readily collectable" and with "the deadline for substantial completion of document production still ten months away, plaintiffs have articulated no legitimate reason why Apple needs to take an inefficient and piecemeal approach to its collection and review efforts."

On April 16, 2021, this Court ordered Defendants to add eight additional custodians and directed the parties to agree to search terms by May 7, 2021 and for those documents to be produced by July 15, 2021.[3] ECF No. 158. The Court also ordered the parties to "***meet and confer on an earlier deadline for production of documents and categories of documents that can be produced without search terms.***" *Id.*

---

[2] Defendants' productions have been limited to the following: (i) Apple's insurance policies (as required by Fed. R. Civ. P. 26); (ii) Apple's document destruction policy (improperly redacted for relevance); and (iii) 319 publicly-available analyst reports (produced without metadata).

[3] Unfortunately, it appears that the search term issue may be headed to this Court as well. On April 23, 2021, Defendants proposed 60 terms. On April 30, Plaintiff proposed 164 additional terms and requested a hit count for all terms. On May 7, 2021, at 11:13 p.m., *i.e.*, the day for compliance, Defendants accepted just 29 of Plaintiff's terms and refused to provide a hit count. On May 11, in an effort compromise, Plaintiff narrowed 15 of the rejected terms and repeated its request for 40 others. More than 2 weeks later, on May 27, Defendants accepted just one term from Plaintiff's counter-proposal and stated they would provide a limited number of hit counts at some point "next week."

## II. Defendants Must Produce Targeted Categories of Documents Without the Use of Search Terms

Drawing on the communications set forth above and information from the Federal Rule of Civil Procedure 30(b)(6) depositions, on April 28, 2021, Plaintiff proposed that Defendants produce 14 categories of documents via targeted collection and without using search terms:

(1) iPhone unbricking or activation reports, and other regular sales reports;

(2) Reports on customer traffic (physical and online) at Apple stores and partner retailers in Greater China and emerging markets;

(3) Reports on economic conditions or consumer spending in Greater China;

(4) Reports on demand for iPhone in Greater China;

(5) Daily, weekly, and monthly finance reports, dashboards, or documents concerning performance to date vs. forecast;

(6) iPhone manufacturing orders, changes and cancellations;

(7) iPhone master production schedules;

(8) Preparation materials for investor conference calls;

(9) Board Materials and meeting minutes;

(10) Drafts of Cook's January 2, 2019 letter to investors and related materials;

(11) Stock buyback records;

(12) Market research concerning smartphone production and demand obtained from third parties;

(13) Individual Defendants' work calendars;

(14) Organizational charts, employee directories or Apple's internal wiki.

No dispute exists that these are relevant and responsive documents which must be produced.[4]

Defendants did not substantively respond for ***three weeks***. On May 4, 2021, the parties met and conferred on the 14 categories above, but defense counsel was not in position to address any one of them. On May 19, Defendants agreed to search for category No. 9 (board materials). With respect to the 13 rejected categories, notwithstanding the Court's April 16 Order, Defendants stated that targeted collections would be "***wasteful and duplicative***" and would only be done on the "back end" to fill in "any gaps" in the custodial searches. Defendants proposed targeting three other categories of documents: (i) communications with governmental or regulatory agencies; (ii) indemnification agreements; and (iii) consulting or employment agreements; however these have not been produced and are unlikely to yield significant productions.

On May 21, 2021, the parties held another videoconference during which Plaintiff explained that custodians and search terms are not a substitute for targeted collections, particularly for documents of paramount importance (like drafts of the January 2, 2019 pre-announcement) or documents likely to exist as unitary collections (like iPhone Master Production schedules or daily unbricking reports). Unconcerned with the Court's Order, Defendants continued to maintain that their manner of production was sufficient and they lacked the time to make targeted collections in light of the July 15 deadline for search term production (even going so far as to ask for a stipulation delaying the July 15 deadline if Plaintiffs "insisted" on productions without terms). In other words, having previously resisted making any targeted collections, Defendants refused to comply with the Court's Order because they had run out of time.

On May 24, 2021, Defendants made an alternative proposal. In exchange for withdrawing

---

[4] With respect to category No. 14, Defendants take the position that they agreed to produce organizational charts, but not internal directories or the Company's internal wiki. Defendants have repeatedly stated that no organizational charts exist and they would consider producing directories or the wiki.

this letter, Defendants offered to merely "***investigate*** whether documents in the following categories can be found in central storage locations and produced" and would "inform [plaintiff] by ***June 15*** what exactly from these categories (***if anything***) [defendants] are able to produce outside the custodial search process, and [defendants] will endeavor to make those productions by July 1." The proposed categories were: (i) Responsive unbricking reports; (ii) Responsive preparation materials for earnings calls, such as scripts and potential Q&A; (iii) Responsive drafts of Cook's January 2, 2019 letter; and (iv) Responsive company buyback records. Plaintiff rejected this proposal as it did not commit Defendants to actually making any such production. But it does confirm that, despite seven months of discovery, Defendants still have not inquired as to whether key documents can be produced and collected without search terms.[5]

Plaintiff has already been prejudiced by Defendants' improper delay in producing critical documents which were identified and should have been collected without the use of search terms. Early production of these documents could have streamlined discovery. Instead, Plaintiff has received virtually no discovery for the first seven months of the discovery period. This should end now. Plaintiff respectfully requests that the Court direct Defendants to make targeted collections and productions of all 14 categories of documents identified by Plaintiff by June 15, 2021.

---

[5] In yet another proposal, the day before filing, defense counsel suggested that the parties meet and confer the week of June 1 on each of the 13 rejected categories, *i.e.* the very purpose of the May 4 meet and confer defense counsel was unprepared for. Like the May 24 proposal that plaintiff rejected, defendants did not commit to any additional targeted productions.

**Defendants' Position**

In its April 16, 2021 order, the Court directed Defendants to make a rolling production of documents from a group of 14 custodians, to be completed by no later than July 15, 2021. Dkt. No. 158. Defendants are devoting substantial resources toward meeting that deadline, and are currently reviewing more than 100,000 documents that have been collected from individual custodians and that hit on a set of more than 50 search terms. We have also agreed to review a substantial additional volume of documents that hit on 29 search terms proposed by Plaintiff.[6] Those documents will be produced by July 15, as well.

The Court's April 16 order also directed the parties to "meet and confer on an earlier deadline for production of documents and categories of documents that can be produced without search terms"—an issue that was raised by Plaintiff at the April 16, 2021 hearing but not addressed in the Joint Discovery Letter submitted by the parties prior to the hearing. Defendants are fully complying with this order, as well. We have agreed to collect and produce four categories of documents that we believe can be produced without the use of search terms, including certain materials relating to meetings of Apple's Board of Directors.[7] We have informed Plaintiff that we will make every effort to substantially complete our production of those materials by July 1, and that we will endeavor to do so prior to that date if at all possible. However, with respect to the remaining categories of documents responsive to Plaintiff's requests for production, Defendants have determined that the use of search terms is the most efficient and effective way to identify and produce those documents.

Plaintiff, however, insists that the Court's April 16 order compels Defendants to collect and produce—apparently by the arbitrary deadline of June 15—a laundry list of 13 document categories (many with multiple subparts) that *Plaintiff* believes Defendants should be able to produce without using search terms, including broad categories like "finance reports" and "regular iPhone sales reports." There is no factual or legal basis for Plaintiff's demand. Apple is in a better position than Plaintiff to assess the relative merits of producing categories of documents with or without the use of search terms. It is a fundamental precept of discovery that "the responding party is the one best situated to decide how to search for and produce ESI responsive to discovery requests." *In re Viagra (Sildenafil Citrate) Prod. Liab. Litig.*, 2016 WL 7336411, at *1 (N.D. Cal. Oct. 14, 2016); *see also* The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, Principle 6, 118 (2018) ("The Sedona Principles") ("Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information."); *id.* at 123 ("[A]s a general matter, neither a requesting party nor the court

---

[6] Plaintiff initially proposed that Apple use *hundreds* of search terms, a large proportion of which were not reasonably tailored to the issues in this case—which involves only a single alleged misstatement and a two-month class period. Plaintiff's list included indiscriminate terms such as: iPhone; Asia; plan*; Board; Yahoo!; "corporate finance"; bear; and shit. Nonetheless, we have agreed to apply a substantial number of Plaintiff's proposed terms, and are continuing discussions with respect to others.

[7] These four categories are *in addition to* various other categories already produced without the use of search terms: insurance policies; analyst reports; and Apple's Global Records and Information Management Policy.

should prescribe or detail the steps that a responding party must take to meet its discovery obligations . . . absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere 'speculation') of a material failure by the responding party to meet its obligations."). Plaintiff's insistence that Defendants undertake a manual collection of a sweeping array of documents—when Defendants have determined that they have *already* designed a reasonable process to collect and produce those same documents through search terms—would impose a significant undue burden.

To the extent Defendants' forthcoming production reveals gaps or deficiencies—which we do not believe will be the case—we will address them. But until there is such a showing, there is no basis for Plaintiff to specify the precise means by which Defendants must go about collecting and producing their own documents. *See In re Viagra (Sildenafil Citrate) Prod. Liab. Litig.*, 2016 WL 7336411, at *1 (The responding party "'can use the search method of its choice. If [the propounding party] later demonstrates deficiencies in the . . . production, the [responding party] may have to re-do its search. But that is not a basis for Court intervention at this stage of the case.'") (citation omitted); *see also Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, 2020 WL 3498161, at *4 (E.D. Pa. Jun. 29, 2020) ("[A] party's assertion that its adversaries' search methodology was unreasonable is virtually always insufficient absent some concrete evidence pointing to the existence of missing documents.").

In any event, Defendants' collection, search, and review process is specifically designed to identify and produce relevant materials. Plaintiff appears to believe that the specific categories of documents it seeks are all stored in one central location where they can be produced with the touch of a button. Unfortunately, it is not that simple. In a corporation the size of Apple, documents are stored in a wide range of places across the organization. For that reason, "a responding party may satisfy its good faith obligations to preserve and produce relevant electronically stored information by using technology and processes, such as . . . searching." The Sedona Principles at 164, Principle 11; *see also id.* ("Using a manual process to find relevant ESI may be infeasible or unwarranted in cases with complex data systems or large volumes of ESI. Using search methods—based on a combination of technology and process to help search for, preserve, retrieve, and produce relevant ESI—can result in cost and time savings, and should be viewed as reasonable, valuable, and often a practical necessity.").

Defendants have offered a number of compromises in an effort to resolve this dispute. We have offered to investigate whether a number of additional document categories can be produced without the use of search terms, and if so, to produce them prior to July 15—notwithstanding that we believe that such an effort would be unnecessarily duplicative of the custodial collection and search efforts that are currently underway. Those offered categories were in addition to the four categories of documents that Defendants have unconditionally offered to produce prior to July 15. We have repeatedly expressed willingness to continue discussions with respect to further categories of documents. Plaintiff, however, has rejected every proffered compromise, and has offered not a single compromise of its own—insisting that the only thing that would avert this Joint Discovery Letter would be a commitment by Defendants to produce every document in Plaintiff's unilaterally-crafted list of 13 broad categories by June 15, just over two weeks from now. That proposed deadline is *seven months* prior to the January 14, 2022 deadline for substantial completion of document production that was agreed to by the parties and ordered by Judge Gonzalez Rogers. *See* Dkt. No. 128. Defendants negotiated that deadline precisely so that we would be able to collect and produce responsive materials in a reasonable, orderly fashion—not in the rushed process that Plaintiff's arbitrary deadline would require. Plaintiff's proposed June 15 deadline also falls, perhaps not coincidentally, right in the middle of the short period in which Defendants are tasked

with conducting discovery relating to class certification and preparing their opposition to Plaintiff's pending motion for class certification.[8]

Defendants respectfully ask that the Court deny Plaintiff's request for an order compelling production by June 15 of the categories of documents unilaterally selected by Plaintiff. To the extent the Court is inclined to grant the relief sought by Plaintiff, Defendants respectfully request leave to submit full briefing and evidence on these issues.

[8] As explained in the Joint Discovery Letter filed on May 26, Defendants' efforts in this regard have been hamstrung by Plaintiffs' failure to complete their own document productions, or even to commit to a deadline to do so prior to the June 30 deadline for Defendants' class certification opposition. *See* Dkt. No. 170.

**Certificate Pursuant to Local Rule 5-1(i)(3)**

I, Daniel J. Pfefferbaum, am the ECF user whose identification and password are being used to file the Letter Brief. In compliance with Local Rule 5-1(i)(3), I hereby attest that Kevin M. Askew has concurred in this filing.

Dated: May 28, 2021

s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 28, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Daniel J. Pfefferbaum

DANIEL J. PFEFFERBAUM
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: dpfefferbaum@rgrdlaw.com

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com
- **Kevin Michael Askew**
  kaskew@orrick.com
- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com
- **Mary K. Blasy**
  mblasy@rgrdlaw.com
- **Frank H. Busch**
  busch@wvbrlaw.com,johnson@wvbrlaw.com,pallister@wvbrlaw.com
- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com
- **William Joseph Foley**
  wfoley@orrick.com
- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,fmalonzo@labaton.com,6312349420@filings.docketbird.com
- **John Hamilton George**
  jgeorge@rgrdlaw.com
- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com
- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com
- **J Alexander Hood , II**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com
- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com
- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com
- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com
- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com
- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com
- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.c
- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c
- **Samuel H. Rudman**
  srudman@rgrdlaw.com
- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com
- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com
- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,acoquin@labaton.com,fmalonzo(
- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com
- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com
- **Ariel Brianna Winawer**
  awinawer@orrick.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)