JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Civil Action No. 4:19-cv-02033-YGR<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL DECLARATION TO ADDRESS MISSTATEMENTS MADE BY LEAD PLAINTIFF IN THE PARTIES' JOINT DISCOVERY LETTER (DKT. NO. 170)**<br><br>Judge: Honorable Joseph C. Spero<br>Ctrm: Courtroom F, 15th Floor |

Defendants Apple Inc. ("Apple"), Timothy Cook, and Luca Maestri ("Defendants") respectfully submit this Administrative Motion, pursuant to Civil Local Rule 7-11, requesting leave to file a supplemental declaration to address and correct several misstatements made by Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Lead Plaintiff") in a joint discovery letter filed with the Court on May 26, 2021 (the "Joint Letter"). Dkt. No. 170.[1]

Defendants initiated the Joint Letter in accordance with paragraph 9 of the Court's Civil Standing Orders, and sought the Court's intervention in connection with two related disputes: Plaintiffs' failure to (1) adequately produce documents concerning post-class period transactions in Apple securities; and (2) provide document discovery sufficiently in advance of the June 30, 2021 deadline for Defendants to respond to Lead Plaintiff's motion for class certification. The parties exchanged their portions of the Joint Letter at 4:15 p.m. on May 26, shortly before filing. In Lead Plaintiff's portion of the submission, it made the following representation to the Court:

> Less than 24 hours before filing this joint letter, Defendants informed Plaintiffs that they intended to raise purported "delays" in Plaintiffs' document production unless Plaintiffs agreed to complete production by June 1, 2021. Contrary to this Court's Standing Order, Defendants did not notify Plaintiffs of this supposed "dispute" during the parties' May 19, 2021 videoconference nor was it identified as a matter to be submitted in this joint letter. Plaintiffs are compelled to respond to Defendants' baseless accusation without the benefit of a meet and confer or even a clear articulation of the dispute or desired relief.

ECF 170 at 6. None of the assertions in this paragraph are true.

In fact, on May 11, 2021, counsel for Defendants emailed counsel for Plaintiffs asking to schedule a video conference for May 19, 2021 pursuant to the Court's Civil Standing Orders to discuss, among other things:

> 1. Plaintiffs' refusal: (a) Following numerous requests, to provide defendants with a proposed list of document custodians and proposed search terms in connection with defendants' RFPs. . . .

---

[1] While the Joint Letter was only signed by Lead Plaintiff, this Motion also makes reference to the other named plaintiffs in this action, City of Roseville Employees' Retirement System and Employees' Retirement System of the State of Rhode Island. The three plaintiffs are referred to herein collectively as "Plaintiffs."

2. The schedule for the production of the remaining documents responsive to defendants' RFPs. Plaintiffs' very limited production to date appears to be responsive only to defendants' first RFP. **<u>Your delay in providing documents relevant to the motion for class certification has already jeopardized defendants' ability [to] move forward with depositions and adequately respond to that motion under the current schedule</u>**.

(emphasis added). The video conference occurred on May 19 at 10:00 a.m. PT. During the conference, while discussing the issue of Plaintiffs' production delays, Defendants explicitly asked Plaintiffs to complete their production by June 1, 2021. Plaintiffs, however, declined to agree to a June 1 date for the completion of document discovery and did not counter with a proposed deadline of their own. Because the parties were unable to resolve this dispute during the video conference, Defendants had no recourse but to seek the Court's intervention through the Joint Letter "to ensure an adequate discovery record for class certification briefing." ECF 170 at 4.[2] There is no question that this issue was ripe for inclusion in the May 19 video conference and the Joint Letter.

*   *   *

Defendants regret that it is necessary to burden the Court with this Motion. Unfortunately, left unaddressed, Lead Plaintiff's misrepresentations create the erroneous impression that Defendants failed to comply with this Court's Standing Orders. Were the Court to accept Lead Plaintiff's assertion that "Defendants did not notify Plaintiffs of this supposed 'dispute' during the parties' May 19, 2021 videoconference," the Court might be disinclined to even consider the issue of the timing of Plaintiffs' production. In light of Lead Plaintiff's

---

[2] Not only were these issues appropriately raised and discussed at length during the May 19 video conference (and in Defendants' May 11 email), but there is a substantial paper trail of written correspondence from Defendants to Plaintiffs in March, April, and early May regarding Plaintiffs' production delays and their failure to propose custodians and search terms for their collection. *See*, *e.g.*, March 31 email ("When do plaintiffs anticipate they will begin producing documents in response to defendants' document requests?"); April 7 email ("[W]e note that plaintiffs' motion for class certification is due on May 5, 2021 . . . [and] defendants will need the documents relevant to class certification issues produced prior to that date."); April 19 email ("Plaintiffs' motion for class certification is due in a little over two weeks, and plaintiffs have yet to produce any documents relevant to class certification issues in this case."); April 30 letter ("[D]efendants prepared and circulated a list of initial custodians to plaintiffs more than five weeks ago and shared proposed search parameters last week. Despite multiple requests from defendants, plaintiffs have yet to reciprocate, and have refused even to provide a rationale for their delay.").

misrepresentations in the Joint Letter, Defendants respectfully seek leave to file a brief declaration with attached exhibits to correct the record and establish that the issue raised in the Joint Letter concerning Plaintiffs' ongoing production delays is properly before the Court.

Dated: May 28, 2021　　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Kevin M. Askew*
　　　　　　　　　　　　　　　　　　　　　　　KEVIN M. ASKEW

　　　　　　　　　　　　　　　　　　　Attorneys for Defendants Apple Inc.,
　　　　　　　　　　　　　　　　　　　Timothy Cook, and Luca Maestri