UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JOSEPH C. SPERO

| | | |
|---|---|---|
| IN RE: | ) | No. 4:19-cv-02033-YGR |
| | ) | |
| APPLE, INC. SECURITIES LITIGATION, | ) ) | San Francisco, California Tuesday |
| | ) | June 1, 2021 |
| | ) | 3:02 p.m. |

**TRANSCRIPT OF DISCOVERY HEARING VIA ZOOM**

**APPEARANCES**:

| | | |
|---|---|---|
| **For Plaintiff, City of Roseville:** | | ROBBINS GELLER RUDMAN & DOWD LLP Post Montgomery Center One Montgomery Street, Suite 1800 San Francisco, CA 94104 |
| | **BY:** | **SHAWN A. WILLIAMS, ESQ.** |
| **For Defendant:** | | ORRICK HERRINGTON AND SUTCLIFFE LLP 51 West 52nd Street New York, NY 10019-6142 |
| | **BY:** | **WILLIAM JOSEPH FOLEY, ESQ.** |
| | | ORRICK HERRINGTON AND SUTCLIFFE LLP 405 Howard Street San Francisco, CA 94105-2669 |
| | **BY:** | **JAMES NEIL KRAMER, ESQ.** |
| | | ORRICK HERRINGTON AND SUTCLIFFE LLP 777 South Figueroa Street Suite 3200 Los Angeles, CA 90017 |
| | **BY:** | **WILLIAM JOSEPH FOLEY, ESQ.** |
| Transcription Company: | | Access Transcripts, LLC 10110 Youngwood Lane Fishers, IN 46038 (855) 873-2223 www.accesstranscripts.com |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
APPEARANCES (Continued):

For Movant,           ROBBINS GELLER RUDMAN & DOWD LLP
Norfolk County        Post Montgomery Center
Council:              One Montgomery Street, Suite 1800
                      San Francisco, CA 94104
                 BY:  DANIEL JACOB PFEFFERBAUM, ESQ.
                      JOHN HAMILTON GEORGE, ESQ.
```

|     |     |     |
| --- | --- | --- |
| 1   | **Tuesday – June 1, 2021** | **3:02 p.m.** |

    2                        **P R O C E E D I N G S**

    3                            ---oOo---

4        **THE CLERK:**  Good afternoon.  The United States District Court for the Northern District of California is now in session, the Honorable Joseph C. Spero is presiding.

7        I have a housekeeping announcement to make.  Please note that persons granted remote access to court proceedings are reminded of the general prohibition against photographing, recording, and re-broadcasting of court proceedings, including those held by telephone or videoconference.  See General Order 58 at Paragraph 3.

13           "Any recording of a court proceeding held by video or teleconference, including screenshots or other visual copying of a hearing, is absolutely prohibited.  Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, or any other sanctions deemed necessary by the Court."

20        We are calling Case Number 19-cv-2033, <u>In re Apple Securities Litigation</u>.  Counsel, could you please raise your hands.

23        Got a couple more to go, Judge.

24        **THE COURT:**  Yes.

25        **THE CLERK:**  Think I've got the last one.

1    I believe I have everyone.  Is that correct?  I see no
2  more raised hands in the attendee panel.  Welcome back,
3  everyone.
4        **THE COURT:**  Good to see you all again.  It's great.
5  I love this case.  It's just the gift that keeps on giving.
6        **THE CLERK:**  Okay.  How about appearances, first
7  starting with the plaintiff.
8        **MR. WILLIAMS:**  Good afternoon, Your Honor.  Shawn
9  Williams, Robbins Geller Rudman & Dowd, on behalf of the
10 plaintiffs.
11       **MR. PFEFFERBAUM:**  Good afternoon, Your Honor.  Dan
12 Pfefferbaum, Robbins Geller Rudman & Dowd, on behalf of
13 plaintiffs.
14       **MR. GEORGE:**  Good afternoon, Your Honor.  John
15 George, also Robbins Geller, and also on behalf of plaintiffs.
16       **MR. KRAMER:**  Good afternoon, Your Honor.  It's Jim
17 Kramer from Orrick.  With me are my colleagues, Kevin Askew
18 and Bill Foley.
19    And, Your Honor, Mr. Foley will be handling argument for
20 the defendants.  His pro hac vice papers have been submitted
21 but not yet approved.  With Your Honor's --
22       **THE COURT:**  It's fine.
23       **MR. KRAMER:**  Thank you, Your Honor.  Appreciate it.
24       **THE COURT:**  Not a problem.
25    Welcome, Mr. Foley.

| | |
|---|---|
| 1 | **MR. FOLEY:** Thank you. |
| 2 | **THE COURT:** So, you know, we started this by me |
| 3 | joking about the case that keeps on giving, but I'm |
| 4 | continually astounded at the particular things that Counsel |
| 5 | can't work out, like exactly how far after the class period |
| 6 | we're going to produce plaintiff's transactions. That just |
| 7 | strikes me as, you know, there's some cases that suggest there |
| 8 | might be some relevance. It doesn't extend too far, and it's |
| 9 | horse trading. So it's surprising. |
| 10 | So for that one, produce post-class period transactions |
| 11 | in Apple Securities for the six months after the end of the |
| 12 | class period. Balances the need against the limited relevance |
| 13 | of those things. |
| 14 | What I want -- the reason we're having this here -- |
| 15 | because I could have just written that down and told you that. |
| 16 | The reason we're having this hearing is the second issue, and |
| 17 | that is completion of production, especially the completion of |
| 18 | production in advance of the -- significantly in advance of |
| 19 | the June 30 deadline. I think it's June 30 is when the |
| 20 | opposition to class cert is due. And so I wanted to discuss |
| 21 | that. The -- you know, so we get past this one issue about |
| 22 | scope. What has to happen between now and production for the |
| 23 | plaintiffs to complete their production? I guess that's a |
| 24 | question for the plaintiff more than it is for anyone else. |
| 25 | **MR. GEORGE:** Yes, Your Honor. I'm happy to answer |

1  that, and thank you.  This is John George from Robbins Geller.
2       So we have recently agreed on terms, and the key issue
3  here with respect to class certification is that we have one
4  proposed class representative.  That is Norfolk Pension Fund.
5  And we are implementing a search as we speak, and we will have
6  those documents collected relatively soon, hopefully by the
7  end of this week, and then we will immediately get on
8  reviewing those and hope to have those all produced early next
9  week.
10      I would note on that that there are not a great number of
11 outstanding requests for production.  It's primarily
12 communication with Tim Cook and the Apple employees and also
13 research that was done in regards to Apple, as it relates to
14 the securities transactions.  The plaintiffs actually delegate
15 the investment decision to a third-party manager, and so we
16 don't expect that there is going to be a substantial number of
17 documents regarding research or Apple's specific types of
18 documents, but we are nonetheless looking for them and hope to
19 have those collected and produced for Norfolk within a week,
20 week and a half, or so.
21      On Rhode Island and Roseville, neither of which are a
22 proposed class representative, and so they are -- obviously,
23 their documents are being searched, and we are producing
24 documents for them.  However, they are not necessary to the
25 opposition regarding class certification as they are not a

1  proposed class representative.  We are currently reviewing
2  Rhode Island's documents, and similar to Norfolk, are hoping
3  to have those out in the next week or so.
4      As pertains to Roseville, a key person at Roseville,
5  their IT person, has been on leave and came back today.  We
6  are now in touch with that key person, and our IT departments
7  are working together to do the same collection, the same
8  technical aspect, which, you know, I personally don't have to
9  get too much into, but are doing that, the implementation of
10 the search terms, so that we can review -- pull and review
11 those documents, as well, and --
12           **THE COURT:**  Can I ask you a question?  So the
13 parties have agreed on search terms?  Is that right?
14           **MR. GEORGE:**  Yes.
15           **THE COURT:**  Is that right, Mr. Kramer?
16           **MR. KRAMER:**  Mr. Foley.
17           **THE COURT:**  Mr. Foley, I'm sorry.  Is that right?
18           **MR. KRAMER:**  Thank you, Your Honor.
19           **MR. FOLEY:**  That is correct.
20           **THE COURT:**  I apologize.
21           **MR. FOLEY:**  We have agreed on search terms.
22           **THE COURT:**  Okay.  And custodians, have you agreed
23 on custodians?
24           **MR. FOLEY:**  We do not have custodians for the third
25 plaintiff, but Norfolk and -- yes, but for the two that

1   they've proposed custodians for, we have agreed.
2         **THE COURT:**  Okay.  All right.  So by the end of next
3   week, which is -- what is that?  You're saying by the end of
4   next week is the -- one, two, three, four, 11th -- by June
5   11th, you're saying you're going to have produced, for sure,
6   everything for Norfolk and Rhode Island, right?
7         **MR. GEORGE:**  That is the plan, Your Honor.  I mean,
8   we certainly.  If we were to find things down the road, we
9   will supplement, but that's -- we expect to be done with the
10  custodial searches and productions by that time.
11        **THE COURT:**  Okay.  And what about -- can you get
12  Roseville done in the same time?
13        **MR. GEORGE:**  I'm hesitant to make a firm commitment
14  on Roseville, Your Honor, because the person who is at
15  Roseville, the IT person, just came back today, and so I'm not
16  100 percent sure on that person's timely because they just got
17  back from leave, other projects they have going on.  But I
18  hope to have them on a similar path.  I just can't commit to a
19  firm -- the exact same timeline as the other two plaintiffs.
20        **THE COURT:**  Okay.  Let me hear from Mr. Foley on
21  this.
22        **MR. FOLEY:**  Thank you, Your Honor.
23     Well, we're certainly glad to hear that plaintiffs are
24  going to be able to produce in the next week or two.  The
25  problem, as we see it, is that we have a class cert opposition

1  due on June 30th, and working backwards, we have to depose the
2  class reps, and then before that, we need to review, analyze,
3  and prepare for the document and prepare for those
4  depositions.  So given the fact that plaintiffs will not --
5  there's no commitment to produce until June 11th, you know,
6  perhaps it makes sense for the parties to explore a very
7  modest extension of the class cert opposition in order to
8  account for the fact that we need to -- you know, working
9  backwards, it becomes difficult to get all that done if -- you
10 know, in June.
11         **THE COURT:**  So when you say depose the class reps,
12 is that with respect to each -- to the -- to Norfolk, one
13 person?
14         **MR. FOLEY:**  We have served 30(b)(6), so we don't
15 know if it's going to be one person, but certainly, we have --
16 we're looking for a 30(b)(6) witness.
17         **THE COURT:**  Yeah, no, I understand.  That's
18 really -- Mr. George, maybe you have an answer to that.
19         **MR. GEORGE:**  Yeah, I can respond.  So we have
20 proposed a date, and it will be one representative from
21 Norfolk.  And I would just add that it is -- Norfolk is the
22 only class representative here, and we've also done, as the
23 papers highlight, substantial productions of
24 transaction-related documents, the investment management
25 agreements, investment management reports, and other

1  information that pertains to the actual transactions at issue.
2  And so defendants are in possession of a substantial number of
3  the responsive documents, including the monitoring agreement
4  and the retention agreement, which are often the subject of
5  disputes and litigation but that we have turned over.
6          **THE COURT:**  So -- well, I don't -- you know, if you
7  all want to agree to a change of the opposition date, that's
8  up to you.  It's not up to me.  It's -- it'll be up to Judge
9  Gonzales Rogers, whether she would agree to that.
10     I'm just looking at the June calendar.  If you have
11  everything by the 11th and everything's due on the 30th, I
12  don't understand why that wouldn't be sufficient time to, you
13  know, get the documents, read them, analyze them, and depose
14  one person.
15          **MR. FOLEY:**  Right.  I think that the trouble, Your
16  Honor, is that they have offered us June 22nd, which is only
17  eight days before our class cert opposition is due.  And so
18  that is a bit of a tight turnaround, given the fact that, you
19  know, it could take two or three days for us to get a
20  deposition transcript and get -- there's a weekend in between.
21  So it just -- it becomes difficult to --
22          **THE COURT:**  Weekends?  What do you mean weekends?
23          **MR. FOLEY:**  Well, there's a weekend in between.
24          **THE COURT:**  I'm just -- it's a joke.  You're going
25  to be working all that weekend no matter what.

| | |
|---|---|
| 1 | **MR. FOLEY:**  Oh, yes.  Fair enough, Your Honor. |
| 2 | **MR. KRAMER:**  Your Honor, the associates at Orrick |
| 3 | don't work weekends, Your Honor. |
| 4 | **THE COURT:**  Oh, is that right? |
| 5 | **MR. KRAMER:**  We're a lifestyle firm, Your Honor. |
| 6 | **THE COURT:**  Oh, I knew I should have applied for a |
| 7 | job.  What a mistake.  What a mistake.  Breyer made me work |
| 8 | like a dog. |
| 9 | So -- well, that's a fair point.  Well, I don't -- you |
| 10 | know, it's either move up the deposition so that there's a |
| 11 | little more time for you to prepare or change the opposition |
| 12 | date.  You know, what's your view on this, Mr. George? |
| 13 | **MR. GEORGE:**  I -- the view is that the deposition |
| 14 | notice was just provided to us on May 20th, and we -- it was |
| 15 | noticed for June 7th.  We -- there was no meet and confer per |
| 16 | the standing order on that point, and so we only recently were |
| 17 | able to even get dates for that witness.  The 22nd is what he |
| 18 | can do.  We view that as enough time.  We certainly have |
| 19 | proposed major motions with shortened notice on expert |
| 20 | depositions and things like that, as well. |
| 21 | I would note that their expert, the expert here, is being |
| 22 | deposed on, I believe, the 16th.  And so to the extent that |
| 23 | those are too close together, I think that that would raise a |
| 24 | similar objection.  So I -- and certainly, we need to prepare |
| 25 | both the client and the expert.  We think that the schedule is |

1  adequate as it stands.
2       **THE COURT:**  Boy, you're a pain in the butt.  I mean,
3  I got to tell you, what are you talking about?  You're not
4  accommodating on this thing?  Well, that's crazy.  You should
5  be accommodating each other.  That's why there are problems in
6  this case, because people stand on the nits.  This is
7  ridiculous, absolutely ridiculous.  That's just terrible.  I
8  can't believe you responded that way.  I just can't.
9       It could be, "I think that's enough time, but we' would
10 be happy to negotiate a extra couple of days," or, you know,
11 "We'll see if he's available a couple days before," or, you
12 know, anything like that.  All those, I would understand.
13 This sort of "stand my ground on this" kind of thing is just
14 outrageous.  And I would fully expect, if this keeps going, to
15 get to the bottom of who's causing me to have all these
16 ridiculous discovery disputes.
17      So that's not the way it's going to go.  Do you have a
18 suggestion, Mr. Williams?
19    **MR. WILLIAMS:**  Thank you, Your Honor.  Because in our
20 view, I am the person that is responsible for how this
21 discovery is going, not for the, you know, obvious issues and
22 (indiscernible).  But with respect to the litigation and
23 decisions that we've made in terms of negotiating with the
24 defendants.  And we've been before you a number of times,
25 and -- well, it's regrettable for us.  But I do want to

1  have -- I do have a reaction, a little bit of a reaction
2  because I don't want you to get the impression that we don't
3  value your time, we don't value the defendant's time, and
4  certainly don't value our own time.
5      But for the record, I do want to make clear on this issue
6  that what hasn't been fully discussed is that the documents
7  that the defendant has wanted for class certification had been
8  produced primarily more than a month ago, more than a month
9  ago.  That wasn't primarily addressed.  The documents that
10 they've asked for that are before you today, we know what they
11 are.  They believe that the -- Norfolk was communicating with
12 Tim Cook.  They believe that the documents that we are search
13 for with search terms were going to reveal communications
14 between the class representative and potentially Tim Cook.
15     Third, they never even produced or even proposed search
16 terms.  The search terms that we are actually applying have
17 been offered by us.  We were proactive.  We gave them search
18 terms, and you know what they did?  They accepted every single
19 one of them.  How's that for compromise from their part?
20     You know what they did?  And I think it's in our letter
21 there in front of you.  Instead of just accepting the terms,
22 our terms, which they did, you know what they did?  They added
23 63 names, names of people that they -- who are Apple employees
24 that they believe that our clients were communicating with.
25 That's why --

1           **THE COURT:** Can I stop you for a second, Mr.
2 Williams?
3           **MR. WILLIAMS:** Yes.
4           **THE COURT:** Is it your impression when I say, well,
5 you should be able to work out a dispute over a couple of
6 days, that somehow you're impressing me that you shouldn't
7 have had to work out a dispute over a couple of days?
8           **MR. WILLIAMS:** That's not what --
9           **THE COURT:** I mean, this is -- there are any number
10 of disputes that have come before me in this case that I
11 thought were about of the caliber of, we should have worked
12 that out because it's just over a couple of days. And this
13 is -- and, you know, the fight over search terms, I'm glad it
14 ended up in the place that it ended up. I am glad that it
15 ended up in the place that it ended up. And it's not uncommon
16 that people send each other ridiculous lists of search terms.
17 I don't care very much, just so they work it out.
18     But, you know, it's -- it is -- and I hear you. And I'm
19 not blaming you for every discovery dispute that's come before
20 me. I wouldn't do that. The one we had last week, that was
21 Hon Hai's fault, no question about it. But this -- it was
22 ridiculous, but it was Hon Hai's fault.
23     I just -- so you know, I don't want you to get the wrong
24 impression. My only comment is directed at this particular
25 little -- can't we work out the days?

1        **MR. WILLIAMS:**  I understand that, and I'll say that
2   there is no dispute about days.  They have not asked us to
3   move the date for the response to the opposition to the motion
4   for class certification.  And so your ire is, you know, well,
5   why can't we resolve this.  They've never once said, can we
6   get a couple more days --
7        **THE COURT:**  No.  No.  That's just wrong.  They just
8   asked, and Mr. George said no on the record here in court.  So
9   I'm not -- so that counts.  I've got to tell you, the most --
10  place you should be the most reasonable -- I expect you to be
11  reasonable when I'm not here, but at least you should be the
12  most reasonable when I'm here.  I understand they haven't
13  asked in advance of this hearing.  I'm irritated by that.  I
14  mean, that -- you should have -- but -- or maybe you did.  I
15  don't know.  You know, there's -- somebody's got a hand
16  raised, but it's suggesting the opposite is true.  But I don't
17  want to get into that.  I just want that to be worked out.
18  It's a couple of days.
19       So here's what we're going to do.  The documents to be
20  produced by Norfolk -- so the minutes are going to reflect the
21  following rulings, so that Karen can get it.
22       The plaintiffs are ordered to produce post-class period
23  transactions records in Apple Securities for the six months
24  following the end of the class period.  Number one.
25       Number two, the documents -- in light of the parties'

1  agreement on search terms and partial agreement -- and
2  agreement on custodians, the documents shall be produced by
3  Norfolk and by Rhode Island by the 11th of June.  With respect
4  to Roseville, the parties shall meet and confer and agree on
5  custodians and produce on the same schedule, if at all
6  possible.
7       Then, meet and confer on the date for the class rep's
8  depo and any potential modification to the opposition date for
9  class certification.
10      Okay.  Anything else we should deal with?  Are we all
11 good?  Good enough?
12      Okay.  Thank you all.
13          **MR. FOLEY:**  Thank you, Your Honor.
14          **MR. GEORGE:**  Thank you, Your Honor.
15          **THE COURT:**  Thank you.
16          **THE CLERK:**  Court stands in recess.
17      (Proceedings adjourned.)

# **C E R T I F I C A T I O N**

I, Ilene Watson, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

Ilene M. Watson, AAERT No. 447

Wednesday, June 9, 2021