JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR<br><br>**[PROPOSED] ORDER DENYING MOTION FOR CLASS CERTIFICATION**<br><br>Hearing<br>Date:   September 14, 2021<br>Time:   2:00 p.m.<br>Ctrm:   1, 14th Floor<br>Judge:  Honorable Yvonne Gonzalez Rogers |

Before the Court is Plaintiff's Motion for Class Certification (the "Motion"), which was filed on May 5, 2021. As set forth in the July 9, 2021 Opposition brief of Defendants Apple Inc., Timothy Cook, and Luca Maestri, Plaintiff has repeatedly misled the Court about its alleged stock losses in this case, and is therefore not an adequate representative for the class under Rule 23(a)(4). Plaintiff has also failed to establish the presumption of classwide reliance on the alleged misstatement required by Rule 23(b)(3), because a preponderance of the evidence shows that the alleged misstatement did not inflate or "maintain" Apple's stock price, which in fact declined after the alleged misstatement was made. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014) ("*Halliburton II*"). And while Plaintiff's expert speculates that he could compute classwide damages based on Plaintiff's attenuated theory of liability, as required by Rule 23(b)(3), his speculative "model purporting to serve as evidence of damages in this class action" does not begin to "measure *only those damages attributable to that theory*," and therefore must be rejected. *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013).

Though the Court need not reach the issue, it notes that Plaintiff's attempt to shoe-horn option-holders into the proposed class fails as well, as Plaintiff's expert does not aver evidence to satisfy any of the five elements of *Cammer v. Bloom*, 711 F. Supp. 1264, 1286-87 (D.N.J. 1989) required to show third-party options for Apple's stock traded in an efficient market. Indeed, as Defendants' expert demonstrates, a preponderance of the evidence proves that they did not, and that option-holders therefore cannot be presumed to have relied on the alleged misstatement.

For these reasons, the Court DENIES Plaintiff's Motion for Class Certification.

**IT IS SO ORDERED.**

Date: _____, 2021

_____
HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE