UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033 (N.D. Cal.)<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Plaintiffs Norfolk County Council as Administering Authority of the Norfolk Pension Fund, Employees' Retirement System of the State of Rhode Island, and City of Roseville Employees' Retirement System, and Defendants Apple Inc., Timothy Cook, and Luca Maestri (together with Plaintiffs, the "parties"), hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case:

1. **Custodian names and search terms to be exchanged.** The parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review and production of electronically stored information. In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case. The parties then shall meet and confer to reach agreement on document custodians and also shall meet and confer to reach agreement on search terms to be used for electronic searches of the files from those custodians. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer regarding the application of further search restrictions. The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results.

2. **Technology-Assisted-Review.** No party shall use predictive coding/technology-assisted-review for the purpose of culling the documents to be reviewed or produced without meeting and conferring in good faith regarding the use of such technologies.

3. **Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in multiple-page, searchable PDF format (or, at the election of the producing party, in single-page, black and white, Group IV TIFF format), at a resolution of at least 300 dpi in accordance with the following:

    A. PDF and TIFF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

    B. For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in the same PDF format, whether searchable or non-searchable. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

    C. **Metadata.** Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original. Full extracted text for each document will be provided in a separate file, to the extent extracted text exists.

    D. **Attachments.** Where any portion of an email or its attachment is produced, the parties shall produce the parent email and its attachments sequentially and proximately linked.[1]

---

[1] The parties were unable to reach an agreement with respect to the producing parties' obligation to produce local or internal hyperlinked documents and this stipulation does not address such situations. Plaintiff reserves its right to seek the mandatory production of all internal or local documents which are hyperlinked in discovery material, as necessary.

E.  **Native files.**  The parties will produce all audio and video files, spreadsheets (e.g., MS Excel, Numbers), word processing files (e.g., Pages, Microsoft Word) containing tracked changes or comments, and Microsoft PowerPoint files in native format. The parties will meet and confer in good faith to discuss requests for the production of other files (including Apple Keynote files) in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced. The parties agree to work out a future protocol governing the use and format of documents produced pursuant to this paragraph at trial, depositions, or hearings (such as converting to PDF in accordance with the above protocol).

F.  **Hidden Content.**  For any document produced in PDF or TIFF format which the Receiving Party reasonably believes includes hidden content, tracked changes or edits, comments, notes, or other similar information viewable within the native file, at a Receiving Party's request, the Producing Party will provide the native file, or if possible an image file of a version showing the hidden content, if there is such content.  Apple Keynote files will be produced in a format which displays any presenter notes or other hidden content.

G.  **De-Duplication.**  Each party shall remove exact duplicate documents based on MD5 or SHA-256 hash values, at the family level.  Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates.  Removal of near-duplicate documents and e-mail thread suppression is not acceptable.  De-duplication will be done across the entire collection (global de-duplication) and the ALL CUSTODIAN field will list each custodian, separated by a semicolon, who was a source of that document.  Should the ALL CUSTODIAN metadata field produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents will be produced prior to substantial completion of the document production.  Should a produced version of an email originally containing a BCC recipient

exclude BCC information as a result of the de-duplication process, the producing party shall provide an overlay containing an image of the sent version of any such emails, to the extent such sent emails have been collected from custodians.

4. **Production media and encryption of productions.**  Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

5. **Format for production of documents – hardcopy or paper documents.**  All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

6. **Source code.**  This Stipulation does not govern the production of source code.  In the event that the production of source code becomes necessary (which the parties do not presently anticipate), the parties agree to negotiate a separate protocol to govern such production.

7. **Databases.**  To the extent a response to discovery requires production of electronic information stored in a database, the parties will meet and confer regarding methods of production. The parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.  The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

8. **Requests for hi-resolution or color documents.**  The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images.  Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read.  The producing party shall have the option of responding by producing a native-file version of the document.  If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in

good faith to try to resolve it.

9. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery. Foreign language text files and metadata should be delivered with the correct encoding to enable the preservation of the documents' original language.

10. **Redactions.** If documents that the parties have agreed to produce in native format need to be redacted, the parties will meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.

11. **Applicability of Federal Rule of Evidence 502(d).** Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

12. **Document preservation.** The parties have discussed their preservation obligations and agree that preservation of potentially relevant ESI will be consistent with their obligations set forth in Federal Rule of Civil Procedure 26. The parties represent that they have issued litigation hold notices to individuals whom they reasonably believe to possess relevant documents.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| Dated:  July 20, 2021 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | |
| | /s/ James N. Kramer |
| | JAMES N. KRAMER |
| | Attorneys for Defendants |
| | Apple Inc., Timothy Cook and Luca Maestri |
| | |
| Dated: July 20, 2021 | ROBBINS GELLER RUDMAN & DOWD LLP |
| | |
| | /s/ Daniel J. Pfefferbaum |
| | DANIEL J. PFEFFERBAUM |
| | Counsel for Lead Plaintiff, |
| | Norfolk County Council as Administering |
| | Authority of the Norfolk Pension Fund |

**CIVIL L.R. 5-1 ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I, James N. Kramer, am the ECF user whose ID and password are being used to file this Stipulated Order re: Discovery of Electronically Stored Information.  In compliance with General Order 45, X.B., I hereby attest that Daniel J. Pfefferbaum has concurred in this filing.

/s/ James N. Kramer
JAMES N. KRAMER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____                    _____
                                          HONORABLE JOSEPH C. SPERO
                                          UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# EXHIBIT A
# TABLE OF METADATA FIELDS

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |

1

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| ALL Custodian | Custodian | Paragraph | The custodian(s) of an email. | The custodian(s) of a document. |
| TimeSent | Time Sent | Time (HH:MM:SS format) | To the extent available, the time the email was sent. | To the extent available, for email attachments, the time the parent email was sent. |
| Create Date | Date Created | Date (MM/DD/YYYY format) | The date entered in the record's date created meta field. | To the extent it exists, the date entered in the record's date created metadata field. |
| Create Time | Time Created | Time (HH:MM:SS format) | | To the extent it exists, the time the document was created, entered in the record's time created metadata field. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| Last Modified Date | Date Last Modified | Date (MM/DD/YYYY format) | | To the extent it exists, the date entered in the record's date last modified meta field. |
| Last Modified Time | Time Last Modified | Time (HH:MM:SS format) | | To the extent it exists, last modified Time. |
| Attach Count | | | | |
| File Ext | File Extension | Paragraph | The record's extension | The record's extension |
| Filename | Filename | Paragraph | | The record's original filename |
| File Path | Original location path | Paragraph | | Original file path to the record; where the document was stored at the time of collection |
| File Size | File Size | Paragraph | | |
| TimeZone Processed | Time Zone Processed | Paragraph | | |
| Native_Path | Native File Path | Paragraph | The relative file path to produced native files | The relative file path to produced native files |
| Redaction | Redaction | Paragraph | Identifies whether the record was redacted | Identifies whether the record was redacted |
| Designation | Confidentiality Designation | Paragraph | Identifies whether the record is designated confidential | Identifies whether the record is designated confidential |

3