JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

WILLIAM J. FOLEY (*Admitted Pro Hac Vice*)
wfoley@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:   (212) 506-5000
Facsimile:   (212) 506-5151

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY [L.R. 7-11]**<br><br>Judge:   Honorable Yvonne Gonzalez Rogers |

## I. INTRODUCTION

Defendants are compelled to seek the Court's leave to file a sur-reply to address new facts and evidence raised in Plaintiff's reply memorandum in support of its motion for class certification (the "Reply").[1] Dkt. No. 202. Among other things, the Reply discloses for the first time that: (1) one of Plaintiff's purported "acquisitions" of Apple shares was actually an "in-specie" transfer of an interest that Plaintiff acquired *before the class period*; and (2) Plaintiff's post-class period "sale" of Apple shares was a similar, "non-cash" exchange. This new evidence conclusively establishes that neither transaction was accurately represented in Plaintiff's certified losses, and it substantially bolsters Defendants' argument in opposition to the class certification motion that Plaintiff *massively* overstated its purported losses to the Court in its lead plaintiff application. Coupled with Plaintiff's persistent and unfortunate lack of candor regarding these irregular transactions, the Reply evidence confirms that Plaintiff is inadequate to serve as class representative under Federal Rule of Civil Procedure 23. Defendants had intended to raise these issues at the September 14, 2021 hearing on Plaintiff's motion to certify the class, but the Court has since vacated that hearing, Dkt. No. 205, and thus a sur-reply is the only mechanism to allow Defendants to address these new and potentially dispositive facts.

Accordingly, Defendants respectfully ask the Court to permit Defendants to file a sur-reply and supporting declaration to Plaintiff's class certification motion, which are attached hereto as Exhibits 1 and 2.

## II. PROCEDURAL BACKGROUND

Plaintiff filed its motion to certify the putative class on May 5, 2021 (the "Motion"). Dkt. No. 165. On June 22, 2021, at the deposition of Plaintiff's Rule 30(b)(6) designee, the deponent admitted that the stock loss information Plaintiff submitted as part of its June 2019 lead plaintiff motion was misstated. Dkt. No. 197-6. Then, on June 30, 2021, Plaintiff filed an errata with the Court that purported to "update" the inaccurate information Plaintiff had submitted in connection

---

[1] Defendants are Apple Inc., Timothy Cook, and Luca Maestri (collectively "Defendants") and Lead Plaintiff is Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff" or "Norfolk").

1   with its lead plaintiff application in June 2019 (the "Errata").  Dkt. No 194.

2   On July 9, 2021, Defendants filed their memorandum in opposition to the Motion, which argued, among other things, that Plaintiff's significant misstatements regarding its purported stock losses rendered it an inadequate representative of the class.  Dkt. No. 196 at 12-14.  Defendants also pointed out that Plaintiff had made additional misrepresentations about its transactions in Apple securities in the Errata itself.  *See id.*  On August 24, 2021, Plaintiff filed its Reply, which introduces new facts and evidence about the transactions that Plaintiff used to calculate its purported losses in this case.  Reply at 14-15; Dkt. No. 202-9 ("Younger Reply Decl.").

## III.  DISCUSSION

### A.  Legal Standards

As the Court is aware, a plaintiff seeking class certification bears "the burden of affirmatively demonstrating that the class meets the requirements of Federal Rule of Civil Procedure 23."  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012).  It is equally clear that a plaintiff must carry that burden in its opening papers and may not attempt to do so for the first time in reply.  *See, e.g.*, *Wheeler v. Estee Lauder Cos.*, 2013 WL 12121543, at *3 (C.D. Cal. Feb. 12, 2013) (denying class certification where plaintiffs attempted to "cure th[e] defect" in their motion "by submitting . . . evidence in their Reply").  Relatedly, courts in this District and around the country routinely allow the non-moving party to file a sur-reply when facts or evidence is presented for the first time in reply.  *See, e.g.*, *In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 524 n.2 (N.D. Cal. 2009) ("[B]ecause plaintiff submitted a rebuttal declaration with his reply brief, defendants' sur-reply brief has been accepted and considered."); *Lane v. Wells Fargo Bank*, 2013 WL 3187410, at *2 n.1 (N.D. Cal. June 21, 2013) ("Due to the new material submitted on reply, defendant's motion to file a sur-reply brief was granted."); *Di Donato v. Insys Therapeutics, Inc.*, 333 F.R.D. 427, 434 (D. Ariz. 2019) ("Where new evidence is presented in a reply brief, the district court should not consider the new evidence without giving the non-movant an opportunity to respond.").

### B.     The New Information Introduced on Reply

In response to Defendants' arguments regarding Rule 23 adequacy, Plaintiff submitted with its Reply a declaration by an employee, Alexander Younger, which introduces important new information about Plaintiff's transactions in Apple stock during the relevant period. *See generally* Younger Reply Decl.

First, the Reply admits for the first time that Plaintiff's November 12, 2018 transaction in Apple stock was not a purchase, but rather an "*in specie* acquisition" of Apple stock. Reply at 15; *cf.* Opposition at 13-14 (detailing how Plaintiff previously referred to this transaction as a "transfer of assets"). The Reply also introduces new evidence concerning how this "in specie" transfer operated, how the purported transaction "price" was selected by Plaintiff's investment managers (despite no cash changing hands), and most critically, that Plaintiff had acquired an ownership interest in the 14,012 Apple shares (through a "pooled investment fund") *prior to the beginning of the class period*. *See generally* Younger Reply Decl.

Second, the Reply discloses that the transaction code for Plaintiff's purported February 11, 2019 "sale" of 36,934 shares of Apple stock indicates that the transaction occurred "free of cash," i.e., "the economic consideration received [was] a non-cash item." *Id.* ¶ 17. The Reply is the very first time that Plaintiff has revealed it did not receive cash proceeds from this large transaction (encompassing the *entirety* of its claimed post-class sales), despite its prior representations to the contrary. *See, e.g.*, Dkt. No. 37-9 (representing that Norfolk received $5 million in "proceeds" from this "sale").[2]

This new evidence establishes that neither the November 12, 2018 nor the February 11, 2019 transactions were accurately disclosed in Plaintiff's loss certifications, and that Plaintiff significantly overstated its losses—by *at least* $650,000 (or 133%) in its original loss certification (Dkt. No. 37-9) and *at least* $480,000 (or 96%) in the Errata (Dkt. No. 194-1). As set forth in the attached sur-reply, these misrepresentations, in addition to Plaintiff's continuing failure to provide

---

[2] Given the similarities between the February 11, 2019 transaction code ("SFREE") and the November 12, 2018 transaction code ("PFREE"), it is likely that the February 11 transaction was another "in specie" transfer.

full and candid disclosure regarding these transactions,[3] render Plaintiff an inadequate class representative. *See, e.g.*, *In re Boeing Co. Aircraft Sec. Litig.*, 2020 WL 476658, at *5 (N.D. Ill. Jan. 28, 2020) ("[F]ailure to discover . . . obvious [loss chart] errors independently warrants a determination that the [plaintiffs] will not be adequate representatives of the class.") (collecting cases); *In re Solar City Corp. Sec. Litig.*, 2017 WL 363274, at *6 (N.D. Cal. Jan. 25, 2017) ("Errors in claimed losses may render a movant inadequate if there is evidence of bad faith or intent to deceive the court or the parties.") (internal quotations and citations omitted).

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request leave to file a sur-reply and supporting declaration, attached hereto as Exhibits 1 and 2.

Dated: September 20, 2021                                     ORRICK, HERRINGTON & SUTCLIFFE LLP


*/s/ James N. Kramer*
JAMES N. KRAMER

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

---

[3] Defendants served Plaintiff with written discovery on August 4, 2021 seeking additional information regarding, among other things, the February 11 transaction, but Plaintiff objected and provided no substantive response. Then, at a September 15, 2021 meet-and-confer, Plaintiff's counsel took the position that the particulars of the February 11 transaction were not relevant.