# EXHIBIT 2

JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:     (415) 773-5759

WILLIAM J. FOLEY (*Admitted Pro Hac Vice*)
wfoley@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:     (212) 506-5000
Facsimile:     (212) 506-5151

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR<br><br>**DECLARATION OF WILLIAM J. FOLEY IN SUPPORT OF DEFENDANTS' SUR-REPLY**<br><br>Judge:     Honorable Yvonne Gonzalez Rogers |

I, William J. Foley, declare as follows:

1.      I am associated with the law firm of Orrick, Herrington, & Sutcliffe LLP, counsel for Apple Inc., Timothy Cook, and Luca Maestri (collectively "Defendants").  I submit this declaration in support of Defendants' Sur-Reply to Plaintiff's Reply Memorandum in support of Motion to Certify Class, Appoint Class Representative, and Appoint Class Counsel.  I have personal knowledge of the matters set forth in this declaration, and if called upon to do so I could and would testify thereto.

2.      On August 4, 2021, Defendant Apple served on Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") a first set of interrogatories regarding its purported transactions in Apple stock.  As seen in Exhibit A, interrogatory number 4 requested the following information from Plaintiff:

> a.   Describe in detail the circumstances and context of Your February 11, 2019 trade in Apple Securities (see NORFOLK_0000445), including but not limited to whether this transaction was a transfer between Your accounts, where the shares of Apple were transferred to and from, the reason that the shares of Apple were transferred, and the date and price at which those shares of Apple were subsequently Sold.

3.      On September 3, 2021, Plaintiff served on Defendants objections and responses to those interrogatories.  A true and correct copy of Plaintiff's objections and responses is attached hereto as Exhibit A.

4.      On September 15, 2021, counsel for Plaintiff and Defendants met and conferred over Plaintiff's objections and responses.  With respect to details on Plaintiff's February 11, 2019 transaction in Apple stock, Plaintiff's counsel first argued that the information requested was not relevant, and after further discussion, stated that Plaintiff would need more time in order to determine whether it would respond further.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in New York, NY on September 20, 2021.

_/s/ William J. Foley_
WILLIAM J. FOLEY

# Exhibit A

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
JOHN H. GEORGE (292332)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
jgeorge@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
         – and –
MARK SOLOMON (151949)
TOR GRONBORG (179109)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
torg@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
| | CLASS ACTION |
| This Document Relates To: | LEAD PLAINTIFF NORFOLK COUNTY COUNSEL AS ADMINISTERING AUTHORITY FOR THE NORFOLK PENSION FUND'S OBJECTIONS AND RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF |
| ALL ACTIONS. | |

4832-1382-3737.v1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of California, Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Lead Plaintiff" or "Norfolk Pension Fund"), by and through its counsel of record, hereby submits its objections and responses to Defendant Apple Inc.'s First Set of Interrogatories to Lead Plaintiff ("Interrogatories").

## I.      GENERAL OBJECTIONS

Lead Plaintiff generally objects to the Interrogatories on the following grounds, each of which is expressly incorporated by reference into the responses to each individual Interrogatory below.  All responses set forth herein are subject to and without waiver of any of these General Objections.

1.      Lead Plaintiff objects to the Interrogatories to the extent that they seek to impose obligations on Lead Plaintiff beyond those imposed by law or otherwise inconsistent with Rule 33 and the Federal Rules of Civil Procedure or this Court's Local Rules.

2.      Lead Plaintiff objects to the Interrogatories to the extent that they call for the disclosure of information protected from disclosure by the attorney client privilege, the work product doctrine or any other applicable privilege or doctrine.  Such disclosure as may hereafter occur pursuant to the Interrogatories shall not include any information protected from disclosure by such privileges or doctrines.  Inadvertent disclosure of any such information is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

3.      Lead Plaintiff objects to the Interrogatories to the extent that they impose a duty to seek information that is not presently known or knowable to Lead Plaintiff.  Discovery is not yet completed.  Defendants and third parties are still producing documents, and Lead Plaintiff's analysis of documents produced in this action, many of which were produced only recently, is ongoing.

4.      Lead Plaintiff objects to the extent that the Interrogatories seek information that is equally available to Defendants or to the extent such information is already in Defendants' possession, custody or control or can be obtained by Defendants without appreciably more burden than it can be obtained by Lead Plaintiff.

5.      Lead Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, otherwise incomprehensible, overbroad, compound, oppressive, not reasonably particular and unduly burdensome.

6.      Lead Plaintiff objects to the Interrogatories to the extent they prematurely seek expert analysis, opinion or testimony, the disclosure of which will be made in accordance with the Court's Orders and applicable law.

7.      Lead Plaintiff objects to the Interrogatories to the extent that they seek information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Lead Plaintiff objects to the Interrogatories to the extent they are cumulative or duplicative.

9.      Lead Plaintiff's response(s) to the Interrogatories in no way waives or intends to waive any privilege or objection, but instead preserves the following:

(a)      all objections as to the competency, relevancy and admissibility of any Interrogatory;

(b)      all objections as to vagueness, ambiguity or other infirmity in the form of the Interrogatories and any objections based on the undue burden imposed by the Interrogatories;

(c)      all rights to object on any ground to the use of any of the responses or their subject matter in any subsequent proceedings, including the trial of this or any other action;

LEAD PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET
OF INTERROGATORIES TO LEAD PLAINTIFF - 4:19-cv-02033-YGR                                    - 2 -
4832-1382-3737.v1

(d)    all rights to object on any ground to any further document requests or interrogatories or other discovery requests involving or relating to the subject matter of the Interrogatories;

(e)    the right to further supplement responses to the Interrogatories prior to trial; and

(f)    any and all privileges or rights under applicable rules under the Federal Rules of Civil Procedure, the Local Rules, other statutes, guidelines or common law.

10.    Lead Plaintiff's failure to object to any Interrogatory on a particular ground or grounds shall not be construed as a waiver of Lead Plaintiff's right to object on any additional grounds.

11.    Lead Plaintiff reserves the right to supplement or amend the Specific Objections and Responses set forth below.

## II.    OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Lead Plaintiff objects to the definitions of "Apple Securities" and "Security" as overbroad, irrelevant, vague and ambiguous as they include numerous securities not at issue and unavailable for public purchase.  Lead Plaintiff construes the terms "Apple Securities" and "Security" to include Apple's common stock, preferred stock, debentures, options, or other debt or equity interests.

2.    Lead Plaintiff objects to the definition of "You," "Your" and "Yours" as overbroad, vague and ambiguous as it include Lead Plaintiff's "current or former directors, officers, employees, agents, representatives, or any other person acting or purporting to act on behalf of Norfolk or any of its predecessors, successors, subsidiaries, divisions, or affiliates."  Lead Plaintiff's responses are made on behalf of Norfolk Pension Fund only and are based on information within its possession, custody or control.

3.      Lead Plaintiff objects to the definition of "Fidelity" as overbroad, vague and ambiguous as it includes "current or former directors, officers, employees, agents, representatives, or any other person acting or purporting to act on behalf of Fidelity or any of its predecessors, successors, subsidiaries, divisions, or affiliates."  Lead Plaintiff does not and cannot know the identities of the individuals and entities included in the definition of Fidelity.  Lead Plaintiff construes Fidelity to mean Fidelity International Ltd. and its employees known to Lead Plaintiff.

4.      Lead Plaintiff objects to the Instructions to the extent that they require Lead Plaintiff to provide information to support a claim of privilege beyond that required by Federal Rule of Civil Procedure 26(b)(5).

5.      Lead Plaintiff objects to the Instructions as overbroad and unduly burdensome insofar as they purport to impose an obligation on Lead Plaintiff broader than that required by the Federal Rules of Civil Procedure or the Local Rules of this Court, or any other applicable statutes, rules, or other law.

**III.      SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Lead Plaintiff incorporates the General Objections, and Objections to Definitions and Instructions into each of the Responses that follow as if such General Objections were set forth therein.  Any Specific Objections set forth in the Responses are in addition to those objections, and, unless otherwise specified, Lead Plaintiff's Responses are limited in accordance with each of its Objections.

INTERROGATORY NO. 1:

Identify with specificity each and every Transaction in Apple Securities in which You engaged between August 1, 2018 and July 2, 2019, including but not limited to (1) each of Your Purchases of Apple Securities during that time period and the price for each; (2) each of Your Sales of Apple Securities during that time period and the price for each; and (3) each transfer of Apple Securities between Your accounts during that time period.

**RESPONSE TO INTERROGATORY NO. 1:**

Lead Plaintiff objects to this Interrogatory to the extent that it seeks information already in Defendants' possession and therefore as unduly burdensome, cumulative and duplicative. Lead Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses in this action. Lead Plaintiff objects to the phrase: "Identify with specificity" as vague and ambiguous. Subject to the General and Specific Objections, and in accordance with Fed. R. Civ. P. 33(d), Lead Plaintiff responds that the following previously produced documents identify Lead Plaintiff's transactions in Apple securities between August 1, 2018 and July 2, 2019:

- NORFOLK_0000331 at 358;
- NORFOLK_0000377 at 391-392;
- NORFOLK_0000423 at 429, 445;
- NORFOLK_0000458 at 465;
- NORFOLK_0000493 at 510;
- NORFOLK_0000571 at 586;
- NORFOLK_0000611 at 619;
- NORFOLK_0000670 at 705;
- NORFOLK_0000740 at 757;
- NORFOLK_0000898 at 961;
- NORFOLK_0000981 at 1036-1037;
- NORFOLK_0001061 at 1115;
- NORFOLK_0001134 at 1188;
- NORFOLK_0001279 at 1338;
- NORFOLK_0001643 at 1659;
- NORFOLK_0001852 at 1904;
- NORFOLK_0001924 at 1981;
- NORFOLK_0002082 at 2126;

- NORFOLK_0002283 at 2243;

- NORFOLK_0002271;

- NORFOLK_0002272 at 2279; and

- NORFOLK_0002300.

INTERROGATORY NO. 2:

Identify the date and price at which You initially Purchased the 14,012 shares of Apple that were transferred from the Exempt America Multi-Manager Fund account into the US FIRST segregated account on November 12, 2018, as detailed in NORFOLK_0002301 and NORFOLK_0001637.

RESPONSE TO INTERROGATORY NO. 2:

Lead Plaintiff objects to this Interrogatory as vague, ambiguous, unintelligible and irrelevant to the extent that it inaccurately seeks to attribute a purchase of Apple shares by Fidelity to Lead Plaintiff.  To the extent this Interrogatory seeks information concerning Lead Plaintiff's acquisition of 14,012 Apple securities on November 12, 2018 (which is described in the August 23, 2021 Declaration of Alexander Younger In Support of Lead Plaintiff's Motion to Certify Class, Appoint Class Representative and Appoint Class Counsel (ECF No. 202-9)), such information is already in Defendants' possession and therefore this Interrogatory is unduly burdensome, cumulative and duplicative.  Lead Plaintiff objects to the phrase "initially Purchased" as vague and ambiguous.   To the extent that this Interrogatory seeks information concerning information regarding the date and price at which Fidelity's Exempt America Multi Manager Fund acquired Apple common stock prior to November 12, 2018, such information is not within the possession, custody or control of Lead Plaintiff.

INTERROGATORY NO. 3:

Describe in detail the meaning of transaction codes "PFREE" and "SFREE," as used in NORFOLK_0000510 and NORFOLK_0000445, and explain the reason and context in which these codes were used to describe Your trades in Apple Securities on November 12, 2018 and February 11, 2019.

RESPONSE TO INTERROGATORY NO. 3:

Lead Plaintiff objects to this Interrogatory to the extent that it seeks information already in Defendants' possession and therefore as unduly burdensome, cumulative and duplicative. Lead Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses. Lead Plaintiff objects to the phrase "explain the reason and context" as vague and ambiguous. Lead Plaintiff objects to this Interrogatory to the extent it seeks information outside its possession, custody or control and within the possession, custody or control of HSBC, which created the documents bearing Bates numbers NORFOLK_0000510 and NORFOLK_0000445. Notwithstanding the above objections, Lead Plaintiff's understanding of the terms "PFREE" and "SFREE" is reflected in the August 23, 2021 Declaration of Alexander Younger In Support of Lead Plaintiff's Motion to Certify Class, Appoint Class Representative and Appoint Class Counsel (ECF No. 202-9).

INTERROGATORY NO. 4:

Describe in detail the circumstances and context of Your February 11, 2019 trade in Apple Securities (see NORFOLK_0000445), including but not limited to whether this transaction was a transfer between Your accounts, where the shares of Apple were transferred to and from, the reason that the shares of Apple were transferred, and the date and price at which those shares of Apple were subsequently Sold.

RESPONSE TO INTERROGATORY NO. 4:

Lead Plaintiff objects to this Interrogatory to the extent that it seeks information already in Defendants' possession and therefore as unduly burdensome, cumulative and duplicative. Lead Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the claims or defenses in this action. Lead Plaintiff objects to the phrase "the circumstances and context" as vague and ambiguous. Lead Plaintiff will meet and confer with Defendants regarding this Interrogatory and the objections to it.

INTERROGATORY NO. 5:

Describe in detail the meaning and context of Your November 7, 2018 instruction to Fidelity to "commence [trading] to bring the US FIRST Portfolio in line with the agreed investment

1  guidelines," as stated on NORFOLK_0002302, and identify which, if any, of the Securities You

2  Purchased on November 14, 2018 (see NORFOLK_0000756-764), including Apple Securities,

3  were acquired pursuant to this instruction.

4  <u>RESPONSE TO INTERROGATORY NO. 5</u>:

5       Lead Plaintiff objects to this Interrogatory to the extent that it seeks information already in

6  Defendants' possession and therefore as unduly burdensome, cumulative and duplicative.  Lead

7  Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the

8  claims or defenses in this action.  Lead Plaintiff objects to the phrase "the meaning and context"

9  as vague and ambiguous.  Lead Plaintiff will meet and confer with Defendants regarding this

10  Interrogatory and the objections to it.

11  <u>INTERROGATORY NO. 6</u>:

12       Describe in detail the "strategic reasons" (see Deposition Transcript of Alexander Younger

13  142:18-19) for which You instructed Fidelity to transfer assets between Your accounts on

14  November 12, 2018, as detailed in NORFOLK_0002301, as well as the reasons for any additional

15  transfers of Apple Securities between August 1, 2018 and July 2, 2019, and identify all

16  consideration paid or received for each transfer.

17  <u>RESPONSE TO INTERROGATORY NO. 6</u>:

18       Lead Plaintiff objects to this Interrogatory to the extent that it seeks information already in

19  Defendants' possession, including the deposition testimony of Alexander Younger as a Rule

20  30(b)(6) witness on behalf of Norfolk Pension Fund, and therefore as unduly burdensome,

21  cumulative and duplicative.  Lead Plaintiff objects to this Interrogatory to the extent that it seeks

22  information not relevant to the claims or defenses in this action.  Lead Plaintiff objects that this

23  Interrogatory misconstrues or mischaracterizes the facts regarding the divestment of Lead

24  Plaintiff's unitized interest in the Fidelity Exempt America Multi Manager Fund, which is

25  described in the August 23, 2021 Declaration of Alexander Younger in Support of Lead Plaintiff's

26  Motion to Certify Class, Appoint Class Representative and Appoint Class Counsel (ECF No. 202-

27  9).  Lead Plaintiff will meet and confer with Defendants regarding this Interrogatory and the

28  objections to it.

1    DATED:  September 3, 2021        ROBBINS GELLER RUDMAN

2                                      & DOWD LLP
  SHAWN A. WILLIAMS

3                                      DANIEL J. PFEFFERBAUM
  JOHN H. GEORGE

4                                      KENNETH J. BLACK
  HADIYA K. DESHMUKH

5

6                                      _____

                                              JOHN H. GEORGE

7

8                                      Post Montgomery Center
  One Montgomery Street, Suite 1800

9                                      San Francisco, CA  94104
  Telephone:  415/288-4545

10                                     415/288-4534 (fax)
  shawnw@rgrdlaw.com

11                                     dpfefferbaum@rgrdlaw.com
  jgeorge@rgrdlaw.com

12                                     kennyb@rgrdlaw.com
  hdeshmukh@rgrdlaw.com

13                                     ROBBINS GELLER RUDMAN
  & DOWD LLP

14                                     MARK SOLOMON
  TOR GRONBORG

15                                     655 West Broadway, Suite 1900
  San Diego, CA  92101

16                                     Telephone:  619/231-1058
  619/231-7423 (fax)

17                                     marks@rgrdlaw.com
  torg@rgrdlaw.com

18

19                                     Lead Counsel for Lead Plaintiff

20                                     LABATON SUCHAROW
  CAROL C. VILLEGAS

21                                     140 Broadway
  New York, NY 10005

22                                     Telephone: 212/907-0700
  212/883-7524 (fax)

23                                     cvillegas@labaton.com

24                                     Counsel for Employees' Retirement System of
  the State of Rhode Island

25

26

27

28

**DECLARATION OF SERVICE BY E-MAIL**

I, Sarah A. Morris, not a party to the within action, hereby declare that on September 3, 2021, I caused to be served the attached LEAD PLAINTIFF NORFOLK COUNTY COUNSEL AS ADMINISTERING AUTHORITY FOR THE NORFOLK PENSION FUND'S OBJECTIONS AND RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF by e-mail on the parties to the within action, addressed as follows:

| NAME | FIRM | EMAIL |
|---|---|---|
| James N. Kramer<br>Alexander K. Talarides<br>Ariel Winawer<br>M. Todd Scott | ORRICK, HERRINGTON<br>  & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105 | jkramer@orrick.com<br>atalarides@orrick.com<br>awinawer@orrick.com<br>tscott@orrick.com |
| Kevin M. Askew | ORRICK, HERRINGTON<br>  & SUTCLIFFE LLP<br>777 South Figueroa Street<br>Suite 3200<br>Los Angeles, CA 90017 | kaskew@orrick.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2021, at San Francisco, California.

_____
SARAH A. MORRIS