ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
JOHN H. GEORGE (292332)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
jgeorge@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
        – and –
MARK SOLOMON (151949)
TOR GRONBORG (179109)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
torg@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |

Case No. 4:19-cv-02033-YGR

CLASS ACTION

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' ADMINISTRATIVE
MOTION FOR LEAVE TO FILE A SUR-
REPLY [L.R. 7-11]

4825-8990-3356.v2

I.      INTRODUCTION[1]

Defendants appear to have intentionally avoided a reasonable investigation and basic legal research to enable the unfounded contentions in their class certification opposition (ECF No. 196) ("Opp.") and now their administrative motion for leave to file a sur-reply (ECF No. 206) ("Admin. Mot.") and proposed sur reply (ECF No. 206-2) ("PSR").   Their accusations that Norfolk has intentionally misled the Court are baseless and should be soundly rejected.

II.     ARGUMENT

A.      The Administrative Motion Is Untimely and Substantively Improper

Defendants' Admin. Mot. provides no basis to allow submission of their PSR.  Plaintiff's class certification reply (ECF No. 202) ("Reply"), filed a month ago, did not raise new arguments and the evidence attached thereto is solely responsive to Defendants' unsupported and overheated accusations levied in their Opp.[2]  Where a reply brief does not raise new arguments and merely responds to an opposition, a sur-reply is not warranted.  *See*, *e.g.*, *Applied Materials, Inc. v. Demaray LLC*, 2020 U.S. Dist. LEXIS 236758 (N.D. Cal. Dec. 16, 2020) (denying motion to file sur-reply and finding evidence submitted on reply is not new evidence when it rebuts arguments raised in the opposition); *Synopsys, Inc. v. Mentor Graphics Corp.*, 2013 U.S. Dist. LEXIS 175311 (N.D. Cal. Dec. 13, 2013) (same).[3]  In *OverPeck v. FedEx Corp.*, 2021 U. S. Dist. LEXIS 174698, at *3 (N.D. Cal. Sept. 14, 2021), Judge Hamilton recently rejected defendant FedEx's request to file a sur-reply in connection with plaintiff's class certification motion, finding that plaintiff's reply arguments were not new, but rather responsive to the opposition arguments.

The primary purpose of the PSR is to quarrel with Plaintiff's reply to the unfounded attacks in the Opp.  Indeed, the Admin. Mot. and PSR claim the Reply provides "new details about how

---

[1]    All terms not defined herein have the same meaning in Plaintiff's motion for class certification (ECF No. 165).

[2]    Defendants claim they were "compelled" to address "new facts and evidence raised in [the Reply]," (Admin. Mot. at 1) but fail to comply with the Local Rules ("L.R.") which provide a mechanism in the form of an "Objection to Reply Evidence" to be filed not more than seven days after the filing of the reply.  L.R. 7-3(d)(1).

[3]    All citations and footnotes omitted and emphasis added unless otherwise indicated.

1   [Norfolk's November 12] transaction operated" – *i.e.*, the same transaction Defendants took issue

2   with in the Opp.  *See* PSR at 1-2; Admin. Mot. at 3; Opp. at 13.  This is precisely the purpose of a

3   reply brief.  *See BMA LLC v. HDR Glob. Trading Ltd.*, 2021 U.S. Dist. LEXIS 169327, at *3 n.1

4   (N.D. Cal. Sept. 7, 2021) ("None of the identified arguments are new.  They are responsive to

5   arguments plaintiffs raised in the opposition, which is exactly what a reply brief is supposed to

6   do."); *OverPeck*, 2021 U.S. Dist. LEXIS 174698, at *2.  The rest of Defendants' PSR merely

7   summarizes and repeats their Opp. arguments.  For example, the PSR reiterates (falsely) that

8   Norfolk's November 12, 2018 transaction was a "'transfer between corporate pockets.'"  PSR at

9   3; *compare* Opp. at 14 n.8 ("shares were merely transferred between Plaintiff's accounts").  The

10  PSR repeats arguments that Plaintiff's June 30, 2021 errata overstated losses by $650,000.  PSR

11  at 1, 5; *compare* Opp. at 14 ("errata . . . overstated [losses] by over $650,000").  The PSR again

12  mischaracterizes the timeline of this litigation, claiming Norfolk waited "two years" to disclose

13  information about its transactions.  PSR at 6; *compare* Opp. at 14, 17 (arguing Norfolk waited two

14  years to correct the record).  The PSR also repeats the same contentions about the HSBC

15  transaction codes SFREE and PFREE as the Opp.  PSR at 4-5; *compare* Opp. at 14 n.8 (arguing

16  that HSBC transaction codes referenced transfers).  Unsurprisingly, the PSR also relies upon the

17  same case law, *i.e.*, *In re Boeing Co. Aircraft Sec. Litig.*, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020),

18  cited in their Opp. which Plaintiff distinguished.  Reply at 13-14.  The two other cases Defendants

19  cite, *In re Solar City Corp. Sec. Litig.*, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) and *Ferrari v.*

20  *Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004), were cited in Plaintiff's Reply.  Reply at 13.  Because

21  Plaintiff's Reply merely responded to the Opp., the PSR repeats arguments already before the

22  Court and Defendants have not complied with the appropriate legal standards or the L.R.s, the

23  Admin. Mot. should be denied.

24        **B.**     **Defendants' Proposed Sur-Reply Recklessly Ignores Long Settled**
                  **Principals of Law Under the Securities Exchange Act of 1934**

25

26        Disregarding the arguments and evidence submitted in the Reply, including the Younger

27  Reply Decl. (ECF No. 202-9), the PSR asserts without any legal basis that Norfolk's November

28  12 and February 11 transactions were not a "purchase" and "sale," respectively, under §10(b).

1    PSR at 3-5.  Defendants' contention is directly contradicted by the plain language of the Securities

2    Exchange Act of 1934 ("Exchange Act") and decades of case law.

3          For example, Defendants argue that if no "cash" was exchanged as part of Norfolk's

4    November 12 or February 11 transactions then neither constitutes a recognizable purchase or sale.

5    PSR at 2-4.  But even the most basic review of the statute shows that the Exchange Act defines the

6    term "'purchase'" to "include any contract to buy, purchase, or otherwise acquire."  15 USC

7    78c(a)(13).  Likewise, "[t]he terms 'sale' and 'sell' each include any contract to sell or otherwise

8    dispose of."  15 USC 78c(a)(14).  For half a century, courts have consistently held that the

9    exchange of securities (or anything else of value) for the defendant's securities constitutes a

10   purchase or sale under §10(b).  *See, e.g.*, *Ingenito v. Bermec Corp.*, 376 F. Supp. 1154, 1180

11   (S.D.N.Y. 1974) ("an exchange of securities is a securities transaction for purposes of §10(b) even

12   when there is no purchase in the usual commercial sense"); *Pittsburgh Terminal Corp. v. Balt. &*

13   *Ohio R.R. Co.*, 680 F.2d 933, 939 (3d Cir. 1982) (holding "'a contract to obtain common stock in

14   exchange for the surrender of a convertible debenture is a contract for purchase or sale of a

15   security'"); *Davidson v. Belcor, Inc.*, 933 F.2d 603, 606 (7th Cir. 1991) ("the exchange of shares

16   during a merger transaction constitutes the purchase or sale of securities"); *Dasho v. Susquehanna*

17   *Corp.*, 461 F.2d 11, 24 (7th Cir. 1972) ("there is no doubt that Susquehanna's acquisition of its

18   own shares in exchange for its block of Vanadium stock was a 'purchase'"); *Rudinger v. Ins. Data*

19   *Processing, Inc.*, 778 F. Supp. 1334, 1338-39 (E.D. Pa. 1991) ("exchanging a plaintiff's services

20   for a defendant corporation's stock constitutes a 'sale'").

21         Even the case that Defendants cite to, *Rathborne v. Rathborne*, 683 F.2d 914 (5th Cir.

22   1982), confirms Norfolk's November 12 transaction is a purchase and the February 11 transaction

23   is a sale under the securities laws.  *Id.* at 918-19.  As Norfolk has explained, and Defendants do

24   not dispute, Norfolk acquired 14,012 Apple shares on November 12 in "[a]n arms-length stock-

25   for-assets trade" directly with Fidelity, a separate entity, the exact type of transaction *Rathborne*

26   recognized as a purchase or sale.  *Id.* at 918; Younger Reply Decl., ¶14.  Based on the plain

27   language of the Exchange Act, and supported by decades of case law, Norfolk's November 12

28

1    acquisition of Apple shares in exchange for its Fidelity Fund units is plainly a "purchase" and its

2    February disposition of Apple shares in exchange for an interest in a pooled fund is a "sale."[4]

3          Despite this case law and the evidence submitted, the PSR also continues to falsely assert

4    that Norfolk already owned the shares it acquired from the Fidelity Fund on November 12, and

5    simply moved them between its own accounts.  PSR at 1, 3.  To reiterate, prior to November 12,

6    Norfolk owned units of the Fidelity Fund and the Fidelity Fund owned the underlying assets,

7    including Apple shares.  Younger Reply Decl., ¶14; ECF No. 202-10 at 2.  And, Defendants still

8    do not challenge the authenticity of the HSBC and Fidelity trading records that Plaintiff produced

9    as early as April 2021 (*i.e.*, before Plaintiff filed its class certification motion and before

10   Defendants deposed Alexander Younger) which specifically identify the November 12 and

11   February 11 transactions as purchases and sales, respectively.  ECF No. 165-4 at 4 (Fidelity

12   statement identifying November 12 purchase as a "**PURCHASE TRANSACTION**" with a "Net

13   Cost" of $2,864,333.04, the amount reflected in Plaintiff's updated loss chart (ECF No., 194-1));

14   ECF No. 197-7 at NORFOLK_0000619 (Fidelity statement identifying February 11 sale as a

15   "**SALE TRANSACTION**" with "Net Proceeds" of over $6 million).

16         Furthermore, with its Reply, Plaintiff submitted a publicly-available article from Northern

17   Trust discussing transition management for pooled funds.  Under "Investment/Divestment Method

18   – Cash or Stock?", it explains the mechanics and benefits of *in specie* transactions from pooled

19   funds for institutions, and confirms that such a transaction effectuates a change in ownership:

20            ***When a restructure involves pooled funds, the best way of doing so is to subscribe
21            or redeem with a stock in-specie transfer.  This involves transferring stock into
             or out of the pooled fund in place of a normal cash transfer***.

22                                  *       *       *

23            In the case of a pooled fund, ***the client owns units of the fund, whilst the
24            fund, a legal entity in its own right, legally owns the underlying assets***.  Therefore,
             any transfer of assets into or out of a pooled fund will typically give rise to a change
25            of beneficial ownership.

---

26   [4]   Relatedly, Defendants' assertion that if the February 11 transaction was not a sale then Plaintiff
27   "did not suffer any associated losses" also misstates the law.  PSR at 5.  Class members who
     purchased Apple stock during the Class Period and held those shares through the end of the class
28   (*i.e.*, holders) can suffer losses, as well.  15 U.S.C. §78u-4(e).

1   *See* ECF No. 202-10.  Northern Trust's description of such a transaction is just as Mr. Younger

2   declared and Fidelity confirmed.  Younger Reply Decl. at Ex. C.  Indeed, Defendants' attempt to

3   portray an *in specie* transaction as an "irregular transaction" for which Norfolk must "come clean"

4   has no factual basis.  PSR at 5.  Moreover, Defendants' hyperfocus on a single purchase ignores

5   that Norfolk purchased more than 25,000 additional Apple shares on multiple dates throughout the

6   Class Period.  Younger Reply Decl.[5]

       **C.**    **Defendants' False Claims of Dishonesty Do Not Undermine Norfolk's Adequacy Under Rule 23**

8         Norfolk has undisputedly vigorously prosecuted this action and Defendants still have not

9   identified any conflict that might distract Norfolk or its counsel from its prosecution of this action.

10  *In re Twitter, Inc. Sec. Litig.*, 326 F.R.D. 619, 626 (N.D. Cal. 2018).  Defendants' unfounded

11  accusations of bad faith and that Norfolk "intentional[ly]" mislead this Court (PSR at 5-6) are

12  based solely on Defendants' distortion of the facts and a refusal to accept well-settled legal

13  principles.  Individually – and collectively – each accusation withers under the slightest scrutiny.

**III.**    **CONCLUSION**

15        Plaintiff respectfully requests that Defendants' Admin. Mot. be denied.

16   DATED:  September 24, 2021           Respectfully submitted,

                                   s/ Shawn A. Williams

                                SHAWN A. WILLIAMS

---

[5]    Defendants' hypothetical argument that Norfolk's investment in units of the Fidelity Fund resulted in a transference of price inflation is a fabricated theory for which they have provided zero legal or economic support.  PSR at 3-4.  Nor is it relevant to class certification.  Having hypothetically accepted the November 12 transaction as a purchase, any further argument is a merits based attack on reliance irrelevant to adequacy.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
JOHN H. GEORGE
KENNETH J. BLACK
HADIYA K. DESHMUKH
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
jgeorge@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
MARK SOLOMON
TOR GRONBORG
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
torg@rgrdlaw.com

Lead Counsel for Lead Plaintiff

LABATON SUCHAROW
CAROL C. VILLEGAS
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/883-7524 (fax)
cvillegas@labaton.com

Counsel for Employees' Retirement System of
the State of Rhode Island

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify under penalty of perjury that on September 24, 2021, I authorized the

3

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

4

send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List,

5

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service

6

to the non-CM/ECF participants indicated on the attached Manual Notice List.

7

<u>s/ Shawn A. Williams</u>
SHAWN A. WILLIAMS

8

9

ROBBINS GELLER RUDMAN
&  DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  shawnw@rgrdlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4825-8990-3356.v2

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,johnson@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,fmalonzo@labaton.com,6312349420@filings.docketbird.com

- **John Hamilton George**
  jgeorge@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.c

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.co

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,acoquin@labaton.com,fmalonzo@

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,smorris@ecf.courtdrive.com

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)