| | |
|---|---|
| 1 | JAMES N. KRAMER (SBN 154709) |
|   | jkramer@orrick.com |
| 2 | ALEXANDER K. TALARIDES (SBN 268068) |
|   | atalarides@orrick.com |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|   | The Orrick Building |
| 4 | 405 Howard Street |
|   | San Francisco, CA  94105-2669 |
| 5 | Telephone:    (415) 773-5700 |
|   | Facsimile:     (415) 773-5759 |
| 6 | |
|   | Attorneys for Defendant Apple Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR-JCS |
| | **DEFENDANT APPLE INC.'S** *UNOPPOSED* **NOTICE OF MOTION AND MOTION FOR ISSUANCE OF LETTERS OF REQUEST PURSUANT TO THE HAGUE CONVENTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | <u>Hearing</u> |
| | Date:        January 7, 2022 |
| | Time:       9:30 a.m. |
| | Judge:      Honorable Joseph C. Spero |
| | Ctrm:       F, 15th Floor |

**NOTICE OF MOTION AND RELIEF REQUESTED**

PLEASE TAKE NOTICE that on January 7, 2022, at 9:30 a.m., or at such later date and time as the Court may order, Defendant Apple Inc. ("Apple") will move the Court to sign and issue Letters of Request pursuant to Rule 28(b) of the Federal Rules of Civil Procedure and Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). Apple's motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of James N. Kramer and Exhibits A - D attached thereto, the accompanying Proposed Order, and the Court's files; and oral argument of counsel at the hearing.

**STATEMENT OF ISSUES TO BE DECIDED**

Apple requests that this Court sign and issue Letters of Requests to allow Apple to obtain testimonial evidence from Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund's ("Plaintiff") two investment managers, who are non-parties to this action and located in England, United Kingdom. Specifically, Apple requests that this Court execute: (1) the Letter of Request to Plaintiff's investment manager FIL Pensions Management ("FIL Pensions"), attached as Exhibit A, and (2) the Letter of Request to Plaintiff's investment manager Capital International Limited ("Capital International"), attached as Exhibit B.

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................. 1

II.    RELEVANT BACKGROUND ............................................................................................. 1

III.   ARGUMENT ........................................................................................................................ 3

        A.    Legal Standard ......................................................................................................... 3

        B.    The Court Should Issue the Letters of Request ........................................... 4

IV.   CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**                                                                                                 **Page(s)**

*Basic v. Levinson*,
   485 U.S. 224 (1988) .......................................................................................................... 4, 5

*Connecticut Ret. Plans & Tr. Funds v. Amgen Inc.*,
   660 F.3d 1170 (9th Cir. 2011), *aff'd*, 568 U.S. 455 (2013) ....................................................... 5

*Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*,
   841 F. Supp. 2d 769 (S.D.N.Y. 2012) ......................................................................................... 4

*N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*,
   325 F.R.D. 36 (E.D.N.Y. 2018) ................................................................................................... 5

*Villella v. Chem. & Mining Co. of Chile Inc.*,
   No. 15 CIV. 2106 (ER), 2018 WL 2958361 (S.D.N.Y. June 13, 2018) ........................... 3, 4, 5

*In re Vivendi Universal, S.A. Sec. Litig.*,
   183 F. Supp. 3d 458 (S.D.N.Y. 2016) .......................................................................................... 4

*Zoho Corp. Pvt. Ltd v. Freshworks, Inc.*,
   No. 20-CV-01869-VC, 2021 WL 2769009 (N.D. Cal. July 2, 2021) ......................................... 4

**Statutes and Rules**

28 U.S.C.
   § 1781 ............................................................................................................................................ 3

Fed. R. Civ. P.
   Rule 26(a) ..................................................................................................................................... 1
   Rule 28(b) ................................................................................................................................. 1, 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendant Apple Inc. ("Apple") respectfully submits this memorandum of law in support of its motion for the issuance of two letters of request (the "Letters of Request"), pursuant to Rule 28(b) of the Federal Rules of Civil Procedure and Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). Specifically, Apple requests that this Court sign and issue Letters of Requests to allow Apple to obtain testimony and evidence from two of Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund's ("Plaintiff") investment managers, FIL Pensions Management ("FIL Pensions") and Capital International Limited ("Capital International"), who are non-parties to this action and located in England, United Kingdom. *See* Exhibits A and B.

This is a putative securities fraud class action. Plaintiff alleges that it "purchased or otherwise acquired Apple common stock during the Class Period and suffered damages as a result of the conduct." Dkt. No. 114, ¶¶ 42-43. Plaintiff contends, however, that it does not make its own individual investment decisions, which it claims are instead handled entirely by its investment managers. Accordingly, FIL Pensions and Capital International (collectively the "Investment Managers") possess information that is plainly and directly relevant to this action.[1] As further discussed below, Apple seeks information relevant to issues of reliance, materiality, and Plaintiff's losses. Without this discovery, Apple would be missing a central piece to this case—the decision-making concerning Plaintiff's trades in Apple stock—as it prepares for summary judgment and ultimately trial.

**II.    RELEVANT BACKGROUND**

On June 23, 2020, Plaintiff filed a Revised Amended Complaint alleging that Defendants Apple Inc., Timothy Cook, and Luca Maestri (collectively "Defendants") made materially false

---

[1] Indeed, in its initial Rule 26(a) disclosures, Plaintiff identified both FIL Pensions and Capital International as entities likely to have discoverable information concerning the purchase and sale of Apple securities on its behalf.

1  and misleading statements in violation of Section 10(b) of the Securities Exchange Act of 1934. Dkt. No. 114.  Plaintiff also alleged that it suffered damages by paying "artificially inflated prices" for Apple stock during the class period "in reliance on the integrity of the market." *Id.* ¶ 124.

Since December 2020, the parties have been engaged in discovery, with the fact discovery deadline set for March 16, 2022.  Dkt. No. 128.  On January 14, 2021, Defendants served their First Request for the Production of Documents on Plaintiff, which included requests for documents concerning Plaintiff's investments in Apple securities.  In a March 17, 2021 letter responding to Defendants' requests, Plaintiff contended that "the vast majority of the requested documents are not within Plaintiffs' possession, custody or control" because "Plaintiffs' transactions are carried out by their respective investment managers without Plaintiffs' direct involvement."  *See* Exhibit C at 2.  While not disputing the relevance of such information, Plaintiff indicated that Defendants would need to seek discovery of this information directly from the Investment Managers, both of which are domiciled in England, through the Hague Convention process.  *Id.*

On June 22, 2021, Defendants deposed Plaintiff's 30(b)(6) representative, Alexander Younger.  During this deposition, Younger confirmed that Plaintiff does not provide stock-specific instruction (*See* Exhibit D, A. Younger Depo. Tr. at 104:6-8), that its Investment Managers have complete responsibility for making investment decisions on Plaintiff's behalf (*id.* at 75:20-76:4, 98:21-22), and that these managers are charged with analyzing and monitoring companies as part of the decision-making process (*id.* at 111:17-19).

Younger also testified that, in its stock loss calculations submitted as part of its motion for lead plaintiff, Plaintiff misstated the sale price of its February 11, 2019 transaction in Apple stock (Dkt. No. 197-6 at 114:25-115:5) and that its November 12, 2018 transaction in Apple stock was a "transfer of assets from a pooled vehicle in which [Plaintiff was] a unit holder" into one of Plaintiff's segregated accounts (*id.* at 141:9-10).  On June 30, 2021, Plaintiff filed an errata with the Court that updated the original stock loss information, which also included two additional corrections to Plaintiff's stock loss exhibit.  *See* Dkt. No. 194; *cf.* Dkt. No. 37-9.  Thereafter, on

1  July 1, 2021, Plaintiff produced to Defendants a document regarding its instructions to FIL
2  Pensions to transfer certain securities, including Apple securities, from Fidelity International's
3  "Exempt America Multi Manager Fund into a segregated portfolio of securities invested by
4  Fidelity." Dkt. No. 197-9 at NORFOLK_0002301.  In its reply to the motion for class
5  certification, Plaintiff, calling this transaction an "in specie acquisition," introduced new evidence
6  regarding how the transfer operated, Plaintiff's ownership interests prior to the transfer, and
7  confirmed the existence of other "non-cash" transactions.  Dkt. Nos. 202 & 202-9.

8  Apple's counsel emailed Plaintiff's counsel to ask whether Plaintiff would oppose its
9  motion for the issuance of Letters of Request for discovery from FIL Pensions and Capital
10 International.  After discussion over email and a telephonic meet-and-confer, Plaintiff's counsel
11 confirmed that Plaintiff would not oppose this motion.

12 **III.  ARGUMENT**

13 Apple seeks evidence from Plaintiff's Investment Managers that they alone possess,
14 including information regarding the decisions to buy, sell, or transfer Apple securities on
15 Plaintiff's behalf, the research the Investment Managers conducted on Apple for Plaintiff, and the
16 Investment Managers' investment policies, procedures, and strategies during the relevant period.
17 Accordingly, Apple respectfully requests that the Court issue Letters of Request to permit Apple
18 to take relevant discovery from the Investment Managers, both of which are domiciled in England
19 without operations in the United States.

20 **A.  Legal Standard**

21 Through the issuance of a letter of request (also known as a "letter rogatory"), the Hague
22 Convention allows a U.S. court to request that a court from another "Contracting State" "obtain
23 evidence, or to performance some other judicial act."  Hague Convention, Ch. I, Art. 1 (23 U.S.T.
24 2555) *reprinted in* 28 U.S.C. § 1781; *see also* Fed. R. Civ. P. 28(b) (permitting federal courts to
25 issue a letter of request to foreign countries).  The United States and United Kingdom are
26 signatories to the Hague Convention and bound by its provisions.  Hague Convention. Ch. I, Art.
27 42 (23 U.S.T. 2555).  The Hague Convention permits not only document discovery, but also
28 depositions of "non-party witnesses in a foreign country."  *Villella v. Chem. & Mining Co. of*

1  *Chile Inc.*, No. 15 CIV. 2106 (ER), 2018 WL 2958361, at *2 (S.D.N.Y. June 13, 2018).

2  "Judges in this district have held that motions requesting issuance of a letter of request or letter rogatory should generally be granted" unless the opposing party has shown "good reason for a court to deny [the] application." *Zoho Corp. Pvt. Ltd v. Freshworks, Inc.*, No. 20-CV-01869-VC, 2021 WL 2769009, at *2 (N.D. Cal. July 2, 2021) (quoting *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, No. 17CV-00308-WHO, 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020)). In determining whether to issue a letter of request, "courts apply the discovery principles contained in [Federal Rule of Civil Procedure] 26." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012). For example, courts consider "whether the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence . . . and other arguments as to breadth, relevance, and the availability of the information sought from other sources." *Id.* (internal quotation marks, brackets, and citations omitted). Although the "party seeking the application of the Hague Convention procedures bears the burden of persuasion, that burden is not a heavy one." *Villella*, 2018 WL 2958361, at *3 (internal quotation marks, ellipses, and citations omitted).

### B. The Court Should Issue the Letters of Request

The discovery Apple seeks from the Investment Managers is relevant to the merits of this case. First, Apple seeks information regarding Plaintiff's decision to buy, sell, or transfer Apple securities to determine whether Defendants can rebut a presumption of reliance. *See*, *e.g.*, *Basic v. Levinson*, 485 U.S. 224, 248 (1988) ("Any showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price, will be sufficient to rebut the presumption of reliance."). Indeed, courts routinely grant discovery concerning the decision-making process of a plaintiff's investment managers for issues of reliance. *See*, *e.g.*, *Villella*, 2018 WL 2958361, at *8 (granting defendant's motion for the issuance of a letter of request in order to obtain discovery from plaintiff's United Kingdom-based investment manager); *In re Vivendi Universal, S.A. Sec. Litig.*, 183 F. Supp. 3d 458, 460 (S.D.N.Y. 2016) (noting that the court previously ordered reliance discovery from the

1   plaintiff's investment advisor).  Like the *Villella* plaintiff, Plaintiff here claims that it outsourced
2   all of its investment decisions to its Investment Managers, *see* Exhibit D, A. Younger Depo. Tr. at
3   75:20-76:4, 98:21-22, 104:6-8, 111:17-19, and thus there is no other way for Apple to obtain this
4   relevant information.  *See Villella*, 2018 WL 2958361, at *4.

5   Second, the information Apple seeks concerning the Investment Managers' research of
6   Apple and, specifically, business conditions in Greater China is relevant to the materiality of the
7   alleged misstatements.  *See Basic*, 485 U.S. at 248–49 ("[I]f, despite [defendants'] allegedly
8   fraudulent attempt to manipulate market price, [the truth] credibly entered the market and
9   dissipated the effects of the misstatements, those who traded . . . after the corrective statements
10  would have no direct or indirect connection with the fraud."); *see also Connecticut Ret. Plans &*
11  *Tr. Funds v. Amgen Inc.*, 660 F.3d 1170, 1177 (9th Cir. 2011), *aff'd*, 568 U.S. 455 (2013) ("[A]s
12  the Supreme Court and Ninth Circuit have explained, the truth-on-the-market defense is a method
13  of refuting an alleged misrepresentation's *materiality*.").

14  Third, Apple seeks information regarding Plaintiff's trades or transfers of Apple securities
15  which directly relates to whether Plaintiff suffered actual losses from its trading in Apple
16  securities.  Apple seeks this information based on Plaintiff's represented losses, which Plaintiff
17  admits contain two instances of "in specie" stock transfers (as opposed to traditional purchases or
18  sales on the open market).  *See* Dkt. No. 207, at 3-4.  As Defendants argued in their class
19  certification opposition (*see* Dkt. No. 196, at 12-14), there is reason to believe that Plaintiff's loss
20  calculation remains significantly inflated, which would directly concern the pending issue of
21  Plaintiff's adequacy as a class representative.

22  Finally, the requests are proportional and tailored to the needs of the case.  Apple only
23  seeks oral testimony from the Investment Managers and the relevant time period for the requested
24  information is even narrower than Defendants' own production to Plaintiff or this Court's own
25  discovery orders (*see* Dkt. No. 176).  Moreover, proportionality is tied to relevance, and as
26  explained above, the information Apple seeks is highly relevant to important issues in this case.
27  *See N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 50
28  (E.D.N.Y. 2018) ("Proportionality and relevance are 'conjoined' concepts; the greater the

relevance of the information in issue, the less likely its discovery will be found to be disproportionate.") (citation omitted).

### IV. CONCLUSION

For the reasons addressed above, Apple respectfully requests (1) that the Court approve and sign the proposed Letters of Request attached as Exhibits A and B; (2) that the Clerk of this Court authenticate the Court's signature under the seal of this Court; and (3) that the Letters of Request thereafter be returned to Apple's counsel of record. Upon receipt of the Letters of Request from the Clerk of Court, Apple will promptly cause the Letters of Request to be transmitted to the Competent Authority in conformity with Article I of the Hague Convention and pursuant to the laws of the United Kingdom.

Dated: November 23, 2021        ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ James N. Kramer*
JAMES N. KRAMER

Attorneys for Defendant Apple Inc.