AN JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR-JCS <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT APPLE INC.'S UNOPPOSED MOTION FOR ISSUANCE OF LETTERS OF REQUEST PURSUANT TO THE HAGUE CONVENTION** <br><br> Hearing <br> Date:    January 7, 2022 <br> Time:    9:30 a.m. <br> Judge:   Honorable Joseph C. Spero <br> Ctrm:    F, 15th Floor |

On November 23, 2021, Apple Inc. ("Apple" or "Defendant") submitted an Unopposed Motion for Issuance of Letters of Request pursuant to the Hague Convention (the "Motion"). Having considered the papers and the contentions of the parties, the arguments of counsel, the Court HEREBY GRANTS the Motion.   Furthermore, the Court issues the Letters of Request attached hereto as Exhibits A and B.

**IT IS SO ORDERED.**

Date: _____, 2021

_____
HONORABLE JOSEPH C. SPERO
UNITED STATES CHIEF MAGISTRATE JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR-JCS<br><br>Hon. Joseph C. Spero |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE
TAKING OF EVIDENCE ABROAD**

To:    The Senior Master of the Queen's Bench Division of the High Court, Royal Courts of Justice, Strand, London, WC2A 2LL, United Kingdom

From:  Hon. Joseph C. Spero, Chief Magistrate Judge of the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom F – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102

The United States District Court for the Northern District of California (the "Court") presents its compliments and requests assistance in obtaining evidence to be used in civil proceedings before the Court. This request is made pursuant to Rule 28(b) of the Federal Rules of Civil Procedure and in conformity with Article 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), to which both the United States and the United Kingdom are parties. Specifically, the Court requests international judicial assistance in obtaining testimony pertinent to the claims and defenses of the above-referenced civil action from FIL Pensions Management ("FIL Pensions"), a company located in England.

## SECTION I

**1.      SENDER:**

The Honorable Joseph C. Spero
Chief Magistrate Judge
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102
United States of America


**2.      CENTRAL AUTHORITY OF REQUESTED STATE:**

The Senior Master of the Royal Courts of Justice
Strand
London WC2A 2LL
United Kingdom
Switchboard: +44 207 947 6000
Tel: +44 207 947 7772


**3.      PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**

James N. Kramer, Esq.
jkramer@orrick.com
Alex K. Talarides, Esq.
atalarides@orrick.com
Tristan K. Allen, Esq.
tallen@orrick.com
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
United States of America
Telephone: (415) 773-5700
Facsimile: (415) 773-5759


**4.      SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY
      REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST**.

It is requested that the oral testimony be taken as soon as possible, preferably within 75 days of
your receipt of this Letter of Request.  The deadline for discovery of this information is March 16,
2022, when fact discovery is scheduled to close.

**SECTION II**

**IN COMFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING INFORMATION REGARDING THE INSTANT REQUEST:**

**5.     ARTICLE 3(a)**

**a.     Requesting judicial authority:**

The Honorable Joseph C. Spero
Chief Magistrate Judge
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102
United States of America

**b.     To the competent authority of:**

England, United Kingdom

**c.     Names of the case and any identifying number:**

*In re Apple Inc. Securities Litigation*
Case No. 4:19-cv-02033-YGR-JCS
United States District Court for the Northern District of California

**6.     ARTICLE 3(b) – NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES**

**a.     Plaintiff:**

Plaintiff is Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff").  Plaintiff is the lead plaintiff in this action and purports to represent all persons who purchased or otherwise acquired the publicly traded securities of Apple Inc. between November 2, 2018 and January 2, 2019 (the "Class Period").

Plaintiff is located at County Hall, Martineau Lane, Norwich, NR1 2DH, United Kingdom.

Plaintiff is represented by Robbins Geller Rudman & Dowd LLP.  Robbins Geller is located at Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California, 94104, United States of America.

**b.     Defendants:**

Defendants are Apple Inc. ("Apple"), Timothy Cook, and Luca Maestri (collectively "Defendants").  Defendants are located at One Apple Park Way, Cupertino, California, 95014, United States of America.

Defendants are represented by Orrick, Herrington & Sutcliffe LLP.  Orrick is located at the Orrick Building, 405 Howard Street, San Francisco, California, 94105, United States of America.

**c.     Other parties:**

Other named plaintiffs in this action are City of Roseville Employees' Retirement System ("Roseville") and Employees' Retirement System of the State of Rhode Island ("Rhode Island"). Roseville is located at 29777 Gratiot Avenue, Roseville, Michigan, 48066, United States of America.

Roseville is represented by Robbins Geller Rudman & Dowd LLP. Robbins Geller is located at Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California, 94104, United States of America.

Rhode Island is located at One Capitol Hill, Fourth Floor, Providence, Rhode Island, 02908, United States of America.

Rhode Island is represented by Labaton Sucharow LLP.  Labaton is located at 140 Broadway New York, New York, 10005, United States of America.

**7.     ARTICLE 3(c)**

**a.     Nature of the proceedings:**

This is a federal securities class action filed against Apple and two of its executive officers for violations of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder.

**b.     Summary of complaint:**

Plaintiff's Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"), filed on June 23, 2020, alleges that on a November 1, 2018 earnings call, Apple's CEO Tim Cook made an actionably false or misleading statement concerning Apple's business in China.  Plaintiff alleges that "in reliance on the integrity of the market," it and the class suffered damages by paying "artificially inflated prices" for Apple stock.  A copy of the Complaint is attached as **Exhibit 1**.

**c.     Summary of defenses and counterclaims:**

In response to Plaintiff's Complaint, Defendants filed an Answer that denied liability and asserted affirmative defenses to Plaintiff's allegations, including that Plaintiff did not rely on the alleged misstatement, that the alleged misstatement was not material, and that Plaintiff cannot show

transaction or loss causation.  To date, Defendants have not asserted any counterclaims against Plaintiff.  A copy of Defendants' Answer is attached as **Exhibit 2**.

**d.     Other necessary information or documents:**

On March 4, 2021, the Court entered a Protective Order governing the production and disclosure of confidential information in connection with this legal proceeding.  Under this Protective Order, a non-party can designate documents or testimony as confidential or highly confidential, thereby limiting its disclosure.  A copy of the Protective Order is attached as **Exhibit 3**.

**8.     ARTICLE 3(d)**

**a.     Evidence to be obtained or other judicial act to be performed:**

It is requested that the appropriate judicial authority of the United Kingdom order:

(i) **Nicholas Birchall**, Director at FIL Pensions; or, in the alternative,

(ii) such other representative of FIL Pensions with greater knowledge of the matters set out in **Schedule A** that FIL Pensions may nominate and Apple agrees,

to be deposed regarding the specific subject matters set forth in the attached **Schedule A**.

**b.     Purpose of the evidence or judicial act sought:**

The evidence sought by this request is relevant to claims and defenses in the above-referenced civil action.   Plaintiff contends that its securities "transactions are carried out by [its] respective investment managers without [Plaintiff's] direct involvement."  **Exhibit 4** (Letter from Plaintiff's Counsel) at 2.  Its investment managers are charged with "analyz[ing] [the companies in which it invests] and monitor[ing] them as part of its decision-making process."  **Exhibit 5** (Deposition of Plaintiff's Representative) at 111:17-19.  Accordingly, as one of Plaintiff's investment managers that invested in Apple securities on Plaintiff's behalf during the relevant period, FIL Pensions has information regarding the decision to invest in Apple that Plaintiff does not have.   Nicholas Birchall signed investment management agreement amendments with Plaintiff on FIL Pension's behalf during the relevant period, and therefore has knowledge of these transactions.   Mr. Birchall's oral testimony is relevant to (a) whether Plaintiff (or FIL Pensions) relied on Defendants' alleged misstatement in purchasing Apple securities during the Class Period; (b) whether the information that Defendants allegedly omitted to disclose was already known to the market; and (c) whether Plaintiff suffered actual losses from its trading in Apple securities.  Apple intends to present this evidence for summary judgment and/or at trial.  Thus, justice demands that Apple be given access to this important information.

## SECTION III

9.  **ARTICLE 3(e) – IDENTITY AND ADDRESS OF ANY PERSON TO BE EXAMINED**

The name and address of the witness from whom oral testimony is sought is listed below:

**Nicholas Birchall**
FIL Pensions Management
Fidelity International Limited
4 Cannon Street
London EC4M 5AB
United Kingdom
Tel: +44 (0) 20 7961 4731
Email: nicholas.birchall@fil.com

**Nicholas Birchall** was a Director at FIL Pensions during the relevant time period.  Mr. Birchall signed investment management agreement amendments between Plaintiff and FIL Pensions and therefore possesses knowledge of FIL Pensions' investments on Plaintiff's behalf.

In the alternative, FIL Pensions may nominate a representative with greater knowledge of the matters set out in **Schedule A**.  During the relevant time period, FIL Pensions (a subsidiary of Fidelity International Limited) was Plaintiff's investment manager and transacted in Apple securities on Plaintiff's behalf.  FIL Pensions' name and address is listed below:

**FIL Pensions Management**
Fidelity International Limited
4 Cannon Street
London EC4M 5AB
United Kingdom
Tel: +44 20 7378 3752

10.  **ARTICLE 3(f) – QUESTIONS TO BE PUT TO THE PERSONS TO BE EXAMINED OR STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THEY ARE TO BE EXAMINED**

It is requested that questions in regard to the topics set forth in the attached **Schedule A** be put to Nicholas Birchall or, in the alternative, such other representative of FIL Pension's with greater knowledge of the matters set out in Schedule A that FIL Pensions may nominate and Apple agrees.

11.  **ARTICLE 3(g) – DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED**

No documents are requested at this time.

12.     **ARTICLE 3(h) – ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND SPECIFIC FORM TO BE USED**

It is requested that the witness should be examined under oath. If the evidence cannot be taken in the manner requested, it is to be taken in such manner as provided by the applicable law of the United Kingdom for the formal taking of testimonial evidence.

13.     **ARTICLES 3(i) & 9 – SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED**

The Court respectfully requests that the witness should be given an oath before providing oral testimony, the testimony should be transcribed verbatim by a stenographer with an interactive real-time transcription, and the testimony should be recorded on video by a videographer.  It is further requested that the parties be permitted to arrange, at their expense, for the attendance of a privately employed stenographer and videographer.

The Court respectfully requests that the attorneys for the parties in this action should be permitted to be present and to conduct examination and cross-examination of the witness.  It is further requested that the parties be permitted to attend the proceedings remotely by video or audio teleconference, if not able to attend in person.  If the examination is to proceed in person, it is proposed that the examination take place at the offices of Orrick, Herrington & Sutcliffe (UK) LLP, 107 Cheapside, London, EC2V 6DN, United Kingdom.

The Court respectfully requests the evidence of the witness to be reduced into writing, all documents produced on such examination to be duly marked for identification, and copies of the documents to be made.  It is further requested that unless specified otherwise, the examination should be taken in accordance with the Federal Rules of Civil Procedure of the United States.

If the evidence cannot be taken according to some or all of the procedures described above, this Court requests that it be taken in such manner as provided by the applicable law of the United Kingdom for the formal taking of testimonial evidence.

14.     **ARTICLE 7 – REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED**

It is requested that counsel for Apple (at the address below) be notified of the date, time, and place for the examination.  It is further requested that, should FIL Pensions nominate a more knowledgeable representative in lieu of Mr. Birchall, counsel for Apple be notified of the name of the individual at least ten days prior to commencement of the deposition.

James N. Kramer, Esq.
*jkramer@orrick.com*
Alex K. Talarides, Esq.
*atalarides@orrick.com*
Tristan K. Allen, Esq.
*tallen@orrick.com*

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
United States of America
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

**15.     ARTICLE 8 – REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST**

No attendance or participation of judicial personnel of the requesting authority is requested.

**16.     ARTICLE 11(b) – SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against self-incrimination. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation.

**17.     THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:**

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Apple.

## SECTION IV

The Court expresses its gratitude to the judicial authorities of United Kingdom for their assistance and courtesy under the terms of the Hague Evidence Convention.


Dated: _____, 2021

_____
          HONORABLE JOSEPH C. SPERO
          UNITED STATES MAGISTRATE JUDGE

## SCHEDULE A

## DEFINITIONS

1.      The term "Apple" as used herein means Apple Inc.

2.      The term "Apple Personnel" means any current or former directors, officers, employees, agents, representatives, or any other person acting or purporting to act on behalf of Apple.

3.      The term "Apple Securities" means any and all Securities of Apple.

4.      The term "FIL Pensions" means FIL Pensions Management and its current or former directors, officers, employees, agents, representatives, or any other person acting or purporting to act on behalf of FIL Pensions.

5.      The term "Fidelity International" means Fidelity International Limited, the parent of FIL Pensions.

6.      The term "Fidelity Exempt America Fund" means Fidelity International's Exempt America Multi Manager Fund, a pooled investment fund managed by Fidelity International.

7.      The term "Complaint" as used herein means the Revised Consolidated Class Action Complaint, filed on June 23, 2020 and attached as Exhibit 1.

8.      The term "Litigation" means the above-captioned case, *In re Apple Inc. Securities Litigation*, Case No. 4:19-cv-02033-YGR-JCS (N.D. Cal.).

9.      The term "Norfolk" means Norfolk County Council as Administering Authority of the Norfolk Pension Fund, including its predecessors, successors, subsidiaries, divisions, and affiliates.

10.     The term "Securities" as used herein shall mean any common stock, preferred stock, debenture, option, or other debt or equity interest and any direct or indirect, legal or beneficial interest in any limited partnership.

## DEPOSITION SUBJECT MATTERS

**TOPIC NO. 1:**

Apple Securities owned, purchased, sold, transferred, or otherwise traded by FIL Pensions on behalf of or for the benefit of Norfolk between August 1, 2018 through April 2, 2019.

**TOPIC NO. 2:**

FIL Pensions' decisions to enter into transactions relating to Apple Securities on behalf of or for the benefit of Norfolk on November 12, 2018, November 14, 2018, December 18, 2018, and February 11, 2019.

**TOPIC NO. 3:**

FIL Pensions' investment policies, practices, or strategies utilized for the transactions FIL Pensions made or entered into on behalf of or for the benefit of Norfolk between August 1, 2018 through April 2, 2019.

**TOPIC NO. 4:**

FIL Pensions' analysis, evaluation, report, recommendation, or research regarding Apple or Apple Securities, including Apple's business conditions in China, between August 1, 2018 through April 2, 2019.

**TOPIC NO. 5:**

FIL Pensions' knowledge of or reliance on any misrepresentations and/or omissions alleged in the Complaint in connection with any investment decisions concerning Apple Securities.

**TOPIC NO. 6:**

Communications, meetings, or other correspondence between FIL Pensions or its affiliates and Apple Personnel from August 1, 2018 through January 31, 2019.

**TOPIC NO. 7:**

Communications, meetings, or other correspondence between FIL Pensions or its affiliates and securities analysts or reporters, concerning Apple, Apple Securities, or this Litigation from August 1, 2018 through January 31, 2019.

**TOPIC NO. 8:**

Communications, meetings, or other correspondence between FIL Pensions and Norfolk concerning Apple, Apple Securities, or this Litigation between August 1, 2018 and April 2, 2019.

**TOPIC NO. 9:**

The Fidelity Exempt America Fund's transactions in Apple Securities between August 1, 2018 and April 2, 2019.

**TOPIC NO. 10:**

FIL Pensions' investments in, and divestments from, pooled investments funds that owned Apple Securities, such as the Fidelity Exempt America Fund, on behalf of or for the benefit of Norfolk between August 1, 2018 and April 2, 2019.

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR-JCS<br><br>Hon. Joseph C. Spero |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE
TAKING OF EVIDENCE ABROAD**

To:     The Senior Master of the Queen's Bench Division of the High Court, Royal Courts of Justice, Strand, London, WC2A 2LL, United Kingdom

From:  Hon. Joseph C. Spero, Chief Magistrate Judge of the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom F – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102

The United States District Court for the Northern District of California (the "Court") presents its compliments and requests assistance in obtaining evidence to be used in civil proceedings before the Court.  This request is made pursuant to Rule 28(b) of the Federal Rules of Civil Procedure and in conformity with Article 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), to which both the United States and the United Kingdom are parties.  Specifically, the Court requests international judicial assistance in obtaining testimony pertinent to the claims and defenses of the above-referenced civil action from Capital International Limited ("Capital International"), a company located in England.

1

## SECTION I

**1.     SENDER:**

The Honorable Joseph C. Spero
Chief Magistrate Judge
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102
United States of America

**2.     CENTRAL AUTHORITY OF REQUESTED STATE:**

The Senior Master of the Royal Courts of Justice
Strand
London WC2A 2LL
United Kingdom
Switchboard: +44 207 947 6000
Tel: +44 207 947 7772

**3.     PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**

James N. Kramer, Esq.
*jkramer@orrick.com*
Alex K. Talarides, Esq.
*atalarides@orrick.com*
Tristan K. Allen, Esq.
*tallen@orrick.com*
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
United States of America
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

**4.     SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST.**

It is requested that the oral testimony be taken as soon as possible, preferably within 75 days of your receipt of this Letter of Request.  The deadline for discovery of this information is March 16, 2022, when fact discovery is scheduled to close.

## SECTION II

**IN COMFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING INFORMATION REGARDING THE INSTANT REQUEST:**

**5.**     **ARTICLE 3(a)**

**a.**     **Requesting judicial authority:**

The Honorable Joseph C. Spero
Chief Magistrate Judge
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102
United States of America

**b.**     **To the competent authority of:**

England, United Kingdom

**c.**     **Names of the case and any identifying number:**

*In re Apple Inc. Securities Litigation*
Case No. 4:19-cv-02033-YGR-JCS
United States District Court for the Northern District of California

**6.**     **ARTICLE 3(b) – NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES**

**a.**     **Plaintiff:**

Plaintiff is Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff").  Plaintiff is the lead plaintiff in this action and purports to represent all persons who purchased or otherwise acquired the publicly traded securities of Apple Inc. between November 2, 2018 and January 2, 2019 (the "Class Period").

Plaintiff is located at County Hall, Martineau Lane, Norwich, NR1 2DH, United Kingdom.

Plaintiff is represented by Robbins Geller Rudman & Dowd LLP.  Robbins Geller is located at Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California, 94104, United States of America.

**b.       Defendants:**

Defendants are Apple Inc. ("Apple"), Timothy Cook, and Luca Maestri (collectively "Defendants").  Defendants are located at One Apple Park Way, Cupertino, California, 95014, United States of America.

Defendants are represented by Orrick, Herrington & Sutcliffe LLP.  Orrick is located at the Orrick Building, 405 Howard Street, San Francisco, California, 94105, United States of America.

**c.       Other parties:**

Other named plaintiffs in this action are City of Roseville Employees' Retirement System ("Roseville") and Employees' Retirement System of the State of Rhode Island ("Rhode Island").

Roseville is located at 29777 Gratiot Avenue, Roseville, Michigan, 48066, United States of America.

Roseville is represented by Robbins Geller Rudman & Dowd LLP. Robbins Geller is located at Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California, 94104, United States of America.

Rhode Island is located at One Capitol Hill, Fourth Floor, Providence, Rhode Island, 02908, United States of America.

Rhode Island is represented by Labaton Sucharow LLP.  Labaton is located at 140 Broadway New York, New York, 10005, United States of America.

**7.       <u>ARTICLE 3(c)</u>**

**a.       Nature of the proceedings:**

This is a federal securities class action filed against Apple and two of its executive officers for violations of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder.

**b.       Summary of complaint:**

Plaintiff's Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"), filed on June 23, 2020, alleges that on a November 1, 2018 earnings call, Apple's CEO Tim Cook made an actionably false or misleading statement concerning Apple's business in China.  Plaintiff alleges that "in reliance on the integrity of the market," it and the class suffered damages by paying "artificially inflated prices" for Apple stock.  A copy of the Complaint is attached as **Exhibit 1**.

**c.**      **Summary of defenses and counterclaims:**

In response to Plaintiff's Complaint, Defendants filed an Answer that denied liability and asserted affirmative defenses to Plaintiff's allegations, including that Plaintiff did not rely on the alleged misstatement, that the alleged misstatement was not material, and that Plaintiff cannot show transaction or loss causation.  To date, Defendants have not asserted any counterclaims against Plaintiff.  A copy of Defendants' Answer is attached as **Exhibit 2**.

**d.**      **Other necessary information or documents:**

On March 4, 2021, the Court entered a Protective Order governing the production and disclosure of confidential information in connection with this legal proceeding.  Under this Protective Order, a non-party can designate documents or testimony as confidential or highly confidential, thereby limiting its disclosure.  A copy of the Protective Order is attached as **Exhibit 3**.

**8.**      **ARTICLE 3(d)**

**a.**      **Evidence to be obtained or other judicial act to be performed:**

It is requested that the appropriate judicial authority of the United Kingdom order:

      (i) **Stephen Gosztony**, Managing Director at Capital International; or, in the alternative,

      (ii) such other representative of Capital International with greater knowledge of the matters set out in **Schedule A** that Capital International may nominate and Apple agrees,

      to be deposed regarding the specific subject matters set forth in the attached **Schedule A**.

**b.**      **Purpose of the evidence or judicial act sought:**

The evidence sought by this request is relevant to claims and defenses in the above-referenced civil action.  Plaintiff contends that its securities "transactions are carried out by [its] respective investment managers without [Plaintiff's] direct involvement."  **Exhibit 4** (Letter from Plaintiff's Counsel) at 2.  Its investment managers are charged with "analyz[ing] [the companies in which it invests] and monitor[ing] them as part of its decision-making process."  **Exhibit 5** (Deposition of Plaintiff's Representative) at 111:17-19.  Accordingly, as one of Plaintiff's investment managers that invested in Apple securities on Plaintiff's behalf during the relevant period, Capital International has information regarding the decision to invest in Apple that Plaintiff does not have. Stephen Gosztony signed investment management agreement amendments with Plaintiff on Capital International's behalf during the relevant period, and therefore has knowledge of these transactions.  Mr. Gosztony's oral testimony is relevant to (a) whether Plaintiff (or Capital International) relied on Defendants' alleged misstatement in purchasing Apple securities during the Class Period; (b) whether the information that Defendants allegedly omitted to disclose was already known to the market; and (c) whether Plaintiff suffered actual losses from its trading in Apple securities.  Apple intends to present this evidence for summary judgment and/or at trial. Thus, justice demands that Apple be given access to this important information.

## SECTION III

**9.    ARTICLE 3(e) – IDENTITY AND ADDRESS OF ANY PERSON TO BE EXAMINED**

The name and address of the witness from whom oral testimony is sought is listed below.

**Stephen Gosztony**
Capital International Limited
Capital Group
40 Grosvenor Place
London SW1X 7GG
United Kingdom
Tel: +44 (0) 20 7864 5845
Email: sg@capitalgroup.com; Stephen_Gosztony@capitalgroup.com

During the relevant time period, Stephen Gosztony, a Managing Director of Institutional at Capital International, signed investment management agreement amendments between Plaintiff and Capital International.  Mr. Gosztony was also listed as Plaintiff's contact at Capital International on investment reports.  Accordingly, Mr. Gosztony possesses knowledge of Capital International's investments on Plaintiff's behalf.

In the alternative, Capital International may nominate a representative with greater knowledge of the matters set out in Schedule A.  During the relevant time period, Capital International (a subsidiary of Capital Group) was Plaintiff's investment manager and transacted in Apple securities on Plaintiff's behalf.  Capital International's name and address is listed below:

**Capital International Limited**
Capital Group
40 Grosvenor Place
London SW1X 7GG
United Kingdom
Tel: +44 207 864 5000

**10.    ARTICLE 3(f) – QUESTIONS TO BE PUT TO THE PERSONS TO BE EXAMINED OR STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THEY ARE TO BE EXAMINED**

It is requested that questions in regard to the topics set forth in the attached **Schedule A** be put to either Stephen Gosztony or, in the alternative, such other representative of Capital International's with greater knowledge of the matters set out in Schedule A that Capital International may nominate and Apple agrees.

**11.     ARTICLE 3(g) – DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED**

No documents are requested at this time.

**12.     ARTICLE 3(h) – ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND SPECIFIC FORM TO BE USED**

It is requested that the witness should be examined under oath. If the evidence cannot be taken in the manner requested, it is to be taken in such manner as provided by the applicable law of the United Kingdom for the formal taking of testimonial evidence.

**13.     ARTICLES 3(i) & 9 – SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED**

The Court respectfully requests that the witness should be given an oath before providing oral testimony, the testimony should be transcribed verbatim by a stenographer with an interactive real-time transcription, and the testimony should be recorded on video by a videographer.  It is further requested that the parties be permitted to arrange, at their expense, for the attendance of a privately employed stenographer and videographer.

The Court respectfully requests that the attorneys for the parties in this action should be permitted to be present and to conduct examination and cross-examination of the witness.  It is further requested that the parties be permitted to attend the proceedings remotely by video or audio teleconference, if not able to attend in person.  If the examination is to proceed in person, it is proposed that the examination take place at the offices of Orrick, Herrington & Sutcliffe (UK) LLP, 107 Cheapside, London, EC2V 6DN, United Kingdom.

The Court respectfully requests the evidence of the witness to be reduced into writing, all documents produced on such examination to be duly marked for identification, and copies of the documents to be made.  It is further requested that unless specified otherwise, the examination should be taken in accordance with the Federal Rules of Civil Procedure of the United States.

If the evidence cannot be taken according to some or all of the procedures described above, this Court requests that it be taken in such manner as provided by the applicable law of the United Kingdom for the formal taking of testimonial evidence.

14.     **ARTICLE 7 – REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED**

It is requested that counsel for Apple (at the address below) be notified of the date, time, and place for the examination.  It is further requested that, should Capital International nominate a more knowledgeable representative in lieu of Mr. Gosztony, counsel for Apple be notified of the name of the individual at least ten days prior to commencement of the deposition.

James N. Kramer, Esq.
*jkramer@orrick.com*
Alex K. Talarides, Esq.
*atalarides@orrick.com*
Tristan K. Allen, Esq.
*tallen@orrick.com*
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
United States of America
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

15.     **ARTICLE 8 – REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST**

No attendance or participation of judicial personnel of the requesting authority is requested.

16.     **ARTICLE 11(b) – SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against self-incrimination. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation.

17.     **THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:**

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Apple.

## __SECTION IV__

The Court expresses its gratitude to the judicial authorities of United Kingdom for their assistance and courtesy under the terms of the Hague Evidence Convention.


Dated: _____, 2021

                                 _____
                                      HONORABLE JOSEPH C. SPERO
                              UNITED STATES MAGISTRATE JUDGE

## SCHEDULE A

## DEFINITIONS

1.       The term "Apple" as used herein means Apple Inc.

2.       The term "Apple Personnel" means any current or former directors, officers, employees, agents, representatives, or any other person acting or purporting to act on behalf of Apple.

3.       The term "Apple Securities" means any and all Securities of Apple.

4.       The term "Capital International" means Capital International Limited and its current or former directors, officers, employees, agents, representatives, or any other person acting or purporting to act on behalf of Capital International.

5.       The term "Complaint" as used herein means the Revised Consolidated Class Action Complaint, filed on June 23, 2020 and attached as Exhibit 1.

6.       The term "Litigation" means the above-captioned case, *In re Apple Inc. Securities Litigation*, Case No. 4:19-cv-02033-YGR-JCS (N.D. Cal.).

7.       The term "Norfolk" means Norfolk County Council as Administering Authority of the Norfolk Pension Fund, including its predecessors, successors, subsidiaries, divisions, and affiliates.

8.       The term "Securities" as used herein shall mean any common stock, preferred stock, debenture, option, or other debt or equity interest and any direct or indirect, legal or beneficial interest in any limited partnership.

## DEPOSITION SUBJECT MATTERS

## TOPIC NO. 1:

Apple Securities owned, purchased, sold, transferred, or otherwise traded by Capital International on behalf of or for the benefit of Norfolk between August 1, 2018 through April 2, 2019.

**TOPIC NO. 2:**

Capital International's decisions to enter into transactions relating to Apple Securities on behalf of or for the benefit of Norfolk on November 12, 2018, December 17, 2018, and December 20, 2018.

**TOPIC NO. 3:**

Capital International's investment policies, practices, or strategies utilized for the transactions Capital International made or entered into on behalf of or for the benefit of Norfolk between August 1, 2018 through April 2, 2019.

**TOPIC NO. 4:**

Capital International's analysis, evaluation, report, recommendation, or research regarding Apple or Apple Securities, including Apple's business conditions in China, between August 1, 2018 through April 2, 2019.

**TOPIC NO. 5:**

Capital International's knowledge of or reliance on any misrepresentations and/or omissions alleged in the Complaint in connection with any investment decisions concerning Apple Securities.

**TOPIC NO. 6:**

Communications, meetings, or other correspondence between Capital International or its affiliates and Apple Personnel from August 1, 2018 through January 31, 2019.

**TOPIC NO. 7:**

Communications, meetings, or other correspondence between Capital International or its affiliates and securities analysts or reporters, concerning Apple, Apple Securities, or this Litigation from August 1, 2018 through January 31, 2019.

**TOPIC NO. 8:**

Communications, meetings, or other correspondence between Capital International and Norfolk concerning Apple, Apple Securities, or this Litigation between August 1, 2018 and April 2, 2019.