**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

February 24, 2022

VIA ECF

The Honorable Joseph C. Spero
United States Magistrate Judge
United States District Court
 for the Northern District of California
Courtroom F, 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:    *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR-JCS (N.D. Cal.)

Dear Judge Spero:

      Pursuant to this Court's Civil Standing Orders, Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and Defendants Apple Inc., Timothy D. Cook and Luca Maestri ("Defendants"), respectfully submit this joint discovery letter setting forth their dispute concerning a number of Defendants' assertions of privilege.

Respectfully submitted,

| ROBBINS GELLER RUDMAN & DOWD LLP | ORRICK HERRINGTON & SUTCLIFFE LLP |
|---|---|
| By:   <u>s/ Kenneth J. Black</u><br>KENNETH J. BLACK<br>Counsel for Lead Plaintiff | By:   <u>s/ Kevin M. Askew</u><br>KEVIN M. ASKEW<br>Counsel for Defendants |

Page 2

**Plaintiff's Position**

I.  **Introduction**

Apple's privilege assertions must fail for three reasons: (i) the withheld materials are not privileged; (ii) even if they were privileged, Defendants have waived privilege as to specific subject matters; and (iii) Defendants fail to make sufficiently justified assertions of privilege.

Notwithstanding Apple's failed assertions, Plaintiff herein raises only targeted objections designed to surface the materials most likely to fill in key gaps in the evidentiary record. Plaintiff requests the Court order these documents produced to Plaintiff, or, in the alternative, for *in camera* review, to address Defendants' "'mere assertions'" of the attorney client privilege. *See In re Animation Workers Antitrust Litig.*, 2016 WL 8198907, at *2 (N.D. Cal. Mar. 23, 2016).[1]

II. **Background**

On April 16, 2021, this Court Ordered the parties to agree to search terms, and it set a "[d]eadline to complete production of all responsive non privileged documents found through this search process by defendant [of] 7/15/2021." ECF No. 158. Apple did not produce a privilege log for documents withheld or redacted pursuant the Ordered production until November 24, 2021.

The initial log was insufficient. Following a series of emails and meet and confers on December 21, 2021 and January 21, 2022, Defendants supplemented their log, on February 3, 2022. On February 14, 2022, via Zoom, the parties discussed an itemized list of remaining deficiencies. The parties also agreed to submit a joint letter on February 22, 2022.

Defendants' thereafter delayed timely filing of this letter. On February 17, 2022, Defendants agreed to produce two categories of improperly withheld documents. Then, on February 21, 2022, at 8:08 p.m., Defendants proposed to produce certain documents and revise their log, and to file this letter on February 24, 2022. Plaintiff agreed to the extension, and asked Defendants to produce any documents or logs within 24 hours of filing.

On February 23, 2022, fewer than 24 hours before the agreed to filing time, Defendants produced the operative privilege log, and, later, produced 106 documents (878 pages), many unrelated to this dispute, but not including all of the documents they agreed to produce. Then, on February 24, 2022, rather than mutually exchanging drafts, Defendants withheld their portion until they read Plaintiff's. Defendants then objected on pre-textual grounds (including one immediately abandoned concerning a group email), then later sent the "Prefatory Statement," again denying Plaintiff a fair chance for response (suffice to say, it has no merit). The instant letter followed.

III. **Apple Cannot Conceal the Entire Process Resulting in Cook's "Investor Letter"**
    **– a Key Corrective Disclosure Defendants Put at Issue**

On January 2, 2019, at the end of the Class Period, in a press release styled as a "Letter from Tim Cook to Apple Investors," Apple preannounced a $5-9 billion revenue miss. The "investor letter" describes nonlegal issues, in particular, reasons for the "[l]ower than anticipated iPhone revenue, primarily in Greater China, [which] account[ed] for all of [Apple's] revenue shortfall."

The operative log identifies 469 or more withheld documents[2] related to the "investor letter." When Plaintiff challenged Defendants' bare privilege assertions individually,[3] Defendants

---

[1] All citations and footnotes omitted and emphasis added unless otherwise indicated.
[2] Many log entries refer to a "guidance revision" or other possible euphemisms for the investor letter.
[3] For example, three of the entries for the documents described *infra* §VI ("Custodial Files") fail to identify any lawyers or attorney client communications. *See U. S. v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002).

4881-8888-3473.v2

maintained their collective withholding on the ground that the *process* resulting in the "investor letter" was done at the direction of counsel. This is improper. As the Ninth Circuit held, allowing companies to cloak such documents "would create perverse incentives for companies to add layers of lawyers to every business decision in hopes of insulating themselves from scrutiny in any future litigation." *In re Grand Jury*, 23 F.4th 1088, 1093-94 (9th Cir. 2021); *see also U.S. v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015) (rejecting "blanket" privilege assertions). At a minimum, Defendants have no basis to withhold, rather than redact, these documents. *See Christensen*, 828 F.3d at 803.

Defendants have also waived any privilege that would otherwise attach by putting "in issue" the contents of the letter. Importantly, it is "incorrect" "that a privileged communication is only put 'in issue' if its contents are specifically identified." *Volterra Semiconductor Corp. v. Primarion, Inc.*, 2013 WL 1366037, at *2 (N.D. Cal. Apr. 3, 2013). Defendants' expert, for example, argued the letter ***itself*** is evidence "Apple faced unforeseen challenges." ECF No. 197-2, ¶70. And in an interrogatory response, Cook identifies the letter as bases for Defendants' 13th affirmative defense, characterizing disclosures within the letter concerning, *e.g.*, "Apple's performance in Greater China" as "unrelated to Defendants' alleged misleading statement.[4] Defendants thus use not only the letter, but Defendants' knowledge and intentions in publishing it, to establish certain facts and defenses, yet conceal related documents under a blanket of privilege.

## IV. Apple Cannot Conceal Documents Related to iPhone Supplier Cuts, Share Repurchases or Other Ordinary Business Matters

Apple has withheld numerous other materials that, like the investor letter, concern non-legal issues, for which there is no apparent attorney client relationship, and are central to the parties' claims and defenses. For example, iPhone supplier cuts as first revealed by a *Nikkei* article, are not privileged subject matter. Yet Apple redacts two emails related to the *Nikkei* article. These emails cc: one non-participating attorney. Initially Apple justified these as concerning a "contract issue." Now, Apple describes them as "regarding response to article." Defendants also put the cuts at issue by arguing they are unrelated to the alleged false statements. Apple thus fails to plausibly identify privileged content or a proper attorney client relationship over disputed material.[5]

## V. Apple Must Identify Participants in Group Emails or Produce Them

Defendants have withheld approximately 40 emails (not including attachments) sent to or from email groups for which they refuse or are unable to identify the senders or recipients, including the following: disclosure_committee_dist_list@group.apple.com; d3x_n84_weekly_distro@group.apple.com; china_ga_group@group.apple.com.[6] Failure to identify participants waives the privilege: "[T]he party asserting attorney-client privilege bears the burden of establishing each element of the privilege, ***including that the 'protection' has not been waived***." *Wultz v. Bank of China Ltd.*, 2013 WL 6098484, at *2 n.21 (S.D.N.Y. Nov. 20, 2013); *see also*

---

[4] Space prevents a full description of Defendants putting at issue the investor letter, but *see also*, *e.g.*: ECF No. 118 at 14 (disputing meaning of what "we saw as the quarter went on") (emphasis omitted); ECF No. 196 at 11; ECF No. 197-2, ¶69.

[5] Plaintiff objects on similar grounds to the withholding and redaction of documents related to "Supplier Responsibility and the BOD"; "C[hina] M[obile sku for [iPhone XS, XS Max] and [XR]"; the "[XS Max] / [XS] China AOS Return Mitigation Request"; and the "black out period" for insider trading.

[6] On February 21, 2022, Defendants agreed to produce the 87 executive team ("et@group.apple.com") entries on the February 3, 2022 version of the log. On February 23, 2022, Defendants produced 24 documents to or from that address. On February 24, 2022, Defendants indicated they would look into this discrepancy.

4881-8888-3473.v2

*Flintkote Co. v. Gen. Accident Assurance Co.*, 2009 WL 1457974, at *7 (N.D. Cal. May 26, 2009) (requiring "names and positions"). This is especially true where, as here, "Apple has a very large management team," (Shapiro Tr. at 44:4-5), a fact that "suggests the possibility that the emails could be communications regarding business strategy." *See Engurasoff v. Zayo Grp. LLC*, 2015 WL 335793, at *3 (N.D. Cal. Jan. 23, 2015).

Further, Apple represents that because "at least two" attorneys (they refuse to identify) were members of the disclosure committee, the entire group is the attorney in the attorney client relationship. But "[t]he mere assertion that communications came from a group email address used by a department that included licensed lawyers is not sufficient." *Wultz*, 2013 WL 6098484, at *2.

## VI. Vague and Conclusory Claims that Custodial "Files" Reflect Advice Fail

Apple has withheld 7 non-email documents from the files of Tim Cook, Tejas Gala and Adam Talbot on the bare assertion that they "reflect[] legal advice from" unidentified "in-house counsel." Apple's "'vague declaration[s] . . . stat[ing] only that the document 'reflects' an attorney's advice [are] insufficient.'" *Chrimar Sys. Inc v. Cisco Sys. Inc*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016); *see also Martin*, 278 F.3d at 999-1000 ("[a] party claiming the privilege ***must identify specific communications*** and the grounds supporting the privilege as to each piece of evidence").

## VII. Admittedly Non-Privileged Attachments Are Not Presumptively Protected

Apple has withheld some 112 non-privileged documents on the presumption that production of attachments reveals the privileged contents of parent emails. But "'[d]ocuments attached to or included in an attorney client communication are not automatically privileged, and the party asserting privilege must ***prove*** that each attachment is protected by privilege.'" *Our Child's. Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1088 (N.D. Cal. 2015).

**Defendants' Prefatory Statement:** In meeting and conferring, Defendants requested that Plaintiff provide its portion of this brief at least eight hours in advance of the filing so that Defendants could understand precisely what relief Plaintiff would be seeking from the Court and respond appropriately. Plaintiff denied that request, then, this afternoon, Plaintiff circulated a 3.5-page brief containing arguments that Plaintiff had never before articulated and that the parties have never discussed—including, most notably, Plaintiff's argument that Defendants have waived any privilege over the hundreds of documents relating to the January 2, 2019 Letter to Apple Investors by purportedly "putting in issue" the letter's contents. Plaintiff insisted on filing this joint brief today, without giving Defendants sufficient time to address the newly-raised arguments. The Court should deny Plaintiff's requests in that regard or, in the alternative, give Defendants an adequate opportunity to respond to the new arguments. Accordingly, Defendants are submitting below their originally-planned submission, and are prepared to file a short addendum early next week if the Court will accept it, to address the newly-raised arguments that they have not yet had an opportunity to consider and brief.

**Defendants' Position:** Defendants have worked exceedingly hard to avoid this dispute. And while Defendants made numerous compromises to remove and narrow disputes between the parties, this one remains. Plaintiff's remaining challenges to Defendants' privilege log (the "log") are without merit, and the Court should reject Plaintiff's request to perform *in camera* review of hundreds of privileged documents.

Plaintiff challenges Defendants' assertion of privilege over the following categories of documents: all documents concerning the January 2, 2019 "Letter from Tim Cook to Investors" (the "Cook Letter"); documents sent to or from certain internal Apple group email addresses; documents that Plaintiff speculates pertain to "facially non-legal" subjects; and a handful of redacted documents for which the basis of Plaintiff's challenge is unclear. Plaintiff's challenges fail for at least the following reasons, further discussed below: (1) the documents relating to the Cook Letter were drafted under the direction of Apple in-house counsel and the law is clear that publication of a final version of a document does not destroy privilege over its drafts; (2) documents do not have to facially identify a specific individual attorney to be privileged; and (3) communications on subjects that Plaintiff speculates are "facially non-legal" can still be privileged where, as here, they reflect legal advice or a request for legal advice.

Plaintiff's first challenge concerns drafts of the Cook Letter in which Apple pre-announced its revenue guidance adjustment for Q1 FY 2019. As Defendants have explained to Plaintiff, Apple undertook a careful process for drafting the Cook Letter under the direction of in-house counsel. Thus, drafts of the Cook Letter—whether authored by in-house counsel or transmitted to in-house counsel for review and comment— are privileged.[7] The fact that the final Cook Letter was

---

[7] The Cook Letter's supporting documentation, created at the behest of Apple in-house counsel, is likewise protected by the attorney-client privilege. Documents compiled by non-legal employees to serve as support for the information contained in the Cook Letter were created for the express purpose of enabling Apple's legal department to provide legal advice as to the contents of the Cook Letter. "Communications containing information compiled by corporate employees for

4881-8888-3473.v2

Page 6

eventually made public does not destroy the privilege over earlier drafts. "[E]ven when a final product is disclosed to the public, the underlying privilege attached to drafts of the final product remains intact." *Roth v. Aon Corp.*, 254 F.R.D. 538, 541 (N.D. Ill. 2009) (collecting cases); *see also, e.g.*, *In re Banc of California Sec. Litig.*, 2018 WL 6167907, at *2 (C.D. Cal. Nov. 26, 2018) ("When a client sends a draft disclosure document to an attorney for comment or input, the attorney-client privilege attaches to the draft and remains intact even after the final document is disclosed.").[8]

Plaintiff next challenges Defendants' privilege designation for a select group of emails sent to or from certain internal Apple group email addresses. As Plaintiff would have it, because Apple's internal distribution lists (such as the Disclosure Committee distribution list) do not facially identify the names of the lawyers on the list or facially exclude third parties from the list, emails sent to the list cannot be privileged.[9] As we have explained to Plaintiff, however, where in-house counsel are members of the list, their identities are generally evident from the log. With respect to the in-house attorneys included on the Disclosure Committee email list, if necessary, they will attest by sworn declaration that their inclusion on the list was for the singular purpose of providing legal advice regarding the subject matter of the list. They can likewise attest to the fact that the distribution list does not include any external third parties.

Plaintiff also challenges entries on the log that it contends reference "non-legal" or "facially business, not legal" subjects. For example, while the log designates certain emails involving Apple in-house counsel Sam Whittington as privileged, Plaintiff argues that because the emails addressed "investor questions" they must necessarily relate to "facially business, not legal" subjects, and thus cannot be privileged. But communications on subjects that Plaintiff speculates are "facially non-legal" can still be privileged where, as here, they reflect legal advice or a request for legal advice. *See, e.g., United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076-77 (N.D. Cal. 2002)

---

the purpose of seeking legal advice and later communicated to counsel are protected by attorney-client privilege." *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2003).

[8] Plaintiff's challenge extends to privileged drafts of the Cook Letter collected from certain document custodians' custodial files. Plaintiff claims that because the log does not identify the name of a specific, individual in-house counsel on these drafts, they cannot be privileged. This argument fails for the same reasons explained above.

[9] Plaintiff's challenge to listserv emails extends to every communication sent to or from an internal Apple group email address that does not identify which specific counsel is providing legal advice or from whom legal advice is being sought. Such a challenge is meritless, however, because it is not possible to identify a specific attorney providing legal advice when, for example, a communication states, "Legal recommends X." It is likewise not possible to identify the name of a specific attorney from whom legal advice is being sought when, for example, a communication states, "We will check with Legal about Y." Defendants have appropriately withheld or redacted these types of privileged communications.

4881-8888-3473.v2

Page 7

("internal communications that reflect matters about which the client intends to seek legal advice are protected").

The bases for the remainder of Plaintiff's challenges are not entirely clear. Plaintiff objects to Defendants' redactions of two documents concerning a November 5, 2018 *Nikkei Asian Review* article, but the documents contain an explicit request for legal advice regarding the company's response to the article. We have narrowly redacted only the portions necessary to preserve the privilege. Similarly, Plaintiff objects to Defendants' redaction of a document reflecting legal advice from in-house counsel Sam Whittington concerning the company's blackout period, but Plaintiff cannot articulate a purported basis for its objection. Finally, Plaintiff objects to Defendants' redaction of an email thread that describes an intent to seek legal advice from Apple's legal department concerning a product returns issue. According to Plaintiff, because no lawyers appear on this thread, it cannot possibly relate to a request for legal advice. But the law is clear that "[c]ommunications between non-lawyer employees about matters [on] which the parties intend to seek legal advice are likewise cloaked by attorney-client privilege." *AT&T Corp.*, 2003 WL 21212614, at *3.

Defendants respectfully ask that the Court deny Plaintiff's request for any *in camera* review or other relief. To the extent the Court is inclined to grant Plaintiff any relief, Defendants respectfully request leave to submit full briefing on these issues.

Page 8

## CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Kenneth J. Black, am the ECF User whose identification and password are being used to file this Letter Brief. In compliance with to Local Rule 5-1(i)(3), I hereby attest that Kevin M. Askew has concurred in this filing.

Dated: February 24, 2022

                                                           s/ Kenneth J. Black
                                                           KENNETH J. BLACK

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 24, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Kenneth J. Black
KENNETH J. BLACK
ROBBINS GELLER RUDMAN
     & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: kennyb@rgrdlaw.com

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,johnson@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,lobas@pomlaw.com,abarbosa@pomlaw.co

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,lpina@labaton.com,5739893420@filings.docketbird.com,acoquin@labaton.com,electroniccasefiling@labaton.com,dsal

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,mtroncoso@rgrdlaw.com,smorris@ecf.cou

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`