1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| In re APPLE INC. SECURITIES LITIGATION | ) ) ) | Case No. 4:19-cv-02033-YGR |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| This Document Relates To: | ) ) | JOINT STATUS REPORT |
| ALL ACTIONS. | ) ) ) | DATE: March 4, 2022<br>TIME: 9:01 a.m.<br>CTRM: 1, 14th Floor<br>JUDGE: Hon. Yvonne Gonzalez Rogers |

4860-1660-6224.v3

I.      **INTRODUCTION**

Pursuant to the Court's February 4, 2022 Order Granting in Part and Denying in Part Motion for Class Certification (ECF No. 224), counsel for Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and counsel for Defendants Apple Inc. ("Apple" or the "Company"), Timothy D. Cook ("Cook"), and Luca Maestri ("Maestri") (together, "Defendants") (collectively, the "Parties") in the above-captioned action respectfully submit this Joint Status Report summarizing their respective positions on the litigation schedule for the remainder of the case.

II.      **PLAINTIFF'S POSITION**

Plaintiff proposes that each of the remaining deadlines in this case should be extended as set forth in §III.E below.  Importantly, Plaintiff does not intend to serve any new discovery during this extended period beyond the existing March 16, 2022 deadline, at least not without leave of Court.  Rather, the proposal allows Plaintiff adequate time for a full and complete analysis of Defendants' late-produced discovery (including both productions of documents and interrogatory responses), allows the Parties to reach a reasonable compromise on a schedule for remaining depositions, provides sufficient time for Plaintiff to bring any necessary motions to compel by extending the deadline (as currently governed by Civil Local Rule 37-3) from March 23, 2022 to May 5, 2022, and allows sufficient time for expert disclosures by extending the deadline from April 27, 2022 to June 14, 2022.  Plaintiff's position is based upon and justified by its diligence pursuing discovery and resolution of discovery disputes, the timeline of the productions of documents from Apple and non-parties, the compressed schedule of depositions following the delayed productions of documents, other outstanding discovery and Plaintiff's supplement of its class certification submission on the issue of market efficiency and damages associated with options on Apple common stock.  Plaintiff's proposal is not prejudicial and will not alter the trial schedule, as a trial date has not yet been set.[1]

---

[1]   On February 15, 2022, counsel for Plaintiff asked counsel for Defendants if they would agree to extend all the remaining event deadlines by 30 days.  Defendants rejected that request.  On

1

## A.   Relevant Procedural Background

On June 23, 2020, Plaintiff filed the operative Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws.  ECF No. 114 ("RCAC").   Following the Parties' briefing on Defendants' motion to dismiss the RCAC, on November 4, 2020, the Court issued an Order granting in part and denying in part Defendants' motion.  ECF No. 123 ("MTD Order").  On December 22, 2020, following the Court's initial Case Management Conference, the Court entered the Case Management Order.  ECF No. 128 ("Case Management Order").  Each of the litigation events identified in the Case Management Order, up to the Fact Discovery deadline of March 16, 2022, has been met.[2]  The Parties have met and conferred and set forth their respective positions on the viability of the remaining event deadlines in the Case Management Order that have yet to be met.  In summary, Plaintiff proposes a modest modification to the remaining deadlines in order to: adequately review and analyze documents that have been produced, ensure that Defendants' productions and responses to existing discovery is complete, take the remaining depositions on a reasonable schedule, file motions to compel and serve expert disclosures.  Defendants propose that the event deadlines in the Case Management Order remain firm.

## B.   Plaintiff Has Diligently Pursued Discovery from Defendants and Non-Parties

Immediately following the Court's November 4, 2020, MTD Order, Plaintiff requested a Federal Rule of Civil Procedure 26(f) conference with Defendants and thereafter, on November 23, 2020, Plaintiff served its first set of requests for production documents relevant to its claims.  In December 2020, Plaintiff also began serving discovery requests on multiple non-parties including Apple manufacturers and suppliers Foxconn, Pegatron, Lumentum and Wistron, and numerous financial and securities analysts' firms that covered the Company and reported on Apple's financials and business, all of which possessed material facts relevant to Plaintiff's

---

February 24, 2022, counsel for Plaintiff made the scheduling proposal herein and explained the basis for the proposal.  Defendants rejected it.

[2]   There has been one modification to the Case Management Order, an extension of the date for Defendants to file their opposition to Plaintiff's motion for class certification and Plaintiff's reply in support of the same.  ECF No. 192.

1  allegations.  As a result of these efforts, to date, Plaintiff has received (and reviewed) over 600,000

2  pages of documents from Apple, and Plaintiff has collected more than 42,000 documents, or more

3  than 229,000 pages from non-parties.[3]

4      As Plaintiff actively pursued discovery from Defendants, numerous disputes arose on

5  issues relating to the scope of discovery, including: the selection of Apple custodians whose files

6  should be searched for relevant information (ECF No. 156); the productions of documents without

7  search terms (ECF No. 173); the expansion of deposition limits (ECF No. 138); and challenges to

8  Defendants' assertions of privilege (ECF No. 227), each requiring Plaintiff to file joint letters and

9  a motion to compel, consistent with Magistrate Judge Spero's Standing Order regarding Discovery

10  Disputes.   Plaintiff's efforts successfully resulted in several Court Orders, including Orders

11  compelling Defendants and non-parties Pegatron and Foxconn to comply with Plaintiff's

12  subpoenas and requests for production.  *See* ECF Nos. 152 (Ordering Pegatron to comply with

13  Plaintiff's Rule 45 subpoena); 158 (Ordering Apple to timely make rolling productions); 175

14  (Ordering Foxconn to comply with Plaintiff's Rule 45 subpoena).[4]

15      In addition to serving requests for documents on Defendants and non-parties, beginning in

16  November 2020, Plaintiff took multiple depositions of Apple pursuant to Rule 30(b)(6) which

17  allowed Plaintiff to streamline its discovery by identifying key Apple employees and business

18  units within the Company to target for relevant documents.  Specifically, by March 2021, Plaintiff

19  had taken Rule 30(b)(6) testimony on topics including: (i) Apple's monitoring of the Chinese

20  economy and smartphone competition in China; (ii) Apple's monitoring of retail traffic in its

21  stores, including in China; (iii) Apple's processes for adjusting iPhone production volumes; and

22  (iv) Apple's share repurchases.

23

24

25

26

[3]   In some instances, non-parties have produced relevant documents including emails to and from Apple employees that are clearly in Defendants' possession that Apple has refused to produce.

27

28

[4]   In addition to diligently pursuing discovery, Plaintiff also timely moved for class certification on May 5, 2021 (ECF No. 165), searched for and produced discovery responsive to Defendants' requests for discovery and sat for a deposition requested by Defendants.

### C. Despite Plaintiff's Diligence, Defendants' Productions of Documents Has Been Slow and Often Incomplete

Despite service of Plaintiff's initial request for production of documents in November 2020, Apple did not make its first substantive production of documents until June 25, 2021. Disputes as to the timing and initial scope of discovery resulted in an April 16, 2021 Order from Judge Spero that Defendants begin producing documents immediately, and substantially complete their initial production by July 15, 2021.  ECF No. 158.  In total, to date Apple has produced approximately 600,000 pages of documents responsive to Plaintiff's discovery requests, nearly half of which were produced after October 15, 2021, with more than 90,000 pages produced after *January 13, 2022*.  A chart summarizing Defendants' productions is below.

| Date Ranges of Apple's Productions of Documents | Pages |
|---|---|
| January 28, 2021-April 21, 2021 | 4,777 |
| June 25, 2021-July 15, 2021 | 312,334 |
| September 23, 2021-October 25, 2021 | 192,241 |
| January 14, 2022-February 21, 2022 | 90,042 |
| Total | 599,394 |

A significant part of the delay is due to disagreements on appropriate document custodians, as Defendants limited their initial list of custodians to the six individuals listed on their Fed. R. Civ. P. 26(a) initial disclosures.  And, despite Defendants' Rule 30(b)(6) witnesses having identified numerous other individuals that had knowledge relevant to the central issues in this case, Apple refused to search for and produce those individuals' documents, resulting in a letter brief submitted to Judge Spero.  ECF No. 156.  It was only in November 2021, after Plaintiff was prepared to go back to the Court with even more evidence of their relevance, did Defendants agree to search many of those witnesses' files.  Searches of those additional custodians resulted in document productions as late as January 2022.[5]

---

[5]    The additional custodians agreed to on December 7, 2021, were custodians that Plaintiff requested early in the case based on Rule 30(b)(6) testimony from Apple, and were included in Plaintiff's April 13, 2021 letter motion to the Court (ECF No. 156) which Defendants, in part, successfully opposed (ECF No. 158).

Plaintiff has nevertheless continuously and diligently reviewed and analyzed the documents to prepare for depositions and continued prosecution of the case. In addition, the Parties continue to meet and confer concerning outstanding issues with respect to the completeness of Defendants' production and discovery obligations, resolution of which has also been affected by the late timing of Defendants' production, and which will likely require motion practice notwithstanding the Parties' efforts.[6]

### D.   As a Result of Late Productions of Documents, Substantive Depositions Only Began at the End of January 2022, on a Tightly Compressed Schedule

As stated above, because Defendants did not timely produce documents, Plaintiff began noticing depositions, as early as March 2021, of individuals identified during Rule 30(b)(6) depositions. Plaintiff also sought an agreement from Defendants to expand the Rule 30 limit on depositions. Defendants refused and Plaintiff sought timely relief from the Court on the limitation. ECF No. 138. On March 5, 2021, however, the Court denied Plaintiff's motion without prejudice and made clear that Plaintiff must wait to review the documents received in discovery before seeking to expand the deposition limit in order to make a showing that such expansion is proportionate to the needs of the case. *See* ECF No. 140. Accordingly, Plaintiff cautiously preserved what remained of its statutory ten deposition limit with no guarantee that the limit would be expanded and thus waited until Apple produced documents to take depositions.

Compounding these issues of delayed production, Defendants have been either unwilling or unable to schedule depositions in a way contemplated by Civil Local Rule 30 and Judge Spero's Standing Orders, which requires the Parties to confer and agree on deposition dates prior to issuing deposition notices. In November 21, 2021, Plaintiff tried to schedule depositions, but was rebuffed. While Plaintiff has complied, Defendants have often provided only a single date of

---

[6]   Chief among the still outstanding discovery is Defendants' response to Plaintiff's first and second sets of interrogatories seeking the identification of facts and documents supporting their affirmative defenses alleged in their answer to the RCAC. ECF No. 124. These interrogatories were served on May 13, 2021 and November 1, 2021, respectively. On February 14, 2022, Defendants stated they will serve their responses before the March 16, 2022 discovery cut-off which does not permit Plaintiff any ability to test the responses or depose *any* witnesses concerning the responses despite having served the interrogatories months ago.

availability for most of their witnesses, effectively allowing Defendants to unilaterally determine

the dates and order of witness testimony without meaningful input from Plaintiff.  Plaintiff has

now been forced to schedule depositions with only a few months, and in many instances a few

weeks, to review deponent-specific documents and prepare for and take depositions.[7]  Due to

Defendants' unwillingness to timely meet and confer on dates, Plaintiff's fact depositions did not

begin until January 28, 2022.  Below are the depositions taken to date.

| Deposition Date | Apple Employee |
| --- | --- |
| January 28, 2022 | Anish Patel – Vice President |
| February 7, 2022 | Priya Balasubramaniam – Vice President |
| February 9, 2022 | Timothy D. Cook – Chief Executive Officer |
| February 21, 2022 | Donal Conroy – Vice President of Operations |
| February 25, 2022 | Luca Maestri – Chief Financial Officer |

As shown in the chart below, many of the remaining depositions are scheduled to be

completed before the current March 16, 2022 discovery cut-off and provide Plaintiff little time for

review or analysis of testimony before the next critical deposition, which would be highly

prejudicial to Plaintiff.

| Deposition Date | Apple Employee |
| --- | --- |
| March 4, 2022 | Matt Blake – Vice President, Finance & Treasurer |
| March 7, 2022 | Saori Casey – Vice President, Corporate Financial Planning |
| March 8, 2022 | Kevan Parekh – Vice President, Finance |
| March 8, 2022 | Jeff Williams – Chief Operating Officer |
| March 10, 2022 | Ed Tharp – Vice President, iPhone Finance |
| March 11, 2022 | Alejandro Roman – Senior Director, Finance & Business Management |
| March 15, 2022 | Greg Joswiak – Senior Vice President, Worldwide Marketing |
| March 16, 2022 | Mike Fenger – Vice President, iPhone Sales |
| March 24, 2022 | Nancy Paxton – Senior Director, Investor Relations and Treasury |

---

[7]  On January 25, 2022, the Parties filed a Stipulation and Proposed Order Expanding the Deposition Limits (ECF No. 221), which was entered by the Court on the same day.  Notably, while Defendants have now agreed to expand the deposition limits which they previously opposed, the time available to take any such depositions is compressed to a mere two and a half months.

Plaintiff has requested that Defendants agree to extensions of the discovery cut-off in order to cooperatively calendar depositions.  Defendants have refused, with one exception.[8]  In fact, Plaintiff has repeatedly explained to Defendants that with a more reasonable deposition schedule, it is possible, if not likely, that certain of the scheduled depositions will not be necessary.  Yet, Defendants have refused to engage with Plaintiff to build a calendar that would be sensible for the Parties.

### E.   Plaintiff Currently Intends to Supplement Its Motion for Class Certification

In addition to taking the remaining depositions and analyzing the documents that have been recently produced, Plaintiff currently also intends to supplement its class certification motion with additional evidence and authority supporting market efficiency and damages on Apple share options contracts during the Class Period.  *See* ECF No. 224.  Plaintiff expects to make that submission no later than April 15, 2022.

### F.   Plaintiff's Proposed Scheduling Modifications

For all the reasons stated above, good cause exists to make a modest modification of the event dates in the Case Management Order.  Importantly, Plaintiff does not intend to serve more discovery during the proposed extended period beyond the existing discovery cut-off (March 16, 2021) unless upcoming document productions reveal that additional discovery is necessary, in which case, Plaintiff would seek leave of Court to do so.  A reasonable extension of the discovery cut-off will not prejudice Defendants and will not significantly impact the current Case Management Order.  No trial date is currently set.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Deadline | March 16, 2022 | April 28, 2022 |
| ***Last Day to File Motions to Compel*** (this entry was not previously called out in the Case Management Order). | March 23, 2022 pursuant to Civil Local Rule 37-2 | May 5, 2022 |
| Rule 26(a)(2) Expert Disclosures | April 27, 2022 | June 14, 2022 |

---

[8]   Defendants have indicated that Ms. Paxton is not available prior to the discovery cut-off, and proposed March 24, 2022, as the only date on which she is available.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Rebuttal Expert Disclosures | June 10, 2022 | July 14, 2022 |
| Expert Depositions | June 24, 2022 – July 22, 2022 | August 1, 2022 – August 31, 2022 |
| Last Day to File Request for Pre-filing Conference in Connection with SummaryJudgment Motions | July 29, 2022 | September 15, 2022 |
| Last Day to File Summary Judgment and *Daubert* Motions | September 9, 2022 | October 14, 2022 |
| Oppositions to Summary Judgment and *Daubert* Motions | None | December 9, 2022 |
| Summary Judgment and *Daubert* Replies | None | January 13, 2023 |
| Hearing on Summary Judgment Motions | None | TBD |
| Final Pretrial Conference | None | Friday, April 14, 2023 |
| Trial | None | Monday, April 24, 2023 |

## III.   DEFENDANTS' POSITION

The Court entered a Case Management Order more than fourteen months ago, setting deadlines that had been agreed-upon and jointly proposed by the parties, including a fact discovery deadline of March 16, 2022. *See* Dkt. No. 126. For over a year, the parties operated on the understanding that fact discovery would need to be completed on the schedule set by the Court. Defendants, for their part, worked diligently to meet the Court-ordered deadline. It was not until earlier this month, when the Court issued its ruling on class certification and simultaneously requested the parties' views with respect to the schedule in this case (*see* Dkt. No. 224 at 21), that Plaintiff began to suggest that the current schedule should be extended. As explained below,

1   Plaintiff cannot demonstrate good cause for an extension of any length, let alone for the six-week

2   extension it is seeking.[9]

3           Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only

4   for good cause."  Citing the Rule 16 "good cause" standard, the Ninth Circuit has held that a

5   "district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence

6   of the party seeking the extension."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609

7   (9th Cir. 1992) (citation omitted).  Here, Plaintiff articulates three purported justifications for an

8   extension of the current deadlines: (1) Defendants' purported delay in producing documents; (2) a

9   schedule for depositions that Plaintiff recently agreed to, but which it now believes is too

10  condensed; and (3) Plaintiff's stated intent, at some unspecified future date, to file a renewed

11  motion for class certification with respect to certain holders of options in Apple's stock.  None of

12  these purported justifications withstands scrutiny or meets the Rule 16 standard for good cause.

13  **The Timing of Defendants' Document Production.**  Plaintiff complains about the

14

15  purported "lateness" of Defendants' document production, but the facts tell a different story.  To

16  date, Defendants have produced a total of 644,784 pages, including documents collected from 20

17  individual custodians.  More than 55% of Defendants' total production (by page volume) was

18  produced in or before ***July 2021*** – seven months ago.  When Plaintiff then demanded that

19  Defendants employ broad additional search terms, and that Defendants collect from additional

20  custodians, Defendants did so.  More than ***85%*** of Defendants' total production was completed by

21  October 2021—four months ago.  And virtually all of Defendants' documents were produced by

22

23

24

25  _____

    [9]   Defendants requested that Plaintiff, as the party seeking to modify the current schedule,
26  provide Defendants with a draft of its planned submission to the Court so that Defendants could
    fairly respond to the justifications Plaintiff intends to offer in support of its proposed schedule
27  changes.  Plaintiff refused that request, and insisted upon a simultaneous exchange of the parties'
    respective portions of this joint report.  Accordingly, any failure by Defendants to address a
28  particular argument raised by Plaintiff in this report is not a concession that the argument is
    meritorious.

1  January 14, 2022—the date that the parties agreed to, and that the Court set in the Case
2  Management Order, for substantial completion of document discovery.

3        Since January 14, 2022, as Defendants have responded to requests from Plaintiff for things
4  like different versions of already-produced documents, and as the parties have continued to meet
5  and confer regarding Defendants' privilege log, Defendants have produced an additional 2,465
6  pages of documents—totaling less than 1% of Defendants' production to date.  Plaintiff has been
7  unable to articulate any persuasive reason why this production of less than 2,500 pages justifies an
8
9  extension of the fact discovery cutoff.

10       **The Deposition Schedule.**  Plaintiff's purported concerns about the current deposition
11  schedule are likewise unfounded.  After taking an initial set of Rule 30(b)(6) depositions in the
12  first half of 2021, Plaintiff then waited until November 9, 2021 to request that Defendants provide
13  deposition availability for an initial set of six Apple witnesses.  In early December 2021, Plaintiff
14  served a deposition notice for nine individuals—the initial set of six plus an additional three Apple
15  witnesses.  Plaintiff then waited until January 7, 2022 to indicate its intent to depose yet another
16  group of six Apple witnesses (before later withdrawing three of those additional six names).
17  Defendants worked diligently to schedule depositions for all of these witnesses prior to the
18  discovery cutoff, proposing dates to Plaintiff's counsel and arranging alternate dates when
19
20  Plaintiff's counsel indicated a scheduling conflict.
21
22       Eventually, the parties agreed on deposition dates for all twelve of these witnesses sought
23  by Plaintiff.  Five of these depositions have already been conducted, including the depositions of
24  Messrs. Cook and Maestri.  That leaves seven depositions of Apple witnesses currently scheduled
25  over the next 13 business days, between February 28 and March 16.[10]  That is hardly an unusual
26

27  _____
   [10]   Defendants currently anticipate taking only _two_ depositions—both of third parties—between
28  now and the fact discovery cutoff.

1    deposition schedule for a case like this one, nearing the fact discovery cutoff.  Nor should that

2    schedule pose an unreasonable burden for a firm like Robbins Geller, which in seeking

3    appointment as Lead Counsel touted its experience as a "nationwide firm" with substantial

4    experience in "complex securities litigation," highlighting its bench of "numerous trial attorneys

5    and many former federal and state prosecutors."  *See* Dkt. No. 36.  Indeed, six Robbins Geller

6    partners and four associates have appeared on behalf of Lead Plaintiff in this action.  Three of

7    those lawyers have already taken depositions in this action.  Completing seven depositions over

8    two-and-a-half weeks should not be that difficult.

9

10          Perhaps most notably, Plaintiff *agreed* to the dates for all 12 of these depositions, seeking

11   to modify the schedule only after the Court's request for a joint report on the schedule appeared to

12   give Plaintiff an opportunity to delay.  There is no reason why the currently-scheduled dates—

13   many of them for senior executives who had to make extraordinary accommodations in their busy

14   schedules to facilitate a full day deposition—should be moved just to accommodate Plaintiff's

15   desire to take depositions at a somewhat more leisurely pace.  *See R.S. v. Ridgefield Bd. of Educ.*,

16   2008 WL 1989774, at *2 n.3 (D. Conn. May 5, 2008) (in scheduling depositions, "the convenience

17   of counsel is less compelling than any hardship to the witnesses") (citation omitted).

18

19          Plaintiff has recently requested depositions of two additional Apple witnesses—Nancy

20   Paxton (a former Apple employee) and Saori Casey—and those two depositions do not yet have

21   confirmed dates.  While Defendants identified Ms. Paxton in their initial disclosures served in late

22   2020, and produced documents from both of these witnesses' files in the summer of 2021, Plaintiff

23   waited until *February 10, 2022*, just two weeks ago and just a few weeks before the discovery

24   cutoff, to request their depositions.  Even then, Plaintiff provided just three business days before

25   the discovery cutoff as potential options, claiming that those were the three dates on which

26   Plaintiff's counsel was available.  Given the late notice and the limited date options, Defendant

27

28

was unable to offer a date for Ms. Paxton prior to the discovery cutoff, and Ms. Casey's availability was limited to one window of five hours (which Plaintiff refused to accept). Any delay in requesting these depositions, and trouble in their scheduling, rests entirely at Plaintiff's feet. In the event that the Court determines that a brief extension of the fact discovery cutoff is appropriate to accommodate the depositions of Ms. Paxton and Ms. Casey—notwithstanding Plaintiff's lack of diligence in seeking those depositions—Defendants request that the Court make clear that the cutoff is extended for that purpose only, and that the Court preclude Plaintiff from taking advantage of any extended cutoff by (a) serving new discovery, including new deposition notices; or (b) rescheduling the existing deposition dates that Defendants have scheduled, and to which Plaintiff agreed.

**Plaintiff's Intent to File a Renewed Motion for Class Certification.** Finally, Plaintiff argues that an extension of the current schedule is justified in light of Plaintiff's stated intent to file a renewed motion for class certification with respect to holders of options in Apple stock. But Plaintiff has failed to explain to Defendants why the briefing on such a renewed motion could not proceed in tandem with the currently scheduled fact and expert discovery deadlines. Plaintiff does not identify any outstanding fact discovery that would be necessary to any renewed motion for class certification, which means that Plaintiff's plan to file a renewed motion certainly does not provide any justification for an extension of the fact discovery cutoff. Moreover, Plaintiff's inability to tell Defendants exactly when it intends to file this renewed motion—other than sometime "in the next few months"—hardly demonstrates that Plaintiff has exercised the diligence required of a party seeking an extension of a scheduling order under Rule 16. *Mammoth Recreations, Inc.*, 975 F.2d at 609.

* * *

1       There is no good cause for an extension of the current schedule.  Defendants respectfully

2  request that the Court maintain the existing schedule as set forth in the current Case Management

3  Order, Dkt. No. 128.

4    DATED:  February 25, 2022             ROBBINS GELLER RUDMAN
                                                                   &DOWD LLP

5                                                SHAWN A. WILLIAMS

6                                                DANIEL J. PFEFFERBAUM
                                                KENNETH J. BLACK

7                                                HADIYA K. DESHMUKH

8

9                                                    s/ Shawn A. Williams
                                                 SHAWN A. WILLIAMS

10

11                                        Post Montgomery Center
                                        One Montgomery Street, Suite 1800

12                                        San Francisco, CA  94104
                                        Telephone:  415/288-4545

13                                        415/288-4534 (fax)
                                        shawnw@rgrdlaw.com

14                                        dpfefferbaum@rgrdlaw.com
                                        kennyb@rgrdlaw.com

15                                        hdeshmukh@rgrdlaw.com

16                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP

17                                        MARK SOLOMON
                                        TOR GRONBORG

18                                        JASON A. FORGE
                                        RAPHAELLA FRIEDMAN

19                                        655 West Broadway, Suite 1900
                                        San Diego, CA  92101

20                                        Telephone:  619/231-1058
                                        619/231-7423 (fax)

21                                        marks@rgrdlaw.com
                                        torg@rgrdlaw.com

22                                        jforge@rgrdlaw.com
                                        rfriedman@rgrdlaw.com

23                                        Lead Counsel for Lead Plaintiff

24                                        LABATON SUCHAROW
                                        CAROL C. VILLEGAS

25                                        140 Broadway
                                        New York, NY 10005

26                                        Telephone: 212/907-0700
                                        212/883-7524 (fax)

27                                        cvillegas@labaton.com

28

1

2            Counsel for Employees' Retirement System of
             the State of Rhode Island

3            VANOVERBEKE, MICHAUD & TIMMONY,
             P.C.
4            THOMAS C. MICHAUD
             79 Alfred Street
5            Detroit, MI  48201
             Telephone:  313/578-1200
6            313/578-1201 (fax)
             tmichaud@vmtlaw.com

7            Additional Counsel

8  DATED:  February 25, 2022        ORRICK, HERRINGTON & SUTCLIFFE LLP
9                                    JAMES N. KRAMER

10

11                                   _____
                                           s/ James N. Kramer
12                                        JAMES N. KRAMER

13                                   The Orrick Building
                                     405 Howard Street
14                                   San Francisco, CA 94105-2669
                                     Telephone:  415/773-5923
15                                   ikramer@orrick.com

16                                   Attorneys for Defendants Apple Inc., Timothy
                                     Cook, and Luca Maestri

17

18          ATTESTATION PURSUANT TO LOCAL RULE 5-1

19       I, Shawn A. Williams, am the ECF user whose identification and password are being used

20  to file the JOINT STATUS REPORT.  Pursuant to Local Rule 5-1(h)(3) and in compliance with

    General Order No. 45 X.B., I hereby attest that James N. Kramer has concurred in this filing.
21
    DATED:  February 25, 2022          _____
22                                           s/ Shawn A. Williams
                                          SHAWN A. WILLIAMS
23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify under penalty of perjury that on February 25, 2022, I authorized the

3

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

4

send notification of such filing to the email addresses on the attached Electronic Mail Notice List,

5

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service

6

to the non-CM/ECF participants indicated on the attached Manual Notice List.

7

   s/Shawn A. Williams

8

SHAWN A. WILLIAMS
ROBBINS GELLER RUDMAN

9

   & DOWD LLP
Post Montgomery Center

10

One Montgomery Street, Suite 1800
San Francisco, CA  94104

11

Telephone:  415/288-4545
415/288-4534 (fax)

12

Email:  shawnw@rgrdlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4860-1660-6224.v3

## Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,johnson@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,lobas@pomlaw.com,abarbosa@pomlaw.co

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.co

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,lpina@labaton.com,5739893420@filings.docketbird.com,acoquin@labaton.com,electroniccasefiling@labaton.com,dsal

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,mtroncoso@rgrdlaw.com,smorris@ecf.cou

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)