1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   DANIEL J. PFEFFERBAUM (248631)
3  KENNETH J. BLACK (291871)
   HADIYA K. DESHMUKH (328118)
4  Post Montgomery Center
   One Montgomery Street, Suite 1800
5  San Francisco, CA  94104
   Telephone:  415/288-4545
6  415/288-4534 (fax)
   shawnw@rgrdlaw.com
7  dpfefferbaum@rgrdlaw.com
   kennyb@rgrdlaw.com
8  hdeshmukh@rgrdlaw.com
           – and –
9  MARK SOLOMON (151949)
   TOR GRONBORG (179109)
10 JASON A. FORGE (181542)
   RAPHAELLA FRIEDMAN (323324)
11 655 West Broadway, Suite 1900
   San Diego, CA  92101
12 Telephone:  619/231-1058
   619/231-7423 (fax)
13 marks@rgrdlaw.com
   torg@rgrdlaw.com
14 jforge@rgrdlaw.com
   rfriedman@rgrdlaw.com
15
   Lead Counsel for Lead Plaintiff
16

17                    UNITED STATES DISTRICT COURT
18
                     NORTHERN DISTRICT OF CALIFORNIA
19
                              OAKLAND DIVISION
20

| 21 | In re APPLE INC. SECURITIES LITIGATION | ) ) | Case No. 4:19-cv-02033-YGR |
|---|---|---|---|
| 22 |  | ) ) | <u>CLASS ACTION</u> |
| 23 | This Document Relates To: | ) ) | [PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED |
| 24 | ALL ACTIONS. | ) ) ) |  |

25

26

27

28

4878-9300-2002.v1

Having Lead Plaintiff's Notice of Motion and Motion to Compel Documents Withheld as Privileged; Memorandum of Points and Authorities in Support Thereof, the Declaration of Kenneth J. Black and the exhibits thereto, the pleadings and filings herein and such other evidence and written or oral arguments as may be presented to the Court, IT IS HEREBY ORDERED that:

1. Lead Plaintiff's Motion is GRANTED;

2. Defendants[1] shall produce all documents set forth in Exhibits 2 and 5a to Lead Plaintiff's Motion to Compel Documents Withheld as Privileged, within seven days from the date of this Order;

3. Regarding the documents set forth in Exhibits 1, 3, 4, and 5b to Lead Plaintiff's Motion to Compel Documents Withheld as Privileged, Defendants shall provide the following additional information, supported by declaration(s) signed by declarant(s) with personal knowledge, within 14 days from the date of this Order:

**Exhibit 1 Documents**

(a) On what date, did which specific lawyers, ask for what type of information in each communication?

(b) To what area of the law did the supposed advice pertain?

(c) How or why was the process of "revising our guidance" more of a legal, rather than business, purpose, particularly when Apple routinely provides financial performance guidance as part of its ordinary business operations?

Since the revised guidance primarily provided standard financial metrics, was the requested information underlying revision the same generated in the ordinary course of Apple's business, as opposed to information gathered for the unique purpose of obtain legal advice?  If not, why not?

**Exhibit 3 Documents**

(a) The identities of all members of each email group listed as a recipient of each withheld document, including the identities of any lawyers in the group; and

---

[1] "Defendants" are Apple Inc., Timothy D. Cook and Luca Maestri.

1     (b)    The identity of lawyer(s) whose advice was supposedly being sought, given, or assisted, as well as the nature of the advice being sought, given, or assisted (*i.e.*, what area of the law did it concern).

**Exhibit 4 Documents**

(a)    The nature of each withheld document (memorandum, personal note, etc.);

(b)    The author(s) of each withheld document; and

(c)    The identity(-ies) of the lawyer(s) whose advice was supposedly being sought, given, or assisted, as well as the nature of the advice being sought, given, or assisted (*i.e.*, what area of the law did it concern).

**Exhibit 5b Documents**

(a)    The nature of each withheld document (memorandum, personal note, etc.);

(b)    The author(s) of each withheld document;

(c)    The identity(-ies) of the lawyer(s) whose advice was supposedly being sought, given, or assisted, as well as the nature of the advice being sought, given, or assisted (*i.e.*, what area of the law did it concern);

(d)    The identity of any lawyer(s) who purportedly requested information; and

(e)    The nature of such requested information, as well as whether such information had not previously been gathered or was merely information Apple maintains in the ordinary course of its business.

\* \* \*

**O R D E R**

IT IS SO ORDERED.

DATED: _____  _____
THE HONORABLE JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED - 4:19-cv-02033-YGR - 2 -
4878-9300-2002.v1