JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED**<br><br>Hearing<br>Date:   April 15, 2022<br>Time:   9:30 a.m.<br>Ctrm:   F, 15th Floor<br>Judge:  Honorable Joseph C. Spero |
|---|---|

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND ........................................................................................... 2

III. ARGUMENT ..................................................................................................................... 3

    A. The Challenged Documents Relating to the January 2, 2019 Letter from Tim Cook to Apple Investors Are Privileged. ....................................................... 3

    B. The Challenged Redactions Concerning the Company's Response to the November 5, 2018 *Nikkei Asian Review* Article Are Privileged. ........................... 6

    C. The Challenged Emails Sent To or From Internal Apple Group Email Addresses Are Privileged. ....................................................................................... 7

    D. The Challenged Documents from Non-Lawyers' Custodial Files Are Privileged. ................................................................................................................ 8

    E. The Disputed Email Attachments Are Privileged. .................................................. 8

IV. CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*AT&T Corp. v. Microsoft Corp.*,
  2003 WL 21212614 (N.D. Cal. Apr. 18, 2003) .................................................................... 7, 9

*In re Buspirone Antitrust Litig.*,
  211 F.R.D. 249 (S.D.N.Y. 2002) ................................................................................................ 8

*In re CV Therapeutics, Inc. Sec. Litig.*,
  2006 WL 1699536 (N.D. Cal. June 16, 2006) ............................................................................ 4

*In re Grand Jury*,
  23 F.4th 1088 (9th Cir. 2021) ..................................................................................................... 4

*In re Grand Jury Investigation*,
  974 F.2d 1068 (9th Cir. 1992) ................................................................................................ 1, 6

*Roth v. Aon Corp.*,
  254 F.R.D. 538 (N.D. Ill. 2009) .............................................................................................. 7, 8

*Smith v. Unilife Corp.*,
  2015 WL 667432 (E.D. Pa. Feb. 13, 2015) ................................................................................ 7

*TCL Commc'n Tech. Holdings, Ltd. V. Telefonaktiebolaget LM Ericsson*,
  2016 WL 6922075 (C.D. Cal. May 26, 2016) ............................................................................ 4

*United States v. ChevronTexaco Corp.*,
  241 F. Supp. 3d 1065 (N.D. Cal. 2002) ...................................................................................... 7

**Rules**

Fed. R. Civ. P.
  Rule 26(b)(5)(A) ..................................................................................................................... 1, 6

## I. INTRODUCTION

Plaintiff's motion to compel (the "Motion") is premised on the unsupported and demonstrably false contentions that Defendants Apple Inc. ("Apple" or the "Company"), Tim Cook, and Luca Maestri have "withheld hundreds of documents by virtue of a sense of entitlement untethered to the standards that apply to other litigants," that Defendants have made only "blanket assertions" of privilege, and that "Defendants have provided no substantiation whatsoever" for their privilege assertions. *See* Motion at 1. None of this is accurate. In reality, Defendants substantiated their claims of privilege by providing a detailed privilege log describing the basis for Defendants' privilege assertions on a document-by-document basis, in compliance with Federal Rule of Civil Procedure 26, Ninth Circuit law, and this Court's Civil Standing Orders. *See* Fed. R. Civ. P. 26(b)(5)(A) (party invoking privilege to withhold information must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"); *see also In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) ("We have previously recognized a number of means of sufficiently establishing the privilege, one of which is the privilege log approach."); Civil Standing Orders for Magistrate Judge Joseph C. Spero (rev. Mar. 1, 2021) ¶ 15 (providing that parties may justify privilege assertions by providing privilege logs). A review of the challenged privilege log entries demonstrates not only that they comply with this Court's specific requirements for privilege logs, *see id.*, but that they substantiate Defendants' assertions of privilege.

Plaintiff challenges Defendants' assertion of privilege over the following categories of materials: documents concerning the January 2, 2019 "Letter from Tim Cook to Investors" (the "Cook Letter"); an Apple internal email about an article published in the *Nikkei Asian Review* on November 5, 2018; documents sent to or from certain internal Apple group email addresses; a handful of documents from the files of non-lawyer custodians; and a lengthy list of email attachments. Plaintiff's challenges fail for a variety of reasons, further discussed below, including that: (1) Apple in-house legal counsel supervised and directed the process of preparing

the Cook Letter, and Defendants have properly withheld communications and documents that would reveal in-house counsel's legal advice and direction; (2) contrary to Plaintiff's unsupported speculation, the Apple email distribution lists reflected in the challenged log entries did not include third parties who would waive the privilege; and (3) communications on subjects that Plaintiff contends must be "non-legal" can still be privileged where, as here, they reflect legal advice or a request for legal advice.

Defendants respectfully request that the Court deny Plaintiff's motion to compel in its entirety.[1]

## II.  FACTUAL BACKGROUND

Plaintiff's recitation of the procedural history, *see* Motion at 2-3, implies that Defendants were too slow both to produce documents and to provide a privilege log. While not particularly relevant to the issues raised in the Motion, neither assertion is true.

To set the record straight: Defendants have produced a total of 644,784 pages, including documents collected from 20 individual custodians. Declaration of Ariel Winawer ("Winawer Decl.") ¶ 2. More than 55% of Defendants' total production (by page volume) was produced in or before July 2021. *Id.* When Plaintiff then demanded that Defendants employ broad additional search terms, and that Defendants collect from additional custodians—beyond those previously ordered by this Court—Defendants did so. *Id.* More than 85% of Defendants' total production was completed by October 2021. *Id.* And virtually all of Defendants' documents were produced by January 14, 2022—the date that the parties agreed to, and that Judge Gonzalez Rogers set in the Case Management Order, for substantial completion of document discovery. *Id.*

On November 24, 2021, Defendants served their first privilege log, including communications withheld or redacted on the ground of attorney-client privilege from Defendants'

---

[1] Plaintiff filed the Motion as an attachment to an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Dkt. No. 232. Defendants have no objection to the public filing of the Motion and its supporting documents. However, to protect the privacy of Apple employees listed on the privilege log, Defendants have requested that Plaintiff, when filing the Motion and its supporting documents on the Court's public docket, redact the email addresses of Apple personnel.

productions as of that date. *Id.* ¶ 4.[2]  Following extensive efforts to meet and confer concerning Defendants' original privilege log, on February 3, 2022, Defendants provided Plaintiff with a supplemented privilege log that included new documents withheld or redacted on the ground of attorney-client privilege from Defendants' most recent productions, as well as additional information for previous entries at Plaintiff's request, including a field for email subject lines and supplemented privilege descriptions for certain log entries. *Id.*  On February 23, 2022, as requested by Plaintiff, Defendants supplemented their privilege log once again to include a field for document file names and additional descriptive information for certain log entries. *Id.* ¶ 5.

Recently, Plaintiff asked Judge Gonzalez Rogers to extend the discovery cutoff, currently scheduled for March 16, 2022, arguing, as it does here, that Defendants' document production had been too slow. Dkt. No. 228. Judge Gonzalez Rogers denied that request just last week, finding that Plaintiff had not established good cause to amend the scheduling order, particularly given that "plaintiff does not dispute that defendants produced 'virtually all' of their documents by the agreed-upon date for substantial completion of document discovery." Dkt. No. 231.

## III. ARGUMENT

### A. The Challenged Documents Relating to the January 2, 2019 Letter from Tim Cook to Apple Investors Are Privileged.

Plaintiff's Motion challenges all privilege log entries related to the January 2, 2019 Cook Letter, in which Apple announced a downward revision to its revenue guidance for its fiscal 2019 first quarter. Plaintiff erroneously frames the inquiry regarding these documents as whether the "process" of Apple's guidance revision had a legal, rather than business, purpose. Mot. at 7. But that is not the relevant test. Rather, the privilege determination must be made separately for each

---

[2] Plaintiff's assertion—never previously raised with Defendants—that the purported "lengthy delays" by Defendants in providing their privilege log "may ultimately satisfy the Ninth Circuit's test for a total waiver," Motion at 6 n.4, is not well-taken. Defendants explained to Plaintiff's counsel in September 2021 that Defendants' "resources are currently focused on completing our production of documents in connection with the most recent agreed-upon set of search terms, which we expect to do by sometime next month. We will provide a privilege log promptly thereafter." Winawer Decl. ¶ 3. Moreover, Plaintiff did not serve its own privilege log until October 7, 2021, notwithstanding the fact that the overwhelming majority of Plaintiff's document productions (2,306 pages out of a total of 2,336 pages) was produced between April and July of 2021. *Id.*

individual communication and must assess whether *that specific communication* was made for a primarily legal, as opposed to a business, purpose. *In re Grand Jury*, 23 F.4th 1088, 1092-93 (9th Cir. 2021). Privilege applies if "the primary or predominate purpose of the communication is to seek legal advice or assistance." *TCL Commc'n Tech. Holdings, Ltd. V. Telefonaktiebolaget LM Ericsson*, 2016 WL 6922075, at *2 (C.D. Cal. May 26, 2016). Courts look to context, including declarations, in determining privilege. *See, e.g.*, *In re CV Therapeutics, Inc. Sec. Litig.*, 2006 WL 1699536, at *5 (N.D. Cal. June 16, 2006).

As explained by Apple in-house counsel Sam Whittington in his concurrently-submitted declaration, the Cook Letter was issued outside of Apple's normal financial reporting cycle, several weeks ahead of the Company's announcement of its fiscal 2019 first quarter financial results (which occurred on January 29, 2019), and ahead of the Company's filing of its Form 10-Q for the fiscal 2019 first quarter (which occurred on January 30, 2019). Declaration of Sam Whittington ("Whittington Decl.") ¶ 3. Mr. Whittington was closely involved in, and provided legal advice with respect to, Apple's decision of whether to release the Cook Letter. *Id.* Mr. Whittington also oversaw the process by which Apple prepared the Cook Letter, seeking to ensure compliance with the Company's reporting requirements and to minimize legal risk. *Id.* Further, Mr. Whittington reviewed and commented on drafts of the Cook Letter as they were prepared, again with an eye towards ensuring compliance with reporting requirements and minimizing legal risk to the Company. *Id.* And he directed various Apple employees to prepare certain back-up documentation with respect to the assertions made in the Cook Letter.[3] *Id.* Mr. Whittington's declaration only bolsters the *prima facie* showing of privilege already made by Defendants in every individual log entry relating to the Cook Letter. *See* Exhibit 1[4] to the Declaration of Kenneth J. Black ("Black Decl.") (challenged privilege log entries), Dkt. No.

---

[3] As is evident from Defendants' privilege log, other members of Apple's in-house legal team also provided legal advice in connection with the Cook Letter, including by reviewing and commenting on drafts of the Cook Letter.

[4] The exhibits to the Black Declaration consist of excerpts of Defendants' privilege log as prepared by Plaintiff. Defendants' citation to those exhibits should not be construed as an agreement that the excerpts prepared by Plaintiff constitute a complete representation of Defendants' privilege assertions.

1  232.05.

2  The remainder of Plaintiff's challenges with respect to the Cook Letter documents also fail. Plaintiff repeatedly says that Defendants have made "blanket assertions" of privilege over these documents (*see* Mot. at 6), but where are these supposed "blanket assertions" to be found? Not in Defendants' privilege log, where Defendants individually logged and substantiated their privilege claims for each individual document, in accordance with the requirements set forth in this Court's standing order. *See* Black Decl., Ex. 1. Defendants' privilege log is the exact opposite of a "blanket assertion" of privilege.

Finally, Plaintiff claims that certain log entries include "no dates, no authors, no senders and no recipients" and demands that Defendants revise the log to include a lengthy list of information for each entry, including "the areas of the law in which legal advice was sought or rendered," "what lawyer(s) requested what specific information," and "whether that specific information was gathered for this unique purpose or was [] merely information Apple maintains in the ordinary course of its business." Mot. at 9. As an initial matter, and as Defendants have previously explained to Plaintiff, to the extent a log entry does not contain date, sender, or recipient information, it is only because the document is a loose file and is not attached to an email that would contain such information. Defendants provided all available information about dates, senders, and recipients. As for the other information Plaintiff requests, including the demand that Defendants identify even the "areas of the law in which legal advice was sought or rendered," Plaintiff unsurprisingly cites no authority for its demand that Defendants provide information going far beyond what this Court requires in its standing order,[5] what is required by

---

[5] *See* Civil Standing Orders for Magistrate Judge Joseph C. Spero (rev. Mar. 1, 2021) ¶ 15 ("With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication, (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication."). Defendants' privilege log included all of these required elements. Defendants also went beyond the required elements to include, in addition, email subject lines and document file names.

the Federal Rules,[6] and what is customary.

### B. The Challenged Redactions Concerning the Company's Response to the November 5, 2018 *Nikkei Asian Review* Article Are Privileged.

Defendants' privilege log Entry Nos. 1263-1264 are identical copies of the same document, which concerns the Company's analysis of a November 5, 2018 article published in the *Nikkei Asian Review* that referenced confidential information concerning the Company's production lines and plans. Plaintiff objects to Defendants' redaction of these documents, which contain an explicit request for legal advice regarding the Company's response to the article.[7]

Plaintiff's request that the Court order Defendants to either produce these documents in unredacted form or specify in a declaration "what area of the law" this legal advice concerns (*i.e.*, whether Defendants were "contemplating a lawsuit or cease-and-desist letter" or "just wordsmithing a business threat to suppliers," Mot. at 9, is unfounded and without basis in law. *See* Fed. R. Civ. P. 26(b)(5)(A) (requiring the party claiming the privilege to "describe the nature of the documents . . . in a manner that, **without revealing information itself privileged or protected**, will enable other parties to assess the claim." (emphasis added)); *In re Grand Jury Investigation*, 974 F.2d at 1071 (holding when a party identifies "the attorney and client involved," the "nature of the document," the "persons or entities shown on the document to have received or sent the document," "the date the document was generated, prepared, or dated," and "the subject matter of each document," it "has met its burden in demonstrating the applicability of the attorney-client privilege."). Providing Plaintiff with this information—information that is not necessary to assess the validity of Defendants' privilege assertion—would eviscerate the entire purpose of the attorney-client privilege. Instead, Defendants have included narrowly tailored redactions for Entry Nos. 1263-1264 that address only the explicit request for legal advice

---

[6] Fed. R. Civ. P. 26(b)(5)(A) (party invoking privilege to withhold information must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim").

[7] Plaintiff misleadingly claims that Defendants "dramatically changed" the privilege descriptions of these documents. Not so. Plaintiff neglects to inform the Court that Defendants supplemented the privilege descriptions for these two entries in an effort to try to resolve this dispute and to provide further description specifically requested by Plaintiff.

1  regarding the Company's response to the article, and have adequately described the privileged
2  nature of these redactions in their log in a manner that complies with the requirements of Fed. R.
3  Civ. P. 26 and this Court's standing order.

    **C.   The Challenged Emails Sent To or From Internal Apple Group Email Addresses Are Privileged.**

6  Plaintiff's challenge to Defendants' privilege designations for a select group of emails
7  sent to or from certain internal Apple group email addresses is also without merit. First, as
8  Plaintiff acknowledges, an attorney does not need to be copied on a communication for the
9  communication to be protected by the privilege, if the requirements for the privilege are otherwise
10 met. Mot. at 10; *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18,
11 2003) ("Communications between non-lawyer employees about matters [on] which the parties
12 intend to seek legal advice are likewise cloaked by attorney-client privilege.").

13 In any event, many of the challenged entries in this category were sent to email
14 distribution lists that did include in-house counsel. For example, the Apple in-house attorneys
15 included on the Disclosure Committee email distribution list were included specifically so that
16 they could provide legal advice regarding the Company's regulatory disclosure obligations.
17 Whittington Decl. ¶ 4; *see United States v. ChevronTexaco Corp.*, 241 F. Supp. 3d 1065, 1076
18 (N.D. Cal. 2002) ("It is clear that communications between corporate personnel and their in-
19 house counsel made for the purpose of securing legal advice are protected by the privilege."); *see*
20 *also Roth v. Aon Corp.*, 254 F.R.D. 538, 541 (N.D. Ill. 2009) (ruling that an email sent to in-
21 house counsel and other employees, which attached a draft portion of a company's SEC filing for
22 review, was privileged); *Smith v. Unilife Corp.*, 2015 WL 667432, at *2-4 (E.D. Pa. Feb. 13,
23 2015) (ruling that communications with in-house counsel regarding the "contents, style and
24 'wordsmithing' of drafts of the … SEC Form 10-K Report" were privileged). Waiver is not an
25 issue since Apple's Disclosure Committee email distribution list does not include any external
26 third parties. Whittington Decl. ¶ 5.

27 Nor has there been a waiver of privilege with respect to any of the communications sent to
28 or from the various other internal Apple email addresses listed in Exhibit 3, since none of these

emails include any external third parties, either. *See* Declaration of Robin Goldberg ¶¶ 3-4.

### D. The Challenged Documents from Non-Lawyers' Custodial Files Are Privileged.

Plaintiff complains about various log entries that are described as coming from certain document custodians' "files" (Mot. at 8, 10) when, as Defendants have explained to Plaintiff on multiple occasions, these documents are simply loose files of privileged drafts of the Cook Letter that do not contain a cover email. Plaintiff appears to contend that because the privilege log does not identify the name of a specific in-house counsel in these entries, they cannot be privileged. Mot. at 10-11. For the reasons articulated in Section III.A. above, drafts of the Cook Letter are privileged, notwithstanding the fact that the final version was eventually made public. "[E]ven when a final product is disclosed to the public, the underlying privilege attached to drafts of the final product remains intact." *Roth*, 254 F.R.D. at 541 (collecting cases). A privilege log thus does not have to, as Plaintiff claims without citation or support, identify a specific lawyer or "the laws or legal doctrines" the document reflects for the document to be privileged. Indeed, Defendants properly withheld documents that reflect legal advice even when a particular attorney is not identified on the face of the document. *See In re Buspirone Antitrust Litig.*, 211 F.R.D. 249, 253 (S.D.N.Y. 2002) ("[A]s a logical matter, it makes no sense that the mere sending of a copy of a privileged document to corporate personnel indicates that a document has not been prepared for a predominately legal purpose. Because a corporation can act only through its agents, a large corporation may have a number of individuals who should properly be kept informed of communications to and from counsel on a particular subject matter.").

### E. The Disputed Email Attachments Are Privileged.

Finally, Plaintiff asks the Court to order the production of 39 email attachments that Plaintiff claims are "facially non-privileged" because "they clearly concern business topics." Mot. at 11. For another group of 170 email attachments, Plaintiff requests that Defendants provide a supplemental privilege log because the attachments again appear to relate to "business" matters but "cannot be eliminated facially." Mot. at 12.

As a preliminary matter, we note that Plaintiff's Exhibit 5a and Exhibit 5b, which appear to be selectively-filtered excerpts of Defendants' privilege log, include only the entries for the email attachments themselves, and omit the accompanying entries for the relevant parent emails, which provide crucial context. Defendants have prepared complete privilege log excerpts for this category of documents, which include the relevant parent emails in addition to the attachments challenged by Plaintiff. *See* Winawer Decl., Exs. 1A and 1B.

Turning to the substance of Plaintiff's challenge to these log entries, Defendants do not, as Plaintiff contends, assert that an email attachment is privileged merely because its parent email is privileged. But an email attachment *may* be privileged if it independently satisfies the criteria for attorney-client privilege. *See, e.g.*, *AT&T Corp. v. Microsoft Corp.*, 2003 WL 2121614, at *4 (N.D. Cal. Apr. 18, 2003) (attachment can "qualify on its own for attorney-client privilege"). Here, Defendants' privilege log makes a *prima facie* showing that these attachments, many of which were created as part of the preparation of the Cook Letter, are privileged. Plaintiff's mere speculation that the documents must have been created for a non-legal "business" purpose is not sufficient to rebut that *prima facie* showing. In-house lawyers provide legal advice concerning "business topics" all the time. The fact that a privilege log entry references a "business topic" does not demonstrate that the withheld document does not relate to *legal advice* about the "business topic."

### IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to compel in its entirety.

Dated: March 11, 2022                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                         */s/ James N. Kramer*
                                         JAMES N. KRAMER

                                         Attorneys for Defendants Apple Inc.,
                                         Timothy Cook, and Luca Maestri