# EXHIBIT 18

JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>**CLASS ACTION**<br><br>**DECLARATION OF SAM WHITTINGTON REGARDING DOCUMENTS WITHHELD AS PRIVILEGED** |

I, Sam Whittington, declare as follows:

1. I am a Senior Director, Corporate Law at Apple Inc. ("Apple" or the "Company") and have been employed as in-house counsel at Apple since 2012. During the time period relevant to this litigation, I served as a Director, Corporate Law at Apple. In my role at Apple, I have responsibility for matters involving, among other things, corporate governance and SEC reporting requirements. I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them.

2. I understand that in connection with a pending discovery motion, the Court has directed Apple to provide, for certain documents withheld or redacted on the basis of privilege, a declaration by the attorney whose advice was sought or given establishing that the withheld or redacted material was primarily for a legal purpose. I am submitting this declaration to comply with that directive with respect to a number of documents, identified below, that have been withheld or redacted by Apple on the basis of the attorney-client privilege. I refer to these documents by their corresponding entry numbers on Apple's privilege log in this matter.

3. **Documents Relating to the Preparation of the Cook Letter.** I understand that a significant number of the documents at issue in the pending motion relate to a January 2, 2019 letter from Apple CEO Tim Cook to Apple investors (the "Cook Letter"). In the Cook Letter, Apple announced a downward revision to its revenue guidance for its fiscal 2019 first quarter. The Cook Letter was issued outside of Apple's normal financial reporting cycle, several weeks ahead of the Company's announcement of its fiscal 2019 first quarter financial results (which occurred on January 29, 2019), and the Company's filing of its Form 10-Q for the fiscal 2019 first quarter (which occurred on January 30, 2019). In my role as Director, Corporate Law, I was closely involved in, and provided legal advice with respect to, the Company's decision of whether to release the Cook Letter, as well as the process by which the Cook Letter was prepared and released. I also provided legal advice regarding the contents of the Cook Letter, reviewing and commenting on drafts of the Cook Letter as they were prepared, with an eye towards ensuring compliance with reporting requirements and minimizing legal risk to the Company.

To the best of my understanding, the communications identified below, all of which are related to the Cook Letter or closely-related matters, were sent primarily for a legal purpose:

| | | | | |
|---|---|---|---|---|
| 27 | 31 | 32 | 269 | 270 |
| 273 | 274 | 302 | 303 | 314 |
| 315 | 316 | 317 | 318 | 319 |
| 320 | 321 | 322 | 323 | 324 |
| 325 | 326 | 333 | 334 | 343 |
| 363 | 364 | 365 | 366 | 369 |
| 370 | 371 | 372 | 373 | 374 |
| 375 | 376 | 377 | 378 | 379 |
| 380 | 381 | 382 | 383 | 384 |
| 385 | 386 | 387 | 388 | 389 |
| 390 | 391 | 392 | 393 | 394 |
| 395 | 396 | 397 | 398 | 400 |
| 401 | 402 | 403 | 404 | 405 |
| 406 | 407 | 408 | 409 | 410 |
| 411 | 412 | 413 | 414 | 415 |
| 416 | 417 | 418 | 419 | 420 |
| 421 | 425 | 426 | 427 | 428 |
| 432 | 433 | 436 | 437 | 443 |
| 444 | 512 | 513 | 514 | 515 |
| 516 | 517 | 518 | 519 | 520 |
| 521 | 522 | 523 | 524 | 525 |
| 526 | 527 | 531 | 532 | 533 |
| 534 | 535 | 536 | 537 | 538 |
| 539 | 540 | 541 | 542 | 543 |

| 546 | 555 | 556 | 557 | 558 |
|---|---|---|---|---|
| 559 | 560 | 566 | 567 | 571 |
| 572 | 575 | 576 | 577 | 578 |
| 579 | 580 | 581 | 582 | 593 |
| 594 | 600 | 601 | 616 | 617 |
| 618 | 623 | 624 | 629 | 630 |
| 644 | 645 | 647 | 648 | 651 |
| 652 | 653 | 654 | 655 | 656 |
| 657 | 658 | 659 | 660 | 661 |
| 662 | 666 | 668 | 669 | 681 |
| 682 | 684 | 685 | 698 | 699 |
| 951 | 952 | 961 | 965 | 966 |
| 967 | 968 | 969 | | |

4.  **Communications Relating to Back-up Documentation for the Factual Assertions in the Cook Letter.**  As Apple finalized and prepared to issue the Cook Letter, I directed various Apple employees to prepare certain back-up documentation with respect to the factual assertions made in the Cook Letter.  To the best of my understanding, the communications identified below, related to the back-up documentation for the factual assertions in the Cook Letter, were sent primarily for a legal purpose:

| 329 | 335 | 449 | 450 | 451 |
|---|---|---|---|---|
| 452 | 455 | 459 | 460 | 461 |
| 462 | 463 | 464 | 466 | 469 |
| 470 | 471 | 472 | 474 | 478 |
| 479 | 480 | 482 | 483 | 484 |
| 485 | 488 | 490 | 491 | 497 |

| | | | | |
|---|---|---|---|---|
| 498 | 544 | 573 | 574 | 583 |
| 587 | 589 | 619 | 620 | 621 |
| 622 | 625 | 670 | 672 | 673 |
| 675 | 686 | 688 | 690 | 691 |
| 692 | | | | |

5.  **Documents Relating to Other Apple Disclosures.**

Apple has withheld a number of documents that reflect legal advice from me or my colleagues in Apple's in-house legal department, and/or requests for legal advice, with respect to SEC filings and other corporate disclosures. To the best of my understanding, the documents identified below, related to Apple corporate disclosures other than the Cook Letter, were sent primarily for a legal purpose:

| | | | | |
|---|---|---|---|---|
| 67 | 81 | 84 | 85 | 100 |
| 101 | 106 | 107 | 108 | 109 |
| 113 | 114 | 136 | 137 | 141 |
| 142 | 143 | 144 | 150 | 151 |
| 164 | 165 | 178 | 179 | 211 |
| 212 | 216 | 217 | 218 | 219 |
| 220 | 221 | 223 | 224 | 271 |
| 272 | 731 | 732 | 734 | 735 |
| 736 | 742 | 743 | 755 | 756 |
| 757 | 758 | 775 | 776 | 777 |
| 778 | 831 | 832 | 833 | 834 |
| 851 | 879 | 880 | 881 | 882 |
| 883 | 884 | 885 | 886 | |

6. **Communications Relating to Apple's Board of Directors.** In connection with my responsibilities for corporate governance matters, I communicate with Apple executives, and with members of the Company's board of directors, regarding matters relevant to the board's work. To the best of my understanding, the withheld or redacted portions of the following communications, relating to Apple's board, were sent primarily for a legal purpose:

| 759 | 840 | | | |
|-----|-----|--|--|--|

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct to the best of my knowledge and belief.

Executed on May 12, 2022 in _____San Carlos_____, California.



_____
Sam Whittington