1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   SHAWN A. WILLIAMS (213113)
    DANIEL J. PFEFFERBAUM (248631)
3   KENNETH J. BLACK (291871)
    HADIYA K. DESHMUKH (328118)
4   Post Montgomery Center
    One Montgomery Street, Suite 1800
5   San Francisco, CA  94104
    Telephone:  415/288-4545
6   415/288-4534 (fax)
    shawnw@rgrdlaw.com
7   dpfefferbaum@rgrdlaw.com
    kennyb@rgrdlaw.com
8   hdeshmukh@rgrdlaw.com
            – and –
9   MARK SOLOMON (151949)
    JASON A. FORGE (181542)
10  RAPHAELLA FRIEDMAN (323324)
    655 West Broadway, Suite 1900
11  San Diego, CA  92101
    Telephone:  619/231-1058
12  619/231-7423 (fax)
    marks@rgrdlaw.com
13  jforge@rgrdlaw.com
    rfriedman@rgrdlaw.com
14
    Lead Counsel for Lead Plaintiff
15
    [Additional counsel appear on signature page.]
16
                    UNITED STATES DISTRICT COURT
17
                  NORTHERN DISTRICT OF CALIFORNIA
18
                          OAKLAND DIVISION
19
    In re APPLE INC. SECURITIES       )   Case No. 4:19-cv-02033-YGR
20  LITIGATION                        )
                                      )   CLASS ACTION
21  ——————————————————————            )
                                      )   LEAD PLAINTIFF'S NOTICE OF MOTION
22  This Document Relates To:         )   AND MOTION FOR LEAVE TO FILE THE
                                      )   [PROPOSED] SECOND AMENDED CLASS
23      ALL ACTIONS.                  )   ACTION COMPLAINT FOR VIOLATION
    ——————————————————————            )   OF THE FEDERAL SECURITIES LAWS;
24                                        MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT THEREOF
25
                                          DATE:     TBD
26                                        TIME:     2:00 p.m.
                                          CTRM:     1, 4th Floor
27                                        JUDGE:    Hon. Yvonne Gonzalez Rogers

28                               [REDACTED]

4855-0213-9431.v1

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

I. INTRODUCTION .............................................................................................................1

II. PROCEDURAL BACKGROUND ....................................................................................3

III. SUMMARY OF AMENDMENT .....................................................................................5

    A. ███████████████████████████
        ██████████████████████████████
        ██████ .............................................................................6

    B. ████████████████████████████████
        ███████████████████████████
        ████████ .............................................................9

    C. ████████████████████████████
        ████████████ ..............................................................12

    D. ████████████████████████████████
        █████████████████████████████████
        ██████ .................................................................13

    E. ████████████████████████████████████
        ███████████████ ...................................................14

IV. LEGAL STANDARDS .....................................................................................................14

V. ARGUMENT ....................................................................................................................15

    A. Good Cause to Modify the Scheduling Order Is Shown as Plaintiff Has Diligently Prosecuted This Action ...............................................................15

    B. Justice Requires Leave to Amend Be Granted to Allege a Material False Statement Identified by Defendants .......................................................17

    C. Defendants Will Suffer No Prejudice if the Court Grants Plaintiff Leave to Amend Its Complaint ................................................................20

        1. Granting Plaintiff Leave to Amend Will Not Require Additional Discovery ..............................................................................21

        2. The PSAC Will Not Delay the Proceedings or Extend the Remaining Deadlines in the Scheduling Order ......................................22

        3. The PSAC Will Not Require Defendants to Develop New Defenses ...........................................................................................23

1

2                                                                                              **Page**

3

4        D.    There Is No Evidence of Undue Delay, Bad Faith, or Repeated Failure to
              Cure Deficiencies by Prior Amendments ................................................................24

5        E.    Plaintiff's Amendment Is Not Futile.....................................................................24

6   VI.       CONCLUSION...............................................................................................................25

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

Page

3

**CASES**

4

*Brown v. Stored Value Cards, Inc.,*
5
    953 F.3d 567 (9th Cir. 2020) ........................................................................14, 24

6

*Buchanan v. Tata Consultancy Servs. Ltd.,*
7
    2017 WL 6611653 (N.D. Cal. Dec. 27, 2017) ....................................................21

8

*Coleman v. Quaker Oats Co.,*
    232 F.3d 1271 (9th Cir. 2000) ............................................................................23
9

*DCD Programs, Ltd. v. Leighton,*
10
    833 F.2d 183 (9th Cir. 1987) ..............................................................................24

11

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings,*
12
    870 F.3d 978 (9th Cir. 2017) ..............................................................................15

13

*Eminence Cap. v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003) ......................................................................15, 21
14

*Forman v. Davis,*
15
    371 U.S. 178 (1962).......................................................................................15, 21

16

*G.P.P., Inc. v. Guardian Prot. Prods., Inc.,*
17
    2016 WL 4041194 (E.D. Cal. July 27, 2016) ....................................................22

18

*Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Ind.,*
    648 F.2d 1252 (9th Cir. 1981) ............................................................................24
19

*In re Apple iPhone Antitrust Litig.,*
20
    2021 WL 5181862 (N.D. Cal. Nov. 8, 2021) ....................................................22

21

*In re Silver Wheaton Corp. Sec. Litig.,*
22
    2018 WL 1517130 (C.D. Cal. Mar. 26, 2018) ...................................................17

23

*Johnson v. Mammoth Recreations,*
    975 F.2d 604 (9th Cir. 1992) ..............................................................................15
24

*M.H. v. Cnty. of Alameda,*
25
    2012 WL 5835732 (N.D. Cal. Nov. 16, 2012) ..................................................16

26

*MagTarget LLC v. Saldana,*
    2019 WL 1904205 (N.D. Cal. Apr. 29, 2019) ...................................................16

27

28

**Page**

*Paradigm BioDevices, Inc. v. Centinel Spine, Inc.*,
  2013 WL 1830416 (S.D.N.Y. May 1, 2013) .........................................................16

*S.F. Baykeeper v. City of Sunnyvale*,
  2022 WL 1914313 (N.D. Cal. June 3, 2022) ...........................................15, 17, 22

*Sjunde AP-Fonden v. Gen. Elec.*,
  2022 WL 1078460 (S.D.N.Y. Apr. 11, 2022).....................................................16

*Strickland v. Ujiri*,
  2020 WL 5530076 (N.D. Cal. Sept. 15, 2020) ....................................................14

*U. S. v. United Healthcare Ins. Co.*,
  848 F.3d 1161 (9th Cir. 2016) ..............................................................................24

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
  Rule 15 ............................................................................................... *passim*
  Rule 15(a).......................................................................................1, 15, 24
  Rule 15 (a)(2) ......................................................................................15, 17
  Rule 16...........................................................................................14, 15, 17
  Rule 16(b) ...................................................................................................15
  Rule 16(b)(4).........................................................................................1, 15

**NOTICE OF MOTION AND MOTION**

TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD

        PLEASE TAKE NOTICE that on a date to be determined, at 2:00 p.m., before the Honorable Yvonne Gonzalez Rogers, United States District Court Judge, at the United States District Court, Northern District of California, Oakland Division, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, California 94612, Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff")[1] hereby brings this Motion pursuant to Rules 15(a) and 16(b)(4) of the Federal Rules of Civil Procedure to modify the Court's Case Management Order (ECF 128) ("Case Management Order") to permit the filing of this Motion to amend, and for leave to file the [Proposed] Second Amended Class Action Complaint for Violation of the Federal Securities Laws ("PSAC" or "Ex. 1").[2]  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Shawn A. Williams and the exhibit thereto, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

        Plaintiff seeks leave to amend the operative Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF 114) ("Revised Complaint") to conform to the evidence obtained in discovery and, specifically, to plead new facts in support of a previously alleged misrepresentation that was dismissed because the Court concluded it appeared to be "accurate."  The new facts establish that the statement was not accurate and is now particularly alleged to be materially false and misleading under the heightened pleading standard of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

---

[1]     "Defendants' are Apple Inc. ("Apple" or the "Company"), Timothy D. Cook ("Cook"), and Luca Maestri ("Maestri").

[2]     All "Ex. _" references herein are to the Declaration of Shawn A. Williams ("Williams Decl."), filed concurrently herewith.  All terms not defined herein have the same meaning as defined in the PSAC.

1    In the Revised Complaint, Plaintiff alleged that on the November 1, 2018 conference call,

2  Cook, Apple's Chief Executive Officer, made a materially false and misleading statement in

3  response to a question posed by an analyst. The question was what conclusions, if any, analysts

4  and investors could draw from Apple's disappointing 1Q19 revenue guidance regarding early

5  demand for the Company's newly-launched iPhone XR. In response, Cook stated that because the

6  iPhone XR was so new, Apple had very little data on it, implying that nothing could be drawn

7  from the guidance about early demand for the iPhone XR:

8    [Analyst:] With the staggered iPhone launch, were you able to discern any
      impact on the Xs and Xs Max from buyers potentially waiting for the XR? And
9    **what, if anything, can we take away from the December quarter guidance related
      to what you're seeing for early demand on the XR**? . . . .

10   . . . [Cook:] The Xs and Xs Max got off to a really great start, and we've
11   only been selling for a few weeks. **The XR, we've only got out there for, I guess,
      5 – 5 days or so at this point and so that it's – we have very, very little data there**.
12   Usually, there is some amount of wait until a product shows – another product
      shows up in look, but in – that – in looking at the data, on the sales data for Xs and
13   Xs Max, there's not obvious evidence of that in the data as I see it.

14  ¶24 ("XR Demand Statement").[3] In the Order Granting in Part and Denying in Part Defendants'

15  Motion to Dismiss the Revised Consolidated Class Action Complaint (ECF 123) ("November 4,

16  2020 Order"), the Court dismissed the XR Demand Statement, holding that "Cook's statement that

17  he has 'very, very little data' regarding the iPhone XR launch appears to be accurate."

18  November 4, 2020 Order at 11.[4]

19    Evidence obtained since the November 4, 2020 Order now shows that the XR Demand

20  Statement was materially false: ███████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████

24

25  _____

3    All "¶_" citations herein are to the PSAC unless otherwise indicated.

26  4    The Revised Complaint also alleged that during the same conference call, Cook falsely stated
    China, specifically, was not among the emerging markets in which the Company was experiencing
27  pressure due to economic deceleration. For the reasons alleged in the Revised Complaint and
    discussed in the November 4, 2020 Order, the Court denied Defendants' motion to dismiss that
28  statement. *See* November 4, 2020 Order.

1

2

3

4

5

6

7

8

9

10

11 .

12

13

14

15

16

17

18 The facts prove that

19 the statement was not accurate but, rather, knowingly and materially false and misleading.

20 The detailed facts set forth in the PSAC demonstrate good cause exists to modify the Case

21 Management Order to permit the filing of the PSAC.  Plaintiff has been diligent in prosecuting the

22 action and timely in seeking leave to amend.  The relief sought will not delay the proceedings.  No

23 additional discovery is being sought.  No dispositive motions have been filed.  No trial date has

24 been set.  The Court should grant leave to file the PSAC, filed concurrently herewith.

25 **II.    PROCEDURAL BACKGROUND**

26 The Corrected Consolidated and Amended Class Action Complaint for Violation of the

27 Federal Securities Laws (ECF 98) ("CCAC") was filed by a different lead plaintiff on January 15,

28

2020.  The CCAC alleged that the following statement made by Cook on November 1, 2018, regarding the newly launched iPhones was false:

> In response to a question from Michael Joseph Olson of Piper Jaffray about how demand was strong for the iPhone XS and XS Max given the staggered launch and whether customers were waiting for the cheaper iPhone XR to upgrade, Defendant Cook responded:
>
> *The XS and XS Max got off to a really great start,* and we've only been selling for a few weeks.  The XR, we've only got out there for, I guess, 5–5 days or so at this point and so that it's–we have very, very little data there.  Usually, there is some amount of wait until a product shows–another product shows up in look, but in–that–*in looking at the data, on the sales data for XS and XS Max, there's not obvious evidence of that in the data as I see it.*

CCAC, ¶385.

In their motion to dismiss the CCAC, Defendants argued that Cook's statement that "*XS and XS Max got off to a really great star*t" was nonactionable puffery.  ECF 91 at 19-20.  The Court rejected that argument and held the following statement was actionable specifically because "a party cannot affirmatively create a positive impression of an area it knows to be doing poorly."  ECF 110 ("June 2, 2020 Order") at 24; *see also* ECF 91 at 46.

Following the June 2, 2020 Order, Norfolk assumed the Lead Plaintiff position (ECF 113) and, on June 23, 2020, filed the operative Revised Complaint consistent with the June 2, 2020 Order, as directed.  June 2, 2020 Order at 46.  Defendants moved to dismiss the Revised Complaint, and specifically the XR Demand Statement, arguing it was accurate and Plaintiff failed to allege scienter.   Defendants abandoned any argument that Cook's November 1, 2018 statements concerning the iPhone launch, and specifically the XR Demand Statement, were puffery or not material.   ECF 118; *see* November 4, 2020 Order at 10; ECF 118 at 1, 9, 12-19.   Rather, Defendants emphasized that "[t]here are no allegations based on confidential witness accounts *or internal Apple emails or reports*."  ECF 118 at 1.

In the November 4, 2020 Order, the Court granted Defendants' motion in part concluding that "Cook's statement that he has 'very, very little data' regarding the iPhone XR launch appears to be accurate."  November 4, 2020 Order at 11.  Without specifically referencing the XR Demand Statement, the Court added:

In short, these are the type of vague, hedging, hyper-specific statements that are not likely to give investors an impression of a state of affairs one way or the other.

Accordingly, the Court finds that plaintiff fails to allege that the iPhone demand statements were false or misleading because they are puffery and do not address the *specific* areas that defendants allegedly knew to be doing poorly.[5]

*Id.*

On November 23, 2020, Plaintiff served its First Set of Requests for Production of Documents on Defendants.  On December 22, 2020, the Court entered a case management order setting deadlines for, among other things, amendment of the pleadings of May 5, 2021.  Case Management Order.  Defendants did not produce a single internal Apple email or other nonpublic document until July 8, 2021 – ***more than two months after the motion to amend deadline had passed***.[6]  In total to date, Plaintiff has obtained more than 107,000 documents, totaling more than 718,000 pages, from Apple.  More than 40,000 documents were not produced until after October 24, 2021, and of those, more than 26,000 documents were produced after January 13, 2022 – *i.e.*, two months prior to the close of discovery.  Ex. 1, ¶8.[7]

The parties are currently engaged in expert discovery, having completed the exchange of expert reports and rebuttal reports on April 27, 2022 and June 10, 2022, respectively.  Dispositive motions, if any, are due September 9, 2022.

## III.  SUMMARY OF AMENDMENT

The following summarizes the new factual allegations in the PSAC in support of the material falsity of the XR Demand Statement. ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[5]  The Court also noted the iPhone demand statement that had previously been upheld was supported in the CCAC by facts alleged through confidential witnesses but that those allegations had been removed from the Revised Complaint.  November 4, 2020 Order at 11 n.7.

[6]  While fact discovery ended on March 16, 2022, Defendants have continued to produce documents as late as June 22, 2022, and the parties are still actively litigating a dispute over documents improperly withheld as privileged before Magistrate Judge Spero.

[7]  Class certification is also subject to ongoing motion practice.  Defendants filed their opposition on June 24, 2022 (ECF 247), to which Plaintiff's reply is due August 26, 2022.



1

2

3

4

5       **A.**

6

7       In

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28      [8]    "N84" was Apple's internal codename for the iPhone XR.



---

9 "Unbrickings" generally refers to end-user activations of Apple devices.



**B.**





1

2

3

4

5

6

7   *12) than*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 _____

28

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████████ [13] ████ .

3 **C.** ████████████████████████████████████████

4 ████████████████████████████

5 ██████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████████████

8 ████████████████

9 ████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████

12 ██████████████████████████████████████

13 ██ ████ ████ ██ ███ █ ████ ████ ████ ██ ██ █████

14 ████████████████████████████████████████████████████████████

15 ██████████████████████████████████

16 ██████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████

18 ██████████████████████████████████████████

19 ██████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████

24

25

26 _____

[13] ████████████████████████████████████████████████

28 ████████████████████████████████████████████████ .



**D.**

1

2

3

4

5    **E.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## IV.   LEGAL STANDARDS

"A request to amend a pleading after the Court's deadline for doing so implicates both Rule 15 and Rule 16." *Strickland v. Ujiri*, 2020 WL 5530076, at *1 (N.D. Cal. Sept. 15, 2020).[15] "Requests for leave to amend should be granted with 'extreme liberality.'" *Brown v. Stored Value*

---

[15]   All citations and footnotes omitted and emphasis added unless otherwise indicated.

1   *Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).  However, before a court undertakes the Rule 15

2   analysis in a case like this, where the deadline for filing a motion to amend has passed, it must

3   consider whether there is "good cause" to modify the scheduling order under Rule 16(b)(4).  *See*

4   *DRK Photo v. McGraw-Hill Glob. Educ. Holdings*, 870 F.3d 978, 989 (9th Cir. 2017).

5   "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

6   amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  "[T]he focus

7   of the [Rule 16] inquiry is upon the moving party's reasons for seeking modification." *Id.*  Rule 15

8   further directs that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15

9   (a)(2).

10        On the other hand, "[p]rejudice is the 'touchstone of the inquiry under rule 15(a)'" when a

11   court considers granting leave to amend pleadings, and it is the "consideration of prejudice to the

12   opposing party that carries the greatest weight." *Eminence Cap. v. Aspeon, Inc.*, 316 F.3d 1048,

13   1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining *Foman*

14   factors, there exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend." *Id.* at

15   1052 (emphasis in original).[16]  Because the PSLRA requires a plaintiff to allege fraud with an

16   unprecedented level of specificity and detail, "the drafting of a cognizable complaint can be a

17   matter of trial and error," which supports strict adherence to the liberal thrust of Rule 15 in the

18   securities context. *Id.*

19   **V.    ARGUMENT**

20        **A.    Good Cause to Modify the Scheduling Order Is Shown as Plaintiff
                  Has Diligently Prosecuted This Action**

21

22        Good cause exists to modify the case schedule under Rule 16 to allow for the filing of the

23   PSAC because Plaintiff has diligently prosecuted this action.  *S.F. Baykeeper v. City of Sunnyvale*,

24   2022 WL 1914313, at *2 (N.D. Cal. June 3, 2022).  Diligence is demonstrated when facts giving

25   rise to claims are obtained through discovery and good cause exists to modify a scheduling order

26   ────────────────────────

27   [16]   The Supreme Court's decision in *Forman v. Davis*, 371 U.S. 178, 182 (1962), suggested the
      following factors for courts to consider when evaluating motions for leave to amend: undue delay;
      bad faith by the movant; repeated failure to cure deficiencies previously allowed; undue prejudice

28   to the opposing party if leave were to be granted; and futility of amendment.

1   to permit amendment of the complaint.  *MagTarget LLC v. Saldana*, 2019 WL 1904205, at *2

2   (N.D. Cal. Apr. 29, 2019).  "Courts routinely allow parties to amend their pleadings after new

3   information comes to light during discovery."  *M.H. v. Cnty. of Alameda*, 2012 WL 5835732, at

4   *3 (N.D. Cal. Nov. 16, 2012).  Notably, Plaintiff seeks no other modification to the case schedule.

5         Plaintiff has diligently litigated this action, including timely bringing this motion: Fact

6   discovery is (nearly) complete, expert discovery is ongoing, the composition of the class continues

7   to be litigated, no dispositive motions have been filed, and no trial date has been set.  Case

8   Management Order.  Amendment to the operative complaint after discovery is particularly

9   appropriate in securities cases like this one, where a plaintiff seeks to replead previously dismissed

10  claims with factual allegations derived from discovery.  Most recently, in *Sjunde AP-Fonden v.*

11  *Gen. Elec.*, 2022 WL 1078460, (S.D.N.Y. Apr. 11, 2022), the plaintiff had twice attempted to

12  allege certain claims against defendant GE and twice had the same claim dismissed.  Plaintiff then

13  sought "to replead, based on evidence obtained during discovery," the falsity of a previously

14  dismissed statement made on an earnings conference call.  *Id.* at *2.  That court concluded that

15  plaintiff had demonstrated diligence and, therefore, good cause for modifying the scheduling order,

16  specifically noting that the plaintiff could not have successfully amended the complaint without

17  discovery.  *Id.* at *6[17]; *see also Paradigm BioDevices, Inc. v. Centinel Spine, Inc.*, 2013 WL

18  1830416, at *4 (S.D.N.Y. May 1, 2013) (finding good cause for an amendment at "the end of

19  discovery" where the relevant claim had already been pled and dismissed).

20        Although Plaintiff immediately began pursuing fact discovery and served its First Set of

21  Requests for Production of Documents on November 23, 2020, as of the May 5, 2021 deadline to

22  amend the pleadings set by the Court, Plaintiff had not received the necessary discovery to evaluate

23  the facts and to seek leave to amend the pleadings.  Williams Decl., ¶¶4-8; Case Management

24  Order.  As of May 28, 2021, "***Defendants ha[d] not produced a single internal document related***

25  ***to the events underlying this action: Not a single email, internal report, or financial analysis;***

26

27  _____

    [17]   As noted above, Defendants emphasized in their motion to dismiss the Revised Complaint that
28  "[t]here are no allegations based on confidential witness accounts ***or internal Apple emails or***
    ***reports***."  ECF 118 at 1.

1  *nor a single document from the files of any custodian*."  ECF 173.  The first production of

2  responsive internal documents occurred on July 8, 2021.  Williams Decl., ¶4.  In fact, Apple

3  refused to produce targeted collections of documents, like complete sets of reports and analyses,

4  instead insisting on using much less efficient custodians and search terms – until Chief Magistrate

5  Judge Spero ordered such productions and set interim deadlines for Defendants.  ECF 158.

6  Unsurprisingly, of the 107,000 documents Plaintiff ultimately obtained from Defendants, more

7  than 40,000 documents were not produced until after October  24, 2021, and of those, more than

8  26,000 documents were produced after January 13, 2022 – *i.e.* two months prior to the close of

9  discovery.  Williams Decl., ¶8.  And, due to the parties' disputes about proper custodians and

10  search terms, the last fact deposition was taken on March 15, 2022.  Williams Decl., ¶¶5-6

11         The diligence requirement of Rule 16 affords a party time to collect and comprehend the

12  importance of facts and evidence; it does not require the party seeking leave to amend to run to the

13  court with an amendment the moment each new fact is learned.  In *S.F. Baykeeper*, for example,

14  "Defendants produced information regarding sources of non-stormwater up to the end of expert

15  discovery."  2022 WL 1914313, at *2.  There, the court found good cause for plaintiff's

16  amendment, filed more than three months after the close of discovery.  *Id.* at *1.  Moreover, courts

17  in this Circuit have recognized that the exacting pleading requirements of the PSLRA uniquely

18  justify pursuing amendment after the record is fully developed, finding that "[a]n earlier attempt

19  at amendment could very well have resulted in dismissal under the PSLRA's stringent pleading

20  standards."  *In re Silver Wheaton Corp. Sec. Litig.*, 2018 WL 1517130, at *4 (C.D. Cal. Mar. 26,

21  2018) (plaintiff was diligent seeking amendment despite production of documents approximately

22  six months earlier).

23         **B.     Justice Requires Leave to Amend Be Granted to Allege a Material
             False Statement Identified by Defendants**

24

25         Rule 15 directs that a "court should freely give leave when justice so requires."  Fed. R.

26  Civ. P. 15 (a)(2).  ████████████████████████

27  ████████████████████████████████████████████████████████

28  ████████████████████   ████████████████████████████████████



1  ████████████████████████████████████████████████████████████

2  ████████████████████████████    Yet, when asked by analysts on November 1, 2018

3  what investors should take from guidance about iPhone XR demand, Cook essentially said:

4  Nothing.

1    Faced with these facts, and with no plausible defense to even the currently actionable

2  claims, Defendants seek to use the previous dismissal of the XR Demand Statement – and the truth

3  they concealed from investors – as both a shield and a sword. ████████████████████

4  ████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████

7  ████████████████████████   ███████████████████████████████

8  ████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████

10 ███████████████████████████████████████████

11    For a number of reasons, this "defense" is untenable, including because Plaintiff does not

12 allege that the 1Q19 guidance (a forward-looking statement) is an actionable false statement and

13 Plaintiff will oppose any efforts by Defendants to mislead the jury about the law applicable to this

14 action.[18] ██████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████

18 ███████████████████████████

19    ██████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████

24 ████████████████████   █████████████████████████████████████

25 ████████████████████████████████████████████████████████████

26

27 ─────────────────
   [18]   To be clear, the Court also dismissed several alleged forward-looking statements as protected
   by the statutory Safe Harbor (June 2, 2020 Order at 20-22), leaving no doubt that the guidance is
28 not a part of the case subject to any trial defense.

1   ███████████████████████████.[19] ██████████████████████████████████

2 ███████████████████████████████████████████████████████████████████

3 ███████████████████████████████████████████████████████████████████

4 ███████████████████████████████████████████████████████████████████

5 ███████████████████████████████████████████████████████████████████

6 ███████████████████████████████████████████████████████████████████

7 ███████████████████████████████████████████████████████████████████

8 ██████████████

9   ████████████████████████████████████████████████████████████

10 ███████████████████████████████████████████████████████████████████

11 ███████████████████████████████████████████████████████████████████

12 ███████████████████████████████████████████████████████████████████

13 ███████████████████████████████████████ ████████████████████████

14 ███████████████████████████████████████████████████████████████████

15 ████ ████ █ ████ ██████ ████ ████ ████ ██ ████ ██ ██ ████

16 ███████████████████████████████████████████████████████████████████

17 ████████.[20] ████████████████████████████████████████████████.

18     **C.**     **Defendants Will Suffer No Prejudice if the Court Grants Plaintiff Leave to Amend Its Complaint**

19

20        Prejudice is the most important factor in determining whether leave to amend should be

21 granted under Rule 15, and it is Defendants' burden to demonstrate they will face not just

---

[19] Plaintiff intends to file a motion to exclude each of Defendant's experts as their opinions, do not focus on what the case is about and are likely to confuse the jury. Like Defendants, these expert largely ignore the Court's Class Certification Order (ECF 224) ("Class Cert. Order") that this case is "not about the earnings shortfall but rather the true state of Apple's business in China." ECF Class Cert. Order at 15.

[20] ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ ████████████████

██████████████████████████████████████████████████████████████████.

inconvenience or expense but undue prejudice. *Eminence*, 316 F.3d at 1052. "Prejudice to the defendant occurs where 'amendment would increase the burden of necessary future discovery,' or 'require[] that the defendant develop entirely different defenses.'" *Buchanan v. Tata Consultancy Servs. Ltd.*, 2017 WL 6611653, at *6 (N.D. Cal. Dec. 27, 2017) (alteration in original). Defendants will not be prejudiced by the filing of the PSAC. Nor can Defendants demonstrate that the other relevant factors of undue delay, bad faith, repeated failure to cure deficiencies by amendment, or the futility of amendment overcome the liberal thrust of Rule 15 that instructs courts to freely give leave to amend. *Foman*, 371 U.S. at 182. The PSAC adds no new defendants and no new causes of action. Notably, the XR Demand Statement was made in the same conference call, by the same Defendant, as the previously upheld Greater China Statement; the underlying legal claim being asserted is the same (*i.e.*, violation of §10(b)) and the Class Period and Class definition will remain unchanged. The PSAC only adds facts, based on discovery of documents that were in Defendants' possession, and their own deposition testimony. Those facts in turn support the falsity of a statement currently in the Revised Complaint, which Defendants have already twice moved to dismiss, and on which the Court has ruled, without the newly uncovered facts.

### 1. Granting Plaintiff Leave to Amend Will Not Require Additional Discovery

Permitting filing of the PSAC will not require additional discovery. The facts demonstrating the Greater China Statement was materially false and misleading have nearly complete overlap with the facts that also demonstrate the XR Demand Statement is false and misleading. Indeed, the Court's Orders recognized the overlap between the Greater China Statement and the facts that will be central to proving the XR Demand Statement was false and misleading at trial. For example, in the November 4, 2020 Order, the Court found Plaintiff had adequately alleged the falsity of the November 1, 2018 Greater China Statement, based in part on the fact that "Apple cut production lines for the iPhone XR four days later." November 4, 2020 Order at 9. In the June 2, 2020 Order, the Court applied a similar analysis based on the iPhone XR production cuts to determine the falsity of the Greater China Statement. June 2, 2020 Order at 19. Additionally, the Court found that the temporal proximity between the Greater China Statement

1    and the production cut on the iPhone XR supported an inference of scienter.  November 4, 2020

2    Order at 16; *see also* June 2, 2020 Order at 41.  Here, Plaintiff has obtained the discovery sufficient

3    to establish liability on the previously dismissed XR Demand Statement from Apple and does not

4    seek further discovery based on granting this Motion.  *See G.P.P., Inc. v. Guardian Prot.*

5    *Prods., Inc.*, 2016 WL 4041194, at \*6-\*7 (E.D. Cal. July 27, 2016) ("the amendments reflect

6    issues already at the core of the case").

7        This case is not like *In re Apple iPhone Antitrust Litig.*, 2021 WL 5181862 (N.D. Cal.

8    Nov. 8, 2021), where the Court found that plaintiffs' additional legal theories, including a new

9    fraud component and requested remedies, would require extensive additional discovery and

10   concluded Apple would be prejudiced by the proposed amendment.  *Id.* at \*4-\*5.  Those features

11   are not present in here, where Plaintiff seeks only to replead new facts establishing that a

12   previously alleged misstatement, which overlaps with a statement that survived two motions to

13   dismiss, is indeed actionable.

14                    **2.      The PSAC Will Not Delay the Proceedings or Extend the**
                              **Remaining Deadlines in the Scheduling Order**
15

16       The filing of the PSAC would not require any additional changes to the Case Management

17   Order, which has not been modified since it was entered on December 22, 2020, and did not

18   establish a trial date.  *S.F. Baykeeper*, 2022 WL 1914313, at \*3 (finding "proposed amendments

19   will not cause unfair prejudice because they will not necessitate re-opening discovery and a trial

20   date has not yet been set.")  Given the July 5, 2022 filing of this Motion, the briefing should be

21   completed by July 26, 2022, allowing the Court ample time to resolve this Motion prior to the

22   September 9, 2022 deadline of motions for summary judgment.  Case Management Order.

23       Additionally, as noted above, there are other motions currently pending in this case,

24   including: (i) an outstanding discovery dispute related to Defendants' improper privilege assertions

25   before Judge Spero (briefing is complete, but no hearing date has been set); and (ii) Plaintiff's

26   Supplemental Motion to Certify Class of Apple Options Investors (Plaintiff's reply brief is due

27   August 26, 2022; no hearing date has been set).  *See* ECFs 243, 246.

28

### 3.   The PSAC Will Not Require Defendants to Develop New Defenses

The PSAC will not prejudice Defendants by requiring them to develop different defenses. Defendants previously moved to dismiss the XR Demand Statement, which remains alleged in the operative Revised Complaint and has significant factual overlap with the Greater China Statement. Defendants have already taken the position that the price impact, which occurred on November 5 and 12, 2018, was in part attributable to the XR Demand Statement.  In opposing Class certification, Defendants argued that two corrective disclosures alleged by Plaintiff – manufacturing cuts disclosed on November 5, 2018 (the Nikkei Article) and November 12 (Lumentum analyst report) – revealed ***not*** that the Greater China Statement was false but that the statements related to iPhone demand caused or were the most likely cause of the November 2018 price declines in Apple securities:

> The alleged November 2018 "corrective" disclosures about decreased iPhone production made more sense when Plaintiff was alleging misstatements about the "great start" to Apple's new iPhone lines (Compl. ¶2), but as discussed above, those allegations were dismissed from the case, and the November 2018 disclosures cannot be said to "correct" the Challenged Statement that remains.

ECF 196 at 8 n.5, 17 n.9.[21]  These litigation positions should preclude any claim that Defendants will be prejudiced by the requested amendment to the operative Revised Complaint.[22]  The PSAC simply adds facts drawn from Defendants' own documents and testimony related to a statement with which Defendants have shown significant familiarity.  This is not a case, such as in *Coleman*

---

[21]  Plaintiff's Class Certification reply pointed out Defendants' arguments attributing the November 2018 stock price declines to the iPhone demand statements previously dismissed by the Court as immaterial puffery effectively conceded the materiality of the dismissed statements. ECF 202 at 8 n.8.

[22]  In the Class Cert. Order, the Court reviewed Defendants' attempt to separate the November 5 and 12 disclosures from the China Pressure Statement – stating that Defendants "fundamentally misconstrue plaintiff's theory":

> Although the Court previously held that plaintiff failed to adequately plead a misrepresentation with respect to defendants' statements regarding the launch of Apple's then-new iPhones (the XS, XS Max, and XR) (Dkt. No. 123 at 10–11), that holding does not mean that disclosures regarding reduced iPhone demand are wholly irrelevant to the remaining China-related statements.  Defendants repeatedly attempt to divorce these topics despite the connection Cook makes about the two.

Class Cert. Order at 14.

1   *v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000), where the Ninth Circuit found a

2   defendant would be prejudiced by an amendment filed after the close of discovery that proposed a

3   different theory of liability with attendant different burdens and, accordingly, different defenses.

**D.     There Is No Evidence of Undue Delay, Bad Faith, or Repeated Failure
         to Cure Deficiencies by Prior Amendments**

6           For the reasons explained above, Defendants will not be prejudiced if Plaintiff is granted

7   leave to file the PSAC.  Defendants also cannot make any showing, let alone a strong one, of any

8   of the remaining *Foman* factors sufficient to disturb the presumption under Rule 15(a) in favor of

9   granting leave to amend.  There has been no undue delay.  A delay is not undue if a plaintiff

10  "waited until they had sufficient evidence of conduct upon which they could base claims of

11  wrongful conduct."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  In any

12  event, "[d]elay alone does not provide sufficient grounds for denying leave to amend."  *Hurn v.

13  Ret. Fund Tr. of Plumbing, Heating & Piping Ind.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

14          There is no bad faith or dilatory motive in Plaintiff's seeking leave to amend.  For the

15  reasons explained above, Plaintiff is filing the Motion diligently; the delay, if any, resulting from

16  filing the PSAC will be minimal.  Additionally, this is not a case where there has been a repeated

17  failure to cure deficiencies by amendments previously allowed.  In the June 2, 2020 Order, the

18  iPhone demand statement was permitted to proceed and was only dismissed once.  This Motion

19  represents the first time Plaintiff has attempted to cure deficiencies in the pleading of the

20  XR Demand Statement.  *See Brown*, 953 F.3d at 574 ("Brown has not repeatedly failed to cure

21  deficiencies.  Rather, Brown sought leave to amend based on newly discovered evidence.").

**E.     Plaintiff's Amendment Is Not Futile**

23          Finally, the PSAC does not suffer from futility of amendment.  Amendment is not futile so

24  long as the complaint "alleges a cognizable legal theory."  *U. S. v. United Healthcare Ins. Co.*, 848

25  F.3d 1161, 1184 (9th Cir. 2016).  The allegations, supported by discovery, that Plaintiff is pleading

26  in support of the XR Demand Statement ensure the PSAC exceeds that threshold.  The new factual

27  allegations respond to and address the reasons the XR Demand Statement was previously

28  dismissed by the Court and satisfy the pleading requirements of the PSLRA.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21 **VI.     CONCLUSION**

22          For the reasons stated above, Plaintiff requests that the Court: (i)  modify the Case

23 Management Order to permit the filing of this Motion and; (ii) grant Plaintiff leave to amend the

24 pleadings and file the PSAC.

25    DATED:  July 5, 2022                          Respectfully submitted,

26

27                                    _____
                                       s/ Shawn A. Williams
                                       SHAWN A. WILLIAMS
28

<div style="margin-left: 40%">

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
JASON A. FORGE
RAPHAELLA FRIEDMAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

LABATON SUCHAROW
CAROL C. VILLEGAS
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/883-7524 (fax)
cvillegas@labaton.com

Counsel for Employees' Retirement System of the
State of Rhode Island

VANOVERBEKE, MICHAUD & TIMMONY,
P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on July 5, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Shawn A. Williams
SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  shawnw@rgrdlaw.com

4855-0213-9431.v1

**Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,lpina@labaton.com,5739893420@filings.docketbird.com,acoquin@labaton.com,electroniccasefiling@labaton.com,dsal

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,abarca@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)