ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
        – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | ) Case No. 4:19-cv-02033-YGR<br>)<br>) <u>CLASS ACTION</u><br>)<br>) DECLARATION OF SHAWN A.<br>) WILLIAMS IN SUPPORT OF LEAD<br>) PLAINTIFF'S MOTION FOR LEAVE TO<br>) FILE THE [PROPOSED] SECOND<br>) AMENDED CLASS ACTION COMPLAINT<br>FOR VIOLATION OF THE FEDERAL<br>SECURITIES LAWS |

4888-5271-6583.v1

I, SHAWN A. WILLIAMS, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California and before this District Court. I am a member of the law firm Robbins Geller Rudman & Dowd LLP, Lead Counsel for Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto. This Declaration is made in support of Lead Plaintiff's Motion for Leave to File the [Proposed] Second Amended Class Action Complaint for Violation of the Federal Securities Laws.

2. After the Court's November 4, 2020 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Revised Consolidated Class Action Complaint (ECF 123), Plaintiff began pursuing fact discovery and served its first request for production of documents on Defendants[1] on November 23, 2020.

3. In December 2020, Plaintiff began serving document subpoenas on non-parties, including Apple manufacturers and suppliers, like Foxconn (a/k/a Hon Hai Precision Industry Co. Ltd.) and Pegatron, as well as numerous financial and securities analyst firms that covered the Company.

4. As of the May 5, 2021 deadline to amend pleadings set by the Court (ECF 128), Defendants had produced less than 1% of the documents they would ultimately produce in this action. Defendants did not produce any non-public internal emails, reports, or analyses until July 8, 2021.

5. Lead Counsel, on behalf of Plaintiff and the Class diligently sought the intervention of Magistrate Judge Spero as necessary on a variety of discovery issues related to Apple's search for, and production of, documents, including identification of custodians (ECF 156), timing of production and search terms (ECF 173), and Defendants' privilege assertions (ECF 227). Plaintiff

---

[1] "Defendants" are Apple Inc. ("Apple" or the "Company"), Timothy D. Cook ("Cook"), and Luca Maestri ("Maestri").

also sought the Court's assistance in disputes with third parties, including Apple's iPhone manufacturers Foxconn and Pegatron.

6. As a result of the motions brought by Plaintiff, Magistrate Judge Spero issued multiple discovery orders including: (i) an April 16, 2021 order requiring Defendants add custodians and produce certain documents no later than July 15, 2021 (ECF 158); (ii) a June 4, 2021 order that Defendants produce ten categories of documents subject to targeted searching no later than June 25, 2021 (ECF 184); and (iii) an April 15, 2022 order that Defendants produce challenged withheld documents and declarations supporting Defendants' claims of privilege no later than May 13, 2022 (ECF 238).

7. The parties are still actively litigating a dispute before Magistrate Judge Spero concerning documents withheld as privileged. On June 22, 2022, Plaintiff filed its Supplemental Brief in Support of Lead Plaintiff's Motion to Compel Documents Withheld as Privileged. ECF 246. Defendants' brief in opposition was filed July 5, 2022. ECF 248. No hearing date has been set.

8. Plaintiff has obtained 107,741 documents, totaling 718,155 pages, from Defendants with a small number of withheld documents still subject to dispute. More than 40,000 documents were not produced until after October 24, 2021, and of those, more than 26,000 were produced after January 13, 2022.

9. Through discovery, Plaintiff has also obtained 42,781 documents, totaling 229,156 total pages, from third parties.

10. Plaintiff served its first Fed. R. Civ. P. 30(b)(6) notice on Apple on December 1, 2020. By March 2021, Plaintiff had taken four days of deposition testimony pursuant to Fed. R. Civ. P. 30(b)(6) on topics including: (i) Apple's monitoring of the Chinese economy and smartphone competition in China; (ii) Apple's monitoring of retail traffic in its stores, including in China; (iii) Apple's processes for adjusting iPhone production volumes; and (iv) Apple's share repurchases.

11. Due to the pace of Defendants' production of documents, Plaintiff's individual fact depositions did not begin until January 28, 2022. Cook was deposed on February 9, 2022; Donal

Conroy, Apple Vice President of Finance, (who was also one of Apple's Fed. R. Civ. P. 30(b)(6) witnesses), was deposed on February 21, 2022; Maestri was deposed on February 25, 2022; and Kevan Parekh, a finance executive, (and another of Apple's Fed. R. Civ. P. 30(b)(6) witnesses), was deposed on March 8, 2022. The last fact deposition in the case was taken by Plaintiff on March 15, 2022.

12. Plaintiff served its first and second set of requests for admission on Defendants on February 23, 2021, and November 23, 2021, respectively.

13. Plaintiff served its first set of interrogatories on May 13, 2021, to which Defendants responded on June 28, 2021. Plaintiff served its second set of interrogatories on November 1, 2021, to which Defendants responded on December 15, 2021. Defendants served supplemental responses to Plaintiff's second set of interrogatories on March 15, 2022, one day before the close of discovery.

14. Expert discovery is ongoing. On April 27, 2022, pursuant to Fed R. Civ. P. 26, the parties exchanged opening expert reports. The parties exchanged expert rebuttal expert reports on June 10, 2022. The parties are currently working to schedule expert depositions.

15. Attached is a true and correct copy of the following exhibit:

Exhibit 1: [Proposed] Second Amended Class Action Complaint for Violation of the Federal Securities laws.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 5th day of July, 2022, in the State of California.

                                                    s/ Shawn A. Williams
                                                  SHAWN A. WILLIAMS