ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
        – and –
MARK SOLOMON (151949)
TOR GRONBORG (179109)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
torg@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | ) Case No. 4:19-cv-02033-YGR |
| | ) |
| | ) CLASS ACTION |
| | ) |
| This Document Relates To: | ) DECLARATION OF KENNETH J. BLACK |
| | ) IN SUPPORT OF LEAD PLAINTIFF'S |
| ALL ACTIONS. | ) MOTION TO COMPEL DOCUMENTS |
| | ) WITHHELD AS PRIVILEGED |
| | ) |
| | ) DATE:    April 15, 2022 |
| | ) TIME:    9:30 a.m. |
| | ) CTRM:  F, 15th Floor |
| | ) JUDGE:  Hon. Joseph C. Spero |

4854-5154-8690.v1

I, KENNETH J. BLACK, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California and before this District Court. I am associated with the law firm Robbins Geller Rudman & Dowd LLP, counsel of record for Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and Lead Counsel for the Class in the above-entitled action. This Declaration is made in support of Lead Plaintiff's Motion to Compel Documents Withheld as Privileged. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. Plaintiff repeatedly sought a privilege log from Defendants[1] for withheld and redacted documents, including by letter or email on or around at least the following dates: September 15 and 21; October 6; and November 15, 19 and 23, 2021.

3. On November 18, 2021, Kevin M. Askew of Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel for Defendants, sent an email to Plaintiff's counsel regarding the absence of documents concerning Apple's January 2, 2019 preannouncement stating: "These documents are, in large part, privileged. They will be reflected on our forthcoming privilege log."

4. On November 24, 2021, Defendants produced their first privilege log, in .PDF format. On December 21, 2021, Defendants produced the privilege log in Excel format. The November 24 and December 21 privilege logs did not identify attachments to withheld documents.

5. On December 21, 2021, counsel for Plaintiff, including myself, had a call with counsel from Orrick, during which counsel discussed the sufficiency of Defendants' privilege log. During the call, counsel from Orrick confirmed that privilege log references to an "investor letter" referred to Apple's January 2, 2019 preannouncement of fiscal 1Q19 financial results, styled as a "Letter from Tim Cook to Apple Investors" (the "investor letter"). In response to objections that I raised concerning the conclusory nature and lack of detail supporting Defendants' privilege assertions, Ariel Winawer of Orrick, counsel for Defendants, stated that it was Plaintiff's obligation to "envision a scenario" in which Defendants' assertions of privilege were proper.

---

[1] "Defendants" are Apple Inc. ("Apple"), Timothy D. Cook and Luca Maestri.

6. On January 19, 2021, counsel for Plaintiff sent counsel for Defendants an itemized list of objections to the latest privilege log. On January 21, 2021, counsel for Plaintiff, including myself, had a call with counsel from Orrick, during which counsel discussed Plaintiff's objections to Defendants' privilege assertions. During this meet and confer, counsel for Defendants asserted that documents related to or concerning the investor letter had been withheld on the ground that Apple's in-house counsel had directed the process resulting in the creation of the investor letter. In response, counsel for Plaintiff objected, *inter alia*, that it was improper to withhold all documents related to an entire process concerning an ordinary business matter, particularly one that is of central importance to the parties' claims and defenses in the litigation.

7. On February 3, 2022, Defendants produced a new privilege log which added a field for email subjects, a field that was absent from prior versions of the privilege log. The February 3, 2022 privilege log included or identified, for the first time, attachments to withheld documents. The February 3, 2022 privilege log, like prior versions, described two redacted emails related to the *Nikkei* Article as concerning a "contract issue."

8. On February 7, 2022, counsel for Plaintiff sent counsel for Defendants an itemized list of 11 issues and objections to the latest privilege log in advance of the parties' subsequent February 14, 2022 meet and confer.

9. On February 14, 2022, counsel for Plaintiff and counsel for Defendants, including lead litigation counsel, held a Zoom videoconference to discuss the 11 itemized categories of objections to Defendants' privilege assertions. Of the 11 objections, Defendants refused to modify their position with respect to nine. Defendants did agree to reproduce, with redactions, three withheld documents concerning "CM sku for D3x and N84" (codes for iPhone XS, XS Max and XR shipments to China Mobile, an Apple partner and iPhone reseller), and to supplement the privilege log description for one document concerning an insider trading "black out" period. Concerning attachments, and in response to Plaintiff's email that "Defendants do not describe these attachments as attorney-client privileged communications or work product, nor do Defendants claim their production would reveal privileged communications," counsel for Defendants stated that the attachments were withheld on the presumption that non-privileged attachments reveal the privileged

contents of parent emails.  Counsel for Defendants otherwise expressed no uncertainty as to what issues remained in dispute, and the parties concluded the videoconference with an agreement to file a joint letter with the Court on February 22, 2022.

10. On February 21, 2022, Ariel Winawer of Orrick, counsel for Defendants, emailed counsel for Plaintiff, stating that Defendants would "supplement our log with . . . revised descriptions for the" attachments represented to be non-privileged, but did not agree to produce these documents.

11. On February 23, 2022, Defendants produced an updated version of their privilege log reflecting these new positions.

12. Attached are true and correct copies of the following exhibits:

Exhibit 1: Excerpted entries from Defendants' privilege log, dated February 23, 2022, related to withheld documents concerning Apple's January 2, 2019 earnings pre-announcement **[FILED UNDER SEAL]**;

Exhibit 2: Excerpted entries from Defendants' privilege log, dated February 23, 2022, related to withheld documents concerning supplier cuts **[FILED UNDER SEAL]**;

Exhibit 3: Excerpted entries from Defendants' privilege log, dated February 23, 2022, related to withheld documents concerning group emails **[FILED UNDER SEAL]**;

Exhibit 4: Excerpted entries from Defendants' privilege log, dated February 23, 2022, related to withheld documents concerning non-lawyers' custodial files **[FILED UNDER SEAL]**;

Exhibit 5a: Excerpted entries from Defendants' privilege log, dated February 23, 2022, related to withheld attachments which are facially invalid and must be produced **[FILED UNDER SEAL]**;

Exhibit 5b: Excerpted entries from Defendants' privilege log, dated February 23, 2022, related to withheld attachments which must be supplemented with further information **[FILED UNDER SEAL]**; and

Exhibit 6: Apple Inc., Form 8-K, Exhibit 99.1, "Letter from Tim Cook to Apple Investors," dated January 2, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 4th day of March, 2022, at San Francisco, California.

                                        s/ Kenneth J. Black
                                        KENNETH J. BLACK