ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
        – and –
MARK SOLOMON (151949)
TOR GRONBORG (179109)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
torg@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS. | REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED |
| | DATE: April 15, 2022<br>TIME: 9:30 a.m.<br>CTRM: F, 15th Floor<br>JUDGE: Hon. Joseph C. Spero |

4895-0495-4390.v1

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ..................................................................................................................1

II.    ARGUMENT........................................................................................................................2

    A.    Documents Related to the January 2, 2019 Preannouncement of 1Q19 Earnings ...................................................................................................................2

    B.    Documents Relating to *Nikkei* Article About Supplier Cuts ..................................5

    C.    Members of Email Groups......................................................................................6

    D.    Unsent Documents in Non-Lawyers' Custodial Files ............................................9

    E.    Non-Privileged Email Attachments .......................................................................10

III.    CONCLUSION...................................................................................................................11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Applied Med. Res. Corp. v. Ethicon, Inc.*,
   2005 WL 6567355 (C.D. Cal. May 23, 2005) ...................................................................... 4

*AT&T Corp. v. Microsoft Corp.*,
   2003 WL 21212614 (N.D. Cal. Apr. 18, 2003) ..................................................................... 2

*Dolby Lab'ys. Licensing Corp. v. Adobe Inc.*,
   402 F. Supp. 3d 855 (N.D. Cal. 2019) ........................................................................ 3, 9, 10

*Engurasoff v. Zayo Grp. LLC*,
   2015 WL 335793 (N.D. Cal. Jan. 23, 2015) ..................................................................... 6, 8

*In re Buspirone Antitrust Litig.*,
   211 F.R.D. 249 (S.D.N.Y. 2002) .......................................................................................... 9

*In re CV Therapeutics, Inc. Sec. Litig.*,
   2006 WL 1699536 (N.D. Cal. June 16, 2006),
   *as clarified on reconsideration*, 2006 WL 2585038
   (N.D. Cal. Aug. 30, 2006) .................................................................................................... 7

*In re Grand Jury*,
   23 F.4th 1088 (9th Cir. 2021) ........................................................................................... 3, 6

*In re Grand Jury Investigation*,
   974 F.2d 1068 (9th Cir. 1992) .............................................................................................. 2

*Jack Winter, Inc. v. Koratron Co.*,
   54 F.R.D. 44 (N.D. Cal. 1971) ............................................................................................. 7

*Oracle Am., Inc. v. Google, Inc.*,
   2011 WL 3794892 (N.D. Cal. Aug. 26, 2011) ..................................................................... 7

*Roth v. Aon Corp.*,
   254 F.R.D. 538 (N.D. Ill. 2009) ........................................................................................... 9

## I. INTRODUCTION

Plaintiff's Motion[1] charged Defendants with withholding hundreds of documents directly relevant to key issues in the case – in particular iPhone production cuts and Apple's preannounced miss of billions in revenue – "by virtue of a sense of entitlement untethered to the standards that apply to other litigants." Mot. at 1. Defendants' response only confirms the accuracy of Plaintiff's arguments.

Defendants' Opposition[2] does not provide the information necessary to allow the Court or Plaintiff to assess whether Defendants have met their burden to withhold the five specific categories of challenged documents. First, with respect to documents related to Apple's January 2, 2019 preannouncement, the one witness attorney declaration Defendants provide contains just a handful of lines of generic "involvement" in a weeks-long process involving purportedly hundreds of privileged emails, drafts and other documents. ECF No. 233-5 ("Whittington Decl."). Second, Defendants' external counsel submits a declaration changing, for a third time, the justification for asserting privilege over emails discussing the *Nikkei* Article, which concerns iPhone production cuts, without explaining the basis for counsel's new "understanding" of the undisclosed facts purportedly supporting privilege. ECF No. 233-1 ("Winawer Decl."). Third, in defense of withholding emails sent to or from groups, Defendants submit a non-counsel declaration, which serves merely to confirm that Defendants cannot satisfy the burden to present basic information, such as to whom a purportedly privileged email was sent. ECF No. 233-4 ("Goldberg Decl."). And Defendants submit no facts or evidence to support continued withholding of the fourth and fifth categories of "loose files" for which they do not provide any necessary information, such as the identities of authors or attorneys, or for non-privileged attachments, which they withhold on the sole argument that "[i]n-house lawyers provide legal advice concerning 'business topics' all the time." Opp. at 9.

---

[1] Lead Plaintiffs Notice of Motion of and Motion to Compel Production of Documents Withheld as Privileged; Memorandum of Points and Authorities in Support Thereof (ECF No. 232-3) ("Motion" or "Mot."). All terms not defined herein have the same meaning as defined in the Motion.

[2] Defendants' Opposition to Motion to Compel Production of Documents Withheld as Privileged (ECF No. 233) ("Opposition" or "Opp.").

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED- 4:19-cv-02033-YGR                                                                                                                     - 1 -
4895-0495-4390.v1

1  Once again, the Opposition simply asks that the Court, and Plaintiff, just take Defendants
2  word that the documents are properly withheld.  The Court should grant Plaintiff's Motion.

## II.  ARGUMENT

Defendants have failed to meet their burden in responding to Plaintiff's Motion.  The Opposition argues that Defendants have made a *prima facie* showing of the challenged documents are privileged, and that nothing else is required.  *See* Opp. at 4 ("Mr. Whittington's declaration only bolsters the *prima facie* showing of privilege already made by Defendants in" the privilege log).  Not so.  The Ninth Circuit requires Plaintiff, as the challenging party, to identify only a "'factual basis adequate to support a good faith belief by a reasonable person'" that the communications are not privileged.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992); *see also AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *2 (N.D. Cal. Apr. 18, 2003) ("DSP makes its *prima facie* case but still must show that privilege applies to each document.").[3]  This is a "minimal threshold" for Plaintiff.  *Grand Jury Investigation*, 974 F.2d at 1074.  Thus, even if Defendants' log were sufficient to make a *prima facie* showing, the lack of specific arguments or factual support in the Opposition and supporting declarations does not and cannot sufficiently address Plaintiff's specific and good faith challenges to Defendants' privilege assertions.

### A.  Documents Related to the January 2, 2019 Preannouncement of 1Q19 Earnings

Plaintiff challenges Defendants' withholding of the 286 documents identified in Ex. 1[4] related to Apple's preannounced revenue miss on two grounds: First, Defendants' blanket assertion that virtually all documents related to the preannouncement were "created at the behest of Apple in-house counsel" (ECF No. 227 at 5 n.7) is highly implausible, unsupported and not a proper basis for asserting the privilege (Mot. at 6-8); and second, Defendants' privilege log descriptions of these documents are woefully insufficient (Mot. at 8-9).

---

[3]  All citations and footnotes omitted and emphasis added unless otherwise indicated.

[4]  All "Ex. _" citations herein are to the Declaration of Kenneth J. Black in Support of Lead Plaintiff's Motion to Compel Documents Withheld as Privileged (ECF No. 232-4) ("Black Decl.") (Exs. 1-6) and the Declaration of Kenneth J. Black in Support of Reply in Support of Lead Plaintiff's Motion to Compel Documents Withheld as Privileged filed concurrently herewith ("Black Reply Decl.") (Exs. 7-8).

To start, Defendants' privilege log descriptions are facially insufficient – either because they do not to provide required information, or because the information they do provide is boilerplate. As explained in the Motion, with specific examples, Defendants' log entries frequently fail to provide the basic information necessary to support the assertion of privilege, such as the author of documents or any lawyer. *See, e.g.*, Mot. at 8 (specifically challenging Entry No. 33 on this ground); *see also infra* §II.D. So too does the Motion provide specific examples of Defendants' superficial privilege assertions, such as the 15 documents Defendants describe only as: "Email requesting and reflecting legal advice from in-house counsel regarding draft investor letter." Mot. at 8 (Ex. 1, Entry No. 468); *id.* at 9 (Ex. 1, Entry Nos. 368-375, 412-418). Notably, Judge Ryu found a nearly identical "generic description [of an]'email reflecting legal advice regarding the scope of the audit'" – "insufficient to allow [Plaintiff] to analyze [Defendant's] claim of privilege." *Dolby Lab'ys. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 864-65 (N.D. Cal. 2019).

And second, as described in the Motion (and reflected in the Opposition, though not the privilege log), Defendants withhold these documents related to the preannouncement on the unsupported and improper basis that Defendants may cloak entire business processes if counsel directed, in some undefined role, the process. *See* Black Decl., ¶6 (describing defense counsel's articulation of this basis during the parties' January 21, 2022 meet and confer). Indeed, Defendants argue that they may cloak such a process without articulating, let alone proving, which counsel were involved, when, and to what legal purpose. Defendants' argument, if adopted, "would create perverse incentives for companies to add layers of lawyers to every business decision in hopes of insulating themselves from scrutiny in any future litigation." *In re Grand Jury*, 23 F.4th 1088, 1093-94 (9th Cir. 2021).

The Opposition does not, substantively, dispute these arguments. Indeed, it confirms them. For example, the Opposition and its supporting materials repeatedly confirms that Defendants base their privilege assertions on one lawyer's general oversight of a process:

- "Mr. Whittington also oversaw ***the process*** by which Apple prepared the Cook Letter." Opp. at 4.

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED- 4:19-cv-02033-YGR - 3 -
4895-0495-4390.v1

- "Apple in-house legal counsel **supervised and directed the process** of preparing the Cook Letter, and Defendants have properly withheld communications and documents that would reveal in-house counsel's legal advice **and direction**." *Id*. at 1-2.
- "I also oversaw *the process* by which the Company prepared the Cook Letter, seeking to ensure compliance with the Company's reporting requirements and to minimize legal risk." Whittington Decl., ¶3.

Nor does the Opposition substantively argue that Defendants provide sufficient privilege assertions for the Court or Plaintiff to assess. For example, the Opposition does not discuss a single one of the specific examples in the Motion. *Contrast* Mot. at 6-9, *with* Opp. at 3-6. And, while the Whittington Decl. refers generally to certain communications, *e.g.*, "emails directed to the Disclosure Committee" (Whittington Decl., ¶4), Mr. Whittington does not address any of the specific communications Defendants have withheld. Rather, in lieu of specifics, the Opposition simply describes, at an extremely general level, a process resulting in the preannouncement of ordinary (but highly disappointing) financial results. Opp. at. 4. This is not a proper basis for a single privilege assertion, let alone hundreds. *See* Mot. at 6-9.

Defendants make two other unsupported arguments, both of which also miss the mark. The first is that because they have "individually logged" the withheld documents, there is no blanket assertion of privilege. Opp. at 5. But individual logging is meaningless when the "descriptions" are uniform boilerplate and rely exclusively on Mr. Whittington's general oversight of a process. *See* Mot at 6-8; Opp. at 4. The second is essentially that Defendants are only required to provide metadata to justify their privilege assertions, such that they need not identify counsel or anything else for "loose file[s]" that on their face do not identify the lawyer or other information necessary to substantiate assertion of privilege. Opp. at 5. This argument contradicts case law and the Civil Standing Orders for Magistrate Judge Joseph C. Spero ("Standing Orders"). *See infra* §II.D. As one court in this Circuit has explained, "in the absence of any attorney linked to certain of the documents or a more thorough description of the legal advice involved, Plaintiff has met the minimal threshold required to show that the privilege may not apply." *Applied Med. Res. Corp. v. Ethicon, Inc.*, 2005 WL 6567355, at *2 (C.D. Cal. May 23, 2005).

### B. Documents Relating to *Nikkei* Article About Supplier Cuts

Plaintiff seeks the production of two emails related to the November 5, 2018 *Nikkei* Article which reported, just days after Cook's alleged false statements, that the Company was slashing production of new iPhone models thus undermining Cook's statements to investors and causing the stock price to decline. *See* ECF No. 114, ¶68. The evidence shows that Cook and his team were furious about this leaked information and, despite confirming its accuracy, sought to financially punish Apple suppliers for the leak. Exs. 7-8. These conversations did not include counsel or discuss the need to involve counsel or any possibility of taking legal action. *Id.*

Plaintiff has fully explained both the non-legal content of the emails themselves and the contrived nature of Defendants' inconsistent privilege assertions over the emails related to the *Nikkei* Article. Mot. at 9-10. As the Motion explains, in their November 24, 2021, December 21, 2021 and February 3, 2022 privilege logs, Defendants asserted that these redactions concerned a "contract issue." *Id.* The February 23, 2022 privilege log, however, changed the privilege description to claim the emails "reflect[] legal advice from in-house counsel David Tom regarding response to [*Nikkei*] [A]rticle." Ex. 2, Entry Nos. 1263-1264.

In response, Defendants object that they did not "dramatically change[]" their privilege descriptions of the disputed *Nikkei* Article emails. Opp. at 6 n.7. But do they tell the Court what the original description was? Or what the new description is? Or how they are purportedly consistent? Or even where the Court can find for itself what the description was, or is? No, they do not.[5] In fact, Defendants have changed the basis for their privilege assertions yet again: The emails no longer contain legal advice *from* David Tom; instead, they now contain a request *by* David Tom for legal advice from someone else. *See* Winawer Decl., ¶6. And who is that someone else? Defendants can only say it is "the legal department" (*id.*), even though none of the emails related to the *Nikkei* Article were sent to or from the legal department (Ex. 2), or to any lawyer other than Mr. Tom, who

---

[5] Plaintiff has done so. Mot. at 5 ("Defendants' first three logs described emails about the *Nikkei* Article described below as 'regarding [a] contract issue.' *Infra* §IV.B. The February 23, 2022 privilege log now describes them as 'regarding response to article.' *Id.*").

Defendants now reveal "was not acting in a legal capacity at the time of the article's publication." Winawer Decl., ¶6.

Further, none of this new information comes in a declaration from Mr. Tom himself, or from any other person present for the events at issue. Rather, the declaration states only "it is now my understanding that he [Tom] was not acting in a legal capacity at the time of the article's publication." *Id*. Indeed, Defendants provide no basis for this new "understanding," which, for all Defendants inform the Court, may be based on a whim, rather than facts.

Defendants' new basis for redacting emails related to the *Nikkei* Article thus fares even worse than their prior ones, and these highly relevant documents should be produced without redaction immediately.

### C. Members of Email Groups

Defendants cannot or will not identify the senders and recipients of communications sent to and from group email addresses, thus they cannot satisfy their burden of withholding these communications. *See* Mot. at 10; Standing Orders, ¶15(a). Without such information, it is impossible to determine the purpose – legal or business (or a mix of both) – of the communication. *See Grand Jury*, 23 F.4th at 1092. Further, if Defendants do not identify the identity, number or type of recipients, they do not carry their burden to demonstrate that the documents were for predominantly legal purposes. *See Engurasoff v. Zayo Grp. LLC*, 2015 WL 335793, at *3 (N.D. Cal. Jan. 23, 2015) ("the number of recipients, and the fact that the attorney is merely CC'd on emails, suggests the possibility that the emails could be communications regarding business strategy that do not involve the communication or solicitation of legal advice") (collecting authority).

After months of asking which lawyers, if any, support privilege assertions for emails sent to or from the Disclosure Committee, Defendants have now identified just one lawyer. *See* Whittington Decl. Yet Defendants still refuse to identify lawyer members of the other "distribution lists that did include in-house counsel" or to identify any other members of the Disclosure Committee. Opp. at 7. Again, this approach directly contravenes the minimal requirements set forth in this Court's Standing Orders.

|   |   |
|---|---|
| 1 | Mr. Whittington's declaration does not cure this glaring deficiency.  Defendants cite to his declaration as support for their claim that multiple Apple in-house attorneys were "included on the Disclosure Committee email distribution list . . . specifically so that they could provide legal advice."  *Id*.  But the referenced paragraph states only that Mr. Whittington regularly provided legal advice as a member of the Disclosure Committee; it says nothing about the reasons, specific or otherwise, that other unnamed in-house counsel were added to the email distribution list.  *See* Whittington Decl., ¶4.  Nor does Mr. Whittington's declaration indicate why any specific document was withheld.  Thus, "[t]he declaration does not make any particularized showing of the role legal counsel played (and whether she actually provided legal advice) as to any *specific document* in this category."  *In re CV Therapeutics, Inc. Sec. Litig.*, 2006 WL 1699536, at *4 (N.D. Cal. June 16, 2006), *as clarified on reconsideration*, 2006 WL 2585038 (N.D. Cal. Aug. 30, 2006). |

Further, the vaguely described regularity with which Mr. Whittington functions as counsel is no reason to find any of these specific documents privileged.  *See Jack Winter, Inc. v. Koratron Co.*, 54 F.R.D. 44, 47 (N.D. Cal. 1971) ("corporate dealings are not made confidential merely by funneling them routinely through an attorney").  As one court explained, Mr. Whittington's role increases Defendants' burden to substantiate related privilege assertions:

> In fact, [Whittington's] role as in-house counsel warrants heightened scrutiny.  In-house counsel may act as integral players in a company's business decisions or activities, as well as its legal matters.  When attempting to demonstrate that an internal communication involving in-house counsel deserves privileged status, a party therefore "must make a 'clear showing' that the 'speaker' made the communication[] for the purpose of obtaining or providing *legal* advice.

*Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *4 (N.D. Cal. Aug. 26, 2011) (alterations and emphasis in original).  There is no such showing in the Whittington Decl., which, for example, does not "discuss[] whether, during the time period in question, [he] w[as] communicating with . . . other[s] solely about the legal advice [he] describe[s].  In other words, at that time, [Whittington] may well have been communicating with [others through the Disclosure Committee distribution list] about other non-privileged matters."  *Id.*

Nor does Ms. Goldberg's declaration rebut Plaintiff's arguments, nor support Defendants'.  In her declaration she attests: "I have verified that the Apple group distribution email addresses [at

issue] *presently* include only recipients that are internal to Apple." Goldberg Decl., ¶3. She also claims that "the internal Apple group distribution email address ██████████████████████████. . . . is no longer active." *Id*., ¶4. But the litigation does not concern, and Defendants have not withheld, any emails "presently" sent to or from those email groups. And it is irrelevant that a distribution list for phones Apple no longer sells – but which are central to the claims at issue here, *i.e.*, the D3x (iPhones XS and XS Max) and N84 (iPhone XR) – is *currently* inactive. Nothing informative can be taken from these representations.

Further, though Ms. Goldberg identifies ten group email addresses that she is "informed" are relevant to the instant dispute (*id.*, ¶¶2, 4), she can only attest that two of the ten group emails were restricted to communications from or to Apple's internal personnel (*id.*, ¶3). And, the evidence obtained by Plaintiff from third parties shows that Apple did use group email addresses to communicate with a number of key third parties during the relevant period. For example, iPhone manufacturers Foxconn and Pegatron produced more than 6,000 documents between them, sent to or from an "@group.apple.com" email address. Black Reply Decl., ¶2. Thus, Defendants' argument that no "external third parties" were members of these lists – even if Defendants could demonstrate that fact – is irrelevant and unavailing. Opp. at 7 (citing Whittington Decl., ¶5); Opp. at 8 (citing Goldberg Decl., ¶¶3-4). If Defendants cannot or will not identify the senders or recipients of these emails, and if Ms. Goldberg cannot state that the email lists at issue were solely used for internal communication, then Defendants cannot show they took "steps . . . to ensure the confidentiality of the communication." Standing Orders, ¶15(b). Moreover, Defendants' failure to identify the recipients of these communications denies Plaintiff a key indicator of whether an email was more likely sent for business or legal purposes. An email with one attorney and dozens of non-attorneys is more likely sent for a non-legal function. *Engurasoff*, 2015 WL 335793, at *3.

Therefore, Defendants' production of two declarations is insufficient to support withholding any emails sent to or from the Disclosure Committee email distribution list, and is of course insufficient to defend withholding emails sent to or from other group-email addresses, none of which Defendants identify the membership of.

### D. Unsent Documents in Non-Lawyers' Custodial Files

As explained in the Motion, Defendants have withheld seven documents for which they provide nothing of substance to justify their assertion of privilege: They identify no lawyers, no drafters, no recipients, and no attorney-client communications. Mot. at 10-11. This is insufficient. *See id*; Standing Orders, ¶15 ("the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication").

In response, the Opposition argues that Defendants simply are not required to disclose the identities of attorneys (or anyone else): "A privilege log thus does not have to . . . identify a specific lawyer." Opp. at 8.[6] Of course the relevant case authority states otherwise. For example, Judge Ryu recently held "the fact that [Defendant] had listed . . . documents on its privilege log for non-attorney communications" relevant in determining that Plaintiff "more than met the minimal threshold" to rebut Defendants' *prima facie* assertion of privilege. *Dolby*, 402 F. Supp. 3d at 864-65. And Defendants' reliance on *Roth v. Aon Corp.*, 254 F.R.D. 538 (N.D. Ill. 2009) and *In re Buspirone Antitrust Litig.*, 211 F.R.D. 249 (S.D.N.Y. 2002) is misplaced. Neither addresses whether a party may skirt its obligation to identify counsel or others. *See Roth*, 254 F.R.D. at 540 (discussing whether "a business communication [is] protected by the attorney-client privilege"); *Buspirone*, 211 F.R.D. at 252 ("The dispute here centers on whether the documents at issue were created 'for the purpose of obtaining' legal advice.").

The Opposition also argues, in what may be its only discussion of specific documents, "these documents are simply loose files of privileged drafts of the Cook Letter." Opp. at 8. But this contradicts Defendants' own log. Entry No. 33 is a "Document reflecting legal advice from in-house counsel regarding board of directors call," and Entry Nos. 27 and 29 are: "Draft Q1'19 Q&A." Ex. 4. Thus, even according to their own log, nearly half (three of seven) of these documents are ***not*** drafts of the investor letter. Again, Defendants feel entitled to make broad claims untethered to the

---

[6] The Opposition also argues if individuals are "not identified on the face of the document," a withholding party need not identify counsel at all. Opp. at 8. In other words, Defendants believe their burden begins and ends with extracting metadata. Defendants provide no support for such a proposition, which would shift all burden to the challenging party.

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED- 4:19-cv-02033-YGR - 9 -
4895-0495-4390.v1

documents, their corresponding privilege assertions or the standards to which other litigants must adhere.

### E. Non-Privileged Email Attachments

Plaintiff challenges two categories of attachments and requests distinct relief for each: Production of the 39 facially non-privileged attachments (listed in Ex. 5a), and production of a competent privilege log and declaration for the attachments which Defendants have not demonstrated are entitled to the privilege (listed in Ex. 5b). Notably, Plaintiff specifically identified attachments that concern business topics, some of which were drafted months or years before they were attached to emails, and also was conscientious in not challenging attachments that appear to have possible legal purposes. Mot. at 11.

The Opposition is non-responsive on these points. It ignores the attachments created months or years before they were attached. *Contrast* Mot. at 11, *with* Opp. at 8-9. It says that an "email attachment *may* be privileged" but it does not say why a single attachment that Defendants withheld is in fact so. Opp. at 9 (emphasis in original). The closest Defendants – who have the burden – get to supporting withholding non-privileged attachments is: "In-house lawyers provide legal advice concerning 'business topics' all the time." *Id*. Indeed, Defendants claim they have made a "*prima facie* showing*"*, and that Plaintiff's "speculation" is "not sufficient to rebut that *prima facie* showing." *Id*. This argument rings hollow. First, to the extent Plaintiff speculates, Defendants have only themselves to blame for providing an insufficient privilege log. Second, Defendants do not explain what a *prima facie* showing is, how they purportedly made one or what would be necessary to rebut that showing even if they had. In fact, Plaintiff can and has sufficiently rebutted Defendants' purported *prima facie* privilege claims by "not[ing] that numerous subject lines on logged emails appeared to reference business-related communications rather than the transmission of legal advice." *Dolby*, 402 F. Supp. 3d at 864-65. Thus, while Defendants' elsewhere purport to bolster the *prima facie* assertions in their log, they provide no support for their withholding of attachments, which must now be produced or justified with actual evidence.

### III. CONCLUSION

For the foregoing reasons, the Court should grant the Motion.

DATED: March 18, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH

    s/ Kenneth J. Black
KENNETH J. BLACK

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
TOR GRONBORG
JASON A. FORGE
RAPHAELLA FRIEDMAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
torg@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

LABATON SUCHAROW
CAROL C. VILLEGAS
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/883-7524 (fax)
cvillegas@labaton.com

Counsel for Employees' Retirement System of the State of Rhode Island

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED- 4:19-cv-02033-YGR - 11 -
4895-0495-4390.v1

|   |   |
|---|---|
| 1 | |
| 2 | VANOVERBEKE, MICHAUD & TIMMONY, P.C.<br>THOMAS C. MICHAUD |
| 3 | 79 Alfred Street<br>Detroit, MI  48201 |
| 4 | Telephone:  313/578-1200<br>313/578-1201 (fax) |
| 5 | tmichaud@vmtlaw.com |
| 6 | Additional Counsel |

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 18, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Kenneth J. Black
    KENNETH J. BLACK

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  kennyb@rgrdlaw.com

4895-0495-4390.v1

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,lobas@pomlaw.com,abarbosa@pomlaw.co

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.co

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,lpina@labaton.com,5739893420@filings.docketbird.com,acoquin@labaton.com,electroniccasefiling@labaton.com,dsa

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,abarca@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,kennyb@rgrdlaw.com,e_file_sd@rgrdlaw.com,mtroncoso@rgrdlaw.com,jgelman@rgrdla

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`