# EXHIBIT 10
# [Filed Under Seal]

CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                    OAKLAND DIVISION
 4
       In re APPLE INC. SECURITIES    )
 5     LITIGATION                     ) Case No.
       ------------------------------) 4:19-cv-02033-YGR
 6     This Document Relates To:      )
                                      )
 7         ALL ACTIONS.               )
       ------------------------------)
 8
 9                         - - -
10              WEDNESDAY, AUGUST 4, 2021
11                         - - -
12         ***CONFIDENTIAL - UNDER PROTECTIVE ORDER***
13         30(b)(6) Videotaped Remote Deposition of JUSTIN
14     MAISTRO, 30(b)(6), on behalf of Employees' Retirement
15     System of the State of Rhode Island, beginning at
16     11:36 A.M., before Nancy J. Martin, a Registered Merit
17     Reporter, Certified Shorthand Reporter.  All parties
18     appeared remotely.
19
20
21
22
23
24
25
```

Page 1

Veritext Legal Solutions
866 299-5127

CONFIDENTIAL

```
 1    A P P E A R A N C E S :
 2
      ARIEL WINAWER, ATTORNEY AT LAW
 3    TRISTAN ALLEN, ESQ.
      ORRICK HERRINGTON & SUTCLIFFE
 4    405 Howard Street
      San Francisco, California  94105-2675
 5    (415) 773.5992
      awinawer@orrick.com
 6    tallen@orrick.com
      Counsel for Defendants
 7
 8
      KENNETH BLACK, ESQ.
 9    ROBBINS GELLER RUDMAN & DOWD LLP
      One Montgomery Street
10    Suite 1800
      San Francisco, California  94104
11    (415) 288-4545
      shawnw@rgrdlaw.com
12    Counsel for Plaintiffs
13
14    CHRISTINE M. FOX, ATTORNEY AT LAW
      CAROL VILLEGAS, ATTORNEY AT LAW
15    LABATON SUCHAROW
      140 Broadway
16    34th Floor
      New York, New York  10005
17    (212) 907-0700
      cfox@labaton.com
18    Counsel for Plaintiffs and the Class
19
      ALSO PRESENT:
20
      STEPHANIE FINE, IN-HOUSE COUNSEL, APPLE INC.
21
22    JILL WARREN, LEGAL VIDEOGRAPHER
23
24
25
```

Page 2

| | | |
|---|---|---|
| 1 | A. Yes. | 13:29:04 |
| 2 | Q. And I think you spoke of earlier that the | 13:29:05 |
| 3 | reason Rhode Island is not lead plaintiff now is | 13:29:07 |
| 4 | because some of the alleged misstatements with the | 13:29:11 |
| 5 | longer class period are no longer at issue in the | 13:29:15 |
| 6 | case. Is that correct? | 13:29:17 |
| 7 | A. Correct. | 13:29:18 |
| 8 | Q. Okay. Do you know which of the plaintiffs in | 13:29:19 |
| 9 | this litigation have the biggest claim losses between | 13:29:29 |
| 10 | November 2, 2018 and January 2, 2019? | 13:29:32 |
| 11 | A. It's Norfolk. | 13:29:38 |
| 12 | Q. And did you take a look at that loss | 13:29:39 |
| 13 | information yourself? | 13:29:41 |
| 14 | A. I briefly skimmed it. I can't recall that | 13:29:49 |
| 15 | information at all. | 13:29:51 |
| 16 | Q. Are you aware that the stock loss information | 13:29:52 |
| 17 | that Norfolk provided in connection with its lead | 13:29:55 |
| 18 | plaintiff motion was misstated? | 13:29:58 |
| 19 | A. Yes. | 13:30:07 |
| 20 | Q. And what do you know about that? | 13:30:07 |
| 21 | A. From my understanding, it has since been | 13:30:08 |
| 22 | corrected and they still have suffered significant | 13:30:11 |
| 23 | losses. | 13:30:13 |
| 24 | Q. Have you personally reviewed the errata that | 13:30:19 |
| 25 | Norfolk filed with the Court correcting its mistake? | 13:30:21 |

Veritext Legal Solutions
866 299-5127

| | | |
|---|---|---|
| 1 | A. I will do my best to recall from all the | 13:30:24 |
| 2 | documents that I did review. You know what? I don't | 13:30:28 |
| 3 | want to, again, say something with 100 percent | 13:30:33 |
| 4 | certainty that I'm not 100 percent confident in. So I | 13:30:37 |
| 5 | will say I believe that I have, or at least I'm aware | 13:30:41 |
| 6 | of its existence. | 13:30:44 |
| 7 | Q. Okay. And I think you answered yes, but do | 13:30:45 |
| 8 | you know whether, with this purportedly corrected stop | 13:30:48 |
| 9 | loss information, Norfolk still has the largest | 13:30:52 |
| 10 | claimed losses of any named plaintiff? | 13:30:56 |
| 11 | A. As far as I'm aware, yes. | 13:31:00 |
| 12 | Q. Okay. Are you aware that defendants' | 13:31:01 |
| 13 | opposition to the motion for class certification | 13:31:03 |
| 14 | asserts that Norfolk's errata is itself still | 13:31:05 |
| 15 | incorrect? | 13:31:08 |
| 16 | A. I do not know that. | 13:31:16 |
| 17 | Q. Given the errors in Norfolk's submission to | 13:31:21 |
| 18 | the Court, do you believe that Norfolk should still be | 13:31:24 |
| 19 | lead plaintiff in this case? | 13:31:27 |
| 20 | A. Yes. | 13:31:30 |
| 21 | Q. And why is that? | 13:31:31 |
| 22 | A. Like I said, from my understanding, that has | 13:31:32 |
| 23 | been corrected and any corrected version would still | 13:31:36 |
| 24 | put Norfolk in a position where they've suffered | 13:31:42 |
| 25 | significant losses, largest of any investor in the | 13:31:46 |

Page 72

| | | |
|---|---|---|
| 1 | class period. | 13:31:51 |
| 2 | MS. WINAWER: Now would be a good time for a | 13:31:58 |
| 3 | quick five-minute break, if that works for everyone. | 13:32:00 |
| 4 | THE WITNESS: Please. | 13:32:03 |
| 5 | THE VIDEOGRAPHER: This is the end of Media | 13:32:05 |
| 6 | No. 2. Off the record at 1:32 p.m. | 13:32:07 |
| 7 | (A recess was taken from 1:32 p.m. | 13:45:03 |
| 8 | to 1:45 p.m.) | 13:45:03 |
| 9 | THE VIDEOGRAPHER: We are back on the record | 13:45:11 |
| 10 | at 1:45 p.m. This is the beginning of Media No. 3. | 13:45:14 |
| 11 | MS. WINAWER: Okay. Mr. Maistro, thank you | 13:45:18 |
| 12 | very much for your time this morning. I don't have | 13:45:20 |
| 13 | any further questions for you. | 13:45:22 |
| 14 | THE WITNESS: Thank you. | 13:45:27 |
| 15 | MS. FOX: I have a couple of follow-up | 13:45:28 |
| 16 | questions, and I'd like to have the reporter mark the | 13:45:29 |
| 17 | document I sent him as Exhibit No. 10. | 13:45:33 |
| 18 | (Deposition Exhibit 10 was marked for | 13:46:02 |
| 19 | identification.) | 13:46:02 |
| 20 | MS. FOX: For the record we have introduced | 13:46:03 |
| 21 | as Exhibit No. 10 a document bearing the Bates stamp | 13:46:04 |
| 22 | RHODE ISLAND_000902 to -907, and it is entitled, | 13:46:09 |
| 23 | "Transaction Detail | 13:46:19 |
| 24 | "Traded By Transaction Category," August 1, | 13:46:20 |
| 25 | 2018 through March 31, 2019. | 13:46:24 |

CONFIDENTIAL

| | | |
|---|---|---|
| 1 | EXAMINATION | 13:46:33 |
| 2 | BY MS. FOX: | 13:46:34 |
| 3 | Q.  Have you seen this document before? | 13:46:34 |
| 4 | A.  Is that question directed at me? | 13:46:37 |
| 5 | Q.  Yes, it is directed at you. | 13:46:43 |
| 6 | A.  Yes, I have seen this. | 13:46:45 |
| 7 | Q.  And what -- what is this document, if you | 13:46:46 |
| 8 | know? | 13:46:49 |
| 9 | A.  A transaction log for Apple stock in The Fund | 13:46:50 |
| 10 | for the period beginning August 1, 2018, ended | 13:46:57 |
| 11 | March 31, 2019. | 13:47:02 |
| 12 | Q.  And do you have an understanding of where the | 13:47:04 |
| 13 | data contained in this document was pulled from? | 13:47:07 |
| 14 | A.  Yes. | 13:47:12 |
| 15 | Q.  And please tell me what that is. | 13:47:13 |
| 16 | A.  It's our custodian bank, their platform, | 13:47:16 |
| 17 | BNY Mellon, their portal. | 13:47:21 |
| 18 | Q.  And if I could direct your attention to -- | 13:47:25 |
| 19 | I'm sorry.  Strike that. | 13:47:28 |
| 20 | Does this reflect certain transactions by | 13:47:29 |
| 21 | Rhode Island in Apple stock during the time frame | 13:47:32 |
| 22 | August 1, 2018 through March 31, 2019? | 13:47:37 |
| 23 | A.  Yes. | 13:47:41 |
| 24 | Q.  Okay.  If I could direct your attention to | 13:47:42 |
| 25 | the document which bears the identifier -- it's called | 13:47:45 |

Page 74