JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:      (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Civil Action No. 4:19-cv-02033-YGR<br><br>**DECLARATION OF JAMES N. KRAMER IN RESPONSE TO LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 249)**<br><br>Judge:    Honorable Yvonne Gonzalez Rogers |

I, James N. Kramer, declare as follows:

1. I am a partner at Orrick, Herrington, & Sutcliffe LLP, counsel for Apple Inc., Timothy Cook, and Luca Maestri (collectively "Defendants"). Pursuant to Civil Local Rule 79-5, I submit this declaration in response to Lead Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 249, the "Administrative Motion"). I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. The Administrative Motion was filed in connection with a non-dispositive motion, namely, Lead Plaintiff's Motion for Leave to File the [Proposed] Second Amended Class Action Complaint (the "Motion for Leave"). When parties seek to seal material submitted in connection with non-dispositive motions, like the Motion for Leave, they need only demonstrate "good cause" in support of their requests to seal, and need not satisfy the more stringent "compelling reasons" standard that applies in connection with dispositive motions and trial. *See Dunbar v. Google, Inc.*, 2012 WL 6202719, at *2 (N.D. Cal. Dec. 12, 2012) ("good cause" standard applies in connection with request to seal material in connection with motion for leave to amend); *Santelices v. Apttus Corp.*, 2020 WL 5870509, at *4 (N.D. Cal. Oct. 20, 2020) (same); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("This 'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard."); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[W]hen a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released.").

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g., In Re Qualcomm Litig.*, No. 17-00108, Dkt. 3981 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

3. Defendants join the Administrative Motion in whole. Defendants request that the Court maintain under seal the entirety of the material that Plaintiff has lodged under seal in connection with the Administrative Motion, consisting of the portions of Plaintiff's Motion for Leave, and the portions of Plaintiff's [Proposed] Second Amended Class Action Complaint, that reference confidential information produced by Defendants in discovery in this action. There is ample good cause to support Defendants' sealing request.[2]

4. Apple operates in an intensely competitive sphere. It occupies a unique position as a leader within the global technology marketplace. Apple has serious and legitimate concerns that competitors will be quick to exploit internal financial figures and projections and non-public business strategies and communications. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

5. Specifically, Defendants seek to seal: (1) non-public financial and sales information and other non-public, confidential business information, including information about Apple's dealings with its resellers and suppliers, Apple's internal business processes and financial forecasting procedures, and its analysis of competitors; (2) information that involves employee privacy rights; and (3) proprietary information of third parties.

6. Apple first seeks to seal non-public financial and sales information, including internal sales figures and projections, and other non-public, confidential business information, including information about Apple's dealings with its resellers and suppliers, and its analysis of competitors. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S.

---

[2] Defendants acknowledge that if the Court were to grant Plaintiff's Motion for Leave, and were to permit Plaintiff to file the proposed Second Amended Complaint, Defendants might then need to make a showing that sealing of the confidential material referenced in the Second Amended Complaint is also appropriate under the heightened "compelling reasons" standard. But for now, the Second Amended Complaint is only a *proposed* pleading. Defendants have explained, in their concurrently-filed Opposition, the numerous reasons why the Court should not grant leave to amend. In the meantime, because the Motion for Leave is a nondispositive motion, "the usual presumption of the public's right to access is rebutted." *Phillips*, 307 F.3d at 1213. The Motion for Leave should not be used as a vehicle to place large volumes of confidential, non-public Apple information into the public record.

Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing). These disclosures would provide Apple's competition confidential information about Apple's business model, non-public financial information, strategy, and other internal business operations, that competitors would not have been able to access in the ordinary course of business. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (concluding the district court abused its discretion in denying a motion to seal about "profit, cost, and margin data"). Disclosure of this information would also undermine Apple's partnerships with its resellers and suppliers. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

7. Apple also seeks to seal information implicating the privacy rights of an individual employee. Disclosure of this information would infringe upon the employee's privacy rights. *See Houston Mun. Emps. Pension Sys. v. BofI Holding, Inc.*, Case No. 15-CV-2324-GPC, 2017 WL 11681841, at *1–2 (S.D. Cal. Mar. 23, 2017) (finding privacy interests to be sufficient reason to seal information regarding former employee).

8. Finally, Apple seeks to seal information produced by Apple that implicates proprietary information belonging to third parties. *See Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, 2022 WL 523549, at *3 (M.D. Fla. Feb. 22, 2022) (finding good cause to seal "confidential business information from nonparties").

9. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information.

10. Set forth below is a chart detailing the specific items that are sealable for the reasons explained herein.

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Motion for Leave, p. i, lines 8-16 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| Motion for Leave, pp. 2:20-3:18 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| Motion for Leave, pp. 5:19-14:23 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| Motion for Leave, pp. 17:25-18:2; 18:5-27; 19:3-10; 19:14-20:17; 20:25-28; fn. 20; 25:1-20 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| [Proposed] Second Amended Complaint, p. i, lines 22-27; p. ii, lines 3-4, lines 7-8. | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| [Proposed] Second Amended Complaint, pp. 2:20-3:3; 3:5; 3:8-10; 3:13-19. | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| [Proposed] Second Amended Complaint, pp. 11:3-10; 25:6-24; 27:5-10 | Contains proprietary information belonging to third parties / Kramer Decl. ¶ 8. |
| [Proposed] Second Amended Complaint, p. 12:8-20 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| [Proposed] Second Amended Complaint, pp. 19:9-20:17; 21:23; 22:20-23 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| [Proposed] Second Amended Complaint, pp. 27:11-24 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| [Proposed] Second Amended Complaint, pp. 28:14-27; 29:8-45:17 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| [Proposed] Second Amended Complaint, p. 47:13-24 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| [Proposed] Second Amended Complaint, p. 47:24-27 | Contains non-public employee information implicating the employee's privacy / Kramer Decl. ¶ 7. |
| [Proposed] Second Amended Complaint, pp. 48:1-49:18; 50:25-51:10 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed in San Francisco, California on July 26, 2022.

                                          */s/ James N. Kramer*
                                          JAMES N. KRAMER