JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR<br><br>**DECLARATION OF JAMES N. KRAMER IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:    Honorable Yvonne Gonzalez Rogers |

I, James N. Kramer, declare as follows:

1.     I am a partner at Orrick, Herrington, & Sutcliffe LLP, counsel for Apple Inc., Timothy Cook, and Luca Maestri (collectively "Defendants"). Pursuant to Civil Local Rule 79-5, I submit this declaration in support of Defendants' Administrative Motion to File Under Seal (the "Motion to File Under Seal"), filed concurrently herewith. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.     Defendants are filing the Motion to File Under Seal in connection with a non-dispositive motion, namely, Lead Plaintiff's Motion for Leave to File the [Proposed] Second Amended Class Action Complaint (the "Motion for Leave"). When parties seek to seal material submitted in connection with non-dispositive motions, like the Motion for Leave, they need only demonstrate "good cause" in support of their requests to seal, and need not satisfy the more stringent "compelling reasons" standard that applies in connection with dispositive motions and trial. *See Dunbar v. Google, Inc.*, 2012 WL 6202719, at *2 (N.D. Cal. Dec. 12, 2012) ("good cause" standard applies in connection with request to seal material in connection with motion for leave to amend); *Santelices v. Apttus Corp.*, 2020 WL 5870509, at *4 (N.D. Cal. Oct. 20, 2020) (same); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("This 'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard."); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[W]hen a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g., In Re Qualcomm Litig.*, No. 17-00108, Dkt. 3981 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1  released.").

2  3.      Defendants request that the Court maintain under seal the redacted portion of
3  Defendants' opposition to Plaintiff's Motion for Leave, and the redacted portion of one
4  supporting exhibit, that reference confidential information produced by Defendants in discovery
5  in this action. There is ample good cause to support Defendants' sealing request.

6  4.      Apple operates in an intensely competitive sphere. It occupies a unique position as
7  a leader within the global technology marketplace. Apple has serious and legitimate concerns
8  that competitors will be quick to exploit internal financial figures and projections and non-public
9  business strategies and communications. As such, Apple takes extensive measures to protect the
10 confidentiality of its proprietary information.

11 5.      Specifically, Defendants seek to maintain under seal non-public financial
12 information, including internal financial projections and other non-public, confidential business
13 information, including information about Apple's dealings with its resellers, and its analysis of
14 competition. The public disclosure of such information would cause Apple economic harm and
15 put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d
16 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S.
17 Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business
18 information that could be used to harm a litigant's competitive standing). These disclosures
19 would provide Apple's competition confidential information about Apple's non-public financial
20 information and strategy, that competitors would not have been able to access in the ordinary
21 course of business. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir.
22 2013) (concluding the district court abused its discretion in denying a motion to seal about
23 "profit, cost, and margin data").

24 6.      The information Apple seeks to protect is foundational to its business, and Apple
25 has exerted great effort and undertaken substantial expense to protect such information.

26 7.      Set forth below is a chart detailing the specific items that are sealable for the
27 reasons explained herein.

28

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Defendants' Opposition to Plaintiff's Motion for Leave to File Second Amended Class Action Complaint, p. 13, fn. 6. | Contains non-public, confidential business information / Kramer Decl. ¶ 5. |
| Declaration of James N. Kramer in Support of Opposition to Plaintiff's Motion for Leave to File Second Amended Class Action Complaint, Ex. 2 (Lead Plaintiff's Responses to Apple's Second Set of Interrogatories) at 5:21-6:16. | Contains non-public, confidential business information / Kramer Decl. ¶ 5. |

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed in San Francisco, California on July 26, 2022.

                                                  */s/ James N. Kramer*
                                                  JAMES N. KRAMER