

July 29, 2022

*Via CM/ECF*

Hon. Yvonne Gonzalez Rogers
United States District Judge
United States District Court for the Northern District of California
1301 Clay Street
Oakland, CA 94612

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700

orrick.com

James N. Kramer
E  jkramer@orrick.com
D  +1 415 773 5923
F  +1 415 773 5759

Re:   *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR
      Defendants' Request for Motion for Summary Judgment Pre-Filing Conference

Dear Judge Gonzalez Rogers:

     I write on behalf of Defendants Apple Inc. ("Apple" or the "Company"), Timothy Cook, and Luca Maestri (collectively, "Defendants") to request leave to file a motion for summary judgment. Defendants propose that the Court set a pre-filing conference on August 10, at 2:00 p.m.

     The evidence in this case establishes that Plaintiff's securities fraud claim against Apple and Mr. Cook under Section 10(b) of the Exchange Act has no basis in fact. According to Plaintiff, Mr. Cook made a material misstatement during Apple's Fourth Quarter Fiscal Year 2018 Earnings Conference Call ("FQ4 2018 Call") on November 1, 2018. On that call, an analyst observed that "there has been some real deceleration in some of these emerging markets," and asked Mr. Cook to "talk about how you see the trajectory there for the business." In response, Mr. Cook explained that "the emerging markets that we're seeing pressure in are markets like Turkey, India, Brazil, Russia. These are markets where currencies have weakened over the recent period. In some cases, that resulted in us raising prices, and those markets are not growing the way we would like to see." After illustrating how those markets underperformed in the prior quarter, Mr. Cook went on to say that "in relation to China specifically, **I would not put China in that category**," and noted that "our business in China was very strong last quarter." Plaintiff claims that those bolded words (the "Challenged Statement") were misleading because Apple was "seeing pressure" in China as of the FQ4 2018 Call.

     As Defendants' motion for summary judgment will show, Plaintiff cannot point to any admissible evidence creating a material dispute as to either the alleged falsity of the Challenged Statement, or Mr. Cook's alleged scienter when he made it. Rather, the undisputed evidence establishes that the Challenged Statement was not materially false or misleading, and that in any event Mr. Cook did not act with scienter when he made it.

     **Falsity.** The evidence shows that, just as Mr. Cook described on the FQ4 2018 Call, China's currency had been more stable than those of Turkey, India, Brazil, and Russia over the recent period, which resulted in less of an adverse impact to Apple's revenue from China in FQ4 2018, which grew 16%. Those facts are undisputed, and show that China was, in fact, not in the "same category" as Turkey, India, Brazil, and Russia.

Hon. Yvonne Gonzalez Rogers
July 29, 2022
Page 2

According to Plaintiff, the Challenged Statement conveyed to investors that, as of November 1, 2018, Apple was not experiencing any "pressure" on its business in China, period. At the pleading stage, Plaintiff benefitted from an inference that the Challenged Statement might "plausibly" be considered an intra-quarter update on Apple's business in China. But Mr. Cook's testimony is that he was comparing the impact of currency fluctuations on Apple's business in China to its business in other emerging markets **in FQ4 2018**. Other witnesses, including everyone deposed by Plaintiff, also understood Mr. Cook to be referring to FQ4 2018 given that the subject matter of the FQ4 2018 Call was Apple's FQ4 2018 results, Mr. Cook explicitly referenced the "recent period" and "last quarter" in his statements, and Apple does not provide intra-quarter updates or region-specific guidance.

Importantly, the analysts who covered Apple's stock overwhelmingly understood the Challenged Statement in the way that Mr. Cook intended it—as a statement comparing Apple's business in China to other emerging markets during the prior fiscal quarter. The evidence shows that **not one** analyst reported Mr. Cook to say there was "no pressure" on Apple's business in China one month into Apple's fiscal first quarter of 2019. Such a statement would have been newsworthy given the market's pessimism about China's slowing smartphone market. Instead, the very analyst who asked the question of Mr. Cook wrote in the first paragraph of his November 2, 2018 report downgrading Apple that "we expect [near-term] pressure on shares driven by: (1) iPhone unit pressure from weakening emerging markets." He further noted that "China was strong in [FQ4 2018] but emerging signs of weakness could pressure the next few quarters."

Moreover, the analyst reports published shortly after the Challenged Statement reported it as concerning Apple's FQ4 2018 results. The Ninth Circuit applies an "objective standard of a 'reasonable investor' to determine whether a statement is misleading," *In re Alphabet Inc. Sec. Litig.*, 1 F.4th 687, 699 (9th Cir. 2021), and analyst reports are objective indicators of how investors interpret corporate disclosures, *see In re Oracle Sec. Litig.*, 627 F.3d 376, 393 (9th Cir. 2010) (affirming summary judgment and crediting the existence of "numerous analyst reports" in reaching its conclusion on how "the market understood Oracle's earnings miss"). In this case, analyst reports confirm that the Challenged Statement was interpreted as concerning Apple's FQ4 2018. *See, e.g.*, *In re Symbol Tech. Sec. Class Action Litig.*, 950 F. Supp. 1237, 1244 (E.D.N.Y. 1997) (granting summary judgment in large part because "analysts' interpretations of the [challenged] statement all suggest[ed] that the statement was limited to assessing the second quarter earnings" rather than providing an update "for the third and fourth quarters"). To the extent Plaintiff can point to a few outlier analyst reports interpreting the Challenged Statement differently, the existence of a handful of outliers is not enough to avoid summary judgment. *See Oracle*, 627 F.3d at 393 (noting that "while Plaintiffs did find two analyst reports purportedly questioning this explanation, these reports would not allow a jury reasonably to render a verdict in their favor in light of the agglomeration of evidence supporting a contrary conclusion").

Even if the Challenged Statement had been understood by the market to be an intra-quarter update on Apple's business in China as of November 1, 2018—and it was not—the evidence also confirms that, at the time of the Challenged Statement, China was still not "in the category" of emerging markets like Turkey, India, Brazil, and Russia, where currency fluctuations were affecting Apple's revenue growth. Indeed, the only way in which the Challenged Statement becomes misleading is to accept Plaintiff's baseless claim (as articulated in its interrogatory responses) that Mr. Cook supposedly said, "Apple was [not] experiencing any deceleration or pressure on its business

Hon. Yvonne Gonzalez Rogers
July 29, 2022
Page 3

in China." But Mr. Cook said no such thing—in fact, in the same response in which the Challenged Statement was made, Mr. Cook discussed the serious pressures facing Apple's gaming app business in China. And as noted above, the very next day, the analyst who asked Mr. Cook the question that prompted the Challenged Statement reported that "**we expect meaningful deceleration** [in Apple's business in China] heading into [FQ1 2019]." And even if Mr. Cook had made the statement that Plaintiff asserts, Apple was at that time still on track to meet the revenue guidance it gave to the market that same day, notwithstanding whatever deceleration or pressure the Company's business may have been experiencing in China.

**Scienter.** There is no evidence of Mr. Cook's (and by extension Apple's) alleged scienter, which involves a "mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976). There are no indicia of an intent to mislead, such as evidence that Mr. Cook benefitted in any way from the alleged fraud. Mr. Cook did not sell any Apple stock (and thus suffered losses himself), and Apple repurchased over a billion dollars of its own stock at allegedly inflated prices. As Ninth Circuit courts have held, "undisputed evidence that defendants were actually **harmed** by their alleged fraud often negates an inference of scienter and supports entry of summary judgment for defendants." *Schuster v. Symmetricom, Inc.*, 2000 WL 33115909, at *7 (N.D. Cal. Aug. 1, 2000) (citing *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1427-28 (9th Cir.1994)), *aff'd*, 35 F. App'x 705 (9th Cir. 2002).

Nor is there any evidence that Mr. Cook acted with "deliberate recklessness." To establish deliberate recklessness, the alleged false statement must be the product of an "extreme departure" from the standard of ordinary care and "present a danger of misleading buyers or sellers 'that is either known to the defendant or is so obvious that the actor must have been aware of it.'" *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1094 (9th Cir. 2010). If Mr. Cook himself intended the Challenged Statement to refer to FQ4 2018, and analysts understood the statement in the same way, how can Plaintiff prove that it was "so obviously" misleading that Mr. Cook knew it? Given the absence of "obvious" falsity, Plaintiff will be unable to avoid summary judgment on scienter merely by arguing that a factfinder must judge Mr. Cook's credibility. *See Kaplan v. Rose*, 49 F.3d 1363, 1380 (9th Cir. 1994) ("Even viewing the evidence in the light most favorable to [plaintiff], these affidavits, uncontradicted by any evidence of insider trading or other evidence of scienter, are enough to justify granting [defendants] summary judgment on the issue of their scienter.").[1]

For these reasons, Defendants respectfully request leave to move for summary judgment.

Respectfully submitted,

*/s/ James N. Kramer*

James N. Kramer

---

[1] Irrespective of its Section 10(b) claim against Mr. Cook and Apple, Plaintiff's claim against Mr. Maestri for control person liability under Section 20(a) fails as a matter of law because the undisputed evidence establishes that he acted in "good faith" and did not "induce" Mr. Cook's alleged oral misstatement in any way. *See Howard v. Everex Sys.*, 228 F.3d 1057, 1065-66 (9th Cir. 2000).