**Robbins Geller**
**Rudman & Dowd** LLP

Boca Raton  Melville  San Diego
Chicago  Nashville  San Francisco
Manhattan  Philadelphia  Washington, D.C.

Shawn A. Williams
shawnw@rgrdlaw.com

[REDACTED]

VIA ECF

August 3, 2022

Hon. Yvonne Gonzalez Rogers
United States District Judge
United States District Court for the Northern District of California
1301 Clay Street
Oakland, CA 94612

Re:  *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR (N.D. Cal.)

Dear Judge Gonzalez Rogers:

Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") hereby submits this response to Defendants'[1] Request for Motion for Summary Judgment Pre-Filing Conference (ECF 271). Plaintiff alleges that during a November 1, 2018 conference call, Defendants materially misrepresented the current state of Apple's business in Greater China, including demand for its newly released iPhone XR. Defendants now seek to move for summary judgment on two elements of Plaintiff's securities fraud claim: (i) material misrepresentation or omission and (ii) scienter. The undisputed facts, including deposition testimony of Cook and Maestri, demonstrate that Defendants' proposed motion will be a significant waste of resources for the parties and the Court.

Discovery has yielded uncontroverted evidence that, as of November 1, 2018, ███████ ███████████████████████████████████████████████████. In fact, ███████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ████████████████████████.

These facts are undisputed. These facts were also ***known*** to Apple, Cook, and Maestri on November 1, 2018.[2] None, however, were disclosed to investors during the November 1, 2018 conference call. Instead, when an analyst asked Cook about economic deceleration in China and the trajectory for Apple's business there, Cook explicitly excluded China from the emerging markets where the Company was experiencing pressure on its business:

> [Analyst:] *Tim, there has been some real deceleration in some of these emerging markets*, partly driven by some concerns around some of the rules the

---

[1] "Defendants" are Apple Inc. ("Apple" or the "Company"), Timothy D. Cook ("Cook"), and Luca Maestri ("Maestri").

[2] Much of the evidence proving these facts are quoted in Plaintiff's [Proposed] Second Amended Class Action Complaint for Violation of the Federal Securities Laws. ECF 250-2.

administration is contemplating and *partly driven by things that are more specific to China*, for instance, like some of the regulations around gaming. *So can you talk about how you see the trajectory there for the business* . . . .

[Cook:] Sure. *Great question*. Starting with emerging markets. *The emerging markets that we're seeing pressure in are markets like Turkey, India, Brazil, Russia, these are markets where currencies have weakened over the recent period*. In some cases, that resulted in us raising prices, *and those markets are not growing the way we would like to see*. . . .

. . . *In relation to China specifically, I would not put China in that category. Our business in China was very strong last quarter. We grew 16%, which we're very happy with. iPhone, in particular, was very strong double-digit growth there*.

The clear and undisputed evidence demonstrates that Cook's statement was materially false and misleading: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Unsurprisingly, Defendants' letter studiously avoids any mention of any evidence from Apple's contemporary internal documents.

Unable to respond to Plaintiff's claim as alleged, Defendants attempt, yet again, to reframe Cook's misstatement. Despite Cook's acknowledgment that the question about deceleration in China and the trajectory for the business there was a "great question," Defendants now seek to argue that Cook's response was only referring to foreign currency conditions, not deceleration or pressure in China.[3] Defendants' intent to present evidence that currency in China was more stable than it was in Turkey, India, Brazil, and Russia is irrelevant to the misleading impression Cook's statement left on investors. And what Cook "meant" when he said he would not put China in that category "does not alter the conclusion that a genuine dispute exists as to whether the challenged statement was misleading." *In re Twitter Inc. Sec. Litig.*, 2020 WL 4187915, at *8 n.8 (N.D. Cal. Apr. 17, 2020).[4]

In order to raise a genuine issue of material fact and defeat summary judgment on falsity, Plaintiff need only "demonstrate that a particular statement, when read in light of all the information then available to the market, or a failure to disclose particular information, conveyed a false or misleading impression." *In re Convergent Techs. Sec. Litig.*, 948 F.2d 507, 512 (9th Cir. 1991). Accordingly, Defendants' argument that the investing public interpreted Cook's response to be about foreign currency is easily refuted. The evidence shows that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3] Defendants' repeated assertion that Plaintiff alleged Cook's November 1 statement was considered an intra-quarter update on Apple's business in China is yet another in a series of unfounded distortions of Plaintiff's claims. Nowhere does Plaintiff allege that Apple provided an intra-quarter update.

[4] All citations and footnotes omitted and emphasis added unless otherwise indicated. Defendants' letter says "Mr. Cook's testimony is that he was comparing the impact of currency fluctuations on Apple's business in China to its business in other emerging markets in FQ4 2018." However, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. A declaration at summary judgment would require a credibility assessment that must be reserved for the trier of fact. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

4872-7334-9421 v2

███████████████████████████████████████

███████████████████████████████████████

████████████████████████  And *Yahoo! Finance* reported that Defendants had lost "credibility" after giving the impression "on November 1, [that] Apple was in fine standing around the globe." These facts alone, to say nothing of the uncontroverted evidence that Plaintiff has obtained in discovery, will defeat Defendants' proposed motion for summary judgment on falsity.

Defendants mischaracterize analyst reaction to Cook's statement, but even if they had not, their attempted reliance on *In re Oracle Sec. Litig.*, 627 F.3d 376 (9th Cir. 2010), is misplaced. In that case, analysts reported that Oracle's earnings miss was due to lost sales at the end of the quarter, not defects in the company's software, which were alleged to be the gravamen of the fraud. The court noted while plaintiff identified two analyst reports that tied Oracle's earnings miss to software issues, those two reports were insufficient to raise a genuine issue of fact on **loss causation** – not falsity. *Id.* at 393. The facts and issues presented here are not analogous.

Defendants' motion as it relates to scienter will also fail. First, "'[g]enerally, scienter should not be resolved by summary judgment.'" *Twitter*, 2020 WL 4187915, at *12 (quoting *Provenz v. Miller*, 102 F.3d 1478, 1489-90 (9th Cir. 1996)). Second, that Cook did not sell stock or that Apple repurchased shares during the Class Period, does not **negate** scienter at summary judgment. *Id.* at *14 (quoting *No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 944 (9th Cir. 2003) ("'Scienter can be established even if the officers who made the misleading statements did not sell stock during the class period. . . .'") (alteration in original); *Davis v. Yelp Inc.*, 2021 WL 4923359, at *13 (N.D. Cal. Sept. 17, 2021) (same).[5] Third, Plaintiff will present facts (not argument) that ███

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

████████████████  *See Yelp*, 2021 WL 4923359, at *13-*14 & n.7 (denying summary judgment and declining to address whether defendants acted recklessly because there was "more than enough evidence they had actual knowledge").

Defendants' motion for summary judgment will be futile. Defendants request the Court hold a pre-summary judgment conference on August 10, 2022, a date on which the Court indicated it is unavailable. Plaintiff requests that the Court schedule the conference on August 15, 16, or 17, 2022.

Respectfully submitted,

s/ Shawn A. Williams
SHAWN A. WILLIAMS

SAW:rb

---

[5] ███████████████████████████████████████

4872-7334-9421 v2

**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 3 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Shawn A. Williams
SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
Email: shawnw@rgrdlaw.com

**Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.co

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,lpina@labaton.com,5739893420@filings.docketbird.com,electroniccasefiling@labaton.com,dsaldamando@labaton.com

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,abarca@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`