JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 (415) 773-5700
Facsimile:     +1 (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Civil Action No. 4:19-cv-02033-YGR<br><br>**DEFENDANTS' EMERGENCY ADMINISTRATIVE MOTION FOR STAY OF DISCOVERY ORDER PENDING REVIEW AND FOR AN ADMINISTRATIVE STAY PENDING DECISION ON MOTION TO STAY**<br><br>Judge:    Honorable Yvonne Gonzalez Rogers |

Pursuant to Local Rule 7-11, Defendants Apple Inc., Timothy Cook, and Luca Maestri (collectively, "Defendants") hereby move this Court for an emergency stay of Magistrate Judge Spero's Order of August 3, 2022 (ECF No. 272) ("the Order") pending this Court's review. Defendants respectfully request an immediate order granting the stay, or, in the alternative, an administrative stay of the Order pending a decision on this motion to stay.

## I.   INTRODUCTION

Plaintiff contends that Defendants have failed to justify their assertion of attorney-client privilege as to 232 documents that have been divided into five categories. ECF No. 272 at 1. Following numerous meet-and-confer efforts and multiple rounds of briefing, on August 3, 2022, Magistrate Judge Spero ordered Defendants to produce certain specific documents by no later than August 5, 2022—just two days later—and additional documents by no later than August 12, 2022. *Id.* at 1, 43.

The Order addresses hotly disputed legal issues involving the application of attorney-client privilege. Defendants are filing objections to the Order pursuant to Federal Rule of Civil Procedure 72 concurrently with this motion for an emergency stay—well in advance of the August 17 deadline for doing so under Rule 72. But given the Order's impending deadline of August 5 to produce certain documents over which Defendants claim privilege, this Court's intervention is warranted.[1]

## II.   JUSTIFICATION FOR A STAY

Defendants request an emergency stay of the Order to allow for meaningful review of their objections. Absent a stay, Defendants will be effectively denied the right to seek relief. That fact alone justifies granting a stay pending review of the Rule 72 objections. *See Alvarez v. Larose*, No. 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (granting a stay because denying it "might preclude the district judge's ability to review [movants'] anticipated Rule 72 objection" and "effectively deprive [movants] of their right to reconsideration of the Discovery Order by the

---

[1] Defendants are seeking this Court's intervention directly because this Court will address the Order's merits in ruling on the Rule 72 objections filed concurrently with this emergency motion. The request for a stay and the objections are intertwined, particularly given the short two-day window for complying with the Order.

1  district judge altogether"); *see also Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL
2  2309972, at *1 (C.D. Cal. May 10, 2021) (granting a stay in part because "absent a stay
3  [movants] would be deprived of any meaningful right to reconsideration of the discovery order by
4  this Court").

5        A motion to stay the effect of a magistrate judge's order pending Rule 72 objections "is
6  akin to a motion for stay pending appeal." *In re Republic of Ecuador*, 2012 WL 13187177, at *2
7  (N.D. Cal. Mar. 30, 2012). Therefore, when considering motions to stay the effect of a
8  magistrate judge's nondispositive order, this Court applies the same four-factor test that applies to
9  a stay of a district court's order pending appellate review. *Id.*; *see also Alvarez*, 2020 WL
10  5632659, at *2. Those factors are: "(1) whether the movant has made a showing of likelihood of
11  success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay
12  is not granted; (3) whether the granting of the stay would substantially harm the other parties; and
13  (4) whether the granting of the stay would serve the public interest." *Alvarez*, 2020 WL 5632659,
14  at *2.

15        "[I]n the stay context," courts in this circuit adopt a "flexible approach" to the four-factor
16  test, balancing them on a "sliding scale." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir.
17  2011). The Court may thus order a stay if there are "serious questions" going to the merits and
18  "the balance of hardships tips sharply in [the movant's] favor." *Id.*; *see also Apple Inc. v.
19  Samsung Elec. Co.*, 2015 WL 13711858, at *1 (N.D. Cal. Apr. 7, 2015).

20        That test is easily satisfied here. The balance of hardships overwhelmingly favors a stay.
21  The harm Defendants would suffer from complying with the Order before review can occur is
22  significant and irreversible. By contrast, the harm to Plaintiff of staying the Order pending
23  review is minimal to none. Similarly, the public interest strongly supports a stay. And
24  Defendants' objections to the Order raise serious questions going to the heart of the attorney-
25  client privilege's application and the merits of the Order.

26
27
28

### A. The balance of hardships strongly favors a stay because Defendants will suffer irreparable harm if they have to disclose privileged materials.

There is no denying that Defendants will suffer irreparable injury if they are forced to comply with the Order. Disclosure of privileged materials and communications is a textbook example of harm that cannot be undone: Once the privileged documents are surrendered, confidentiality is lost forever. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010); *see also Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1088-89 (D.C. Cir. 2017) (finding challenge to subpoena-enforcement order to be moot following disclosure of privileged documents); *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 641 (8th Cir. 2001) (issuing a writ of mandamus directing vacatur of stayed disclosure order because "an appeal after disclosure of the privileged communication is an inadequate remedy" (internal quotation marks and citation omitted)). Put simply, the status quo could not be restored. The "privilege[] … would be irreparably harmed if the information in question were released prior to an appeal." *Connaught Labs., Inc. v. SmithKline Beecham PLC*, 165 F.3d 1368, 1370 (Fed. Cir. 1999) (cited by *Samsung*, 2015 WL 13711858, at *1). The magnitude of this injury alone justifies a stay.

What is more, denying Defendants the right to seek relief from the Order is itself an irreparable harm to Defendants. *See Samsung*, 2015 WL 13711858, at *1 (characterizing denial of meaningful right to seek relief of order compelling production of attorney-client privileged material as an irreparable injury for purposes of granting a stay). Indeed, the very "purpose of [a] stay proceeding" "is to preserve critical rights from being lost irretrievably pending objections or to maintain the status quo when a close question of law is involved in [a] nondispositive matter." *Dayco Prod., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992).

On the other side of the scale, a stay pending review would not cause Plaintiff significant injury. If Defendants are successful in challenging the Order, Plaintiff will suffer no harm at all; Plaintiff simply will not receive privileged material to which it has no right. *See Samsung*, 2015 WL 13711858 at *1; *see also id.* at *2 (noting that Apple did not oppose Samsung's stay motion). And if Defendants lose their challenge, Plaintiff's only injury would be "a short delay," which "'does not constitute substantial harm.'" *Id.* (quoting *United States v. Philip Morris*, 314 F.3d

1 612, 622 (D.D.C. 2003), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558
2 U.S. 100, 104 n.1 (2009)).  Balanced against the outsized and irreparable harm to Defendants
3 absent a stay, the insignificant potential harm to Plaintiff falls out of the picture.

### B. The public interest favors a stay.

As the *Samsung* court recognized, "[t]he attorney-client privilege advances 'broader public interests in the observance of law and administration of justice,'" and those broader interests weigh in favor of staying the disclosure of arguably privileged materials pending review. 2015 WL 13711858 at *2 (quoting *Upjohn Co. v. United States*, 448 U.S. 383, 389 (1981)).  "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn*, 448 U.S. at 389.  Compelled disclosure of privileged information in an order that is contrary to law undermines those public ends by eroding trust in the ability to rely on the privilege.  A stay preserves the sanctity of the privilege while its precise—and highly disputed—contours are determined by the presiding judge and, potentially, an appellate court.

### C. Defendants will likely succeed on the merits of their objections.

In addition to the overwhelming balance of hardships and public interest favoring a stay, Defendants have a strong likelihood of prevailing on the merits.  The Order presents important questions of law regarding the scope and application of the attorney-client privilege.  As explained in the concurrently-filed Motion for Relief, in directing Defendants to produce certain communications about internal preparations for Apple's January 2019 announcement that it would miss its quarterly revenue guidance, the Order first violated established law in concluding that, absent some express reference to a specific legal issue, an in-house lawyer's advice regarding that miss is primarily "business advice," not "legal advice."  The Magistrate Judge also clearly erred by concluding that certain internal communications about the announcement—even when they involved Apple's in-house counsel—were non-privileged because the communications primarily involved "business concerns."  In so holding, the Order relied upon nothing more than the Magistrate Judge's own experience and ignored the sworn testimony to the contrary.  Finally, the Order clearly erred in a third critical respect by failing to assess whether the communications

here had multiple purposes (including seeking legal advice) of equal significance, in which case they would be privileged. These weighty errors of law as to the merits further confirm that Defendants are entitled to a stay pending their resolution.

For the reasons set out above, Defendants respectfully request that the Court grant their Emergency Motion and stay the Order pending this Court's review of Defendants' Rule 72 objections, or, alternatively, administratively stay the Order pending a decision on the Emergency Motion.

Dated: August 5, 2022                                              ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                                    /s/ James N. Kramer
                                                                    JAMES N. KRAMER

                                                                    Attorneys for Defendants Apple Inc.,
                                                                    Timothy Cook, and Luca Maestri