ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
     – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff
[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
| | CLASS ACTION |
| This Document Relates To: | REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE THE [PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS |
| ALL ACTIONS. | |

DATE:      TBD
TIME:      2:00 p.m.
CTRM:     1, 4th Floor
JUDGE:    Hon. Yvonne Gonzalez Rogers

**[REDACTED]**

4880-3240-5805.v1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...........................................................................................................1

II.  ARGUMENT ................................................................................................................2

A.   Plaintiff Has Diligently Pursued the Claims Alleged and Sought
     Amendment Without Delay ...............................................................................2

     1.   Apple's Seven-Month Delay in Producing Documents Made
          Compliance with the Court's Deadline Impossible ...............................3

     2.   Plaintiff Aggressively Pursued Discovery and Was Diligent in
          Seeking Leave to Amend .......................................................................4

     3.   Courts Routinely Permit Amendment to Conform to the Evidence ...........5

B.   Justice Requires Leave to Amend as ████████████████████
     ████████████████████████████████ .................................7

C.   Defendants Fail to Identify Any Prejudice that Warrants Departure from
     the Ninth Circuit's Liberal Standard for Amendment ...........................................10

     1.   Defendants Will Not Suffer Any Prejudice Because They Have
          Been on Notice of the Facts Pled in the PSAC for Years.........................10

     2.   Granting the Motion Will Not Require Additional Fact Discovery ..........11

     3.   Permitting Leave to Amend Will Not Delay the Litigation on
          Account of Plaintiff..............................................................................12

D.   Plaintiff Did Not Delay Seeking Leave to Amend ...............................................13

E.   The New Facts Overwhelmingly Demonstrate that Amendment Is Not
     Futile ...............................................................................................................14

III. CONCLUSION..............................................................................................................15

1

<b>TABLE OF AUTHORITIES</b>

2

<b>Page</b>

3

**CASES**

4
*Ambac Assurance Corp. v. EMC Mortg. Corp.*,
  2010 WL 11595698 (S.D.N.Y. Dec. 16, 2010)
5
  *report and recommendation adopted in part*,
  2011 WL 566776 (S.D.N.Y. Feb. 8, 2011)................................................................3, 4, 5, 14
6

7
*Davis v. Paramo*,
  2018 WL 3532965 (S.D. Cal. July 23, 2018) ..............................................................7
8

9
*DCD Programs, Ltd. v. Leighton*,
  833 F.2d 183 (9th Cir. 1987) ..............................................................................13

10
*Deckers Outdoor Corp. v. JustFab Inc.*,
  2016 WL 7469584 (C.D. Cal. Feb. 9, 2016)..............................................................10
11

12
*Experexchange, Inc. v. Doculex, Inc.*,
  2009 WL 3837275 (N.D. Cal. Nov. 16, 2009) ..........................................................6, 7
13

14
*Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*,
  980 F. Supp. 2d 1160 (E.D. Cal. 2013)........................................................................7

15
*Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus.*,
  648 F.2d 1252 (9th Cir. 1981) ..............................................................................13
16

17
*In re Allstate Corp. Sec. Litig.*,
  2022 WL 2952816 (N.D. Ill. July 26, 2022)............................................................15
18

19
*In re Apple iPhone Antitrust Litig.*,
  2021 WL 5181862 (N.D. Cal. Nov. 8, 2021) ..........................................................6, 11

20
*In re Charles Schwab Corp. Sec. Litig.*,
  2009 WL 3429742 (N.D. Cal. Oct. 22, 2009)..........................................................6, 14
21

22
*In re Silver Wheaton Corp. Sec. Litig.*,
  2018 WL 1517130 (C.D. Cal. Mar. 26, 2018) ..........................................................5, 6
23

24
*Johnson v. Hewlett-Packard Corp.*,
  809 F. Supp. 2d 1114 (N.D. Cal. 2011),
  *aff'd*, 546 F. App'x 613 (9th Cir. 2013)........................................................................6
25

26
*Kirk v. U. S.*,
  232 F.2d 763 (9th Cir. 1956) ..............................................................................10

27
*Macomb Cnty. Employees' Ret. Sys. v. Align Tech., Inc.*,
  39 F.4th 1092 (9th Cir. 2022)..............................................................................15
28

**Page**

*MagTarget LLC v. Saldana*,
  2019 WL 1904205 (N.D. Cal. Apr. 29, 2019) .......................................................................2

*Miller v. Thane Int'l, Inc.*,
  519 F.3d 879 (9th Cir. 2008) ...........................................................................................14

*Ordaz Gonzalez v. Cnty. of Fresno*,
  2020 WL 2539287 (E.D. Cal. May 19, 2020) ......................................................................7

*Parker v. Joe Lujan Entes., Inc.*,
  848 F.2d 118 (9th Cir. 1988) .............................................................................................6

*Purple Mountain Tr. v. Wells Fargo & Co.*,
  432 F. Supp. 3d 1095 (N.D. Cal. 2020) ............................................................................15

*Reitman v. Champion Petfoods USA, Inc.*,
  2019 WL 3035060 (C.D. Cal. May 23, 2019) ......................................................................5

*Sako v. Wells Fargo Bank, Nat'l Ass'n*,
  2015 WL 5022326 (S.D. Cal. Aug. 24, 2015) ..................................................................6, 7

*Schwerdt v. Int'l Fidelity Ins. Co.*,
  28 F. App'x 715 (9th Cir. 2002) ..........................................................................................6

*Sierra Club v. Union Oil Co. of Cal.*,
  813 F.2d 1480 (9th Cir. 1987),
  *cert. granted, judgment vacated*, 485 U.S. 931 (1988).................................................10, 11

*Sjunde AP-Fonden v. Gen. Elec. Co.*,
  2022 WL 1078460 (S.D.N.Y. Apr. 11, 2022).....................................................................3, 4

*U.S. v. United Healthcare Ins. Co.*,
  848 F.3d 1161 (9th Cir. 2016) ..........................................................................................14

*Walsh v. Reliance Tr. Co.*,
  2022 WL 768145 (D. Ariz. Mar. 14, 2022) ...............................................................7, 10, 12

*Zivkovic v. S. Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) .............................................................................................3

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
  15 (a)(2) .........................................................................................................................8

## I.     INTRODUCTION

Plaintiff moved for leave to file the PSAC (ECF 250) ("Motion" or "Mot.") to conform to evidence obtained in discovery and plead new facts in support of a misrepresentation the Court dismissed because it appeared to be "accurate."   The new facts establish that the XR Demand Statement was not accurate and is now particularly alleged to be materially false and misleading.[1]

Defendants' opposition (ECF 266-3) ("Opposition" or "Opp.") fails to recognize the facts alleged or realities of this litigation.   The PSAC does not add new claims or theories; rather it contains evidence that Plaintiff ██████████████████████████. This evidence ██████ ███████████████████████████████████████████████████████████████ ██████ he claimed the Company had "very, very little data" on early demand for the iPhone XR, implying that nothing could be drawn from Apple's revenue guidance about the XR launch. Defendants' effort to recharacterize the PSAC as a resurrection of the XR Demand Statement that will dramatically transform this litigation is wholly inaccurate and a result of their refusal to acknowledge the nexus between the existing actionable Greater China Statement and the XR Demand Statement.

There is good cause to modify the Case Management Order to permit the filing of the PSAC.   Plaintiff has been diligent in prosecuting this action, including collaborating with Defendants and the Court on case management issues, aggressively pursuing document discovery, analyzing hundreds of thousands of pages of documents, and ultimately in seeking leave to amend. Defendants blithely accuse Plaintiff of sitting idly by, even though the PSAC was filed less than four months after the close of fact discovery.

Justice requires Plaintiff be granted leave to amend, as Defendants have now embraced a line of defense contrary to the Court's prior holding that the XR Demand Statement was accurate and immaterial.   Notwithstanding the fact that for over two years Plaintiff has alleged Cook

---

[1]   "Plaintiff" is Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund.  "Defendants" are Apple Inc. ("Apple" or the "Company") Timothy D. Cook, and Luca Maestri.  All terms not defined herein have the same meaning as defined in the Motion.

knowingly misled investors when he claimed that there was very little data about early demand for the iPhone XR, ███████████████████████████████████████████████████████ ███████████████████████████████████████. Defendants hope the Court leaves undisturbed its prior ruling on the XR Demand Statement ███████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████████. Not so. ███████████████████████████████████████████████████████ ███████████████████████████       ████████████████████████████ ███████████████████████████████████████████████████████████ ████████████. Clearly, this attempt to reframe the litigation and the Greater China Statement is impermissible, as the Court held in its Class Cert. Order. █████████████████████ ███████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████.

   Finally, Defendants will suffer no prejudice from amendment.  Plaintiff pled the XR Demand Statement years ago.  Discovery related to the Greater China Statement is co-extensive with that of the XR Demand Statement.  Plaintiff does not request and Defendants do not identify a need for further discovery or modification of the schedule.  There is no trial date. ████ ███████████████████████████████████████████████████████████. No surprise, delay, or other judicially recognized prejudice will result if amendment is permitted.

## II.    ARGUMENT

### A.    Plaintiff Has Diligently Pursued the Claims Alleged and Sought Amendment Without Delay

   Diligence is demonstrated when a plaintiff obtains facts giving rise to claims through discovery, and good cause exists to modify a scheduling order to permit amendment of the complaint alleging those facts.  *MagTarget LLC v. Saldana*, 2019 WL 1904205, at *2 (N.D. Cal. Apr. 29, 2019).[2]  Amendment to the operative complaint is particularly appropriate in securities

---

[2]    All citations and footnotes omitted and emphasis added unless otherwise indicated.

cases where the plaintiff seeks to replead previously dismissed claims with factual allegations derived from discovery.  *See Sjunde AP-Fonden v. Gen. Elec. Co.* ("*G.E.*"), 2022 WL 1078460, at *6 (S.D.N.Y. Apr. 11, 2022) (collecting cases).

### 1.    Apple's Seven-Month Delay in Producing Documents Made Compliance with the Court's Deadline Impossible

The Court's Case Management Order set May 5, 2021 as the deadline to amend pleadings. Defendants' suggestion Plaintiff was not diligent by not filing prior to that deadline is absurd. Defendants do not mention that their first production of significant internal documents came two months after the amendment deadline and more than seven months after Plaintiff served document requests.  As of May 5, 2021, Defendants had not produced any of the documents relied upon in the PSAC.  It was only *after* Plaintiff filed its motion for class certification and *after* Defendants filed their opposition that Defendants began to produce internal documents – and only under Court order.  Mot. at 16; ECF 158.  This unfolding of events was anticipated by Plaintiff and presented at the December 14, 2020 case management conference, at which the Court expressed concerns about Plaintiff's proposed amendment deadline.  *See* ECF 267-2 at 7 (counsel explaining "[t]he likelihood is that [Defendants] will not even have produced their initial slug of documents responsive to our requests by then").  These concerns came to pass, and no amount of diligence would have enabled Plaintiff to comply with the May 5, 2021 deadline.  For that reason alone, there is good cause to amend the Case Management Order.  *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'").

As Plaintiff highlighted in the Motion, Defendants moved to dismiss, in part, on the ground the Revised Complaint did not allege facts "based on confidential witness accounts *or internal Apple emails or reports*."  ECF 118 at 1.  Now that emails and reports are specifically alleged, Defendants incorrectly contend that Plaintiff had to move to amend before it obtained any of them. *See Ambac Assurance Corp. v. EMC Mortg. Corp.*, 2010 WL 11595698, at *5 (S.D.N.Y. Dec. 16, 2010), *report and recommendation adopted in part*, 2011 WL 566776 (S.D.N.Y. Feb. 8, 2011) ("it

1   was unrealistic to expect Ambac to meet the amendment deadline at a time when little or no

2   discovery had taken place").[3]

3        Moreover, courts have found good cause for modifying the schedule in circumstances

4   analogous to those presented here.  Consider *G.E.*, which Defendants incorrectly suggest requires

5   amendment within five months of relevant document production.  Opp. at 8-9.[4]  That securities

6   case involved plaintiffs who were re-pleading a claim dismissed based on facts obtained in

7   discovery.  There, plaintiffs moved to amend after class certification was fully briefed.  *G.E.*, 2022

8   WL 1078460, at *2.  After granting the motion for class certification, the court then granted

9   plaintiff leave to amend, finding that amendment would not have been possible before discovery

10  was received, as evidenced by the claim having been twice dismissed, and that plaintiffs had been

11  diligent.  *Id.* at *6.

### 2. Plaintiff Aggressively Pursued Discovery and Was Diligent in Seeking Leave to Amend

12

13       Plaintiff diligently utilized the entire discovery period to pursue complete document

14  production from extremely resistant Defendants.  These efforts required Plaintiff to repeatedly

15  seek Court intervention to compel Defendants to comply with the most basic discovery obligations.

16  For example, on June 6, 2021, a month after the amendment deadline, Judge Spero chastised

17  Defendants for their "woefully insufficient" effort to produce documents and remarked that

18  Defendants "should have been doing [targeted productions] months ago."  ECF 193 at 3-4.[5]

19  Defendants do not dispute that they produced more than 40,000 documents after October 24, 2021,

20  and more than 26,000 after January 13, 2022.  Mot at 5, 17.  Instead, Defendants suggest these

21  66,000 late-produced documents were unimportant and do not form the "linchpin" of the PSAC,

22

---

23  [3]   Notably, Plaintiff has not previously been afforded an opportunity to amend, as the Court
24  instructed Plaintiff conform the Revised Complaint to be consistent with the Court's Order denying
    Apple's motion to dismiss.  *See* June 2, 2020 Order at 46.

25  [4]   In *G.E.*, the court endorsed *Ambac*, where a securities-fraud plaintiff moved to amend between
26  six months and a year after receiving relevant discovery.  2022 WL 1078460, at *6.

27  [5]   Plaintiff also notes that ***just this week***, on August 3, 2022, Magistrate Judge Spero issued a 43-
    page order granting in part Plaintiff's motion to compel Defendants to produce documents
28  wrongfully withheld as privileged.  ECF 272.

but even that is false.  Opp. at 5 n.2.  These documents include the █████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████.[6] ████████████████████
███████████████████████████████████████████████████████████.[7]

Plaintiff reviewed and analyzed more than 718,000 pages of documents from Defendants, and an additional 229,156 pages from third parties.  Mot. at 5.  And Plaintiff organized, contextualized, and utilized the whole of this information in filing the PSAC fewer than four months after the close of fact discovery.  *See In re Silver Wheaton Corp. Sec. Litig.*, 2018 WL 1517130, at *4 (C.D. Cal. Mar. 26, 2018) (plaintiff was diligent seeking amendment despite production of documents approximately six months earlier)[8]; *Ambac*, 2010 WL 11595698, at *6 (diligence found where party "waited almost a year in some cases, and in no case less than six months, *after* it obtained the relevant discovery") (emphasis in original).

### 3.   Courts Routinely Permit Amendment to Conform to the Evidence

Defendants disregard that a party is diligent when seeking leave to amend following the close of discovery if the party is merely conforming the pleadings to evidence.  *See, e.g.*, *Reitman*

---

[6]   All "¶" citations herein are to the PSAC unless otherwise indicated.  But for Plaintiff's diligence, Defendants would never have produced ██████████████████████████ was not on Apple's Rule 26 initial disclosures, nor was █████████████ as a custodian.  But in the course of analyzing Apple documents, Plaintiff identified ████████████████.  After determining that Defendants failed to produce ██████████████, Plaintiff demanded it.  ████████████████████████████████.

[7]   Defendants cite Plaintiff's March 16, 2022 interrogatory responses to make the unremarkable point that Plaintiff reviewed some relevant documents by that point.  But the mere fact these documents were flagged as noteworthy and were included in the interrogatory responses does not mean Plaintiff had the necessary time to fully analyze and contextualize them in order to assemble the strongest documents into an amended pleading.

[8]   Defendants suggest that *Wheaton* requires plaintiff seek leave within two months of production of all documents used to support amendment.  Opp. at 8.  There, as here, the court set the motion to amended pleadings and class certification deadlines on the same day.  *Wheaton*, 2018 WL 1517130, at *1-*2.  Notably, there, plaintiff did not seek the discovery that led to the proposed complaint at issue until after that deadline, and the motion for leave was granted.  *Id.* at *1.

1    *v. Champion Petfoods USA, Inc.*, 2019 WL 3035060, at *3 (C.D. Cal. May 23, 2019).  In *In re*

2    *Charles Schwab Corp. Sec. Litig.*, 2009 WL 3429742 (N.D. Cal. Oct. 22, 2009), for example,

3    Judge Alsup allowed amendment after the deadline and close of discovery, where, like here: "All

4    of plaintiffs' new allegations pertain to existing claims and are part of the same transactions and

5    occurrences that surround this action"; the allegations "were originally part of this action";

6    "plaintiffs are now better able to articulate their securities claims based on internal information

7    provided by discovery"; and "[p]laintiffs are not seeking drastic actions such as attempting to re-

8    open discovery." *Id.* at *3.  Judge Alsup concluded that allowing amendment after discovery to

9    "conform to evidence" serves "the interests of justice and judicial economy." *Id.* at *4.

10          Moreover, Defendants' cited cases are factually and procedurally distinguishable.  In

11   many, plaintiff sought leave to amend after defendants filed for summary judgment.  *See Schwerdt*

12   *v. Int'l Fidelity Ins. Co.*, 28 F. App'x 715, 719 (9th Cir. 2002); *Sako v. Wells Fargo Bank, Nat'l*

13   *Ass'n*, 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015)[9]; *Experexchange, Inc. v. Doculex, Inc.*,

14   2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009).  Here, there is no trial date, and Plaintiff

15   filed leave to amend two months before the summary judgment motion deadline.

16          As Plaintiff clearly explained in its Motion at 22, this case is not like *In re Apple iPhone*

17   *Antitrust Litig.*, 2021 WL 5181862 (N.D. Cal. Nov. 8, 2021), where the consumer plaintiffs sought

18   leave to add a California Unfair Competition Law ("UCL") claim a decade after filing the original

19   complaint and only after this Court issued a favorable UCL finding for plaintiffs in the related *Epic*

20   bench trial.  *Id.* at *4.  Nor is this case like *Johnson v. Hewlett-Packard Corp.*, 809 F. Supp. 2d

21   1114 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir. 2013), where the court found that

22   "[p]laintiffs essentially want[ed] to press a discovery reset button now that [their initial] theory

23   ha[d] not borne fruit." *Id.* at 1121.  No additional discovery is necessary.

24          Further, Defendants' cited cases involve attempts to add new legal claims or add new

25   defendants.  *Parker v. Joe Lujan Entes., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988) (seeking "leave to

26

27   9    *See Wheaton*, 2018 WL 1517130, at *4 ("unlike *Sako* and other cases relied upon by [the
     defendant] where the claims were subject to notice pleading, here, plaintiffs must meet Rule 9(b)'s
28   heightened standard and the 'more exacting pleading requirements' of the PSLRA").

amend the complaint to assert an entirely new theory of liability which was inconsistent with the original complaint."); *Ordaz Gonzalez v. Cnty. of Fresno*, 2020 WL 2539287, at *3 (E.D. Cal. May 19, 2020) (additional defendants); *Davis v. Paramo*, 2018 WL 3532965, at *4 (S.D. Cal. July 23, 2018) (additional defendants); *Sako*, 2015 WL 5022326, at *2 (new claim); *Experexchange*, 2009 WL 3837275, at *29 (new claim); *see also Walsh v. Reliance Tr. Co.*, 2022 WL 768145, at *2 n.1 (D. Ariz. Mar. 14, 2022) (distinguishing cases on same basis).

Here, Plaintiff is not introducing a new theory or adding parties.  Nor is Plaintiff throwing a "late-inning knuckleball" in an attempt to pivot away from claims only after the Court found them too "weak" or wanting.  *See Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1177-78 (E.D. Cal. 2013).  Rather, Plaintiff's amendment conforms to the evidence obtained in discovery in support of a theory that has been alleged for years.

**B.     Justice Requires Leave to Amend as Defendants **

10     All "Ex. _" citations herein are to the Decl. of Shawn A. Williams, filed concurrently herewith.



. Moreover, the Court's earlier ruling was made without the benefit of undisputed facts, which clearly establish the falsity and materiality of the XR Demand Statement.  Justice requires it be reinstated.  Fed. R. Civ. P. 15 (a)(2).[11]

---

[11]   None of Defendants' interrogatory responses referenced or suggested that the Company's guidance reflected negative performance in Greater China or was a basis for their defense.

1    █████████████████████████████.  To be clear, Plaintiff does not allege the 1Q19 guidance

2    is actionable, materially false, or misleading.  Defendants understand this, as evidenced by the

3    absence of any argument that the guidance is protected by the PSLRA Safe Harbor for forward-

4    looking statements.  ██████████████████████████████████████████████

5    ████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████

7    ██████████████████████████████████████████████

8    ███████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████

11   ███████████████████████████████████████████  ████████

12   ████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████

21   ████████████████████████████████████████████

22   ███████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████████

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE THE [PROPOSED]
SECOND AMENDED CLASS ACTION COMPLAINT - 4:19-cv-02033-YGR                     - 9 -
4880-3240-5805.v1

1 ████████████  ████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████

5 ████████████████████████████████████████

6 ████████████████████████████████████████  Nevertheless,

7 justice requires Plaintiff be granted leave to amend to file the PSAC.  The evidence Plaintiff sets

8 forth in the PSAC – which Defendants mischaracterize as an "entirely different misstatement

9 theory" – ████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ████████.  Moreover, this evidence will be presented at trial regardless of whether the Motion is

12 granted because it supports liability as to **both** the Greater China Statement and the XR Demand

13 Statement, as the Court's Orders recognizing the connection between the two statements suggest.

14 Justice demands Defendants face liability for this material misrepresentation.

### C. Defendants Fail to Identify Any Prejudice that Warrants Departure from the Ninth Circuit's Liberal Standard for Amendment

#### 1. Defendants Will Not Suffer Any Prejudice Because They Have Been on Notice of the Facts Pled in the PSAC for Years

18 Defendants face no prejudice by Plaintiff's amendment because they have been on notice

19 that Plaintiff sought to allege the XR Demand Statement as actionable for years.  *E.g.*, ECF 111 at

20 i (Defendants claiming, ***in 2020***, that the XR Demand Statement constituted "new and different

21 theories and allegations").  The Ninth Circuit has "held that where a defendant is on notice of the

22 facts contained in an amendment to a complaint, there is no serious prejudice to defendant in

23 allowing the amendment." *Sierra Club v. Union Oil Co. of Cal.*, 813 F.2d 1480, 1493 (9th Cir.

24 1987), *cert. granted, judgment vacated*, 485 U.S. 931, (1988); *see also Deckers Outdoor Corp. v.*

25 *JustFab Inc.*, 2016 WL 7469584, at *1 (C.D. Cal. Feb. 9, 2016) (same); *Kirk v. U. S.*, 232 F.2d

26 763, 768 (9th Cir. 1956) (amendment of complaint at summary judgment stage permitted to

27 conform to the facts as defendants asserted them); *Walsh*, 2022 WL 768145, at *3 (finding no

28 prejudice where "[d]efendants have been on notice of [p]laintiff's allegation . . . since the original

1   [c]omplaint was filed").  Moreover, "[h]ere, where all of the amendments were based upon facts

2   contained in [Defendants'] own records, [Defendants] had notice of the facts.  Thus, there is no

3   prejudice to [Defendants]."  *Sierra Club*, 813 F.2d at 1493.

> **2.      Granting the Motion Will Not Require Additional Fact Discovery**

6       Unsurprisingly, the evidence ███████████████████████████████████████████

7   ████████████████████████████████████████████████████████████████████, as the

    Company's January 2, 2019 earnings preannouncement blamed the $9 billion revenue miss on

9   poor *iPhone* sales *in Greater China*.  The facts in the PSAC confirm it.  Despite this clear factual

10  nexus, Defendants inexplicably argue that "Plaintiff now wants to proceed on an entirely different

    claim," and Plaintiff wants to add "an entirely different misstatement theory."  Opp. at 1-2, 10.

12      Defendants further assert that if the Motion is granted, they will be required to undertake

13  further fact discovery and Plaintiff's assertion that no further discovery is required "should not be

14  taken seriously."  *Id.* at 10.  Nonsense.  Tellingly, Defendants do not say what discovery they

15  would take if leave were granted.  In truth, discovery relevant to the Greater China Statement is

16  coextensive with that relevant to the XR Demand Statement. ███████████████████████

17  ████████████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████████

19  ██████████████████████████████████████████████.  The PSAC relies on

20  documents considering both iPhone XR results generally, and China specifically, ████████

21  ████████████████████████████████████████████████████████████████████████

22  ███████████████████████████████████  ███  ██████████████████████████████

23  ████████████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████████████████████

27  ████.  To the extent Defendants had documents responding to these facts, they have had more than

28  sufficient time to search for and produce them.

1    Nor should the Court credit Defendants' suggestion that they will be required to produce

2    additional internal Apple documents to defend against the XR Demand Statement.  Opp. at 10.

3    For purposes of assessing prejudice, courts do not consider the marshalling of a party's own

4    documents to be relevant.  *See Walsh*, 2022 WL 768145, at *3 ("Any [relevant] facts related . . .

5    are in Defendants' possession.   Accordingly, the proposed amendment will not necessitate

6    additional discovery.").  Moreover, during discovery, Defendants represented to Plaintiff that they

7    were collecting and producing documents related to iPhone XR demand and sales as part of

8    discovery in response to Plaintiff's discovery requests.  On August 5, 2021, three months after the

9    scheduled amendment deadline, Defendants assured Plaintiff that they would run search terms

10   combining "XR" and "N84" (the Company's internal code for the XR) with terms including

11   "demand," "volume," "pressure," "worldwide supply demand management," and "decline" – all

12   without geographical limiters.  Decl., ¶2.[12]  Thus, if additional discovery is required (it is not), it

13   is only because Defendants have improperly limited the agreed upon search terms and production.

### 3.    Permitting Leave to Amend Will Not Delay the Litigation on Account of Plaintiff

16   Defendants argue that amendment will result in "significant delay to summary judgment

17   briefing," as well as other unspecified "pretrial" proceedings.  Opp. at 10.  But Plaintiff does not

18   seek to modify the schedule beyond permitting leave to file the PSAC.[13]  There is no trial date set.

19   The Motion will be fully briefed prior to any pre-summary judgment conference, and well in

20   advance of the September 9, 2022 deadline for motions for summary judgment.

21   Defendants also claim they will need to delay the litigation to allow their experts to draft

22   additional opinions related to the XR Demand Statement and, in their telling, "begin again" expert

23   discovery.  Opp. at 11.  This contention is hyperbolic and unsupported.  Defendants have proffered

24   ***six different experts*** and ***nine reports*** in a case they have maintained is only about eight words.

---

[12]   All "Decl., ¶_" citations herein are to the Declaration of Shawn A. Williams, filed concurrently
herewith.

[13]   To the extent discovery remains unfinished, it is only because Defendants have improperly
withheld documents as privileged.  *See* ECF 272.

1  ████████████████████████████████████████████████████████

2  ████████████     █████████████████████████████████████████

3  ████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ███████████████████████████████████     ███████████████████

6  ██████████████████████████████████████████████████ ██

7  ████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████

9  ████████████████████████████████     ██████████████████████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████

12  ██████████████████████████████████████████ ████████

13  █████████████████████████████████████████████████████.

14      **D.**     **Plaintiff Did Not Delay Seeking Leave to Amend**

15      Defendants argue that Plaintiff has unduly delayed seeking leave to amend, warranting

16  denial of the Motion.  Opp. at 12.  Defendants are wrong on both counts.  To start, "[d]elay alone

17  does not provide sufficient grounds for denying leave to amend."  *Hurn v. Ret. Fund Tr. of*

18  *Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981).  And a delay is not

19  undue if a plaintiff "waited until they had sufficient evidence of conduct upon which they could

20  base claims of wrongful conduct."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.

21  1987).  Here, for the reasons explained above, Plaintiff diligently filed the Motion in response to

22  new facts uncovered during fact discovery and the latest theories advanced by Defendants in expert

23  discovery.  Notably, again, Plaintiff filed its Motion – attaching the PSAC – less than four months

---

14    Defendants also claim that they would submit multiple additional expert reports purportedly

25  concerning the "market's reaction" to the XR Demand Statement. ████████████████████████████

26  ████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████

28  ████████████████████████.

1   following the close of fact discovery, in contrast to Defendants' seven month delay in producing
2   internal documents in this action.  *See Schwab*, 2009 WL 3429742, at *3-*4; *Ambac*, 2010 WL
3   11595698, at *6.

4         **E.**      **The New Facts Overwhelmingly Demonstrate that Amendment Is Not**
            **Futile**

6         During the November 1, 2018 conference call, an analyst asked Cook what conclusions, if
7   any, investors could draw from Apple's disappointing 1Q19 revenue guidance regarding early
8   demand for Apple's newly-launched iPhone XR.  In response, Cook stated that because the iPhone
9   XR was so new, Apple had very little data on it, thus indicating that early demand for the XR was
10  not a driver of the negative guidance.  Amendment is not futile because the PSAC "alleges a
11  cognizable legal theory" that Cook's response was false and material, which Defendants do not
    seriously dispute.  *U.S. v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

13        Defendants contend that Cook's statement was literally accurate because the XR had only
14  been on sale for six days (Opp. at 14), an unserious argument that disregards both well-established
15  case law and the facts alleged.  *Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 886 (9th Cir. 2008)
16  (statements that are "literally true" may still be actionably misleading due to """their context and
17  manner of presentation.""").  The PSAC sets forth a wealth of evidence drawn from Defendants'
    internal documents and testimony showing that ███████████████████████████████

18  ████████████████████████████████████████████████████████████████████
19  ████████████████████████████████████████████████████████████████████
20  ████████████████████████████████████████████████████████████████████
21  ████████████████████████████████████████████████████████████████████
22  ████████████████████████████████████████████████████████████████ ████████
23  ████████████████████████████████████████████████████████████.

24        Alternatively, Defendants contend that the XR Demand Statement was not material by
25  limiting their analysis to the words "very, very little data" while ignoring the context of the
26  statement, which was in response to an analyst's question about what investors could take away
27  from the disappointing guidance about early iPhone XR demand.  *See* November 4, 2020 Order at

2 n.1 ("the Court finds it appropriate to take judicial notice of the transcript of the analyst call. The Court quotes the question in full together with more of the answer for greater context"). Cook's response created the materially misleading impression that Apple's disappointing guidance was **not** the product of poor early iPhone XR demand because the Company had very little data on demand for the phone.  Defendants cannot credibly dispute that the Company's guidance – and its key driver – was material to investors; indeed, an analyst specifically asked about it.  *Purple Mountain Tr. v. Wells Fargo & Co.*, 432 F. Supp. 3d 1095, 1105 (N.D. Cal. 2020) ("The fact this question was posed [by a participant at a bank analyst conference] shows that the answer was viewed as altering the total mix of information useful for investment decisions."). ████████

████████████████████████████████████████████████████████████████

██████████████████████████████.  Defendants' efforts to analyze the words "'very, very little data'" in a vacuum should be rejected.  Opp. at 13-14.  When viewed in context, the XR Demand Statement **is** "'capable of objective verification,'" ████████████████████

████████████████████████████████████████████████████████████████

██████████████████.  Opp. at 13 (citing *Macomb Cnty. Employees' Ret. Sys. v. Align Tech., Inc.*, 39 F.4th 1092 (9th Cir. 2022)).[15]  Nor was the XR Demand Statement an "immaterial and neutral observation."  Opp. at 14.  Cook's "statement w[as] not [an] expression[] of belief, but rather [a] statement[] of fact purportedly supported by A[pple]'s internal data and rigorous analysis."  *In re Allstate Corp. Sec. Litig.*, 2022 WL 2952816, at *6 (N.D. Ill. July 26, 2022).

## III.   CONCLUSION

For the reasons stated above, and in the Motion, Plaintiff respectfully requests that the Court: (i) modify the Order to permit the filing of the Motion and; (ii) grant Plaintiff leave to amend the pleadings and file the PSAC.

 DATED:  August 5, 2022                         Respectfully submitted,

                                                       s/ Shawn A. Williams
                                                    _____
                                                       SHAWN A. WILLIAMS

---

[15]   Importantly, *Align Tech* did not change the Ninth Circuit law on puffery or materiality.  *See Align Tech.*, 39 F.4th at 1099 ("These six statements plainly fit beneath the umbrella of puffery").

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
JASON A. FORGE
RAPHAELLA FRIEDMAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

LABATON SUCHAROW
CAROL C. VILLEGAS
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/883-7524 (fax)
cvillegas@labaton.com

Counsel for Employees' Retirement System of the
State of Rhode Island

VANOVERBEKE, MICHAUD & TIMMONY,
P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify under penalty of perjury that on August 5, 2022, I authorized the electronic

3

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

4

notification of such filing to the email addresses on the attached Electronic Mail Notice List, and

5

I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to

6

the non-CM/ECF participants indicated on the attached Manual Notice List.

7

       s/ Shawn A. Williams

8

SHAWN A. WILLIAMS

9

ROBBINS GELLER RUDMAN
    & DOWD LLP

10

Post Montgomery Center
One Montgomery Street, Suite 1800

11

San Francisco, CA  94104
Telephone:  415/288-4545

12

415/288-4534 (fax)
Email:  shawnw@rgrdlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4880-3240-5805.v1

## Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.co

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,lpina@labaton.com,5739893420@filings.docketbird.com,electroniccasefiling@labaton.com,dsaldamando@labaton.com

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,abarca@wvbrlaw.com,johnson@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)