```
JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Civil Action No. 4:19-cv-02033-YGR<br><br>**DECLARATION OF JAMES N. KRAMER IN RESPONSE TO LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 274)**<br><br>Judge:     Honorable Yvonne Gonzalez Rogers |

I, James N. Kramer, declare as follows:

1. I am a partner at Orrick, Herrington, & Sutcliffe LLP, counsel for Apple Inc., Timothy Cook, and Luca Maestri (collectively "Defendants"). Pursuant to Civil Local Rule 79-5, I submit this declaration in response to Lead Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 274, the "Administrative Motion"). I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. The Administrative Motion was filed in connection with a submission relating to a dispositive motion, namely, Lead Plaintiff's Response to Defendants' Request for Motion for Summary Judgment Pre-Filing Conference (the "Response"). When parties seek to seal material submitted in connection with dispositive motions, the party must demonstrate that there are "compelling reasons" to do so. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (to retain protected status for documents attached to a summary judgment motion, proponent must meet the "compelling reasons" standard); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (same).

3. Defendants join the Administrative Motion in whole. Defendants request that the Court maintains under seal the entirety of the material that Plaintiff has lodged under seal in connection with the Administrative Motion, consisting of the portions of the Response) that reference confidential information produced by Defendants in discovery in this action. There are compelling reasons to support Defendants' sealing request.

4. Apple operates in an intensely competitive sphere. It occupies a unique position as a leader within the global technology marketplace. Apple has serious and legitimate concerns

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g., In Re Qualcomm Litig.*, No. 17-00108, Dkt. 3981 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1  that competitors will be quick to exploit internal financial figures and projections and non-public
2  business strategies and communications.  As such, Apple takes extensive measures to protect the
3  confidentiality of its proprietary information.

4      5.    Specifically, Defendants seek to seal: (1) non-public financial and sales
5  information and other non-public, confidential business information, including information about
6  Apple's dealings with its resellers and suppliers, Apple's internal business processes and financial
7  forecasting procedures, and its analysis of competitors; and (2) proprietary information of third
8  parties.

9      6.    Apple seeks to seal non-public financial and sales information, including internal
10  sales figures and projections, and other non-public, confidential business information. The public
11  disclosure of such information would cause Apple economic harm and put it at competitive
12  disadvantage.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir.
13  2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding
14  there was a compelling reason for sealing when records contain business information that could
15  be used to harm a litigant's competitive standing).  These disclosures would provide Apple's
16  competition confidential information about Apple's business model, non-public financial
17  information, strategy, and other internal business operations, that competitors would not have
18  been able to access in the ordinary course of business.  *Apple Inc. v. Samsung Elecs. Co., Ltd.*,
19  727 F.3d 1214, 1225 (Fed. Cir. 2013) (concluding the district court abused its discretion in
20  denying a motion to seal about "profit, cost, and margin data").

21      7.    Finally, Apple seeks to seal information it produced that implicates proprietary
22  information belonging to third parties.  *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
23  2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (finding compelling reasons to seal a third
24  party's sensitive business information).

25      8.    The information Apple seeks to protect is foundational to its business, and Apple
26  has exerted great effort and undertaken substantial expense to protect such information.

27      9.    Set forth below is a chart detailing the specific items that are sealable for the
28  reasons explained herein.

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Response to Defendants' Request for MSJ Pre-Filing Conference, p. 1, ¶ 2 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| Response to Defendants' Request for MSJ Pre-Filing Conference, p. 2, ¶ 4 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| Response to Defendants' Request for MSJ Pre-Filing Conference, pp. 2, ¶ 6 – p. 3 | Contains proprietary information belonging to third parties / Kramer Decl. ¶ 7. |
| Response to Defendants' Request for MSJ Pre-Filing Conference, p. 2, fn. 4 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| Response to Defendants' Request for MSJ Pre-Filing Conference, p. 3, ¶ 8 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |
| Response to Defendants' Request for MSJ Pre-Filing Conference, p. 3, fn. 5 | Contains non-public, confidential business information / Kramer Decl. ¶ 6. |

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed in San Francisco, California on August 10, 2022.

                                                */s/ James N. Kramer*
                                                JAMES N. KRAMER