ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
       – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE<br><br>DATE:  TBD<br>TIME:  2:00 p.m.<br>CTRM:  1, 4th Floor<br>JUDGE: Hon. Yvonne Gonzalez Rogers |

4863-6308-3054.v1

Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") hereby submits this Opposition to Defendants' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (ECF 276) ("Motion" or "Mot.").[1]

## I.   INTRODUCTION

Magistrate Judge Spero's 43-page order (ECF 272) ("Order") is the product of diligent analysis of Defendants' privilege assertions and the correct application of the law.  In the Order, Judge Spero reviewed the abundant evidence developed – four revisions of Defendants' privilege log, seven declarations (from four individuals), three rounds of briefing, and *in camera* review of more than 10% of the disputed documents – before assessing the "primary purpose" of the documents.

Defendants' Motion has no merit.  It is wrong to assert Judge Spero failed to consider "implied" evidence or whether legal advice was "'a'" (rather than "'the'") primary purpose of a document.  *See* Mot. at 2, 4.  Defendants' argument that "the Magistrate Judge substituted his own view about each document's 'primary purpose' for the uncontroverted sworn statements of Apple's in-house counsel" is also incorrect.  *Id*. at 3.  A neutral fact-finder applying the proper standard to the evidence is precisely how this dispute should be resolved.  That is especially true here, where Judge Spero found Defendants' declarations to be deficient.

Indeed, here the evidentiary record is fulsome in no small part because Judge Spero has indulged Defendants' repeated, failed attempts to supplement their declarations.  Over the past year, Plaintiff has doggedly demanded Defendants identify and properly substantiate their assertions of privilege over thousands of withheld documents.  It is evident that Defendants abused the attorney-client privilege to shield relevant and discoverable, nonprivileged evidence concerning key events in the litigation, such as the internal discussion regarding the drivers of the 1Q19 preannouncement and Cook's letter to investors disclosing the truth about conditions in

---

[1]   All terms not defined herein have the same meaning as defined in Plaintiff's Supplemental Brief in Support of Lead Plaintiff's Motion to Compel Documents Withheld as Privileged (ECF 246-3), unless defined otherwise herein.

1  Greater China in 1Q19.  In an ongoing pattern, Defendants have relented only when compelled to
2  substantiate their claims.  Just one day prior to the Parties bringing the matter to Judge Spero via
3  a joint letter, Defendants withdrew their claim of privilege over 106 documents; then, after Judge
4  Spero directed Defendants provide declarations supporting their positions, Defendants withdrew
5  their claim of privilege over another 175 documents.  Now, with just 232 documents remaining in
6  dispute, Judge Spero's *in camera* review found that 18 of 27 documents sampled (or 66%) were
7  improperly withheld, and Defendants' latest declarations remain insufficient to meet their burden.[2]
8        For all of the reasons explained below, Defendants' Motion should be denied.
9  **II.  ARGUMENT**
10        The Court may set aside the Magistrate Judge's nondispositive pretrial order only if it is
11  "clearly erroneous or is contrary to law."  *See* Fed. R. Civ. P. 72(a).  The Court can overturn the
12  "'magistrate's factual determinations only if the court reaches a definite and firm conviction that
13  a mistake has been committed.'"  *True Health Chiropractic Inc. v. McKesson Corp.*, 2019 WL
14  11743537, at *2 (N.D. Cal. Jan. 28, 2019).[3]  "'This standard is extremely deferential.'"  *Id.*

    **A.  Judge Spero Appropriately Considered Express and Implied Evidence of the Primary Purpose of the Challenged Documents**

      Judge Spero properly considered evidence of the "primary purpose" of the documents he reviewed *in camera*.  In addition to the document itself, he considered Defendants' "description of the document" and the "surrounding circumstances," including, for example, "cover email[s]." Order at 39-40.  In considering such evidence, Judge Spero did not require magic words or express requests for, or provision of, legal advice to determine a document's primary purpose.  For example, though Entry No. 389 contained non-legal comments and not explicit legal advice, Judge Spero held that because "it is framed in terms of Defendants' legal obligations" it therefore implicitly concerned legal issues.  *Id.* at 23.

---

[2]  Far from turning a blind eye to Defendants' declarations, Judge Spero granted Defendants' request to again supplement their declarations.  *See, e.g.*, Order at 22, 24, 34.

[3]  All citations and footnotes omitted and emphasis added unless otherwise indicated.

The Motion cherry-picks a phrase from the Order, concerning just one document – *i.e.*, examining whether Entry No. 288 referenced "'specific legal concerns'" – to incorrectly contend Judge Spero committed clear error in his application of the law[4] and that such perceived error pervades the Order. *See* Mot. at 2-3. Not so. Judge Spero looked for "specific legal concerns," true, but he also considered whether Entry No. 288 was "primarily aimed at seeking legal advice." Order at 24 (finding Entry No. 288 concerns "a generic request for feedback from Cook"). The same is true for other withheld documents examined in the Order. For example, though Entry No. 107 does not contain an express provision of legal advice, Judge Spero determined from its cover email that it **reflects** legal advice. *Id.* at 40. Defendants are simply wrong to accuse Judge Spero of requiring an explicit reference to legal matters when clearly he did not; indeed, he dutifully scoured the record Defendants created.

**B.    Judge Spero Appropriately Considered Defendants' Privilege Declarations and Found Them to Be Vague and Inadequate**

Defendants also wrongly assert Judge Spero was required to uncritically accept "the uncontroverted sworn statements of Apple's in-house counsel." Mot. at 3. First, Judge Spero was not prohibited from forming "his own view" (Mot. at 3) based on *in camera* review. *In re Chase Bank USA, N.A. Check Loan Cont. Litig.*, 2011 WL 3268091, at *2 (N.D. Cal. July 28, 2011) ("the primary purpose of the communication ***must be analyzed*** to determine if it is related to legal advice or instead to further a business objective"); *see also Apple Inc. v. Samsung Elecs. Co., LTD*, 306 F.R.D. 234, 237-39 (N.D. Cal. 2015).[5]

Second, the declarations most assuredly are "controverted" – by the very documents they attempt to shield. Entry No. 31, for example, contains comments from a non-attorney that "relate

---

[4]    Defendants concede, as they must, the Order adopted the proper standard: "An implied request for legal advice is sufficient." Order at 22; Mot. at 2 ("[t]he Order noted that precedent").

[5]    In fact, *in camera* review inured to Defendants' benefit. For Entry Nos. 1263-1264, Defendants flouted Judge Spero's prior order to produce a declaration from counsel acting as such; only *in camera* review confirmed the documents were properly redacted. Order at 27. In a contrary example, Plaintiff relied on a declaration in withdrawing an objection. But Judge Spero's review proved that reliance misplaced, and he ordered Entry No. 382 produced with redactions. *Id.* at 21.

to business matters and ***do not seek or reveal legal advice of any kind***." Order at 34. And Entry No. 32 – a loose file discovered in a non-lawyer's file – "contains no comments or apparent edits" whatsoever. *Id.* Defendants' claim that "the Order relies on no evidence" (Mot. at 3) is false.[6]

Finally, Judge Spero gave the declarations full consideration – and he concluded that they were "vague" and "woefully inadequate." Order at 23; ECF 241 at 6:1-3; *see Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008) ("[a] vague declaration . . . is insufficient").[7] For example, for Entry No. 175, the Order states: "Despite Adams' statement in her supplemental declaration that the documents were sent to her in order to solicit her input with respect to the legal implications of the foreign trade issues discussed . . . the content of these documents indicates this was not the primary purpose." Order at 41.

### C. The Order Appropriately Applied *In re Grand Jury*

In debating the merits between "the" and "a" primary purpose test, Defendants misstate the law: "The natural implication of this inquiry is that a dual-purpose communication ***can only have a single 'primary' purpose***." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). Judge Spero applied the standard exactly as the 9th Circuit directed, finding nine documents properly withheld as privileged, and 18 to have business matters as their primary (and in some cases, only) purpose. For example, Entry Nos. 174 and 175 "focused almost entirely on the international business environment and U.S. trade policy" and thus "were primarily for a business purpose." Order at 41. Further, even if the D.C. Circuit's *Kellogg* test were the law in the 9th Circuit – it is not – the outcome would be the same: "The *Kellogg* test would only change the outcome of a privilege analysis in truly close cases." *In re Grand Jury*, 23 F.4th at 1095. Here, Defendants identify no close cases, because there are none. For example, Entry No. 174, "does not reference ***any*** legal

---

[6] Notably, Defendants' declarations also controvert each other and Defendants' own briefing. *See, e.g.*, ECF 246-3 at 14 (Whittington's third declaration contradicts Defendants' briefing concerning Entry Nos. 31 and 32); *id.* at 12 (chart of changing declarations as to Entry Nos. 1263 and 1264).

[7] Defendants did not even provide all of the declarations that were ordered. *See, e.g.*, Order at 22 (concerning "Entries 365 and 366, it is not clear why Adams did not provide a supporting declaration, as required under the Court's Order").

concerns." Order at 41. Neither does Entry No. 85. *Id.* at 40 ("mere fact that Whittington was copied on the cover email" insufficient). Under any test, Defendants' declarations are insufficient.

### D. Nonprivileged Documents Must Be Produced Without Further Delay

*In camera* review has proven the majority of the reviewed documents, 18 of 27, are not entitled to the asserted privilege protection, and Plaintiff expects a similar result for the remaining 205 documents.[8] With discovery now closed, Plaintiff's motion for leave to file an amended complaint pending, Defendants having requested a summary judgment pre-conference, and deadline for *Daubert* motions fast-approaching, it is even more important that Defendants produce these documents which concern key issues in the case and have been improperly withheld since Plaintiff served its first discovery requests in November 2020.[9]

## III. CONCLUSION

For the reasons herein, Judge Spero's Order is entirely consistent with the law and contains no error, certainly none so clear as to justify the extraordinary relief Defendants request. The Motion should be denied.

DATED: August 16, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH

s/ Kenneth J. Black
KENNETH J. BLACK

---

[8] This percentage, 66%, is more than high enough to support waiver or costs. *See Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Mich.*, 2013 WL 1688463, at *1-*2 (E.D. Mich. Apr. 18, 2013) ("20% or more" supports waiver); *Dolby Lab'ys. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866-67 (N.D. Cal. 2019) ("20% or more" supports "full cost of the special master").

[9] Defendants complain that granting Plaintiff's motion for leave to amend (ECF 250) would prejudice Defendants because of "the risk of significant delay to summary judgment briefing and other pretrial proceedings." ECF 267 at 10. But, Defendants appear content to delay in this discovery dispute. While any motion for summary judgment will be futile (*see* ECF 275), any such motion should be further summarily denied because Plaintiff has not received documents Judge Spero found to be improperly withheld.

|   |   |
|---|---|
| 1 | |
| 2 | Post Montgomery Center<br>One Montgomery Street, Suite 1800 |
| 3 | San Francisco, CA  94104<br>Telephone:  415/288-4545 |
| 4 | 415/288-4534 (fax)<br>shawnw@rgrdlaw.com |
| 5 | dpfefferbaum@rgrdlaw.com<br>kennyb@rgrdlaw.com |
| 6 | hdeshmukh@rgrdlaw.com |
| 7 | ROBBINS GELLER RUDMAN<br>   & DOWD LLP |
| 8 | MARK SOLOMON<br>JASON A. FORGE |
| 9 | RAPHAELLA FRIEDMAN<br>655 West Broadway, Suite 1900 |
| 10 | San Diego, CA  92101<br>Telephone:  619/231-1058 |
| 11 | 619/231-7423 (fax)<br>marks@rgrdlaw.com |
| 12 | jforge@rgrdlaw.com<br>rfriedman@rgrdlaw.com |
| 13 | Lead Counsel for Lead Plaintiff |
| 14 | LABATON SUCHAROW |
| 15 | CAROL C. VILLEGAS<br>140 Broadway |
| 16 | New York, NY 10005<br>Telephone: 212/907-0700 |
| 17 | 212/883-7524 (fax)<br>cvillegas@labaton.com |
| 18 | Counsel for Employees' Retirement System of the |
| 19 | State of Rhode Island |
| 20 | VANOVERBEKE, MICHAUD & TIMMONY,<br>P.C. |
| 21 | THOMAS C. MICHAUD<br>79 Alfred Street |
| 22 | Detroit, MI  48201<br>Telephone:  313/578-1200 |
| 23 | 313/578-1201 (fax)<br>tmichaud@vmtlaw.com |
| 24 | Additional Counsel |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE - 4:19-cv-02033-YGR  - 6 -
4863-6308-3054.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 16, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                 s/ Kenneth J. Black
                 KENNETH J. BLACK

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  kennyb@rgrdlaw.com

4863-6308-3054.v1

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,lpina@labaton.com,5739893420@filings.docketbird.com,electroniccasefiling@labaton.com,dsaldamando@labaton.com

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`