JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 (415) 773-5700
Facsimile:       +1 (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Civil Action No. 4:19-cv-02033-YGR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge:     Honorable Yvonne Gonzalez Rogers |
|---|---|

## I. INTRODUCTION

The Order and Plaintiff's defense of it rest on a misreading of *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021). The Order wrongly assumed that "a dual-purpose communication can only have a single 'primary' purpose," and that *Grand Jury* required it to identify that single purpose. Order at 6. But that is not the law in this (or any other) circuit—particularly where, as here, there are dual-purpose communications in the corporate context. The attorney-client privilege protects communications that render or solicit legal advice, and that protection does not vanish where a communication also concerns a significant non-legal purpose like a public announcement. Nowhere does the Order acknowledge that legal and business purposes often go hand-in-hand, making it "messy in practice" to separate the two. *Grand Jury*, 23 F.4th at 1094. And the Order compounds that error by disregarding important context in Defendants' sworn declarations confirming that a primary purpose for these communications was to give and solicit legal advice. Because the Order is contrary to law and contains clear errors, this Court should deny Plaintiff's motion to compel or, in the alternative, instruct the Magistrate Judge to reassess the communications under the proper legal test.

## II. ARGUMENT

### A. The Magistrate Judge Clearly Erred By Applying The Wrong Legal Standard Based On A Misinterpretation Of Ninth Circuit Precedent.

The parties agree that the test applied in the Order was whether the "single 'primary' purpose" of the withheld communications was legal in nature and thus privileged. Opp. at 4. Plaintiff contends, however, that "Judge Spero applied the standard exactly as the 9th Circuit directed" in *Grand Jury*. *Id.* But *Grand Jury* held that the attorney-client privilege protects dual-purpose communications whose "primary purpose" is to give or solicit legal advice. 23 F.4th 1092-95. It did not decide whether that means one predominant purpose or one of various significant purposes. *Grand Jury* expressly recognized that a communication could have "two (or more) potentially equal purposes" and that, at least in some circumstances, "identify[ing] a predominate purpose" might be futile. *Id.* at 1094. Thus, it "le[ft] open whether" to "focus[] on *a* primary purpose instead of *the* primary purpose" of a communication. *Id.*

1    The notion that *Grand Jury* compels the Order's test comes from a single quotation
2 plucked out of context.  The quotation—that "[t]he natural implication of [the primary-purpose]
3 inquiry is that a dual-purpose communication can only have a single 'primary' purpose," *id.* at
4 1091 (quoted in part at Order 6)—is neither the holding nor the Ninth Circuit's formulation of the
5 test.  It was a passing description of the test as framed in one Second Circuit case.  *Id.* (citing *In
6 re County of Erie*, 473 F.3d 413, 420 (2d Cir. 2007)).  Never did the Ninth Circuit say that, in
7 making a privilege determination, courts should look only for one predominant purpose.  Rather,
8 it explained that, "even though it theoretically sounds easy to isolate 'the primary or predominant'
9 purpose of a communication, the exercise can quickly become messy in practice."  *Id.* at 1094
10 (citing *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754 (D.C. Cir. 2014) (Kavanaugh, J.)).  Were
11 it otherwise, the Ninth Circuit would have rejected outright *Kellogg*'s test—where courts must
12 look for "*a* primary purpose of the communication, meaning one of [its] significant purposes."
13 756 F.3d at 759-60; *see* Mot. at 4-5.

14   Because the Magistrate Judge felt compelled to identify one primary purpose, he did not
15 consider whether the legal purpose of Defendants' communications about the January 2, 2019
16 letter to stockholders was "one of the[ir] significant purposes," in addition to a significant
17 business purpose.  That omission requires reversal.  After all, *Grand Jury* explained that applying
18 *Kellogg*'s test would "change the outcome of a privilege analysis" in some cases.  23 F.4th at
19 1094-95.  This is one such case.  Take Entry Nos. 100, 288, and 363 as examples.  Each
20 communication had a significant legal purpose—such as receiving legal advice about compliance
21 with the securities laws and related SEC regulations—even when they also had a significant
22 business purpose of preparing to communicate information about Apple's business to the market.
23 For communications like these, it is "not useful or even feasible to try to determine whether the
24 purpose was A or B when the purpose was A and B."  *Kellogg*, 756 F.3d at 759; *see also United
25 States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1069 (N.D. Cal. 2002) ("[A]ssessing
26 whether a particular communication was made for the purpose of securing legal advice (as
27 opposed to business advice) becomes a difficult task.").  The Magistrate Judge should have asked
28 "whether obtaining or providing legal advice was one of the [communication's] significant

purposes." *Kellogg*, 756 F.3d at 759-60. If the Order had asked that question—which *Grand Jury* empowered him to ask—Defendants' privilege assertions would have been upheld.[1]

### B. The Magistrate Judge Clearly Erred By Disregarding Critical Context In Defendants' Sworn Declarations.

The Magistrate Judge clearly erred by disregarding uncontroverted declarations providing essential context for the purpose of specific emails. He cast aside the sworn declarations of Apple's in-house counsel, the witnesses best situated to speak to the purpose of the challenged communications. In doing so, he ignored the context in which those emails and their attachments were shared: the lead-up to the January 2019 off-cycle announcement, which had meaningful business *and* legal ramifications. *See* ECF No. 246-13 ¶ 3. Entry No. 175 is illustrative: the document attached to the email, a draft presentation for the Board of Directors addressing issues arising from foreign trade relations, does not spell out why it was sent to Apple's General Counsel, Katherine Adams. But Ms. Adams attested that the draft was emailed to her to solicit her input on the legal implications of the foreign trade issues. ECF No. 246-6 ¶ 3. That the final presentation also might have a business purpose does not negate Ms. Adams' testimony that the draft was sent to her primarily for a legal purpose. So too, Entry Nos. 31 and 32 require context; the first was sent to solicit legal advice on a draft letter, and the second reflects that advice. ECF No. 246-13 ¶ 3. It was clear error to ignore the sworn declaration of percipient witnesses and replace their testimony with conclusions drawn from the exhibits without relevant context.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant relief by vacating the Order and denying Plaintiff's Motion to Compel with respect to the documents remaining in dispute. In the alternative, the Court should instruct the Magistrate Judge to re-examine the documents under the correct legal standard.

---

[1] Plaintiff does not dispute the argument that Entry No. 288 must be privileged because Apple's General Counsel's response to that request for feedback is privileged, necessarily indicating that seeking legal advice was a significant purpose of No. 288. *See* Mot. at 3; Order at 24.

| | | |
|---|---|---|
| 1 | Dated: August 23, 2022 | ORRICK, HERRINGTON & SUTCLIFFE LLP |

*/s/ James N. Kramer*
JAMES N. KRAMER

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri