JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Civil Action No. 4:19-cv-02033-YGR<br><br>**DEFENDANTS' OBJECTION TO NEW EVIDENCE IN PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION**<br><br><u>Hearing</u><br>Date:   TBD<br>Time:   TBD<br>Ctrm:   1, 14th Floor<br>Judge: Honorable Yvonne Gonzalez Rogers |

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. RELEVANT PROCEDURAL BACKGROUND ............................................................... 1

III. DISCUSSION ........................................................................................................................ 2

    A. Legal Standard .......................................................................................................... 2

    B. The Court Should Disregard All Arguments And Evidence Raised For The First Time In The Reply .......................................................................................... 3

    C. Alternatively, The Court Should Permit Defendants To File A Sur-Reply In Response To Any New Arguments and Evidence ................................................. 5

IV. CONCLUSION ..................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Cases**                                                                                              **Page(s)**

*Contratto v. Ethicon, Inc.*,
   227 F.R.D. 304 (N.D. Cal. 2005) ........................................................................................... 4

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
   895 F.3d 1166 (9th Cir. 2018) ................................................................................................ 5

*Lane v. Wells Fargo Bank*,
   2013 WL 3187410 (N.D. Cal. June 21, 2013) ....................................................................... 5

*In re LDK Solar Sec. Litig.*,
   255 F.R.D. 519 (N.D. Cal. 2009) ........................................................................................... 5

*Rodan & Fields, LLC v. Estee Lauder Companies, Inc.*,
   2010 WL 3910178 (N.D. Cal. Oct. 5, 2010) ......................................................................... 2

*Townsend v. Monster Beverage Corp.*,
   303 F. Supp. 3d 1010 (C.D. Cal. 2018) ................................................................................. 4

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ............................................................................................................... 2

*Wheeler v. Estee Lauder Companies*,
   2013 WL 12121543 (C.D. Cal. Feb. 12, 2013) ..................................................................... 2

*Zamani v. Carnes*,
   491 F.3d 990 (9th Cir. 2007) ................................................................................................. 2

## I. INTRODUCTION

In an effort to bolster its unfounded position that options on Apple stock trade in efficient markets, Plaintiff's Reply in Support of its Supplemental Motion to Certify a Class of Apple Options Investors[1] (the "Reply," Dkt. No. 289) attaches a brand-new expert report, the Reply Report of Don Chance ("Second Chance Report," Dkt. No. 289-2), which **relies on evidence and arguments not previously raised** in the Supplemental Motion. It is clear from the date of the report, August 26, 2022, that Dr. Chance was asked to prepare this new report in response to Defendants' opposition briefing. This is wholly inappropriate. By waiting until Reply, Plaintiff has sought to deprive Defendants Apple Inc. ("Apple"), Timothy Cook, and Luca Maestri (collectively, "Defendants") of the opportunity to respond to or explore the basis for this new evidence. Accordingly, pursuant to Local Rule 7-3(d)(1), Defendants object to and respectfully request that the Court disregard all portions of Plaintiff's Reply and the Second Chance Report that are based on new evidence and arguments.[2]

Alternatively, to the extent the Court is inclined to consider any of Plaintiff's new evidence and arguments, Defendants should be given the opportunity to consult with their own market efficiency expert and submit a brief sur-reply in response.

## II. RELEVANT PROCEDURAL BACKGROUND

Last year, Plaintiff moved to certify a class of both Apple common stock purchasers and optionholders in this securities class action. Dkt. No. 165. In support of its motion, Plaintiff submitted two reports on market efficiency from Dr. Steven Feinstein, one attached to the opening submission and one to the reply. *See* Dkt. Nos. 165-3 and 202-4. Defendants opposed Plaintiff's class certification motion and submitted a rebuttal expert report on the issue of market

---

[1] *See* Supplemental Motion to Certify a Class of Apple Options Investors (the "Supplemental Motion," Dkt. No. 239).

[2] Specifically, Defendants object to and request that the Court disregard lines 13 through 18 on page 1 of the Reply, lines 3 through 11 on page 2 of the Reply, lines 2 (starting with "Notably") through 8 on page 6 of the Reply, lines 18 (starting with "As explained") through 22 on page 7 of the Reply, lines 1 through 9 on page 8 of the Reply, and the entirety of Section II.A.4 of the Reply. Defendants also request that the Court disregard paragraphs 7(d), 44 through 55, and 61 through 82 of the Second Chance Report. These excerpts introduce new evidence and analysis that has not previously been offered in this case, and to which Defendants have not had a meaningful opportunity to respond.

1  efficiency from Dr. Steven Grenadier.  Dkt. Nos. 196 and 197-2.

2  On February 4, 2022, the Court granted Plaintiff's motion for class certification with
3  respect to Apple stockholders but declined to certify a class of optionholders, finding that Plaintiff
4  and its expert failed to provide sufficient analysis with respect to the issues of market efficiency
5  and individualized damages.  Dkt. No. 224 at 20.  The Court permitted Plaintiff to "re-seek
6  certification with respect" to the putative class of optionholders.  *See id.* at 20, n.11.

7  On April 15, 2022, Plaintiff filed a Supplemental Motion for class certification of
8  optionholders on Apple stock, which was accompanied by a report from Dr. Don Chance.  Dkt.
9  Nos. 239 and 239-2.  Dr. Chance's initial report was primarily focused on the collection of
10 academic literature to support Plaintiff's stance that options generally trade in efficient markets.
11 Dkt. No. 239-2 at 18-22.  However, Dr. Chance did not perform any empirical testing or analysis
12 to support his opinions, as he confirmed at his deposition on June 7, 2022.  *See* Dkt. No. 247 at 7-
13 8.  Defendants opposed the Supplemental Motion on June 24, 2022, again submitting an expert
14 report from Dr. Grenadier.  Dkt. Nos. 247 and 247-3.

15 On August 26, 2022, Plaintiff filed the Reply and the Second Chance Report, both of
16 which substantially rely on new argument and analysis.  Dkt. Nos. 289 and 289-3.

17 **III.   DISCUSSION**

18     **A.   Legal Standard**

19 A plaintiff seeking class certification bears the burden of affirmatively demonstrating that
20 the class meets the requirements of Federal Rule of Civil Procedure 23.  *Wal-Mart Stores, Inc. v.*
21 *Dukes*, 564 U.S. 338, 350 (2011).  It is clear that a plaintiff must carry that burden in its opening
22 papers and may not attempt to do so for the first time in reply.  *See*, *e.g.*, *Wheeler v. Estee Lauder*
23 *Companies*, 2013 WL 12121543, at *3 (C.D. Cal. Feb. 12, 2013) (denying class certification
24 where plaintiffs attempted to "cure th[e] defect" in their motion "by submitting . . . evidence in
25 their Reply").  This is consistent with the general rule in this circuit that a court should not
26 consider arguments and evidence raised for the first time on reply.  *See, e.g.*, *Zamani v. Carnes*,
27 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the
28 first time in a reply brief."); *Rodan & Fields, LLC v. Estee Lauder Companies, Inc.*, 2010 WL

3910178, at *4 n.2 (N.D. Cal. Oct. 5, 2010) (disregarding evidence submitted for the first time in reply because "new facts, evidence, and argument should not be submitted for the first time in a Reply").

**B.    The Court Should Disregard All Arguments And Evidence Raised For The First Time In The Reply**

Having already been granted a second chance at class certification for optionholders on Apple stock, Plaintiff waited until the Reply—more than four months after filing its Supplemental Motion (and two months after Dr. Chance's deposition)—to assert new rationales for the certification of an options class. Specifically, Plaintiff's Reply and the Second Chance Report present the following new arguments and analyses, which are found nowhere in Plaintiff's three prior rounds of briefing on this topic (or the attendant expert reports):

1.    New "empirical analysis."  In his most recent report, Dr. Chance performed a correlation test between the daily rate of return for Apple common stock and an Apple synthetic stock price derived using an average of bid and ask prices of the option series. Reply at 10 (citing Second Chance Report ¶¶ 65-66).  He also performed an "empirical analysis" comparing the direction of changes in the stock price and in quoted prices of options.  Second Chance Report ¶¶ 67-82.  Based on the new work, Plaintiff argues that "[t]his empirical evidence more than satisfies Plaintiff's burden and demonstrates that Apple options trade in an efficient market." Reply at 11.

Notably, Plaintiff did not provide this analysis in any of its **three**[3] previous expert reports concerning options market efficiency.  Indeed, Dr. Feinstein only performed an empirical analysis comparing the frequency of reactions in the average synthetic stock price on the "four earnings-release days" to other days in or around the class period (*see* Reply at 10), and Dr. Chance performed no empirical analysis at all.  Defendants' expert, Dr. Steven Grenadier, criticized Dr. Chance's first expert report for failing to include any empirical analysis in support of its opinions.

---

[3] Steven P. Feinstein's Report on Market Efficiency, Dkt. No. 165-3 (May 5, 2021); Reply Report of Steven P. Feinstein, Dkt. No. 202-4 (Aug. 21, 2021); Expert Report of Don Chance, Dkt. No. 239-2 (Apr. 15, 2022).

1  *See* Dkt. No. 247-3 at ¶ 113 ("Dr. Chance has not conducted any analysis of the reactions of
2  option prices to new, value-relevant information.  In fact, he has not conducted any empirical
3  analysis of Apple option prices at all.").

4      2.    <u>Newly cited academic research</u>.  In his initial expert report, Dr. Chance relied on
5  decades-old articles, none of which supported the notion that all Apple option series traded
6  efficiently during the class period.  Dkt. No. 239-2 at 18-22.  In response, Defendants pointed out
7  that, among other things, the articles cited in Dr. Chance's report excluded broad categories of
8  options (thus limiting their applicability to an assessment of market efficiency of **all** Apple option
9  series) and themselves found evidence of options markets inefficiencies.  *See* Dkt. No. 247 at 9-
10  10.  In his second report, Dr. Chance cites and analyzes new literature that was not previously
11  included in his original report.  *See* Second Chance Report ¶¶ 43-55.

12  These new arguments and analyses were plainly available for Plaintiff to make in its
13  Supplemental Motion, but it chose not to do so.  By including this new evidence for the first time
14  in the Reply, Plaintiff deprived Defendants of the opportunity to evaluate Dr. Chance's new
15  analysis and reliance materials and substantively respond.  *Townsend v. Monster Beverage Corp.*,
16  303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) ("'New evidence submitted as part of a reply is
17  improper' because it does not allow the defendant an adequate opportunity to respond" (internal
18  citation omitted)).  Under circumstances like these—where a plaintiff has belatedly offered new
19  expert evidence in its reply in support of a motion for class certification—the Court can and
20  should disregard this new evidence and analysis.  *Id.* at 1026-28 (sustaining defendants' objection
21  to supplemental expert report and striking new evidence presented in reply brief for class
22  certification motion where "the timing of Plaintiffs' disclosure of the new evidence . . . appears
23  aimed at strategically limiting Defendants' opportunity to respond" and "such delays could have
24  easily been prevented by . . . earlier disclosure"); *see also Contratto v. Ethicon, Inc*., 227 F.R.D.
25  304, 308 n.5 (N.D. Cal. 2005) (striking declaration submitted on reply "[t]o the extent that the
26  declaration introduces new evidence not presented in either the motion or opposition").

### C. Alternatively, The Court Should Permit Defendants To File A Sur-Reply In Response To Any New Arguments and Evidence

To the extent the Court is inclined to consider the new arguments and analysis raised in Plaintiff's Reply (and it should not), Defendants should be given the opportunity to file a sur-reply. A court may consider a sur-reply where a party raises new arguments on reply. *See*, *e.g.*, *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018) ("Understanding the potential for unfairness . . . the practice rules contemplate relief for the opposing party, but such relief is not limited to simply striking the new matter from consideration. Mitigation of any unfairness, following objection, may take the form of granting the objecting party leave to file a sur-reply opposition to the new matter."); *see also In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 524 n.2 (N.D. Cal. 2009) ("[B]ecause plaintiff submitted a rebuttal declaration with his reply brief, defendants' sur-reply brief has been accepted and considered."); *Lane v. Wells Fargo Bank*, 2013 WL 3187410, at *2 n.1 (N.D. Cal. June 21, 2013) ("Due to the new material submitted on reply, defendant's motion to file a sur-reply brief was granted.").

Should the Court decide to consider the Reply in full, Defendants respectfully request the opportunity to file a sur-reply of no more than ten (10) pages responding to the new arguments and evidence contained in the Reply and the Second Chance Report.[4]

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court disregard the new arguments and evidence contained in Plaintiff's Reply and the Second Chance Report or, in the alternative, permit Defendants to file a sur-reply in response.

Dated: September 2, 2022                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                            */s/ James N. Kramer*
                                            JAMES N. KRAMER
                                            Attorneys for Defendants Apple Inc.,
                                            Timothy Cook, and Luca Maestri

---

[4] Defendants are working diligently to finalize their summary judgment and *Daubert* motions, which are due on September 9, 2022. Accordingly, Defendants respectfully request that any sur-reply on this issue be due no earlier than September 23, 2022.