1  JAMES N. KRAMER (SBN 154709)
   jkramer@orrick.com
2  MICHAEL D. TORPEY (SBN 79424)
   mtorpey@orrick.com
3  ALEXANDER K. TALARIDES (SBN 268068)
   atalarides@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:    +1 (415) 773-5700
   Facsimile:    +1 (415) 773-5759
7
   Attorneys for Defendants Apple Inc.,
8  Timothy Cook, and Luca Maestri

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                   OAKLAND DIVISION

13

| 14 | IN RE APPLE INC. SECURITIES LITIGATION | Lead Case No. 4:19-cv-02033-YGR |
|---|---|---|
| 15 16 | | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 17 | This Document Relates To: | |
| | ALL ACTIONS. | Hearing |
| 18 | | Date:   TBD |
| 19 | | Time:   2:00 p.m. |
| 20 | | Ctrm:   1, 14th Floor |
| | | Judge:  Honorable Yvonne Gonzalez Rogers |
| 21 | | |

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT TESTIMONY**

TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be set by this Court, Defendants Apple Inc., Timothy Cook, and Luca Maestri will and hereby do move under Federal Rules of Evidence 402, 403, and 702, and Federal Rule of Civil Procedure 26, for an order excluding: (1) the expert testimony of Frank Partnoy, as contained in paragraphs 9-21, 25-26, and 28-31 of his Rebuttal Expert Report, dated June 10, 2022; and (2) the expert testimony of Oded Shenkar, as contained in paragraphs 4, 14, 52-63, 75, 91, 103, 116, 123, 129, 150, and 172 of his Expert Report, dated April 27, 2022.  Defendants' motion is based on this Notice of Motion and Motion to Exclude Expert Testimony, the Memorandum of Points and Authorities below and materials cited therein, the pleadings and papers filed in this case, oral argument, and other materials and argument as may be presented.

**STATEMENT OF RELIEF SOUGHT**

Defendants seek an order excluding (1) the expert testimony of Frank Partnoy, as contained in paragraphs 9-21, 25-26, and 28-31 of his Rebuttal Expert Report, dated June 10, 2022; and (2) the expert testimony of Oded Shenkar, as contained in paragraphs 4, 14, 52-63, 75, 91, 103, 116, 123, 129, 150, and 172 of his Expert Report, dated April 27, 2022.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether:

(1) the Court should exclude Mr. Partnoy's opinion that Defendants' experts have not applied "reliable principles and methods" because it is a legal conclusion, not an appropriate subject of expert testimony;

(2) the Court should exclude Mr. Partnoy's rebuttal opinions to the extent they go beyond the scope of a rebuttal to the affirmative opinions offered by Defendants' experts;

(3) the Court should exclude Dr. Shenkar's opinions about Defendants' knowledge and state of mind because they are not a proper subject for expert testimony; and

(4) the Court should exclude Dr. Shenkar's opinions on economic issues because he is not qualified to make them.

1

**TABLE OF CONTENTS**

2   I.      INTRODUCTION .......................................................................................................... 1

3   II.     LEGAL STANDARD.................................................................................................... 2

4   III.    ARGUMENT ................................................................................................................ 2

5           A.      Mr. Partnoy's Improper Opinions Should Be Excluded. ........................................ 2

6                   1.      Mr. Partnoy's Opinion About Whether Defendants'
7                           Experts Have Used "Reliable Principles or Methods" is an
                            Improper Legal Conclusion................................................................................... 2
8
9                   2.      Mr. Partnoy Improperly Offers Opinions Going Beyond a
                            Rebuttal to Defendants' Experts. ......................................................................... 3

10          B.      Dr. Shenkar's Improper Opinions Should Be Excluded. ....................................... 5

11                  1.      Dr. Shenkar's Opinions About Defendants' Purported
12                          Knowledge and State of Mind are Improper and Should Be
                            Excluded................................................................................................................ 5
13
14                  2.      Dr. Shenkar, a Sociologist, is Not Qualified to Offer
                            Opinions on Chinese Economic Conditions and Their
15                          Impact on the Chinese Smartphone Market. ........................................................ 7

16  IV.     CONCLUSION ............................................................................................................. 8

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**                                                                                               **Page(s)**

3

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
4        2014 WL 794328 (N.D. Cal. Feb. 25, 2014) ................................................................ 2

5

*Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*,
         2020 WL 2553181 (S.D. Cal. May 20, 2020), *aff'd*, 9 F.4d 1102 (9th Cir.
6        2021) ............................................................................................................................ 6

7

*Baker v. SeaWorld Ent., Inc.*,
         423 F. Supp. 3d 878 (S.D. Cal. 2019) ........................................................................ 4
8

9

*In re Bard IVC Filters Prod. Liab. Litig.*,
         2017 WL 6523833 (D. Ariz. Dec. 21, 2017) .............................................................. 6

10

11

*BP Prod. N. Am., Inc. v. Grand Petroleum, Inc.*,
         2021 WL 4482138 (N.D. Cal. Sept. 30, 2021) ........................................................... 3

12

*Burkhart v. Washington Metro. Area Transit Auth.*,
         112 F.3d 1207 (D.C. Cir. 1997) .................................................................................. 3

13

14

*Daubert v. Merrell Dow Pharm., Inc.*,
         43 F.3d 1311 (9th Cir. 1995)....................................................................................... 8

15

16

*Daubert v. Merrill Dow Pharm.*,
         509 U.S. 579 (1993) ............................................................................................ 1, 2, 3

17

*In re Ford Tailgate Litig.*,
         2015 WL 7571772 (N.D. Cal. Nov. 25, 2015)............................................................ 8

18

19

*Graystone Funding Co., LLC v. Network Funding, L.P.*,
         2022 WL 1063734 (D. Utah Apr. 8, 2022)................................................................. 3

20

*Lanard Toys Ltd. v. Anker Play Prod., LLC*,
         2020 WL 6873647 (C.D. Cal. Nov. 12, 2020)............................................................ 6

21

22

*Lucido v. Nestle Purina Petcare Co.*,
         217 F. Supp. 3d 1098 (N.D. Cal. 2016) ..................................................................... 8

23

*Lust v. Merrell Dow Pharm., Inc.*,
24       89 F.3d 594 (9th Cir. 1996)......................................................................................... 2

25

*Matthew Enter., Inc. v. Chrysler Grp. LLC*,
26       2016 WL 4272430 (N.D. Cal. Aug. 15, 2016)........................................................... 4

27

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
         402 F. Supp. 3d 615 (N.D. Cal. 2019) ....................................................................... 8

28

*Rogers v. Raymark Indus., Inc.*,
    922 F.2d 1426 (9th Cir. 1991)...................................................................................... 8

*Snyder v. Bank of Am., N.A.*,
    2020 WL 6462400 (N.D. Cal. Nov. 3, 2020)................................................................ 6

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    2008 WL 2037732 (N.D. Cal. May 12, 2008) ............................................................. 6

*United States v. Grant*,
    2020 WL 870948 (N.D. Cal. Feb. 21, 2020) .............................................................. 8

*United States v. Tammen*,
    782 F.3d 543 (9th Cir. 2015)....................................................................................... 3

**Rules**

Fed. R. Civ. P.
    Rule 26 ......................................................................................................................... 4
    Rule 26(a)(2)(D)(ii)...................................................................................................... 4

Fed. R. Evid.
    Rule 402 ....................................................................................................................... 3
    Rule 403 .................................................................................................................... 2, 3
    Rule 702 ............................................................................................................. 1, 2, 3, 8

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.       INTRODUCTION**

3

Defendants seek an order excluding the improper testimony of two of Plaintiff's expert

4      witnesses:  Frank Partnoy, a lawyer; and Oded Shenkar, a sociologist.  As described below, both

5      witnesses intend to offer a number of opinions that are plainly inadmissible.

6

**Frank Partnoy:**  Mr. Partnoy is a lawyer and law professor.  Plaintiff intends to offer Mr.

7      Partnoy to rebut the opinions of Defendants' expert witnesses Brett Trueman and Alex Gauna—

8      both of whom opine on issues relating to securities analyst coverage of Apple's November 1,

9      2018 earnings call.  Parroting the language of Federal Rule of Evidence 702, Mr. Partnoy opines

10     that the expert reports of Dr. Trueman and Mr. Gauna are flawed because they "do not describe

11     any reliable methodology, or reliable principles and methods, that they applied in forming their

12     opinions and conclusions."  Declaration of James N. Kramer ("Kramer Decl."), Ex. 1 (Partnoy

13     report) ¶ 9.  But the question of whether Defendants' experts have applied "reliable principles and

14     methods" is a question of law for the Court to decide under Federal Rule of Evidence 702 and

15     *Daubert v. Merrill Dow Pharm.*, 509 U.S. 579 (1993)—it is not an appropriate subject of

16     testimony by Plaintiff's lawyer-expert Mr. Partnoy.

17

Further, Mr. Partnoy's "rebuttal" opinions should be excluded to the extent they go

18     beyond the scope of a rebuttal to the opinions offered by Dr. Trueman and Mr. Gauna.  Whereas

19     Dr. Trueman and Mr. Gauna focus on securities analyst reports issued in the four days following

20     the November 1, 2018 earnings call, Mr. Partnoy's rebuttal report improperly seeks to criticize

21     Defendants' experts for failing to address materials—like news articles and reports published well

22     outside the time period analyzed by Dr. Trueman and Mr. Gauna—that fall outside the stated

23     scope of Dr. Trueman and Mr. Gauna's reports.

24

**Oded Shenkar:**  Dr. Shenkar likewise intends to offer multiple categories of inadmissible

25     testimony.  First, Dr. Shenkar's report is replete with opinions about Defendants' knowledge and

26     state of mind—specifically, about Apple's purported knowledge of the state of the Chinese

27     economy.  But Dr. Shenkar is a sociologist, not a mind reader, and his opinions about

28     Defendants' knowledge and state of mind are improper.

DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY
                                       CASE NO. 4:19-CV-02033-YGR

1    In addition, Dr. Shenkar's opinions about economic conditions in China, and their impact

2    on the Chinese smartphone market, should be excluded because Dr. Shenkar is not qualified to

3    offer them.  Dr. Shenkar's formal training is in sociology, not economics, and he is not otherwise

4    qualified to make the broad economic pronouncements offered in his report.

5    Defendants respectfully request that the Court exclude these portions of Mr. Partnoy's and

6    Dr. Shenkar's intended expert testimony.

7    **II.    LEGAL STANDARD**

8    Under Federal Rule of Evidence 702, expert testimony is permitted at trial only if:  (1) it is

9    based on "scientific, technical, or other specialized knowledge"; (2) the expert's specialized

10   knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue";

11   (3) it is "based on sufficient facts or data"; (4) it "is the product of reliable principles and

12   methods"; and (5) "the expert has reliably applied the principles and methods to the facts of the

13   case."  Fed. R. Evid. 702; *see also Daubert*, 509 U.S. at 594.  The proponent of expert testimony

14   "has the burden of proving admissibility."  *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598

15   (9th Cir. 1996).  In considering the admissibility of expert testimony, the Court "should also be

16   mindful of other applicable rules," *Daubert*, 509 U.S. at 595, including Federal Rule of Evidence

17   403, because "expert testimony may 'carry special weight with the jury'" resulting in unfair

18   prejudice.  *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2014 WL 794328, at *8 (N.D. Cal. Feb. 25,

19   2014).

20   **III.    ARGUMENT**

21       **A.    Mr. Partnoy's Improper Opinions Should Be Excluded.**

22           **1.    Mr. Partnoy's Opinion About Whether Defendants' Experts Have Used "Reliable Principles or Methods" Is an Improper Legal
23                Conclusion.**

24   Mr. Partnoy devotes a substantial portion of his rebuttal report to a critique of the

25   methodologies employed by Dr. Trueman and Mr. Gauna, ultimately opining that they "do not

26   describe any reliable methodology, or reliable principles and methods, that they applied in

27   forming their opinions and conclusions."  Kramer Decl., Ex. 1 ¶¶ 9-21.  This is plainly a legal

28   conclusion, expressly couched in the language of Federal Rule of Evidence 702 and *Daubert*, 509

1   U.S. at 594, and is not a proper subject of expert testimony.  "Lawyers may be hired to assist

2   counsel of record with legal briefing, but legal opinions have no place in a jury trial and usurp the

3   role of the judge and jury." *BP Prod. N. Am., Inc. v. Grand Petroleum, Inc.*, 2021 WL 4482138,

4   at *1 (N.D. Cal. Sept. 30, 2021); *see also United States v. Tammen*, 782 F.3d 543, 552 (9th Cir.

5   2015) ("In general . . . an expert cannot testify to a matter of law amounting to a legal

6   conclusion."); *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir.

7   1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her

8   province alone to instruct the jury on the relevant legal standards.") (citation omitted).

9        In *Graystone Funding Co., LLC v. Network Funding, L.P.*, 2022 WL 1063734, at *13-14

10  (D. Utah Apr. 8, 2022), the court excluded a rebuttal expert's opinion, similar to the one offered

11  by Mr. Partnoy here, that the other party's affirmative expert "report and testimony will not

12  'assist the trier of fact' because they are unreliable."  *Id.* at *13, n.10.  The court excluded that

13  opinion on the ground that it was "a legal conclusion for the court to determine under Federal

14  Rule of Evidence 702."  *Id.* (citation omitted).  This Court should reach the same result.

15       Mr. Partnoy's legal conclusion should also be excluded under Federal Rules of Evidence

16  402 and 403 because it is irrelevant and prejudicial, and would only serve to confuse the jury.

17  Under *Daubert* and its progeny, it is the Court's role to act as the gatekeeper to determine

18  whether the requirements of Federal Rule of Evidence 702 have been met.  Once that legal

19  determination has been made by the Court, Mr. Partnoy's rebuttal opinion becomes entirely

20  irrelevant.  If offered at trial, it could mislead the jury into believing that the opinions offered by

21  Dr. Trueman and Mr. Gauna are unreliable when the Court would have already come to the

22  opposite conclusion in permitting their testimony.  Accordingly, the Court should exclude the

23  opinions offered by Mr. Partnoy in paragraphs 9 through 21 of his report.

24          **2.     Mr. Partnoy Improperly Offers Opinions Going Beyond a Rebuttal to**
                    **Defendants' Experts.**
25

26       Other portions of Mr. Partnoy's opinions should be excluded because they go beyond the

27  scope of an appropriate rebuttal to Defendants' experts.  Specifically, in the section of Mr.

28  Partnoy's rebuttal report titled "Analyst Reports Not Addressed," he criticizes Dr. Trueman and

1   Mr. Gauna because their reports did not discuss (i) a November 1, 2018 Morgan Stanley Tech

2   report; (ii) a November 18, 2018 J.P. Morgan report; (iii) a January 2, 2019 *Bloomberg* article;

3   (iv) a January 3, 2019 *Yahoo! Finance* article; and (v) a January 6, 2019 RBC report.  Kramer

4   Decl., Ex. 1 ¶¶ 25-26, 28-31.  It is unsurprising that Dr. Trueman and Mr. Gauna did not address

5   these materials, however, because both of their reports focused squarely on securities analyst

6   reports issued between November 1, 2018 and November 4, 2018.  *See Id.*., Ex. 2 (Trueman

7   report) ¶ 35 ("I reviewed thirty-eight analyst reports that were issued after the Conference Call

8   from November 1 through November 4, 2018."); *see also id.* Ex. 3 (Gauna report) ¶¶ 65-66

9   (referencing Dr. Trueman's analysis).  None of the materials cited by Mr. Partnoy fall within this

10  category of reports addressed by Dr. Trueman or Mr. Gauna.  The Morgan Stanley Tech report

11  dated November 1, 2018 is not an analyst report; it is a "Sales Commentary" that includes an

12  express disclaimer making clear that it is "not a product of MS Research and should not be

13  regarded as a research report." *Id.*, Ex. 4.  The November 18, 2018 J.P. Morgan report and the

14  January 6, 2019 RBC report were issued well after the November 1 through November 4 window

15  analyzed by Dr. Trueman.  And the two news articles are irrelevant because Dr. Trueman and Mr.

16  Gauna did not focus on news media reactions at all.  Mr. Partnoy therefore improperly seeks to

17  attack Dr. Trueman and Mr. Gauna for purportedly failing to address materials that fall squarely

18  outside the stated scope of their analyses.

19          Under Federal Rule of Civil Procedure 26, a rebuttal report is "intended solely to

20  contradict or rebut evidence on the same subject matter" covered by an affirmative expert report.

21  Fed. R. Civ. P. 26(a)(2)(D)(ii).  "Rebuttal testimony cannot be used to advance new arguments or

22  new evidence." *Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 896 (S.D. Cal. 2019); *see also*

23  *Matthew Enter., Inc. v. Chrysler Grp. LLC*, 2016 WL 4272430, at *2 (N.D. Cal. Aug. 15, 2016)

24  (rebuttal expert reports not the place to "set forth an alternate theory").  Accordingly, Mr.

25  Partnoy's discussion of the materials referenced in paragraphs 25-26 and 28-31 of his report

26  should be excluded because it does not "contradict or rebut" the opinions offered by Dr. Trueman

27  and Mr. Gauna.

28

DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY
                                                        CASE NO. 4:19-CV-02033-YGR

1

**B.      Dr. Shenkar's Improper Opinions Should Be Excluded.**

2

3

**1.      Dr. Shenkar's Opinions About Defendants' Purported Knowledge and State of Mind are Improper and Should Be Excluded.**

4

Dr. Shenkar, a sociologist by training, was asked by Plaintiff's counsel to, among other

5

things, "evaluate and provide an opinion on the history of economic growth in modern China,"

6

"whether the type of data that Apple collected and analyzed concerning the Chinese market is

7

consistent with the type of data typically available to foreign corporations that are dependent on

8

business in China as an important part of their overall operations, and whether it was rigorous and

9

accessible to the Company's senior decision-makers." *See* Kramer Decl., Ex. 5 (Shenkar report)

10

¶ 1.  Dr. Shenkar's resulting report goes well beyond his stated assignment, however, and is rife

11

with purported opinions about what Apple and its executives supposedly "knew" or were "aware

12

of."  For example, he opines that:

13

- "[T]he threat of copying by Chinese competitors, whether of features or of design, was

14

  communicated directly to Cook and the rest of the top management team, *though it*

15

  *must have been known to them by now*."  *Id.* ¶ 91 (emphasis added).

16

- "Cook had responsibility over logistic operations, and so *would be intimately familiar*

17

  *with how Apple's global supply chain works*; . . . ."  *Id.* ¶ 129 (emphasis added).

18

- "[T]he Company was *fully aware* of its own shortcomings in the China market . . . ."

19

  *Id.* ¶ 75 (emphasis added).

20

- "Surely the Apple team *was also aware* of the counterfeit problem . . . ."  *Id.* ¶ 91

21

  (emphasis added).

22

- "Apple, through its employees both in the United States and in China, was *keenly*

23

  *aware* that economic conditions in China were decelerating.  *Apple was aware*, as

24

  would any company with significant operations in China would be, that Chinese

25

  economic growth was not only decelerating, but that such deceleration was likely to

26

  have significant impacts on Apple's business in Greater China."  *Id.* ¶ 150 (emphasis

27

  added).

28

DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY
CASE NO. 4:19-CV-02033-YGR

1

2

3

4

- "Apple and those same executives were *acutely aware* that Apple's competitors in China were scheduled to and had released highly competitive products that posed a significant risk to Apple's smartphone market share in China." *Id.* ¶ 172 (emphasis added).

5

6

7

8

- "In August of 2018, Foxconn reported declining earnings and the lowest quarterly profitability since 2013.  Reuters reported that this was partially the result of the cost of carrying an unsold inventory of the iPhone X, a fact that *was, without a doubt, known to Apple*." *Id.* ¶ 103 (emphasis added).

9

10

11

12

- "Dr. Guthrie [an Apple employee] *must have been keenly aware* of the market trends described in this opinion and as a Company insider was in an excellent position to inform the Company's upper leadership directly and effectively." *Id.* ¶ 116 (emphasis added).

13

14

15

- "[O]ne of the main roles of [Isabel] Mahe, a China native, would be liaising with the Chinese authorities.  Someone of that background *would be aware* of the most recent developments in the country." *Id.* ¶ 123 (emphasis added).

16

17

18

19

20

21

22

23

24

25

26

27

28

It is well-established that these types of opinions regarding a party's knowledge or state of mind "have no basis in any relevant body of knowledge or expertise," and are not a proper subject for expert testimony.  *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 2020 WL 2553181, at *5 (S.D. Cal. May 20, 2020), *aff'd*, 9 F.4d 1102 (9th Cir. 2021).  This is because expert testimony about a party's state of mind "offers no more than the drawing of an inference from the facts"— even though "the jury is sufficiently capable of drawing its own inferences . . . and permitting expert testimony on this subject would be merely substituting the expert's judgment for the jury's." *Lanard Toys Ltd. v. Anker Play Prod., LLC*, 2020 WL 6873647, at *7 (C.D. Cal. Nov. 12, 2020) (internal citations omitted) (collecting cases); *Snyder v. Bank of Am., N.A.*, 2020 WL 6462400, at *2 (N.D. Cal. Nov. 3, 2020) (excluding opinion that "Defendant knew the loan modifications were incorrectly calculated"); *Therasense, Inc. v. Becton, Dickinson & Co.*, 2008 WL 2037732, at *4 (N.D. Cal. May 12, 2008) ("[N]o expert of any kind will be allowed to speculate as to anyone's subjective intent or knowledge."); *In re Bard IVC Filters Prod. Liab.*

DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY
CASE NO. 4:19-CV-02033-YGR

*Litig.*, 2017 WL 6523833, at *3 (D. Ariz. Dec. 21, 2017) (rejecting attempt to "state[] opinions on Bard's intentions and motivations, as though [the witness] were an expert on corporate psychology or strategy").

Accordingly, the Court should preclude Dr. Shenkar from offering any testimony regarding Defendants' purported knowledge or state of mind, including the specific opinions noted above from paragraphs 75, 91, 103, 116, 123, 129, 150, and 172 of Dr. Shenkar's report.

### 2. Dr. Shenkar, a Sociologist, Is Not Qualified to Offer Opinions on Chinese Economic Conditions and Their Impact on the Chinese Smartphone Market.

The Court also should exclude Dr. Shenkar's opinions relating to Chinese economic conditions and their impact on the Chinese smartphone market because he is not qualified to make them. Dr. Shenkar opines, among other things, that "economic conditions in China were negatively impacting sales and demand for Apple products, particularly iPhones." Kramer Decl., Ex. 5 (Shenkar report) ¶ 4; *id.* ¶ 14 ("In 2018 in China, there was significant evidence of major economic headwinds across multiple indicators, that, combined with the global industry trends, had a visibly adverse impact on the local smartphone market."). Dr. Shenkar's report also includes a lengthy section in which he discusses purported "Evidence of Headwinds to Continued Economic Growth in Greater China." *Id.* § III, ¶¶ 52-63.

However, Dr. Shenkar is a sociologist, not an economist, and he lacks the necessary training and experience to render these opinions about Chinese economic trends, and in particular, their impact on the Chinese smartphone market. Dr. Shenkar does not have a degree in economics. *See id.*, Ex. 6 (Shenkar Dep. Tr.) at 15:15-19. Rather, he holds a B.A. in East Asian (Chinese) Studies (1976), an MSc in Sociology (1978), an M.Phil in Philosophy (1979), and a Ph.D. in Sociology (1981). *Id.*, Ex. 5 (Shenkar report) ¶ 9 and Ex. 1 (Shenkar CV). His Ph.D. dissertation was on the Chinese bureaucracy, titled "The Confucian Ethic and The Spirit of Bureaucracy." *Id.*, Ex. 5 at Ex. 1 (Shenkar CV). And he is currently a professor of management and human resources at Ohio State University. *Id.*.

The Court must exclude an expert's testimony to the extent that the expert seeks to offer opinions beyond their area of expertise, as determined by the expert's "knowledge, skill,

experience, training, or education."  Fed. R. Evid. 702; *see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 402 F. Supp. 3d 615, 720-21 (N.D. Cal. 2019) (an expert cannot testify "beyond his area of expertise"); *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ("*Daubert II*") ("The question of admissibility only arises if it is first established that the individuals whose testimony is being proffered are experts in a particular scientific field.").

Even if Dr. Shenkar may be qualified to opine on certain topics pertaining to business in China, he is not qualified to offer the sweeping opinions in his report concerning macroeconomic conditions in China and their impact on the smartphone industry in particular.  An expert "qualified to give an opinion on one subject is not necessarily qualified to opine on others." *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1431 (9th Cir. 1991); *see also In re Ford Tailgate Litig.*, 2015 WL 7571772, at *6-7 (N.D. Cal. Nov. 25, 2015) (noting "[e]ven the most qualified expert cannot offer any opinion on any subject" and excluding expert testimony where expert offered "numerous opinions" on "topics… outside of [his] expertise"); *Lucido v. Nestle Purina Petcare Co.*, 217 F. Supp. 3d 1098, 1103 (N.D. Cal. 2016) (refusing to allow a veterinarian to testify about what a reasonable consumer would consider material when deciding to purchase dog food); *United States v. Grant*, 2020 WL 870948, at *2 (N.D. Cal. Feb. 21, 2020) (refusing to allow a doctor to testify about the VA's policies or practices).  The Court should exclude Dr. Shenkar's opinions, including those offered in paragraphs 4, 14, and 52 through 63 of his report, to the extent he seeks to opine on Chinese economic trends and their impact on the Chinese smartphone market.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to exclude the relevant portions of the expert testimony of Frank Partnoy and Oded Shenkar.

1

Dated:  September 9, 2022

Respectfully submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP

2

3

*/s/ James N. Kramer*
JAMES N. KRAMER

4

5

Attorneys for Defendants Apple Inc., Timothy
D. Cook, and Luca Maestri

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY
CASE NO. 4:19-CV-02033-YGR