# EXHIBIT 4

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
        – and –
MARK SOLOMON (151949)
TOR GRONBORG (179109)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
torg@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF NORFOLK COUNTY COUNCIL AS ADMINISTERING AUTHORITY OF THE NORFOLK PENSION FUND'S OBJECTIONS AND RESPONSES TO DEFENDANT TIM COOK'S FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF |

4865-5401-5510.v2

INTERROGATORY NO. 1:

State all facts and identify all documents that support your contention, as alleged in paragraph 123 of the Complaint, that Tim Cook "made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading."

RESPONSE TO INTERROGATORY NO. 1:

Lead Plaintiff hereby incorporates the General Objections as fully set forth above. Lead Plaintiff further objects to this Interrogatory as vague, ambiguous, unintelligible and unduly burdensome. Lead Plaintiff further objects to this Interrogatory on the grounds that Lead Lead Plaintiff's investigation of facts and review of evidence is ongoing and thus Lead Plaintiff reserves the right to supplement these Responses as appropriate. Lead Plaintiff further objects on the grounds that this Interrogatory selectively quotes only a part of the allegations contained within ¶123 of the Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 114) ("Complaint")[1] does not include the full context of the allegations set forth in ¶123, and fails to acknowledge that ¶123 is written in the disjunctive and the Complaint alleges violations of subparts of Rule 10(b)-5(a)-(c).

Subject to and without waiving the foregoing Objections or the General Objections, Lead Plaintiff responds as follows: As alleged, on November 1, 2018, Defendants[2] held an earnings call for analysts and investors concerning the Company's financial results for 4Q18 and full year FY18, as well as the Company's outlook for the ongoing quarter, 119. ==As part of that earnings call, Apple and the Individual Defendants purported to provide investors with the current state of the Company's business==, including but not limited to the current impact, if any, of ongoing deceleration in emerging markets including Greater China and the status of the launch and sales of its new iPhone XS, XS Max and XR.

---

[1]  All "¶_" references herein are to the Complaint unless otherwise indicated.

[2]  Defendants are Apple Inc. ("Apple" or the "Company") and Individual Defendants Timothy D. Cook and Luca Maestri.

1    As alleged, going into the call, investors were concerned about the potential impact on Apple's business of reports of economic growth deceleration in Greater China and other emerging markets, the threatened U.S. tariffs on Chinese products and reports that Chinese consumers were reducing spending and the Chinese smartphone market was becoming increasingly competitive. Defendants sought to quell investor concerns about economic conditions in China and their impact on the Company by specifically denying that Apple was experiencing any deceleration or pressure on its business in China, and by failing to disclose the risk of such pressure from that deceleration and trade tensions in China, like it was experiencing in other emerging markets which were flat, declining or not growing due to poor economic conditions.  In order to support its misrepresentations and the rejection of analyst concern about business in Greater China, Apple and the Individual Defendants pointed directly to 16% growth in China in 4Q18 as evidence that Greater China was not in the same category of those other emerging markets.  When asked about the status of the launch of the new iPhones, and specifically early demand for the iPhone XR and its relation to the Company's forecast, Apple and the Individual Defendants claimed that the XS and XS Max got off to a great start and that as of November 1, 2018, with respect to the iPhone XR, Defendants had too little information to tell what was happening with early demand for the product.

Contrary to these representations, Defendants knew but failed to disclose that in fact decelerating economic conditions in China (one of its largest markets by revenue and an important growth market) were negatively impacting the trajectory of the Company's business there. Defendants knew, but failed to disclose, that the Company was simultaneously being impacted by increased competition from Chinese smartphone manufacturers, including Huawei, Oppo and Xiaomi, which were offering cheaper and similarly (or even better) featured smartphones than Apple and were aggressively competing on price in the Chinese market.  The iPhone XR was the least expensive of Apple's three newly-released iPhones and the one most targeted at the Chinese market.  However, both Chinese resellers and consumers had shown extremely little interest in pre-ordering, purchasing, or even seeing the phone in stores.  Defendants failed to disclose that

1  reseller partners in China, which sold up to 90% of all of the iPhones in China, had already told
2  Apple that demand for the new iPhone XR was weak and directed Apple to stop shipping the
3  product or threatened to withhold payment if shipments continued.  Apple executives in China
4  reported to Apple executives in Cupertino, California, including Cook, that there appeared to be
5  little to no interest for the XR from consumers in China in comparison to the just-announced
6  Huawei Mate 20.

7  In fact, Chinese consumer interest was so much lower than expectations that even in the
8  week leading up to the November 1, 2018 earnings call, Apple sharply reduced its internal
9  quarterly revenue projections for China for 1Q19 by 5%: From 4% expected revenue growth to
10 1% expected revenue decline year-over-year.  In addition, due to weak demand for the iPhone XR
11 in China, Apple significantly reduced iPhone XR production, including a 2 millin unit reduction
12 planned on or around October 20, 2018, and then a massive reduction in production planned on or
13 around October 31, 2018, including a reduction of 16.5 million units of iPhone XR and 1million
14 units of iPhone XS and XS Max.  Then, just prior to the November 1, 2018, earnings
15 announcement, Apple aggressively slashed its production plans for the iPhone XR by 16.5 million
16 units (and reductions to iPhone XS and XS Max by 1 million units).

17 As stated above, all of these facts support the contention that Cook "made untrue statements
18 of material fact or omitted to state material facts necessary in order to make the statements made,
19 in light of the circumstances under which they were made, not misleading."

20 In addition to the Response above, pursuant to Fed. R. Civ. P 33(d), the following
21 documents provide further and additional facts supporting Lead Lead Plaintiff's Response:

22 (i) the deposition transcripts and accompanying exhibits, of Cook, Maestri, Donal Conroy,
23 Kevan Parekh, Priya Balasubramaniam, Greg Joswiak, Matt Blake, Anish Patel, and Apple
24 (pursuant to Fed. R. Civ. P. 30(b)(6));

25 (ii) the Company's SEC filings during the relevant period;

26 (iii) Defendant Apple Inc.'s Objections and Responses to Lead Lead Plaintiff's First
27 Requests for Admission (4/8/21); Defendant Luca Maestri's Objections to Lead Lead Plaintiff's

1  emerging markets, specifically flat, declining or not growing in the way that Apple and Cook
2  would have liked to have seen.

3  DATED: March 16, 2022

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH

_____
SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
MARK SOLOMON
TOR GRONBORG
JASON A. FORGE
RAPHAELLA FRIEDMAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
torg@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

LABATON SUCHAROW
CAROL C. VILLEGAS
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/883-7524 (fax)
cvillegas@labaton.com

Counsel for Employees' Retirement System of the State of Rhode Island

LEAD PLTF NORFOLK COUNTY COUNCIL AS ADMINISTERING AUTHORITY OF THE NORFOLK PENSION FUND'S OBJS & RESPS TO DEF TIM COOK'S FIRST SET OF ROGS TO LEAD PLTF - 4:19-cv-02033-YGR
4865-5401-5510.v2

- 371 -

|   |   |
|---|---|
| 1 |   |
| 2 | VANOVERBEKE, MICHAUD & TIMMONY, P.C. |
| 3 | THOMAS C. MICHAUD<br>79 Alfred Street |
| 4 | Detroit, MI  48201<br>Telephone:  313/578-1200 |
| 5 | 313/578-1201 (fax)<br>tmichaud@vmtlaw.com |
| 6 | Additional Counsel |

LEAD PLTF NORFOLK COUNTY COUNCIL AS ADMINISTERING AUTHORITY OF THE NORFOLK PENSION FUND'S OBJS & RESPS TO DEF TIM COOK'S FIRST SET OF ROGS TO LEAD PLTF - 4:19-cv-02033-YGR
4865-5401-5510.v2

372

## VERIFICATION

I declare under penalty of perjury that I have read the foregoing LEAD PLAINTIFF NORFOLK COUNTY COUNCIL AS ADMINISTERING AUTHORITY OF THE NORFOLK PENSION FUND'S OBJECTIONS AND RESPONSES TO DEFENDANT TIM COOK'S FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF and I am informed and believe that the information provided therein is true and correct.

Executed on March 31, 2022, at Norfolk, United Kingdom.

_____
ALEXANDER YOUNGER
Head of Funding and Investment