1  JAMES N. KRAMER (SBN 154709)
   jkramer@orrick.com
2  MICHAEL D. TORPEY (SBN 79424)
   mtorpey@orrick.com
3  ALEXANDER K. TALARIDES (SBN 268068)
   atalarides@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:     (415) 773-5700
   Facsimile:     (415) 773-5759
7
   Attorneys for Defendants Apple Inc.,
8  Timothy Cook, and Luca Maestri

9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13

14  IN RE APPLE INC. SECURITIES           Lead Case No. 4:19-cv-02033-YGR
    LITIGATION
15                                         **DECLARATION OF JAMES N. KRAMER
                                           IN SUPPORT OF DEFENDANTS'
16  _____    ADMINISTRATIVE MOTION TO FILE
                                           UNDER SEAL PORTIONS OF EXHIBITS
17  This Document Relates To:              TO DEFENDANTS' MOTION FOR
                                           SUMMARY JUDGMENT**
18   ALL ACTIONS.
                                           Hearing
19                                         Date:   TBD
                                           Time:   2:00 p.m.
20                                         Ctrm:   1, 14th Floor
                                           Judge:  Honorable Yvonne Gonzalez Rogers
21

22

23

24

25

26

27

28

1          I, James N. Kramer, declare as follows:

2          1.      I am a partner at Orrick, Herrington, & Sutcliffe LLP, counsel for Apple Inc.,

3  Timothy Cook, and Luca Maestri (collectively "Defendants").  I submit this declaration in

4  support of Defendants' Administrative Motion to File Under Seal ("Motion to Seal") Portions of

5  Exhibits in Connection with Defendants' Motion for Summary Judgment.  I am familiar with

6  Apple's treatment of highly proprietary and confidential information, based on my personal

7  experience representing Apple.[1]  I have personal knowledge of the facts stated below and, if

8  called as a witness, I could and would testify competently thereto.

9          2.      The Motion to Seal is filed in connection with a submission relating to a

10  dispositive motion, namely, Defendants' Motion for Summary Judgment.  When a party seeks to

11  seal material submitted in connection with dispositive motions, it must demonstrate that there are

12  "compelling reasons" to do so.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th

13  Cir. 2006) (to retain protected status for documents attached to a summary judgment motion,

14  proponent must meet the "compelling reasons" standard); *Foltz v. State Farm Mut. Auto. Ins. Co.*,

15  331 F.3d 1122, 1135 (9th Cir. 2003) (same).

16          4.      Defendants' request is narrowly tailored.  Defendants are not seeking to seal any

17  part of their motion for summary judgment.  Nor do Defendants seek to seal any of the substance

18  of Defendants' supporting declarations.  Of the dozens of exhibits submitted in connection with

19  Defendants' Motion for Summary Judgment, Defendants request that the Court seal limited

20  portions of just three of them—Exs. 10, 13, and 23 to the Declaration of Kevan Parekh in Support

21  of Defendants' Motion for Summary Judgment (the "Parekh Declaration").

22          5.      Defendants are seeking to seal only those portions of Exs. 10, 13, and 23 to the

23  Parekh Declaration that contain the confidential information of Apple's third-party reseller

24

---

25  [1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel

26  submitted pursuant to Local Rule 79-5.  *See, e.g.*, *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv*

27  *Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018).  I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration

28  insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

DECLARATION OF JAMES N. KRAMER IN SUPPORT OF
DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER
SEAL, C.A. NO. 4:19-CV-02033-YGR

partners, including sales data attributable to specific third-party resellers.  There are compelling reasons to seal this third-party proprietary information.  *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (finding compelling reasons to seal a third party's sensitive business information); *DiscoverOrg Data, LLC v. Bitnine Glob., Inc.*, 2020 WL 8669859, at *3 (N.D. Cal. Nov. 6, 2020) (finding competitive harm resulting from disclosure of pricing and contracts with third parties to be compelling reason for sealing); *Baker v. SeaWorld Ent., Inc.*, 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (same).

6.      The proposed sealing requests are limited, and the proposed material to be sealed is not central to the issues raised in Defendants' Motion for Summary Judgment.  For example, the proposed sealed material in Exhibit 10 to the Parekh Declaration consists of reseller sales information for the U.S., Western Europe, Japan, Russia, and India; Defendants are not seeking to seal the reseller sales information in Exhibit 10 pertaining to Greater China.  Similarly, the proposed sealed portions of Exhibit 23 to the Parekh Declaration pertain to data and commentary related to U.S. and U.K. resellers only; Defendants are publicly filing the portion of the document (on page 1, regarding Greater China) that they rely upon in connection with their Motion for Summary Judgment.  And the proposed redacted portion of Exhibit 13 relates to Mac sales, not iPhone sales.

7.      Set forth below is a chart detailing the specific items that are sealable for the reasons explained herein.  The portions of these documents that Defendants seek to seal are denoted by red boxes in the chambers copies submitted pursuant to the Court's standing order.

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
| --- | --- |
| Parekh Declaration, Ex. 10, portions of p. 2, 3, 4, 6, 7. | Contains third-party proprietary information. / Kramer Decl. ¶ 5. |
| Parekh Declaration, Ex. 13, portion of p. 8 | Contains third-party proprietary information. / Kramer Decl. ¶ 5. |

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Parekh Declaration, Ex. 23, portions of p. 3, 4, 5, 6. | Contains third-party proprietary information. / Kramer Decl. ¶ 5. |

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed in San Francisco, California on September 9, 2022.

_/s/ James N. Kramer_
JAMES N. KRAMER