UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION, | Case No. 4:19-cv-2033-YGR<br><br>**ORDER DENYING MOTION FOR RELIEF**<br><br>Re: Dkt. No. 276 |

Before the Court is defendants Apple, Tim Cook, and Luca Maestri's ("defendants") motion for relief from a nondispositive pretrial order issued by the Honorable Chief Magistrate Judge Joseph C. Spero. (Dkt. No. 276.) Pursuant to Federal Rule of Civil Procedure 72 and Civil Local Rule 72-2, defendants challenge Judge Spero's order compelling certain documents which defendants contend are subject to attorney-client privilege. Having carefully reviewed the parties' submissions and the record in this case, the Court rules as follows.

## I.    BACKGROUND

The Court incorporates the background provided in Judge Spero's 43-page order regarding the underlying action and pertinent discovery disputes. (Dkt. No. 272 at 1-5.) In relevant part, plaintiffs filed a motion to compel production of numerous documents that defendants withheld under the attorney-client privilege, resulting in the order by Judge Spero that is the subject of the instant motion. Defendants challenge the order on four bases, which the Court will address in turn.

## II.    LEGAL STANDARD

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)). On review of a nondispositive order "the magistrate's factual determinations are reviewed for clear error," and the district court may only set aside those factual determinations if it is left with a "definite and firm conviction that a mistake

has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  Thus, the Court will modify or set aside Judge Spero's discovery ruling only if it is clearly erroneous.

## III.   DISCUSSION

Defendants first argue that Judge Spero applied the wrong legal standard by requiring documents to have an explicit reference to a legal issue.  (Dkt. No. 276 at 2.)  This argument is without merit.  Judge Spero explicitly states in the order that implied requests are sufficient to support attorney-client privilege.  (Dkt. No. 272 at 22.)  Judge Spero did not find Entry 288 non-privileged just because it "does not reference any specific legal concerns," as defendants misleadingly state in their motion, he also found that it "was not primarily aimed at seeking legal advice and therefore is not privileged."  (Dkt. No. 272 at 24.)

Second, defendants claim that because Judge Spero found a responsive email from Apple's counsel was privileged, it was legal error not to find the initial email also privileged.  (Dkt. No. 276 at 3.)  Defendants cite one case addressing whether an initial email is privileged if its response is privileged.  That case is not binding on this Court.  Additionally, though the court there found that where one email in a chain was privileged, others in the chain were also privileged, it did not hold that this was a general rule.  The court noted "the application of privileges to email communications remains an evolving area of the law" and that "in the e-mail discovery context, the court understands *Upjohn* to mean that even though one e-mail is not privileged, a second e-mail which forwards that prior e-mail to counsel *might* be privileged in its entirety."  *Dawe v. Corr. USA*, 263 F.R.D. 613, 621 (E.D. Cal. 2009) (emphasis supplied).   This is not a sufficient basis for finding Judge Spero's order clearly erroneous.

Third, defendants argue that Judge Spero departed from "settled law" by concluding that certain internal communications were non-privileged even though counsel for Apple submitted sworn declarations to the contrary.  As Judge Spero states in the order, "[a]ttorney declarations generally are necessary to support the designating party's position in a dispute about attorney-client privilege." (Dkt. No. 272 at 5) (quoting *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 865 (N.D. Cal. 2019)).  That does not mean such affidavits are dispositive, particularly when, as Judge Spero found here, such declarations are "vague" or otherwise inadequate.  (Dkt. No. 272 at 23.)  The

2

order reveals that Judge Spero considered the declarations and found them wanting.  Such factual determinations are not clearly erroneous.

Finally, defendants argue that Judge Spero erred by applying "the" primary purpose test for determining if documents with multiple purposes are privileged rather than the more expansive "*a*" primary purpose test, as articulated by the D.C. Circuit in *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014)).  The Ninth Circuit in *In re Grand Jury* affirmed "that the primary-purpose test governs in assessing attorney-client privilege for dual-purpose communications" and "left open" whether the more expansive "a primary purpose" test articulated by the D.C. Circuit in *Kellogg* should ever be applied.  *In re Grand Jury*, 23 F.4th 1088, 1090 (9th Cir. 2021).  *Kellogg* is not the standard in the Ninth Circuit and it was not clearly erroneous for Judge Spero not to apply it.

For these reasons, defendants' motion is **DENIED** and defendants are **ORDERED** to produce documents in accordance with Judge Spero's order within one (1) business day of this order.

This terminates docket number 276.

**IT IS SO ORDERED.**

Dated: September 12, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**