JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 4:19-cv-02033-YGR<br><br>**DECLARATION OF JAMES N. KRAMER IN RESPONSE TO LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 300)**<br><br>Judge:    Honorable Yvonne Gonzalez Rogers |

I, James N. Kramer, declare as follows:

1. I am a partner at Orrick, Herrington, & Sutcliffe LLP, counsel for Apple Inc., Timothy Cook, and Luca Maestri (collectively "Defendants"). Pursuant to Civil Local Rule 79-5, I submit this declaration in response to Lead Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 300, the "Administrative Motion"). I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. Defendants join the Administrative Motion in part. Defendants request that the Court maintain under seal a portion of the material that Plaintiff has lodged under seal in connection with the Administrative Motion, consisting of a portion of one exhibit filed in connection with Lead Plaintiff's Omnibus Motion to Exclude Opinion Testimony of Defendants' Proposed Experts. The portion that Defendants seek to seal is identified in the chart below. There are compelling reasons to support Defendants' sealing request.

3. Specifically, Defendants seek to seal non-public, confidential information concerning sources of business intelligence. The public disclosure of such information would cause Apple harm and put it at competitive disadvantage. Access to court records "may be properly denied for clearly justifiable reasons, including the need to protect against revealing 'sources of business information that might harm a litigant's competitive standing.'" *R.R. Donnelley & Sons Co. v. Pappas*, 2022 WL 2007430, at *1 (E.D. Cal. Jun. 6, 2022) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g., In Re Qualcomm Litig.*, No. 17-00108, Dkt. 3981 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of confidential information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

contain business information that could be used to harm a litigant's competitive standing). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

4. Set forth below is a chart detailing the specific item that is sealable for the reasons explained herein. The proposed sealed portion of the document is highlighted in yellow in the chambers copy Defendants are providing to the Court.

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Ex. 11, p. 1, ¶ 3, ln. 4-6 (after "muted", before "There are the occasional"). | Contains non-public, confidential business information concerning sources of business intelligence / Kramer Decl. ¶ 3. |

5. Defendants have specified in the chart below the provisional redactions that Defendants concede need not be sealed.

| Document or Portion of Document That Need Not Be Sealed |
|---|
| Ex. 10 |
| Ex. 11 with exception of p. 1, ¶ 3, ln. 4-6 (after "muted", before "There are the occasional"). |
| Ex. 12 |
| Ex. 13 |
| Ex. 14 |

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed in San Francisco, California on September 16, 2022.

           */s/ James N. Kramer*
           JAMES N. KRAMER