ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
       – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION ) ) ) ) This Document Relates To: ) ) ALL ACTIONS. ) ) ) ) | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b), AND FOR A STAY OF PRODUCTION<br><br>DATE:    TBD<br>TIME:    2:00 p.m.<br>CTRM:   1, 4th floor<br>JUDGE:  Hon. Yvonne Gonzalez Rogers |

4886-9289-0675.v1

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ...................................................................................................................1

II.  ARGUMENT .........................................................................................................................2

    A.   The Orders Do Not Involve a Controlling Question of Law ...................................3

    B.   There Is No Substantial Ground for Difference of Opinion on the Orders .............5

    C.   An Immediate Appeal from the Orders Would Not Materially Advance the Ultimate Termination of the Litigation ....................................................................7

III. CONCLUSION......................................................................................................................9

Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") hereby submits this Opposition to Defendants'[1] Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. §1292(b), and for a Stay of Production (ECF 304) ("Motion" or "Mot."). *See* ECFs 272 ("Judge Spero Order"), 302 (the "Order") (collectively, the "Orders").

## I. INTRODUCTION

Defendants fail to meet the extremely high burden with respect to any of the three §1292(b) factors – let alone all three – necessary to justify the extraordinary relief of interlocutory review. 28 U.S.C. §1292(b). They seek to challenge the same legal standard they previously endorsed, which Magistrate Judge Spero correctly applied, and the Court recognized had recently been established by the Ninth Circuit. Defendants are simply dissatisfied that Judge Spero's *in camera* review found many of their withheld documents are not privileged, and that the Court rejected their request to reverse Judge Spero's proper application of the law. Defendants now seek to waste judicial and party resources and further delay the document production in the unlikely event the Ninth Circuit might address a legal question it directly addressed just last year. Moreover, should the Ninth Circuit be inclined to address this question, this would not impact the parties' underlying privilege dispute, let alone the course of this litigation. Certification of an interlocutory appeal under §1292(b) is not permitted under these circumstances.

First, the issue Defendants seek to present to the Ninth Circuit does not involve "a controlling question of law." 28 U.S.C. §1292(b). Whether or not Defendants improperly asserted privilege over certain relevant documents and are required to produce them is not a pure question of law, rather it would require assessment of Judge Spero's *in camera* review of the documents at issue, *i.e.*, of the facts. Moreover, Defendants' claim that this question materially affects the outcome of this litigation is based on pure speculation regarding how Plaintiff will respond to documents Plaintiff ***has never seen***.

---

[1] "Defendants" are Apple Inc. ("Apple"), Timothy D. Cook, and Luca Maestri.

Second, there is no ground for difference of opinion on the question Defendants seek to certify, let alone the "substantial ground" required under §1292(b). *Id.* While Defendants attempt to manufacture a split in authority, the Ninth Circuit just assessed the landscape of opinions addressing dual-purpose documents in *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021), and resolved the intra-circuit split regarding the proper standard to apply.[2]

Third, Defendants' claim that their interlocutory appeal would materially advance the ultimate termination of the case is purely speculative. Judge Spero did not indicate that any of his rulings were close calls under the *Grand Jury* standard, and for certain documents he even gave Defendants further opportunities to remedy their deficient claims of privilege. What is clear is that granting Defendants' Motion will delay document production and waste judicial and party resources, given the results of Judge Spero's *in camera* review demonstrate that the withheld documents are not privileged under any standard.

Only "'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom. Ariz. v. Ash Grove Cement Co.*, 459 U.S. 1190 (1981). Those exceptional circumstances are patently not present here.

For all the reasons explained below, Defendants' Motion should be denied.

## II.     ARGUMENT

An interlocutory appeal cannot be certified unless Defendants can demonstrate the Orders involve: "[1] a controlling question of law [; 2] as to which there is substantial ground for difference of opinion[;] and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). The party seeking certification bears the burden to demonstrate each of the elements is satisfied. *C.W. v. Epic Games, Inc.*, 2020 WL 6064422, at *1-*2 (N.D. Cal. Oct. 14, 2020). As explained below, the Motion fails to meet any of the three requirements for certification of an interlocutory appeal under §1292(b) and thus must be denied.

---

[2] All citations and footnotes omitted and emphasis added unless otherwise indicated.

### A. The Orders Do Not Involve a Controlling Question of Law

To satisfy the first prong of §1292(b), Defendants must demonstrate that the question they seek to certify is both "controlling" and a question of "law." *See Epic*, 2020 WL 6064422, at *1. To be controlling, "the moving party must show that 'resolution of the issue on appeal could materially affect the outcome of litigation in the district court.'" *Id.* In the Ninth Circuit, those issues are typically limited to "such issues as who are proper parties, whether a court has jurisdiction, and whether state or federal law should apply." *Guidiville Rancheria of Cal. v. United States*, 2014 WL 5020036, at *2 (N.D. Cal. Oct. 2, 2014). A question is not controlling if the resolution would merely "'shorten the time, effort or expense of the lawsuit.'" *United States v. Acad. Mortg. Corp.*, 2018 WL 6592782, at *5 (N.D. Cal. Dec. 14, 2018). Further, where the question to be certified "turns on an application of the law to the facts distinct to this case . . . the question is more aptly understood as an application of law to facts" that is not appropriate for certification. *Ollie v. Waypoint Homes, Inc.*, 2014 WL 5474606, at *3 (N.D. Cal. Oct. 28, 2014); *see also ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1132 (9th Cir. 2022) (no issue of law where court "primarily relied on facts from the record").

Here, Defendants provide no basis to conclude "that the entirety of this action" will turn on the question Defendants seek to certify to the Ninth Circuit. *Epic*, 2020 WL 6064422, at *1. No dispositive issues appear to be implicated.[3] And, even if the question is certified and if it is accepted by the Ninth Circuit, and the Ninth Circuit resolves the question in Defendants' favor, "the precise posture of the action on this very date" will be the same – a pending summary judgment motion. *See*

---

[3] Defendants suggest that the decision in *United States v. Real Prop. & Improvements Located at 2441 Mission St., S.F., Cal.*, 2014 WL 1350914, at *2 (N.D. Cal. Apr. 4, 2014), supports interlocutory review of attorney-client privilege orders. There, however, the court recognized "district courts should make special efforts to accommodate both the constitutional privilege against self-incrimination as well as the legislative intent behind the forfeiture provision." *Id.* at *1. In *2441 Mission St.*, the court held the capacity of certain defendants to assert their Fifth Amendment rights would affect another defendant's "ability to effectively defendant [sic] itself in this action." *Id.* at *2. Defendants do not claim this privilege dispute implicates their ability to defend themselves in this action. This is just one of many differences between *2441 Mission St.* and this litigation.

LEAD PLTF'S OPPOSITION TO DEFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY
APPEAL UNDER 28 U.S.C. §1292(b), AND FOR A STAY OF PRODUCTION - 4:19-cv-02033-YGR - 3 -
4886-9289-0675.v1

*Semeneck v. Ahlin*, 2010 WL 2510996, at *4 (E.D. Cal. June 17, 2010); *Conte v. Jakks Pac., Inc.*, 2012 WL 3069971, at *3 (E.D. Cal. July 27, 2012) (same).[4]  Thus, there is no controlling question.

Further, the Orders Defendants seek to appeal do not turn on a question of law because "[w]hether the attorney-client privilege applies to specific documents represents 'a mixed question of law and fact.'" *See Grand Jury*, 23 F.4th at 1091.  Indeed, completely absent from the Motion is any recognition of Judge Spero's *in camera* review of Defendants' documents.  *See Yamaha Mot. Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) ("As the text of §1292(b) indicates, appellate jurisdiction applies to the ***order*** certified to the court of appeals, and is not tied to the particular question formulated by the district court" or Defendants.) (emphasis in original).  Judge Spero carefully reviewed 27 documents *in camera*.  Judge Spero Order.  Based on that review, he ordered eight documents be produced immediately, and provided Defendants ***yet another*** opportunity to provide declarations in support of their privilege assertions over an additional ten documents.  As the Court noted, Judge Spero's determinations were fact-based.  *See, e.g.*, Order at 2 ("Judge Spero did not find Entry 288 non-privileged just because it 'does not reference any specific legal concerns,' as [D]efendants misleadingly state in their motion, he also found that it 'was not primarily aimed at seeking legal advice and therefore is not privileged.'"); *id.* at 3 ("Such ***factual*** determinations are not clearly erroneous.").  Thus, Defendants' Motion does not involve a question of law, let alone a controlling one.

Defendants' remaining arguments also have no merit: Preservation of judicial and party resources has no bearing on whether a question is controlling.  *Acad. Mortg.*, 2018 WL 6592782, at *5.  In any event, Defendants do not say how resources will be preserved.  *See Epic*, 2020 WL 6064422, at *1-*2.  Defendants have not sought a stay of summary judgment proceedings.  It is therefore unclear how certification alone could advance the termination or increase the pace of the

---

[4] Because Plaintiff has not seen the documents, it is impossible for Plaintiff to anticipate how the documents ordered produced, or those Judge Spero has yet to rule on, might impact summary judgment briefing, trial, or settlement. Until Defendants produce the documents, or explain why and how they will affect the outcome of the case, Defendants' characterization of how the improperly withheld documents may affect either trial or settlement is completely unsubstantiated and too speculative to serve as a basis for granting certification.

litigation.[5] *See Gitson v. Trader Joe's Co.*, 63 F. Supp. 3d 1114, 1117 (N.D. Cal. 2014) ("'When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.'").[6] Indeed, delay of the resolution of Defendants' summary judgment motion is the most likely result of certification here, where an interlocutory appeal would delay, but almost certainly not prevent, the production of relevant evidence.

Finally, Defendants' citation to a fifty-year-old out-of-circuit motion to dismiss opinion, *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970), does not alter the analysis. Mot. at 5. Moreover, unlike here, the question presented in *Garner* was a question of law as to whether a corporation enjoyed the privilege in litigation against its shareholders. 430 F.2d at 1096.

### B. There Is No Substantial Ground for Difference of Opinion on the Orders

"To determine if a 'substantial ground for difference of opinion' exists under §1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question ***and the court of appeals of the circuit has not spoken on the point***, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.*

Here, the Ninth Circuit has resolved any intra-circuit split: "[W]e now answer the question that *Sanmina* left open. We hold that the primary-purpose test applies to attorney-client privilege claims for dual-purpose communications." *Grand Jury*, 23 F.4th at 1092; *see also* Order at 3 ("[t]he Ninth Circuit in *In re Grand Jury* affirmed 'that the primary-purpose test governs in assessing attorney-client privilege for dual-purpose communications"). And, while the Ninth Circuit left open the question of whether the "'*a* primary[-]purpose [test]'" articulated by the D.C. Circuit in *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754 (D.C. Cir. 2014) should ever be applied, it noted that "the

---

[5] As relevant to §1292(b)'s first prong, Defendants concede they seek interlocutory appeal on a non-dispositive issue. Mot. at 8 ("interlocutory appeal . . . could not, by itself, end this case.")

[6] It is also entirely unclear how or why Defendants speculate that Plaintiff's willingness to settle will be affected by certification. Mot. at 6.

universe of documents in which the *Kellogg* test would make a difference is limited" and "[n]one of our other sister circuits have openly embraced *Kellogg*." *Grand Jury*, 23 F.4 at 1094-95 (emphasis in original). Because the Ninth Circuit has settled the question within this Circuit, there is no ground for difference for purposes of §1292(b).

Defendants attempt to create a dispute where clearly none exists. As Defendants recognized in their original opposition to Plaintiff's motion to compel, "[p]rivilege applies if '***the*** primary or predominate purpose of the communication is to seek legal advice or assistance.'" ECF 233 at 4. At the hearing before Judge Spero, counsel for Defendants assured Judge Spero that Defendants would look to "documents where we believe ***the*** primary purpose [is legal] . . . and we'll be very thoughtful about which documents in this category we decide we want to try to stand on in our group." ECF 273 at 16:23-17:2. Only after Defendants received an unfavorable ruling did they reverse direction, claiming Judge Spero erred by failing to distinguish between "*a* primary purpose" and "***the*** primary purpose." ECF 276 at 2, 4-5.

Further, the Motion mischaracterizes other opinions to manufacture a ground for difference in opinion where none exists. For example, that the Second Circuit used "predominate" rather than "primary" in considering dual-purpose documents does not create a ground for difference between the Second Circuit and Ninth Circuit. Nor does the Seventh Circuit's application of a specific rule for tax cases. The Ninth Circuit has declined to reach this issue, including because there is no relevant[7] grounds for difference in opinion. *Grand Jury*, 23 F.4th at 1094 ("[n]one of our other sister circuits have openly embraced *Kellogg*").

Defendants' other arguments also fail. Defendants claim there is "uncertainty in this circuit," (Mot. at 7), but they identify none. The Ninth Circuit just brought clarity to the issue of the relevant test for dual-purpose documents. In fact, Defendants only cite one case from this Circuit, but that case, *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011), concerned "novel legal issues." *Id.* at 688. Here, however, there are no novel legal questions, as evidenced by the number of courts that have ruled on precisely this issue of dual-purpose communications. *See Grand Jury*, 23 F.4th at

---

[7] Defendants' citation to a handful of out-of-circuit district court cases does not establish a split, either between circuits, or within this one. *See Couch*, 611 F.3d at 633.

1092 (explicitly "summarizing district court cases" before resolving any lack of clarity within the Circuit).[8]  Thus, very much like in *Grand Jury*, here the would-be "[a]ppellants only point to [a handful of out-of-circuit] district court cases to support their position, but most, if not all, of our sister circuits that have addressed this issue have opted for some version of the 'primary[-]purpose' test . . . .  The great weight of the authority goes against [Defendants'] position, which counsels against" granting interlocutory appeal.  23 F.4th at 1094 (the "'primary[-]purpose'" test applies to dual-purpose communications).

Accordingly, "given the fact that there is no substantial ground[] for finding a difference of opinion on the issue or even that the case currently raises a controlling issue of law," no interlocutory appeal of the Orders should be certified.  *Bailey v. Rite Aid Corp.*, 2019 WL 13067734, at *8 (N.D. Cal. June 26, 2019).

### C. An Immediate Appeal from the Orders Would Not Materially Advance the Ultimate Termination of the Litigation

Under the third prong of §1292(b), "'[t]he ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings.'"  *Epic*, 2020 WL 6064422, at *4.  "This factor is met when resolution of the controlling question of law 'may appreciably shorten the time, effort, or expense of conducting a lawsuit.'"  *Pivot Point Partners, LLC v. Schoenmann*, 2017 WL 4310760, at *3 (N.D. Cal. Sept. 28, 2017).  Notably, even the termination of some claims is insufficient to support certification where other claims survive.  *See Epic*, 2020 WL 6064422, at *4.

Here, Defendants concede that certification would not materially advance the ultimate termination of this litigation.  *See* Mot. at 8 ("To be sure, an interlocutory appeal from the [O]rder could not, by itself, end this case.").

Moreover, certification will not change the outcome of the narrow Orders requiring Defendants to produce improperly withheld documents.  The Ninth Circuit explained there was little,

---

[8]  It is true that the Ninth Circuit recognized that *Kellogg*'s "'*a* primary[-]purpose [test]'" "does not apply with equal force in the tax context" at issue in *Grand Jury*. *Grand Jury*, 23 F.4th at 1094-95 (quoting *In re Kellogg*, 756 F.3d at 760.  However, the clear thrust of the Ninth Circuit's opinion was to adopt "*the* primary-purpose test," and, in any event, the Ninth Circuit noted that the *Kellogg* test would only affect "truly close cases."  *See infra* at 8.

if any, daylight between "***the***" and "***a***" primary-purpose test. *Grand Jury*, 23 F.4th at 1094-95 (emphasis in original) ("The *Kellogg* test would only change the outcome of a privilege analysis in truly close cases, like where the legal purpose is just as significant as a non-legal purpose."). And here, there are no such "close cases," and there is no indication that Judge Spero's conclusions would change under a slightly different test. *See* ECF 285 at 4-5.[9]

Further, Judge Spero's review protected any documents that might be considered close cases. For example, Judge Spero ordered documents redacted where they effectively contained "a" legal purpose, even if it was not "a primary" legal purpose. *E.g.*, Judge Spero Order at 21 ("Therefore, the privilege log and declarations supplied by Defendants in support of withholding this document are sufficient only as to the message on the first page of the document containing a 'question to the legal team,' which may be redacted on the basis of privilege."). Judge Spero ordered only clearly non-privileged documents be produced in full. *E.g.*, *id.* at 23 ("Even assuming the comments in both documents are by [counsel], however, they are entirely aimed at business concerns, focusing on how best to make ***business*** points.") (emphasis in original). As the court concluded in *Epic*, here "[D]efendant's [M]otion seeks a premature, advisory opinion from the Ninth Circuit" that will not change the Orders. 2020 WL 6064422, at *2.

In fact, Defendants make no supported, or supportable, arguments to the contrary. It is risible for Defendants, who have sole possession of the documents in question, to claim "an interlocutory appeal could facilitate the prospect of settlement by giving the parties a clear view of the scope of Plaintiff's claims and the evidence that will (or will not) be available to prove those claims." Mot. at 9. Defendants already have a full and clear view of the scope of Plaintiff's claims and the evidence that might support them. Only production of the documents will remedy the inequitable asymmetry in clarity.

Nor should Defendants be allowed to prevail on §1292(b)'s third prong by insinuating that a second trial will be necessary when they are unwilling to say how or why the documents in question

---

[9] For example, concerning Entries 365 and 366, Judge Spero found that comments made by Apple General Counsel Kate Adams were "***entirely*** aimed at business concerns, focusing on how best to make ***business*** points. The comments offered by Adams do not flag or discuss ***any*** legal concerns." Judge Spero Order at 22-23 (some emphasis in original).

will affect a trial. Here, because the costs and delay of interlocutory appeal are certain, while the purported benefits are not, the Motion should be denied. *See Cascades Comp. Innovation LLC v. RPX Corp.*, 2015 WL 1383818, at *2 (N.D. Cal. Mar. 23, 2015) ("it is unclear how an interlocutory appeal – which would itself consume the resources of the parties and the Ninth Circuit and likely take several months to resolve – would materially advance the ultimate termination of this case").

Simply put, "[a]n interlocutory appeal would not accelerate the pace of this litigation or minimize either party's burden. Defendant[s] fail[] on the third factor." *Epic*, 2020 WL 6064422, at*5.

### III. CONCLUSION

For the foregoing reasons, Defendants have failed to meet the high threshold required for each of the 3 prongs of §1292(b), and thus certification, as well as Defendants' requested stay, should be denied.

DATED: September 16, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH
JACOB G. GELMAN

    s/ Kenneth J. Black
KENNETH J. BLACK

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com

|   |   |
|---|---|
| 1 | |
| 2 | ROBBINS GELLER RUDMAN <br>   & DOWD LLP |
| 3 | MARK SOLOMON <br> JASON A. FORGE |
| 4 | RAPHAELLA FRIEDMAN <br> 655 West Broadway, Suite 1900 |
| 5 | San Diego, CA  92101 <br> Telephone:  619/231-1058 |
| 6 | 619/231-7423 (fax) <br> marks@rgrdlaw.com |
| 7 | jforge@rgrdlaw.com <br> rfriedman@rgrdlaw.com |
| 8 | Lead Counsel for Lead Plaintiff |
| 9 | LABATON SUCHAROW <br> CAROL C. VILLEGAS |
| 10 | 140 Broadway <br> New York, NY 10005 |
| 11 | Telephone: 212/907-0700 <br> 212/883-7524 (fax) |
| 12 | cvillegas@labaton.com |
| 13 | Counsel for Employees' Retirement System of the State of Rhode Island |
| 14 | |
| 15 | VANOVERBEKE, MICHAUD & TIMMONY, P.C. <br> THOMAS C. MICHAUD |
| 16 | 79 Alfred Street <br> Detroit, MI  48201 |
| 17 | Telephone:  313/578-1200 <br> 313/578-1201 (fax) |
| 18 | tmichaud@vmtlaw.com |
| 19 | Additional Counsel |

LEAD PLTF'S OPPOSITION TO DEFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b), AND FOR A STAY OF PRODUCTION - 4:19-cv-02033-YGR  - 10 -
4886-9289-0675.v1

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 16, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      s/ Kenneth J. Black
      KENNETH J. BLACK

ROBBINS GELLER RUDMAN
    && DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
Email: kennyb@rgrdlaw.com

4886-9289-0675.v1

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Jacob G. Gelman**
  jgelman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@LABATON.com,lpina@labaton.com,5739893420@filings.docketbird.com,electroniccasefiling@labaton.com,dsaldamando@labaton.com

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`