**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-2033-YGR<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 249, 250, 266, 278 |

Before the Court is plaintiffs' motion for leave to file a second amended class action complaint.[1] Plaintiffs seek to amend their complaint "to plead new facts in support of a previously alleged misrepresentation that was dismissed because the Court concluded it appeared to be "'accurate.'" (Dkt. No. 250 at 1.) As will be addressed, defendants oppose amendment.

## I. BACKGROUND

At issue in this motion is the alleged misrepresentation by defendant Tim Cook that he had "very, very little data" (hereinafter, for the purposes of this order, "the Data Misrepresentation") regarding demand for the iPhone XR. (*Id.* at 2.) The Court incorporates the background section of its order on defendants' second motion to dismiss regarding the general facts of the call during which this statement was made. (Dkt. No. 123 at 1-4.)

In its order granting in part and denying in part defendants' motion to dismiss, the Court held that the Data Misrepresentation was "the type of vague, hedging, hyper-specific statement[] that [is] not likely to give investors an impression of a state of affairs one way of the other." (Dkt. No. 123 at 11: 15-16.) The Court found that "because [the Data Misrepresentation is] puffery and [does] not

---

[1] The Court has reviewed the papers submitted by the parties in connection with this motion and has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Additionally, the Court notes that plaintiffs chose not to schedule a hearing when they filed their motion and have not subsequently requested a hearing.

address the *specific* areas that defendants allegedly knew to be doing poorly," that plaintiffs "fail[ed] to allege that the [Data Misrepresentation was] false or misleading." (*Id.* at 11: 17-19) (emphasis in original.)

## II. LEGAL STANDARD

"Where, as here, a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under Federal Rule of Civil Procedure ('FRCP') 16's 'good cause' standard rather than the 'liberal amendment policy' of FRCP 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The central inquiry under Rule 16(b)(4) is whether the requesting party was diligent in seeking the amendment. *Id.*

## III. ANALYSIS

Defendants oppose this motion on several grounds. The Court addresses the two arguments it finds dispositive here: (1) that the Court found the Data Misrepresentation was puffery and (2) that plaintiffs have not shown good cause for waiting to request leave to amend.

### A. Puffery

This Court found as a matter of law that the Data Misrepresentation is puffery and therefore non-actionable, regardless of its truth or falsity. (Dkt. No. 123 at 11.) Additional facts going to the falsity of the misrepresentation will not make the misrepresentation actionable. The proposed amendments are therefore futile.

In their reply, plaintiffs briefly appear to argue that the Court should find that the misrepresentation is "capable of objective verification" and therefore not puffery. (Dkt. No. 279 at 15.) To the extent plaintiffs disagree with the Court's legal conclusions, the proper motion would have been one for reconsideration. That said, sufficient grounds do not exist to reconsider.

### B. Timeliness

Plaintiffs' briefing details the contentious discovery process in this case. However, plaintiffs fail to allege with specificity how delays in access to discovery directly impacted their ability to move for leave to amend. Apple's withholding of certain discovery may have made it impossible for plaintiffs to meet the amendment deadline of May 5, 2001, but plaintiffs have not indicated that it was reasonable for them to wait until July 5, 2022 to seek to amend. The Court finds particularly

compelling defendants' statements that 70% of the documents produced by Apple upon which the proposed second amended complaint relies were produced more than a year ago, that all documents were produced before February of 2022, and that plaintiffs relied on these documents in interrogatories to defendants in March of 2022, indicating that their awareness of these documents and their significance. (Dkt. No. 267 at 2.)   Beyond describing the large amount of discovery plaintiffs needed to analyze in this case, plaintiffs do not directly refute or address these claims.  Plaintiffs have not met their burden to show good cause for waiting until July of this year to file their motion for leave to amend.

Accordingly, plaintiffs' motion is **DENIED**.[2]

This terminates docket numbers 249, 250, 266, and 278.

**IT IS SO ORDERED.**

Dated: September 19, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] The Court **GRANTS** the parties requests to file portions of their briefing for this motion under seal on the basis that these documents contain non-public information and/or information that the parties have designated confidential or highly confidential. (Dkt. Nos. 249, 266, 278.) The Court reserves the ability to deny requests to seal such documents in a different procedural context which would carry a higher burden for sealing.

3