UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE APPLE INC. SECURITIES LITIGATION

Case No. 4:19-cv-2033-YGR

**ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR STAY OF PRODUCTION**

Re: Dkt. No. 304

On September 12, 2022, this Court issued an order denying defendants' motion for relief from a nondispositive pretrial order issued by the Honorable Chief Magistrate Judge Joseph C. Spero and ordering defendants to produce documents in accordance with that order. Defendants now seek certification for immediate appeal of both orders to determine if Judge Spero should have applied the D.C. Circuit's standard for assessing attorney-client privilege where a document has both a legal and non-legal primary purpose.[1]

## I. BACKGROUND

The Court incorporates its order denying defendants' request for relief as well as Justice Spero's thorough 43-page order describing the discovery disputes at issue, his process of reviewing such documents, including by *in camera* review, and his findings. (Dkt. Nos. 302; 272.)

## II. LEGAL STANDARD

Section 1292(b) is a "departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). This

---

[1] The Court has reviewed the papers submitted by the parties in connection with defendants' motion to dismiss and has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

exception "must be construed narrowly." *Id.* Under section 1292(b), a federal district court may certify a non-dispositive order for interlocutory review where: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Satisfaction of all three elements is required. *C.W. v. Epic Games, Inc.*, 2020 WL 6064422, at *1-*2 (N.D. Cal. Oct. 14, 2020). The party seeking certification bears the burden of demonstrating that the requirements are satisfied and that such a departure is warranted. *Id.*

Regarding application of this analysis to determinations of attorney-client privilege, the Supreme Court explained in *Mohawk Industries, Inc. v. Carpenter*, that "[m]ost district court rulings on [attorney-client privilege] involve the routine application of settled legal principles" and "are unlikely to be reversed on appeal, particularly when they rest on factual determinations for which appellate deference is the norm." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110 (2009). An exception to this general rule is "when a privilege ruling involves a new legal question or is of special consequence," in which case, district courts "should not hesitate to certify an interlocutory appeal." *Id.* at 111.

### III.    ANALYSIS

As an initial matter, the Court notes that while defendants seek to appeal this Court's order denying review of Judge Spero's order, defendants do not challenge the finding by this Court that Judge Spero's analysis was not clearly erroneous. Defendants appear to only challenge this Court's order to the extent it requires them to comply with Judge Spero's order. With that preface, the Court considers whether defendants have shown that certification is warranted as to Judge Spero's order.

#### A.    Controlling Question of Law

With respect to the first question of whether the issue to be certified is a "controlling question of law," the moving party must show that "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). The scope of the attorney-client privilege is a legal question, but defendants have not shown that it is a controlling legal question here. Judge Spero's order does not indicate that any of the documents he ordered defendants to produce had legal and non-legal primary purposes. Accordingly,

guidance from the Ninth Circuit regarding how to analyze such documents is unlikely to have any material impact on this case. To the extent defendants seek to challenge Judge Spero's factual findings, appeal is even less likely to provide relief, given that "deference is the norm" when it comes to factual determinations. *Mohawk Indus.*, 558 U.S. at 110. Defendants have not persuaded the Court that resolution of this issue could materially affect the outcome of the litigation. Though the Court may deny defendants' motion on this basis alone, it addresses why defendants have failed to meet the other requirements for interlocutory appeal.

### B. Ground for Difference in Opinion

Defendants assert that there is a circuit split on what test should apply when determining the privilege of documents with dual legal and non-legal primary purposes. Again, the Court notes that there is no indication in Judge Spero's order that any of the documents in question fit within that dual-purpose category. It is undisputed that under *In re Grand Jury* documents that do not have both a legal and non-legal primary purpose are to be analyzed using the "*the* primary purpose test," which Judge Spero applied. Accordingly, defendants have not identified any grounds for difference in opinion as to the standard that applies to the documents at issue here.

That said, even if some if some of the documents in question fit into the dual-purpose category, defendants have not demonstrated significant difference in opinion regarding how to assess such documents. Defendants assert that *In re Grandy Jury* left open whether such documents should be analyzed under the *Kellogg* standard. The Ninth Circuit's decision was much narrower than defendants represent. The Court explicitly declined to apply *Kellogg* in the case before it but left open if the rule may ever be applicable in this circuit. The Court cabined this statement by noting that *Kellogg* "dealt with the very specific context of corporate internal investigations" and that "the universe of documents in which the *Kellogg* test would make a difference is limited. The *Kellogg* test would only change the outcome of a privilege analysis in truly close cases, like where the legal purpose is just as significant as a non-legal purpose." *In re Grand Jury*, 23 F.4th 1088, 1095 (9th Cir. 2021).

The Court also is not persuaded that there is a meaningful circuit split on this issue. Defendants have not identified any other circuit courts that have adopted *Kellogg* or otherwise

3

adopted an approach to attorney-client privilege broader than that used in the Ninth Circuit. Indeed, defendants point out that the Second and Seventh Circuits have privilege standards narrower than the Ninth Circuit's. If anything, this indicates that *Kellogg* may be an outlier and that circuits are generally in agreement that dual-purpose documents are not privileged. Accordingly, defendants do not meet their burden to show grounds for difference in opinion on a relevant legal question.

### C. Advancement of the Litigation

Lastly, the Court considers whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. "The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *C.W.*, 2020 WL 6064422, at *4 (internal quotation marks and citations omitted).

Defendants argue that if the Ninth Circuit or Supreme Court adopts *Kellogg*, a decision by this Court may be vacated, requiring additional expenditure of time and resources by the Court and the parties. District courts are always functioning under the possibility that the law they are applying may change. Even if *Kellogg* were adopted, as addressed, there is no indication in Judge Spero's order that any of the documents at issue are within the "limited" universe of documents to which *Kellogg* could potentially apply.

Defendants also argue that interlocutory appeal could "facilitate the prospect of settlement by giving the parties a clear view of the scope of Plaintiff's claims and the evidence that will or will not be available to prove those claims." (Dkt. No. 304 at 9.) It is not clear that the scope of plaintiff's claims and what is available to support them will even change based on the discoverability of the documents in question. Additionally, the parties will have just as much clarity about the scope of plaintiff's claims and evidence available if the documents are produced.

In short, there is no indication that certifying appeal here will materially advance the termination of this case.

### IV. CONCLUSION

Defendants' motion is **DENIED**. Defendants are **ORDERED** to produce to comply with Judge Spero's order within 24 hours of issuance of this order.

4

This terminates docket number 304.

**IT IS SO ORDERED.**

Dated: **September 29, 2022**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**