1  JAMES N. KRAMER (SBN 154709)
   jkramer@orrick.com
2  MICHAEL D. TORPEY (SBN 79424)
   mtorpey@orrick.com
3  ALEXANDER K. TALARIDES (SBN 268068)
   atalarides@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:      +1 (415) 773-5700
   Facsimile:      +1 (415) 773-5759
7
   Attorneys for Defendants Apple Inc.,
8  Timothy Cook, and Luca Maestri

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                       OAKLAND DIVISION

13

| | |
|---|---|
| 14 IN RE APPLE INC. SECURITIES LITIGATION | Lead Case No. 4:19-cv-02033-YGR |
| 15 | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR STAY OF PRODUCTION ORDERS PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 16 This Document Relates To: | |
| 17  ALL ACTIONS. | |
| 18 | |
| 19 | Hearing |
| 20 | Date:   TBD |
| | Time:   2:00 p.m. |
| 21 | Ctrm:   1, 4th Floor |
| | Judge:  Honorable Yvonne Gonzalez Rogers |
| 22 | |
| 23 | |
| 24 | |

25

26

27

28

1

### NOTICE OF MOTION AND MOTION FOR STAY

2     TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:

3     PLEASE TAKE NOTICE that on a date to be determined, before Judge Yvonne Gonzalez

4     Rogers, of the United States District Court for the Northern District of California, Courtroom 1,

5     4th Floor, 1301 Clay Street, Oakland, California, Defendants Apple Inc., Tim Cook, and Luca

6     Maestri ("Defendants") shall and hereby do move the Court for an order staying Defendants'

7     obligation to produce documents as ordered in the August 3, 2022 Order Granting in Part and

8     Denying in Part Motion to Compel issued by Magistrate Judge Joseph C. Spero (ECF No. 272),

9     this Court's September 12, 2022 Order on Defendants' Motion for Relief From a Non-dispositive

10    Pretrial Order (ECF No. 302), and this Court's September 29, 2022 Order Denying Motion to

11    Certify Interlocutory Appeal and for Stay of Production (ECF No. 312) (collectively, the

12    "production orders"), pending the Ninth Circuit's resolution of the petition for writ of mandamus

13    filed by Defendants on September 30, 2022.

14    This motion is based on this notice of motion and motion, the accompanying

15    Memorandum of Points and Authorities, all papers and records on file in this case, oral argument,

16    and such other matters as the Court may consider.

17
### STATEMENT OF RELIEF SOUGHT

18    Defendants seek an order staying the production orders pending the Ninth Circuit's review

19    and resolution of Defendants' petition for writ of mandamus.

20
### STATEMENT OF ISSUE TO BE DECIDED

21    Whether the Court should grant Defendants' request to stay the production orders pending

22    the Ninth Circuit's review and resolution of the petition for writ of mandate because the stay of

23    this limited dispute would protect Defendants' privilege from being lost if the communications at

24    issue were released prior to resolution of the writ proceedings, and would produce no

25    countervailing harm to Plaintiff.

26

27

28

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.      INTRODUCTION ............................................................................................................ 1

II.     BACKGROUND ............................................................................................................. 1

III.    THIS COURT SHOULD STAY THE PRODUCTION ORDERS PENDING
        RESOLUTION OF THE WRIT PROCEEDINGS ........................................................... 2

        A.      The Balance of Hardships Tips Sharply Towards Defendants, Who Will
                Suffer Irreparable Harm If They Have to Disclose Privileged Materials. .............. 2

        B.      The Public Interest Favors a Stay. ........................................................................ 3

        C.      Defendants Have Shown At a Minimum That Their Petition for Writ of
                Mandamus Raises Serious Legal Questions. ......................................................... 3

IV.     CONCLUSION ............................................................................................................... 4

1
2
**TABLE OF AUTHORITIES**

3
**Page(s)**

4
**Cases**

5
*All. for the Wild Rockies v. Cottrell*,
632 F.3d 1127 (9th Cir. 2011)........................................................................................ 2, 3

6
7
*Apple Inc. v. Samsung Elec. Co.*,
2015 WL 13711858 (N.D. Cal. Apr. 7, 2015) ................................................................ 2, 3

8
*Connaught Labs., Inc. v. SmithKline Beecham P.L.C.*,
9
165 F.3d 1368 (Fed. Cir. 1999)........................................................................................... 3

10
*Grand Jury*,
23 F.4th 1088, 1090 (9th Cir. 2021) ................................................................................... 4

11
12
*Hernandez v. Tanninen*,
604 F.3d 1095 (9th Cir. 2010)............................................................................................. 2

13
*Humane Soc. of U.S. v. Gutierrez*,
558 F.3d 896 (9th Cir. 2009)............................................................................................... 2
14

15
*Powertech Tech. Inc. v. Tessera, Inc.*,
2013 WL 1164966 (N.D. Cal. Mar. 20, 2013)................................................................ 2, 4

16
17
*Senate Permanent Subcomm. on Investigations v. Ferrer*,
856 F.3d 1080 (D.C. Cir. 2017) .......................................................................................... 2

18
*Upjohn Co. v. United States*,
449 U.S. 383 (1981).............................................................................................................. 3
19

20
**Other Authorities**

21
Federal Rule of Civil Procedure 72........................................................................................... 1

22
Local Rule 72-2.......................................................................................................................... 1

23
24
25
26
27
28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3           Defendants seek a stay of the Court's orders directing the production of documents

4    Defendants contend to be privileged (ECF Nos. 272, 302, 312, the "production orders"), pending

5    the resolution of Defendants' petition for writ of mandamus, which was filed with the Ninth

6    Circuit on September 30, 2022.  A stay of the production orders is warranted under the relevant

7    factors governing the issuance of a stay.  The balance of hardships overwhelmingly favors a stay.

8    The harm Defendants would suffer from complying with the production orders before the Ninth

9    Circuit's review can occur is significant and irreversible.  By contrast, the harm to Plaintiff of

10   staying the production orders pending review is minimal to none.  Similarly, the public interest

11   strongly supports a stay.  And Defendants' objections to the production orders raise serious

12   questions going to the heart of the attorney-client privilege's application and the merits of the

13   production orders.

14          Defendants respectfully request that the Court stay the production orders.

15   **II.   BACKGROUND**

16          Given the Court's familiarity with the issues, Defendants provide only a brief overview of

17   the relevant background.

18          In short, Plaintiff moved to compel several categories of documents as to which

19   Defendants asserted the attorney-client privilege.  On August 3, 2022, Judge Spero issued an

20   order granting in part and denying in part Plaintiff's motion.  ECF No. 272.

21          Defendants filed a motion for relief from that order pursuant to Federal Rule of Civil

22   Procedure 72 and Civil Local Rule 72-2.  Plaintiff opposed the motion.  On September 12, 2022,

23   this Court denied Defendants' motion for relief.  ECF No. 302 at 3.

24          This Court ordered Defendants to produce the documents by the next business day, on

25   which Defendants filed a motion to certify an interlocutory appeal and to stay the production

26   orders.  *Id.*  Plaintiff opposed the motion.  On September 29, 2022, this Court denied the motion

27   to certify an interlocutory appeal, and ordered Defendants to produce the relevant documents

28   within 24 hours of the Court's order.  ECF No. 312.

1

2

3

On September 30, 2022, Defendants filed a petition for writ of mandamus with the Ninth Circuit, asking the Court of Appeals to direct this Court to vacate the production orders. This motion followed.

4

**III.    THIS COURT SHOULD STAY THE PRODUCTION ORDERS PENDING RESOLUTION OF THE WRIT PROCEEDINGS**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

The factors considered "in determining whether a stay pending petition for writ of mandamus is warranted are the same as a stay pending appeal." *Powertech Tech. Inc. v. Tessera, Inc.*, 2013 WL 1164966, at *1 (N.D. Cal. Mar. 20, 2013) (citation omitted). "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009). The Ninth Circuit has also employed an alternative "serious questions" test, under which "'serious questions going to the merits' and a balance of hardships that tips sharply towards the [movant] can support issuance of a preliminary injunction, so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The existence of a serious legal question need not promise a certainty of success, but must present a "fair ground for litigation." *Id.* at 1133 (citation omitted).

19

**A.    The Balance of Hardships Tips Sharply Towards Defendants, Who Will Suffer Irreparable Harm If They Have to Disclose Privileged Materials.**

20

21

22

23

24

25

26

27

28

Here, the balance of hardships overwhelmingly favors a stay. Defendants would suffer significant and irreversible harm from complying with the Court's production orders before they can be reviewed by the Ninth Circuit. Once privileged documents are surrendered, privilege is forever lost. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010); *see also Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1088-89 (D.C. Cir. 2017) (finding challenge to subpoena-enforcement order moot following disclosure of privileged documents). The status quo could never be restored: The "privilege[] … would be irreparably harmed if the information in question were released prior to an appeal." *Apple Inc. v. Samsung*

*Elec. Co.*, 2015 WL 13711858, at *1 n.4 (N.D. Cal. Apr. 7, 2015) (citing *Connaught Labs., Inc. v. SmithKline Beecham P.L.C.*, 165 F.3d 1368, 1370 (Fed. Cir. 1999)).  This case presents a textbook example of irreparable injury.

By contrast, there is no countervailing harm to Plaintiff.  Any resulting injury of staying the production orders pending review is minimal to none.  If Defendants are successful in challenging the production orders, Plaintiff will suffer no harm at all; Plaintiff simply will never receive privileged material to which it has no right.  *See Samsung*, 2015 WL 13711858, at *1 (N.D. Cal. Apr. 7, 2015).  And if Defendants lose their appeal, Plaintiff's only burden would be a slight delay[1] that is more than offset by the significant harm to Defendants that could result from moving forward.

**B.     The Public Interest Favors a Stay.**

As the *Samsung* court recognized, "[t]he attorney-client privilege advances 'broader public interests in the observance of law and administration of justice,'" and those broader interests weigh in favor of staying the disclosure of arguably privileged materials pending review. *Id*. at *2 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).  "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client."  *Upjohn*, 449 U.S. at 389.  A stay preserves the sanctity of the privilege while its precise—and disputed—contours are determined by the Ninth Circuit.

**C.     Defendants Have Shown At a Minimum That Their Petition for Writ of Mandamus Raises Serious Legal Questions.**

In addition to the overwhelming balance of hardships and public interest favoring a stay, Defendants' petition for writ of mandamus at a minimum raises serious legal questions. *See All. for the Wild Rockies*, 632 F.3d at 1135 (stay appropriate if movant shows "serious questions going to the merits" and a balance of hardships that tips sharply in its favor).  The Ninth Circuit has left open the question of whether the attorney-client privilege protects a dual-purpose

---

[1] This Court can exercise its inherent authority to determine the scope and duration of a stay, including whether to stay only the production orders or to also stay the summary judgment proceedings pending the completion of the writ proceedings.

DEFENDANTS' MOTION FOR STAY
CASE NO. 4:19-CV-02033-YGR

1    communication, where obtaining or seeking legal advice was *a* primary purpose of the

2    communication, but not its single primary purpose.  As this Court correctly recognized, that

3    question remains unanswered in this circuit.  Order Denying Motion, ECF No. 302, at 3 (stating

4    that the Ninth Circuit "'left open' whether the more expansive 'a primary purpose' test articulated

5    by the D.C. Circuit … should ever be applied" (quoting *Grand Jury*, 23 F.4th 1088, 1090 (9th

6    Cir. 2021)).[2]

7    **IV.      CONCLUSION**

8          For the foregoing reasons, Defendants respectfully request that the Court stay the

9    production orders pending the Ninth Circuit's resolution of Defendants' pending petition for writ

10   of mandamus.  Should the Court decline to enter such a stay, Defendants respectfully request, in

11   the alternative, that the Court enter a limited stay of the production orders to permit Defendants

12   time to seek a stay of those orders from the Ninth Circuit.  *See*, *e.g.*, *Powertech Tech. Inc. v.*

13   *Tessera, Inc.*, 2013 WL 1164966, at *2 (N.D. Cal. Mar. 20, 2013) (denying motion to stay

14   pending petition for writ of mandamus, but temporarily staying obligation to produce disputed

15   privileged documents to allow for petitioner to first seek a stay from the Ninth Circuit).

16

17   Dated: September 30, 2022                    Respectfully submitted,

18                                                ORRICK, HERRINGTON & SUTCLIFFE LLP

19

20                                               */s/ James N. Kramer*
                                                 JAMES N. KRAMER

21                                               Attorneys for Defendants Apple Inc.,
22                                               Timothy Cook, and Luca Maestri

23

24

25

26   [2] The Court's order denying Defendants' motion to certify reasoned that this legal question may
     not be controlling in this case because Judge Spero's order did not clearly state that any of the
     documents ordered produced had more than one primary purpose.  ECF No. 312 at 2.  However,
27   Judge Spero had no reason to make that finding given that he erroneously construed *Grand Jury*
     to mean that dual-purpose communications could only have one single primary purpose.  *See* ECF
28   No. 272 at 6.