# EXHIBIT A

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
        – and –
MARK SOLOMON (151949)
TOR GRONBORG (179109)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
torg@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF NORFOLK COUNTY COUNCIL AS ADMINISTERING AUTHORITY OF THE NORFOLK PENSION FUND'S OBJECTIONS AND RESPONSES TO DEFENDANT TIM COOK'S FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF |

4865-5401-5510.v2

INTERROGATORY NO. 1:

State all facts and identify all documents that support your contention, as alleged in paragraph 123 of the Complaint, that Tim Cook "made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading."

RESPONSE TO INTERROGATORY NO. 1:

Lead Plaintiff hereby incorporates the General Objections as fully set forth above. Lead Plaintiff further objects to this Interrogatory as vague, ambiguous, unintelligible and unduly burdensome. Lead Plaintiff further objects to this Interrogatory on the grounds that Lead Lead Plaintiff's investigation of facts and review of evidence is ongoing and thus Lead Plaintiff reserves the right to supplement these Responses as appropriate. Lead Plaintiff further objects on the grounds that this Interrogatory selectively quotes only a part of the allegations contained within ¶123 of the Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF No. 114) ("Complaint")[1] does not include the full context of the allegations set forth in ¶123, and fails to acknowledge that ¶123 is written in the disjunctive and the Complaint alleges violations of subparts of Rule 10(b)-5(a)-(c).

Subject to and without waiving the foregoing Objections or the General Objections, Lead Plaintiff responds as follows: As alleged, on November 1, 2018, Defendants[2] held an earnings call for analysts and investors concerning the Company's financial results for 4Q18 and full year FY18, as well as the Company's outlook for the ongoing quarter, 119. As part of that earnings call, Apple and the Individual Defendants purported to provide investors with the current state of the Company's business, including but not limited to the current impact, if any, of ongoing deceleration in emerging markets including Greater China and the status of the launch and sales of its new iPhone XS, XS Max and XR.

---

[1] All "¶_" references herein are to the Complaint unless otherwise indicated.

[2] Defendants are Apple Inc. ("Apple" or the "Company") and Individual Defendants Timothy D. Cook and Luca Maestri.

1       As alleged, going into the call, investors were concerned about the potential impact on Apple's business of reports of economic growth deceleration in Greater China and other emerging markets, the threatened U.S. tariffs on Chinese products and reports that Chinese consumers were reducing spending and the Chinese smartphone market was becoming increasingly competitive. Defendants sought to quell investor concerns about economic conditions in China and their impact on the Company by specifically denying that Apple was experiencing any deceleration or pressure on its business in China, and by failing to disclose the risk of such pressure from that deceleration and trade tensions in China, like it was experiencing in other emerging markets which were flat, declining or not growing due to poor economic conditions.  In order to support its misrepresentations and the rejection of analyst concern about business in Greater China, Apple and the Individual Defendants pointed directly to 16% growth in China in 4Q18 as evidence that Greater China was not in the same category of those other emerging markets.  When asked about the status of the launch of the new iPhones, and specifically early demand for the iPhone XR and its relation to the Company's forecast, Apple and the Individual Defendants claimed that the XS and XS Max got off to a great start and that as of November 1, 2018, with respect to the iPhone XR, Defendants had too little information to tell what was happening with early demand for the product.

       Contrary to these representations, Defendants knew but failed to disclose that in fact decelerating economic conditions in China (one of its largest markets by revenue and an important growth market) were negatively impacting the trajectory of the Company's business there. Defendants knew, but failed to disclose, that the Company was simultaneously being impacted by increased competition from Chinese smartphone manufacturers, including Huawei, Oppo and Xiaomi, which were offering cheaper and similarly (or even better) featured smartphones than Apple and were aggressively competing on price in the Chinese market.  The iPhone XR was the least expensive of Apple's three newly-released iPhones and the one most targeted at the Chinese market.  However, both Chinese resellers and consumers had shown extremely little interest in pre-ordering, purchasing, or even seeing the phone in stores.  Defendants failed to disclose that

downgrade rattles global stock markets; 2019.01.03 The Guardian - Apples woes go far beyond the slowdown in the Chinese economy; 2019.01.03 *The Wall Street Journal* - Apple iPhone Loses Ground to China's Homegrown Rivals; 2019.01.03 Mashable-Apple_Cheap battery replacements are to blame for poor iPhone sales; 2019.01.03 Yahoo Finance-Apple's mind-blowing warning means CEO Tim Cook now has a major credibility problem; 2019.01.04 Forbes - Why Apple's Troubles In China Seem Likely To Worsen; 2019.01.04 ZDNet - This is why Apple doesn't want you fixing your smartphone; 2019.01.05 NY Times-Why My Chinese Dad Switched From an iPhone to a Huawei; 2019.01.06 The Guardian - To woo China, Apple must learn that it's not in California any more; 2019.01.07 CNBC - Companies from Apple to Ford are flashing warning signs about the Chinese economy; 2019.01.12 The Economist - Cracks in the glass Apple succumbs to the smartphone malaise ; 2019.01.12 The Economist - Peak smartphone; 2019.01.14 Forbes - Is Apple's Problem In China The Economy Or Simply A Loss Of Market Share_; 2019.01.29 CNBC_ Apple booked $13 billion in revenue from China last quarter, down 27% from a year ago; 2019.01.30 WSJ - Apple's China Problem May Require a New iPhone.

INTERROGATORY NO. 8:

What is the "category" that you contend Tim Cook was referring to when he said on Apple's November 1, 2018, earnings call that he "would not put China in that category"?

RESPONSE TO INTERROGATORY NO. 8:

Lead Plaintiff hereby incorporates the General Objections as fully set forth above.  Lead Plaintiff further objects to this Interrogatory as vague, ambiguous, unduly burdensome and unintelligible to the extent that it excerpts the Complaint allegations without including the relevant context.  Lead Plaintiff further objects to this Interrogatory to the extent that it purports to suggest that Plaintiff is required to prove what Cook believed he was referring to as opposed to Cook's specific words, the ordinary implications of those words considering the analyst's question that he was responding to and the impression that his words in context left on the investing public.  Lead Plaintiff further objects to this Interrogatory to the extent that it selectively quotes the allegations in ¶66 of the Complaint excising relevant context.

Subject to and without waiving the above stated Objections, Lead Plaintiff responds as follows: Lead Plaintiff incorporates its Responses to Interrogatory Nos. 1-2, and 5-7 above and 9 below as restated in full. The "category" within which Lead Plaintiff contends that Cook stated he would not put China is the category of emerging markets where the Company was then currently experiencing deceleration and pressure, or the risk of such pressure from economic deceleration. Cook's Response was in the context of an analyst's question that specifically asked Cook about the deceleration occurring in some emerging markets, and, in particular, factors that were more specific to China. Cook began his response by identifying markets such as Turkey, India, Brazil and Russia where currencies had purportedly weakened. Those emerging markets were also markets, according to Cook, where Apple's business was flat, declining or not growing in the way that Apple and Cook would have liked to have seen.

INTERROGATORY NO. 9:

State all facts and identify all documents that support your contention, as alleged in paragraph 56 of the Complaint, that Tim Cook, during Apple's November 1, 2018, earnings call, misrepresented "the Company's current performance or outlook in China."

RESPONSE TO INTERROGATORY NO. 9:

Lead Plaintiff hereby incorporates the General Objections as fully set forth above. Lead Plaintiff further objects to this Interrogatory as vague, ambiguous, unduly burdensome and unintelligible to the extent that it excerpts the Complaint's allegations excising the relevant context. Lead Plaintiff further objects to this Interrogatory to the extent that it mischaracterizes the allegations made in ¶56 of the Complaint, which does not make the allegation as misquoted by Defendants, that Cook "misrepresented the Company's' current performance or outlook in China." Rather, ¶56 alleges the following, in relevant part:

> In addition, analysts concerned about economic conditions in emerging markets and issues related to China asked about "deceleration in some of these emerging markets." Cook falsely maintained that, to the extent there were risks of volatility and deceleration effecting emerging market countries, they were not affecting the Company's current performance or outlook in China, emphasizing directly that China – and particularly iPhone sales in China – were very strong[.]

1  emerging markets, specifically flat, declining or not growing in the way that Apple and Cook
2  would have liked to have seen.

3    DATED: March 16, 2022                    ROBBINS GELLER RUDMAN
                                                & DOWD LLP
4                                              SHAWN A. WILLIAMS
                                               DANIEL J. PFEFFERBAUM
5                                              KENNETH J. BLACK
                                               HADIYA K. DESHMUKH

                                               /s/ Shawn A. Williams
                                               SHAWN A. WILLIAMS

                                               Post Montgomery Center
                                               One Montgomery Street, Suite 1800
                                               San Francisco, CA  94104
                                               Telephone:  415/288-4545
                                               415/288-4534 (fax)
                                               shawnw@rgrdlaw.com
                                               dpfefferbaum@rgrdlaw.com
                                               kennyb@rgrdlaw.com
                                               hdeshmukh@rgrdlaw.com

                                               ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
                                               MARK SOLOMON
                                               TOR GRONBORG
                                               JASON A. FORGE
                                               RAPHAELLA FRIEDMAN
                                               655 West Broadway, Suite 1900
                                               San Diego, CA  92101
                                               Telephone:  619/231-1058
                                               619/231-7423 (fax)
                                               marks@rgrdlaw.com
                                               torg@rgrdlaw.com
                                               jforge@rgrdlaw.com
                                               rfriedman@rgrdlaw.com

                                               Lead Counsel for Lead Plaintiff

                                               LABATON SUCHAROW
                                               CAROL C. VILLEGAS
                                               140 Broadway
                                               New York, NY 10005
                                               Telephone: 212/907-0700
                                               212/883-7524 (fax)
                                               cvillegas@labaton.com

                                               Counsel for Employees' Retirement System of the
                                               State of Rhode Island

LEAD PLTF NORFOLK COUNTY COUNCIL AS ADMINISTERING AUTHORITY OF THE NORFOLK
PENSION FUND'S OBJS & RESPS TO DEF TIM COOK'S FIRST SET OF ROGS TO LEAD PLTF - 4:19-cv-02033-YGR                                                                                           - 371 -
4865-5401-5510.v2

| | |
|---|---|
| 1 | |
| 2 | VANOVERBEKE, MICHAUD & TIMMONY, P.C. |
| 3 | THOMAS C. MICHAUD<br>79 Alfred Street |
| 4 | Detroit, MI  48201<br>Telephone:  313/578-1200 |
| 5 | 313/578-1201 (fax)<br>tmichaud@vmtlaw.com |
| 6 | Additional Counsel |

LEAD PLTF NORFOLK COUNTY COUNCIL AS ADMINISTERING AUTHORITY OF THE NORFOLK PENSION FUND'S OBJS & RESPS TO DEF TIM COOK'S FIRST SET OF ROGS TO LEAD PLTF - 4:19-cv-02033-YGR
4865-5401-5510.v2

- 372 -

**DECLARATION OF SERVICE BY EMAIL**

I, Sarah A. Morris, not a party to the within action, hereby declare that on March 16, 2022, I caused to be served the attached LEAD PLAINTIFF NORFOLK COUNTY COUNCIL AS ADMINISTERING AUTHORITY OF THE NORFOLK PENSION FUND'S OBJECTIONS AND RESPONSES TO DEFENDANT TIM COOK'S FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF by email on the parties to the within action, addressed as follows:

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| James N. Kramer<br>Alexander K. Talarides<br>Ariel Winawer<br>M. Todd Scott<br>Tristan Konstantin Allen | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105 | jkramer@orrick.com<br>atalarides@orrick.com<br>awinawer@orrick.com<br>tscott@orrick.com<br>tallen@orrick.com |
| Kevin M. Askew | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>777 South Figueroa Street<br>Suite 3200<br>Los Angeles, CA 90017 | kaskew@orrick.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on March at San Francisco, California.

SARAH A. MORRIS

LEAD PLTF NORFOLK COUNTY COUNCIL AS ADMINISTERING AUTHORITY OF THE NORFOLK PENSION FUND'S OBJS & RESPS TO DEF TIM COOK'S FIRST SET OF ROGS TO LEAD PLTF - 4:19-cv-02033-YGR
4865-5401-5510.v2

373

## VERIFICATION

I declare under penalty of perjury that I have read the foregoing LEAD PLAINTIFF NORFOLK COUNTY COUNCIL AS ADMINISTERING AUTHORITY OF THE NORFOLK PENSION FUND'S OBJECTIONS AND RESPONSES TO DEFENDANT TIM COOK'S FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF and I am informed and believe that the information provided therein is true and correct.

Executed on March 31, 2022, at Norfolk, United Kingdom.

_____
ALEXANDER YOUNGER
Head of Funding and Investment