JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 (415) 773-5700
Facsimile: +1 (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 4:19-cv-02033-YGR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR STAY OF PRODUCTION ORDERS PENDING DECISION IN *IN RE GRAND JURY*; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing<br>Date: TBD<br>Time: 2:00 p.m.<br>Ctrm: 1, 4th Floor<br>Judge: Honorable Yvonne Gonzalez Rogers |

## NOTICE OF MOTION AND MOTION FOR STAY

TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined, before Judge Yvonne Gonzalez Rogers, of the United States District Court for the Northern District of California, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, California, Defendants Apple Inc., Tim Cook, and Luca Maestri ("Defendants") shall and hereby do move the Court for an order staying Defendants' obligation to produce documents as ordered in the August 3, 2022 Order Granting in Part and Denying in Part Motion to Compel issued by Magistrate Judge Joseph C. Spero (ECF No. 272), this Court's September 12, 2022 Order on Defendants' Motion for Relief From a Non-dispositive Pretrial Order (ECF No. 302), and this Court's September 29, 2022 Order Denying Motion to Certify Interlocutory Appeal and for Stay of Production (ECF No. 312) (collectively, the "production orders"), pending the Supreme Court's decision in *In re Grand Jury*, No. 21-1397 (U.S.).

This motion is based on this notice of motion and motion, the accompanying Memorandum of Points and Authorities, all papers and records on file in this case, oral argument, and such other matters as the Court may consider.

## STATEMENT OF RELIEF SOUGHT

Defendants seek an order staying the production orders pending the Supreme Court's review and decision in *In re Grand Jury*, No. 21-1397 (U.S.).

## STATEMENT OF ISSUE TO BE DECIDED

Whether the Court should grant Defendants' request to stay the production orders pending the Supreme Court's review and decision in *In re Grand Jury*, No. 21-1397 (U.S.), "[1] based on the irreversible nature of production, and [2] due to the Supreme Court's granting of a petition for certiorari in [] *In re Grand Jury*," ECF No. 317.

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 2

III. THIS COURT SHOULD STAY THE PRODUCTION ORDERS PENDING THE
     SUPREME COURT'S DECISION IN *GRAND JURY* ....................................................... 3

   A.  The Balance of Hardships Tips Sharply Towards Defendants, Who Will
       Suffer Irreparable Harm If They Have to Disclose Privileged Materials. .............. 4

   B.  The Public Interest Favors a Stay. .......................................................................... 5

   C.  Defendants Have Shown At A Minimum That There Are Serious Legal
       Questions Going To The Merits. ............................................................................ 6

IV. CONCLUSION .................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                  **Page(s)**

*All. for the Wild Rockies v. Cottrell*,
    632 F.3d 1127 (9th Cir. 2011) ............................................................................................... 4, 6

*In re Apple Inc.*,
    No. 22-70220 (Oct. 19, 2022), Dkt. 4 ........................................................................................ 1

*Apple Inc. v. Samsung Elec. Co.*,
    2015 WL 13711858 (N.D. Cal. Apr. 7, 2015) ....................................................................... 4, 5

*In re Grand Jury*,
    No. 21-1397 (U.S.) ............................................................................................................. *passim*

*Hernandez v. Tanninen*,
    604 F.3d 1095 (9th Cir. 2010) ................................................................................................... 4

*Humane Soc. of U.S. v. Gutierrez*,
    558 F.3d 896 (9th Cir. 2009) ..................................................................................................... 3

*Powertech Tech. Inc. v. Tessera, Inc.*,
    2013 WL 1164966 (N.D. Cal. Mar. 20, 2013) ........................................................................... 3

*Senate Permanent Subcomm. on Investigations v. Ferrer*,
    856 F.3d 1080 (D.C. Cir. 2017) ................................................................................................ 4

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981) .................................................................................................................. 5

**Rules**

Fed. R. Civ. P.
    Rule 72 ....................................................................................................................................... 2

Civ. L.R.
    Rule 72-2 ................................................................................................................................... 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendants respectfully seek a stay of the Court's orders directing the production of documents Defendants contend to be privileged (ECF Nos. 272, 302, & 312, the "production orders"), pending the Supreme Court's decision in *In re Grand Jury*, No. 21-1397 (U.S.).  This Court previously granted Defendants' motion to stay the orders pending the Ninth Circuit's resolution of the mandamus petition "[1] based on the irreversible nature of production, and [2] due to the Supreme Court's granting of a petition for certiorari in [] *In re Grand Jury*." ECF No. 317.  Both reasons continue to apply with full force to warrant a stay pending the Supreme Court's review and decision in *Grand Jury*.

Indeed, the Ninth Circuit all but invited this Court to grant a stay.  In its order denying Defendants' mandamus petition, the Ninth Circuit stated that, "[b]ecause the case upon which the district court *relied* is now pending before the Supreme Court," "the district court *may wish to reconsider* its orders compelling production of documents *after* the Supreme Court issues a decision." *In re Apple Inc.*, No. 22-70220 (Oct. 19, 2022), Dkt. 4; Ex. A. at 1 (emphases added).  Because the disclosure of the documents would effectively moot the privilege claim, *infra* 4-5, any meaningful reconsideration of the production orders requires that this Court grant a further stay until the Supreme Court issues its decision in *Grand Jury*.

A stay of the production orders is warranted under the relevant factors governing the issuance of a stay.  The balance of hardships overwhelmingly favors a stay.  The harm Defendants would suffer from complying with the production orders before the Supreme Court's decision is significant and irreversible.  By contrast, the harm to Plaintiff of staying the production orders pending review is minimal to none.  Similarly, the public interest strongly supports a stay.  And Defendants' objections to the production orders raise serious questions going to the heart of the attorney-client privilege's application and the merits of the production orders.

Defendants respectfully request that the Court stay the production orders.

## II. BACKGROUND

Given the Court's familiarity with the issues, Defendants provide only a brief overview of the relevant background.

Plaintiff moved to compel several categories of documents as to which Defendants asserted the attorney-client privilege. On August 3, 2022, Judge Spero issued an order granting in part and denying in part Plaintiff's motion. ECF No. 272. Defendants filed a motion for relief from that order pursuant to Federal Rule of Civil Procedure 72 and Civil Local Rule 72-2. Plaintiff opposed the motion. On September 12, 2022, this Court denied Defendants' motion for relief. ECF No. 302 at 3. This Court ordered Defendants to produce the documents by the next business day, on which Defendants filed a motion to certify an interlocutory appeal and to stay the production orders. *Id.* Plaintiff opposed the motion. On September 29, 2022, this Court denied the motion to certify an interlocutory appeal, and ordered Defendants to produce the relevant documents within 24 hours of the Court's order. ECF No. 312.

Defendants filed a petition for writ of mandamus with the Ninth Circuit, asking the Court of Appeals to direct this Court to vacate the production orders. That same day, Defendants asked this Court to stay the production orders pending resolution of the petition for writ of mandamus. ECF No. 313.

On October 3, 2022, the Supreme Court granted certiorari in *Grand Jury*, and Defendants filed a Statement of Recent Decision in Support of Defendants' Motion for Stay of Production Orders Pending Resolution of Petition for Writ of Mandamus, notifying this Court of the grant of certiorari. ECF No. 314.

On October 13, this Court granted Defendants' motion to stay the production orders pending resolution of the mandamus petition, stating that "[t]he Court does so based on the irreversible nature of production, and due to the Supreme Court's granting of a petition for certiorari in [] *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021), No. 21-1397 (U.S.)." ECF No. 317.

On October 19, the Ninth Circuit denied Defendants' mandamus petition "without prejudice to the filing of a new mandamus petition if future circumstances warrant." Ex. A at 2.

The Ninth Circuit stated that "the district court *may wish to reconsider* its orders compelling production of documents *after* the Supreme Court issues a decision." *Id.* at 1 (emphases added).

This motion followed.

### III. THIS COURT SHOULD STAY THE PRODUCTION ORDERS PENDING THE SUPREME COURT'S DECISION IN *GRAND JURY*

A stay is warranted until the Supreme Court decides *Grand Jury* for the same two reasons this Court previously recognized in granting a stay pending mandamus review: "[1] the *irreversible nature of production*, and [2] due to the Supreme Court's *granting of a petition for certiorari* in [] *In re Grand Jury*." ECF No. 317 (emphases added). Both of those reasons remain present today. Accordingly, a stay until the Supreme Court issues a decision in *Grand Jury* is justified because the production would still be "irreversible," and *Grand Jury* remains pending before the Supreme Court for resolution of the question presented on the merits. *Id.*

The considerations in favor of a stay are even stronger now that the Ninth Circuit has issued an order *in this case* suggesting that this Court "*reconsider* its orders compelling production of documents *after* the Supreme Court issues a decision" in the very case "relied" on in reaching its privilege determination. Ex. A at 1 (emphases added). Although the Ninth Circuit denied Apple's mandamus petition, it suggested that a further stay from this Court would be appropriate, if not warranted, pending the Supreme Court's decision. After all, once documents are disclosed, privilege is lost forever. *See infra* 4-5. A stay therefore facilitates the future consideration contemplated by the Ninth Circuit. Absent a stay, there can be no real reconsideration.

In evaluating this motion to stay pending the Supreme Court's decision on a merits case, this Court should look to the same factors considered "in determining whether" to grant "a stay pending [a] petition for writ of mandamus," which "are the same as a stay pending appeal." *Powertech Tech. Inc. v. Tessera, Inc.*, 2013 WL 1164966, at *1 (N.D. Cal. Mar. 20, 2013) (citation omitted). "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009). The Ninth Circuit has also employed an alternative "serious questions" test,

1  under which "'serious questions going to the merits' and a balance of hardships that tips sharply
2  towards the [movant] can support issuance of a preliminary injunction, so long as the [movant] also
3  shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."
4  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  The existence of a serious
5  legal question need not promise a certainty of success, but must present a "fair ground for
6  litigation." *Id.* at 1133 (citation omitted).

7        **A.**      **The Balance of Hardships Tips Sharply Towards Defendants, Who Will Suffer Irreparable Harm If They Have to Disclose Privileged Materials.**
8

9        Here, there is no question that the balance of hardships overwhelmingly favors a stay.  In
10  fact, this Court already has held as much in granting Defendants' prior stay motions.  Defendants
11  would suffer significant and irreversible harm from complying with the Court's production orders
12  without the benefit of the Supreme Court's forthcoming, and binding, opinion in *Grand Jury*.
13  Once privileged documents are surrendered, privilege is forever lost.  *See Hernandez v. Tanninen*,
14  604 F.3d 1095, 1101 (9th Cir. 2010); *see also Senate Permanent Subcomm. on Investigations v.
15  Ferrer*, 856 F.3d 1080, 1088-89 (D.C. Cir. 2017) (finding challenge to subpoena-enforcement
16  order moot following disclosure of privileged documents).  The status quo could never be
17  restored:  The "privilege[] . . . would be irreparably harmed if the information in question were
18  released prior to an appeal." *Apple Inc. v. Samsung Elec. Co.*, 2015 WL 13711858, at *1 n.4
19  (N.D. Cal. Apr. 7, 2015) (citing *Connaught Labs., Inc. v. SmithKline Beecham P.L.C.*, 165 F.3d
20  1368, 1370 (Fed. Cir. 1999)).  Here, the documents subject to disclosure include communications
21  between Apple's Chief Executive Officer and its General Counsel regarding a matter with
22  significant legal and business ramifications.  This case presents a textbook example of irreparable
23  injury.

24        By contrast, there is no countervailing harm to Plaintiff.  Any resulting injury of staying
25  the production orders pending review is minimal to none.  If the Supreme Court decides *Grand
26  Jury* in favor of the petitioner in that case, thus vindicating Defendants' arguments here that the
27  orders compelling production were issued under the wrong legal test, Plaintiff will suffer no harm
28  at all; Plaintiff simply will not receive privileged material to which it has no right.  *See Samsung*,

2015 WL 13711858, at *1.  And if the Supreme Court's decision adopts the view of privilege requirements assumed by the production orders, Plaintiff's only burden would be a delay that is more than offset by the significant potential harm to Defendants.

Given the "irreversible nature of production," which this Court recognized, ECF No. 317, the Ninth Circuit's order expressly anticipates that this Court's "orders compelling production of documents" would benefit from "reconsider[ation] . . . after the Supreme Court issues a decision." Ex. A at 1.  Because the Supreme Court will soon provide binding precedent, a stay would allow this Court to conduct a privilege analysis consistent with the Supreme Court's articulation of the test.  A denial of the stay would cause Defendants irreparable hardship, not only by compelling disclosure, but by doing so on the basis of a circuit decision that is currently undergoing review and may well be overruled, *see infra* 6-7, and without the benefit of a forthcoming Supreme Court decision on the precise issue implicated here.

### B. The Public Interest Favors a Stay.

A stay pending the Supreme Court's decision in *Grand Jury* furthers the public interest in ensuring judicial economy and the proper administration of justice.  As the *Samsung* court recognized, "[t]he attorney-client privilege advances 'broader public interests in the observance of law and administration of justice,'" and those broader interests weigh in favor of staying the disclosure of arguably privileged materials pending review.  *Samsung*, 2015 WL 13711858, at *2 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).  "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn*, 449 U.S. at 389.  A stay preserves the sanctity of the privilege while its precise—and disputed—contours are determined authoritatively by the Supreme Court.  A stay would protect the public interest because it would allow this Court to apply the privilege test dictated by the Supreme Court's forthcoming decision, whereas the denial of a stay would force Defendants to disclose documents under the application of a Ninth Circuit case that may soon be overruled.

### C. Defendants Have Shown At A Minimum That There Are Serious Legal Questions Going To The Merits.

In addition to the overwhelming balance of hardships and public interest favoring a stay, Defendants have shown that there are serious legal questions going to the merits of the production orders. *See All. for the Wild Rockies*, 632 F.3d at 1135 (stay appropriate if movant shows "serious questions going to the merits" and a balance of hardships that tips sharply in its favor).

The Ninth Circuit recognized that the production orders "relied" on *Grand Jury*, which is "now pending before the Supreme Court." Ex. A at 1. The Supreme Court's grant of certiorari indicates that there are serious questions going to the merits of *Grand Jury*'s holding. The Supreme Court reversed the overwhelming majority of cases it chose to hear last term. *See* SCOTUSblog, Circuit Scorecard (July 1, 2022), https://tinyurl.com/pwt65z67 (the Supreme Court reversed in 82% of cases). It stands to reason that the Supreme Court's decision to grant certiorari in *Grand Jury* casts considerable doubt over the validity of its holding. And because the production orders in this case relied on *Grand Jury*, there are serious legal questions going to the merits of those rulings.

And, even aside from the Supreme Court's forthcoming decision in *Grand Jury*, Defendants reiterate that, as it currently stands, the Ninth Circuit has left open the question of whether the attorney-client privilege protects a dual-purpose communication, where obtaining or seeking legal advice was *a* primary purpose of the communication, but not its single primary purpose. As this Court correctly recognized, that question remains unanswered in this circuit. Order Denying Motion, ECF No. 302, at 3 (stating that the Ninth Circuit "'left open' whether the more expansive 'a primary purpose' test articulated by the D.C. Circuit . . . should ever be applied" (quoting *Grand Jury*, 23 F.4th at 1090).[1] Given the acknowledged open question, which

---

[1] This Court's order denying Defendants' motion to certify reasoned that this legal question may not be controlling in this case because Judge Spero's order did not clearly state that any of the documents ordered produced had more than one primary purpose. ECF No. 312 at 2. However, Judge Spero had no reason to make that finding given that he erroneously construed *Grand Jury* to mean that dual-purpose communications could only have one single primary purpose. *See* ECF No. 272 at 6. And the Ninth Circuit recognized that this Court "relied" on *Grand Jury* in ordering disclosure. Ex. A at 1.

the Supreme Court may well resolve soon, there are serious questions going to the merits of the orders compelling disclosure.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay the production orders pending the Supreme Court's decision in *Grand Jury*.

Dated: October 20, 2022              Respectfully submitted,

                                         ORRICK, HERRINGTON & SUTCLIFFE LLP

                                         */s/ James N. Kramer*
                                         JAMES N. KRAMER

                                         Attorneys for Defendants Apple Inc.,
                                         Timothy Cook, and Luca Maestri