ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
       – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>DECLARATION OF SHAWN A. WILLIAMS PURSUANT TO FED. R. CIV. P. 56(d) IN SUPPORT OF LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>DATE: TBD<br>TIME: 2:00 p.m.<br>CTRM: 1, 4th Floor<br>JUDGE: Hon. Yvonne Gonzalez Rogers |

4868-1064-8122.v1

I, SHAWN A. WILLIAMS, declare as follows:

I am an attorney duly licensed to practice before all of the courts of the State of California and before this District Court. I am a member of the law firm Robbins Geller Rudman & Dowd LLP, counsel of record for Plaintiff in the above-entitled action. I make this declaration pursuant to Federal Rule of Civil Procedure 56(d) in support of Lead Plaintiff's Opposition to Defendants' Motion for Summary Judgment. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

I.   **INTRODUCTION**

1. Plaintiff hereby submits this declaration pursuant to Rule 56(d) detailing the reasons Plaintiff cannot present certain essential facts to oppose arguments in Defendants'[1] Motion for Summary Judgment (ECF 293) ("MSJ") – to the extent the Court finds Defendants have met their burden under Rule 56(a).

   A.   **Because Defendants Have Not Produced Certain Documents Demanded and Necessary to Adequately Respond to Its Motion, Its Summary Judgment Motion Should Be Denied**

2. Pursuant to Rule 56(d), where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The Supreme Court has observed that Rule 56 mandates "that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5.[2]

---

[1] As used in this declaration, "Defendants" refers collectively to Apple Inc., Timothy D. Cook, and Luca Maestri.

[2] The *Anderson* Court's comment related to what was then subsection (f) of Rule 56. Following the 2010 Amendments, Rule 56(d) replaced what was once Rule 56(f) "'without substantial change.'" *Big Lagoon Rancheria v. Cal.*, 789 F.3d 947, 952 n.3 (9th Cir. 2015) (quoting Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment).

3.  On September 9, 2022, Defendants filed their MSJ based on their contention that Plaintiff cannot raise a genuine issue of material fact on the elements of falsity, scienter, and loss causation. ECF 293.

4.  As of the date of this submission, however, Defendants have failed to produce non-privileged records relevant to Plaintiff's claims and responsive to Plaintiff's discovery requests. Specifically, Defendants have withheld relevant documents on the grounds that they are protected by the attorney-client privilege. Three court orders have concluded that certain of the documents withheld are not privileged and the remainder of the documents at issue must be evaluated further to determine whether they are subject to the privilege under the framework articulated in relevant court orders. *See* ECFs 272, 302, 312.

5.  As detailed in Lead Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Defendants' MSJ is without merit and should be denied notwithstanding their failure to produce the non-privileged relevant documents.

6.  Plaintiff nevertheless requires this discovery to fully and adequately respond to Defendants' MSJ to the extent the Court finds that the MSJ has merit and Defendants have met their burden under Rule 56.

**B.  Plaintiff Has Diligently Sought the Outstanding Discovery**

7.  This action was initiated on April 16, 2019. ECF 1. Plaintiff alleged that Defendants violated §§10 and 20 of the Securities Exchange Act of 1934 ("Exchange Act").

8.  On June 23, 2020, Plaintiff filed the Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws. ECF 114.

9.  On November 4, 2020, the Court entered an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Revised Consolidated Class Action Complaint. ECF 123.

10. On November 23, 2020, Plaintiff served its First Set of Requests for Production of Documents.

11. On December 22, 2020, the Court issued a Case Management Order setting key deadlines in the action, including a March 16, 2022 fact discovery deadline. ECF 128.

12. On November 24, 2021, Defendants produced their first privilege log.

13. Between November 24, 2021 and March 16, 2022, the parties engaged in robust discovery, and Plaintiff has aggressively pursued discovery from Defendants and non-parties.

14. Following November 24, 2021, the parties engaged in significant meet-and-confers and motion practice in connection with the adequacy of Defendants' privilege logs and whether the attorney-client privilege in fact applies to information and documents being withheld.

15. On August 3, 2022, following Plaintiff's motion to compel documents withheld as privileged and his review of certain documents *in camera*, Magistrate Judge Spero issued an Order Granting in Part and Denying Part Motion to Compel (ECF 272) ("August 3 Order"), which required Defendants to produce certain documents previously withheld as privileged and to apply the Magistrate Judge's rulings and guidance to more than 200 other challenged documents in order to assess whether additional documents were improperly withheld.

16. On August 5, 2022, Defendants filed a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(a), arguing that the August 3 Order was clearly erroneous and should be set aside. ECF 276.

17. On September 12, 2022, the Court issued an Order Denying Motion for Relief ordering the production of documents subject to the August 3 Order within one business day. ECF 302.

18. On September 13, 2022, Defendants filed a Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. §1292(b), and for a Stay of Production (ECF 304) seeking a stay of the Court's Order Denying Motion for Relief and requiring production of the documents ordered produced by the August 3 Order.

19. On September 29, 2022, the Court issued an Order Denying Motion to Certify Order for Interlocutory Appeal and for Stay of Production and ordered production of documents within 24 hours. ECF 312.

20. On September 30, 2022, Defendants filed in the Ninth Circuit Court of Appeals, a Petition for Writ of Mandamus (the "Petition") to the United States District Court for the Northern District of California, No. 4:19-cv- 02033-YGR, Hon. Yvonne Gonzalez Rogers.

DECLARATION OF SHAWN A. WILLIAMS PURSUANT TO FED. R. CIV. P. 56(d) IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MSJ - 4:19-cv-02033-YGR - 3 -
4868-1064-8122.v1

21.     On the same day, September 30, 2022, Defendants filed a Motion for Stay of Production Orders Pending Resolution of Petition for Writ of Mandamus.  ECF 313.

22.     On October 3, 2022, Defendants filed a Statement of Recent Decision in Support of Defendants' Motion for Stay of Production Orders Pending Resolution of Petition for Writ of Mandamus (ECF 313), noting that the Supreme Court had granted the petition for certiorari in *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021).  ECF 314.

23.     On October 4, 2022, the Court issued an Order to Show Cause re Stay as to why, in light of the pending Petition and the Supreme Court's grant of certiorari in *In re Grand Jury*, Defendants' motion for a stay of production should not be granted.  ECF 315.

24.     On October 7, 2022, Plaintiff filed a response to the Court's October 4, 2022 Order to Show Cause re Stay explaining that the outcome in *In re Grand Jury* in the Supreme Court would not change the outcome of the parties' privilege dispute in the current action and opposing a stay of production.  ECF 316.

25.     On October 13, 2022, the Court issued an Order re Stay, which granted Defendants' motion and stayed the production orders pending the resolution of the Petition by the Ninth Circuit. ECF 317.

26.     On October 19, 2022, the Ninth Circuit issued an order denying Defendants' Petition, concluding that Defendants had not demonstrated that their case warranted the intervention of the Ninth Circuit by means of the extraordinary remedy of mandamus.

**II.     CONCLUSION**

27.     To date, the documents Magistrate Judge Spero concluded are not protected by the attorney-client privilege have not been produced and the status of additional documents remains in dispute.  Defendants, however, concurrently contend that summary judgment should be granted in their favor because Plaintiff has purportedly not adduced the necessary evidence raising a genuine issue of fact on falsity, scienter, loss causation, or control (as to Mr. Maestri).

28.     Accordingly, because the facts in the documents that Defendants continue to withhold are unavailable to Plaintiff due to the stayed production, Plaintiff is unable to present

1 | certain facts essential to oppose the MSJ to the extent the Court finds Defendants have met their
2 | burden under Rule 56(a).
3 |      I declare under penalty of perjury under the laws of the United States of America that the
4 | foregoing is true and correct. Executed this 20th day of October, 2022, at San Francisco,
5 | California.

6 |                                        s/ Shawn A. Williams
7 |                                        SHAWN A. WILLIAMS

DECLARATION OF SHAWN A. WILLIAMS PURSUANT TO FED. R. CIV. P. 56(d) IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MSJ - 4:19-cv-02033-YGR - 5 -
4868-1064-8122.v1