ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
        – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>   ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

4864-2660-2298.v1

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. LEGAL STANDARD..............................................................................................................2

III. ARGUMENT ...........................................................................................................................3

    A. SEC Filings – Dfs Exs 5 (Form 10-K) and 26 (Cook's Letter to Investors) ...........3

    B. News Articles and Stock Price Information – Dfs Exs 15, 84, 86-89, 92, 98......................................................................................................................................4

    C. Analyst Reports – Dfs Exs 27-83.............................................................................5

    D. Public Press Releases and Earnings Call Transcripts – Dfs Exs 3, 93 ....................6

IV. CONCLUSION........................................................................................................................6

OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4:19-cv-02033-YGR
4864-2660-2298.v1

- i -

## I. INTRODUCTION

Defendants seek judicial notice of 69 documents[1] (919 pages) filed in connection with their Motion for Summary Judgment ("MSJ") (ECF 293). Defendants' attempt to secure notice of these documents, generally and in their entirety, is improper, even if there is no dispute that they were made public at a discernible time. As the Ninth Circuit has explained, "[a] court must . . . consider – and identify – which fact or facts it is noticing." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Defendants' Request for Judicial Notice in Support of Defendants' Motion for Summary Judgment ("DRJN") (ECF 293-2) demonstrates why the Ninth Circuit clarified the requirements for taking judicial notice in *Khoja*. While Defendants have not specified the facts they seek to judicially notice, their purpose in seeking judicial notice of nearly 70 documents is plain from their summary judgment papers. Defendants not only ask the Court to judicially notice the truth of the matters asserted therein, but also to accept Defendants' characterization of the facts conveyed in the documents. Both uses are inappropriate under Federal Rule of Evidence 201 ("Rule 201"). Thus, while Plaintiff recognizes that the kinds of documents that Defendants have presented, including SEC Filings, analyst reports, and news articles, may be judicially noticeable for the fact that the contents contained therein were made available to the public on a given date, Plaintiff opposes judicial notice for the truth of the matters asserted in each of the documents (some of which are voluminous), as well as for what Defendants assert is the truth.

Defendants separate their request into four categories of documents: (i) SEC Filings (2); (ii) News Articles and Stock Price Information (8); (iii) Analyst Reports (56); and (iv) Public Press Releases and Earnings Call Transcripts (2). Plaintiff's general position with respect to whether judicial notice is appropriate, by category, is summarized below:

- **SEC Filings – Dfs Exs 5 and 26**: Plaintiff does not object to judicial notice being taken of the *existence* of the statements made in Defendants' November 5, 2018 Form 10-K (Exhibit 5) and the Letter from Tim Cook to Apple Investors (Exhibit 26). However, judicial notice cannot be taken of the truth of their contents and certainly not

---

[1] Defendants' Exhibits ("Dfs Exs" or "Exhibit(s)") ##3, 5, 15, 26-84, 86-89, 92-93, 98.

of Defendants' characterization of what was conveyed by those public filings.

- **News Articles and Stock Price Information** – **Dfs Exs 15, 84, 86-89, 92, 98**: Plaintiff does not object to the judicial notice of news articles for the limited purpose of determining what information was available to the public on a given date, but does object to the extent that the news articles are irrelevant or inaccurate (Exhibits 15, 84, 87-89, 92). Plaintiff objects to the Court's taking judicial notice of Apple's market capitalization reported on September 7, 2022 ("market cap") (Exhibit 86) as irrelevant. Plaintiff does not object to the Court's taking judicial notice of the fact that *Yahoo! Finance* reported certain stock prices for November 1 and November 2, 2018 (Exhibit 98).

- **Analyst Reports** – **Dfs Exs 27-83**: Plaintiff does not object to judicial notice being taken of analyst reports for the specific purpose of determining what was known to the public on a given date. However, Plaintiff challenges any attempt by Defendants to take judicial notice of Defendants' characterization of the reports or of the truth of the matters asserted therein.

- **Public Press Releases and Earnings Call Transcripts** – **Dfs Exs 3, 93**: Plaintiff does not object to judicial notice of the existence of the statements made by Defendants in the press releases and earnings call transcript, but does object to judicial notice being taken of the truth of the matters therein, and also objects to judicial notice being taken of Defendants' characterization of what they said.

## II.  LEGAL STANDARD

As relevant here, Rule 201(b) permits a court to take judicial notice of an adjudicative fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "But a court ***cannot*** take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999.[2] Further, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*.

---

[2] Unless otherwise noted, emphasis is added and internal citations are omitted.

## III. ARGUMENT

### A. SEC Filings – Dfs Exs 5 (Form 10-K) and 26 (Cook's Letter to Investors)

Plaintiff does not challenge the authenticity of the SEC Filings. As the Court has recognized in an earlier decision in this case, "judicial notice of the *existence* of statements in these filings [is] proper." *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020).

Plaintiff does, however, challenge Defendants' attempt to interpret the filings and characterize the November 5, 2018 10-K as a disclosure of the facts Plaintiff alleges to have been omitted from Cook's statements regarding the Company's business in China on November 1, 2018. "'The truth of the content, and the inferences properly drawn from them . . . [are] not a proper subject of judicial notice under [Federal Rule of Evidence] 201.'" *In re Medicis Pharm. Corp. Sec. Litig.*, 689 F. Supp. 2d 1192, 1201 n.6 (D. Ariz. 2009) (alterations in original). In their MSJ, Defendants assert that the 10-K "explicitly warned of 'downward pressure on gross margins' from 'highly competitive global markets'" and therefore, "both before and during the call, the market was aware that Apple's business in China faced 'pressure.'" MSJ at 20. As a chronological matter, the SEC filing was filed on November 5, 2018 – *after* the November 1 earnings call. As a logical matter, Defendants' interpretation has no basis because the 10-K made no reference to China in the risk factors section. As a legal matter, investors are not required to look to other sources to determine the truth of Cook's statements made during the investor call. *See Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 887 (9th Cir. 2008). And, as relevant here and under Rule 201, judicial notice may only be taken of the existence of the statements made in the Form 10-K, as well as the date it was filed with the SEC, *i.e.*, November 5, 2018.

Plaintiff does not challenge judicial notice of Exhibit 26, Tim Cook's letter to investors, which is employed by Defendants for the limited purpose of establishing that "[o]n January 2, 2019, Apple pre-announced its guidance miss in a letter from Mr. Cook to investors." MSJ at 13.

**B.     News Articles and Stock Price Information – Dfs Exs 15, 84, 86-89, 92, and 98**

"[T]o the extent the court *can* take judicial notice of press releases and news articles, it can do so only to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Meekins v. Chipotle Servs., LLC*, 2018 WL 6503498, at *7 (C.D. Cal. Dec. 11, 2018) (alteration and emphasis in original).

**Exhibit 15 (9to5Mac.com article about iPhone XR popularity)**: Defendants' request for judicial notice of Exhibit 15, which is an article from 9to5Mac.com, an Apple enthusiast news website, should be denied. Defendants' request is inappropriate in many ways. First, the document is not cited in their Memorandum in Support of their Motion for Summary Judgment (ECF 293) ; it is only cited in the declaration of Kevan Parekh. Declaration of Kevan Parekh in Support of Defendant's Motion for Summary Judgment ("Parekh Decl.") (ECF 296), ¶19. Second, Defendants clearly seek judicial notice for the truth of the matter asserted, as Parekh cites the article for research data suggesting that the iPhone XR was the world's top-selling smartphone in calendar year 2019, of which only one day was in the Class Period. Third, the 9to5Mac.com article does not appear to be a reliable source for the data cited, but merely repeats it from other sources on the internet; indeed all Parekh can muster in his declaration is that the article "references this research data." Parekh Decl., ¶19. Parekh, a current high ranking Apple executive, does not even confirm the Apple unit sales data conveyed in the report is accurate (data, ironically, that on November 1, 2018 the Company chose to stop reporting to the public). Because neither the source nor the accuracy of the data has not been confirmed, and because the article is offered for its truth and not to show what was known to the market at a given time, the Court should not take judicial notice of Exhibit 15.

**Exhibits 84, 87, 88, and 89 (articles commenting on Defendants' success and likeability)**: Defendants seek judicial notice of Exhibits 84, 87, 88 and 89 to show that all three Defendants, Apple, Tim Cook, and Luca Maestri are "admired." MSJ at 5. Clearly, these documents are not offered to show, and do not show, what the market was aware of at any given time. Thus, they are not admissible under Rule 201. Moreover, even if these articles were admissible under Rule 201, they would be excludable under other rules. *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d

993, 998 (9th Cir. 2019). First among those rules is relevance. *Id.* And it is well-established that adjudicative facts must be relevant to be admissible under Rule 201. *See Chung v. Cnty. of Santa Clara*, __ F. Supp. 3d __, 2022 WL 2704123, at *4 (N.D. Cal. July 12, 2022). ("Courts may take notice of adjudicative facts, but adjudicative facts must be relevant."). These articles describing how admired, great, and successful Defendants are is not relevant. In fact, the only way such praises could be relevant is if they were used to help prove that someone so admirable would not commit securities fraud, which is impermissible character evidence under Federal Rule of Evidence 404(a)(1). Accordingly, judicial notice of Exhibits 84, 87, 88 and 89 is improper.

**Exhibit 92 (*Bloomberg* Article)**: Defendants use Exhibit 92, a *Bloomberg* article reporting on Chinese gaming regulations, to support the truth of the matter asserted that "[i]n August 2018, the Chinese government issued an industry-wide freeze on video game license approvals." MSJ at 6. It is improper under Rule 201 to take judicial notice of a purported fact contained in an article that may or may not be true, and Defendants do not claim otherwise. *See* DRJN at 2.

**Exhibits 86 and 98 (market cap and stock price information)**: Defendants seek to judicially notice two *Yahoo! Finance* websites, presumably to establish what *Yahoo! Finance* reported as Apple's market cap and stock price on specific dates. Plaintiff objects to the judicial notice of Exhibit 86, which seeks to establish what *Yahoo! Finance* reported as Apple's market cap on September 7, 2022. The Company's market cap on that date is in no way relevant to this case, which means that exhibit is not admissible, regardless of whether it meets the requirements for judicial notice under Rule 201. *See Chung*, 2022 WL 2704123, at *4. Plaintiff does not object to the judicial notice of Exhibit 98 for the limited purpose of establishing that *Yahoo! Finance* reported stock prices for Apple on November 1 and November 2, 2018.

**C.**     **Analyst Reports – Dfs Exs 27-83**

As the Court has previously recognized in this case, it may take judicial notice of analyst reports to determine "'whether and when certain information was provided to the market,' but not for the truth of the matter." *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6. As is clear from the Parties' summary judgment papers and Plaintiff's motion to exclude the expert testimony of Dr. Brett Trueman and Alex Gauna (ECF 301), the Parties have starkly different views regarding how

investors, analysts, and the market interpreted Cook's November 1 statements. Because the analyst reports at issue here are "'subject to varying interpretations, and there is a reasonable dispute as to what the[y] establish[],'" the Court should not judicially notice the analyst reports for the truth of the matters therein. *Khoja*, 899 F.3d at 1000.

### D. Public Press Releases and Earnings Call Transcripts – Dfs Exs 3 and 93

**Exhibit 3 (November 1 Earnings Call Transcript)**: An investor call transcript submitted to the SEC generally qualifies as a "'source[] whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999. Again, Defendants do not specify what fact or facts it would like the Court to judicially notice from the transcript. Of note, the meaning of the statements conveyed in the conference call transcript are precisely the statements at dispute in this action. "It is improper to judicially notice a transcript when the substance of the transcript 'is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes.'" *Id.* at 1000 (alteration in original). While Plaintiff does not challenge the request for judicial notice of the November 1 Earnings Call Transcript, to the extent it seeks to establish that an earnings call was held on November 1, 2018, or that Defendants made the statements that they did as reported in the transcript, Plaintiff does challenge any admission of evidence of any characterization by Defendants of how the statement was perceived by others or otherwise establishing the truth of the matters stated therein.

**Exhibit 93 (Apple Press Release)**: With regard to Exhibit 93, Apple's Press Release announcing its Fourth Quarter Results, Plaintiff does not object to the Court's taking judicial notice of the press release for the limited purposes of establishing that Apple issued the information set forth in the press release on November 1, 2018. Plaintiff does object to the Court's taking judicial notice of the truth of the matters therein for the reasons explained above.

### IV. CONCLUSION

For the foregoing reasons, the Court should not judicially notice Exhibits 15, 84, 86, 87, 88, 89, and 92 in their entirety. The remaining exhibits should only be judicially noticed for the limited

| | |
|---|---|
| 1 | purposes set forth above and not for the truth of the matters stated therein, or Defendants' |
| 2 | characterizations thereof. |
| 3 | DATED:  October 20, 2022 | Respectfully submitted, |
| 4 | | ROBBINS GELLER RUDMAN |
| | |    & DOWD LLP |
| 5 | | SHAWN A. WILLIAMS |
| | | DANIEL J. PFEFFERBAUM |
| 6 | | KENNETH J. BLACK |
| | | HADIYA K. DESHMUKH |
| 7 | | JACOB G. GELMAN |
| 8 | | |
| 9 | |            s/ Shawn A. Williams            |
| | |           SHAWN A. WILLIAMS |
| 10 | | |
| | | Post Montgomery Center |
| 11 | | One Montgomery Street, Suite 1800 |
| | | San Francisco, CA  94104 |
| 12 | | Telephone:  415/288-4545 |
| | | 415/288-4534 (fax) |
| 13 | | shawnw@rgrdlaw.com |
| | | dpfefferbaum@rgrdlaw.com |
| 14 | | kennyb@rgrdlaw.com |
| | | hdeshmukh@rgrdlaw.com |
| 15 | | jgelman@rgrdlaw.com |
| 16 | | ROBBINS GELLER RUDMAN |
| | |    & DOWD LLP |
| 17 | | MARK SOLOMON |
| | | JASON A. FORGE |
| 18 | | RAPHAELLA FRIEDMAN |
| | | 655 West Broadway, Suite 1900 |
| 19 | | San Diego, CA  92101 |
| | | Telephone:  619/231-1058 |
| 20 | | 619/231-7423 (fax) |
| | | marks@rgrdlaw.com |
| 21 | | jforge@rgrdlaw.com |
| | | rfriedman@rgrdlaw.com |
| 22 | | |
| | | Lead Counsel for Lead Plaintiff |
| 23 | | |
| | | LABATON SUCHAROW |
| 24 | | CAROL C. VILLEGAS |
| | | 140 Broadway |
| 25 | | New York, NY 10005 |
| | | Telephone: 212/907-0700 |
| 26 | | 212/883-7524 (fax) |
| | | cvillegas@labaton.com |
| 27 | | |
| | | Counsel for Employees' Retirement System of the |
| 28 | | State of Rhode Island |

OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4:19-cv-02033-YGR - 7 -
4864-2660-2298.v1

| | |
|---|---|
| 1 | |
| 2 | VANOVERBEKE, MICHAUD & TIMMONY, P.C.<br>THOMAS C. MICHAUD |
| 3 | 79 Alfred Street<br>Detroit, MI  48201 |
| 4 | Telephone:  313/578-1200<br>313/578-1201 (fax) |
| 5 | tmichaud@vmtlaw.com |
| 6 | Additional Counsel |

OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4:19-cv-02033-YGR              - 8 -
4864-2660-2298.v1