JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Civil Action No. 4:19-cv-02033-YGR<br><br>**DECLARATION OF JAMES N. KRAMER IN RESPONSE TO LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 322)**<br><br>Judge:     Honorable Yvonne Gonzalez Rogers |

I, James N. Kramer, declare as follows:

1. I am a partner at Orrick, Herrington, & Sutcliffe LLP, counsel for Apple Inc., Timothy Cook, and Luca Maestri (collectively "Defendants"). Pursuant to Civil Local Rule 79-5, I submit this declaration in response to Lead Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 322, the "Administrative Motion"). I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. The Administrative Motion was filed in connection with a submission relating to a dispositive motion, namely, Lead Plaintiff's Opposition to Defendants' Motion for Summary Judgment and the exhibits thereto.[2] When a party seeks to seal material submitted in connection with dispositive motions, it must demonstrate that there are "compelling reasons" to do so. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (to retain protected status for documents attached to a summary judgment motion, proponent must meet the "compelling reasons" standard); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (same).

3. Defendants join the Administrative Motion in part. Defendants request that the Court maintain under seal the portions of the material that Plaintiff has lodged under seal in connection with the Administrative Motion that reference confidential information produced by Defendants in discovery in this action to the extent it qualifies for sealing under the relevant legal standards discussed herein.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g., In Re Qualcomm Litig.*, No. 17-00108, Dkt. 3981 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

[2] Unless otherwise noted, all exhibits referenced herein are exhibits to the Declaration of Shawn A. Williams in Support of Lead Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Dkt. 322-4).

4.      Defendants' request is narrowly tailored.  Defendants are not seeking to seal any part of Lead Plaintiff's opposition brief.  And Defendants request that the Court seal only narrowly-tailored excerpts of some of the exhibits submitted with Lead Plaintiff's opposition brief.  Specifically, Defendants seek to seal those materials containing: (1) confidential information of Apple's third-party reseller and supplier partners, including sales projections attributable to specific third-party resellers; (2) non-public confidential information concerning sources of business intelligence; and (3) information implicating the privacy rights of individual employees.

5.      First, Apple seeks to seal materials containing confidential information of Apple's third-party reseller and supplier partners, including sales projections attributable to specific third-party resellers.  There are compelling reasons to seal this third-party proprietary information, disclosure of which would reveal confidential information belonging to non-parties, and which could harm Apple's relationships with its reseller and supplier partners.  *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (finding compelling reasons to seal a third party's sensitive business information); *DiscoverOrg Data, LLC v. Bitnine Glob., Inc.*, 2020 WL 8669859, at *3 (N.D. Cal. Nov. 6, 2020) (finding competitive harm resulting from disclosure of pricing and contracts with third parties to be compelling reason for sealing); *Baker v. SeaWorld Ent., Inc.*, 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (same).

6.      Further, Defendants seek to seal non-public, confidential information in one exhibit concerning sources of business intelligence.  The public disclosure of such information would cause Apple harm and put it at competitive disadvantage.  Access to court records "may be properly denied for clearly justifiable reasons, including the need to protect against revealing 'sources of business information that might harm a litigant's competitive standing.'"  *R.R. Donnelley & Sons Co. v. Pappas,* 2022 WL 2007430, at *1 (E.D. Cal. Jun. 6, 2022) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records

1  contain business information that could be used to harm a litigant's competitive standing).  The
2  Court has "broad latitude" "to prevent disclosure of materials for many types of information,
3  including, *but not limited to,* trade secrets or other confidential research, development, or
4  commercial information." *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1211 (9th Cir. 2002)
5  (emphasis in original).

6      7.   Finally, Apple also seeks to seal information implicating the privacy rights of its
7  employees.  Specifically, Apple seeks to seal phone numbers, email addresses, and physical home
8  addresses of employees.  Disclosure of this information would infringe upon the employees'
9  privacy rights.  Further, the contact information that Apple seeks to seal has no relevance to the
10 merits of the underlying motion.  Compelling reasons support sealing of this contact information.
11 *See, e.g.*, *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30,
12 2022) (observing that courts in this district routinely find compelling reasons to seal personally-
13 identifying information that has minimal relevance to the underlying cause of action, including
14 phone numbers, addresses, and email addresses); *Snapkeys, Ltd. v. Google LLC.*, 2021 WL
15 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to seal personally
16 identifiable information like phone numbers, email addresses, and home addresses); *Ehret v. Uber*
17 *Technologies, Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (finding it appropriate to
18 seal employee email addresses when they were not relevant to the merits of the underlying
19 motion).

20     8.   Set forth below is a chart detailing the specific items that are sealable for the
21 reasons explained herein.  The portions of these documents that Defendants seek to seal are
22 denoted by red boxes in the chambers copies submitted pursuant to the Court's standing order.

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Ex. 1, portions of pp. 1-2 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Ex. 2, portions of pp. 1-2 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 4, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 5, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 6, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 8, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 9, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 11, portions of p. 2 pertaining to reseller data; portions of pp. 1, 2 containing employee email addresses | Contains non-public, confidential business information pertaining to third-party reseller partners / Kramer Decl. ¶ 5; Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 12, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 13, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Ex. 14, portions of p. 2 pertaining to reseller data; portions of p. 1 containing employee email addresses | Contains non-public, confidential business information pertaining to third-party reseller partners / Kramer Decl. ¶ 5; Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 15, portions of pp. 2, 3 pertaining to reseller data; portions of pp. 1, 2 containing employee email addresses | Contains non-public, confidential business information pertaining to third-party reseller partners / Kramer Decl. ¶ 5; Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 16, portions of pp. 1-3 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 17, portions of pp. 1-2 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 18, portions of pp. 1, 2, 5 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 19, portions of pp. 1-2 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 20, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 21, portions of pp. 2, 3, 4 pertaining to reseller data; portions of p. 1 containing employee email addresses | Contains non-public, confidential business information pertaining to third-party reseller partners / Kramer Decl. ¶ 5; Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 22, portions of p. 3 pertaining to reseller data; portions of p. 1 containing employee email addresses | Contains non-public, confidential business information pertaining to third-party reseller partners / Kramer Decl. ¶ 5; Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 23, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Ex. 24, portions of pp. 2, 3, 4, 5 pertaining to reseller data; portions of p. 1 containing employee email addresses | Contains non-public, confidential business information pertaining to third-party reseller partners / Kramer Decl. ¶ 5; Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 25, portions of pp. 1-2 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 27, portions of pp. 1, 2, 4, 5 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 28, portions of pp. 1-2 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 29, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 30, portions of pp. 1-2 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 31, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 32, portions of pp. 1-2 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 33, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 34, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Ex. 35, portions of p. 1 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 37, portions of pp. 1-3 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 38, portions of pp. 1, 2, 4, 5 related to reseller data; portions of p. 1 containing employee email addresses | Contains non-public, confidential business information pertaining to third-party reseller partners / Kramer Decl. ¶ 5; Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 39, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 41, portions of pp. 1-3 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 42, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 43, portions of pp. 1, 2, 4, 5 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 45, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 47, portions of pp. 1, 3 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 48, portions of pp. 1-4 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 49, portions of pp. 1-3 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Ex. 50, portions of pp. 1, 2, 3, 4 related to supplier data; portions of pp. 1, 2, 3 containing employee email addresses and phone numbers | Contains non-public, confidential business information regarding a supplier / Kramer Decl. ¶ 5; Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 51, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 52, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 53, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 54, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 56, portions of pp. 1-4 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 58, portions of pp. 1-2 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 59, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 60, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 61, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |


| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Ex. 62, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 63, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 66, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 68, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 69, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 72, portions of pp. 1-2 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 73, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 74, portions of pp. 1-2 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 75, portions of pp. 1-2 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 76, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 77, portions of pp. 1-2 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Ex. 78, portions of pp. 1, 3 containing employee email addresses and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 81, portions of p. 1 containing employee email addresses, conference call codes, and phone numbers | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 82, p. 1, ¶ 3, ln. 4-6 (after "muted", before "There are the occasional"); portions of p. 1 containing employee email addresses | Contains non-public, confidential business information concerning sources of business intelligence / Kramer Decl. ¶ 6; Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 83, portions of pp. 1-2 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 84, portions of pp. 1, 4 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 87, p. 9:11-12 | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 88, pp. 10:10-13; 50:5-6, 50:11-12, 50:20; 115:23-25; 231:25; 249:25 | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 89, pp. 11:9-10; 11:15-16 | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 90, p. 9:4-5 | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 91, portions of pp. 1-2 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 95, portions of pp. 1, 4, 8 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Ex. 96, portions of pp. 1-2 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 99, portions of pp. 1-2 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 140, portions of p. 3 pertaining to reseller data; portions of p. 1 containing employee email addresses | Contains non-public, confidential business information pertaining to third-party reseller partners / Kramer Decl. ¶ 5; Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |
| Ex. 142, portions of p. 1 containing employee email addresses | Contains non-public employee information implicating employee privacy / Kramer Decl. ¶ 7. |

9. Defendants have specified in the chart below the provisional redactions that Defendants concede need not be sealed.

| Documents That Need Not Be Sealed |
|---|
| Lead Plaintiff's Opposition to Defendants' Motion for Summary Judgment |
| Lead Plaintiff's Opposition to Defendants' Motion to Exclude Expert Testimony |
| Exhibit A to the Declaration of Shawn A. Williams in Support of Lead Plaintiff's Motion to Exclude Expert Testimony (Dkt. 321-4) |
| Exs. 3, 7, 10, 26, 36, 40, 44, 46, 55, 57, 64, 65, 67, 70, 71, 79, 80, 85, 86, 92, 93, 94, 97, 139, 143, 144 |

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed in San Francisco, California on November 3, 2022.

					*/s/ James N. Kramer*
					JAMES N. KRAMER