JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 (415) 773-5700
Facsimile:      +1 (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 4:19-cv-02033-YGR<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br><u>Hearing</u><br>Date:    TBD<br>Time:   2:00 p.m.<br>Ctrm:   1, 14th Floor<br>Judge:  Honorable Yvonne Gonzalez Rogers |
|---|---|

## I. INTRODUCTION

Defendants Apple Inc., Timothy Cook, and Luca Maestri (collectively "Defendants") submit this reply in support of their Request for Judicial Notice in Support of Defendants' Motion for Summary Judgment, *see* Dkt. No. 293-2 (the "RJN"), and in response to Plaintiff's Opposition to the same, *see* Dkt. No. 323-5 (the "RJN Opp."). The Court should take judicial notice of the exhibits referenced in Defendants' RJN for the reasons set forth below.

## II. DISCUSSION

### A. SEC FILINGS – EXS. 5 (FORM 10-K) AND 26 (MR. COOK'S LETTER TO INVESTORS)

Plaintiff does not challenge the authenticity of Exs. 5 and 26,[1] both of which are Apple's SEC filings. RJN Opp. at 3. As such, "judicial notice of the existence of statements in these filings [is] proper." *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020).

Instead, Plaintiff quibbles with Defendants' interpretation of the documents. *See* RJN Opp. at 3 (citing Ex. 5). But the meaning of the documents is irrelevant to whether they should be judicially noticed. *See City of Miami Gen. Emps. & Sanitation Emps. Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 (N.D. Cal. 2018) ("To the extent plaintiffs take issue with the statements in these documents and defendants' arguments based thereon, such argument belongs in plaintiffs' opposition to defendants' motion to dismiss and thus does not persuade on the question of whether judicial notice is proper."). The Court can and should take judicial notice of the fact that the market was aware of the statements contained in Exs. 5 and 26, which is a proper purpose of judicial notice. *See* RJN at 2.

### B. NEWS ARTICLES AND STOCK PRICE INFORMATION – EXS. 15, 84, 86-89, 92, AND 98

#### 1. Ex. 15 (9to5Mac.com article)

Plaintiff's objections to Ex. 15, a news article from 9to5Mac.com, are pegged on the

---

[1] As used herein, all "Ex." citations refer to the exhibits attached to the declarations filed in support of Defendants' Motion for Summary Judgment. *See* Dkt. No. 293 (the "MSJ"). All terms used herein are as defined in the Glossary of Terms Used accompanying the MSJ.

misconception that Defendants seek judicial notice of the truth of the matters it asserts. *See* RJN Opp. at 4. In fact, Defendants seek judicial notice of the document only to show that "news reports indicated" that the iPhone XR was the world's top-selling smartphone in 2019, not that it in fact was. *See* MSJ at 11.[2] This is consistent with taking judicial notice of "what was in the public realm at the time," as Plaintiff recognizes is appropriate. RJN Opp. at 4 (citation omitted).

### 2. Exs. 84, 87, 88, 89 (*Fortune*, *The Economist*, And *Model N* Articles)

Plaintiff argues that Exs. 84, 87, 88 and 89, articles regarding the market reputations of the Defendants, should be excluded as impermissible character evidence under Federal Rule of Evidence 404(a)(1). *See* RJN Opp. at 4-5. "The proposition that character evidence may not be introduced in a civil case is not an unyielding rule, however, particularly when a party is alleged to have committed essentially criminal acts." *S.E.C. v. Saul*, 1991 WL 218061, at *2 (N.D. Ill. Oct. 16, 1991). Plaintiff alleges that Defendants defrauded shareholders out of billions of dollars and therefore the Court may take judicial notice "that the market was aware of the information contained in news articles" holding Defendants in high regard both before and after the alleged fraud, which undermines these serious allegations. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

### 3. Ex. 92 (*Bloomberg* article)

Plaintiff claims that Defendants seek judicial notice of the truth of the facts contained in Ex. 92, a *Bloomberg* article reporting on Chinese gaming regulations. *See* RJN Opp. at 5. To the contrary, Defendants use Ex. 92 to show that "[t]he market was well-aware of these headwinds" in China, *see* MSJ at 6, and *when* the market became aware of these pressures (*i.e.*, August 2018), *see In re Apple*, 2020 WL 2857397, at *6 (taking judicial notice of "whether and when certain information was provided to the market"). The timing of Ex. 92 is relevant because it explains that when Mr. Cook addressed this same regulatory issue in China on Apple's FQ4 2018 Call, directly

---

[2] Defendants reference this article by citing to the paragraph of Kevan Parekh's declaration where he discusses it. *See* MSJ at 11 (citing Parekh Decl. ¶ 19). Plaintiff does not explain why that is inappropriate or how it was possibly prejudiced by that. *See* RJN Opp. at 4.

after the Challenged Statement, he was again discussing the FQ4 2018 quarter. *See* MSJ at 8-9.

### 4. Exs. 86 and 98 (market cap and stock price information)

Plaintiff does not object to Ex. 98 (Apple's stock price information) but objects to Ex. 86 regarding Apple's current market capitalization, as reported by *Yahoo! Finance*, on grounds of relevance. *See* RJN Opp. at 5. Evidence that Mr. Cook has grown Apple's market value by over a trillion dollars during his tenure as CEO, thereby significantly rewarding shareholders, is permissible evidence of other acts which tend to disprove Mr. Cook's intent to defraud shareholders. *See* Fed. R. Evid. 404(b)(2).

### C. ANALYST REPORTS – EXS. 27-83

Plaintiff next challenges Defendants' request for the Court to judicially notice Exs. 27-83, analyst reports about Apple published in October and November of 2018, to the extent that Defendants seek to establish "the truth of the matters therein." RJN Opp. at 6. As before, Defendants do not seek judicial notice for this purpose and therefore there is no dispute. Rather, Defendants seek judicial notice of the Apple analyst reports for the purposes of establishing that the market was aware that Apple's business faced pressure in China both before and after Apple's FQ4 2018 Call, *see* MSJ at 20, and that the market interpreted Mr. Cook's Challenged Statement as a comment about how weakened currencies affected Apple's revenue growth in certain emerging markets in FQ4 2018, *id.* at 9-10. Both of these purposes are permissible for the Court to judicially notice. *See* RJN at 3; *Heliotrope*, 189 F.3d at 981 n.18 (taking judicial notice "that the market was aware of the information contained in news articles"); *Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 927 (S.D. Cal. 2019) (finding permissible, non-hearsay purpose of analyst reports "to demonstrate how the market understood and interpreted SeaWorld's disclosures").

### D. PUBLIC PRESS RELEASES AND EARNINGS CALL TRANSCRIPTS – EXS. 3 AND 93

#### 1. Exhibit 3 (FQ4 2018 Call Transcript)

With respect to Ex. 3, Apple's FQ4 2018 Call transcript, "Plaintiff does not challenge the request for judicial notice of the [transcript], to the extent it seeks to establish that an earnings call

was held on November 1, 2018, or that Defendants made the statements that they did as reported in the transcript." RJN Opp. at 6. These purposes are consistent with Defendants' use of Ex. 3, which is to provide the Court with the full context of Mr. Cook's Challenged Statement, Apple's guidance disclosure, and the risk warnings given on the Call. *See* MSJ at 8, 10. Plaintiff's challenge to "any characterization by Defendants of how the statement was perceived" is not relevant to the question of whether judicial notice is proper, and Defendants do not seek to "establish[] the truth of the matters stated therein." RJN Opp. at 6.

### 2. Exhibit 93 (Apple Press Release)

Finally, Plaintiff objects to Ex. 93, Apple's press release announcing its FQ4 2018 results, to the extent that "the Court[ is] taking judicial notice of the truth of the matters therein." RJN Opp. at 6. Defendants do not seek this purpose; rather, the Court should take judicial notice that the market was aware that "Apple report[ed its] Fourth Quarter Results" on November 1, 2018 and that Apple described the FQ4 2018 Call to investors as "its Q4 2018 financial results conference call." Ex. 93 at 1, 2; *see Heliotrope*, 189 F.3d at 981 n.18.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the exhibits referenced in its RJN.

Dated: November 17, 2022

Respectfully submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ James N. Kramer*
JAMES N. KRAMER

Attorneys for Defendants Apple Inc., Timothy D. Cook, and Luca Maestri