1   JAMES N. KRAMER (SBN 154709)
    jkramer@orrick.com
2   MICHAEL D. TORPEY (SBN 79424)
    mtorpey@orrick.com
3   ALEXANDER K. TALARIDES (SBN 268068)
    atalarides@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:      +1 (415) 773-5700
    Facsimile:      +1 (415) 773-5759
7
8   Attorneys for Defendants Apple Inc.,
    Timothy Cook, and Luca Maestri
9
10                  UNITED STATES DISTRICT COURT
11                 NORTHERN DISTRICT OF CALIFORNIA
12                       OAKLAND DIVISION
13
14  IN RE APPLE INC. SECURITIES              Lead Case No. 4:19-cv-02033-YGR
    LITIGATION
15                                           **DEFENDANTS' REPLY IN SUPPORT
                                             OF MOTION TO EXCLUDE EXPERT
16  _____      TESTIMONY**
17  This Document Relates To:                Hearing
                                             Date:   TBD
18  ALL ACTIONS.                             Time:   2:00 p.m.
                                             Ctrm:   1, 4th Floor
19                                           Judge:  Honorable Yvonne Gonzalez Rogers
20
21
22
23
24
25
26
27
28
                                                          DEFENDANTS' REPLY ISO MOTION TO
                                                            EXCLUDE EXPERT TESTIMONY
                                                          CASE NO. 4:19-CV-02033-YGR

1

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................1

II.    ARGUMENT .............................................................................................1

    A.    Mr. Partnoy's Improper Opinions Should Be Excluded. .......................1

        1.    Mr. Partnoy's Opinion About Whether Defendants' Experts Have Used "Reliable Principles or Methods" Is an Improper Legal Conclusion. ........................................................................1

        2.    Mr. Partnoy Improperly Offers Opinions Going Beyond a Rebuttal to Defendants' Experts. ..............................................................2

    B.    Dr. Shenkar's Improper Opinions Should Be Excluded. ........................4

        1.    Dr. Shenkar's Opinions About Defendants' Purported Knowledge and State of Mind are Improper and Should Be Excluded........................4

        2.    Dr. Shenkar Is Not Qualified to Offer Opinions on Chinese Economic Conditions and Their Impact on the Chinese Smartphone Market. ..........................................................5

III.    CONCLUSION .........................................................................................5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*,
  2020 WL 2553181 (S.D. Cal. May 20, 2020), *aff'd*, 9 F.4d 1102 (9th Cir.
  2021) ........................................................................................................................ 4

*BP Prods. N. Am., Inc. v. Grand Petroleum, Inc.*,
  2021 WL 4482138 (N.D. Cal. Sept. 30, 2021) ......................................................... 1

*Graystone Funding Co. v. Network Funding, L.P.*,
  2022 WL 1063734 (D. Utah Apr. 8, 2022) ............................................................... 2

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  2008 WL 2037732 (N.D. Cal. May 12, 2008) .......................................................... 4

*United States v. Tammen*,
  782 F.3d 543 (9th Cir. 2015) .................................................................................... 1

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(D)(ii) .......................................................................................... 3

Fed. R. Evid. 702 ........................................................................................................... 1, 2

Fed. R. Evid. 702(c) ....................................................................................................... 1, 2

1    **I.        INTRODUCTION**

2              Defendants' motion to exclude expert testimony ("Motion" or "Mot.") seeks a narrow

3    order excluding only limited portions of the intended expert testimony of two of Plaintiff's

4    proposed experts.  Plaintiff's opposition ("Opposition" or "Opp.") fails to directly respond to the

5    Motion's targeted arguments.  Instead, the Opposition engages in misdirection, tackling strawman

6    arguments that the Motion did not make and mounting a defense of opinions that the Motion did

7    not seek to exclude.  For the reasons explained in the Motion, and further explained below, the

8    opinions that Defendants *do* seek to exclude—among them Mr. Partnoy's legal opinion parroting

9    the language of Federal Rule of Evidence 702, and Dr. Shenkar's apparent effort to divine what

10   was inside the heads of Apple executives—are plainly inadmissible.  Defendants respectfully

11   request that the Court grant the Motion and exclude the relevant portions of Mr. Partnoy's and Dr.

12   Shenkar's intended testimony.

13   **II.       ARGUMENT**

14          **A.       Mr. Partnoy's Improper Opinions Should Be Excluded.**

15                 **1.       Mr. Partnoy's Opinion About Whether Defendants' Experts Have
                              Used "Reliable Principles or Methods" Is an Improper Legal
16                            Conclusion.**

17            Mr. Partnoy seeks to tell the jury that Defendants' experts Dr. Trueman and Mr. Gauna

18   "do not describe any reliable methodology, or reliable principles and methods, that they applied

19   in forming their opinions and conclusions."  Declaration of James N. Kramer (Dkt. No. 292-1,

20   "Kramer Decl."), Ex. 1 ¶¶ 9-21.  This is a legal conclusion, expressly couched in the language of

21   Federal Rule of Evidence 702, which allows expert testimony where, among other requirements,

22   "the testimony is the product of reliable principles and methods."  Fed. R. Evid. 702(c).  Plaintiff

23   cites Mr. Partnoy's statement at his deposition that he does not "intend to offer any legal opinions

24   including opinions related to Rule 702," Opp. at 11, but the reality is that Mr. Partnoy's opinion

25   not only "relates" to Rule 702—*it incorporates the precise language of Rule 702.*  These kinds of

26   legal opinions "have no place in a jury trial and usurp the role of the judge and jury."  *BP Prods.*

27   *N. Am., Inc. v. Grand Petroleum, Inc.*, 2021 WL 4482138, at *1 (N.D. Cal. Sept. 30, 2021); *see*

28   *also United States v. Tammen*, 782 F.3d 543, 552 (9th Cir. 2015) ("In general . . . an expert

1   cannot testify to a matter of law amounting to a legal conclusion.").  Indeed, Plaintiff's own

2   *Daubert* motion acknowledges that the question of whether expert testimony is the product of

3   reliable principles and methods is a legal issue for the Court to decide under Federal Rule of

4   Evidence 702.  *See* Plaintiff's Omnibus Motion to Exclude Opinion Testimony of Defendants'

5   Proposed Experts (Dkt. No. 301) at 14 (asking the Court to exclude Gauna's testimony because

6   he purportedly "explains no methodology he used to reach his conclusions – let alone a reliable

7   one"); *id.* at 18 (arguing that "Trueman's opinion regarding what the market understood Cook's

8   statements to mean is not based on any reliable principles or methods, as is required by FRE

9   702(c).").

10         The decision in *Graystone Funding Co. v. Network Funding, L.P.*, 2022 WL 1063734 (D.

11   Utah Apr. 8, 2022), is directly on point, and Plaintiff's effort to distinguish it is unpersuasive.  In

12   *Graystone*, the court excluded a rebuttal expert's opinion that the other party's affirmative expert

13   "report and testimony will not 'assist the trier of fact' because they are unreliable."  *Id.* at *13,

14   n.10.  The court excluded that opinion on the ground that it was "a legal conclusion for the court

15   to determine under Federal Rule of Evidence 702."  *Id.* (citation omitted).  In an effort to

16   distinguish *Graystone*, Plaintiff says, without further explanation, that "Partnoy's testimony is not

17   similar to that."  Opp. at 11-12.  But Mr. Partnoy's testimony is distinct from the testimony at

18   issue in *Graystone* only in that they involve different prongs of Rule 702.  Both recite language

19   directly from the Rule, and both constitute improper legal conclusions.

20         The Court should exclude the opinions offered by Mr. Partnoy in paragraphs 9 through 21

21   of his report.

22         **2.      Mr. Partnoy Improperly Offers Opinions Going Beyond a Rebuttal to Defendants' Experts.**

23         Defendants explain in the Motion that other portions of Mr. Partnoy's opinions should be

24   excluded because they go beyond the scope of an appropriate rebuttal to Defendants' experts.

25   Specifically, Mr. Partnoy criticizes Dr. Trueman and Mr. Gauna because their reports did not

26   discuss (i) a November 1, 2018 Morgan Stanley Tech report; (ii) a November 18, 2018 J.P.

27   Morgan report; (iii) a January 2, 2019 *Bloomberg* article; (iv) a January 3, 2019 *Yahoo! Finance*

28   article; and (v) a January 6, 2019 RBC report.  Kramer Decl., Ex. 1 ¶¶ 25-26, 28-31.  As shown in

1   the Motion, Dr. Trueman and Mr. Gauna did not address these materials for the simple reason that

2   both of their reports focused only on *securities analyst reports* issued between November 1, 2018

3   and November 4, 2018—not all materials disseminated to the public by anyone at any time.  *See*

4   *id.*, Ex. 2 (Trueman report) ¶ 35; *see also id.* Ex. 3 (Gauna report) ¶¶ 65-66.

5        The Opposition twists Defendants' argument, claiming that Defendants "appear to argue

6   that Partnoy, a rebuttal expert, cannot consider materials that Trueman and Gauna did not

7   consider."  Opp. at 12.  Not so.  A rebuttal expert may of course consider appropriate materials

8   that were not considered by an initial expert.  Mr. Partnoy's opinion is instead inadmissible for a

9   different reason, namely, that it does not "contradict or rebut evidence *on the same subject*

10  *matter*" covered by Mr. Gauna and Dr. Trueman in their affirmative expert reports.  Fed. R. Civ.

11  P. 26(a)(2)(D)(ii) (emphasis added).

12       As Plaintiff would have it, Mr. Partnoy's discussion of these materials relates to the "same

13  subject matter" because Mr. Partnoy purportedly "identifies a number of facts not addressed by

14  Trueman and Gauna that are inconsistent with their respective opinions that the November 1,

15  2018 statement concerned Apple's historical performance in China, rather than current pressure

16  and deceleration there."  Opp. at 9.  But the crux of Dr. Trueman's and Mr. Gauna's reports is not

17  about their *personal* views concerning the November 1, 2018 statement.  Rather, Dr. Trueman

18  opines, based on his review of securities analyst reports issued in the days immediately following

19  the November 1, 2018 earnings call, that *securities analysts following Apple* contemporaneously

20  understood the November 1, 2018 statement to concern Apple's historical performance in China.

21  *See* Kramer Decl., Ex. 2 ¶¶ 61-69.  And Mr. Gauna's opinion simply adopts Dr. Trueman's

22  opinion on that issue.  *Id.*, Ex. 3 ¶¶ 60, 66.  Accordingly, Mr. Partnoy's attempt to testify about

23  materials *other* than securities analyst reports, and about materials disseminated well after

24  November 1, 2018, is entirely irrelevant to the subject matter of Mr. Gauna's and Dr. Trueman's

25  reports—which is the reaction of securities analysts in the days immediately following November

26  1, 2018.  The Court should preclude Mr. Partnoy from offering an opinion criticizing Mr. Gauna

27  and Dr. Trueman for failing to consider materials that fell outside the stated scope of their

28  analyses.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.      Dr. Shenkar's Improper Opinions Should Be Excluded.**

**1.      Dr. Shenkar's Opinions About Defendants' Purported Knowledge and State of Mind are Improper and Should Be Excluded.**

The Motion demonstrates that Dr. Shenkar improperly seeks to offer opinions about Defendants' purported subjective knowledge and state of mind. The Motion cites a long list of examples in which Dr. Shenkar offers these kinds of opinions. *See* Mot. at 5-6 (citing, among other examples, Dr. Shenkar's opinion that Apple was "keenly aware that economic conditions in China were decelerating"). The Opposition, however, largely ignores these specific opinions about Defendants' purported knowledge and state of mind. Instead, Plaintiff focuses on opinions that are not at issue in the Motion, arguing that Dr. Shenkar should be permitted to explain "business operations in a foreign context," Opp. at 8, and to testify about "the types of data that a foreign corporation doing business in China would have had access to about consumer preferences and economic trends, as well as how that information would be conveyed to leadership," Opp. at 6. But the Motion did not seek to exclude testimony about "business operations in a foreign context," or about the types of information that might be available to a generic corporation doing business in China.[1] Rather, the Motion very specifically targets Dr. Shenkar's opinions about Defendants' subjective knowledge and state of mind. Those opinions are plainly improper because they "have no basis in any relevant body of knowledge or expertise." *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 2020 WL 2553181, at *5 (S.D. Cal. May 20, 2020) (citation omitted), *aff'd*, 9 F.4d 1102 (9th Cir. 2021); *see also Therasense, Inc. v. Becton, Dickinson & Co.*, 2008 WL 2037732, at *4 (N.D. Cal. May 12, 2008) ("[N]o expert of any kind will be allowed to speculate as to anyone's subjective intent or knowledge."). The Court should preclude Dr. Shenkar from offering any testimony regarding Defendants' purported knowledge or state of mind, including the specific opinions, cited in the Motion, from paragraphs 75, 91, 103, 116, 123, 129, 150, and 172 of Dr. Shenkar's report.

---

[1] While this is not a subject of the Motion, Defendants fail to see how Dr. Shenkar, who is not an Apple employee, can present expert testimony about how information is "conveyed to leadership" within Apple—or how that is an appropriate topic of expert testimony from *anyone*. Defendants reserve the right to object at trial to attempts by Dr. Shenkar to offer those types of opinions, or any other opinions.

2.      **Dr. Shenkar Is Not Qualified to Offer Opinions on Chinese Economic Conditions and Their Impact on the Chinese Smartphone Market.**

The Motion additionally seeks to exclude another targeted portion of Dr. Shenkar's intended testimony in which he seeks to opine on "Chinese economic trends and their impact on the Chinese smartphone market." Mot. at 8 (citing paragraphs 4, 14, and 52 through 63 of Dr. Shenkar's report). Defendants' argument is not, as Plaintiff would have it, just that "Dr. Shenkar's Ph.D. is in sociology, and thus he cannot expertly opine about economics." Opp. at 4. Rather, Defendants contend that Dr. Shenkar lacks the necessary training and experience to render his sweeping opinions about Chinese economic trends, and in particular, their impact on the smartphone market.

The Opposition does not establish that Dr. Shenkar in fact possesses the necessary training and experience to offer expert opinions concerning Chinese economic trends and their impact on the smartphone market. It cites Dr. Shenkar's extensive experience in matters relating to *international business* and *management*. But expertise in international business and management does not automatically equate to expertise in analysis of economic conditions and trends in China.[2] And on the latter point, the Opposition comes up short. That Dr. Shenkar published a book with the word "economy" in the title (Opp. at 5) does not demonstrate his expertise in analysis of economic indicators and trends—which is what the Motion seeks to exclude.[3]

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Defendants' motion to exclude the

---

[2] The Motion does not seek to exclude all of Dr. Shenkar's opinions relating to international business and management. To the contrary, the Motion acknowledges that "Dr. Shenkar may be qualified to opine on certain topics pertaining to business in China." Mot. at 8. The Motion is instead narrowly focused on Dr. Shenkar's opinions regarding Chinese economic conditions.

[3] The Opposition points out that Defendants' Motion for Summary Judgment cites two paragraphs of Dr. Shenkar's report that are among the paragraphs that the Motion now seeks to exclude. *See* Opp. at 3 (citing Dkt. No. 293 (MSJ) at 6). Defendants' citation to Dr. Shenkar's report in the Motion for Summary Judgment is not, as Plaintiff now suggests, a concession that Dr. Shenkar is qualified to offer expert opinions regarding Chinese economic conditions and their impact on the Chinese smartphone market. Rather, Defendants' Motion for Summary Judgment cited paragraphs 52 and 53 of Dr. Shenkar's report only because they are consistent with an opinion offered by *Defendants'* expert Dr. Trueman—thus demonstrating that Plaintiff cannot reasonably dispute Dr. Trueman's opinion. *See* Dkt. No. 293 (MSJ) at 6.

1    relevant portions of the expert testimony of Frank Partnoy and Oded Shenkar.

2

3    Dated:  November 17, 2022                Respectfully submitted,
                                              ORRICK, HERRINGTON & SUTCLIFFE LLP

4

5                                                    */s/ James Kramer*
                                              JAMES N. KRAMER

6
                                              Attorneys for Defendants Apple Inc., Timothy
7                                             D. Cook, and Luca Maestri

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY ISO MOTION TO
EXCLUDE EXPERT TESTIMONY
CASE NO. 4:19-CV-02033-YGR