JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 (415) 773-5700
Facsimile: +1 (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

IN RE APPLE INC. SECURITIES LITIGATION

---

This Document Relates To:

ALL ACTIONS.

Lead Case No. 4:19-cv-02033-YGR

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Hearing
Date: TBD
Time: 2:00 p.m.
Ctrm: 1, 14th Floor
Judge: Honorable Yvonne Gonzalez Rogers

# I. INTRODUCTION

Defendants Apple Inc., Timothy Cook, and Luca Maestri (collectively "Defendants") submit this opposition to Plaintiff's Request for Judicial Notice in Support of its Opposition to Defendants' Motion for Summary Judgment. *See* Dkt. No. 323-4 (the "PRJN").

# II. ARGUMENT

Plaintiff asks the Court to judicially notice certain news articles, opinion editorials, and an analyst report issued between January 2 and January 6, 2019, *see* PExs. 94, 124-25, 128, and 130-31 (the "January 2019 Articles"),[1] and an email, *see* PEx. 63, for "the limited purpose of showing that the information contained in the … documents was available to the market on the dates of their dissemination," PRJN at 1. Defendants object to judicial notice of those exhibits on three grounds.[2]

First, Plaintiff does not seek to use the January 2019 Articles—which were published *after* the end of the Class Period—for the purpose of showing the information they contained "was available to the market on the dates of their dissemination." PRJN at 1. Indeed, whether information was available to the market after the end of the Class Period is simply irrelevant to this dispute, and for that reason alone judicial notice should be denied. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 n.5 (9th Cir. 2018) (noting that under Federal Rule of Evidence 201(b), "[a]n irrelevant fact could hardly be an 'adjudicative fact'") (citation omitted). In reality, Plaintiff is using the January 2019 Articles to purportedly "confirm[] that Cook's November 1[, 2018] statement created a false impression" *at the time it was made*. *See* Opp. at 16. In other words, Plaintiff is asking the Court to judicially notice the January 2019 Articles to show what information was on the market as of November 1, 2018, a facially improper purpose that should be rejected.

Second, two of the January 2019 Articles should be rejected for the additional reason that

[1] As used herein, all "PEx." citations refer to the exhibits that Plaintiff filed with its Opposition to Defendants' Motion for Summary Judgment. *See* Dkt. No. 322-3 (the "Opp.").

[2] Defendants do not object to Plaintiff's request for the Court to judicially notice the remaining requested exhibits, *i.e.*, PExs. 3, 116, 118-21, 136-38, for the "limited purpose" sought. *See* PRJN at 1.

they proffer unreliable and prejudicial opinions. *See* PExs. 124, 128 (the "editorials"). Unlike analyst reports and news articles, opinion editorials are inherently subjective viewpoints from potentially unreliable sources, *see*, *e.g.*, PEx. 124 at 1 ("Apple failed in the No. 1 mission of being a public company: being honest with investors about its business."). Because Plaintiff cites the editorials purportedly to evidence the *opinions* of their authors—*i.e.*, that these authors "accuse[d] Apple and Cook of misrepresenting business conditions in China," *see* Opp. at 11—the authors' testimony, and their cross-examination, is required. *See Larez v. City of Los Angeles*, 946 F.2d 630, 643-44 (9th Cir. 1991) (finding journalist's report of defendant's statement inadmissible hearsay and noting that a journalist's report "might have been written from a biased point of view") (internal quotation, citation omitted). Furthermore, opinion editorials impugning Mr. Cook's credibility will likely mislead a jury on a determination squarely within its province, *see* PEx. 128 at 1; *United States v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989) ("The jury must decide a witness' credibility."), or else constitute impermissible character evidence, *see* Fed. R. Evid. 404(a). Given the potential for bias, the accusatory and inflammatory nature of the editorials, and Plaintiff's false purpose for citing the January 2019 Articles, the dangers of unfair prejudice, confusing the issues, and misleading the jury substantially outweigh any probative value. *See* Fed. R. Evid. 403. Consequently, Plaintiff cannot use these editorials for a permissible, relevant purpose, and therefore judicial notice is improper. *See Khoja*, 899 F.3d at 1000 n.5.

Third, while Plaintiff seeks judicial notice of the email at PEx. 63 because, purportedly, it shows that the information contained within was "available to the market on the date[] of [its] dissemination," PRJN at 1, that exhibit is a *private email* to only one stated recipient, *see* PEx. 63 at 555. It is not a publicly disseminated research analyst report, as Plaintiff contends, but is marked "SALES COMMENTARY" that "should not be regarded as a research report" and was used "for institutional distribution only." *Id.* Because there is no evidence that this email was publicly disseminated or available to the market at large, it is inappropriate for the Court to take judicial notice of it for the purpose of "showing that particular information was available to the stock market." *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020)

(citations omitted).

## III. CONCLUSION

For the foregoing reasons, the Court should reject Plaintiff's improper attempts to judicially notice PExs. 63, 94, 124-25, 128, and 130-31.

Dated: November 17, 2022

Respectfully submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ James N. Kramer*
JAMES N. KRAMER

Attorneys for Defendants Apple Inc., Timothy D. Cook, and Luca Maestri