1  JAMES N. KRAMER (SBN 154709)
   jkramer@orrick.com
2  MICHAEL D. TORPEY (SBN 79424)
   mtorpey@orrick.com
3  ALEXANDER K. TALARIDES (SBN 268068)
   atalarides@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:    +1 (415) 773-5700
   Facsimile:    +1 (415) 773-5759
7
   Attorneys for Defendants Apple Inc.,
8  Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Civil Action No. 4:19-cv-02033-YGR<br><br>**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S REQUEST FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN CONNECTION WITH DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:   Honorable Yvonne Gonzalez Rogers |

Defendants do not oppose Plaintiff's Request for Leave to File Supplemental Evidence (the "Request" or "Req.") in connection with Defendants' Motion for Summary Judgment (the "Motion" or "MSJ") (Dkt. No. 293).[1] Due to the parties' privilege dispute, Plaintiff did not receive the purported supplemental evidence until after it had filed its Opposition to Defendants' Motion (the "Opposition" or "Opp.") (Dkt. No. 322-3).[2] The purported supplemental evidence, however, does not create a triable issue of material fact as to any element at issue in Defendants' Motion. To the contrary, and as explained below, the supplemental evidence underscores the absence of any genuine dispute of material fact, and has no impact on the issues raised in Defendants' Motion. Defendants respectfully submit that the Court should grant summary judgment.

At issue is a December 14, 2018 document drafted by a member of Apple's investor relations team in preparation for the Company's potential pre-announcement of a FQ1 2019 earnings miss. *See* Req., Ex. A.[3] Titled the "Q1'19 Pre-Q&A," the draft document posits several dozen questions that might potentially be posed to Mr. Cook following an announcement, including: "You mentioned macroeconomic uncertainty in some emerging markets during your last earnings call, but specifically said China was not in that category. How did China perform during the quarter?" *Id.* at 2. Plaintiff insists that this document shows that "Apple believed the investment community understood Cook's statement the same way that Plaintiff alleges," Req. at 5—*i.e.*, as purportedly an intra-quarter update on Apple's business in China as of November 1, 2018. But the document does no such thing, and Plaintiff's argument is flawed for multiple reasons.

---

[1] Defendants note that Plaintiff did not satisfy its obligation under Civil L.R. 7-11 to meet and confer with Defendants prior to filing the Request.

[2] Plaintiff's accusation that Defendants "improperly withh[eld] evidence on a groundless claim of privilege," Req. at 2, is entirely unfounded. Plaintiff misrepresents the nature of the privilege dispute, claiming "Defendants did not [initially] comply with any aspect of [Magistrate Judge Spero's] August 3 Order," *id.* at 3, while ignoring the fact that the Court repeatedly stayed that order, *see* Dkt. Nos. 280, 306, 317, 335. Plaintiff also claims that Defendants failed to comply with Judge Spero's order when the stays expired, *see* Req. at 3, but in fact Defendants produced 150 documents within "days," *id.* at 6, and produced the remaining few (and a supplemental privilege log) before the Request was filed. At the time of Plaintiff's filing, the only outstanding matter was a supplemental declaration regarding just two documents, which Defendants served two days later.

[3] The terms used herein are as defined in the Glossary of Terms Used accompanying Defendants' Reply in Support of Motion for Summary Judgment ("Reply") (Dkt. No. 329).

*First*, the Q1'19 Pre-Q&A does not support Plaintiff's contention that Mr. Cook's Challenged Statement was an intra-quarter update. The document is simply a series of questions that a member of Apple's investor relations team believed could be posed to Mr. Cook following the pre-announcement. Plaintiff misrepresents the text of the document, falsely claiming that it "interprets" Mr. Cook's Challenged Statement as a November 1, 2018, intra-quarter update on Apple's business in China. *See* Req. at 1. In reality, the Q1'19 Pre-Q&A acknowledges that Mr. Cook's statement about China was made on Apple's "last earnings call," *i.e.*, the FQ4 2018 Earnings Call, the subject of which was Apple's *FQ4 2018* results, s*ee* UF #1-3, and which was understood by the market to be discussing *those* historical results, *see* UF #10-11. When read in that context (which Plaintiff ignores), the Q1'19 Pre-Q&A is plainly referencing Mr. Cook's statement about the prior quarter, FQ4 2018, to ask a question about the then-current quarter, FQ1 2019—effectively asking, "what changed"? Nothing about that question raises a triable issue of fact about the alleged falsity of the Challenged Statement.

*Second*, if anything, the Q1'19 Pre-Q&A confirms that Mr. Cook's statement was understood as comparing China with other emerging markets on the basis of one type of *macroeconomic* pressure, *see* Req., Ex. A at 2 (emphasis added)[4]—specifically, how currency devaluations affected Apple's revenue growth in those markets. *See* MSJ at 8-9, UF #2, Cook Decl. ¶ 25. Plaintiff has repeatedly sought to strip Mr. Cook's statement of its macroeconomic context,[5] because when read in that context the Challenged Statement is not inconsistent with the allegedly omitted "true facts" (which concern the slower-than-expected iPhone XR launch which was a *global*, *product-specific* issue, *see* Reply at 3), such that the statement could have been misleading by omission, *see* MSJ at 15.

*Third*, no matter how the Q1'19 Pre-Q&A is interpreted, it does nothing to rebut the undisputed evidence that Mr. Cook's Challenged Statement was an accurate and honestly held

---

[4] Notably, however, Mr. Cook did not say anything about macroeconomic "uncertainty" in the Challenged Statement, *see* Ex. 3 at 7, which in any event is a forward-looking concept that is not part of Plaintiff's theory.

[5] For example, Plaintiff's interrogatory responses assert that Mr. Cook stated Apple was not "experiencing *any* deceleration or pressure on its business in China" *at all*, Ex. 4 at 5 (emphasis added).

1  statement of opinion, which alone establishes that there is no triable issue on falsity and that
2  summary judgment is required in favor of Defendants.  *Id.* at 13-15; Reply at 5-8.  Nor does the
3  Q1'19 Pre-Q&A challenge the evidence proving that Apple's FQ1 2019 revenue guidance was
4  accurate when issued on November 1, 2018, and that Mr. Cook's alleged omissions thus *could not*
5  *have* affirmatively created an impression of a state of affairs that differed in a material way from
6  the one that actually existed at the time.  MSJ at 17-19; Reply at 10-11.[6]

7  *Fourth*, an internal draft document from mid-December is "not evidence of what the market
8  learned of and reacted to" on November 1, 2018, when Mr. Cook made the Challenged Statement.
9  *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 393–94 (9th Cir. 2010) (finding that what the
10 "market understood" was instead based on what "[n]umerous analyst reports" stated).[7]

11 *Fifth*, the Court recognized at the pleading stage that Plaintiff would be unable to prove
12 scienter if the evidence ultimately showed that "the risks did not materialize until November and
13 December [2018], and defendants simply underestimated their eventual impact."  MTD Order at
14 21.  With or without the Q1'19 Pre-Q&A, that is precisely what the undisputed evidence shows,
15 and what is established by Plaintiff's repeated concessions that Apple's FQ1 2019 revenue
16 guidance was accurate as of November 1, 2018.  *See* Reply at 3-5; MSJ at 23.  The Q1'19 Pre-
17 Q&A does nothing to change that analysis.  Since there is no genuine dispute that the dramatic
18 deceleration in Apple's business in China that ultimately caused Apple's revenue shortfall in FQ1
19 2019 arose after November 1, 2018, there is no basis from which to conclude that Mr. Cook acted
20 with deliberate recklessness when he made the Challenged Statement.

21 Indeed, the Q1'19 Pre-Q&A does not change the fact that there is no evidence from which
22 to conclude that Mr. Cook (and by extension Apple) acted with scienter.  *See* Reply at 11-14; MSJ
23 at 21-24.  At bottom, there is zero evidence in the record that Mr. Cook intended or had any motive
24 to defraud investors, that he subjectively appreciated any danger of misleading investors and

---

[6] Insofar as Plaintiff's supplemental evidence does not dispute the accuracy of Apple's FQ1 2019 revenue guidance, it does nothing to revive Plaintiff's failed attempt to prove loss causation.  *See* MSJ at 24; Reply at 14-15.

[7] That Plaintiff is submitting an *internal* Apple document to try and prove that market participants were misled by Mr. Cook's statement aptly demonstrates the absence of any market evidence to support that false claim.  *See* MSJ at 16-18.

consciously disregarded that danger, or that his Challenged Statement was the product of an "extreme departure from the standards of ordinary care" and presented "a danger of misleading" investors that was "so obvious" that he must have been aware of it. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 619 (9th Cir. 2017). The Challenged Statement cannot constitute an "extreme departure from the standards of ordinary care" and present a danger of misleading that was "so obvious," when the undisputed evidence establishes that the statement was an objectively true and honestly held opinion that was interpreted by the analyst community as Mr. Cook intended it. And even if one were to ignore that overwhelming evidence, and credit Plaintiff's flawed interpretation of the Q1'19 Pre-Q&A, how could the danger of misleading investors be "so obvious" if, at worst, the Challenged Statement is subject to competing plausible interpretations? The question answers itself.

In conclusion, Defendants agree that the Court may consider Plaintiff's purported supplemental evidence when evaluating their Motion. But that "evidence" does nothing to foreclose summary judgment because it does not create any genuine issue of material fact.

Dated: February 17, 2023                             ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                                  */s/ James N. Kramer*
                                                                  JAMES N. KRAMER

                                                              Attorneys for Defendants Apple Inc.,
                                                                Timothy Cook, and Luca Maestri