ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
        – and –
MARK SOLOMON (151949)
TOR GRONBORG (179109)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
torg@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | ) Case No. 4:19-cv-02033-YGR<br>)<br>) CLASS ACTION<br>)<br>) DECLARATION OF KENNETH J. BLACK<br>) IN SUPPORT OF SUPPLEMENTAL BRIEF<br>) IN SUPPORT OF LEAD PLAINTIFF'S<br>) MOTION TO COMPEL DOCUMENTS<br>) WITHHELD AS PRIVILEGED |

**[FILED UNDER SEAL]**

4893-6988-6755.v1

I, KENNETH J. BLACK, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California and before this District Court. I am associated with the law firm Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), counsel of record for Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and Lead Counsel for the Class in the above-entitled action. This Declaration is made in support of the Supplemental Brief in Support of Lead Plaintiff's Motion to Compel Documents Withheld as Privileged.[1] I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. On May 13, 2022, Defendants produced the Declaration of Katherine Adams Regarding Documents Withheld as Privileged (Ex. 9), the Declaration of David Tom Regarding Documents Withheld as Privileged (Ex. 17), and the Declaration of Sam Whittington Regarding Documents Withheld as Privileged (Ex. 18).[2]

3. On May 13, 2022, Kevin M. Askew of Orrick, Herrington & Sutcliffe LLP, counsel for Defendants, informed Plaintiff's counsel that Defendants had encountered a technical issue in serving document production. On May 14, 2022, Defendants produced 175 documents. Based on my review, Defendants produced 153 non-privileged documents without redactions, and 22 documents with redactions. Of these documents, 149 of the 175 were documents Plaintiff challenged; 68 of the 175 documents were marked, (*i.e.*, at the time of their creation or sending), "Privileged and Confidential;" and 54 of those 68 were produced without redaction for privilege.

4. Following Defendants' production of the May 13, 2022 declarations and the May 14, 2022 documents, counsel for Plaintiff and counsel for Defendants discussed the production by email and set a time to meet and confer for further discussion.

---

[1] "Defendants" are Apple Inc. ("Apple"), Timothy D. Cook and Luca Maestri.

[2] All "Ex. _" citations herein are to ECF 232-4 (Exs. 1-6), ECF 234-4 (Exs. 7-8), and the instant Declaration (Exs. 9-19).

DECLARATION OF KENNETH J. BLACK IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED - 4:19-cv-02033-YGR - 1 -
4893-6988-6755.v1

5. On May 26, 2022, Mr. Askew and myself met and conferred by telephone. During the meet and confer we discussed, *inter alia*, the scope and interpretation of the Court's April 15, 2022 Order (ECF 238) ("Order"); 49 challenged documents that Defendants, upon re-review, had determined to be non-relevant; the sufficiency of the May 13, 2022 declarations; the fact that numerous documents produced by Defendants on May 14, 2022, showed that non-attorneys wrote "Privileged and Confidential" on non-privileged emails that often copied silent in-house counsel; the nature and extent of the Parties'[3] outstanding disputes as raised in Plaintiff's motion to compel (ECF 232-3) (the "Motion"); and possible further actions the Parties could take to narrow their disputes.

6. On June 2, 2022, Mr. Askew, myself, and three other attorneys from Robbins Geller met and conferred by telephone to discuss again the nature and scope of the Parties' disputes and possible resolution of those disputes, as well as whether to seek to extend the deadlines in the Order.

7. On June 3, 2022, the Parties stipulated to an extension. ECF 244. On June 6, 2022, the Court approved and entered the stipulated extension. ECF 245.

8. On June 3, 2022, Defendants provided written descriptions for the non-relevant documents previously discussed. Based on Defendants' representations, Plaintiff agreed to remove the following privilege log Entry Nos. from the dispute, 41 of which Plaintiff had previously challenged: 34-36, 94-96, 155-159, 244-248, 251-254, 259, 786-790, 795-798, 800-802, 829-830, 900-901, 928-929, 1030-1031, 1086, 1142, 1166, 1169, 1858, and 1860-1863. Of those, Plaintiff had not challenged Entry Nos. 94, 155, 786, 795, 800, 829, 900, 928, and 1030.

9. On June 6, 2022, Defendants produced 312 documents, including the remainder of the challenged documents. The non-email documents they produced were redacted in their entirety. The email documents they produced, with the body of the email redacted, but the headers of emails, including the "To:," "From:," and "Subject:" lines, unredacted.

10. On June 15, 2022, Defendants produced the Supplemental Declaration of Katherine Adams Regarding Documents Withheld as Privileged (Ex. 10) and the Supplemental Declaration of Sam Whittington Regarding Documents Withheld as Privileged (Ex. 19).

---

[3] The "Parties" are collectively, Plaintiff and Defendants.

DECLARATION OF KENNETH J. BLACK IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED - 4:19-cv-02033-YGR - 2 -
4893-6988-6755.v1

11. On June 21, 2022, Mr. Askew, myself, and three other attorneys from Robbins Geller met and conferred by telephone. During the meet and confer, the Parties discussed the remaining disputes as to 232 documents, including the outstanding dispute related to the issues raised in Plaintiff's Motion (*i.e.*, to documents related to Apple's revenue miss preannouncement, the *Nikkei* Article, group emails, custodial files, and attachments), as well as disputes relating to Defendants' compliance with the Order and issues raised by Defendants' production, namely: Defendants' production of documents with total, rather than selective, redactions; the declarations' failure to state that the production of attachments, in whole or in part, would necessarily reveal attorney-client communications; and Plaintiff's objection to the apparent practice at Apple of copying "silent" attorneys and mis-designation of documents as "Privileged and Confidential" by non-attorneys.

12. On June 22, 2022, Defendants produced two documents with redactions, Entry Nos. 361-362. Neither of the documents is addressed in the declarations Defendants have produced, and neither was previously produced with or without redactions.

13. As a result of the Parties' meet and confer efforts, and Defendants' May 14, 2022 production of documents, the Parties have been able to remove the following 135 produced documents from the dispute: Entry Nos. 26, 28-29, 33, 66, 127, 168-169, 193-194, 249-250, 255-256, 327-328, 330, 332, 336-338, 345-348, 350, 353, 355-357, 399, 453-454, 456-458, 465, 467-468, 473, 475-477, 481, 486-487, 489, 492-494, 496, 499-510, 530, 549-552, 588, 590-592, 596, 598, 602-605, 626, 631-641, 664-665, 671, 676, 683, 687, 689, 693, 703-710, 740, 748, 750, 760, 763-764, 769, 794, 805, 841, 852, 913, 955, 962-964, 970, 976-979, 984-986, 1012-1015, 1610. *See* Exs. 1, 3-5b.

14. As a result of the Parties' meet and confer efforts, and Defendants' June 15, 2022 supplemental declarations, the Parties have been able to remove the following 43 documents, produced but redacted in whole or near-whole part, from the dispute: Entry Nos. 27, 114, 137, 297, 367-368, 380-381, 390, 392-394, 396, 412-416, 514, 521, 523, 525, 527, 531, 535, 546, 572, 576, 579-581, 593, 652, 654, 666, 681, 743, 880-881, 966-969. *See* Exs. 1, 3-5b.

DECLARATION OF KENNETH J. BLACK IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED - 4:19-cv-02033-YGR - 3 -
4893-6988-6755.v1

15. Following the Parties' meet and confer efforts, the Parties' have not been able to resolve their dispute concerning the following 232 documents: Entry Nos. 31-32, 67, 81, 85, 100-101, 107, 109, 141-144, 151, 165, 175, 177-179, 212, 216-221, 224, 270-272, 274, 285-291, 298-300, 303, 315, 317, 319, 321, 323, 325-326, 329, 334-335, 343, 361-366, 369-379, 382-389, 391, 395, 397-398, 400-411, 417-421, 426, 428, 433, 437, 444, 449-452, 455, 459-464, 466, 469-472, 474, 478-480, 482-485, 488, 490-491, 497-498, 512-513, 515-520, 522, 524, 526, 532-534, 536-544, 556, 558, 560, 567, 571, 573-575, 577-578, 582-583, 587, 589, 594, 601, 616-622, 624-625, 629-630, 645, 648, 651, 653, 655-662, 669-670, 672-673, 682, 685-686, 688, 690-692, 699, 731-732, 734-736, 755-756, 758, 775-776, 778, 831-832, 834, 883-886, 951-953, 961, 965, 1263-1264. *See* Exs. 1-5b. Broken down by the subject area of objection as described in Plaintiff's Motion, Plaintiff's challenges remain as to the following documents:

- Ex. 1, Entry Nos.: 31-32, 178-179, 285-291, 298-300, 329, 335, 361-366, 369-379, 382-389, 391, 395, 397-398, 400-411, 417-421, 449-452, 455, 459-464, 466, 469-472, 474, 478-480, 482-485, 488, 490-491, 497-498, 512-513, 515-520, 522, 524, 526, 532-534, 536-544, 571, 573-575, 577-578, 582-583, 587, 589, 594, 616-622, 625, 629, 630, 651, 653, 655-662, 670, 672-673, 682, 686, 688, 690-692, 951-953, 961, 965;

- Ex. 2, Entry Nos.: 1263-1264;

- Ex. 3, Entry Nos.: 67, 81, 100, 141, 216, 271, 731, 734-735, 755, 775, 831, 885;

- Ex. 4, Entry Nos.: 31-32;

- Ex. 5a, Entry Nos.: 142, 218-220, 488;

- Ex. 5b, Entry Nos.: 85, 107, 109, 143-144, 151, 165, 175, 177, 212, 217, 221, 224, 270, 272, 274, 303, 315, 317, 319, 321, 323, 325-326, 334, 343, 364, 366, 376, 379, 384, 391, 402, 411, 419, 421, 426, 428, 433, 437, 444, 463, 466, 471, 519, 524, 532, 539, 541, 543, 556, 558, 560, 567, 574, 594, 601, 624, 630, 645, 648, 660, 669, 682, 685, 699, 732, 736, 756, 758, 776, 778, 832, 834, 883-884, 886.

16. Attached are true and correct copies of the following exhibits:

DECLARATION OF KENNETH J. BLACK IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED - 4:19-cv-02033-YGR         - 4 -
4893-6988-6755.v1

| | | |
|---|---|---|
| Exhibit 9: | Declaration of Katherine Adams Regarding Documents Withheld as Privileged, dated May 13, 2022; |
| Exhibit 10: | Supplemental Declaration of Katherine Adams Regarding Documents Withheld as Privileged, dated June 14, 2022 **[FILED UNDER SEAL]**; |
| Exhibit 11: | Email from Nick Severino to Nancy Paxton, Subject: Re: China retail traffic," dated December 26, 2018 (Bates No. APL-SECLIT_00644790-APL-SECLIT_00644791) **[FILED UNDER SEAL]**; |
| Exhibit 12: | Email from Matt Blake to Saori Casey, Subject: "Channel inventory," dated December 18, 2018 (Bates No. APL-SECLIT_00644822) **[FILED UNDER SEAL]**; |
| Exhibit 13: | Intentionally left blank; |
| Exhibit 14: | Intentionally left blank; |
| Exhibit 15: | Email from Luca Maestri to Tim Cook, Subject: "Re: BoD call – privileged and confidential," dated December 16, 2018 (Bates No. APL-SECLIT_00646148-APL-SECLIT_00646150) **[FILED UNDER SEAL]** |
| Exhibit 16: | Email from Luca Maestri to Tim Cook, Subject: "Re: BoD call--privileged and confidential Draft #2," dated December 17, 2018 (Bates No. APL-SECLIT_00646151-APL-SECLIT_00646153 **[FILED UNDER SEAL]**; |
| Exhibit 17: | Declaration of David Tom Regarding Documents Withheld as Privileged, dated May 10, 2022; |
| Exhibit 18: | Declaration of Sam Whittington Regarding Documents Withheld as Privileged, dated May 12, 2022; and |
| Exhibit 19: | Supplemental Declaration of Sam Whittington Regarding Documents Withheld as Privileged, dated June 13, 2022 **[FILED UNDER SEAL]**. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 22nd day of June, 2022, at San Francisco, California.

s/ Kenneth J. Black<br>
KENNETH J. BLACK

DECLARATION OF KENNETH J. BLACK IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED - 4:19-cv-02033-YGR - 5 -
4893-6988-6755.v1