# EXHIBIT 10
# [Filed Under Seal]

1   JAMES N. KRAMER (SBN 154709)
     jkramer@orrick.com
2   ALEXANDER K. TALARIDES (SBN 268068)
     atalarides@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
4   405 Howard Street
     San Francisco, CA 94105-2669
5   Telephone:    (415) 773-5700
     Facsimile:    (415) 773-5759
6

7   Attorneys for Defendants Apple Inc.,
     Timothy Cook, and Luca Maestri

8

9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                     OAKLAND DIVISION

13

| | |
|---|---|
| 14 IN RE APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
| 15 | **CLASS ACTION** |
| 16 This Document Relates to: | **SUPPLEMENTAL DECLARATION OF KATHERINE ADAMS REGARDING DOCUMENTS WITHHELD AS PRIVILEGED** |
| 17 ALL ACTIONS. | |
| 18 | **Confidential Pursuant to Protective Order** |
| 19 | |

20

21

22

23

24

25

26

27

28

1    I, Katherine Adams, declare as follows:

2    1.    I am the General Counsel and Senior Vice President of Legal and Global Security

3  at Apple Inc. ("Apple" or the "Company"), and have been employed in this position at Apple

4  since 2017.  In my role at Apple, I oversee all legal matters, including corporate governance,

5  litigation, and securities compliance.  I am registered with the State Bar of California as a

6  Registered In-House Counsel.  I have personal knowledge of the facts set forth in this Declaration

7  and, if called as a witness, could and would competently testify to them.

8    2.    I understand that in connection with a pending discovery motion, the Court has

9  directed Apple to provide, for certain documents withheld on the basis of privilege, a declaration

10  by the attorney whose advice was sought or given establishing that the withheld material was

11  primarily for a legal purpose.  I previously submitted a declaration, dated May 13, 2022, in which

12  I complied with that directive by describing a number of documents that have been withheld by

13  Apple on the basis of the attorney-client privilege.  I now submit this supplemental declaration to

14  provide additional detail with respect to some of the documents described in my previous

15  declaration.  As in my previous declaration, I refer to these documents by their corresponding

16  entry numbers on Apple's privilege log in this matter.

17    3.    **Nos. 174-77.**  These four documents include email communications, dated August

18  20, 2018, between Tim Cook (Apple's Chief Executive Officer), Lisa Jackson (Apple's Vice

19  President of Environment, Policy, and Social Initiatives), and me.  In these communications, Ms.

20  Jackson shared a draft of presentation materials for a planned presentation to the Company's

21  board of directors concerning foreign trade issues, and asked for comment from Mr. Cook and

22  me.  It is my understanding that Ms. Jackson sent the draft to me in order to solicit my input with

23  respect to the legal implications of the foreign trade issues discussed in her draft presentation.

24  Mr. Cook responded to Ms. Jackson's email with comments, copying me.  It is my understanding

25  that in copying me on the communication, Mr. Cook intended to solicit input from me with

26  respect to the legal implications of the foreign trade issues as well.  To the best of my

27  understanding, the communications in this group of documents were sent primarily for a legal

28  purpose.

4.     **Nos. 285-91, 298, 299, and 300.** These ten documents are email communications sent between Mr. Cook, Luca Maestri (Apple's Chief Financial Officer), and me, on December 16, 2018 and December 17, 2018. This group of emails includes communications in which Mr. Cook asked me and Mr. Maestri for feedback relating to topics he planned to cover in an upcoming meeting of the Company's board of directors. It is my understanding that Mr. Cook intended to solicit input from me with respect to the legal implications of the topics he planned to cover, including the announcement of lowered revenue guidance. This group of emails also includes my response, in which I advised Mr. Cook and Mr. Maestri concerning certain legal implications of an announcement of lowered revenue guidance. To the best of my understanding, the communications in this group of emails were sent primarily for a legal purpose.

5.     **No. 297.** This document is an email dated December 17, 2018, sent by me to a group including Mr. Cook and Mr. Maestri. In this email, which bears the subject line, "Privileged and confidential - Q1 Guidance Update - Legal Considerations," I outlined various legal considerations relating to a potential update of the Company's revenue guidance. I sent this email primarily for a legal purpose.

6.     **Nos. 367, 368.** These two documents are email communications sent between me and Steve Dowling, Apple's then-Vice President of Communications, on December 23, 2018. These emails include my comments on a draft of the "Letter from Tim Cook to Apple Investors," which was ultimately published by the Company on January 2, 2019, as well as Mr. Dowling's response to my comments. It is my understanding that Mr. Dowling was seeking input from me with respect to the legal implications of the contents of the draft letter. My comments on the draft of the letter were sent in the context of my efforts to ensure that the Company was both complying with its legal disclosure obligations and minimizing legal risk. To the best of my understanding, the communications in this group of emails were sent primarily for a legal purpose.

7.     **No. 953.** This document contains email communications sent between Mr. Cook, Mr. Maestri, and me, on December 31, 2018 and January 1, 2019. In these emails, Mr. Cook sought feedback from me and Mr. Maestri relating to a revised draft of the "Letter from Tim

CONFIDENTIAL

SUPPLEMENTAL DECLARATION OF KATHERINE ADAMS RE DOCUMENTS WITHHELD AS PRIVILEGED
CASE NO. 19-CV-02033-YGR

1  Cook to Apple Investors." It is my understanding that in this group of emails, Mr. Cook and Mr.

2  Maestri were seeking input from me with respect to the legal implications of the contents of the

3  draft letter. To the best of my understanding, the communications in this group of emails were

4  sent primarily for a legal purpose.

5          I declare under penalty of perjury under the laws of the United States of America that the

6  foregoing facts are true and correct to the best of my knowledge and belief. This declaration was

7  executed on June 14, 2022 in Princeton, NJ.

8

9

10

11                                                        _____
                                                                Katherine Adams
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFIDENTIAL

SUPPLEMENTAL DECLARATION OF KATHERINE
ADAMS RE DOCUMENTS WITHHELD AS PRIVILEGED
CASE NO. 19-CV-02033-YGR