# EXHIBIT 19
# [Filed Under Seal]

1   JAMES N. KRAMER (SBN 154709)
    jkramer@orrick.com
2   ALEXANDER K. TALARIDES (SBN 268068)
    atalarides@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, CA  94105-2669
5   Telephone:    (415) 773-5700
    Facsimile:    (415) 773-5759
6
    Attorneys for Defendants Apple Inc.,
7   Timothy Cook, and Luca Maestri

8

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13

14  IN RE APPLE INC. SECURITIES          Case No. 4:19-cv-02033-YGR
    LITIGATION
15                                        **CLASS ACTION**

16  This Document Relates to:            **SUPPLEMENTAL DECLARATION OF
                                         SAM WHITTINGTON REGARDING
17  ALL ACTIONS.                         DOCUMENTS WITHHELD AS
                                         PRIVILEGED**
18
                                         **Confidential Pursuant to Protective Order**
19

20

21

22

23

24

25

26

27

28

I, Sam Whittington, declare as follows:

1.      I am a Senior Director, Corporate Law at Apple Inc. ("Apple" or the "Company") and have been employed as in-house counsel at Apple since 2012.  During the time period relevant to this litigation, I served as a Director, Corporate Law at Apple.  In my role at Apple, I have responsibility for matters involving, among other things, corporate governance and SEC reporting requirements.  I am a member in good standing of the State Bar of California.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them.

2.      I understand that in connection with a pending discovery motion, the Court has directed Apple to provide, for certain documents withheld or redacted on the basis of privilege, a declaration by the attorney whose advice was sought or given establishing that the withheld or redacted material was primarily for a legal purpose.  I previously submitted a declaration, dated May 12, 2022, in which I complied with that directive with respect to a number of documents that have been withheld or redacted by Apple on the basis of the attorney-client privilege.  I now submit this supplemental declaration to provide additional detail with respect to the documents described in my previous declaration.  As in my previous declaration, I refer to these documents by their corresponding entry numbers on Apple's privilege log in this matter.

3.      **Documents Relating to the Preparation of the Cook Letter.**  I understand that a significant number of the documents at issue in the pending motion relate to a January 2, 2019 letter from Apple CEO Tim Cook to Apple investors (the "Cook Letter").  In the Cook Letter, Apple announced a downward revision to its revenue guidance for its fiscal 2019 first quarter. The Cook Letter was issued outside of Apple's normal financial reporting cycle, several weeks ahead of the Company's announcement of its fiscal 2019 first quarter financial results (which occurred on January 29, 2019), and the Company's filing of its Form 10-Q for the fiscal 2019 first quarter (which occurred on January 30, 2019)  In my role as Director, Corporate Law, I was closely involved in, and provided legal advice with respect to, the Company's decision of whether to release the Cook Letter, as well as the process by which the Cook Letter was prepared and released.  I also provided legal advice regarding the contents of the Cook Letter, reviewing and

commenting on drafts of the Cook Letter as they were prepared, with an eye towards ensuring compliance with reporting requirements and minimizing legal risk to the Company.

My understanding is that the communications described below, all of which are related to the Cook Letter or closely-related matters, were sent primarily for a legal purpose:

- Nos. 27 and 546:  This document is a draft of an internal "Q&A" reference document prepared in conjunction with the release of the Cook Letter.  My understanding is that the handwritten comments on this document are from Mr. Cook.  In the redacted portions of this document—consisting of two handwritten notations on the last page of the document—Mr. Cook asks questions pertaining to pending litigation.

- Nos. 31 and 32:  These documents are internal drafts of the Cook Letter, dated December 23, 2018 (No. 31) and December 26, 2018 (No. 32).  Document No. 31 was distributed by email to a group that included me, Kate Adams, and Kyle Andeer (all Apple in-house lawyers).  My understanding is that the draft was sent to me and the other Apple in-house lawyers to seek our legal advice with respect to the contents of the draft.  Document No. 32 was sent by email to Mr. Cook, copying me, Ms. Adams, and Mr. Andeer (among others).  That draft reflected feedback provided by Apple in-house lawyers with respect to earlier drafts of the Cook Letter.

- Nos. 269 and 270:  These documents consist of an email sent by Tejas Gala to me and Matt Blake, dated December 12, 2018, and an Excel spreadsheet attached thereto.  In the email and attachment, Mr. Gala provides an analysis relating to Apple's EPS (earnings per share).  To the best of my recollection, Mr. Gala provided this analysis following my request for the information.

- Nos. 273, 274, 302, 303, 314-26, 333, 334, 427, 428, 432, 433, 443, 444, 555-60, 566, 567, 600, 601, 623, 624, 644, 645, 647, 648, 668, 669, 684, and 685:  This group of documents consists of internal emails concerning drafts of an internal "Q&A" reference document prepared in anticipation of inquiries from media representatives and others relating to the release of the Cook Letter, sometimes including attached drafts of the Q&A document.  Some of the emails in this group include explicit requests to me for legal

advice relating to the contents of the draft Q&A document (Nos. 302, 318, and 324). Even where the request was not explicit, however, my understanding is that drafts of the Q&A document were forwarded to me (and/or my colleagues in the legal department) for the purpose of soliciting legal advice concerning the contents of the drafts.

- <u>No. 343</u>:  This document is an attachment to an email from Matt Blake to me and Adam Talbot, dated December 21, 2018.  The email, which has been produced in this litigation as APL-SECLIT_00644786, was sent in the context of internal discussions concerning a draft Q&A document and press release.  To the best of my recollection, Mr. Blake emailed this document to me in connection with privileged discussions concerning the content of these draft materials.  I believe that producing this document would reveal part of the content of the privileged communications.

- <u>Nos. 363-66, 369-98, 400-21, 425, 426, 512-27, 531-41, 572, 575-82, 593, 594, 616-18, 629, 630, 651-62, 666, 681, 682, 698, 699, 952, 961, and 965-69</u>:  This group of documents consists of internal emails concerning drafts of the Cook Letter, sometimes including attached drafts of the Cook Letter.  Some of the documents in this group include explicit requests to me for legal advice, or explicit provision of legal advice by me, relating to the contents of the draft Cook Letter (Nos. 380-82, 390, 392-94, 396, 412-16, 425, 514-16, 520-27, 531-36, 572, 575, 576, 579-82, 593, 594, 651-58, 666, 681, 682, and 965-69).  Other documents in this group include detailed comments and edits provided by Ms. Adams (Nos. 365 and 366), and emails including extensive comments on the draft Cook Letter sent collectively by me, Ms. Adams, and Mr. Andeer (Nos. 389, 391, and 400-10).  Even where the request for legal advice was not explicit, my understanding is that drafts of the Cook Letter were forwarded to me (and/or my colleagues in the legal department) for the purpose of soliciting legal advice concerning the contents of the drafts.

4.     **<u>Communications Relating to Back-up Documentation for the Factual Assertions in the Cook Letter.</u>**  As Apple finalized and prepared to issue the Cook Letter, I directed various Apple employees to prepare certain back-up documentation with respect to the

factual assertions made in the Cook Letter, for the purpose of ensuring compliance with reporting requirements and minimizing legal risk to the Company.  My understanding is that the communications identified below, related to the back-up documentation for the factual assertions in the Cook Letter or related materials, were sent primarily for a legal purpose:

- Nos. 329, 335, 449-52, 455, 459-64, 466, 469-72, 474, 478-80, 482-85, 488, 490, 491, 497, 498, 542-44, 571, 573, 574, 583, 587, 589, 619-22, 625, 670, 672, 673, 675, 686, 688, 690-92, and 951:  This group of documents reflects efforts made to gather back-up documentation with respect to the factual assertions made in the Cook Letter.  Many of these documents are emails containing my explicit instructions concerning this project (Nos. 449-52, 455, 459-64, 469-72, 474, 478-80, 482-85, 490, 491, 497, 498, and 573).  Others reflect efforts by others at Apple, primarily Nancy Paxton and Saori Casey, to gather this information at my behest.

- Nos. 436 and 437:  These documents reflect efforts made by Saori Casey to gather back-up documentation with respect to the factual assertions made in the internal "Q&A" reference document prepared in connection with the Cook Letter.  My understanding is that Ms. Casey was undertaking these efforts pursuant to my directions with respect to gathering back-up documentation.

5.  **Documents Relating to Other Apple Disclosures.**  Apple has redacted a number of documents that reflect legal advice from me or my colleagues in Apple's in-house legal department, and/or requests for legal advice, with respect to SEC filings and other corporate disclosures.  My understanding is that the documents described below, related to Apple corporate disclosures other than the Cook Letter, were sent primarily for a legal purpose:

- Nos. 67, 81, 100, 101, 141-44, 216-21, 271, 272, 731, 732, 734-36, 755-58, 775-78, 831-34, and 882-86:  This group of documents consists of emails relating to requests for members of the Company's disclosure committee to review draft corporate disclosure materials—including press releases, SEC filings (including draft Forms 10-Q), earnings call scripts, etc.  At all relevant times I was a member of the disclosure committee, along with other Apple in-house lawyers.  My understanding is that these emails, and attached

draft disclosure materials, were sent to me for the purpose of soliciting legal advice with respect to the content of the materials.

- No. 84, 85, 106-09, 150, 151, 164, 165, 211, 212, 223, and 224: These documents are emails between me and/or my colleague, Apple in-house lawyer Katerina Kousoula, and other Apple employees, sometimes attaching draft disclosure materials. These documents reflect legal advice from me and/or Ms. Kousoula, or requests for our legal advice, concerning the contents of these draft materials.

- Nos. 113 and 114: No. 113 is an email from me to Gary Wipfler and Michael Shapiro sent in furtherance of providing legal advice concerning the Company's risk factor disclosures. Mr. Shapiro then forwarded my email to Mr. Wipfler. While Mr. Shapiro did not copy me on his email to Mr. Wipfler, the email was nonetheless sent primarily for a legal purpose because Mr. Shapiro conveys privileged information I had previously conveyed to Mr. Shapiro. The attachment to the email includes edits to the Company's risk factor disclosures made by Mr. Shapiro at my request.

- Nos. 136, 137, and 879-81: These documents include emails from me to Mr. Cook, providing legal advice concerning the Company's risk factor disclosures, and attaching draft risk factor disclosures reflecting that legal advice.

- Nos. 178, 179, and 851: These documents are emails between me and Ms. Paxton in furtherance of my provision of legal advice with respect to the Company's quarterly earnings, revenue guidance, and disclosure practices.

- No. 742 and 743: This is an email (with attachment) from me to Matt Blake, providing comments with respect to the internal Q&A document prepared by the Company in connection with the earnings release for the first quarter of FY2019.

6. **Communications Relating to Apple's Board of Directors.** In connection with my responsibilities for corporate governance matters, I communicate with Apple executives, and with members of the Company's board of directors, regarding matters relevant to the board's work. The withheld or redacted portions of the following communications, relating to Apple's board, were sent primarily for a legal purpose:

1    • <u>No. 759:</u> This document is an email from me to the members of the Company's board of

2      directors, dated January 31, 2019, providing an analysis of ISS's report and voting

3      recommendations for Apple's 2019 annual meeting.

4    • <u>No. 840:</u> This document is a September 26, 2018 email from me to Mr. Cook, copying

5      Ms. Adams, outlining matters relevant to an upcoming meeting of the board of directors.

6      In the redacted portion of this email, I discuss a matter relating to then-pending

7      shareholder derivative litigation.

8

9      I declare under penalty of perjury under the laws of the United States of America that the

10    foregoing facts are true and correct to the best of my knowledge and belief.

11      Executed on June 13, 2022 in London, United Kingdom.

12

13

14

15      _____

16      Sam Whittington

17

18

19

20

21

22

23

24

25

26

27

28