| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

# Robbins Geller
## Rudman & Dowd LLP

Kenneth J. Black
kennyb@rgrdlaw.com

March 7, 2023

VIA ECF

The Honorable Joseph C. Spero
United States Magistrate Judge
United States District Court
  for the Northern District of California
Courtroom F, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR-JCS (N.D. Cal.)

Dear Judge Spero:

Pursuant to this Court's August 3, 2022 Order (ECF 272) ("Order"), Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and Defendants Apple Inc., Timothy D. Cook and Luca Maestri ("Defendants"), respectfully submit this joint discovery letter setting forth the status of their dispute concerning Defendants' assertions of privilege.

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP

ORRICK HERRINGTON & SUTCLIFFE LLP

By:    s/ Kenneth J. Black
       KENNETH J. BLACK
       Counsel for Lead Plaintiff

By:    s/ Kevin M. Askew
       KEVIN M. ASKEW
       Counsel for Defendants

Page 2

## Plaintiff's Position

### I.      Introduction

It is now evident that Apple failed to apply the controlling legal standard in its privilege review and continues to improperly withhold relevant, non-privileged documents.  On August 3, 2022, the Court found 18 of 27 documents reviewed *in camera* – *67%* – improperly withheld under the Ninth Circuit's *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021),[1] primary purpose test.  The Court directed Apple to apply its analysis to more than 200 additional documents challenged by Plaintiff.  Instead, Apple spent the next five months making every effort to avoid compliance.  But Judge Gonzalez Rogers, the Ninth Circuit, and the Supreme Court have substantively rejected Defendants' challenges to the law and its application here.  On January 31, 2023, Apple turned over 150 previously withheld documents, *64%*, of the 232 challenged documents.  Plaintiff's review of the documents confirms Apple lacked any basis to withhold most of them in the first instance.

Despite clear evidence that Defendants' privilege review was defective and Apple is improperly withholding non-privileged documents, Defendants refuse to re-review approximately 1,600 documents, claiming it is too late to comply with the law.  They should be ordered to do so.  Additionally, Apple has failed to follow the Order, by continuing to withhold 62 of the 232 challenged documents without producing updated logs or declarations.  The Court should order these 62 documents produced.

### II.     Relevant Procedural History

Following the Court's Order, Defendants sought relief from Judge Gonzalez Rogers claiming the Court did not apply the proper test for privilege claims over dual-purpose communications.  ECFs 276-277.  Judge Gonzalez Rogers described Defendants' arguments as misleading and denied relief.  *See* ECF 302 at 2.  On September 13, 2022, Apple sought interlocutory appeal and was denied.  ECFs 304, 312.  On September 30, 2022, Apple filed a petition for writ of mandamus with the Ninth Circuit and was denied.  *See* ECF 313.  On October 20, 2022, Defendants were granted a stay pending the Supreme Court's review of *In re Grand Jury*.  ECF 319, 335.  On January 23, 2023, the Supreme Court dismissed the writ of certiorari as improvidently granted.  *In re Grand Jury*, 598 U.S. ___, 143 S. Ct. 543 (2023).

On January 31, 2023, Defendants produced 150 previously withheld documents.  ECF 337.  On February 13, 2023, Defendants produced six more documents, and seven "amended" privilege log entries.  Despite the Court's instructions to, within one week of production, identify the documents that remain in dispute (Order at 43), Defendants told Plaintiff: "We also do not see any reason to provide an update to the court at this juncture."  On February 15, 2023, after producing a supplemental declaration, Defendants stated that their compliance was complete.  The parties met and conferred on February 27, 2023, resulting in this letter.

### III.    Apple Refuses to Apply Controlling Ninth Circuit Law to Its Privilege Review
         and Seeks to Improperly Withhold Relevant Non-Privileged Documents

The Court's *in camera* review and Defendants' subsequent productions – both of which found two-thirds of reviewed documents not privileged – make clear that Defendants' privilege review failed to apply the law and their representations are not reliable.  For example, an email from Cook to Maestri and General Counsel Adams, which Apple's log described as "providing legal advice from in-house counsel," was described by the Court as a "generic request for feedback . . . that does not

---

[1]    All citations and footnotes omitted and emphasis added unless otherwise indicated.

Page 3

reference any specific legal concerns." Entry No. 299; ECF 246-6; ECF 272 at 24. Apple's recent production of emails from the same thread reveals the *entirety* of Adams' purported "legal advice" was: "Agree, I like the content and the tone." Entry No. 299; *see also* Entry No. 300 (Maestri's response to the same thread, also improperly withheld: "Looks really good to me."). The recent production also shows that Defendants repeatedly and improperly withheld emails concerning business matters containing no attorney contribution, such as iPhone 6 pricing (Entry No. 625), Apple's user base (Entry No.No. 589), and share repurchases (Entry No. 269), apparently because non-lawyers mislabeled these documents "Privileged & Confidential." *See Tsantes v. BioMarin Pharm. Inc.*, 2022 WL 17974487, at *2 (N.D. Cal. Dec. 7, 2022) (citing the Order).

Further evidence indicates that Apple continues to improperly withhold numerous non-privileged documents. First, Apple did not review the related "family" (*i.e.*, parent emails or attachments) of documents it recently produced. For example, Apple did not review the parent email (Entry No. 273) to an attached Q&A document (Entry No. 274); the Q&A document was just produced and Plaintiff immediately filed it in support of its opposition to Defendants' motion for summary judgment. ECF 341-5. Second, many still-withheld documents concern the same business processes Apple argued justified blanket withholding, including the critical "Q&A" process related to Apple's earnings preannouncement. Third, Defendants continue to withhold hundreds of documents described in the same way as now-produced, non-privileged documents. For example, Defendants logged 978 documents as purportedly "reflecting legal advice from in-house counsel" – the same false description as Entry No. 300, and 57 other non-privileged documents. Another 175 documents are logged as purportedly "providing legal advice from in-house counsel" – the same inaccurate description of Entry No. 299, and 6 others. And, in other cases Apple has produced non-privileged portions of documents they continue to withhold elsewhere (*i.e.*, "near duplicates").

The positions taken by Defendants during this dispute also confirm they did not apply the controlling primary purpose test from *In re Grand Jury*. Defendants insisted they should be able to withhold documents that had "a" primary business purpose. *E.g.*, ECF 276 at 2 ("the Order should have examined whether seeking legal advice was 'a primary purpose'") (emphasis in original). Defendants admitted that applying the "a" primary purpose test was necessary to their withholding documents. *See* ECF 304 at 6 ("this is a case involving dual-purpose communications with a primary legal purpose"). Defendants also conceded they improperly deemed entire business processes as privileged. ECF 227 at 5 ("Apple undertook a careful *process* . . . under the direction of in-house counsel. Thus, drafts of the Cook Letter . . . are privileged."). These positions used to support Defendants' withholding of documents have all been soundly rejected.

Defendants' contention that the close of discovery excuses a proper privilege review of the 1,600 additional documents on their log should be rejected.[2] The record above confirms Apple continues to withhold non-privileged documents. No trial date has been set, leaving Apple sufficient time to conduct a review compliant with the controlling test. Further, any delay is due to Defendants' initial error and subsequent efforts to avoid complying with the Order. And, Plaintiff does not seek further discovery, only production of documents still improperly withheld.

---

[2]   Even if Defendants were not obligated to correct their improper review, the Court may "review all claims of privilege, [not] just those documents specifically opposed by the requesting party." *Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 456, 461-62 (E.D. Va. 1998).

Page 4

## IV.    Apple Continues to Withhold 62 of 232 Challenged Documents Without Complying with the Court's Order

Apple failed to comply with the Order in withholding 62 of 232 challenged documents.  The Order permitted Apple to produce supplemental declarations and required it to produce "an amended privilege log consistent with the Court's rulings reflecting ***any*** remaining disputed documents." Order at 43.  But Defendants produced an amended log for just seven documents, and the only change is that these entries now cite Whittington's inadequate June 13, 2022 declaration.  *E.g.*, ECF 272 at 23 (noting "Whittington's vague statement").  Similarly, the Order was clear that bare assertions Saori Casey or others collected back up documentation are insufficient.  Order at 24.  Yet, the latest Whittington declaration, ***his fourth***, repeats the same insufficient assertions, such as that "***various*** Apple employees, including Saori Casey" prepared "***certain*** back-up documentation."  Nor does Whittington say that these documents reveal his explicit legal advice, but rather "they reflect ***the nature*** of [his] explicit instructions."  For the remaining 56 disputed documents, Defendants produced ***nothing*** (instead, they demand that Plaintiff "trust" their re-review).

Defendants' failures to apply controlling law or comply with the Order support re-review, waiver, or other relief as the Court deems appropriate.[3]

---

[3]    *See, e.g.*, *LD v. United Behav. Health*, 2022 WL 17408010, at *7 (N.D. Cal. Dec. 2, 2022) (remedy required where "sample documents contain a significant amount of [improperly] withheld" material); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2023 WL 1871107, at *19 (N.D. Cal. Feb. 9, 2023) (63% is a "significant rate of error" for which "re-review [of] all the documents. . . withheld as privileged" is appropriate); ECF 285 at 5 n.8 (more examples).

Page 5

## II.   <u>DEFENDANTS' POSITION</u>

After months of meeting and conferring, multiple rounds of briefing, two hearings, an in camera review by this Court, and a 43-page opinion, the scope of this dispute was clear:  Plaintiff was challenging 232 documents on Defendants' privilege log.  *See* Dkt. No. 246-03 at 1 (Plaintiff acknowledging that "the Parties have narrowed the number of documents in dispute from 451 unique documents to 232.").  The Court ultimately ordered Defendants "to review the remaining documents in dispute," Dkt. No. 272 (the "Order") at 1, and to produce documents if required by the Order's reasoning.  Defendants fully complied with the Order.  Shortly after the Supreme Court dismissed the proceedings in *In re Grand Jury*, No. 21-1397, as improvidently granted, Defendants produced 156 previously-withheld documents to Plaintiff.[4]

Now, with a summary judgment and *Daubert* hearing just one week away, Plaintiff seeks to expand the privilege dispute eightfold, insisting that Defendants should have re-reviewed not just the remaining 232 documents in dispute, but *every* document on Defendants' privilege log—more than 1,850 of them.  Plaintiff makes this belated demand—which comes almost a year after the discovery cut-off—notwithstanding that the vast majority of these documents were never subject to a motion to compel, and many of them have little relevance to the substantive issues remaining in the case.  The Court should dispense with this manufactured dispute, which appears designed to delay the summary judgment proceedings.

The Court should also reject Plaintiff's blanket challenge to the remaining documents from the set of 232.  Plaintiff continues to challenge *all but one* of the documents that have not been produced or specifically held to be privileged following in camera review.  But the documents that Plaintiff continues to challenge are plainly privileged under the guidance in the Order.

For the reasons explained below, Defendants respectfully request that the Court reject Plaintiff's improper challenges to Defendants' privilege determinations.

### A.      Plaintiff's Belated Challenge to Defendants' Entire Privilege Log is Baseless.

The dispute over Defendants' privilege log is limited to 232 documents.  *See* Order at 5 ("the parties reduced the number of documents in dispute from 451 to 232").  And Plaintiff asked the Court only "for an order requiring production of all the challenged documents *that remain in dispute*."  Dkt. No. 246-03 at 3 (emphasis added).[5]

---

[4] Judge Gonzalez Rogers previously stayed Defendants' obligation to produce documents in compliance with the Order, pending the resolution of the proceedings in *In re Grand Jury*.  *See* Dkt. No. 335.

[5] Plaintiff complains that Defendants' re-review following the Order did not extend to all family members of the 232 documents remaining in dispute.  This complaint is unfounded.  In some cases, Plaintiff challenged only parent emails, in other cases, only attachments, and in yet other cases, both

Page 6

If Plaintiff believed that other documents on Defendants' privilege log were improperly withheld, it could and should have raised those challenges in a timely motion, instead of waiting until nearly a year after the discovery cut-off.  Plaintiff's delay alone provides ample reason for the Court to deny its request.  *See* L.R. 37-3 ("no discovery-related motions may be filed more than 7 days after the discovery cut-off"); *Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997) ("By failing to bring a motion to compel production, the plaintiffs waived their objection to the assertion of the privilege.").

Plaintiff attempts to justify its delay by pointing to the results of the in camera review, in which the Court found that a number of documents withheld by Defendants should be produced.  According to Plaintiff, the Court's findings suggest that there are other documents on Defendants' privilege log, not previously challenged by Plaintiff, that should also be produced.  As an initial matter, it is not clear how the Court's Order gives Plaintiff reason to expand its challenge.  Plaintiff argued that all 232 of the documents in dispute were not privileged.  The Court agreed with Plaintiff on some documents, but found that others were appropriately withheld.  In other words, the Court found that Plaintiff's challenges swept too broadly—not that they were too narrow.

Further, the Court's Order addressed specific issues presented by the discrete categories of documents challenged by Plaintiff in its motion.  There is no basis for Plaintiff's claim that the Order would be broadly applicable to the remainder of Defendants' privilege log.  In addition, many of the documents in the remainder of Defendants' privilege log, although responsive to Plaintiff's overly broad requests for production, are not remotely relevant to the case, including, for example, a document described on the log as involving "legal advice from in-house counsel regarding responses to questions from Indian Parliament."

Having previously agreed to narrow the dispute to what Plaintiff called "the materials most likely to fill in key gaps in the evidentiary record," Dkt. No. 227 at 1, Plaintiff now tries to put everything back on the table.  But Plaintiff's previous concession that the dispute had been narrowed should estop it from seeking to expand the dispute now.  Moreover, the timing of Plaintiff's demand speaks volumes about the apparent underlying motivation.  Defendants produced 150 documents on January 31, 2023, just eight days after the Supreme Court's decision in *In re Grand Jury*.[6]  Yet Plaintiff then waited more than three weeks, until after Judge Gonzalez Rogers scheduled a hearing on Defendants' summary judgment motion, to request that Defendants re-review their entire log.  The Court should reject Plaintiff's last-ditch effort to derail the hearing on Defendants' summary judgment motion, which is now just one week away.

---

parent emails and attachments.  Defendants individually considered each document challenged by Plaintiff.

[6] On February 13, 2023, Defendants produced six additional documents that had been inadvertently omitted from the January 31 production.

Page 7

## B.  Plaintiff's Challenge to the Remaining Documents in Dispute is Meritless.

Consistent with the Order, Defendants produced 156 previously-withheld documents and were prepared to "meet and confer as to the remaining disputed documents." Dkt. No. 272 at 43. Yet rather than articulate challenges to particular documents in the remaining withheld set, Plaintiff simply said that it was continuing to challenge *all* of them (save for one), stating in a meet and confer that Defendants had not "given [Plaintiff] anything to change [its] mind." Indeed, Plaintiff refused even to identify the specific documents it is continuing to challenge, bizarrely suggesting in an email that it was *Defendants* who should be required to identify the documents remaining in dispute.

Plaintiff contends that Defendants should have provided supplemental declarations for each of the remaining documents, but the Order requires no such thing. The Order held that Defendants had not satisfied their burden to establish privilege with respect to certain categories of documents, but permitted Defendants to provide supplemental declarations of counsel to further justify the privilege as to the documents in those categories. Defendants did that with respect to two documents, providing a supplemental declaration from in-house counsel Sam Whittington.[7] But the Court found that other categories of documents were properly withheld, and that Defendants had *already* made a sufficient showing of privilege. *See, e.g.*, Order at 21, 23. The Order did *not* require supplemental declarations for the documents in the categories that the Court found to be appropriately withheld. To cite just one example, the Court reviewed Entry No. 107 in camera and found it to be privileged. *Id.* at 40. Plaintiff, however, continues to challenge Entry No. 109 even though it is nearly identical to Entry No. 107—indeed, the two documents are different drafts of the same document, were sent as part of the same email chain, and are described very similarly in Mr. Whittington's earlier declaration and in the privilege log. *See* Dkt. No. 248-7 at 1; Dkt. No. 246-13 ¶ 5. There is no reason why Defendants should be required to provide additional declarations or log entries for this document, or why Plaintiff would continue to challenge it. Defendants complied with the Order in full. Plaintiff's arguments to the contrary are baseless.

Defendants respectfully submit that the Court should deny Plaintiff's request in its entirety.

---

[7] In a meet and confer, Plaintiff claimed that the supplemental declaration was insufficient because it stated that the subject documents "reflected the nature of" Mr. Whittington's legal advice. But that is precisely what the Court indicated that a supplemental declaration would need to establish. *See* Order at 24 (permitting declaration if it could establish that the documents "reflected Whittington's legal advice").

Page 8

<u>ATTESTATION PURSUANT TO LOCAL RULE 5-1</u>

I, Kenneth J Black, am the ECF user whose identification and password are being used to file

the Discovery Letter Brief.  Pursuant to Local Rule 5-1(h)(3) and in compliance with General Order

No. 45 X.B., I hereby attest that Kevin M. Askew has concurred in this filing.

DATED: March 7, 2023                                    s/ Kenneth J. Black
                                                               KENNETH J. BLACK

Page 9

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 7, 2023, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I

hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the

non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Kenneth J. Black
KENNETH J. BLACK

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  kennyb@rgrdlaw.com

## Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com,RRamphul@labaton.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Jacob G. Gelman**
  jgelman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com,cgrady@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.co

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_File_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,kjudd@labaton.com,agreenbaum

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)