ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
       – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>   ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE |

4861-1701-6665.v1

Pursuant to Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72-2, Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff")[1] respectfully requests partial relief from the March 8, 2023 Order Re Discovery Letter.  ECF 349 ("March 8, 2023 Order").  Specifically, Plaintiff requests that Apple be ordered to apply *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021), to its assertions of privilege and produce all relevant, non-privileged documents currently being withheld.

## I.  INTRODUCTION

Following the Supreme Court's dismissal of *In re Grand Jury* in January 2023, Apple was required to produce 156 of 232 documents (or 67%) that had been the subject of the parties' privilege dispute.  Apple's productions, made on January 31 and February 13, 2023, combined with Apple's arguments seeking to avoid production, reveal that its privilege review did not follow the controlling "the primary purpose" test and provides strong evidence that Apple continues to withhold hundreds of additional relevant, non-privileged documents based on an improper and rejected construction of the law.

Apple does not claim to have applied the correct legal analysis set forth in *In re Grand Jury*, nor does it deny that it is withholding non-privileged documents based on that flawed review. But Apple refuses to correct and supplement its production despite its ongoing obligations under the Federal Rules of Civil Procedure.  Plaintiff timely requested that the court order Apple to apply the primary purpose test to all remaining withheld documents; however, the Magistrate Judge rejected this request on the ground that Plaintiff's prior challenges to Apple's privilege assertions were narrowed to only 232 documents.  That ruling was clearly erroneous and contrary to law because *In re Grand Jury* mandates the primary purpose test be applied to Apple's privilege claims and Fed. R. Civ. P. 26(e) places an ongoing obligation on Apple to supplement incomplete or incorrect productions such as theirs.  *See* ECF 348 at 3; *see also* Fed. R. Civ. P. 37(a)(4), (a)(5)(A).

---

[1]  "Defendants" are Apple Inc. ("Apple"), Timothy D. Cook, and Luca Maestri.  All citations and footnotes omitted and emphasis added unless otherwise indicated.

Relieving Apple of its ongoing obligation to produce relevant, non-privileged documents currently being improperly withheld was clear error and contrary to law.

## II. RELEVANT PROCEDURAL HISTORY

On February 24, 2022, Plaintiff challenged more than 500 of Apple's privilege assertions. ECF 227. In reliance on Apple's representations to the court, Plaintiff ultimately narrowed its dispute to 232 documents. The Magistrate Judge conducted an *in camera* review of 27 challenged documents and, applying *In re Grand Jury*, found 18 – **67%** – improperly withheld. ECF 272 ("August 3, 2022 Order"). The Magistrate Judge ordered Apple, *inter alia*, to produce those 18 documents and to re-review other challenged documents consistent with his analysis. *Id.*

Apple spent nearly six months unsuccessfully seeking to avoid compliance with the August 3, 2022 Order. On January 31, 2023, after the Supreme Court's dismissal of *In re Grand Jury*, Apple produced 150 previously withheld documents (ECF 337); then on February 13, 2023, Apple produced six more documents – totaling 156 of the 232 challenged documents, or **67%**. ECF 348. On February 15, 2023, after producing additional privilege logs and declarations, Apple finally stated its compliance with the August 3, 2022 Order was complete.

Pursuant to the August 3, 2022 Order, the parties met and conferred over their remaining disputes.[2] Apple stated it had not applied the primary purpose test to any withheld documents beyond the 232 challenged documents and would not do so. On March 7, 2023, pursuant to the process prescribed by the August 3, 2022 Order, the parties filed a joint discovery letter in which Plaintiff requested that the Magistrate Judge order Apple to apply *In re Grand Jury* to the approximately 1,600 documents remaining on its privilege log and produce relevant, non-privileged documents being withheld. ECF 348. Apple argued the request was made too late in the litigation, but did not claim its privilege review complied with *In re Grand Jury*. *Id.* On March 8, 2023, without requesting briefing on the issue, the Magistrate Judge summarily denied this

---

[2] The parties' dispute over 62 (of the 232 challenged) documents which Apple continues to withhold is ongoing before the Magistrate Judge. March 8, 2023 Order.

request on the ground that "[t]he parties previously narrowed their privilege disputes to 232 documents." March 8, 2023 Order.

### III.     ARGUMENT

####     A.     Apple Continues to Withhold Relevant, Non-Privileged Documents Based on a Privilege Review that Is Contrary to Ninth Circuit Law

There is no dispute that Apple did not apply the "the primary purpose" test mandated by *In re Grand Jury* to its privilege review, and, as a result, Apple improperly withheld two-thirds of the 232 documents previously challenged by Plaintiff. Indeed, Apple urged this Court to apply the out-of-circuit "'***a*** primary purpose'" test, rather than the Ninth Circuit's "the primary purpose" test, which would, according to Apple, "render the [withheld] communications privileged." ECF 304 at 6; *see also id.* at 8-9. Apple also made clear it believed "[*In re*]*Grand Jury* does not compel" application of the primary purpose test, which Apple claimed was "unworkable." *E.g.*, *Apple Inc., et al. v. USDC-CAOAK*, No. 22-70220, Petition for Writ of Mandamus, at 14-15 (9th Cir. Sept. 30, 2022).

Apple's failure to apply the "the primary purpose" test produced a "significant rate of error" of 67% of the 27 documents reviewed by the Magistrate Judge, and the same percentage of the total 232 documents that Apple re-reviewed after the Supreme Court's dismissal of *In re Grand Jury*. *See In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2023 WL 1871107, at *19 (N.D. Cal. Feb. 9, 2023). That egregious error rate warrants a re-review of all the remaining documents Apple continues to withhold. *See id.* (63% error rate warrants re-review).[3]

There is a strong basis to expect that two-thirds of the remaining 1,600 still-withheld documents are also not privileged. First, hundreds of documents remain on Apple's privilege log that are described in the same or similar manner as now-produced, non-privileged documents. For example, 978 still-withheld documents purportedly "'reflect[] legal advice from in-house

---

[3] The content of the now-produced documents also confirms what the Magistrate Judge found, that Apple's privilege review applied an incorrect legal test and resulted in significant errors. *See, e.g.*, August 3, 2022 Order at 24 (describing Privilege Log Entry No. 288 as a "generic request for feedback . . . that does not reference any specific legal concerns"); ECF 348 at 2-3 (Giving examples of inaccurately described "'legal advice,'" such as Maestri's response to Entry No. 288: "'Looks really good to me.'").

counsel'" – the same inaccurate description as 58 non-privileged documents recently produced. *See* ECF 348 at 3.  Second, Apple continues to withhold documents that concern the same business processes that the Magistrate Judge found did not justify Apple's blanket withholding of all related communications, including the critical "Q&A" process related to Apple's earnings preannouncement.  Third, Apple did not review the "family" documents (*i.e.*, attachments or parent emails) to non-privileged documents if they were not explicitly contained within the 232 challenged documents despite this clear indicator of potential error; this includes the parent email to the Q&A draft that Plaintiff recently submitted as supplemental evidence in opposition to Defendants' motion for summary judgment.  *See* ECF 348 at 2-4; ECF 341-5.

### B. The March 8, 2023 Order Effectively Relieving Defendants of Their Obligations Under Rule 26 Is Contrary to Law

Rule 26 requires that "[a] party. . . who has responded to a[] . . . request for production . . . ***must*** supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  This is the rare clear-cut case where the Court, the Ninth Circuit, and the Supreme Court have definitively rejected the standard that Apple stated it applied in its privilege review (*i.e.*, the "a primary purpose test") and which it stated was outcome determinative to its claims of privilege.[4]

The "[c]ase law confirms that the fact discovery cutoff does not terminate the obligation to supplement."  *Finjan, Inc. v. Bitdefender Inc.*, 2019 WL 3564443, at *2 (N.D. Cal. Aug. 6, 2019); *Gamevice, Inc. v. Nintendo Co.*, 2019 WL 5565942, at *3 (N.D. Cal. Oct. 29, 2019) (same). Both the March 8, 2023 Order and "Apple's argument ignore[] [Apple's] ongoing duty to supplement" its incorrect and incomplete document production. *Apple, Inc. v. Wi-LAN, Inc.*, 2019

---

[4] When the Supreme Court dismissed the writ of certiorari as improvidently granted in *In re Grand Jury*, Apple conclusively learned its improper standard infected its entire privilege review. Plaintiff timely challenged Apple's improper privilege review upon learning that Apple refuses to correct its own error.  ECF 348; *see In re Nat'l Prescription Opiate Litig.*, 2020 WL 6041830, at *7 (N.D. Ohio Oct. 13, 2020) (appropriate to wait until the court "provided guidance as to the viability of such challenges").

WL 13162736, at *2 n.2 (S.D. Cal. Nov. 12, 2019).[5]  Apple is aware that parties are expected to correct prior errors "promptly when required under [Rule 26(e)], without the need for a request from opposing counsel or an order from the Court." *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 3155574, at *4 (N.D. Cal. Aug. 2, 2012).  Nothing in Rule 26 suggests that Apple's obligation was (or can be) eliminated by the narrowing of a dispute for court resolution, especially where, as here, Plaintiff only obtained evidence long after the discovery cut off that Apple's entire privilege review was conducted in a manner inconsistent with applicable law and resulted in continued improper withholding of relevant documents.[6]  It was clear error and contrary to law for the March 8, 2023 Order to absolve Apple of the need to correct and supplement its production.

Finally, Plaintiff has doggedly pursued discovery for years, including this timely privilege challenge.  *See, e.g.*, ECF 272 at 2-3.  After Apple's privilege assertions were deemed improper under controlling Ninth Circuit law, Apple spent six more months seeking to avoid compliance.  ECF 302 at 2; ECF 348 at 2 (abbreviated summary of Apple's efforts).  Now, when its legal arguments have been deemed meritless, Apple claims it is too late in the litigation to fix its errors.  Apple's non-compliance with controlling law should be not be rewarded.

## IV.     CONCLUSION

For the foregoing reasons, the March 8, 2023 Order is clearly erroneous and contrary to law.  Plaintiff requests that Apple be ordered to apply *In re Grand Jury* to its assertions of privilege and produce all relevant non-privileged documents currently being withheld.

DATED:  March 22, 2023                    Respectfully submitted,

                                           s/ Kenneth J. Black
                                           KENNETH J. BLACK

---

[5]   Further, there is no concern of prejudice or undue burden where the disputed "documents have already been searched, identified, carefully reviewed, and set aside by [Apple]." *See Opiate*, 2020 WL 6041830, at *8.

[6]   When it first brought this dispute, Plaintiff raised "targeted" objections to fill gaps in the evidentiary record, "[n]otwithstanding Apple's failed assertions" of privilege. ECF 227 at 2.  And in its following motion to compel, challenging more than 500 documents, Plaintiff represented that "new discovery and Defendants' response to the Court's ruling on this dispute may trigger such a request [*i.e.*, for waiver of privilege beyond the challenged documents]." ECF 232-3 at 6 n.4.

|    |    |
|----|----|
| 1  |    |
| 2  | ROBBINS GELLER RUDMAN   & DOWD LLP |
| 3  | SHAWN A. WILLIAMS DANIEL J. PFEFFERBAUM |
| 4  | KENNETH J. BLACK HADIYA K. DESHMUKH |
| 5  | JACOB G. GELMAN Post Montgomery Center |
| 6  | One Montgomery Street, Suite 1800 San Francisco, CA  94104 |
| 7  | Telephone:  415/288-4545 415/288-4534 (fax) |
| 8  | shawnw@rgrdlaw.com dpfefferbaum@rgrdlaw.com |
| 9  | kennyb@rgrdlaw.com hdeshmukh@rgrdlaw.com |
| 10 | jgelman@rgrdlaw.com |
| 11 | ROBBINS GELLER RUDMAN   & DOWD LLP |
| 12 | MARK SOLOMON JASON A. FORGE |
| 13 | RAPHAELLA FRIEDMAN 655 West Broadway, Suite 1900 |
| 14 | San Diego, CA  92101 Telephone:  619/231-1058 |
| 15 | 619/231-7423 (fax) marks@rgrdlaw.com |
| 16 | jforge@rgrdlaw.com rfriedman@rgrdlaw.com |
| 17 | Lead Counsel for Lead Plaintiff |
| 18 | LABATON SUCHAROW |
| 19 | CAROL C. VILLEGAS 140 Broadway |
| 20 | New York, NY 10005 Telephone: 212/907-0700 |
| 21 | 212/883-7524 (fax) cvillegas@labaton.com |
| 22 | Counsel for Employees' Retirement System of the State of Rhode Island |
| 23 |    |
| 24 | VANOVERBEKE, MICHAUD & TIMMONY, P.C. |
| 25 | THOMAS C. MICHAUD 79 Alfred Street |
| 26 | Detroit, MI  48201 Telephone:  313/578-1200 |
| 27 | 313/578-1201 (fax) tmichaud@vmtlaw.com |
| 28 | Additional Counsel |

LEAD PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE - 4:19-cv-02033-YGR - 6 -
4861-1701-6665.v1

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 22, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

```
                                    s/ Kenneth J. Black
                                   KENNETH J. BLACK

                                   ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                   Post Montgomery Center
                                   One Montgomery Street, Suite 1800
                                   San Francisco, CA  94104
                                   Telephone:  415/288-4545
                                   415/288-4534 (fax)
                                   Email:  kennyb@rgrdlaw.com
```

4861-1701-6665.v1

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com,RRamphul@labaton.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Jacob G. Gelman**
  jgelman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com,cgrady@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,kjudd@labaton.com,agreenbaum

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`