**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE APPLE INC. SECURITIES LITIGATION** | Case No. 4:19-cv-02033-YGR <br><br> **ORDER MODIFYING CLASS** <br><br> Dkt. No.: 239 |

On February 4, 2022, this Court granted in part plaintiff's motion for class certification. ("Class Cert. Order," Dkt. No. 224.) The Court certified the class but for the inclusion of option holders. The Court denied certification in that regard without prejudice. The Court found plaintiff failed to provide a method of determining damages on a class-wide basis and did not reach the additional question of whether the options trade in an efficient market such that options holders are entitled to the *Basic* presumption of reliance. *Basic Inc. v. Levinson*, 485 U.S. 224, 246 (1988).

As addressed in the Court's prior order, while courts have granted class certification to options holders in similar cases, this Court was reticent to do so given the lack of evidence proffered by plaintiff.

On April 15, 2022, plaintiff filed a supplemental motion to certify options investors as part of the class addressing those topics the Court raised. (Dkt. No. 239.) Having reviewed the parties' briefings and expert reports, the Court **GRANTS** the motion.[1]

---

[1] The Court **GRANTS** defendants' objection to the supplemental expert report and argument based thereon that plaintiff included with its reply. (Dkt. No. 291.) Plaintiff did not respond to this objection, which the Court takes as a concession. Additionally, raising new argument in reply is improper as it does not provide the opposing party with adequate opportunity to respond. *See, e.g., Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). The Court did not consider the report or related argument in reaching its decision on plaintiff's motion.

**I.     Market Efficiency**

With respect to the efficiency of the market, in its Class Cert. Order, the Court outlined three issues for plaintiff to address should it renew its request to include option holders in the class.

First, the Court noted that plaintiff's expert, Professor Steven P. Feinstein, Ph.D., CFA, assumed without explanation that market efficiency for underlying stock translated to market efficiency for options and that cases addressing this issue have made the same assumption. (*See* Dkt. No. 224 at 20, n. 11 (collecting cases).)  The Court indicated that additional information was required, including academic literature, on whether options trade in an efficient market where the underlying stock trades in an efficient market.

Plaintiff's renewed motion includes a report by Dr. Don M. Chance, an expert on financial derivatives.  (Dkt. No. 239-2, Ex. A., "Chance Report.")  Chance explains that there is little academic literature in recent years regarding the efficiency of derivatives, including options, because their efficiency "is essentially settled" such that "academics rarely, if ever, test this matter anymore." (*Id.* at ¶ 14.)  Defendants' expert, Steven Grenadier, does not argue with the general conclusion of Chance's analysis, but rather emphasizes the possible exceptions and limitations. Grenadier contends that some the studies upon which Chance relies ignore certain types of options and that some studies have noted the potential for inefficiencies in some cases.  (Dkt. No. 247-3, Ex. B., "Grenadier Report.")  This is insufficient to overcome plaintiff's showing of overall efficiency at the stage of class certification.  The Court need not resolve this battle between the experts at this juncture.

Second, plaintiff addressed the relevance of factors identified in *Cammer v. Bloom*, 711 F. Supp. 1264, 1286–87 (D.N.J. 1989) and *Krogman v. Sterritt*, 202 F.R.D. 467, 478 (N.D. Tx. 2001) in terms of stock option, even though those factors are typically used to evaluate market efficiency of common stock.   Chance explains with sufficient logic and persuasion that direct application of these criteria to options is not a useful measure of efficiency. (Chance at ¶¶ 68-71.)  Defendants respond that this position contradicts the stance taken by plaintiff's other expert, Feinstein, in his

1  reports.  Upon review, the Court notes that Feinstein also explained that the options did not satisfy
2  all of the Krogman and *Cammer* factors.  (Dkt. No. 165-3, Feinstein Report at ¶ 148.)  Again,
3  Chance's explanation is sufficient for class certification purposes.  Defendants can use any
4  contradiction in terms of cross-examination.

5  Additionally, defendants argue that plaintiff has not shown that Apple's options
6  themselves are traded in an efficient market.  The Court agrees that plaintiff's showing on this
7  issue is minimal, but here, finds it adequate.  Much more is required prior to trial.  Further
8  subcategories may be required for the final analysis but the Court need not resolve that issue at
9  this juncture.

10 **II. Damages**

11 Next, the Court finds that plaintiff has provided an adequate method of calculating
12 damages for options holders.  (Chance at ¶ 118 (detailing steps of suggested discrete-dividend
13 binomial model).)  In its Class Cert. Order, the Court expressed concern that the proposed model
14 did not have a method to account for variations in options.  Feinstein's report suggested the Black-
15 Scholes model could be used but did not provide further detail.  Plaintiff has now presented a
16 common methodology for determining damages for the various options at issue here.  Chance
17 agrees that Black-Scholes (referred to by him as Black-Scholes-Merton) could be used, but
18 proposes a related model that would also account for the right to exercise early that is a part of the
19 American options at issue here.  (Chance at ¶¶ 114-116.)

20 Defendants argue that the model "cannot distinguish between investors who, 'but-for' the
21 alleged price inflation, would have elected to purchase or sell the same options contract or a
22 different contract.  This is immaterial as the Court has found the options traded in an efficient
23 market, entitling the class to the *Basic* assumption of reliance.  The remainder of defendants'
24 objections appear to highlight differences that exist between the various options that would
25 prevent them from being calculated in exactly the same way or at the same time.  Plaintiff is not
26 required to show that each class member's damages can be calculated at once.  All it is required to
27 show is that damages can "feasibly and efficiently be calculated once the common liability

28

3

questions are adjudicated." *Hatamian v. Advanced Micro Devices, Inc.*, 2016 WL 1042502, at *8 (N.D. Cal. Mar. 16, 2016) (quoting *Levya v. Medline Indus., Inc.*, 716 F.3d 510, 514 (9th Cir. 2013)). Plaintiff has done so here.

### III.   CONCLUSION

Accordingly, the motion is **GRANTED**. The class is modified to include the following bolded language:

> All persons and entities who purchased or otherwise acquired the publicly traded securities of Apple Inc., **including purchasers of Apple Inc. call options and sellers of Apple Inc. put options**, during the period from November 2, 2018 through January 2, 2019, **inclusive,** [2] and who suffered damages by defendants' alleged violations of Sections 10(b) and 20(a) of the Exchange Act. Excluded from the class are (i) Apple and the individual defendants; (ii) members of the families of each individual defendant; (iii) officers and directors of Apple; and (iv) the legal representatives, heirs, successors or assigns of any such excluded party.

This terminates docket number 239.

**IT IS SO ORDERED.**

Dated: March 28, 2023

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also sought to add the word "inclusive" after "November 2, 2018 through January 2, 2019 . . ." but provides no argument in this regard. Defendants do not respond. The Court interprets defendants' silence as consent.

4