JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:      +1 (415) 773-5700
Facsimile:       +1 (415) 773-5759

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 4:19-cv-02033-YGR<br><br>**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (DKT. NO. 351)** |

1   **I.**  **INTRODUCTION**

2          Judge Spero's March 8, 2023 order appropriately held that Defendants should not be

3   required to re-review all 1,867 documents on Defendants' privilege log following Judge Spero's

4   resolution of a narrower dispute related to just 232 of those documents.  Indeed, Plaintiff waited

5   nearly a year after the discovery cut-off—and only after this Court scheduled a hearing on

6   Defendants' summary judgment motion—to request that Defendants revisit their entire log.

7   According to Plaintiff, Defendants should have been required to revisit their privilege

8   determinations for a broad array of documents that were never previously in dispute, many of

9   which have little relevance to the substantive issues remaining in the case.  Judge Spero properly

10   rejected Plaintiff's belated request, and Plaintiff has not established that it is entitled to any relief

11   from Judge Spero's order (Dkt. No. 349, the "Order").

12          To establish that the Order is subject to reversal, Plaintiff must clear the high bar of

13   demonstrating that the Order was "clearly erroneous" or "contrary to law."  Plaintiff has not done

14   so.  As an initial matter, Plaintiff contends that the Order erred in purportedly failing to require

15   compliance with Federal Rule of Civil Procedure 26(e), but Plaintiff never made any argument

16   about Rule 26(e) to Judge Spero, and improperly raises that argument for the first time here.  In

17   any event, Rule 26(e) does not compel Defendants to revisit the entirety of their privilege log

18   because Defendants have not, as the rule requires, "learn[ed] that in some material respect the

19   [earlier] disclosure or response is incomplete or incorrect."  Plaintiff's argument to the contrary

20   relies on pure speculation.  There has been no showing that Judge Spero's order resolving the

21   narrower dispute involving 232 documents is broadly applicable to the entirety of Defendants'

22   privilege log.  And finally, Plaintiff's extended delay in challenging the entirety of Defendants'

23   privilege log was by itself reason enough for Judge Spero to deny Plaintiff's request.

24          Plaintiff's Motion should be denied.

25   **II.**  **PROCEDURAL BACKGROUND**

26          After meeting and conferring and significant motion practice, the scope of the parties'

27   dispute over privilege issues was clear:  Plaintiff was challenging 232 documents (out of 1,867

28

total) on Defendants' privilege log.  *See* Dkt. No. 246-03 at 1.  On August 3, 2022, Judge Spero issued a 43-page order (Dkt. No. 272, the "August 3, 2022 Order"), in which he provided guidance regarding 27 documents reviewed *in camera*, and instructed Defendants to apply that guidance to the other documents in the set of 232 documents remaining in dispute.

In October 2022, this Court stayed Defendants' obligation to produce documents in compliance with Judge Spero's August 3, 2022 Order until a decision by the Supreme Court in the then-pending case of *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021), No. 21-1397 (U.S.).  *See* Dkt. No. 317.  Shortly after the Supreme Court's January 2023 dismissal of the proceedings in *Grand Jury* as improvidently granted, Defendants produced 156 previously-withheld documents to Plaintiff in compliance with the August 3, 2022 Order.  Plaintiff then waited more than three weeks, until after this Court scheduled a hearing on Defendants' summary judgment motion, to suggest for the first time that Defendants should be required to re-review not just the 232 documents remaining in dispute, but *all* of the 1,867 documents on their log.  Unable to reach an agreement, on March 7, 2023, the parties submitted a joint discovery letter to Judge Spero, in which Plaintiff argued that Defendants had violated the August 3, 2022 Order by not re-reviewing every single document on Defendants' privilege log.  Dkt. No. 348.  Judge Spero rejected Plaintiff's attempt to expand the privilege dispute eightfold, reminding Plaintiff that the parties previously narrowed their privilege dispute to 232 documents.  *See* Dkt. No. 349.  Plaintiff's motion for partial relief from Judge Spero's Order followed.[1]

## III.   THE MAGISTRATE JUDGE'S ORDER WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW

A magistrate judge's nondispositive order may be modified or set aside under Federal Rule of Civil Procedure 72 if the district court finds it to be "contrary to law" or "clearly erroneous."  *In re PFA Ins. Mktg. Litig.*, 2021 WL 5991681, at *1 (N.D. Cal. Nov. 4, 2021); Fed. R. Civ. P. 72(a).  "The magistrate's factual determinations are reviewed for clear error," and the

---

[1] Plaintiff's motion was filed on March 22, 2023.  Dkt. No. 351.  The Court ordered briefing on the motion on April 17, 2023.  Dkt. No. 353.  Defendants respectfully submit that pursuant to Local Rule 72-2(d), the motion should have been "deemed denied" when the Court had not entered an order setting a briefing schedule within 14 days of the motion's filing.

1    district court may only set aside those factual determinations if it is left with a "definite and firm

2    conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348

3    (N.D. Cal. 2010).  Plaintiff has not demonstrated that Judge Spero's Order is subject to reversal

4    under this heightened standard of review.

5                   **A.      The Magistrate Judge Committed No Legal Error**

6            The Magistrate Judge's Order was not contrary to law.  Plaintiff contends that it was

7    "contrary to law" for Judge Spero to purportedly absolve Defendants of an obligation to comply

8    with Federal Rule of Civil Procedure 26(e) (*see* Motion at 4-5), but Judge Spero's Order does not

9    address Rule 26(e).  This is no surprise because Plaintiff *did not raise any argument about Rule*

10   *26(e)* before Judge Spero.  Instead, Plaintiff raised the Rule 26(e) argument for the first time

11   before *this* Court, in the context of the pending motion.  The Court should decline to consider the

12   Rule 26(e) argument for that reason alone.  *See Cahill v. GC Servs. Ltd. P'ship*, 2018 WL

13   1791910, at *4 (S.D. Cal. Apr. 16, 2018) ("When seeking reconsideration of a magistrate judge's

14   decision, a party may not raise a new argument to the district court that was never raised to the

15   magistrate judge.").

16           In any event, there is no apparent disagreement about the relevant legal principles.

17   Defendants do not dispute that Rule 26(e) requires parties to supplement their previous

18   disclosures in certain circumstances.  But as explained below, the Magistrate Judge appropriately

19   determined that no further supplementation was required from Defendants.

20                   **B.      The Magistrate Judge's Order Was Not Clearly Erroneous**

21           The Magistrate Judge did not commit "clear error" in holding that Defendants were not

22   required to re-review all of the 1,867 documents on their privilege log.  Judge Spero rejected

23   "Plaintiff's request for relief as to *all* of the documents on Defendants' privilege logs," correctly

24   pointing out that "[t]he parties previously narrowed their privilege disputes to 232 documents."

25   Order at 1.  Nothing in Judge Spero's Order runs afoul of the requirements of Rule 26(e).  The

26   duty to supplement and correct disclosures under Rule 26(e) applies only when a party learns—in

27   other words, has "actual knowledge"—that its prior disclosures are incomplete or incorrect.  *See*

28

*Complete Ent. Res. LLC v. Live Nation Ent., Inc.*, 2017 WL 11631963, at \*4-\*5 (C.D. Cal. Oct. 18, 2017).  Plaintiff has made no such showing here.  Plaintiff's assertion that there is a "strong basis to expect" that two-thirds of the remaining documents on Defendants' privilege log are inappropriately withheld, (Motion at 3), is premised on nothing more than speculation.[2]

Plaintiff provides no reason to suggest that Judge Spero's findings in the August 3, 2022 Order as to the 232 disputed documents could be readily extrapolated to the remaining 1,600+ documents on Defendants' log.  Nor could it.  Judge Spero's rulings were both context-specific— limited to five discrete categories of documents challenged by Plaintiff—and document-specific. For example, Plaintiff's primary challenge to the log involved documents related to Apple's preannouncement of its Q1 2019 guidance miss in the form of a Letter from Tim Cook to Apple Investors ("Investor Letter").  Judge Spero found that the communications he reviewed relating to the Investor Letter were "dual-purpose" communications, requiring an assessment of whether "the primary purpose" of the communication was "to give or receive legal advice" as opposed to business advice, pursuant to the test articulated in *Grand Jury* regarding dual-purpose communications.  *See* Dkt. No. 272 at 6.  Plaintiff has made no showing that Judge Spero's findings as to the documents challenged by Plaintiff regarding the "Investor Letter" are broadly applicable to the remainder of Defendants' privilege log.  While Plaintiff claims that 978 documents on Defendants' log contain the words, "reflect[] legal advice from in-house counsel," as part of the document description, Motion at 3-4, Plaintiff omits the relevant portion of the privilege description for these documents—the portion that explains the subject matter of the relevant legal advice.  That subject matter varies from document to document and often involves purely legal issues—for example, litigation, investigations, preliminary injunctions, and the like—to which the principles set forth in *Grand Jury* regarding dual-purpose communications would not apply.

Plaintiff is essentially asking the Court to order Defendants to search for purported deficiencies in their privilege log based on Plaintiff's unsubstantiated suspicions.  Judge Spero,

---

[2] Plaintiff's suggestion in the Motion that Defendants have admitted that their privilege log contains inappropriately withheld materials is untrue.  Defendants have made no such admission.

4

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF
FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE
CASE NO. 4:19-CV-02033-YGR

1  who has deep familiarity with the parties' privilege dispute, did not commit clear error when he

2  determined that no such exercise was necessary.

3         Finally, if Plaintiff believed that other documents on Defendants' privilege log were

4  improperly withheld, it could and should have raised that issue with Defendants and the Court in

5  a timely fashion, instead of waiting until nearly a year after the discovery cut-off, and six months

6  after Judge Spero's August 3, 2022 Order.  Plaintiff's delay is not justified by the timing of the

7  Supreme Court's dismissal of the writ of certiorari in *Grand Jury*, or by the timing of the August

8  3, 2022 Order.  At the time of Plaintiff's original challenge to Defendants' privilege

9  determinations, the Ninth Circuit's decision in *Grand Jury* had already been issued.  Indeed,

10  Plaintiff cited *Grand Jury* in its motion to compel.  *See* Dkt. No. 246-03 at 5.  If Plaintiff believed

11  *Grand Jury* compelled the production of additional documents on Defendants' privilege log,

12  Plaintiff had time to raise that argument prior to the discovery cutoff.[3]  Plaintiff's delay alone

13  provided ample reason for Judge Spero to deny Plaintiff's request.  *See* L.R. 37-3 ("no discovery-

14  related motions may be filed more than 7 days after the discovery cut-off"); *Helfand v. Gerson*,

15  105 F.3d 530, 536 (9th Cir. 1997) ("By failing to bring a motion to compel production, the

16  plaintiffs waived their objection to the assertion of the privilege.").

17  **IV.   CONCLUSION**

18         For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's

19  Motion for Partial Relief.

20

21  Dated:  April 24, 2023                 Respectfully submitted,
                                           ORRICK, HERRINGTON & SUTCLIFFE LLP

22

23                                              */s/ James N. Kramer*
                                              JAMES N. KRAMER

24
                                    Attorneys for Defendants Apple Inc., Timothy D. Cook,
25                                               and Luca Maestri

26

27  ────────────────────
    [3] Even after the Supreme Court dismissed the proceedings in *Grand Jury*, Plaintiff waited an
28  additional three weeks to demand a re-review of Defendants' entire privilege log.