1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   DANIEL J. PFEFFERBAUM (248631)
3  KENNETH J. BLACK (291871)
   HADIYA K. DESHMUKH (328118)
4  JACOB G. GELMAN (344819)
   Post Montgomery Center
5  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
6  Telephone:  415/288-4545
   415/288-4534 (fax)
7  shawnw@rgrdlaw.com
   dpfefferbaum@rgrdlaw.com
8  kennyb@rgrdlaw.com
   hdeshmukh@rgrdlaw.com
9  jgelman@rgrdlaw.com
        – and –
10 MARK SOLOMON (151949)
   JASON A. FORGE (181542)
11 RAPHAELLA FRIEDMAN (323324)
   655 West Broadway, Suite 1900
12 San Diego, CA  92101
   Telephone:  619/231-1058
13 619/231-7423 (fax)
   marks@rgrdlaw.com
14 jforge@rgrdlaw.com
   rfriedman@rgrdlaw.com

15 Lead Counsel for Lead Plaintiff

16 [Additional counsel appear on signature page.]

17                UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA

19                    OAKLAND DIVISION

20

| | | |
|---|---|---|
| 21 In re APPLE INC. SECURITIES LITIGATION | ) ) | Case No. 4:19-cv-02033-YGR |
| 22 | ) ) | CLASS ACTION |
| 23 This Document Relates To: | ) ) | REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PARTIAL |
| 24      ALL ACTIONS. | ) ) ) ) | RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE |

25

26

27

28

1    **I.    INTRODUCTION**[1]

2        Defendants continue to withhold approximately 1,600 documents as a result of a privilege

3    review that did not apply the Ninth Circuit's controlling "the primary purpose" test – a test

4    Defendants themselves claimed would materially affect what relevant documents they would

5    produce.  The Magistrate Judge found ***67%*** of the 27 documents he reviewed *in camera* improperly

6    withheld as privileged.  Defendants' own court-ordered re-review found the same error rate for

7    205 documents reviewed.  But the March 8, 2023 Order effectively, and contrary to law, relieved

8    Defendants of any obligation under Federal Rule of Civil Procedure 26(e) to apply, for the first

9    time, "the primary purpose" test from *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021), to all the

10   documents they continue to withhold.

11       Rather than contest these facts, the Opposition (ECF 355) ("Opposition" or "Opp.") makes

12   three arguments that have no bearing on the relief requested.  First, it argues some documents

13   Defendants continue to withhold may not require re-review.  Second, it argues that absent a court

14   order, Defendants do not have "'actual knowledge'" (Opp. at 3) that they must supplement or

15   correct their productions.  And third, it argues Plaintiff's purported delays excuse the Magistrate

16   Judge's decision to relieve Defendants of their Rule 26(e) obligations.  These contentions are not

17   accurate and would not change the outcome of the Motion even if they were true.  The Court

18   should grant the Motion because the March 8, 2023 Order was contrary to law.

19   **II.    ARGUMENT**

20       **A.    Apple Does Not Dispute that It Continues to Withhold Relevant, Non-**
         **Privileged Documents Based on a Privilege Review that Is Contrary to**
21       **Ninth Circuit Law**

22       The Opposition does not dispute the facts described in the Motion, which are sufficient to

23   find the March 8, 2023 Order contrary to law: Defendants' privilege review did not comply with

24   the Ninth Circuit's controlling test from *In re Grand Jury*; multiple courts have now rejected the

25   test Defendants did apply in their privilege review; and both the Magistrate Judge's *in camera*

26

27   [1]   All terms not defined herein have the same meaning as in Lead Plaintiff's Motion for Partial
     Relief from Nondispositive Order of Magistrate Judge (ECF 351) ("Motion" or "Mot.").  All

28   citations and footnotes omitted and emphasis added unless otherwise indicated.

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM
NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE - 4:19-cv-02033-YGR                    - 1 -
4893-6241-8272.v1

1    review and Defendants' own re-review resulted in a consistent, alarming 67% error rate.  As a

2    result, Defendants continue to withhold approximately 1,600 documents pursuant to that flawed

3    privilege review.  Defendants are plainly on notice of these facts.

4            In response, Defendants argue that their 67% error rate is not "readily extrapolated" to the

5    still withheld documents.  Opp. at 4.  In support, Defendants argue *some* still-withheld documents:

6    (i) are "purely legal," such that a test for dual purpose documents does not apply; and (ii) do not

7    concern the process resulting in Cook's January 2, 2019 letter to investors, which they claim is the

8    only subject of the Magistrate Judge's analysis.  *Id.*  As an initial matter, Defendants' 67% error

9    rate across 232 documents is sufficiently egregious that it independently requires re-review of all

10   documents.  Mot. at 3 (citing *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2023 WL

11   1871107, at *19 (N.D. Cal. Feb. 9, 2023)).  Indeed, substantially lower rates would require remedy

12   beyond the limited relief Plaintiff seeks here.  *See* ECF 348 at 4 n.3.

13           While there is no requirement that Plaintiff must show the error rate will "extrapolate"

14   across the 1,600 withheld documents, there is ample evidence that will be the case.  As explained

15   in the Motion, hundreds of still-withheld documents concern the same business topics or bear the

16   same boilerplate privilege assertions as those recently produced.  Further, many of the still-

17   withheld documents were either attached to or attach non-privileged "family" documents to those

18   recently produced.  They are likely non-privileged for the same reasons.  *See* Mot. at 3-4.[2]

19           Moreover, Defendants' generic privilege assertions have been shown to have concealed,

20   and likely still conceal, how readily the Magistrate Judge's analysis will extrapolate to the still-

21   withheld documents.  For example, on February 13, 2023, Plaintiff filed with the Court a "Q&A"

22   document Apple created as part of the process resulting in what the Opposition calls the "Investor

23   Letter."  ECF 341-5; Opp. at 4.  That document was never privileged under any standard, and

24   Defendants' privilege logs concealed the relationship between it and Cook's January 2, 2019

25   "Investor Letter."  Yet Defendants refused to produce it until January 31, 2023, almost a year after

26   the discovery cut-off.  Now, they refuse to re-review the more than 250 documents remaining on

27

28   _____
     [2]    To the extent Defendants believe the primary purpose test does not apply to some documents,
     this simply lessens the claimed time and expense of correcting their erroneous privilege review.

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM
NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE - 4:19-cv-02033-YGR                                    - 2 -
4893-6241-8272.v1

Defendants' privilege log described as "Q&A" in the subject or filename.  They even refuse to re-review the one parent email to the "Q&A" document Plaintiff submitted to the Court.  These examples, among others, indicate a significant error rate will "readily extrapolate" to the documents to which Defendants never applied the "the primary purpose" test.  The March 8, 2023 Order is contrary to law because it constructively permits this result.

### B.   Apple Does Not Dispute that the March 8, 2023 Order Effectively Relieved Defendants of Their Obligations Under Rule 26

As it must, the Opposition concedes Rule 26(e) requires parties to supplement or correct incomplete or incorrect productions (Opp. at 3) – ***even after the end of the discovery period and*** "'***without the need for a request from opposing counsel or an order from the Court***.'"  Mot. at 4-5.  Thus, Defendants' contention that they have no "actual knowledge" that their productions are incomplete or in error because the Magistrate Judge "determined that no further supplementation was required from Defendants" is wrong.  Opp. at 3.[3]  Defendants ***know*** they did not apply "the primary purpose" test.  And Defendants have repeatedly argued that this is "***one such case***" where application of the primary purpose test was outcome determinative.  *See* ECF 286 at 2; ECF 276 at 2 (same).  Defendants' arguments should be taken at face value – the documents they are withholding are not privileged under the controlling Ninth Circuit standard.

### C.   Plaintiff Has Timely Sought to Require Defendants to Comply with Controlling Authority

The Motion is timely.  Defendants' three bases to find delay mischaracterize the record.  First, it was not until Defendants challenged the August 3, 2022 Order – months after the close of fact discovery – that they revealed for the first time they considered the "the primary purpose test" outcome determinative and ***had never applied it***.  *See, e.g.*, ECF 304 at 4-5, 8-9.  Further, Plaintiff was precluded from challenging that failure before this calendar year by Defendants' requested stays.  Thus, Plaintiff did not "wait[]" until after the discovery cut-off or the August 3, 2023 Order to challenge Defendants' failure to apply controlling law.  Opp. at 5.

---

[3]   The case cited for Defendants' so-called "actual knowledge" requirement referred to "a prior version of Rule 26(e)," a fact that the Opposition omits.  *See Complete Entm't Res. LLC v. Live Nation Entm't, Inc.*, 2017 WL 11631963, at *4 (C.D. Cal. Oct. 18, 2017).

1    Second, the contention that Plaintiff "waited an additional three weeks" after the Supreme

2    Court's January 23, 2023 dismissal of *In re Grand Jury* is a gross misrepresentation of the facts.

3    Opp. at 5 n.3.  It was not until February 15, 2023, that Defendants stated their completion of

4    productions of non-privileged documents, which allowed the parties to resume meet and conferrals

5    as required by the August 3, 2023 Order.  *See* ECF 348 at 2; August 3, 2022 Order at 43.  It was

6    Defendants who told this Court on January 31, 2023, they had "now produced documents to

7    Plaintiff in accordance with . . . [the] August 3, 2022 [Order]" (ECF 337), only to inform Plaintiff

8    (but not the Court) that they needed two more weeks to complete their compliance.  Indeed,

9    Defendants' compliance remained incomplete ***until at least April 14, 2023***, when Defendants

10   finally produced a supplemental privilege log as required by the August 3, 2022 Order, along with

11   10 more previously withheld documents.  August 3, 2022 Order at 43.

12   Third, Defendants' claim that Plaintiff did not timely raise Rule 26(e) with the Magistrate

13   Judge is meaningless.  Plaintiff was permitted only a 2.5 page update to "identif[y]" all the

14   "documents that remain in dispute." *Id.*  Plaintiff was never provided an opportunity to fully brief

15   its position, including the import of Rule 26(e).

16   Finally, when it favored them, Defendants argued the Court must stay this litigation and

17   dismissed the consequence of any delay.  ECF 277 at 4 ("the insignificant potential harm to

18   Plaintiff falls out of the picture").  Now, after Defendants have exhausted every mechanism for

19   delay and their privilege assertions have finally been exposed as contrary to law, Defendants insist

20   that it is too late to correct their own errors – something Rule 26(e) obligates them to do whatever

21   the timing of Plaintiff's challenge, or even in the absence of one.  Defendants should not be

22   rewarded for failing to follow controlling law and then concealing that failure.

23   **III.    CONCLUSION**

24   For the foregoing reasons, the Court should grant the Motion.

25    DATED:  May 1, 2023                                Respectfully submitted,

26                                                                          s/ Kenneth J. Black
                                                                           KENNETH J. BLACK
27

28

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM
NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE - 4:19-cv-02033-YGR                              - 4 -
4893-6241-8272.v1

1       ROBBINS GELLER RUDMAN
            & DOWD LLP
2       SHAWN A. WILLIAMS
        DANIEL J. PFEFFERBAUM
3       KENNETH J. BLACK
        HADIYA K. DESHMUKH
4       JACOB G. GELMAN
        Post Montgomery Center
5       One Montgomery Street, Suite 1800
        San Francisco, CA  94104
6       Telephone:  415/288-4545
        415/288-4534 (fax)
7       shawnw@rgrdlaw.com
        dpfefferbaum@rgrdlaw.com
8       kennyb@rgrdlaw.com
        hdeshmukh@rgrdlaw.com
9       jgelman@rgrdlaw.com

10      ROBBINS GELLER RUDMAN
            & DOWD LLP
11      MARK SOLOMON
        JASON A. FORGE
12      RAPHAELLA FRIEDMAN
        655 West Broadway, Suite 1900
13      San Diego, CA  92101
        Telephone:  619/231-1058
14      619/231-7423 (fax)
        marks@rgrdlaw.com
15      jforge@rgrdlaw.com
        rfriedman@rgrdlaw.com
16
        Lead Counsel for Lead Plaintiff
17
        LABATON SUCHAROW
18      CAROL C. VILLEGAS
        140 Broadway
19      New York, NY 10005
        Telephone: 212/907-0700
20      212/883-7524 (fax)
        cvillegas@labaton.com
21
        Counsel for Employees' Retirement System of the
22      State of Rhode Island

23      VANOVERBEKE, MICHAUD & TIMMONY,
        P.C.
24      THOMAS C. MICHAUD
        79 Alfred Street
25      Detroit, MI  48201
        Telephone:  313/578-1200
26      313/578-1201 (fax)
        tmichaud@vmtlaw.com
27
        Additional Counsel
28

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM
NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE - 4:19-cv-02033-YGR                  - 5 -
4893-6241-8272.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 1, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Kenneth J. Black

KENNETH J. BLACK
ROBBINS GELLER RUDMAN
  & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  kennyb@rgrdlaw.com

4893-6241-8272.v1

## Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com,RRamphul@labaton.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Jacob G. Gelman**
  jgelman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com,cgrady@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,abarbosa@pomlaw.c

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

https://ecf.cand.uscourts.gov/cgi-bin/MailList.pl?762416844333316-L_1_0-1                                                      1/2

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,kjudd@labaton.com,agreenbaum

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)