ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
– and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff
[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION OF INTERLOCUTORY ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

DATE: TBD
TIME: 2:00 p.m.
CTRM: 1, 4th Floor
JUDGE: Hon. Yvonne Gonzalez Rogers

## TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ....................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

I. INTRODUCTION ........................................................................................................1

II. RELEVANT PROCEDURAL HISTORY ......................................................................3

III. ARGUMENT ................................................................................................................5

A. The Ninth Circuit's Decision in *Forescout* Represents a Change of Law in Assessing the Context of Certain Alleged False or Misleading Statements ............5

B. *Forescout* Warrants Reconsideration of the Court's Prior Holding that the XR Demand Statement Was Inactionable Puffery..................................................7

C. Evidence in the Record Demonstrates that the XR Demand Statement Was False and Misleading ...............................................................................................8

D. Defendants' Proffered Defense Is Premised on the Facts Cook Omitted From the XR Demand Statement Being Material to Investors ................................9

IV. CONCLUSION ............................................................................................................10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*,
63 F.4th 747 (9th Cir. 2023) ........ *passim*

*In re Grand Jury*,
23 4th 1088 (9th Cir. 2021),
*cert. dismissed*, 598 U.S._, 143 S. Ct. 543 (U.S. 2023) ........ 5

*Sepehry-Fard v. Bank of New York Mellon, N.A.*,
2014 WL 460895 (N.D. Cal. Feb. 3, 2014),
*aff'd*, 588 F. App'x 685 (9th Cir. 2014) ........ 5

*United States v. Acad. Mortg. Corp.*,
2018 WL 4852377 (N.D. Cal. Oct. 3, 2018) ........ 5

*United States v. Martin*,
226 F.3d 1042 (9th Cir. 2000) ........ 5

**STATUTES, RULES AND REGULATIONS**

28 U.S.C.
§1292(b) ........ 5

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on a date to be determined, at 2:00 p.m., before the Honorable Yvonne Gonzalez Rogers, United States District Judge, at the United States District Court, Northern District of California, Oakland Division, 1301 Clay Street, Courtroom 1, 4th Floor, Oakland, California 94612, Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff"), hereby brings this Motion, pursuant to Rule 7-9 of the United States District Court for the Northern District of California Civil Local Rules ("L.R."), for an order granting leave to file a motion for partial reconsideration of the Court's November 4, 2020 Order Granting in Part and Denying in Part Defendants'[1] Motion to Dismiss the Revised Consolidated Class Action Complaint (ECF 123) (the "November 4, 2020 Order"). This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Daniel J. Pfefferbaum ("Pfefferbaum Decl.") and the exhibit thereto, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to L.R. 7-9, and based on the Ninth Circuit's recent decision in *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747 (9th Cir. 2023), Plaintiff respectfully requests leave to file a motion for partial reconsideration of the Court's November 4, 2020 Order granting in part Defendants' motion to dismiss, specifically to address the Court's dismissal of an alleged false and misleading statement by Cook as inactionable puffery.[2]

---

[1] "Defendants" are Apple Inc. ("Apple" or the "Company"), Chief Executive Officer ("CEO") Timothy D. Cook ("Cook"), and Chief Financial Officer ("CFO") Luca Maestri ("Maestri").

[2] Plaintiff recently submitted the *Forescout* opinion, dated March 16, 2023, for the Court's consideration. ECF 357-1. A copy of the Mandate, issued on May 3, 2023, following denial of a petition for rehearing, is attached as Exhibit A to the Pfefferbaum Decl.

In *Forescout*, the Ninth Circuit reversed the dismissal of alleged false statements ruled to be inactionable puffery by the District Court because of the context in which those statements were made. In that case, the defendant CEO and CFO of Forescout Technologies, Inc. ("Forescout") made alleged false statements which otherwise might have been considered vague or immaterial, but because those statements were made during earnings conference calls during which Forescout announced negative information or disappointing financial outlooks, and those statements were made in response to specific questions from financial analysts – including questions about the basis for Forescout's guidance – the Ninth Circuit reversed the District Court's dismissal because "***[g]iven this context, the statements cannot be discounted as mere* '*puffery*.'" *Id.* at 771.[3]

The factual circumstances presented here are nearly identical. On November 1, 2018, Apple held an earnings conference call during which it announced Apple would no longer report iPhone unit sales and provided 1Q19 revenue guidance below analysts' expectations. As Defendants anticipated, analysts sought further information, including whether the lower-than-expected 1Q19 revenue guidance was a result of poor demand for the newly-introduced iPhone XR. Cook responded by stating that Apple had very little data on the iPhone XR, thus denying any connection existed between the revenue guidance and demand for the new iPhone:

> [Analyst:] [W]hat, if anything, can we take away from the December quarter guidance related to what you're seeing for early demand on the XR? . . .
>
> . . . [Cook:] The XR, we've only got out there for, I guess, 5 – 5 days or so at this point and so that it's – we have very, very little data there.

¶57 ("XR Demand Statement").[4] At the motion to dismiss stage – despite crediting reports that Apple had already cut millions of units of iPhone XR production – the Court held the XR Demand Statement appeared to be "accurate" and was "the type of vague, hedging, hyper-specific statement[] that [is] not likely to give investors an impression of a state of affairs one way or the other" and is "puffery." November 4, 2020 Order at 11.

---

3 All citations and footnotes omitted and emphasis added unless otherwise indicated.

4 All "¶_" citations herein are to the Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF 114) ("Complaint").

Following discovery, Plaintiff sought leave to amend the Complaint with undisputed evidence that the XR Demand Statement was both false and material because Apple had significant data showing weak demand for the iPhone XR and because poor sales of the iPhone XR were the primary driver causing Apple to reduce its guidance by $6 billion in the days prior to November 1, 2018. However, on September 19, 2022, the Court denied Plaintiff's motion holding that it had previously "found as a matter of law that the [XR Demand Statement] is puffery and therefore non-actionable, regardless of its truth or falsity." ECF 310 at 2.

In light of the recent Ninth Circuit opinion in *Forescout*, Plaintiff now moves for reconsideration. While the Court previously assessed the context of the XR Demand Statement, it did so without the benefit of the Ninth Circuit's analysis of nearly identical circumstances and without the evidence now in the record. Like *Forescout*, the XR Demand Statement was made by Cook during an earnings conference call during which Apple provided both disappointing revenue guidance and negative information concerning withdrawal of unit sales. Like *Forescout*, Cook was responding to a direct question from an analyst about the basis for Apple's lower-than-expected guidance. And, like in *Forescout*, the evidence shows that Cook provided a materially false and misleading response. Under the analysis set forth in *Forescout*, the context of the XR Demand Statement establishes that it "cannot be discounted as mere 'puffery.'" 63 F.4th at 771. This change of law warrants leave to file a motion for reconsideration.

## II. RELEVANT PROCEDURAL HISTORY

On June 23, 2020, Plaintiff filed the Complaint alleging that the XR Demand Statement was materially false and misleading:

> [Analyst:] With the staggered iPhone launch, were you able to discern any impact on the Xs and Xs Max from buyers potentially waiting for the XR? And ***what, if anything, can we take away from the December quarter guidance related to what you're seeing for early demand on the XR***? . . .
>
> . . . [Cook:] The ***Xs and Xs Max got off to a really great start***, and we've only been selling for a few weeks. ***The XR, we've only got out there for, I guess, 5 – 5 days or so at this point and so that it's – we have very, very little data there***.

¶57. Defendants moved to dismiss the XR Demand Statement, arguing it was accurate and Plaintiff failed to allege scienter, but not on the basis of puffery. ECF 118 at 1, 9, 12-19.[5] In its November 4, 2020 Order, the Court granted Defendants' motion with respect to the XR Demand Statement:

> Cook's statement that he has "very, very little data" regarding the iPhone XR launch appears to be accurate. ***In short, these are the type of vague, hedging, hyper-specific statements that are not likely to give investors an impression of a state of affairs one way or the other***.
>
> Accordingly, the Court finds that plaintiff fails to allege that the iPhone demand statements were false or misleading because ***they are puffery*** and do not address the specific areas that defendants allegedly knew to be doing poorly.

November 4, 2020 Order at 11 (emphasis omitted).[6] The Court denied Defendants' motion with respect to Cook's statement about business conditions and pressure in Greater China, and weak demand for iPhones there (the "Greater China Statement"), and the parties proceeded to discovery.

On July 5, 2022, Plaintiff sought leave to file the [Proposed] Second Amended Class Action Complaint for Violation of the Federal Securities Laws (ECF 250-2) to conform to the evidence obtained in discovery, including evidence demonstrating that by November 1, 2018, the Company had copious data – collected over well more than five days – on poor iPhone XR demand and that the XR Demand Statement created a materially misleading impression by concealing that weak demand for the iPhone XR was a primary driver of the lower-than-expected guidance. ECFs 250, 279. These facts are now part of the summary judgment record. *See* ECF 322-3.

The Court rejected Plaintiff's request to amend the Complaint, holding that the XR Demand Statement was inactionable puffery as a matter of law and thus did not consider the new evidence:

> ***This Court found as a matter of law that the Data Misrepresentation is puffery and therefore non-actionable, regardless of its truth or falsity***. (Dkt. No.

---

[5] While the Court did not address the XR Demand Statement, in assessing the prior Corrected Consolidated and Amended Class Action Complaint for Violation of the Federal Securities Laws (ECF 98), the Court rejected Defendants' puffery arguments because "a party cannot affirmatively create a positive impression of an area it knows to be doing poorly." ECF 110 at 24.

[6] As the XR Demand Statement is already in the Complaint, no further amendment would be necessary, nor is Plaintiff seeking further fact discovery in the event that the XR Demand Statement is found actionable.

> 123 at 11.) Additional facts going to the falsity of the misrepresentation will not make the misrepresentation actionable. The proposed amendments are therefore futile.

ECF 310 at 2. The Court further held: "To the extent plaintiffs disagree with the Court's legal conclusions, the proper motion would have been one for reconsideration." *Id.*[7]

## III. ARGUMENT

### A. The Ninth Circuit's Decision in *Forescout* Represents a Change of Law in Assessing the Context of Certain Alleged False or Misleading Statements

L.R. 7-9(b) provides that a party moving for reconsideration of an interlocutory order of the Court must show "a change of law occurring after the . . . order." L.R. 7-9(b)(2). "The relevant question, however, is whether [the new authority] changes the falsity analysis under the [applicable] fraud theory." *United States v. Acad. Mortg. Corp*., 2018 WL 4852377, at *2 (N.D. Cal. Oct. 3, 2018) (in context of False Claims Act *qui tam* suit); *see also Sepehry-Fard v. Bank of New York Mellon, N.A.*, 2014 WL 460895, at *2 (N.D. Cal. Feb. 3, 2014), *aff'd*, 588 F. App'x 685 (9th Cir. 2014) (change of law supporting reconsideration should "cite, apply, or consider the federal statutes that were the subject of this Court's . . . orders"). "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). There is no dispute that *Forescout* was issued after the November 4, 2020 Order and directly addressed the analysis of the context of alleged false and misleading statements in securities fraud actions under virtually identical factual circumstances,

---

[7] While the Court held Plaintiff's motion for leave to amend as untimely (ECF 310 at 2-3), there remains no concern of significant delay as summary judgment remains outstanding and no trial date has been set. Indeed, Defendants continued producing documents as recently as April 14, 2023 – more than a year after the March 16, 2022 discovery cutoff. And, the parties' privilege dispute remains ongoing before both the Court and the Magistrate Judge with respect to different disputes. *See* ECFs 348-349, 351, 353. Notably, Defendants repeatedly sought to delay this action where they believed it could benefit them. *See, e.g.*, ECF 304 (Defendants' motion to certify interlocutory appeal under 28 U.S.C. §1292(b) and for a stay of production); ECF 313 (Defendants' motion for stay pending resolution of petition for writ of mandamus); ECF 319 (Defendants' motion for stay pending *In re Grand Jury*, 23 4th 1088 (9th Cir. 2021), *cert. dismissed*, 598 U.S._, 143 S. Ct. 543 (U.S. 2023)).

and instructed that statements like those *Forescout* analyzed cannot be dismissed as puffery at the pleading stage.[8]

Like this case, *Forescout* is a securities class action brought under §10(b) of the Securities Exchange Act of 1934 against Forescout, its CEO, and CFO for making materially false and misleading statements. 63 F.4th at 755, 764. In *Forescout*, defendants sought to dismiss certain statements on the basis of puffery. For example, on May 9, 2019, Forescout announced that it exceeded 1Q19 revenue guidance but its 2Q19 projected revenue growth disappointed analysts and investors. *Id.* at 758. During Forescout's earnings conference call, an analyst asked: "'Why are you increasing the guidance for the year? . . . I just want to understand on what basis you're increasing the guidance?'" *Id.* at 758-59. The defendant CEO referenced, *inter alia*: "'We have a very large pipeline [of deals].'" *Id.* at 759. Similarly, during an August 7, 2019 earnings conference call addressing the percentage of "'ramped up'" (*i.e.*, experienced) sales representatives, the defendant CEO stated: "[T]he percentage of 'ramped-up' sales representatives [is] 'tracking very well for us.'" *Id.* at 762.

In *Forescout*, the Ninth Circuit rejected defendants' argument that phrases such as "'tracking very well'" or "'very large pipeline'" are nonactionable puffery. The Ninth Circuit held "that the challenged statements 'contravened the unflattering facts in [Forescout's] possession,'" and, based on their context, could not be dismissed as puffery:

> [M]any of the challenged statements were made during earnings conference calls after Forescout announced disappointing financial predictions or results, and most of the challenged statements were made in response to specific questions asked by financial analysts. ***Given this context, the statements cannot be discounted as mere "puffery."***

*Id.* at 770-71 (some alteration in original). *Forescout* changes how courts in the Ninth Circuit must analyze statements made in similar contexts.

---

8 There is also no dispute that Plaintiff diligently brings the instant Motion. *See* L.R. 7-9. *Forescout* was recently decided and the petition for *en banc* rehearing was denied by the Ninth Circuit less than two weeks ago. *Glazer Cap. Mgmt. v. Forescout Techs., Inc.*, No. 21-16876, Order (9th Cir. Apr. 25, 2023). The Mandate in the case was issued on May 3, 2023. *See Glazer Cap. Mgmt. v. Forescout Techs., Inc.*, No. 21-16876, Mandate (9th Cir. May 3, 2023); Pfefferbaum Decl., Ex. A.

### B. *Forescout* Warrants Reconsideration of the Court's Prior Holding that the XR Demand Statement Was Inactionable Puffery

*Forescout* addresses not only the same type of claim as asserted by Plaintiff here, but also the same analysis of a purported puffery defense, and does so in a virtually identical factual scenario as presented by the XR Demand Statement. First, in *Forescout*, the alleged false and misleading statements were made by executive defendants on earnings conference calls. Here, the XR Demand Statement was made by CEO Cook on Apple's November 1, 2018 earnings conference call addressing 4Q18 results and 1Q19 guidance.

Second, the alleged misrepresentations in *Forescout* were made in the context of that company disclosing negative results and/or providing a negative outlook on the earnings conference call. Here, again, on November 1, 2018, Apple provided investors with 1Q19 earnings guidance that was below consensus expectations and that Apple internally expected would cause its share price to decline. ECF 294-4. Apple also announced that it would no longer report unit sales for the iPhone which commentators believed was an effort to conceal declining iPhone sales. ¶¶58-59.

Third, *Forescout* addresses alleged misrepresentations that were made in response to questions from financial analysts, including an analyst asking questions specifically to "'understand'" the "'basis'" for Forescout's guidance. 63 F.4th at 759. Here, the XR Demand Statement came in response to an extremely similar analyst question seeking information about the connection (if any) between Apple's disappointing 1Q19 revenue guidance and whether it was driven by weak early demand for the iPhone XR: "[W]hat, if anything, can we take away from the December quarter guidance related to what you're seeing for early demand on the XR?" ¶57.

Thus, *Forescout* analyzes statements made in a virtually identical context, and the Ninth Circuit held that statements like the XR Demand Statement are not puffery – they are material to investors. Reconsideration is warranted to assess the XR Demand Statement in light of this change of law.

### C. Evidence in the Record Demonstrates that the XR Demand Statement Was False and Misleading

While the Court held that the XR Demand Statement "appears to be accurate" (November 4, 2020 Order at 11) at the motion to dismiss stage, the evidence developed in discovery – and already before the Court in connection with Defendants' motion for summary judgment and Plaintiff's opposition thereto – demonstrates that it was false and misleading. The Court previously declined to assess this evidence when Plaintiff sought leave to amend the Complaint, finding the puffery issue dispositive. ECF 310 at 2 ("Additional facts going to the falsity of the misrepresentation will not make the misrepresentation actionable. The proposed amendments are therefore futile.").

Contrary to Cook's claim of "very, very little data" (¶57) on the iPhone XR, by November 1, 2018, Defendants possessed nearly a month of alarming negative data that demand for the iPhone XR was extremely weak, including reports of low foot traffic at stores, resellers' demands to stop shipments and threats to refuse payment, and, ultimately, Apple's decision to substantially cut production of the iPhone XR. *See, e.g.*, Exs. 16-17, 19-22, 24-26, 30, 36-37, 40-44, 56-58.[9] And, contrary to the impression created by the XR Demand Statement that nothing should be "take[n] away from" the 1Q19 revenue guidance concerning "early demand on the XR," in truth weak demand for the iPhone XR was, according to Maestri, the "primary driver" of the lowered revenue forecast. Ex. 88 at 230-231.

Defendants have not only admitted these facts but have embraced them as part of their (misguided) defense of the Greater China Statement.[10] For example, when Cook was asked at his deposition whether, during the November 1, 2018 earnings conference call, Apple disclosed that

---

[9] All "Ex. _" citations herein are to the Declaration of Shawn A. Williams in Support of Lead Plaintiff's Opposition to Defendants' Motion for Summary Judgment (ECF 322-4) unless otherwise indicated.

[10] As Plaintiff previously pointed out, Defendants are seeking to utilize the Court's puffery ruling on the XR Demand Statement as both a sword and shield by arguing that the actionable Greater China Statement was not false and misleading because the undisclosed poor XR sales were factored into the disappointing 1Q19 revenue guidance. While this purported "defense" does not absolve Defendants of liability on the Greater China Statement, it does clearly implicate the XR Demand Statement as both false and material. ECF 250 at 19.

it had "already begun to reduce production plans for the XR" Cook maintained that by lowering its guidance range, it had informed investors of the weak demand for the iPhone XR:

> What we did was reduce our forecast and our guidance ***because of all that we knew in those first few days of selling of the XR***. . . . So ***we lowered the forecast substantially*** because of that to incorporate everything that we knew prior to the call.

Ex. 86 at 224:19-225:5; *see also* Ex. 88 at 233:24-234:2 (Maestri also testified that Defendants purportedly disclosed the poor iPhone XR performance via the guidance: "[W]e incorporated the muted launch of the XR . . . in our revenue guidance . . . .").

Defendants' motion for summary judgment also asserts that Apple had sufficient data on the iPhone XR to lower its 1Q19 revenue forecast by billions of dollars and accordingly reduce iPhone XR production:

> Early indicators of the XR's performance were below Apple's expectations across the globe and taking this and other available data into account, ***Apple lowered its FQ1 2019 revenue guidance range from $93-$97 billion to $89-$93 billion in the days ahead of the FQ4 2018 Call***. Because Apple lowered its internal sales forecasts (and public revenue guidance) for FQ1 2019, it also cut its supply forecasts. Ex. 85 at 232:10-17. . . . ***These "production cuts" were fully incorporated and factored into the revenue guidance*** that was disclosed to investors on November 1, 2018.

ECF 293 at 11; *see also* ECF 297-76, ¶38 (Apple expert opining that Apple reduced expected 1Q19 revenue from $96.2 billion to $90.7 billion – a ***$5.4 billion reduction*** – between October 16 and November 1, 2018).

**D. Defendants' Proffered Defense Is Premised on the Facts Cook Omitted From the XR Demand Statement Being Material to Investors**

In seeking to defend against liability on the Greater China Statement, Defendants have repeatedly taken positions that the XR Demand Statement – and the information which Cook concealed when making it – was material to investors. First, in opposing class certification, Defendants argued it was the dismissed XR Demand Statement (and the information it concealed about poor iPhone XR sales) that caused Apple's stock price decline on November 5, 2018, when the *Nikkei Asian Review* leaked news of the iPhone XR production cuts. ECF 196 at 8 n.5, 17 n.9. Because immaterial statements have no impact on the stock price, Defendants must view the information which Cook concealed with the XR Demand Statement as being material to investors.

ECF 202 at 8 n.8. Second, Cook testified that he considered the Company's guidance "the material thing" to investors, thus supporting the materiality of his response when asked about the connection between the weak guidance and early iPhone XR demand. Ex. 86 at 229:22-25; *id.* at 231:18-19 ("it's the guidance that people . . . are weighing"). Defendants' defense to the Greater China Statement provides strong support for the materiality of the XR Demand Statement and the information Cook concealed in responding to an analyst's question on November 1, 2018.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file a motion for partial reconsideration of the Court's November 4, 2020 Order with respect to the actionability of the XR Demand Statement.

DATED: May 8, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH
JACOB G. GELMAN

s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
MARK SOLOMON
JASON A. FORGE
RAPHAELLA FRIEDMAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

LABATON SUCHAROW
CAROL C. VILLEGAS
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/883-7524 (fax)
cvillegas@labaton.com

Counsel for Employees' Retirement System of the State of Rhode Island

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 8, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Daniel J. Pfefferbaum

DANIEL J. PFEFFERBAUM
ROBBINS GELLER RUDMAN & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
Email: dpfefferbaum@rgrdlaw.com

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com
- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com
- **Kevin Michael Askew**
  kaskew@orrick.com
- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com
- **Mary K. Blasy**
  mblasy@rgrdlaw.com
- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com
- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **William Joseph Foley**
  wfoley@orrick.com
- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Christine M. Fox**
  cfox@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com,RRamphul@labaton.com
- **Raphaella Friedman**
  rfriedman@rgrdlaw.com
- **Jacob G. Gelman**
  jgelman@rgrdlaw.com
- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com
- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com
- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com
- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com,cgrady@structurelaw.com
- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com
- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com
- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com
- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com
- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,abarbosa@pomlaw.c
- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c
- **Samuel H. Rudman**
  srudman@rgrdlaw.com
- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com
- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com
- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com
- **Michael David Torpey**
  mtorpey@orrick.com
- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,kjudd@labaton.com,agreenbaum
- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com
- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com
- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@
- **Ariel Brianna Winawer**
  awinawer@orrick.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)