1  ROBBINS GELLER RUDMAN
       & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   DANIEL J. PFEFFERBAUM (248631)
3  KENNETH J. BLACK (291871)
   HADIYA K. DESHMUKH (328118)
4  JACOB G. GELMAN (344819)
   Post Montgomery Center
5  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
6  Telephone:  415/288-4545
   415/288-4534 (fax)
7  shawnw@rgrdlaw.com
   dpfefferbaum@rgrdlaw.com
8  kennyb@rgrdlaw.com
   hdeshmukh@rgrdlaw.com
9  jgelman@rgrdlaw.com
           – and –
10 MARK SOLOMON (151949)
   JASON A. FORGE (181542)
11 RAPHAELLA FRIEDMAN (323324)
   655 West Broadway, Suite 1900
12 San Diego, CA  92101
   Telephone:  619/231-1058
13 619/231-7423 (fax)
   marks@rgrdlaw.com
14 jforge@rgrdlaw.com
   rfriedman@rgrdlaw.com
15
   Lead Counsel for Lead Plaintiff
16
   [Additional counsel appear on signature page.]

17                      UNITED STATES DISTRICT COURT

18                    NORTHERN DISTRICT OF CALIFORNIA

19                             OAKLAND DIVISION

20

| | | |
|---|---|---|
| In re APPLE INC. SECURITIES LITIGATION | ) ) ) | Case No. 4:19-cv-02033-YGR |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PARTIAL |
| ALL ACTIONS. | ) ) | RECONSIDERATION OF INTERLOCUTORY ORDER |
| | ) | |

25                                          DATE:      TBD
                                            TIME:      2:00 p.m.
26                                          CTRM:      1, 4th Floor
                                            JUDGE:     Hon. Yvonne Gonzalez Rogers
27

28

1

**TABLE OF CONTENTS**

2

**Page**

3   I.   INTRODUCTION ...................................................................................................1

4   II.   ARGUMENT .........................................................................................................2

5         A.   The Ninth Circuit's Decision in *Forescout* Represents a Change of Law
               Requiring Reconsideration...........................................................................2

6

7         B.   Under *Forescout* the XR Demand Statement Cannot Be Dismissed as
               Inactionable Puffery.....................................................................................4

8         C.   Evidence in the Record Confirms the XR Demand Statement Was
               Material to Investors .....................................................................................7

9

10        D.   Evidence in the Record Demonstrates the XR Demand Statement Was
               False and Misleading ....................................................................................9

11  III.   CONCLUSION......................................................................................................10

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**CASES**

4

5
*Bell Prods., Inc. v. Hosp. Bldg. & Equip. Co.*,
   2017 WL 282740 (N.D. Cal. Jan. 23, 2017)....................................................................................4

6
*Bolden-Hardge v. Off. of Cal. State Controller*,
7
   63 F.4th 1215 (9th Cir. 2023) .........................................................................................................6

8
*Dealertrack, Inc. v. Huber*,
   674 F.3d 1315 (Fed. Cir. 2012)......................................................................................................3

9
*Fauceglia v. Univ. of S. Cal.*,
10
   2021 WL 1783228 (C.D. Cal. Mar. 29, 2021)................................................................................4

11
*Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*,
12
   63 F.4th 747 (9th Cir. 2023) ................................................................................................. *passim*

13
*In re Twitter, Inc. Sec. Litig.*,
   2020 WL 4187915 (N.D. Cal. Apr. 17, 2020)................................................................................7

14
*Infor Glob. Sols. (Mich.), Inc. v. St. Paul Fire & Marine Ins. Co.*,
15
   2010 WL 11583374 (N.D. Cal. May 5, 2010).................................................................................3

16
*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ..........................................................................................................8

17

18
*Miller v. Thane Int'l, Inc.*,
   519 F.3d 879 (9th Cir. 2008) ..........................................................................................................6

19
*Organic Cannabis Found., LLC v. Comm'r of Internal Revenue*,
20
   962 F.3d 1082 (9th Cir. 2020) ........................................................................................................4

21
*Poris v. Novellus Sys., Inc.*,
   2012 WL 13069774 (N.D. Cal. Sept. 14, 2012) .............................................................................3

22

23
*Sauceda-Contreras v. Spearman*,
   2016 WL 11757859 (C.D. Cal. Sept. 8, 2016),
24
   *aff'd*, 749 F. App'x 500 (9th Cir. 2018)..........................................................................................4

25
*Sepehry-Fard v. Bank of N.Y. Mellon, N.A.*,
   2014 WL 460895 (N.D. Cal. Feb. 3, 2014),
26
   *aff'd*, 588 F. App'x 685 (9th Cir. 2014)...........................................................................................2

27
*TSC Indus., Inc. v. Northway, Inc.*,
   426 U.S. 438 (1976)........................................................................................................................7

28

1

2                                                                                                    **Page**

3

4   *United States v. Acad. Mortg. Corp.*,
        2018 WL 4852377 (N.D. Cal. Oct. 3, 2018)............................................................................2

5   *United States v. Iron Mountain Mines, Inc.*,
        2010 WL 1854118 (E.D. Cal. May 6, 2010) .........................................................................3
6

7   *United States v. Martin*,
        226 F.3d 1042 (9th Cir. 2000) ..............................................................................................3

8
    *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*,
9       655 F.3d 1039 (9th Cir. 2011),
        *abrogated on other grounds*, *Lorenzo v. SEC*, _U.S. _ 139 S. Ct. 1094 (2019)..............7, 8, 10
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I.      INTRODUCTION

2           The Ninth Circuit's recent decision in *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*,

3    63 F.4th 747 (9th Cir. 2023), constitutes a change of law requiring reconsideration and reversal of

4    the Court's pleading-stage ruling that the XR Demand Statement was immaterial puffery.[1]   In

5    *Forescout*, the Ninth Circuit analyzed false statements that were "made during earnings conference

6    calls" on which the company "announced disappointing financial predictions or results," and the

7    statements were "made in response to specific questions asked by financial analysts."  *Id.* at 770-

8    71.  According to the Ninth Circuit: "***Given this context, the statements cannot be discounted as***

9    ***mere*** '***puffery***.'"  *Id.* at 771.

10          The context of the statements considered in *Forescout* is virtually indistinguishable from

11   the context of the alleged false and misleading XR Demand Statement in this case.  The XR

12   Demand Statement was made during Apple's 1Q19 earnings conference call; on which Apple

13   announced disappointing 1Q19 financial guidance and revealed it would no longer report iPhone

14   sales units; and was made in response to an analyst's question about a potential connection between

15   Apple's disappointing revenue guidance and early demand for the new iPhone XR.  According to

16   *Forescout*, in this "context," Cook's false and misleading response that Apple had "very, very little

17   data" on the iPhone XR "cannot be discounted as mere 'puffery.'"

18          Defendants' opposition (ECF 366) ("Opposition" or "Opp.") does nothing to refute

19   Plaintiff's arguments.  The Motion explained that *Forescout* constitutes a "change of law" that is

20   binding upon this Court.  Defendants' contention that the XR Demand Statement is inactionable

21   because it was literally accurate, or insufficiently optimistic, ignores the very attributes of context

22   *Forescout* held satisfies materiality at the pleading stage.  And, despite having otherwise embraced

23   evidence that demand for the iPhone XR was so weak the Company cut its guidance by $6 billion

24   prior to November 1, 2018, Defendants desperately urge the Court to ignore this same evidence in

25

26

---

27   [1]   All citations and footnotes omitted and emphasis added unless otherwise indicated.  All terms
     not defined herein have the same meaning as defined in Lead Plaintiff's Motion for Partial
28   Reconsideration of Interlocutory Order (ECF 364) ("Motion" or "Mot.").

1  the summary judgment record when evaluating the XR Demand Statement.  But the Court cannot

2  disregard the evidentiary record.

3  *Forescout* constitutes a change of law which warrants partial reconsideration and denial of

4  Defendants' motion to dismiss with respect to the XR Demand Statement.

5  **II.     ARGUMENT**

6  **A.     The Ninth Circuit's Decision in *Forescout* Represents a Change of Law Requiring Reconsideration**

7  *Forescout* constitutes a change of law with respect to how a court considering securities

8  fraud claims must evaluate the context of statements made by corporate executives under particular

9  conditions.  The attributes of "context" assessed by the Ninth Circuit in *Forescout* were: (i) the

10  forum in which the statement was made (an earnings conference call); (ii) the circumstances under

11  which the statement was made (in conjunction with disappointing results or guidance); and (iii)

12  the format (in response to a question from a financial analyst).  63 F.4th at 770-71.  The Ninth

13  Circuit held that these attributes comprised a context in which the alleged false and misleading

14  statements are material and cannot be dismissed as puffery:

15
16  > [M]any of the challenged statements were made during earnings conference calls after Forescout announced disappointing financial predictions or results, and most of the challenged statements were made in response to specific questions asked by

17  > financial analysts.  ***Given this context, the statements cannot be discounted as mere* "*puffery*."**

18  *Id.*

19  *Forescout* constitutes "a change of law" sufficient to require reconsideration.  L.R. 7-

20  9(b)(2).  As discussed in the Motion, "[t]he relevant question . . . is whether [the new authority]

21  changes the falsity analysis under the [applicable] fraud theory."  *United States v. Acad. Mortg.*

22  *Corp.*, 2018 WL 4852377, at *2 (N.D. Cal. Oct. 3, 2018) (in context of False Claims Act *qui tam*

23  suit); *see also Sepehry-Fard v. Bank of N.Y. Mellon, N.A.*, 2014 WL 460895, at *2 (N.D. Cal. Feb.

24  3, 2014), *aff'd*, 588 F. App'x 685 (9th Cir. 2014) (change of law supporting reconsideration should

25  "cite, apply, or consider the federal statutes that were the subject of this Court's . . . orders").  "The

26  authority of district courts to reconsider their own orders before they become final, absent some

27  applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also

28

1    decisions based on shifting precedent, rather than waiting for the time-consuming, costly process

2    of appeal." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

3          Defendants' argument that *Forescout* does not constitute a change of law, but is merely an

4    application of "***decades-old***" law to the facts, is unpersuasive.  Opp. at 4.  First, Defendants point

5    to no prior case in which the Ninth Circuit looked at comparable attributes of context – like forum,

6    circumstances, and format – to assess whether a corporate executive's statement was material to

7    investors.

8          Second, Defendants assert that "the Ninth Circuit in *Forescout* did not announce a rule that

9    no statement can ever be puffery if it was made on an earnings call in which negative information

10   was conveyed, or made in response to an analyst question."  Opp. at 8.  But, they give no basis as

11   to why any result other than the one reached in *Forescout* is appropriate in this case.  Indeed,

12   Defendants argue: "*Forescout* merely reiterates longstanding precedent allowing courts to

13   consider each alleged misstatement in its full context" while simultaneously urging this Court to

14   disregard *Forescout*'s explicit guidance on ***what*** and ***how*** to assess that "context."  *Id.*

15         Third, the non-binding cases Defendants cited but did not discuss are readily

16   distinguishable because none changed the manner in which those courts were required to apply the

17   law to the facts before them.  Opp. at 4-5.  In *Poris v. Novellus Sys., Inc.*, 2012 WL 13069774

18   (N.D. Cal. Sept. 14, 2012), plaintiff raised an intervening case reiterating existing law regarding

19   specific factors to be considered when interpreting terms in a patent claim form.  *Id.* at *2.  The

20   intervening law did not impact the *Poris* court's analysis, and the intervening case explicitly denied

21   it changed the applicable analysis.  *See Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1326 (Fed. Cir.

22   2012).  In *Infor Glob. Sols. (Mich.), Inc. v. St. Paul Fire & Marine Ins. Co.*, 2010 WL 11583374

23   (N.D. Cal. May 5, 2010), the two purportedly intervening authorities were from other district

24   courts, and not controlling.  *Id.* at *1-*2.  In *United States v. Iron Mountain Mines, Inc.*, 2010 WL

25   1854118 (E.D. Cal. May 6, 2010), the intervening Supreme Court authority did not set forth new

26   principles governing the lower courts.

27

28

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
INTERLOCUTORY ORDER - 4:19-cv-02033-YGR                                                          - 3 -
4866-0018-6215.v1

**B.     Under *Forescout* the XR Demand Statement Cannot Be Dismissed as Inactionable Puffery**

*Forescout* is an intervening, published Ninth Circuit authority that directly applies to the facts of this case.  Defendants have "not cited any authority that would allow this court to decline to follow Ninth Circuit precedent directly on point.  Indeed, a district court 'does not have the option to decline to follow' controlling precedent."  *Fauceglia v. Univ. of S. Cal.*, 2021 WL 1783228, at *9 (C.D. Cal. Mar. 29, 2021); *see also Organic Cannabis Found., LLC v. Comm'r of Internal Revenue*, 962 F.3d 1082, 1092 (9th Cir. 2020) ("[a]s a three-judge panel, we are bound to follow this on-point Ninth Circuit precedent"); *Bell Prods., Inc. v. Hosp. Bldg. & Equip. Co.*, 2017 WL 282740, at *4 (N.D. Cal. Jan. 23, 2017) ("[t]he Court therefore must follow that decision, particularly given that [the Ninth Circuit's decision] is directly on point with the facts of this case"); *Sauceda-Contreras v. Spearman*, 2016 WL 11757859, at *1 (C.D. Cal. Sept. 8, 2016), *aff'd*, 749 F. App'x 500 (9th Cir. 2018) ("[W]hen confronted by indistinguishable facts, district courts within the Ninth Circuit are bound to reach the same conclusion.").

First, like *Forescout*, this is an investor Class action brought under §10(b) of the Exchange Act alleging Defendants made materially false and misleading statements.  Second, like *Forescout*, the alleged false and misleading statements were made by the defendant CEO on an earnings conference call addressing past quarter results and current quarter guidance.  Third, like *Forescout*, the alleged misrepresentations were made in conjunction with the disclosure of negative results and a negative earnings outlook.  Fourth, like *Forescout*, the alleged misrepresentations were made in response to questions from financial analysts about the Company's guidance and its implications.  Fifth, like *Forescout*, the alleged false statement "'contravened the unflattering facts in [Apple's] possession.'"  Opp. at 6.  Defendants minimize these attributes as "inconsequential details" (*id.* at 7), ignoring it was these very contextual details that the Ninth Circuit looked to in holding the alleged false statements could not constitute mere puffery.

Unable to distinguish the context of the statements, Defendants seek to parse the language of one statement in *Forescout* held to be material.  Defendants claim that because the analyst in *Forescout* was asking about the basis of that company's increased annual guidance, its analysis is

somehow inapplicable here.  63 F.4th at 7.  This misses the crux of *Forescout*'s analysis of materiality: The Ninth Circuit held that "many" or "most" of the alleged false statements in that case were material to investors because they were made in a context which included, *inter alia*, Forescout's disclosure of "disappointing financial predictions or results."  *Id.* at 770-71.  Here, Apple announced both disappointing revenue guidance ***and*** shocked investors by announcing it would cease providing iPhone unit sales metrics, information Defendants expected would cause Apple's stock price to decline.  Mot. at 8.  That the specific question in *Forescout* addressed its increased annual guidance in light of its decreased quarterly outlook, as opposed to the question asked of Cook about any connection between Apple's disappointing guidance and weak demand for the iPhone XR, is a distinction without a difference when assessing the ***context*** in which statements were made.

*Forescout* makes clear that an alleged false statement made in response to an analyst's question is an attribute supporting materiality.  While Defendants urge the Court to analyze the "full context" of the XR Demand Statement, they ignore half the question, which is improper.  Opp. at 8-10.  The question prompting Cook's XR Demand Statement was:

> [Analyst:] With the staggered iPhone launch, were you able to discern any impact on the Xs and Xs Max from buyers potentially waiting for the XR?  And ***what, if anything, can we take away from the December quarter guidance related to what you're seeing for early demand on the XR?*** . . .

¶57.  Defendants claim that Cook's response was ***solely*** about the impact of the staggered product launch (*i.e.*, the XS and XS Max had been launched before the XR), and that Plaintiff "attempts to twist" the XR Demand Statement.  Opp. at 9.  Defendants' construction improperly divorces the question asked by the analyst from Cook's response, which was clear: "***The XR, we've only got out there for, I guess, 5 – 5 days or so at this point and so that it's – we have very, very little data there***."  ¶57.  With this response, Cook implicitly denied there was, or even could be, a connection between the weak guidance and early demand for the iPhone XR because Apple purportedly lacked the necessary data on the iPhone XR to act upon.  Cook made no distinction between the two questions, because none is needed; nor is there any plausible basis to find Cook's "entire answer related to the sales mix" when he was asked explicitly about the guidance, and provided a response

1  addressing that question.  Opp. at 9; *see* November 4, 2020 Order at 2 n.1 ("The Court quotes the

2  question in full together with more of the answer for greater context.").[2]

3      To the extent Defendants encourage the Court to engage in a hyper-textual analysis of

4  literal truth, such an approach has been widely rejected.  Mot. at 13 n.11.  For example, Defendants

5  seek to cabin the Court's assessment to evaluating whether five days of sales data constitutes "very,

6  very little data" (Opp. at 8-9), but literal truth is not a defense to falsity or materiality.  ECF 267

7  at 13; *Miller v. Thane Int'l, Inc*., 519 F.3d 879, 886 (9th Cir. 2008) (statements that are "literally

8  true" may still be actionably misleading due to ""their context and manner of presentation"").

9  Moreover, Defendants' claim that the XR Demand Statement was literally true is premised on the

10  unsupported assertion that it was "inherently comparative in nature" and, even more implausibly,

11  that Cook was comparing the data Apple had on the iPhone XR to other iPhone models not

12  referenced in the question or in Cook's response.  Opp. at 8-9; *see also* Mot. at 9 (citing Ex. 65 at

13  2004).

14      Alternatively, Defendants claim that the XR Demand Statement is immaterial puffery

15  because it is a "neutral observation" as opposed to "'optimism'" or a "'concrete description of the

16  past and present state.'"  Opp. at 7.  But, when analyzed in context, Cook's statement is a clear

17  and "concrete" description of Apple's current state *i.e.*, that Apple lacked sufficient data on

18  demand for the iPhone XR and thus there was no relationship between the Company's

19  disappointing guidance and early demand for the iPhone XR.  Moreover, the critical contextual

20  analysis in *Forescout* did not hinge on the purported optimism of the statements, but on the

21  attributes of the situation in which they were made.[3]  Had Cook accurately answered the analyst's

22

23

24  [2]   To the extent there is a dispute, all reasonable inferences must be drawn in Plaintiff's favor at the motion to dismiss stage.  *See Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215,
25  1220 (9th Cir. 2023).

26  [3]   Defendants' claim that the XR Demand Statement was a "neutral observation" (Opp. at 7) ignores that optimism depends on context.  *See Forescout*, 63 F.4th at 770 (explaining how
27  statement that everything is "'fine'" is an example of optimism "when made in response to market fears").  On the other hand, to the extent Defendants now disclaim the XR Demand Statement was
28  "optimistic" (Opp. at 7), they undermine their Opposition to Plaintiff's Motion.  One of the primary justifications for the puffery doctrine is that "investors 'know how to devalue the optimism of

1  question by stating that Apple compiled sufficient negative data on demand for the iPhone XR to

2  cut revenue guidance by $6 billion and reduce production of the iPhone XR by 32 million units,

3  there is no dispute that such information would have been material to investors.  *TSC Indus., Inc.*

4  *v. Northway, Inc*., 426 U.S. 438, 449 (1976) (an omission is material if there is "a substantial

5  likelihood that the disclosure of the omitted fact would have been viewed by the reasonable

6  investor as having significantly altered the 'total mix' of information").

7          **C.**       **Evidence in the Record Confirms the XR Demand Statement Was**
                        **Material to Investors**

8

9          The Motion sets forth significant evidence developed since the November 4, 2020 Order

10  confirming the XR Demand Statement was material to investors – just as *Forescout* would

11  indicate.  Defendants' suggestion that the Court should ignore this evidence in reconsidering its

12  prior holding should be soundly rejected.  Opp. at §III.B.  First, while it is the recent issuance of

13  *Forescout* which triggers this Motion, "[t]he determination of materiality requires a 'fact-specific

14  inquiry.'"  *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *6 (N.D. Cal. Apr. 17, 2020).  The

15  "delicate assessments of the inferences a 'reasonable shareholder' would draw from a given set of

16  facts and the significance of those inferences to him . . . are peculiarly ones for the trier of fact."

17  *TSC*, 426 U.S. at 450.  Second, L.R. 7-9(b), which governs motions for reconsideration in this

18  District, recognizes the emergence of new facts as a basis for reconsideration and, while it is new

19  law which triggers this review, courts are able to consider later emerging facts in reconsidering

20  prior decisions.  Third, Defendants' position seeks to turn the law on its head: While the Court

21  can, on the pleadings, conclude as a matter of law that a statement is puffery when it appears so

22  obviously immaterial that reasonable minds could not differ, where new law and facts support

23  reconsideration, the Court must consider these subsequent developments.  *See WPP Luxembourg*

24  *Gamma Three Sarl v. Spot Runner, Inc*., 655 F.3d 1039, 1059 (9th Cir. 2011), *abrogated on other*

25  *grounds*, *Lorenzo v. SEC*, _U.S. _ 139 S. Ct. 1094 (2019) ("the district court . . . has power to

26  allow an amended complaint even with regard to claims that it earlier dismissed . . . this procedure

27  corporate executives.'"  *Forescout*, 63 F.4th at 770.  Defendants have not shown that investors
know how or when to discount perceived "neutral observation[s]."  Opp. at 7.

28

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
INTERLOCUTORY ORDER - 4:19-cv-02033-YGR                - 7 -
4866-0018-6215.v1

1  would be appropriate should discovery reveal evidence indicating that previously dismissed

2  Defendants were in fact involved in the alleged fraudulent conduct"); *see also* ECF 365 at 53-54

3  ("[A]t the motion to dismiss, all I have is a complaint . . . .  I don't have evidence . . . the question

4  [at the pleading stage] is do people get to litigate.  And that's what I'm trying to figure out in a

5  relative vacuum.").[4]

6        Defendants' citation to *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018),

7  is misguided (Opp. at 8), as *Khoja* stands for the principle that a ***defendant*** cannot "pile on

8  numerous documents" via judicial notice or incorporation by reference in an effort to get a

9  securities case dismissed at the pleading stage.  899 F.3d at 998.  Critical to the Ninth Circuit's

10  analysis was:

> [T]he unscrupulous use of extrinsic documents to resolve competing theories
> against the complaint risks premature dismissals of plausible claims that may turn
> out to be valid after discovery.  This risk is especially significant in SEC fraud
> matters, where there is already a heightened pleading standard, and the defendants
> possess materials to which the plaintiffs do not yet have access.

14  *Id.*  Thus, *Khoja* does ***not*** support Defendants' effort to disregard this evidence, rather it explicitly

15  recognizes and is premised upon the understanding that discovery may later provide the necessary

16  support for claims that are subject to the PSLRA discovery stay.

17        The Opposition carefully avoids the evidence supporting the materiality of the XR Demand

18  Statement.  Indeed, some of the strongest evidence comes directly from Defendants and aligns

19  precisely with *Forescout*'s holding that responses to analyst questions about guidance are material.

20  For example, Cook testified to the importance of the forecast to investors, describing the guidance

21  as "***the material thing***" to investors and that "***it's the guidance that people . . . are weighing***."

22  Mot. at 9-10.  And Defendants have repeatedly argued that stock price declines on November 5

23  and November 12, 2018, were causally related to the XR Demand Statement – which is widely

24

25

---

26  [4]   This is precisely how securities litigation under the PSLRA is supposed to work.  In *Spot
Runner*, the Ninth Circuit noted, in a similar context, "[t]o some extent, the ability of a district
27  court to revive dismissed claims should evidence come to light tempers the heightened pleading
standards of the PSLRA in securities actions where claims survive against co-defendants."  655
28  F.3d at 1059.

1    accepted evidence of materiality.  *Id.* at 10-11.  Notably, all of this evidence will be before a jury

2    in connection with the Greater China Statement.

3            Defendants' efforts to address a single analyst report only affirms the materiality of the XR

4    Demand Statement.  Opp. at 9-10.  According to the Opposition, Bernstein lowered its estimates

5    of iPhone sales based on what it interpreted as a "'***more muted***'" response from Cook during the

6    November 1, 2018 earnings conference call.  Opp. at 10.  Thus, just as *Forescout* would indicate,

7    analysts were intently focused on Cook's statements regarding the performance of its new iPhones

8    and any connection to guidance.  ECF 322-4, Ex. 65 at 1994 ("[i]nvestor focus was squarely on

9    guidance for Q1").  That one analyst slightly lowered its expectations based on what it divined

10   from Cook's comments is not evidence that he spoke truthfully, rather that he concealed the truth

11   from investors on a topic that was material to them.  *See* Mot. at 9.

12           **D.      Evidence in the Record Demonstrates the XR Demand Statement Was
                       False and Misleading**

13

14           As set forth in the Motion, the evidence obtained in discovery demonstrates, contrary to

15   Cook's statement that Apple had "very, very little data" on the iPhone XR, Apple possessed

16   substantial negative data concerning early demand for the iPhone XR, and the Company reduced

17   its guidance by $6 billion as a result.  On the pleadings, the Court held that the XR Demand

18   Statement appeared "accurate," and the Court did not revisit its holding when Plaintiff filed its

19   motion to amend the complaint.  November 4, 2020 Order at 10-11; ECF 310 at 2.  The facts now

20   in the record demonstrate, as of November 1, 2018, Defendants knew demand for the iPhone XR

21   was so poor that they cut production by 32 million units and reduced quarterly revenue guidance

22   by $6 billion.  Mot. at 11-13.  The evidence is so overwhelming that Defendants have abandoned

23   any challenge to those damaging facts and have instead aggressively incorporated them into their

24   (flawed) defense to the Greater China Statement.  According to Defendants' summary judgement

25   presentation slide titled, "Guidance Reflected Apple's State Of Affairs As Of Nov. 1, Including

26   The XR Launch":

27           "Between October 23 to November 1, 2018, ***the Company cut its company-
             wide revenue forecast for 1Q19 by $5.9 billion and its expected iPhone sales by 6
             million units***, and Apple and Cook knew that the iPhone XR launch got off to a

28

slower start than expected and ***that the forecast was revised downward because of it***."

Mot. at 13.  The Opposition cannot refute what is now Defendants' position in this case, so it simply ignores the evidence and encourages the Court not to look at it.  Opp. at 8.  The Court should not blind itself to the facts developed in discovery and now in the record in reconsidering its prior determination that the XR Demand Statement was immaterial puffery.  *See Spot Runner*, 655 F.3d at 1059.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider in part its November 4, 2020 Order and deny Defendants' motion to dismiss with respect to the XR Demand Statement.

DATED:  May 31, 2023                      Respectfully submitted,

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH
JACOB G. GELMAN


                                         s/ Daniel J. Pfefferbaum
                                       DANIEL J. PFEFFERBAUM

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com

1

2                          ROBBINS GELLER RUDMAN
                            & DOWD LLP

3                          MARK SOLOMON
                         JASON A. FORGE

4                          RAPHAELLA FRIEDMAN
                         655 West Broadway, Suite 1900

5                          San Diego, CA  92101
                         Telephone:  619/231-1058

6                          619/231-7423 (fax)
                         marks@rgrdlaw.com

7                          jforge@rgrdlaw.com
                         rfriedman@rgrdlaw.com

8                          Lead Counsel for Lead Plaintiff

9                          LABATON SUCHAROW
                         CAROL C. VILLEGAS

10                        140 Broadway
                       New York, NY 10005

11                        Telephone: 212/907-0700
                       212/883-7524 (fax)

12                        cvillegas@labaton.com

13                        Counsel for Employees' Retirement System of the
                       State of Rhode Island

14

15                        VANOVERBEKE, MICHAUD & TIMMONY, P.C.
                       THOMAS C. MICHAUD

16                        79 Alfred Street
                       Detroit, MI  48201

17                        Telephone:  313/578-1200
                       313/578-1201 (fax)

18                        tmichaud@vmtlaw.com

19                        Additional Counsel

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF INTERLOCUTORY ORDER - 4:19-cv-02033-YGR   - 11 -
4866-0018-6215.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 31, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  dpfefferbaum@rgrdlaw.com

4866-0018-6215.v1

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com,RRamphul@labaton.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Jacob G. Gelman**
  jgelman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com,cgrady@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,kjudd@labaton.com,agreenbaum

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)