UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-2033-YGR<br><br>**ORDER DENYING RECONSIDERATION**<br><br>Re: Dkt. No. 364 |

Before the Court is plaintiff's motion for partial reconsideration of this Court's November 4, 2020, order on defendants' motion to dismiss the Revised Consolidated Class Action Complaint. Plaintiff moves for reconsideration of this Court's dismissal of claims based on a statement by Tim Cook that Apple had "very, very, little data" on demand for the XR ("the Data Misrepresentation").[1] Plaintiff asserts that the Ninth Circuit decision in *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 756 (9th Cir. 2023) (*Forescout*) constitutes a material change in law on how courts are to determine if a misrepresentation is puffery.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (cleaned up). A party seeking reconsideration must show reasonable diligence, and a material difference in fact or law, emergence of new material facts or a change of law occurring after issuance of the order, or a manifest failure by the Court to consider material facts or dispositive legal arguments. L.R. 7-9.

Plaintiff alleges *Forescout* constitutes a material change of law.[2] Specifically, plaintiff maintains that *Forescout* requires courts to consider "context" when assessing if a statement is

---

[1] The Court incorporates its explanation of this statement and the relevant allegations from its dismissal order. (Dkt. No. 123.)

[2] *See* Dkt. No. 364 at 3 ("In light of the recent Ninth Circuit opinion in *Forescout* . . . Plaintiff now moves for reconsideration of the Court's November 4, 2020 Order."); Dkt. No. 367 at 7 ("it is new law which triggers this review").

puffery. In reply, plaintiff goes further, alleging that *Forescout* created a sort of test in which a court must consider the "forum in which the statement was made," the "circumstances under which the statement was made," and "the format" of the statement. (Dkt. No. 367 at 2.)

Having reviewed *Forescout* and the parties' briefing, the Court finds *Forescout* is merely the "reiteration" and application, "of existing law." *Poris v. Novellus Sys., Inc.*, No. C 10-00947 JSW, 2012 WL 13069774, at *2 (N.D. Cal. Sept. 14, 2012). The Ninth Circuit has long required courts assessing if a statement is puffery to consider the context in which the statement was made.[3] In addressing the need to consider context, the *Forescout* court in no way implies it is establishing new law. In stating the rule it is applying, it quotes a Ninth Circuit case from 1996 that states "general statements of optimism, when taken in context, may form a basis for a securities fraud claim." *Forescout*, 63 F.4th 770 (quoting *Warshaw v. Xoma Corp.*, 74 F.3d 955, 959 (9th Cir. 1996)).

Plaintiff argues that *Forescout* is distinct from the prior cases requiring courts to consider context because it is factually similar to the case at hand. Reconsideration would not be an extraordinary or rare remedy if every application by the higher courts of settled law to new facts constituted a "material change" in the law. What plaintiff really seeks is for the Court to reconsider its application of the well-settled law to the facts of the complaint. That is not a valid basis for reconsideration. *Asturias v. Borders*, No. 16-CV-02149-HSG (PR), 2018 WL 1811967, at *1 (N.D. Cal. Apr. 17, 2018) (noting reconsideration motions "are not a substitute for appeal or a means of attacking some perceived error of the court").

---

In reply, plaintiff belatedly notes that L.R. 7-9(b) allows for reconsideration based on "new facts." Plaintiff cannot raise new arguments, let alone an entirely new basis for a motion, on reply. *Tovar v. U.S. Postal Serv.,* 3 F.3d 1271, 1273 n. 2 (9th Cir.1993). Further, reconsideration based on new facts must be pursued with "reasonable diligence" which plaintiff has not even attempted to argue has been done here. L.R. 7-9(b)(1).

[3] Indeed, that is exactly what this Court did in its dismissal order. It even expressly considered the three elements plaintiff alleges are required by *Forescout*. It took judicial notice of the entire call transcript and analyzed the Data Misrepresentation within the wider context in which plaintiff alleged the statement was made.

2

Finding that *Forescout* does not constitute a material change of law, plaintiff's motion for reconsideration is **DENIED**.

This terminates docket number 364.

**IT IS SO ORDERED.**

Dated: June 29, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**