UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-2033-YGR<br><br>**ORDER GRANTING MOTION FOR RELIEF**<br><br>Re: Dkt. No. 351 |

Before the Court is plaintiff's motion for relief from a nondispositive pretrial order issued by the Honorable Chief Magistrate Judge Joseph C. Spero. (Dkt. No. 276.) Pursuant to Federal Rule of Civil Procedure 72 and Civil Local Rule 72-2, plaintiff challenges Judge Spero's order rejecting it's request that defendant Apple re-review 1,850 documents withheld based on attorney-client privilege. The motion is granted as explained herein.

## I. BACKGROUND

This motion relates to a long-running dispute over defendants' withholding of certain documents as attorney-client privileged. On February 24, 2022, the parties submitted a discovery letter to Judge Spero. (Dkt. No. 227.) One of the disputes at issue was whether Apple improperly withheld 469 documents in five categories as attorney-client privileged. (*Id.* at 2, 5-6.) After an initial round of briefing, Judge Spero ordered parties to meet and confer and provide supplemental briefing. Through that process, the parties agreed to limit the privilege dispute to 232 documents.

On August 3, 2022, Judge Spero issued an order regarding this dispute (hereinafter, "the August Order"). Judge Spero held that attorney-client privilege only extended to documents for which legal advice was the primary purpose, rejecting defendants' position that privilege extends to documents where legal advice was "*a*" primary purpose and ordered defendants to provide plaintiff with those documents at issue which were wrongfully withheld under that standard. (Dkt. No. 272 at

16, 43.) Relevant here, Judge Spero also conducted an *in camera* review of 27 of the challenged documents and found 18 had been improperly withheld under the "the primary purpose" test.

This Court denied defendants' request for relief from that decision. (Dkt. No. 302.) However, the Court granted defendants' request for a stay pending resolution of *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021) No. 21-1397, which addressed the appropriate standard for attorney-client privilege. (Dkt. No. 313.) The Supreme Court dismissed the writ of certiorari as improvidently granted, effectively keeping in place the "the primary purpose" standard in this circuit.

The parties met and conferred and Apple produced some of the documents previously withheld as attorney-client privileged as well as amended privilege-log entries. (Dkt. No. 348 at 2.)

On March 7, 2023, the parties filed a discovery letter in which plaintiff asserted (1) that defendants are violating Judge Spero's August Order by failing to provide updated privilege logs for 62 of the 232 challenged documents which they continue to withhold and (2) that defendants should be compelled to review all documents withheld as attorney-client privileged under *In re Grand Jury*'s "the primary purpose" standard, rather than the "a primary purpose" standard under which defendants initially reviewed the documents. (Dkt. No. 348.)

The next day, without ordering further briefing, Judge Spero issued an order denying plaintiff's request for relief. Regarding the 62 withheld documents, Judge Spero ordered the parties to meet and confer and denied plaintiff's request for relief without prejudice. Judge Spero denied plaintiff's request regarding review of all attorney-client privileged documents because the "parties previously narrowed their privilege disputes to 232 documents." (Dkt. No. 349.)

On March 22, plaintiff filed the instant motion for relief and this Court ordered briefing.

## II. LEGAL STANDARD

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. Of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)). On review of a nondispositive order "the magistrate's factual determinations are reviewed for clear error," and the district court may only set aside those factual determinations if it is left with a "definite and firm conviction that a mistake

has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Thus, the Court will modify or set aside Judge Spero's discovery ruling only if it is clearly erroneous.

### III. DISCUSSION

Plaintiff argues that Judge Spero's order is contrary to law as it effectively relieves Apple from its Rule 26 obligation to correct and supplement disclosures. (Dkt. No. 351 at 4.) Apple initially reviewed its documents under the "*a* primary purpose" standard and has not confirmed that it has ensured that it is no longer holding documents that would not be privileged under the "*the* primary purpose" standard. Plaintiff argues that, given the large percentage of the 232 documents previously challenged by plaintiff, that were ultimately found to be improperly withheld, including 67% of the documents reviewed in camera by Judge Spero, that there is a high likelihood that a substantial portion of the other documents withheld by defendants as attorney-client privileged are similarly wrongly withheld. (*Id.* at 351 3-4.)

Defendants respond that plaintiff's motion is untimely, that plaintiff cannot raise its argument regarding Rule 26 as it failed to do so before Judge Spero, and that regardless, Rule 26 does not compel defendants to re-review all their attorney-client privilege designations.

#### A. Timeliness

Defendants argue plaintiff untimely raised this dispute. The Court disagrees. This dispute was stayed at defendants' request pending the outcome of *In re Grand Jury*. Defendants cannot now complain that plaintiff did not raise this dispute while that case was pending. Defendants further argue that plaintiff did not raise this dispute with defendants until three weeks after the stay lifted with the Supreme Court's resolution of *In re Grand Jury* on January 23, 2023. Plaintiff responds that it could not have raised the dispute sooner because defendants did not complete their production of non-privileged documents until weeks later, on February 15. Plaintiff could not have known before then whether it disputed Apple's privilege designations. Accordingly, the Court finds this dispute is timely.

#### B. Rule 26

Defendants are correct that a party cannot raise an argument in a motion for relief that was not raised before the magistrate judge. *Cahill v. GC Servs. Ltd. P'ship*, No. 317CV01308GPCMDD,

3

2018 WL 1791910, at *4 (S.D. Cal. Apr. 16, 2018).  In the discovery dispute letter submitted by the parties, plaintiff asserts that defendants' must re-review their attorney-client privilege withholdings "to comply with the law."  (Dkt. No. 348 at 2.)  While plaintiff's letter to Judge Spero did not explicitly reference Rule 26, the Court finds that, in the context of a 2.5-page summary dispute letter this is sufficient to preserve an argument regarding defendant's failure to comply with disclosure requirements.

Rule 26 requires a party to supplement disclosures if the party "learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. Pro. 26(e)(1)(A).  The Court agrees with plaintiff that Judge Spero's order appears to relieve Apple of that obligation by ordering that Apple need not re-review documents withheld as attorney-client privileged beyond the 232 documents to which parties agreed to center their earlier dispute regarding privilege.  As the order cites no authority indicating that an agreement between the parties to limit a particular dispute can relieve defendant of its general obligations under Rule26(e), the decision is erroneous and contrary to the current state of the law.

The Court returns this issue to Judge Spero for further consideration and guidance on how his decision intersects with defendants' Rule 26 obligations.

This terminates docket number 351.

**IT IS SO ORDERED.**
Dated:   June 30, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**