**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
|---|---|---|
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

June 30, 2023

<u>VIA ECF</u>

The Honorable Joseph C. Spero
United States Magistrate Judge
United States District Court
 for the Northern District of California
Courtroom F, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:    *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR-JCS (N.D. Cal.)

Dear Judge Spero:

Pursuant to this Court's August 3, 2022 Order (ECF 272) ("Order") and March 8, 2023 Order (ECF 349), Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and Defendants Apple Inc., Timothy D. Cook and Luca Maestri ("Defendants"), respectfully submit this joint discovery letter setting forth the status of their dispute concerning Defendants' assertions of privilege.  Pursuant to the Order's instruction to attach supporting materials (Order at 43), the parties attach the following documents:

| | |
|---|---|
| Exhibit A: | Second Supplemental Declaration of Sam Whittington Regarding Documents Withheld as Privileged, dated February 15, 2023; |
| Exhibit B: | Defendants' Amended Privilege Log, dated February 13, 2023; and |
| Exhibit C: | Defendants' Privilege Log Entries Remaining in Dispute, dated April 19, 2023.[1] |

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP      ORRICK HERRINGTON & SUTCLIFFE LLP

By:    s/ Kenneth J. Black                        By: s/ Kevin M. Askew
      KENNETH J. BLACK                           KEVIN M. ASKEW
      Counsel for Lead Plaintiff                      Counsel for Defendants

---

[1] All "Ex. _" citations herein are filed concurrently herewith.

**Plaintiff's Position**

## I. Introduction

Plaintiff provides this update to the discovery dispute before the Court, which has been whittled down to just 55 documents, all concerning just one issue: Cook's January 2, 2019 "Investor Letter" that revealed the truth about the alleged fraud. *See* Order at 20-25.

As described below, Plaintiff's privilege challenges have been overwhelmingly confirmed, while Defendants have been unable to substantiate their continued withholding of the 55 disputed documents, as required by the Court's Order. *See* Order at 43. Defendants contend they cannot provide further information without revealing the privileged contents of the documents and that Plaintiff must simply take Defendants at their word that their re-review was proper. Plaintiff asks the Court to instead resolve the dispute on the merits.

## II. Relevant Procedural History

The parties' efforts to resolve this privilege dispute following the Order followed the same script as before it. *See* ECF 227. Plaintiff challenged Defendants' claims of privilege. Defendants admitted some documents were improperly withheld, insisted others were rightfully privileged, and submitted privilege logs and declarations that do little more than repeat their prior materials. Plaintiff then challenged those remaining documents and supporting materials. And the cycle repeats. Thus, this challenge, which began with more than 500 documents, has been narrowed to 232, to 82, to 76, to 62, and, now, finally, to 55 withheld documents. At every stage, many of the produced documents had no colorable claim of privilege.[2]

On August 3, 2022, the Court found 18 of 27 documents it reviewed *in camera* – **67%** – improperly withheld and ordered Defendants to apply its analysis to the remaining challenged 205 documents. Order. On January 31 and February 13, 2023, Defendants produced 156 documents. On March 7, 2023, because, *inter alia*, Defendants failed to comply with the Order, Plaintiff sought relief from the Court regarding the then-remaining 62 documents. ECF 348. On March 8, 2023, the Court directed the parties to meet and confer further. ECF 349.

Pursuant to the Court's March 8, 2023 Order, the parties met and conferred three more times. On April 19, 2023, Defendants finally produced a log identifying all documents in dispute, as required by the Order. *See* Order at 43. Defendants also produced ten additional documents (one is non-privileged; the others are heavily redacted and remain subject to challenge).[3]

## III. Apple Is Unable or Unwilling to Confirm Compliance with the Order

The Order required Defendants to re-review all challenged documents and to produce "an amended privilege log consistent with the Court's rulings reflecting *any* remaining disputed documents." *See* Order at 43. On February 13, 2023, Defendants produced an amended privilege log for just seven of the 62 documents then in dispute. Ex. B. The only "new" information in the seven February 13, 2023 entries is citations to Whittington's June 13, 2022 declaration, which the Court found "vague" and inadequate. *See, e.g.*, Order at 23.

Defendants also failed to follow the Court's instruction to describe "specific facts" and the "nature of the legal issue" in supplemental declarations. *See* Order at 41-42. On February 15, 2023, Defendants produced a supplemental declaration of Whittington, his *fourth*, which addressed just two documents.

---

[2] This is unsurprising given Defendants have admitted they did not apply *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021) and the "'the primary purpose test'" to their privilege review. *Id.* at 1094; *see* ECF 348. All citations and footnotes omitted and emphasis added unless otherwise indicated.

[3] In an effort to reach compromise and limit the dispute to the most critical documents, Plaintiff dropped its challenges to six documents that, based on the dates of the documents, are likely less relevant.

Ex. A.  The Order was clear that bare assertions that employees like Saori Casey collected back-up documentation at Whittington's request are insufficient to meet Defendants' burden to establish the privileged nature of a document.  Order at 24.  Yet, the fourth Whittington declaration does no more than repeat the insufficient assertions in his prior declarations, like "'***various*** Apple employees,'" including Saori Casey, prepared "'***certain*** back-up documentation.'"  *See* Order at 9-10, 14.

Not until April 19, 2023, did Defendants produce a log identifying all remaining disputed documents.  Ex. C.  That log purports to identify the portion of the Order that supports the continued withholding of each document – *i.e.*, it cites the page number of the Court's analysis and the Entry No(s). of document(s) the Court found privileged.  For example, for Entry No. 286, Defendants cite "Order at 24 (subcategory six)," *i.e.*, Entry Nos. 285-291, 298-300.  Ex. C at 1; Order at 24.[4]  However, because the Court found only nine documents properly withheld, few of the remaining 55 documents resemble those nine, or otherwise find support in the Court's analysis finding them non-privileged.  For example, Defendants cite to non-email attachments the Court found privileged to support their continued withholding of other emails.  Plaintiff pointed out multiple discrepancies between the reasoning set forth in the Order and the documents to which Defendants claim to have applied that reasoning.  Defendants conceded that many of the amended log entries do not actually provide a basis for withholding the documents.  At the same, Defendants maintain they can provide nothing further, such as the Court-required "specific facts" and "nature of the legal issue," without revealing the privilege.

## IV. Apple Continues to Withhold Documents that Are Apparently Non-Privileged

The record indicates the documents in dispute are likely non-privileged under the controlling *In re Grand Jury* test for purportedly "dual-purpose" business and legal documents.  Each concerns the Investor Letter, a primarily business purpose document.  *See, e.g.*, *Id.* at 20-24.  For example, Defendants do not explain how documents about "FX impact" (Entry No. 544 (Ex. C at 3)) or iPhone activations (Entry No. 583 (*id.*)) reflect legal advice, when other documents also collecting back-up data (*e.g.*, Entry No. 329 re: installed base (Order at 24)) did not.

Many documents also request input from ***non***-lawyers.  Entry No. 582 requests "Treasury input."  Ex. C at 3.  Entry Nos. 516-517, 520, 533, 536, 571, 575 (*id.* at 2-3) begin with Cook "giv[ing] the pen back to Adam [Talbot]," a non-lawyer, to revise the investor letter.  And Entry Nos. 651, 653, 655-658, 965 (*id.* at 4-5) feature one employee emailing three in-house attorneys "I'll start a ***separate*** chain for your review process," suggesting Apple kept its legal review distinct from the disputed documents.

Defendants' position that Plaintiff should accept the results of their re-review because they turned over documents at the same rate as in the Order (~67%) is of no legal significance.  To the contrary, "Defendants' withdrawal of privilege assertions with respect to a significant number of documents raises legitimate doubts about its care in asserting the attorney-client privilege."  *Fosbre v. Las Vegas Sands Corp.*, 2016 WL 183476, at *9 (D. Nev. Jan. 14, 2016).  As the Court explained, "it is Defendants' burden to ***establish*** that ***each*** document they claim is privileged" is so.  Order at 15.[5]

## V. Apple's Inability to Substantiate Their Privilege Assertions and Continued Withholding of Apparently Non-Privileged Documents Requires Remedy

---

[4] Defendants assert they are withholding an email thread (Entry No. 286) on the same basis as "subcategory six," but that subcategory includes related email threads the Court found non-privileged (Entry Nos. 288 and 290), as well as privileged (Entry Nos. 285 and 287).  Ex. C at 1; Order at 24.  Significantly, Entry No. 286 appears to start with the same Cook email the Court found non-privileged in Entry Nos. 288 and 290.  Order at 24.  When pressed why Entry No. 286 was more similar to the documents the Court previously found privileged as opposed to non-privileged, Defendants claimed any further explanation would reveal privileged content.  They also refused to produce Entry No. 286 with redactions.

[5] Finally, to the extent Defendants assert documents withheld in full cannot be produced in redacted form, they have not substantiated these claims.  *See* Order at 21.

Page 4

To pursue its privilege challenges, Plaintiff need only identify a "'factual basis adequate to support a good faith belief by a reasonable person' that the communications are not privileged." *Applied Med. Res. Corp. v. Ethicon, Inc.*, 2005 WL 6567355, at *2 (C.D. Cal. May 23, 2005) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992)). "This is a minimal threshold for review," and, when satisfied, "the court has discretion to conduct an *in camera* review, considering the amount of material, the material's relevance, and the likelihood that review will reveal whether the documents are privileged." *Id.*

Here, every factor weighs in favor of allowing Plaintiff's challenges to the remaining 55 documents to proceed, including *in camera* review by the Court. First, Plaintiff has advanced an adequate factual basis to support a good faith belief that the documents are not privileged. Indeed, that is why the Court ordered Defendants to do more to substantiate their privilege assertions (*see* Order at 43), which they have not done. Second, the documents are indisputably relevant as they pertain to a significant corrective disclosure – Cook's January 2, 2019 letter to investors. *See, e.g.*, ECF 341-5. And third, the "amount of material" supports review or other remedy: According to Defendants, just 26 documents need to be reviewed to determine the privilege status of all 55 remaining documents.[6] Finally, no trial has been set; ample time remains to resolve this dispute.

In conclusion, Plaintiff's privilege challenges have been proven broadly meritorious, and Defendants' unsupported and inconsistent representations that they properly applied the Court's analysis to their re-review cannot be accepted without verification. Mindful of judicial resources, Plaintiff has proposed *in camera* review of a subset of these documents, but ultimately seeks any appropriate relief to pursue its challenge to the remaining withheld documents.

---

[6] Entry Nos. 286, 391, 400, 402, 403, 404, 417, 515, 517, 522, 524, 526, 532, 536, 539, 544, 574, 583, 594, 618, 619, 622, 651, 673, 682, 692 (approximately 107 pages). Ex. C.

## II.    <u>DEFENDANTS' POSITION</u>

On August 3, 2022, this Court issued a 43-page order (Dkt. No. 272, the "Order") in which the Court provided guidance regarding 28 documents reviewed *in camera*. The Court instructed Defendants to apply that guidance to the other documents in the set of 232 documents remaining in dispute. Defendants complied with the Order, ultimately producing 136 of the disputed documents in full and 30 with redactions. Defendants additionally provided Plaintiff with an amended privilege log updating the descriptions for seven documents produced in partially-redacted form (Ex. B), as well as a second supplemental declaration from Apple in-house counsel Sam Whittington supporting the continued withholding and redaction of two documents (Ex. A).

On March 7, 2023, the parties submitted a joint discovery letter in which Plaintiff argued that Defendants failed to comply with the Order. Dkt. No. 348. The Court denied Plaintiff's request for relief without prejudice, directing the parties to further meet and confer as to the remaining challenged documents. Dkt. No. 349. The parties held several meet and confer discussions, and on April 19, 2023, Defendants produced to Plaintiff a supplemental chart providing citations to the specific section(s) of the Order supporting Defendants' continued withholding or redaction of each of the remaining documents in dispute (Ex. C). Despite these efforts, Plaintiff continues to challenge 55 documents from the original set of 232.

Yet Plaintiff has not made any showing that additional *in camera* review is necessary or appropriate. To obtain *in camera* review, the party challenging the privilege must make a factual showing "sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992). Plaintiff has made no such showing.

The Order required Defendants to apply the Court's reasoning from the limited *in camera* review to the broader set of documents remaining in dispute. Defendants did so. This process necessarily required Defendants to exercise some degree of judgment. Plaintiff, however, is asking this Court to double-check Defendants' work for nearly all of the documents that continue to be withheld or redacted. This is not appropriate and would defeat the entire purpose of the Court's previous *in camera* review of a sample set. Plaintiff has not articulated any basis for continuing to make such a request, especially after Defendants provided Plaintiff with additional disclosures and explanations justifying the continued withholding or redaction of these documents. Mere "unfounded suspicion" is insufficient to justify *in camera* review. *Rock River Comms., Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 353 (9th Cir. 2014).

Plaintiff's continued challenge spans several repeating email threads, portions of which this Court has previously reviewed and held to be privileged (*see, e.g.*, Dkt. No 272 at 23-24), as well as other individual emails and documents. While 55 total documents remain in dispute, Defendants will address below the 26 documents for which they understand Plaintiff seeks *in camera* review.

<u>Entry No. 286.</u> Plaintiff inexplicably continues to challenge Entry No. 286, a document that includes only emails that were part of the chain in Entry No. 285, which this Court reviewed *in*

*camera* and held to be privileged.  Dkt. No. 272 at 24.  During the parties' meet and confer efforts, Defendants explained to Plaintiff that by comparing the timestamps of the emails in the redacted versions of these documents, Plaintiff could see for itself that Entry No. 286 includes only emails that were part of the chain in Entry No. 285.  Nevertheless, Plaintiff refused to drop its challenge to this document.

Entry Nos. 391, 402, 515, 522, 524, 526, 532, 539, 574, 594, 682.  Plaintiff continues to challenge 11 drafts of Mr. Cook's January 2, 2019 letter to investors that reflect legal advice from in-house counsel.  Plaintiff quibbles with Defendants' justification for the continued withholding of these drafts.  Defendants' continued withholding of the majority of these drafts is supported by the Court's *in camera* review of another, similar draft of the letter, Entry No. 471, which the Court held to be privileged (*see* Dkt. No. 272 at 42), as well as the Court's reasoning with respect to subcategory one of the Investor Letter documents (*see id.* at 20-21).[7]  The Court did not review an identical version of any of these drafts *in camera*, so in addition to calling Plaintiff's attention to the Court's ruling with respect to Entry No. 471, Defendants also explained that Defendants drew reasonable analogies to support the continued withholding of these documents based on the Order's reasoning with respect to the documents in subcategory one.  Plaintiff refused to accept this explanation, instead complaining that subcategory one, as defined in the Order, concerns only explicit *requests* for legal advice, not the explicit *provision* of legal advice as is contained in these drafts of the letter.  This complaint is unfounded because the Court did not create a distinct subcategory for documents that contained an explicit *provision* of legal advice, and thus it was proper for Defendants to draw reasonable analogies based on the reasoning articulated in the Order.

Entry Nos. 544 and 583.  Plaintiff continues to challenge two emails from Saori Casey to Apple in-house counsel Sam Whittington, relating to the collection of back-up documentation to support factual assertions in the Cook Letter.  Plaintiff challenges these documents based on speculation that these emails concern primarily business issues, not legal issues.  But as Defendants explained to Plaintiff during a meet and confer discussion, the privilege over these emails is supported by this Court's *in camera* review of Entry No. 449.  Dkt. No. 272 at 23.  Like Entry No. 449, Entry Nos. 544 and 583 are communications that "flag[] particular issues as to which in-house counsel determined factual support was needed."  Thus, no *in camera* review of these documents should be required—Defendants have properly withheld these documents based on the guidance articulated in the Order.[8]

---

[7] Entry Nos. 391 and 402 are withheld on the basis of this Court's analysis of documents in subcategory four (*see* Dkt. No. 272 at 23) in that these particular drafts highlight comments and input from a group of in-house counsel.  Because the Court did not review an identical document, Defendants analogized these documents to the documents in subcategory four based on the reasoning provided in the Order with respect to advice and comment from this same group of in-house counsel.

[8] Further, Mr. Whittington describes these emails in his Second Supplemental Declaration as Ms. Casey "forward[ing] information directly responsive to [his explicit] request for back-up documentation in connection with the Cook Letter."

<u>Entry Nos. 400, 403-404, 417, 517, 536, 618, 619, 622, 651, 673, and 692</u>.  Finally, Plaintiff
continues to challenge multiple emails within several repeating email threads, speculating that
these threads contain non-legal content that should be unredacted.  Plaintiff's speculation is
unfounded.  First, this Court already reviewed *in camera* a portion of the email thread reflected
in Entry Nos. 400 and 403-04, holding that it was privileged because it was "framed in terms of
Defendants' legal obligations."  Dkt. No. 272 at 23 (addressing Entry No. 389).  The remainder
of the emails in this thread—which follow up on the comments about "legal obligations"
reviewed by the Court in Entry No. 389 and found to be privileged—are likewise privileged.
Plaintiff continues to challenge Entry Nos. 517 and 536 on this same ground, speculating without
basis that the portions of these emails that remain redacted do not relate to legal liability or
reflect legal advice (which they do).  With respect to Entry Nos. 618 and 651, Plaintiff disputes
Defendants' justification for withholding these documents based on subcategory one of the
Order, refusing to accept Defendants' explanation that in instances where "this Court did not
review an *identical* document, Defendants analogized to documents based on the reasoning
articulated in the Order.  Plaintiff's challenge to Entry No. 417 is based on Plaintiff's speculation
that the redacted portions of the email thread are not legal in nature, but speculation alone is not
sufficient reason to justify a further *in camera* review, and in any event, *in camera* review would
show that the redacted portions of the email are in fact legal in nature.  Lastly, Plaintiff
challenges Entry Nos. 619, 622, 673, and 692 on the ground that communications about
"services revenue" could not possibly be related to "legal liability," but as the Order clearly
articulates, "communications *about* facts that relate to potential legal liability may constitute
legal advice."  Dkt. No. 272 at 23.  As explained to Plaintiff, these communications identify
particular issues as to which Mr. Whittington determined factual support for the Cook Letter was
needed and are closely akin to Entry No. 449, which this Court reviewed and held as privileged.
*Id.*

Defendants respectfully request that the Court deny Plaintiff's request for *in camera* review in its
entirety.

Page 8

<u>ATTESTATION PURSUANT TO LOCAL RULE 5-1</u>

     I, Kenneth J. Black, am the ECF user whose identification and password are being used to file this Joint Discovery Letter Brief.  Pursuant to Local Rule 5-1(h)(3) and in compliance with General Order No. 45 X.B., I hereby attest that Kevin M. Askew has concurred in this filing.

DATED: June 30, 2023                   s/ Kenneth J. Black
                                          KENNETH J. BLACK

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on June 30, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Kenneth J. Black
KENNETH J. BLACK

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  kennyb@rgrdlaw.com

**Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com,RRamphul@labaton.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Jacob G. Gelman**
  jgelman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com,cgrady@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.co

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,kjudd@labaton.com,agreenbaum

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)