ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
– and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
| | CLASS ACTION |
| This Document Relates To: | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| ALL ACTIONS. | DATE: July 24, 2023<br>TIME: 2:00 p.m.<br>CTRM: 1, 14th Floor<br>JUDGE: Hon. Yvonne Gonzalez Rogers |

## I. INTRODUCTORY STATEMENT

Pursuant to Federal Rule of Civil Procedure 16(b), Local Rule Civil L. R. 16-10, and the June 28, 2023 Clerk's Notice Setting Case Management Conference (ECF 370 (the "Clerk's Notice")), counsel for Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff") and counsel for Defendants Apple Inc. ("Apple" or the "Company"), Timothy D. Cook ("Cook"), and Luca Maestri ("Maestri") (together, "Defendants") (collectively, the "Parties") in the above-captioned action respectfully submit this Joint Case Management Conference Statement. This Statement updates the Court on the developments that have occurred since the last Case Management Conference held on December 14, 2020. The Parties are scheduled to appear before the Court on July 24, 2023, at 2:00 pm PT via videoconference for a case management conference. ECF 370.

## II. JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Pursuant to the Clerk's Notice, the Parties set forth the following elements requested in the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement."

### A. Jurisdiction and Service

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1337, and §27 of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §78aa). There are no issues pending concerning venue. All parties have been served.

### B. Facts

**Plaintiff's Statement**:

This is a securities class action asserting claims for violations of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), all persons and entities who purchased or otherwise acquired the publicly traded common stock of Apple Inc., purchasers of Apple Inc. call options and sellers of Apple Inc. put options, during the period from November 2, 2018 through January 2, 2019, inclusive (the "Class Period"), and who suffered damages by Defendants' alleged violations of Sections 10(b) and 20(a) of the Exchange Act (the "Class"). The operative Revised Consolidated Class Action Complaint for

Violation of the Federal Securities Laws (ECF 114) ("Revised Complaint"), alleges that, on November 1, 2018, Defendants made false and misleading statements and omissions concerning the true state of the Company's financial condition, including the impact of decelerating economic conditions and demand for the iPhone in Greater China. Specifically, Plaintiff alleges Defendants falsely assured investors that despite declining economic conditions in Greater China and ongoing trade tensions between the United States and China, the region was not among the emerging markets where the Company was experiencing economic pressure that was negatively affecting sales.

Plaintiff alleges in truth, contrary to Defendants' representations, Apple was experiencing slowing demand in Greater China and had already reduced and/or planned to reduce iPhone production with its top assemblers and manufacturers as a result of economic contractions in Greater China impacting the smartphone market, as well as geopolitical tensions with the United States. On November 5 and 12, 2018, news of the cuts in iPhone production leaked to the market. On November 5, 2018 the *Nikkei Asian Review* published a report that Apple had significantly reduced iPhone XR production at manufacturers Foxconn, Pegatron, and Wistron. On November 12, 2018, an analyst report on iPhone-component supplier Lumentum further confirmed reductions in iPhone production. Apple's stock price declined on both disclosures. On January 2, 2019, Apple pre-announced that it would miss its 1Q19 revenue guidance by up to $9 billion, driven almost entirely by poor iPhone sales in Greater China. On the same day, Cook also gave a television interview on CNBC during which Cook stated that economic conditions in Greater China were deteriorating and negatively affecting iPhone sales earlier in the quarter. Following these disclosures, on January 3, 2019, Apple's stock price declined from $157.92 to $142.19 per share.

**<u>Defendants' Statement:</u>**

A single statement remains at issue in this case: a statement made by Apple CEO Tim Cook in response to a question posed by an analyst during an investor earnings call for the quarter that ended September 29, 2018, FQ4 2018, held on November 1, 2018. During that call, an analyst observed that "there has been some real deceleration in some of these emerging markets," and asked Mr. Cook to "talk about how you see the trajectory there for [Apple's] business." In response, Mr. Cook stated, in relevant part (with the challenged statement in bold):

> The emerging markets that we're seeing pressure in are markets like Turkey, India, Brazil, Russia. These are markets where currencies have weakened over the recent period. In some cases, that resulted in us raising prices and those markets are not growing the way we would like to see.
>
> To give you a perspective in of some detail, our business in India in Q4 was flat. Obviously, we would like to see that be a huge growth. Brazil was down somewhat compared to the previous year. And so I think, or at least the way that I see these, is each one of the emerging markets has a bit of a different story, and I don't see it as some sort of issue that is common between those for the most part. **In relation to China specifically, I would not put China in that category.** Our business in China was very strong last quarter. We grew 16%, which we're very happy with. iPhone in particular was very strong, very strong double-digit growth there. Our other products category was also stronger, in fact, a bit stronger than even the overall company number.
>
> The App Store in China, we have seen a slowdown or a moratorium, to be more accurate, on new game approvals. There is a new regulatory setup in China, and there things are not moving the way they were moving previously. We did see a few games approved recently, but it's very far below the historic pace.

Mr. Cook's statement was an accurate, honestly-held opinion. Defendants dispute Plaintiff's allegation that Mr. Cook's statement was materially false or misleading. Defendants further dispute Plaintiff's allegations that: (1) Defendants had a duty to disclose the purportedly omitted material facts; (2) the alleged misleading statement was made with scienter; (3) the alleged misleading statement caused the price of Apple securities to be artificially inflated; (4) the alleged conduct caused any losses to Plaintiff or members of the class; and (5) Plaintiff and members of the class were damaged, and the measure of any such damages.

### C. Legal Issues

The legal issues in dispute include: (1) whether Defendants Apple and Cook violated §10(b) of the Exchange Act and Rule 10b-5; (2) whether Defendants Cook and Maestri violated §20(a) of the Exchange Act; (3) whether Defendant Cook's statement on the November 1, 2018 earnings call was materially false or misleading or omitted to state facts necessary to make the statement not misleading in light of the circumstances under which it was made; (4) if Defendant Cook's statement is found to be materially false or misleading, whether such statement was made with the requisite scienter; (5) whether Plaintiff or class members relied on a statement found to be materially false or misleading; (6) whether the prices of Apple stock, or call options on Apple stock, were artificially inflated, or whether the prices of put options on Apple stock were artificially deflated, as a result of a

statement found to be materially false or misleading; (7) whether Plaintiff and class members were damaged as a result of a statement found to be materially false or misleading; and (8) the proper measure of any such damages.

### D. Motions

Previously Decided Motions

Set forth below is a summary of motions filed and already decided by the Court[1]:

| Motion | Date Filed | Outcome | Date Entered |
|---|---|---|---|
| Plaintiff's Motion To Appoint Lead Plaintiff And Lead Counsel (ECF 26) | 6/17/2019 | Court Appointed Rhode Island As Lead Plaintiff And Consolidated All Related Pleadings Against Defendants (ECF 72) | 8/14/2019 |
| Defendants' Motion To Dismiss The Amended Complaint (ECF 91) | 12/16/2019 | Order Granting In Part And Denying In Part Defendants' Motion, Ordering That Rhode Island Transition Leadership Of The Case To Plaintiff, And Directing Plaintiff To File A Revised Complaint (ECF 110) | 6/2/2020 |
| Defendants' Motion For Leave To File Motion To Dismiss The Second Amended Complaint (Or In The Alternative, For Leave To File A Motion For Reconsideration Of The Court's Order Directing Apple To File An Answer) (ECF 111) | 6/16/2020 | Order Granting Motion For Leave To File Motion To Dismiss The Second Amended Complaint (ECF 117) | 6/29/2020 |
| Defendants' Motion To Dismiss The Revised Consolidated Class Action Complaint And Request For Judicial Notice (ECFs 118, 119) | 7/13/2020 | Order Granting In Part And Denying In Part Defendants' Motion To Dismiss The Revised Consolidated Class Action Complaint (ECF 123) | 11/4/2020 |

[1] Omitted from the table are Administrative Motions. The pending Administrative Motions are detailed below.

| | | | |
|---|---|---|---|
| Plaintiff's Motion To Compel Compliance With Subpoena Duces Tecum To Pegatron Corporation, Memorandum Of Points And Authorities In Support Thereof (ECF 141) | 3/5/2021 | Order By Judge Joseph C. Spero Granting In Part Motion To Compel (ECF 152) | 3/29/2021 |
| Plaintiff's Motion To Certify Class, Appoint Class Representative And Appoint Class Counsel (ECF 165) | 5/5/2021 | Order Granting In Part And Denying In Part Motion For Class Certification (ECF 224) | 2/4/2022 |
| Defendants' Motion For Discovery Unopposed Motion For Issuance Of Letters Of Request Pursuant To The Hague Convention (ECF 209) | 11/23/2021 | Order By Judge Joseph C. Spero Granting Unopposed Motion For Discovery/Issuance Of Letters Rogatory (ECF 211) | 11/29/2021 |
| Plaintiff's Motion To Compel Production Of Documents Withheld As Privileged (ECF 232) | 3/4/2022 | Order By Judge Joseph C. Spero Granting In Part And Denying In Part Motion To Compel (ECF 272) | 8/3/2022 |
| Plaintiff's Supplemental Motion To Certify Class Of Apple Options Investors (ECF 239) | 4/15/2022 | Order Modifying Class (ECF 352) | 3/28/2023 |
| Plaintiff's Motion For Leave To File The [Proposed] Second Amended Class Action Complaint For Violation Of The Federal Securities Laws (ECF 250) | 7/5/2022 | Order Denying Motion For Leave To Amend (ECF 310) | 9/19/2022 |
| Letter From Defendants Regarding Request For Motion For Summary Judgment Pre-Filing Conference (ECF 271) | 7/29/2022 | Order Relieving Parties From Summary Judgment Pre-Filing Conference Requirement (ECF 290) | 9/1/2022 |
| Defendants' Motion For Relief From Nondispositive Pretrial Order Of Magistrate Judge Re 272 Order On Discovery Letter Brief (ECF 276) | 8/5/2022 | Order Denying Motion For Relief (ECF 302) | 9/12/2022 |

| | | | |
|---|---|---|---|
| Defendants' Emergency Motion To Stay Of Discovery Order Pending Review And For An Administrative Stay Pending Decision On Motion To Stay Re 272 (ECF 277) | 8/5/2022 | Order Granting A Limited Stay Pending Review Of The Motion For Relief From A Nondispositive Order (ECF 280) | 8/8/2022 |
| Defendants' Motion For Summary Judgment (ECF 293) | 9/9/2022 | Order Denying Motion For Summary Judgment (ECF 369) | 6/26/2023 |
| Defendants' Motion to Exclude Expert Testimony (ECF 292) | 9/9/2022 | Order Denying Motion to Exclude (ECF 384) | 7/17/2023 |
| Plaintiff's Omnibus Motion to Exclude Opinion Testimony of Defendants' Proposed Experts (ECF 301) | 9/9/2022 | Order Granting in Part and Denying in Part Motion to Exclude (ECF 384) | 7/17/2023 |
| Defendants' Motion To Certify Order For Interlocutory Appeal Under 28 U.S.C. §1292(B), And For A Stay Of Production (ECF 304) | 9/13/2022 | Order Denying Motion To Certify Order For Interlocutory Appeal And For Stay Of Production (ECF 312) | 9/29/2022 |
| Defendants' Motion To Stay Production Orders Pending Resolution Of Petition For Writ Of Mandamus (ECF 313) | 9/30/2022 | Order Granting Motion To Stay (ECF 317) | 10/13/2022 |
| Defendants' Motion To Stay Production Orders Pending Decision In *In Re Grand Jury* (ECF 319) | 10/20/2022 | Order Granting Motion To Stay (ECF 335) | 11/30/2022 |
| Joint Discovery Letter Brief (ECF 348) | 3/7/2023 | Order By Judge Joseph C. Spero Re Discovery Letter Brief (ECF 349) | 3/8/2023 |
| Plaintiff's Motion For Partial Relief From Nondispositive Order Of Magistrate Judge Re 349 Order On Discovery Letter Brief (ECF 351) | 3/22/2023 | Order Granting Motion For Relief. Issue Is Returned To Judge Joseph C. Spero For Further Consideration And Guidance (ECF 372) | 6/30/2023 |

| | | | |
|---|---|---|---|
| Motion For Leave To File Plaintiff's Motion For Partial Reconsideration Of Interlocutory Order (ECF 358) | 5/8/2023 | Order Granting Motion For Leave To File (ECF 362) | 5/12/2023 |
| Plaintiff's Motion For Partial Reconsideration Of Interlocutory Order (ECF 364) | 5/19/2023 | Order Denying Motion For Reconsideration (ECF 371) | 6/29/2023 |

Pending Motions

***Administrative Motions to Seal.*** As noted by the Court in its June 20, 2023 order, pending before the Court are several administrative motions to seal relating to Defendants' motion for summary judgment and the Parties' motions to exclude. ECF 368; *see* ECFs 299, 300, 321, 322, 323, 341. The Court ordered the Parties to file a joint chart summarizing the pending administrative motions; the chart was filed on July 10, 2023. ECF 377.

***Discovery Motions Regarding Privilege Dispute.*** The Parties continue to dispute whether Defendants are appropriately withholding documents on the basis of privilege. Currently before Magistrate Judge Spero are two disputes: (1) whether Defendants are appropriately continuing to withhold 55 out of the 232 documents that Plaintiff had previously challenged; and (2) whether, pursuant to Fed. R. Civ. P. 26, Defendants are required to re-review the remainder of the documents identified on their privilege log.

The Parties filed a joint discovery letter in connection with the first dispute on June 30, 2023. ECF 374. As to the second dispute, Judge Spero has set the following schedule for further briefing: Plaintiff's opening brief due July 18, 2023, Defendants' opposition brief due July 28, 2023, and Plaintiff's reply brief due August 3, 2023. ECFs 375, 376. Judge Spero will hold a hearing on August 18, 2023 to address both discovery disputes. ECF 376.

Anticipated Motions

The Parties intend to file a joint motion to approve the form and manner of notice of the pendency of class action and expect to do so shortly after the filing of this Joint CMC Statement.

The Parties expect to file pretrial and trial motions, including Motions *in Limine*.

**E. Amendment of Pleadings**

Plaintiff does not currently intend to amend its pleadings but reserves the right to move to conform the pleadings to the evidence adduced at trial. Additionally, Plaintiff reserves the right to move for leave to amend the pleadings in the event that new facts are revealed through the production of documents currently withheld on the basis of privilege and subject to the ongoing privilege dispute. Defendants reserve all objections to any future motion for leave to amend.

**F. Evidence Preservation**

The Parties certify that their counsel have reviewed the Court's Guidelines for the Discovery of Electronically Stored Information and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**G. Disclosures**

Pursuant to Rule 26(a)(1)(C), the Parties exchanged their initial disclosures on December 18, 2020 and amended disclosures on March 16, 2022. Plaintiff's disclosure of persons who may have discoverable information pursuant to Rule 26(a)(1)(A)(i) includes: (i) the named plaintiffs, (ii) non-party investment managers and financial institutions, (iii) the named Defendants, (iv) current and former directors, executives and employees of Apple, (v) non-party suppliers, manufacturers, producers and assemblers, (vi) non-party investment bank and analyst firms, (vii) non-party media and news sources, and (viii) non-party resellers and other Apple partners. Defendants' disclosure of persons who may have discoverable information includes: (i) the named Individual Defendants, (ii) four additional Apple employees, and (iii) non-party analyst firms.

The Parties also disclosed the categories of documents in their possession relevant to the Parties' claims and defenses.

Plaintiff disclosed that, pursuant to Rule 26(a)(1)(A)(iii), the calculation of damages will be the subject of expert analysis and testimony. Further, Plaintiff disclosed that any pre-judgment and post-judgment interests is not determinable until after judgment is obtained.

**H. Discovery**

The Court entered the Parties' stipulated protective order on March 4, 2021. ECF 139. The Court entered the Parties' stipulated e-discovery order on July 21, 2021. ECF 200. Fact discovery closed on March 16, 2022 and expert discovery closed on July 29, 2022. The Parties do not anticipate any additional discovery outside of any production of documents ordered as a result of the ongoing privilege disputes discussed *supra* at §II.D.

**I. Class Actions**

All counsel of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements. On February 4, 2022, the Court granted Plaintiff's motion for class certification, in part, but denied without prejudice Plaintiff's request to include in the Class investors in options on Apple stock. ECF 224. Following additional briefing, on March 28, 2023, the Court modified the Class to include purchasers of call options on Apple stock and sellers of put options on Apple stock. ECF 352. Pursuant to the Court's March 28, 2023 order, the Class is defined as:

> All persons and entities who purchased or otherwise acquired the publicly traded securities of Apple Inc., including purchasers of Apple Inc. call options and sellers of Apple Inc. put options, during the period from November 2, 2018 through January 2, 2019, inclusive, and who suffered damages by defendants' alleged violations of Sections 10(b) and 20(a) of the Exchange Act. Excluded from the class are (i) Apple and the individual defendants; (ii) members of the families of each individual defendant; (iii) officers and directors of Apple; and (iv) the legal representatives, heirs, successors or assigns of any such excluded party.

ECF 352.

**J. Related Cases**

On June 11, 2019, the Court entered a Related Case Order relating case No. 19-cv-02615-LHK to this action. ECF 19. On June 21, 2019, the Court entered a Related Case Order relating case No. 19-cv-02891-JD to this action. ECF 46.

A consolidated stockholder derivative action involving similar facts and circumstances, captioned *In re Apple Inc. Stockholder Derivative Litigation*, No. 4:19-cv-05153-YGR (the "Related Federal Derivative Action"), is also pending before this Court. On June 15, 2023, the parties to the Federal Derivative Action filed a joint notice of preliminary settlement with the Court. Case No. 4:19-cv-05153-YGR, ECF 60. Another consolidated stockholder derivative action involving similar

facts and circumstances is currently pending in Santa Clara Superior Court, captioned *In re Apple Inc. Stockholder Derivative Litigation*, No. 19CV355213 (Cal. Super. Ct. Santa Clara Cty.) (the "Related State Derivative Action"). Defendants anticipate that the submission and approval of a settlement agreement in the Related Federal Derivative Action would have the effect of releasing and resolving all claims in the Related State Derivative Action.

**K. Relief Sought**

Plaintiff asserts claims under §§10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and seeks: (1) a judgment finding Defendants liable under the securities laws; (2) damages, including prejudgment and post-judgment interest; (3) reasonable costs and expenses incurred in this action, including attorneys' fees; and (4) such other relief as the Court may deem just and proper.

Defendants request the following relief: (1) that the Court enter judgment in their favor; (2) that Plaintiff take nothing by means of its Complaint; (3) that Defendants be awarded costs to the maximum extent allowable by law; and (4) for such other relief as the Court deems just and proper.

**L. Settlement and ADR**

The Parties have engaged the services of a private mediator and have participated in two rounds of mediation but were unable to reach a resolution. Alternative dispute resolution discussions remain ongoing.

**M. Other References**

The Parties do not believe this case is suitable for references to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**N. Narrowing of Issues**

The Parties agree to meet and confer to determine whether the Parties may stipulate to certain facts that would expedite the presentation of evidence at trial, and intend to do so in compliance with the Court's Standing Order Re: Pretrial Instructions in Civil Cases. The Parties are not aware of any issues that can be narrowed by agreement or by motion and, at this stage, do not agree to bifurcate issues, claims, or defenses.

**O.     Expedited Trial Procedure**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order No. 64.

**P.     Scheduling**

The Parties propose the following timetable for remaining case events:

| EVENT | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|
| Pretrial Conference | January 26, 2024 at 9:00 a.m. | April 19, 2024 at 9:00 a.m. |
| Trial | February 12, 2024 at 8:00 a.m. | May 6, 2024 at 8:00 a.m. |

The Parties continue to meet and confer on an agreeable trial date, subject to the approval of the Court, and hope to reach agreement prior to the July 24, 2023 case management conference.

**Q.     Trial**

This case will be tried to a jury.  The Parties believe that 10 trial days will provide sufficient time to try the issues in this case.

**R.     Disclosure of Non-Party Interested Entities or Persons**

On April 23, 2019, Defendants Apple, Cook, and Maestri filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15 ("Certification"), certifying that, other than the named parties, no person or entity has a financial interest in the subject matter in controversy or in a party to the proceeding (ECF 11).  On June 17, 2019, Plaintiff filed its Certification of Interested Entities or Persons (ECF 38) ("Plaintiff's Certification"), certifying that as of the date of Plaintiff's Certification, no such interest is known other than that of the named parties to the action and Plaintiff.

**S. Professional Conduct**

All counsel of record for the Parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: July 17, 2023

ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH
JACOB G. GELMAN

s/ Shawn A. Williams
SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
MARK SOLOMON
JASON A. FORGE
RAPHAELLA FRIEDMAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

LABATON SUCHAROW
CAROL C. VILLEGAS
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/883-7524 (fax)
cvillegas@labaton.com

Counsel for Employees' Retirement System of the State of Rhode Island

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

DATED: July 17, 2023

ORRICK, HERRINGTON & SUTCLIFFE LLP
JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com

s/ James N. Kramer
JAMES N. KRAMER

The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Counsel for Defendants
Apple Inc., Timothy Cook, and Luca Maestri

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
MELINDA L. HAAG (SBN: 132612)
mhaag@paulweiss.com
WALTER F. BROWN JR. (SBN: 130248)
wbrown@paulweiss.com
MEREDITH R. DEARBORN (SBN: 268312)
mdearborn@paulweiss.com
535 Mission Street. 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
DANIEL J KRAMER (NY SBN: 1979392; *pro hac vice* pending)
dkramer@paulweiss.com
AUDRA J SOLOWAY (NY SBN: 4113536; *pro hac vice* pending)
asoloway@paulweiss.com
HARRIS FISCHMAN (NY SBN: 4380598; *pro hac vice* pending)
hfischman@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3503
Facsimile: (212) 757-3990

Counsel for Defendants
Apple Inc., Timothy Cook, and Luca Maestri

ATTESTATION PURSUANT TO LOCAL RULE 5-1

I, Shawn A. Williams, am the ECF user whose identification and password are being used to file the JOINT CASE MANAGEMENT CONFERENCE STATEMENT. Pursuant to Local Rule 5-1(h)(3) and in compliance with General Order No. 45 X.B., I hereby attest that James N. Kramer has concurred in this filing.

DATED: July 17, 2023

s/ Shawn A. Williams
SHAWN A. WILLIAMS

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 17, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/Shawn A. Williams

SHAWN A. WILLIAMS
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
Email: shawnw@rgrdlaw.com

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com
- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com
- **Kevin Michael Askew**
  kaskew@orrick.com
- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com
- **Mary K. Blasy**
  mblasy@rgrdlaw.com
- **Walter F. Brown**
  wbrown@paulweiss.com,mao_fednational@paulweiss.com
- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com
- **Meredith Richardson Dearborn**
  mdearborn@paulweiss.com,egold@paulweiss.com,cduong@paulweiss.com,imcmillan@paulweiss.com,mao_fednational@paulweiss.com
- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Harris Michael Fischman**
  hfischman@paulweiss.com,mao_fednational@paulweiss.com
- **William Joseph Foley**
  wfoley@orrick.com
- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Christine M. Fox**
  cfox@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com,RRamphul@labaton.com
- **Raphaella Friedman**
  rfriedman@rgrdlaw.com
- **Jacob G. Gelman**
  jgelman@rgrdlaw.com
- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com
- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com
- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com
- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com,cgrady@structurelaw.com
- **Daniel J. Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com
- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com
- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com
- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com
- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com
- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.co
- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com
- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com
- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com
- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Audra Jan Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com
- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com
- **Michael David Torpey**
  mtorpey@orrick.com
- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,kjudd@labaton.com,agreenbaum
- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com
- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com
- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@
- **Ariel Brianna Winawer**
  awinawer@orrick.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)