| | |
|---|---|
| JAMES N. KRAMER (SBN 154709) | DANIEL J KRAMER (NY SBN: 1979392; |
| jkramer@orrick.com | *Pro Hac Vice*) |
| MICHAEL D. TORPEY (SBN 79424) | dkramer@paulweiss.com |
| mtorpey@orrick.com | AUDRA J SOLOWAY (NY SBN: 4113536; |
| ALEXANDER K. TALARIDES (SBN 268068) | *Pro Hac Vice*) |
| atalarides@orrick.com | asoloway@paulweiss.com |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | HARRIS FISCHMAN (NY SBN: 4380598; |
| The Orrick Building | *Pro Hac Vice* ) |
| 405 Howard Street | hfischman@paulweiss.com |
| San Francisco, CA 94105-2669 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| Telephone:     +1 (415) 773-5700 | 1285 Avenue of the Americas |
| Facsimile:     +1 (415) 773-5759 | New York, NY 10019-6064 |
| | Telephone: (212) 373-3503 |
| | Facsimile: (212) 757-3990 |

MELINDA L. HAAG (SBN: 132612)
mhaag@paulweiss.com
WALTER F. BROWN JR. (SBN: 130248)
wbrown@paulweiss.com
MEREDITH R. DEARBORN (SBN: 268312)
mdearborn@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street. 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Attorneys for Defendants Apple Inc.,
Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>―――――――――――――――<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Civil Action No. 4:19-cv-02033-YGR<br><br>**DECLARATION OF JAMES N. KRAMER IN RESPONSE TO LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 389)**<br><br>Judge:    Honorable Joseph C. Spero |

1      I, James N. Kramer, declare as follows:

2      1.      I am a partner at Orrick, Herrington, & Sutcliffe LLP, counsel for Apple Inc.,

3  Timothy Cook, and Luca Maestri (collectively "Defendants").  Pursuant to Civil Local Rule 79-5,

4  I submit this declaration in response to Lead Plaintiff's Administrative Motion to Consider

5  Whether Another Party's Material Should Be Sealed (Dkt. No. 389, the "Administrative

6  Motion").  I am familiar with Apple's treatment of highly proprietary and confidential

7  information, based on my personal experience representing Apple.[1]  I have personal knowledge of

8  the facts stated below and, if called as a witness, I could and would testify competently thereto.

9      2.      The Administrative Motion was filed in connection with a non-dispositive motion,

10 namely, Lead Plaintiff's Motion to Compel Review and Production of Non-Privileged Documents

11 (the "Motion to Compel") (Dkt. No. 389-3).  When parties seek to seal material submitted in

12 connection with non-dispositive motions, including discovery motions like the Motion to

13 Compel, they need only demonstrate "good cause" in support of their requests to seal, and need

14 not satisfy the more stringent "compelling reasons" standard that applies in connection with

15 dispositive motions and trial.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.

16 2010) ("This 'good cause' standard presents a lower burden for the party wishing to seal

17 documents than the 'compelling reasons' standard."); *Kamakana v. City & Cnty. of Honolulu*, 447

18 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing . . . will suffice to keep sealed records

19 attached to non-dispositive motions"); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th

20 Cir. 2002) ("[W]hen a party attaches a sealed discovery document to a nondispositive motion, the

21 usual presumption of the public's right of access is rebutted, so that the party seeking disclosure

22 must present sufficiently compelling reasons why the sealed discovery document should be

23 released.").

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5.  *See*, *e.g.*, *In re Apple Inc. Securities Litig.*, No. 19-2033-YGR, Dkt. No. 310 (N.D. Cal. September 19, 2022); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. No. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. No. 76 (N.D. Cal. Oct. 8, 2018).  I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1  3. Defendants join the Administrative Motion in part. Defendants do not seek to maintain under seal Lead Plaintiff's Motion to Compel. However, Defendants do request that the Court maintain under seal the entirety of Exhibit 1 to the Declaration of Kenneth J. Black in Support of Lead Plaintiff's Motion to Compel ("Black Declaration") (Dkt. No. 389-4). Exhibit 1 to the Black Declaration is Defendants' Privilege Log Pursuant to Federal Rule of Civil Procedure 26, dated February 23, 2022 (Dkt. No. 389-5, the "Privilege Log"), produced to Plaintiff and designated as "Highly Confidential" by Defendants pursuant to the Protective Order entered in this action. For the reasons explained below, good cause exists to seal Defendants' Privilege Log.

4. Defendants' Privilege Log is comprised of detailed information regarding more than 1,600 documents containing communications involving Apple personnel and in-house counsel. The Privilege Log contains a large volume of information about the documents Defendants have withheld on the basis of privilege, including dates, sender and recipient information, file names and email subject lines, and the basis for Defendants' privilege claims (which often includes a description of the subject matter on which privileged advice was sought). Apple considers the nature and subject matter of privileged communications involving its in-house counsel to be confidential information, which it takes extensive measures to protect, and which it does not disclose to the public during the normal course of business. Public disclosure of the Privilege Log, which is a substantial compilation of detail about privileged communications, many of which involve commercially sensitive topics, could cause undue harm to Apple's business, including by disclosing details about internal communications and processes to Apple's competitors.

5. Courts routinely find good cause to seal privilege logs, including because the disclosure of details about privileged communications could: (1) chill communications between counsel and company employees, (2) expose to competitors the topics on which companies seek legal advice, and (3) make it easier for competitors to identify and recruit away a company's employees. *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 2022 WL 17668678, at *2 (D. Nev. Dec. 14, 2022); *see also Connor v. Quora, Inc.*, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13,

2020) (Freeman, J.) (sealing privilege log); *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at *26 (N.D. Cal. Aug. 9, 2016) (Orrick, J.) (same); *Oracle Am., Inc. v. Google Inc.*, 2015 WL 7775243, at *2 (N.D. Cal. Dec. 3, 2015) (Ryu, J.) (same); *Trujillo v. Jacquez*, 2014 WL 4072062, at *6 (N.D. Cal. Aug. 15, 2014) (Ryu, J.) (same); *Sweet v. City of Mesa*, 2021 WL 4593079, at *2 (D. Ariz. Oct. 6, 2021) (same); *Mondragon v. Otto*, 2006 WL 726574, at *1 (D. Colo. Mar. 21, 2006) (same).

6.  Additionally, Defendants' Privilege Log contains email addresses of Apple employees, disclosure of which would infringe upon employees' privacy rights. *See Houston Mun. Emps. Pension Sys. v. BofI Holding, Inc.*, 2017 WL 11681841, at *1–2 (S.D. Cal. Mar. 23, 2017).

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed in San Francisco, California on July 25, 2023.

                                        */s/ James N. Kramer*
                                        JAMES N. KRAMER