ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
          – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>JOINT PROPOSAL FOR DISSEMINATION OF NOTICE TO THE CLASS |

4855-3531-3010.v1

I.  INTRODUCTION

On May 5, 2021, Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Lead Plaintiff" or "Norfolk") filed its motion for class certification. ECF 165. On February 4, 2022, the Court granted Lead Plaintiff's motion in part, certifying this action as a Class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and appointing Lead Plaintiff as Class Representative and appointing Robbins Geller Rudman & Dowd LLP as Class Counsel. ECF 224 (the "Class Certification Order").[1] On March 28, 2023, the Court granted Lead Plaintiff's supplemental motion to certify options investors as part of the Class (ECF 352) (the "Order Modifying the Class"). The Court certified the following Class:

> All persons and entities who purchased or otherwise acquired the publicly traded securities of Apple Inc., including purchasers of Apple Inc. call options and sellers of Apple Inc. put options, during the period from November 2, 2018 through January 2, 2019, inclusive, and who suffered damages by defendants' alleged violations of Sections 10(b) and 20(a) of the Exchange Act. Excluded from the class are (i) Apple and the individual defendants; (ii) members of the families of each individual defendant; (iii) officers and directors of Apple; and (iv) the legal representatives, heirs, successors or assigns of any such excluded party.[2]

*Id.*

The parties have met and conferred, and pursuant to Rule 23(c)(2)(B) request that the Court approve the following joint proposal for dissemination of notice to the Class together with the proposed notice schedule.

II.  LEGAL STANDARD

Following certification of a class under Rule 23(b)(3), the Court must "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Notice must provide sufficient information such that class members can "make an informed decision regarding participation in the action."[3] *Rodriguez v. Kraft Foods Grp., Inc.*, 2016 WL 5844378,

---

[1] The Court denied Lead Plaintiff's motion to certify a class of option holders.

[2] "Defendants" are Apple Inc. ("Apple"), Timothy D. Cook, and Luca Maestri.

[3] All citations and footnotes omitted unless otherwise indicated.

JOINT PROPOSAL FOR DISSEMINATION OF NOTICE TO THE CLASS - 4:19-cv-02033-YGR     - 1 -
4855-3531-3010.v1

1  at *3 (E.D. Cal. Oct. 5, 2016); *AdTrader, Inc. v. Google LLC*, 2021 WL 2073816, at *1 (N.D. Cal. Mar. 23, 2021) ("Rule 23 further requires that members of certified classes be given the opportunity to 'request exclusion' from having their claims tried as part of the class proceeding") (quoting Fed. R. Civ. P. 23(c)(2)(B)(v)).  In "plain, easily understood language," the notice must "clearly and concisely" state:

    (i)    the nature of the action;

    (ii)    the definition of the class certified;

    (iii)    the class claims, issues, or defenses;

    (iv)    that a class member may enter an appearance through an attorney if the member so desires;

    (v)    that the court will exclude from the class any member who requests exclusion;

    (vi)    the time and manner for requesting exclusion; and

    (vii)    the binding effect of a class judgment on members under Rule 23(c)(3).

Fed R. Civ. P. 23(c)(B).  "Notice of the pendency of a Rule 23(b)(3) class action is to be made by 'United States mail, electronic means, or other appropriate means.'"  *AdTrader*, 2021 WL 2073816, at *1.  "[D]ue process does not require actual notice, but rather a good faith effort to provide actual notice."  *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 177 F.R.D. 216, 231 (D.N.J. 1997); *see also AdTrader*, 2021 WL 2073816, at *1 ("The class must be notified in a manner that 'does not systematically leave any group without notice.'").

    "There is no one 'right way' to provide notice."  *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 2004 WL 3671053, at *8 (W.D. Mo. Apr. 20, 2004).  "[D]irect mail postcard notice supplemented with additional information accessible via the internet fully meets the requirements of Rule 23."  *Utne v. Home Depot U.S.A., Inc.*, 2018 WL 11373654, at *1-*2 (N.D. Cal. Aug. 21, 2018) (approving "postcard notice [that] explains the nature of the action, defines the class and the claims of the case, and informs class members of their rights and options").  For class members whose names and addresses cannot be reasonably ascertained, "courts may use alternative means such as notice through third parties, paid advertising, and/or posting in places frequented by class

members, all without offending due process." *Mullins v. Direct Digit., LLC*, 795 F.3d 654, 665 (7th Cir. 2015).

### III. THE PROPOSED NOTICE PLAN

The proposed notice plan, which was developed by Class Counsel, together with the proposed administrator, Gilardi & Co. LLC ("Gilardi") (the "Administrator"),[4] with input from Defendants' counsel, includes direct-mailed, or emailed where possible, postcard notice, publication notice, and a case website (together, the "Notice Plan").  Class Counsel represents that the Notice Plan is designed to reach the vast majority of potential Class members – "more than 95%." *See* Crudo Declaration, ¶¶6, 13, 16, 18.  Class Counsel will bear the initial costs of notice, subject to potential reimbursement.

The proposed Notice Plan includes the dissemination of: (1) a direct-mailed or emailed postcard that will be mailed or emailed to potential Class members identified through trading records and persons and entities known to hold Apple publicly traded securities as nominees of such potential Class members ("Postcard Notice"), filed concurrently herewith as Exhibit A; and (2) a proposed summary notice for publication in prominent news publications ("Publication Notice"), filed concurrently herewith as Exhibit B.  Both the Postcard Notice and the Publication Notice will direct potential Class members to a dedicated case website, www.2019AppleSecuritiesLitigation.com, which will have posted to it the full-length "Long-Form Notice,"[5] additional case information, and a link to the operative pleadings, the Class Certification Order, and the Order Modifying the Class.  *See* Crudo Declaration, ¶16.

As required by Rule 23(c)(2), the Long-Form Notice describes the nature of the litigation; sets forth the definition of the Class; states the Class's claims; and discloses the right of Class members to exclude themselves from the Class, as well as the deadline and procedure for doing

---

[4] Class Counsel represents that Gilardi is a highly respected and experienced notice and claims administrator, with thousands of cases administered and billions of dollars in assets distributed. *See* Declaration of Peter Crudo Regarding Notice Plan ("Crudo Declaration"), ¶4, filed concurrently herewith; *see also* www.gilardi.com.

[5] The Long-Form Notice filed concurrently herewith as Exhibit C.

so, and warns of the binding effect on Class members who do not exclude themselves.  *See* Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).  In addition, both the Postcard Notice and the Long-Form Notice provide contact information for Class Counsel and include a toll-free telephone number potential Class members may call with any questions.  Gilardi will also cause both the Postcard Notice and Long-Form Notice to be published by the Depository Trust Corporation ("DTC") on the DTC Legal Notice System, enabling participating banks and brokers to review both notices and directly contact Gilardi to obtain copies of the Postcard Notice and the Long-Form Notice for their clients who may be Class members.  *See* Crudo Declaration, ¶14.

Courts in this Circuit have deemed similar notice plans to be adequate forms of notice at this stage of the proceedings.  *See, e.g.*, *Utne*, 2018 WL 11373654, at *1 (approving notice where "[a] postcard will direct class members to a class website, where they will have access to a long-form notice, as well as a toll-free number they may call"); *AdTrader*, 2021 WL 2073816, at *1 (approving summary email and postcard notice that directed potential class members to the long-form notice posted on the dedicated website).[6]  In the securities context, Judge Donato, who is overseeing the Wells Fargo class action currently pending in this District, also approved a similar notice program.  *See* Order Approving Amended Proposal for Dissemination of Notice to the Class, *Purple Mountain Tr. v. Wells Fargo & Co.*, No. 3:18-cv-03948-JD (N.D. Cal. Oct. 28, 2022) (ECF 219).

The proposed Notice Plan satisfies all of the requirements of Rule 23(c)(2)(B), and provides efficient, cost-effective, and appropriate means of notice dissemination.  The Notice Plan satisfies Rule 23's requirement that notice be disseminated "to all [Class] members who can be identified through reasonable effort," and that notice be clear and concise.  Fed. R. Civ. P. 23(c)(2)(B).

---

[6]   *See also* Order Granting Preliminary Approval of Class Action Settlement, *Pennington v. Tetra Tech., Inc.*, No. 3:18-cv-05330-JD (N.D. Cal. March 17, 2021) (ECF 154) (approving notice plan consisting of summary postcard and email notice directing potential class members to a dedicated settlement website to access the long form notice).

...

## IV. PROPOSED NOTICE SCHEDULE

To facilitate the dissemination of notice, Gilardi will be responsible for contacting brokers and nominees, mailing and emailing the notice to the Class, publishing summary notice, establishing and driving traffic to the case website, and tracking and reporting any opt-out requests. *See* Crudo Declaration, ¶¶5-16. To that end, the parties jointly propose the following schedule:

1. Apple shall provide to Gilardi a mailing list (including email addresses where available) for all registered, record holders of Apple publicly traded common stock during the period from November 2, 2018 through January 2, 2019, inclusive (the "Class Period") within ten (10) business days of the Court's order approving this Notice Plan ("Notice Approval Order"). Apple shall not be obligated to obtain and provide information sufficient to identify beneficial owners associated with the shares held by any record holder beyond such information that is already in its possession. Moreover, because the publicly traded options on Apple stock during the Class Period were created by third parties, Apple shall not be obligated to obtain and provide information sufficient to identify any record holders of those options beyond such information that is already in its possession. Class Counsel shall be responsible for all other costs associated with providing the notices.

2. Within twenty-five (25) calendar days of entry of the Notice Approval Order, Gilardi shall commence mailing the Postcard Notice via USPS First-Class Mail (and emailing the Postcard Notice where email addresses are available) to potential Class members (the "Notice Date").

3. In doing so, as explained in the Crudo Declaration, ¶¶7-11, Gilardi shall use reasonable efforts to give notice to brokerage firms, banks, institutions, investment funds, investment companies, investment advisors, investment portfolios, mutual fund trusts, mutual investment funds, investment managers, and any other persons or entities who are or who claim to be nominees that purchased or otherwise acquired Apple publicly traded securities during the Class Period for the benefit of another person. Such nominees shall be given two options: (i) they can, within seven (7) calendar days of receipt of the Postcard Notice, request from the Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners (and then mail the

Postcard Notice themselves); or (ii) they can, within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses or email addresses of all such beneficial owners to Gilardi, in which case the Administrator shall promptly mail or email the Postcard Notice to such beneficial owners. Upon full and timely compliance with these directions, such nominees may seek reimbursement from Gilardi of their reasonable expenses actually incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

4. Contemporaneously with the mailing of the Postcard Notice, Gilardi shall establish the case-specific website, www.2019AppleSecuritiesLitigation.com, to make available to Class members the Long-Form Notice and other relevant case information, such as the deadline for requesting exclusion, and filings, including: (1) the Class Certification Order (ECF 224); (2) the Order Modifying the Class (ECF 352); (3) the Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF 114); (4) the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Revised Consolidated Class Action Complaint (ECF 123); (5) Defendants' Answer to the Revised Consolidated Class Action Complaint (ECF 124); (6) the Court's Order Denying Summary Judgment (ECF 369), as well as other such documents as the parties may agree or the Court shall require. The website will be available until at least one (1) year after any settlement, other resolution, or the conclusion of trial and exhaustion of all possible appeals in this action. Gilardi also shall establish a toll-free telephone number for Class members to call if they have questions or to request copies of the Class notices or other documents. Gilardi shall provide live operators during business hours to answer the telephone, respond to ministerial matters such as requests for copies of the notices, and direct any substantive questions to Class Counsel.

5. Within seven (7) calendar days of the Notice Date, Gilardi shall cause the Publication Notice to be published in *The Wall Street Journal* and posted on *PR Newswire* as a means of reaching prospective Class members not receiving the Postcard Notice.

6. The Administrator will also cause the Postcard Notice and Long-Form Notice to be published by the DTC on the DTC Legal Notice System.

7. Class members shall be bound by all determinations and judgments in this action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner. The case website and Long-Form Notice shall provide an address for the purpose of receiving requests for exclusion from the Class and requests for copies of the Long-Form Notice from, *inter alia*, nominee purchasers of Apple common stock and call options on Apple stock and nominee sellers of put options on Apple stock. In particular, Class members seeking to request exclusion from the Class shall submit a written request for exclusion as set forth in the Long-Form Notice and it shall be postmarked no later than sixty (60) calendar days after the Court's entry of the Notice Approval Order, the date of which shall be included in the notice forms. A request for exclusion shall clearly state that the Class member requests exclusion from the Class in *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR, and must: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number and type of Apple publicly traded securities purchased or acquired during the Class Period by the person or entity requesting exclusion and the dates and prices of such purchases and sales; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or is otherwise accepted by the Court. The Administrator shall promptly provide via email copies of any requests for exclusion received to Class Counsel and counsel for Defendants. Nothing herein shall restrict Defendants' rights to move to de-certify the Class, in whole or in part, or to seek the exclusion from the Class of certain entities or individuals at a later date.

8. Within seven (7) calendar days following the exclusion deadline, Class Counsel shall file with the Court proof of mailing and emailing of the Postcard Notice, proof of publication of the Publication Notice, and an affidavit setting forth a list of all persons and entities who have validly and timely requested exclusion from the Class, as well as a list of persons who requested exclusion from the Class that were not deemed to be valid or timely.

|   |   |   |
|---|---|---|
| 1 | The parties respectfully submit that this proposed Notice Plan sets forth the best notice that is practicable under the circumstances, including individual notice to all potential members of the Class who can be identified through reasonable effort.  The proposed Notice Plan and schedule satisfy Rule 23 and protect Class members' due process rights.  Accordingly, the parties respectfully request that the Court approve the proposed Notice Plan and direct that notices be disseminated as proposed herein and in the Notice Approval Order. | |

DATED:  July 28, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  && DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH
JACOB G. GELMAN


     s/ Shawn A. Williams
      SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
JASON A. FORGE
RAPHAELLA FRIEDMAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

|  |  |
|---|---|
|  | LABATON SUCHAROW<br>CAROL C. VILLEGAS<br>140 Broadway<br>New York, NY 10005<br>Telephone: 212/907-0700<br>212/883-7524 (fax)<br>cvillegas@labaton.com<br><br>Counsel for Employees' Retirement System of the State of Rhode Island<br><br>VANOVERBEKE, MICHAUD & TIMMONY, P.C.<br>THOMAS C. MICHAUD<br>79 Alfred Street<br>Detroit, MI  48201<br>Telephone:  313/578-1200<br>313/578-1201 (fax)<br>tmichaud@vmtlaw.com<br><br>Additional Counsel |
| DATED:  July 28, 2023 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>JAMES N. KRAMER (SBN 154709)<br>jkramer@orrick.com<br>MICHAEL D. TORPEY (SBN 79424)<br>mtorpey@orrick.com<br>ALEXANDER K. TALARIDES (SBN 268068)<br>atalarides@orrick.com<br><br>                           s/ James N. Kramer                           <br>JAMES N. KRAMER<br><br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700<br>Facsimile: (415) 773-5759<br><br>Attorneys for Defendants Apple Inc., Timothy D. Cook, and Luca Maestri |

1
2  PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
3  MELINDA L. HAAG (SBN: 132612)
   mhaag@paulweiss.com
4  WALTER F. BROWN JR. (SBN: 130248)
   wbrown@paulweiss.com
5  MEREDITH R. DEARBORN (SBN: 268312)
   mdearborn@paulweiss.com
6  535 Mission Street. 24th Floor
   San Francisco, CA 94105
7  Telephone: (628) 432-5100
   Facsimile: (628) 232-3101
8
9  PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
10 DANIEL J KRAMER (NY SBN: 1979392;
   admitted *pro hac vice*)
11 dkramer@paulweiss.com
   AUDRA J SOLOWAY (NY SBN: 4113536;
12 admitted *pro hac vice*)
   asoloway@paulweiss.com
13 HARRIS FISCHMAN (NY SBN: 4380598;
   admitted *pro hac vice*)
14 hfischman@paulweiss.com
15 1285 Avenue of the Americas
   New York, NY 10019-6064
16 Telephone: (212) 373-3503
   Facsimile: (212) 757-3990
17
   Counsel for Defendants
18 Apple Inc., Timothy Cook, and Luca Maestri
19
20
21
22
23
24
25
26
27
28

JOINT PROPOSAL FOR DISSEMINATION OF NOTICE TO THE CLASS - 4:19-cv-02033-YGR   - 10 -
4855-3531-3010.v1

<u>ATTESTATION PURSUANT TO LOCAL RULE 5-1</u>

I, Shawn A. Williams, am the ECF user whose identification and password are being used to file the JOINT PROPOSAL FOR DISSEMINATION OF NOTICE TO THE CLASS. Pursuant to Local Rule 5-1(h)(3) and in compliance with General Order No. 45 X.B., I hereby attest that James N. Kramer has concurred in this filing.

                                         s/ Shawn A. Williams
                                         SHAWN A. WILLIAMS

4855-3531-3010.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 28, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Shawn A. Williams
SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
   & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  shawnw@rgrdlaw.com

4855-3531-3010.v1

## Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Walter F. Brown**
  wbrown@paulweiss.com,mao_fednational@paulweiss.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com

- **Meredith Richardson Dearborn**
  mdearborn@paulweiss.com,egold@paulweiss.com,cduong@paulweiss.com,imcmillan@paulweiss.com,mao_fednational@paulweiss.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Harris Michael Fischman**
  hfischman@paulweiss.com,mao_fednational@paulweiss.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,vvibar@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,kjudd@labaton.com,6312349420@filings.docl

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Jacob G. Gelman**
  jgelman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com,cgrady@structurelaw.com

- **Daniel J. Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.co

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Audra Jan Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,vvibar@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,kjudd@laba

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`