ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
– and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
| | CLASS ACTION |
| This Document Relates To: | DECLARATION OF PETER CRUDO REGARDING NOTICE PLAN |
| ALL ACTIONS. | |

4856-7228-3250.v1

I, PETER CRUDO, declare and state as follows:

1. I am an Executive Vice President of Class Action Services at Gilardi & Co. LLC ("Gilardi"), located at One McInnis Parkway, Suite 250, San Rafael, California 94903. I make this declaration based on personal knowledge, and if called to testify, I could and would do so competently.

2. At the request of Class Counsel Robbins Geller Rudman & Dowd LLP, I am providing this declaration to give the Court and the parties to the above-captioned action further information about the procedures and methods that will be used to provide notice administration services in the above-captioned action.

3. Gilardi was retained by Class Counsel, subject to Court approval, to provide notice administration services in the above-captioned action. The Class consists of all persons and entities who purchased or otherwise acquired the publicly traded common stock of Apple Inc. ("Apple") and call options on Apple stock, or sold put options on Apple stock, during the period from November 2, 2018 through January 2, 2019, inclusive (the "Class Period"), and who suffered damages by Defendants' alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Excluded from the Class are: (i) Apple and the Individual Defendants; (ii) members of the families of each Individual Defendant; (iii) officers and directors of Apple; and (iv) the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Class is any person or entity that timely and validly requests exclusion in accordance with the requirements set by the Court.

4. As background, Gilardi has implemented successful notice and claims administration programs in more than a thousand securities class actions during our more than three decades as an administrator. Our experience includes many of the largest and most complex administrations of both private litigation matters and of actions brought by government securities regulators. More information on Gilardi's experience can be found on its website at www.gilardi.com.

5. The proposed Notice Plan in this matter uses procedures that have been designed to provide extremely effective direct mail or email notification to every investor who is a member

of the Class and who can be identified with reasonable effort. By itself, the proposed direct mail and email notification will be sufficient to reach a high percentage of the Class. All persons and entities identified as potential Class members will be sent or emailed a summary postcard version of the Notice of Pendency of Class Action ("Postcard Notice"), which will include information regarding the rights of Class members and instructions for viewing the case-specific website, which includes additional information, and for requesting exclusion from the Class. The proposed Notice Plan also calls for posting of the Long-Form Notice of Pendency of Class Action on a case-specific website established by Gilardi, publication of a summary version of the Notice (the "Publication Notice") in a national newspaper read by securities investors, as well as placement of the Publication Notice on a national business newswire service. Details of the complete proposed notice plan are outlined below.

6. If Gilardi is appointed by the Court as Administrator, and subject to the Court's approval of the Notice Plan set forth in the [Proposed] Order Approving Joint Proposal for Dissemination of Notice of the Class ("Notice Order"), Gilardi will initially send a copy of the Postcard Notice via USPS First-Class Mail (or email, where such email addresses are provided) to all persons and entities identified as potential Class members by Apple's stock transfer agent. The stock transfer agent will only have the contact information for the small number of investors that hold their securities in their own names. These investors typically make up a very small percentage of a class, as the vast majority of investors hold their securities through a broker, bank, or other financial institution, and do so in what is known colloquially as "street name." Under the system of street name ownership, institutions act as the record holders for investors who are the beneficial owners of the securities. In Gilardi's experience, the class members who hold their securities in their own name, and are therefore known to the stock transfer agent, typically make up less than 5% of a class in a typical securities action.

7. In order to obtain the contact information for investors that hold their securities in street name, Gilardi and other administrators use a procedure designed to obtain that information from the brokers, banks, and other institutions (the "Nominee Holders") that actually hold the securities for the benefit of their clients. In the more than 30 years that Gilardi has been notifying

class members of actions involving publicly-traded securities, Gilardi has found the majority of potential class members hold their securities in street name and are reached through the Nominee Holders.

8. For this matter, Gilardi will send a Postcard Notice and appropriate cover letter to each entity included on a proprietary list of approximately 250 Nominee Holders. This list also includes a group of firms and institutions who have requested notification on every case involving publicly-traded securities and is contained in a database created, maintained, and updated as necessary by Gilardi. In Gilardi's experience, the institutions included in this database represent a significant majority of the beneficial holders of the securities of publicly-traded companies.

9. Gilardi will also send a Postcard Notice and appropriate cover letter to each financial institution registered with the United States Securities and Exchange Commission ("SEC") as a potential Nominee Holder. There are approximately 4,500 institutions on that list, which changes from time to time and is, therefore, periodically updated. The cover letter accompanying the Postcard Notice will notify the Nominee Holders of the pendency of this action as a Class action, and inform the institution of its obligation to either: (i) provide to Gilardi the names and addresses and email addresses of its clients who may be Class members; or (ii) request copies of the Postcard Notice to provide directly to its customers and clients.

10. Gilardi has long-standing relationships with all of the primary Nominee Holders, and they are accustomed to providing us with information regarding their clients from their records and obtaining reimbursement for doing so. Gilardi will provide several supplemental notification letters to any Nominee Holder who does not respond to the initial request for potential Class member names and addresses and email addresses.

11. Gilardi will promptly mail (or email, where such email addresses are provided) the Postcard Notice to all potential Class members identified by Nominee Holders. Gilardi will also send copies of the Postcard Notice directly to Nominee Holders who indicate that they will directly forward the documents to their customers and clients who may be Class members. In the event of an email bounce back, Gilardi will send a Postcard Notice to any Class member for which it can

determine a physical address, either by working through the relevant broker or by additional internal research.

12. All name and address data obtained by Gilardi will be reviewed to identify and eliminate exact duplicates and incomplete data prior to mailing. Addresses will be checked against the USPS's National Change of Address database to identify address changes and obtain current mailing addresses where available. Any Postcard Notices that are returned as undeliverable mail will be reviewed to determine if an alternative or updated address is available from the USPS, and will be re-mailed to the updated or alternative address. In cases where no address is available from the USPS, Gilardi will attempt to obtain updated or alternative address information from private databases, and will re-mail the Postcard Notice if such information is available.

13. Gilardi will supplement the direct mailing program described above by publishing the Publication Notice in *The Wall Street Journal*. The Publication Notice will also be posted with *PR Newswire*, an online newswire service, where it will be available for one (1) month. News outlets often use posted notices as the basis for their own stories about litigations involving publicly-traded companies, thereby creating added awareness of the pendency of the litigation among investors.

14. Gilardi will also cause the Postcard Notice and Long-Form Notice to be published by the Depository Trust Corporation ("DTC") on the DTC Legal Notice System ("LENS"). LENS enables participating banks and brokers to review the Postcard Notice and Long-Form Notice and directly contact the Administrator to obtain copies of the Postcard Notice for their clients who may be Class members.

15. Throughout the notification period, Gilardi will maintain a toll-free number to accommodate potential Class members' inquiries.

16. Gilardi will also establish and maintain a case-specific website where key documents will be posted, including the Postcard Notice, Long-Form Notice, and the executed Notice Approval Order. The website will also provide summary information regarding the case and highlight important dates, including the deadline for requesting exclusion. All posted documents will be available for downloading from the website.

17. The Postcard Notice, Long-Form Notice, website, and key documents will be provided in English, which is the language used for most company SEC filings and proxy materials. In our experience, the typical demographic of most securities-related classes is English-speaking, and as such the costs and extra work associated with translation of documents is generally not required unless there is specific evidence that the majority of the class would only speak another language. In addition, telephone and email support will be available to Class members in all major languages.

18. Based on our experience, we estimate that the combined direct mail and publication program proposed will provide notice to more than 95% of the investors that are potential Class members. Because the Postcard Notice directs the cooperation of Nominee Holders and provides for the reimbursement of their costs of doing so, we anticipate a high level of compliance from those institutions, many of which have developed regular systems for providing the required information. In addition, the proposed publication will create additional awareness of the pendency of this litigation, and we expect to receive a number of additional requests for the Postcard Notice through the designated toll-free number and via email as a direct result of publication.[1]

19. The procedures proposed here have proven extremely effective at compiling a very comprehensive list of potential class members and providing notice to those potential class members in thousands of securities class action matters prior to this case. Substantially similar notice plans have been approved by numerous courts as being the best notice practicable under the circumstances. Gilardi will, of course, provide a reporting declaration outlining the results of the implemented notice plan and the number of Postcard Notices that are ultimately delivered, and will do so in accordance with the schedule approved by the Court.

---

[1] As part of the outreach process described above, Nominee Holders will be advised that they may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in connection with the foregoing up to $0.03 per record for providing names, addresses, and email addresses to the Administrator; up to a maximum of $0.03 per Postcard Notice mailed, plus postage at the rate used by the Administrator; or $0.03 per notice sent by email, by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought.

20. In our experience, the outlined notice process outlined above is reasonable, and consistent with those implemented in other securities actions of similar size and complexity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 27th day of July, 2023, at San Rafael, California.

_____
PETER CRUDO