ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
         – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>   ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER APPROVING JOINT PROPOSAL FOR DISSEMINATION OF NOTICE TO THE CLASS |

4872-4534-4370.v1

Before the Court is the parties' Joint Proposal for Dissemination of Notice to the Class ("Joint Proposal"). After considering the submission, the Court finds that the proposed method of providing notice of pendency satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Court APPROVES the method of providing and forms of notice as proposed by the parties, and directs the parties to implement the Notice Plan as set forth in the Joint Proposal.

The Court further ORDERS that:

1. The firm of Gilardi & Co. LLC ("Administrator") is appointed and authorized to supervise and administer the Notice Plan. The Administrator shall execute its plan as proposed in the Declaration of Peter Crudo Regarding Notice Plan and consistent with the Joint Proposal.

2. Within ten (10) business days after entry of this Notice Approval Order, Apple Inc. ("Apple") shall provide to the Administrator a mailing list, including email addresses where available, for all registered record holders of Apple common stock during the period from November 2, 2018, through January 2, 2019, inclusive (the "Class Period"). Nothing herein obligates Apple to obtain and provide information (beyond such information that is already in its possession) sufficient to identify: (i) beneficial owners associated with the shares held by any record holder; or (ii) any record holders of publicly traded options on Apple stock. Class Counsel shall be responsible for all other costs associated with providing the notices.

3. Within twenty-five (25) calendar days of entry of this Notice Approval Order, the Administrator shall commence emailing the Postcard Notice to potential Class members (to those for which email addresses are available) and shall mail the Postcard Notice via USPS First-Class Mail to potential Class members for which no email address is available (the "Notice Date").

4. The Administrator shall also use reasonable efforts to give notice to brokerage firms, banks, institutions, investment funds, investment companies, investment advisors, investment portfolios, mutual fund trusts, mutual investment funds, investment managers, and any other persons or entities who are or who claim to be nominees that purchased or otherwise acquired Apple publicly traded securities during the Class Period for the benefit of another person. Such nominees shall be given two options: (i) they can, within seven (7) calendar days of receipt of the

Postcard Notice, request from the Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners (and then email or mail the Postcard Notice themselves); or (ii) they can, within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses or email addresses) of all such beneficial owners to the Administrator, in which case the Administrator shall promptly mail or email the Postcard Notice to such beneficial owners.

5. Contemporaneously with the mailing and emailing of the Postcard Notice, the Administrator shall establish the dedicated website, to make available to Class members the full length Long-Form Notice and other case information and filings, including: (1) the Class Certification Order (ECF 224); (2) the Order Modifying the Class (ECF 352); (3) the Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws (ECF 114); (4) the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (ECF 123); (5) Defendants' Answer to the Revised Consolidated Class Action Complaint (ECF 124); (6) the Court's Order Denying Summary Judgment (ECF 369), as well as other such documents as the parties may agree or the Court shall require.  The website will be available until at least one (1) year after any settlement, other resolution, or the conclusion of trial and exhaustion of all possible appeals in this action.  The Administrator also shall establish a toll-free telephone number for Class members to call if they have questions or to request copies of the Class notices or other documents. The Administrator shall provide live operators during business hours to answer the telephone, respond to ministerial matters such as requests for copies of the notices, and direct any substantive questions to Class Counsel, Robbins Geller Rudman & Dowd LLP.

6. Within seven (7) calendar days of the Notice Date, the Administrator shall cause the Publication Notice to be published in *The Wall Street Journal* and posted on a national newswire service as a means of reaching prospective Class members not receiving the Postcard Notice.

7. The Administrator shall also cause the Postcard Notice and Long-Form Notice to be published by the Depository Trust Corporation ("DTC") on the DTC Legal Notice System.

8. As of the Notice Date, the case website and Long-Form Notice shall provide an address for the purpose of receiving requests for exclusion from the Class and requests for copies

of the Notice from, *inter alia*, nominee purchasers of Apple common stock and call options on Apple stock and nominee sellers of put options on Apple stock.

9. Class members seeking to request exclusion from the Class shall submit a written request for exclusion as set forth in the Long-Form Notice and shall be postmarked no later than sixty (60) calendar days after the Notice Date, which date shall be included in the Postcard Notice and Long-Form Notice (the "Exclusion Deadline").

10. The Administrator shall identify and number all exclusion requests received and create images of those requests for Class Counsel and counsel for Defendants. The Administrator shall maintain original requests in its files. The Administrator shall promptly provide via email copies of any exclusion requests received to Class Counsel and counsel for Defendants, as set forth below:

| Counsel for Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund | Counsel For Defendants |
|---|---|
| Shawn A. Williams<br>ROBBINS GELLER RUDMAN<br> & DOWD LLP<br>shawnw@rgrdlaw.com | James N. Kramer<br>ORRICK, HERRINGTON &<br>SUTCLIFFE LLP<br>jkramer@orrick.com<br><br>Melinda L. Haag<br>PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP<br>mhaag@paulweiss.com |

11. Nothing in this Order shall restrict Defendants' rights to move to de-certify the Class, in whole or in part, or to seek exclusion from the Class of certain entities or individuals at a later date.

12. Within seven (7) calendar days following the Exclusion Deadline, Class Counsel shall file with the Court proof of mailing of the Postcard Notice, proof of publication of the Publication Notice, and an affidavit setting forth a list of all persons and entities who have validly and timely requested exclusion from the Class, as well as a list of persons who requested exclusion from the Class that were not deemed to be valid or timely.

13. Subject to potential reimbursement, the costs of notice shall be borne by Class Counsel.

IT IS SO ORDERED.

DATED: _____   _____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE