JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MICHAEL D. TORPEY (SBN 79424)
mtorpey@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 (415) 773-5700
Facsimile:      +1 (415) 773-5759

MELINDA L. HAAG (SBN: 132612)
mhaag@paulweiss.com
WALTER F. BROWN JR. (SBN: 130248)
wbrown@paulweiss.com
MEREDITH R. DEARBORN (SBN: 268312)
mdearborn@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street. 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

DANIEL J KRAMER (NY SBN: 1979392; *Pro Hac Vice*)
dkramer@paulweiss.com
AUDRA J SOLOWAY (NY SBN: 4113536; *Pro Hac Vice*)
asoloway@paulweiss.com
HARRIS FISCHMAN (NY SBN: 4380598; *Pro Hac Vice*)
hfischman@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3503
Facsimile: (212) 757-3990

Attorneys for Defendants Apple Inc., Timothy Cook, and Luca Maestri

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 4:19-cv-02033-YGR<br><br>**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO COMPEL REVIEW AND PRODUCTION OF DOCUMENTS**<br><br>Hearing<br>Date:    August 18, 2023<br>Time:   9:30 a.m.<br>Ctrm:   F, 15th Floor<br>Judge:  Honorable Joseph C. Spero |

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ................................................................................................................. 1

II.  PROCEDURAL BACKGROUND ...................................................................................... 2

III. ARGUMENT ........................................................................................................................ 3

  A.  Plaintiff Improperly Seeks to Use Rule 26(e) to Undo the Parties' Prior Agreement to Narrow Their Dispute. ....................................................................... 3

  B.  Even Absent the Parties' Agreement to Narrow Their Dispute, Rule 26(e) Would Not Require Defendants to Re-Review Their Entire Privilege Log ............ 5

IV.  CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arconic Inc. v. Novelis Inc.*,
  2022 WL 2669201 (W.D. Pa. Apr. 1, 2022) .............................................................................. 4

*Complete Ent. Res. LLC v. Live Nation Ent., Inc.*,
  2017 WL 11631963 (C.D. Cal. Oct. 18, 2017) ..................................................................... 5, 6

*In re Grand Jury*,
  23 F.4th 1088 (9th Cir. 2021), No. 21-1397 (U.S.) .......................................................... *passim*

*In re High Fructose Corn Syrup Antitrust Litigation*,
  2000 WL 33180835 (C.D. Ill. Jul. 19, 2000) ....................................................................... 3, 4

*Republic of Ecuador v. Mackay*,
  742 F.3d 860 (9th Cir. 2014) .................................................................................................... 5

*Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*,
  2014 WL 11516516 (D. Kan. Nov. 20, 2014) .......................................................................... 4

*Zubulake v. UBS Warburg LLC*,
  229 F.R.D. 422 (S.D.N.Y. 2004) .............................................................................................. 5

**Other Authorities**

Fed. R. Civ. P. 26, Advisory Committee's Notes to 1970 Amendments .................................... 5, 6

Fed. R. Civ. P. 26(e) ............................................................................................................ *passim*

Fed. R. Civ. P. 26(e)(1)(A) ......................................................................................................... 5, 6

## I. INTRODUCTION

More than a year ago, Plaintiff agreed to narrow its dispute over Defendants' privilege determinations from 451 to 232 documents. With regard to those documents, this Court reviewed the parties' briefs, considered their respective positions, held a hearing, conducted an *in camera* review, and issued a lengthy order. Now, with discovery long over, a trial date set, and pretrial materials and motions in limine due to be exchanged between now and the end of October, Plaintiff wants to go back to square one by asking the Court to order Defendants to re-review their *entire* privilege log, comprising almost 2,000 documents. The Court previously rejected Plaintiff's effort to expand the dispute, correctly observing that the parties had already *narrowed* the dispute. Dkt. No. 349. Plaintiff moved for relief from the Court's order, claiming that the Court erred in failing to apply Federal Rule of Civil Procedure 26(e). Judge Gonzalez Rogers thereafter remanded to this Court for "further consideration and guidance on how [its] decision intersects with defendants' Rule 26 obligations." Dkt. No. 372 at 4. Defendants explain herein why Rule 26(e) does not compel a re-review of Defendants' entire privilege log.

Parties cannot wield Rule 26(e) as a tool to back out of agreements to narrow discovery. Here, Plaintiff's agreement to narrow the dispute from 451 to 232 documents followed painstaking meet and confer efforts that resulted in Defendants agreeing to produce a large volume of documents and other information to address Plaintiff's concerns. The narrowed dispute then required significant involvement by this Court, resulting in a substantial burden on the Court's time and resources. Now, after extracting meaningful concessions from Defendants, and taking the dispute from start to finish with this Court, Plaintiff wants to scrap the parties' agreement and put the entire privilege log back on the table. Rule 26(e) does not require this result.

Even if the parties had not agreed to narrow their dispute, Plaintiff still would not be able to show that Rule 26(e) compels Defendants to re-review the privilege determinations for each of the documents on their privilege log. Rule 26(e) imposes a duty to supplement prior disclosures only when a party "learns"—in other words, has actual knowledge—of a material deficiency in its prior disclosures. That standard is not triggered here because Defendants have no such

1  knowledge. Plaintiff's argument to the contrary relies on speculation about what a re-review
2  might accomplish, and on an inaccurate and incomplete account of the parties' dispute, which
3  includes substantial mischaracterizations about the volume and purported relevance of the
4  documents that remain on the privilege log.
5  Defendants respectfully request that the Court deny Plaintiff's Motion.

6  **II.    PROCEDURAL BACKGROUND**

7  As of June 2022, after extensive meet and confer sessions, the scope of the parties' dispute
8  over privilege issues was clear: Plaintiff was challenging 232 documents (out of 1,863 total) on
9  Defendants' privilege log. *See* Dkt. No. 246-03 at 1. On August 3, 2022, the Court issued a 43-
10 page order (Dkt. No. 272, the "August 2022 Order"), in which it provided guidance regarding 27
11 documents reviewed *in camera*, and instructed Defendants to apply that guidance to the other
12 documents in the set of 232 documents remaining in dispute. *Id.* at 1 (ordering Apple to "review
13 the remaining documents in dispute").
14 Defendants' obligation to produce documents in compliance with the August 2022 Order
15 was thereafter stayed pending a decision by the Supreme Court in the then-pending case of *In re*
16 *Grand Jury*, 23 F.4th 1088 (9th Cir. 2021), No. 21-1397 (U.S.). *See* Dkt No. 317. Shortly after
17 the Supreme Court's January 2023 dismissal of the proceedings in *In re Grand Jury* as
18 improvidently granted, Defendants produced documents to Plaintiff in compliance with the
19 August 2022 Order. Plaintiff then suggested for the first time that the Court's August 2022 Order
20 should have prompted Defendants to re-review not just the rest of the 232 documents remaining
21 in dispute, but *all* of the nearly 2,000 documents on their privilege log. Unable to reach an
22 agreement, on March 7, 2023, the parties submitted a joint discovery letter to this Court, in which
23 Plaintiff argued that Defendants had violated the August 2022 Order by not re-reviewing every
24 document on Defendants' privilege log. Dkt. No. 348. Plaintiff did not raise any argument in its
25 briefing about a purported failure by Defendants to comply with Federal Rule of Civil Procedure
26 26(e). On March 8, 2023, the Court rejected Plaintiff's attempt to expand the privilege dispute on
27 the ground that "[t]he parties previously narrowed their privilege disputes to 232 documents."
28 Dkt. No. 349 (the "March 2023 Order").

On March 22, 2023, Plaintiff filed a motion for partial relief from the March 2023 Order, Dkt. No. 351, arguing for the first time that the Order erred in purportedly failing to require Defendants to comply with Federal Rule of Civil Procedure 26(e). Judge Gonzalez Rogers granted Plaintiff's motion for partial relief and returned the issue to this Court for "further consideration and guidance on how [its] decision intersects with defendants' Rule 26 obligations." Dkt. No. 372 at 4.

## III. ARGUMENT

### A. Plaintiff Improperly Seeks to Use Rule 26(e) to Undo the Parties' Prior Agreement to Narrow Their Dispute.

Plaintiff does not dispute the Court's finding that "[t]he parties previously narrowed their privilege disputes to 232 documents." Dkt. No. 349. Plaintiff argues instead that the parties' agreement to narrow their dispute has no bearing on the question of whether Federal Rule of Civil Procedure 26(e) obligates Defendants to revisit their earlier privilege determinations. As Judge Gonzalez Rogers noted, this Court's March 2023 Order did not cite any authority regarding the interplay between Rule 26(e) and an agreement between parties to narrow discovery disputes. *See* Dkt. No. 372 at 4. Accordingly, Judge Gonzalez Rogers remanded to this Court for further consideration and guidance on that issue. *Id.*[1] Curiously, Plaintiff's 10-page brief barely touches upon the issue on which Judge Gonzalez Rogers remanded—the impact of an agreement to limit discovery on a party's obligations under Rule 26(e). In a passing mention, and without citing a single case or other authority supporting its position, Plaintiff argues that Defendants' argument on this issue "finds no support in case law." Mot. at 2.

Plaintiff is wrong. Courts have held that Rule 26(e) does not permit parties to undo their previous agreements about discovery. In the case of *In re High Fructose Corn Syrup Antitrust Litigation*, 2000 WL 33180835 (C.D. Ill. Jul. 19, 2000), for example, the parties had agreed to a specific cut-off date for data production, but the plaintiff later sought data from after the cut-off date, arguing that developments in expert discovery had triggered a duty for defendants to

---

[1] It is not surprising that the Court's March 2023 Order did not discuss Rule 26(e), given Plaintiff's failure to raise any argument or cite any authority relating to Rule 26(e) in its briefing to this Court.

supplement their earlier productions. *Id.* at *1-*2. The court rejected that argument, stating that it was "at a loss to understand how [plaintiff] can come to this Court and label its Motion as one for 'Supplemental Discovery' and argue that Class Defendants have a duty under Federal Rule of Civil Procedure 26(e) to provide additional or supplemental discovery when [plaintiff] stipulated with Class Defendants over two and one half years ago that the cut-off date for data production was December 31, 1996." *Id.* at *2; *see also id.* ("This Court fully expects all parties to this action to honor their agreements[.]"). Similarly, in *Arconic Inc. v. Novelis Inc.*, 2022 WL 2669201 (W.D. Pa. Apr. 1, 2022), a party argued that new information uncovered in a deposition obligated another party to supplement its document production with documents extending beyond a previously-agreed cutoff date. *Id.* at *2. The court disagreed, holding that undoing the parties' earlier agreement "is not what Rule 26(e) contemplates." *Id.*

This Court should likewise decline to undo the parties' agreement to limit their privilege dispute. As the Court may recall, following the Court's instruction to "meet and confer and narrow the scope of this [dispute]," *see* Apr. 15, 2022 Hearing Tr. at 43:6, and after months of exhaustive meet and confer efforts, the parties agreed to narrow the dispute from 451 to 232 documents. As part of those meet and confer efforts, Plaintiff agreed to remove a number of documents from the dispute after Defendants provided written descriptions demonstrating the non-relevance of those documents, and Defendants agreed to produce certain other documents. *See* Dkt. No. 246-04 (declaration of Plaintiff's counsel) ¶¶ 3, 8, 13, 14. But now, Plaintiff seeks to have Defendants re-review *all* of the documents on their privilege log, even including the documents that Plaintiff previously conceded were *non-relevant*. The Court should not condone Plaintiff's attempt to abandon its previous agreement and require Defendants and this Court to go back to square one after all this time and effort, and just as the parties are turning to trial preparation. *Cf. Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, 2014 WL 11516516, at *2 (D. Kan. Nov. 20, 2014) (outside the context of Rule 26(e), observing that "[p]arties would surely be discouraged from attempting to reach a good-faith resolution of discovery disputes if the law permitted one side to unilaterally withdraw from an agreement after the other side invests time and resources fulfilling its end of the bargain").

The Court's March 2023 Order is supported by the authority described above, and the Court may deny Plaintiff's Motion for this reason alone.

### B. Even Absent the Parties' Agreement to Narrow Their Dispute, Rule 26(e) Would Not Require Defendants to Re-Review Their Entire Privilege Log.

Even if the parties had not specifically agreed to narrow their privilege dispute to 232 documents, Rule 26(e) still would not impose any obligation on Defendants to revisit their entire privilege log. Rule 26(e) provides in relevant part: "A party who has made a disclosure … must supplement or correct its disclosure or response … if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Critically, the duty to supplement and correct disclosures under Rule 26(e) applies only when a party *learns*—in other words, has "actual knowledge"— that its prior disclosures are incomplete or incorrect. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 433 (S.D.N.Y. 2004). The Advisory Committee Notes to a prior version of Rule 26(e) explain that Rule 26 "is made for the situation in which a party, or more frequently his lawyer, obtains actual knowledge that a prior response is incorrect. This exception does not impose a duty to check the accuracy of prior responses, but it prevents knowing concealment by a party or attorney." Fed. R. Civ. P. 26, Advisory Committee's Notes to 1970 Amendments.[2]

Plaintiff completely sidesteps Rule 26's actual knowledge requirement and argues instead that it is "likely" and that the facts "suggest" that Defendants continue to withhold non-privileged documents. Mot. at 2, 7. Plaintiff is essentially asking the Court to order Defendants to search for purported deficiencies in their privilege log based on Plaintiff's suspicions that a re-review *might* result in changes to Defendants' privilege determinations. But Rule 26(e) does not require parties to re-check their entire productions every time a party claims there is a possibility that a

---

[2] The Advisory Committee Notes are "a particularly reliable indicator of legislative intent" because "the explanatory notes are contemporaneously drafted by the same entity charged with drafting the rules." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 865 (9th Cir. 2014) (noting that the Ninth Circuit has "frequently relied on the advisory committees' notes for guidance" and insight when interpreting a federal rule). While Rule 26 has been amended since 1970, recent case law continues to look to the Advisory Committee language cited above as an aid to interpreting present-day Rule 26(e)'s requirements. *See Complete Ent. Res. LLC v. Live Nation Ent., Inc.*, 2017 WL 11631963, at *4-*5 (C.D. Cal. Oct. 18, 2017) (citing 1970 Advisory Committee Notes).

1  re-review could produce a different result. *See* Fed. R. Civ. P. 26, Advisory Committee Notes to 1970 Amendments (Rule 26(e) does not "impose a duty to check the accuracy of prior responses"). If that were the case, discovery, discovery disputes, and the need for court involvement would never end. Instead, the plain language of Rule 26(e) requires more only when a party learns that its prior disclosures were in fact materially incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). That has not happened here. *See Complete Ent. Res. LLC*, 2017 WL 11631963, at *5 ("The parties have not cited any case, and the court has not located any, in which a court found a violation of Rule 26(e) absent evidence that a party actually knew or learned that its prior disclosure or response was incomplete or incorrect.").

Plaintiff argues that it is "likely" that a re-review would result in additional document production, but this argument rests on several faulty premises.

*First*, far from deliberately flouting the Ninth Circuit's opinion in *In re Grand Jury*, as Plaintiff appears to suggest (Mot. at 4), Defendants sought to comply with the law at all times as they made their privilege determinations. *In re Grand Jury* was decided on September 13, 2021, shortly before Defendants produced their original privilege log, and a petition for panel rehearing (which resulted in an amendment to the opinion) was not resolved until January 27, 2022, after Defendants had already provided the bulk of their privilege log. *See* Declaration of Kevin M. Askew ("Askew Decl.") ¶ 2. Contrary to Plaintiff's suggestion that *In re Grand Jury* definitively adopted the "the primary purpose" standard as the *only* possible standard, the panel decision expressly left open the question of whether the alternative "a primary purpose" test should apply. 23 F.4th 1088, 1094 (9th Cir. 2022). This Court's August 2022 Order was one of the first opinions to discuss or even cite *In re Grand Jury*—adopting the "the primary purpose" test for the dispute before it, *see* August 2022 Order at 6. And of course, by the time of that August 2022 Order, the parties had already agreed to narrow the privilege dispute to 232 documents. Following the August 2022 Order, Defendants did not revisit the entirety of their privilege log because (1) the dispute had been narrowed to 232 documents; (2) the Court specifically ordered Defendants to apply the Court's guidance to the set of 232 documents; (3) Defendants did not have reason to believe that the Court's ruling as to the 232 documents was broadly applicable to

the remainder of Defendants' privilege log; and (4) Plaintiff did not even mention a possible re-review of the entire log until February 2023.

*Second*, Plaintiff overstates the relevance of *In re Grand Jury*, and of the Court's August 2022 Order, to Defendants' overall privilege determinations. *In re Grand Jury* only applies to "dual-purpose communications"—communications that implicate both legal and business concerns. 23 F.4th at 1090. And the panel in *In re Grand Jury* made clear that a decision to apply the "a primary purpose" standard in lieu of the "the primary purpose" standard "would only change the outcome of a privilege analysis in *truly close cases*, like where the legal purpose is just as significant as a non-legal purpose." *Id.* at 1095 (emphasis added). Plaintiff has made no showing that the remaining documents on Defendants' privilege log involve "truly close cases" where this Court's articulation of the rule announced in *In re Grand Jury* would make any difference at all. For example, the log contains 469 entries for documents with narrow redactions related only to the topic of "pending litigation," *see* Askew Decl. ¶ 4, a plainly "legal" topic that does not bring to mind the kinds of "truly close cases" referenced in *In re Grand Jury*. Further, the Court's August 2022 Order addressed specific issues presented by specific documents, in five discrete categories challenged by Plaintiff. The Court's analysis in the August 2022 Order was highly context-specific and document-specific. *See, e.g.*, August 2022 Order at 20-25 (analyzing "primary purpose" of specific category of documents relating to the January 2, 2019 Letter from Tim Cook to Apple Investors). Plaintiff has not established that the Court's reasoning as to those specific documents, and categories of documents, applies broadly to the remainder of Defendants' privilege log.

*Third*, Plaintiff claims that "the descriptions of the withheld documents on Apple's privilege log" provide "strong evidence indicating that Apple continues to improperly withhold non-privileged documents," Mot. at 2, and further claims that "the documents that remain on Apple's privilege log show hallmarks of being highly relevant to this action." *Id.* at 10.[3] First,

---

[3] In arguing that a re-review would likely result in production of "possibly critical" evidence, Mot. at 9, Plaintiff miscites Defendants' previous statements to the Court. Defendants did not say, as Plaintiff contends, that "if the Ninth Circuit were to join the D.C. Circuit in adopting *Kellogg*'s 'a primary purpose test' that 'would eliminate the[] possibilities' of 'litigating this case to trial.'" *Id.* (cleaned up). Rather, Defendants said that an interlocutory appeal was appropriate

these recent claims are entirely inconsistent with Plaintiff's agreement more than a year ago to narrow the dispute to only 232 documents on the privilege log—the ones they must have believed were highly relevant and non-privileged. In any event, Plaintiff's new characterization of the privilege log is not accurate and does not provide a reliable basis for the Court to conclude that there are systemic deficiencies in Defendants' privilege determinations sufficient to trigger the Rule 26(e) "actual knowledge" standard. To highlight the most prominent examples:

<u>Q&A Documents:</u>   Plaintiff is incorrect that "over 700 Q&A" documents remain on Defendants' privilege log. As the log demonstrates, each document entry contains a column for a "Subject," a "Filename," and a "Privilege Description," among others. Only 476 unique entries on Defendants' privilege log relate to *any* "Q&A."[4] Askew Decl. ¶ 5. Then, only 83 of those 476 documents contain "Q4'18 Q&A" in the filename (relating to the earnings call relevant to this case), and 77 of those 83 documents have already been produced to Plaintiff with narrow redactions of material relating only to "pending litigation," *id.*—a clearly legal topic to which the principles set forth in *In re Grand Jury* regarding "truly close cases" would not apply. *See, e.g.*, Dkt. No. 389-05, Entry Nos. 1207-1210. Indeed, a total of 469 documents on Defendants' log were produced to Plaintiff with narrow redactions of material relating only to "pending litigation." Askew Decl. ¶ 4.

<u>"Interview Prep" Documents:</u>   Further, while Plaintiff claims that 91 documents "reference 'Interview prep' and may be related to the … January 2, 2019 interview Cook gave to CNBC … or the Company's end-of-quarter conference call," Mot. at 10, Plaintiff fails in its own assessment. Only 49 entries uniquely reference "interview prep," or "interview preparation," 8 of

---

because "the parties here could spend months or years litigating this case to trial only for the Ninth Circuit to 'remedy the improper disclosure of privileged material' by 'vacating an adverse judgment and remanding for a new trial' that excludes the communications from evidence." Dkt. No. 304 at 9. In any event, that statement by Defendants was in reference to the set of 232 documents in dispute, not to Defendants' entire privilege log.

[4] Plaintiff appears to have counted a single document more than once if the phrase "Q&A" appeared in the Subject, Filename, or Privilege Description columns more than once for a single entry.

1  which Defendants already produced in full,[5] and 38 of which were produced with narrow
2  redactions of communications about legal topics including "regulatory compliance" or
3  "regulatory filing obligations." *See, e.g.*, Dkt. No. 389-5, Entry Nos. 1304-1328; Askew Decl.
4  ¶ 6.

5  <u>Documents "Reflecting Legal Advice From In-House Counsel"</u>:  Plaintiff erroneously
6  claims that entries about "978 documents" on Defendants' log contain the words, "reflect[] legal
7  advice from in-house counsel" as part of the document description. Mot. at 8. In truth, only *470*
8  documents contain this description. *See* Askew Decl. ¶ 7. Of those 470, 234 have been produced
9  with redactions, 37 have been *produced in full*, and Plaintiff agreed to drop 36 others from the
10 dispute after Defendants explained their non-relevance or provided supplemental declarations.
11 *Id.*; Dkt. No. 246-4 ¶¶ 8, 13. In any event, Plaintiff omits the relevant portion of the privilege
12 description for these documents—the portion that actually explains the subject matter of the
13 relevant legal advice. That subject matter varies from document to document and often involves
14 purely legal issues—for example, pending litigation, investigations, preliminary injunctions, and
15 the like. The principles set forth in *In re Grand Jury* regarding "truly close cases" of dual-
16 purpose communications would not apply to these documents.

17 **IV.    CONCLUSION**

18      For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's
19 Motion to Compel Review and Production of Documents.

20 Dated: July 28, 2023

Respectfully submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ James N. Kramer*
_____
JAMES N. KRAMER
Attorneys for Defendants Apple Inc., Timothy
D. Cook, and Luca Maestri

---

[5] Plaintiff inexplicably appears to be including in its document "counts" a total of 175 documents that Defendants *produced* more than a year ago as part of meet and confer efforts, including 157 documents that Defendants produced without any redactions for privilege. Askew Decl. ¶ 3.