```
                                              Pages 1 - 12

                UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

                              )
                              )
                              )
In Re Apple Inc. Securities   )   NO. CV
Litigation                    )
                              )
                              )
                              )

                         Oakland, California
                         Monday, July 24, 2023
```

**TRANSCRIPT OF ZOOM PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        ROBBINS GELLER RUDMAN & DOWD LLP
        Post Montgomery Center
        One Montgomery Street, Suite 1800
        San Francisco, CA 94104
   BY: **SHAWN WILLIAMS, ESQUIRE**
       **DANIEL PFEFFERBAUM, ESQUIRE**

For Defendants:
        PAUL WEISS RIFKIND WHARTON GARRISON LLP
        535 Mission Street, 24th Floor
        San Francisco, CA 94105
   BY: **MELINDA HAAG, ESQUIRE**

        ORRICK, HERRINGTON & SUTCLIFFE LLP
        405 Howard Street
        San Francisco, CA 94105
   BY: **JAMES KRAMER, ESQUIRE**

Reported By:   Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
                Official Reporter

```
 1   Monday - July 24, 2023                                    2:00 p.m.
 2                         P R O C E E D I N G S
 3                               ---oOo---
 4         THE CLERK:  Calling our first matter, CV 19-2033-YGR,
 5   In Re Apple Inc. Securities Litigation.
 6      Parties, please state your appearances for the record.
 7         MR. WILLIAMS:  Good afternoon, Your Honor.  Shawn
 8   Williams -- Robins Geller Rudman and Dowd -- on behalf of the
 9   plaintiffs.
10         MR. PFEFFERBAUM:  Good afternoon, Your Honor.  Dan
11   Pfefferbaum, also from Robins Geller Rudman and Dowd, on behalf
12   of plaintiffs.
13         MS. HAAG:  Good afternoon, Your Honor.  Melinda Haag,
14   Paul Weiss, on behalf of defendants.
15         MR. KRAMER:  Good afternoon, Your Honor.  Jim
16   Kramer -- Orrick, Herrington & Sutcliffe -- also on behalf
17   defendants.
18         THE COURT:  Okay.  You need a trial schedule.  I saw
19   that in your statement, you said you were going to meet and
20   confer on that topic.  Were you able to do so or not?
21         MS. HAAG:  Your Honor, we did, and I'm happy to report
22   that we found a date that works for plaintiffs, works for Apple
23   and outside counsel and the witnesses and the individual
24   defendants, and we're hopeful that it will work for the Court,
25   and that is May 6th, 2024, with a -- assuming a trial estimate
```

1  of two weeks.
2        **THE COURT:**  A number of things, though.  One, I will
3  be coming off a three-month criminal gang trial, so you are
4  going to have this case ready to go much earlier than May 6th,
5  and that is because I will have very little bandwidth between
6  January and your trial date to resolve your issues.
7     Ms. Haag understands how these criminal gang cases work,
8  and, frankly, it wrecks -- it wrecks our docket, but there is
9  nothing I can do about it.  There are five defendants going to
10  trial, and it's going to take multiple months.
11     So the question is given that discovery is entirely closed
12  at this point, when can you get me your motions in limine, your
13  exhibit list, witness list, jury instructions?
14        **MR. WILLIAMS:**  Your Honor, two things.  One, I don't
15  know if it's just me.  I'm having a hard time hearing
16  Your Honor.
17        **THE COURT:**  Hold on.  We've had problems with this
18  system.  Let's see if we can't fix it very quickly.
19        **MS. HAAG:**  Your Honor, would it be helpful to the
20  Court if we met and conferred separately and proposed a
21  schedule to the Court, taking into account your --
22        **THE COURT:**  Ms. Haag, I've got -- does that help or is
23  it still muffled?
24        **MR. WILLIAMS:**  It's a little bit louder but still a
25  bit muffled.  I think we can hear you well enough, Your Honor.

```
 1          THE COURT:  Ms. Haag, I've got back-to-back trials
 2  between now and April, so I don't know what it is, but
 3  everybody's going to trial, and I've got another criminal trial
 4  the entire month of September, so I would rather micromanage
 5  this.
 6     When can you get me -- so I'm going to need -- and you can
 7  all work out more of the details, but I need motions in limine,
 8  jury instructions, exhibit lists, witness lists.  Those are the
 9  basics.  And your pretrial statement.  The question is given
10  that all the discovery is over -- and, again, if you all can't
11  hear me, I'm happy to go into chambers.  It will take a second.
12          MR. WILLIAMS:  I think I can hear you, Your Honor.
13          MS. HAAG:  I can too, Your Honor.  We can hear you
14  just fine.
15          THE COURT:  When can you get those to me?  Like I
16  said, discovery is over.  How much time do you need?
17          MS. HAAG:  Understood.
18     Mr. Kramer, do you have a view on this?  I mean, it seems
19  to me that the Court is absolutely correct, of course, that
20  discovery is closed and these are things we're all thinking
21  about now.  Jim has had more history with the case.
22          MR. KRAMER:  Yeah, Your Honor.  The only exception to
23  that, I should note, is in the CMC statement.  We do have one
24  discovery issue that Judge Spero has a hearing scheduled for on
25  August 18th.  I wanted to make sure you were mindful of that.
```

1    **THE COURT:** I understand. But it's not really
2 relevant to me because you either add them or they're not on
3 the list. That's not going to be -- it doesn't seem to me to
4 be critical to everything else.
5    **MR. KRAMER:** Your Honor, I haven't had a chance to
6 confer with the folks at Apple on this, but I would think 60
7 days to 90 days would be doable.
8    **THE COURT:** Mr. Williams?
9    **MR. WILLIAMS:** I think that that would be doable as
10 well, at least, you know, somewhere between 60 and 90 days.
11   I'll just note that we'll be submitting to Your Honor
12 the -- an agreed-upon proposed form of class notice that will
13 need to get out, and I think that we'll need to give the class
14 at least 60 days to opt out, but that will be coming your way
15 by tomorrow. I don't view that as an impediment, but I do
16 believe that somewhere between 60 and 90 days we can get the
17 materials that are necessary, the basics to you.
18   The reason that I was just hesitant was because I was just
19 looking at your -- your standing order, and I was trying
20 calculate the days in my mind --
21   **THE COURT:** Well --
22   **MR. WILLIAMS:** -- have them delineated, getting the
23 motions in limine 28 days before the pretrial conference and
24 all those matters.
25   **THE COURT:** I'm going to do this one a little bit

1   differently because -- just because, like I said, I've got
2   back-to-back trials.
3       So a date in May actually -- actually works, but we're
4   going to have this all wrapped up, so to speak.
5       So this is what I'm going ask you to do.  You can, in 60
6   days -- just to make this easier, let's say the end of
7   September.  So September 29th, I want you to exchange -- not
8   file, exchange your preliminary exhibit lists and your
9   preliminary witness lists.  Okay?  On October 27th, four weeks
10  after that, exchange, but do not file, your motions in limine.
11  All right?
12      Now, there are limits.  Make sure you read my standing
13  order about the limits.
14      You then meet and confer on those, and you try to resolve
15  them on your own.
16      To the extent you cannot resolve motions, on
17  November 15th, I will get -- you will file all of your motions
18  in limine, all of your oppositions, your final exhibit lists,
19  your final witness lists.
20      Is there going to be a dispute here with respect to jury
21  instructions?
22          **MR. KRAMER:**  Your Honor, we haven't visited yet, but I
23  don't think so.  I think we'll be able to work that out.  We're
24  not treading new ground here, I don't think, on the claims at
25  issue.

1   **THE COURT:** I mean, it would seem to me this has got
2   to be pretty standard.
3       **MR. KRAMER:** Agreed, Your Honor. I agree.
4       **MR. WILLIAMS:** I think that a number of these types of
5   cases have been tried, some recently, Your Honor, and the model
6   actually does a nice job of putting a framework around what
7   needs to be presented to the jury in the form of instructions.
8   We'll probably have some nibbling, but I don't think that we're
9   going to have major disputes.
10      **MS. HAAG:** And especially given the Court's schedule,
11  I think it's fair to say we will all work very hard to work
12  things out between us.
13      **THE COURT:** Okay. So then what I will do is -- well,
14  do you want to exchange those as part of this process, or do
15  you want to do those after this process that I outlined is
16  finished?
17      **MR. KRAMER:** Your Honor, I would suggest after the
18  process, because it will, I think, resolve issues in a way that
19  I think will focus us once specific jury instructions -- so I
20  think that will be more efficient.
21      **MR. WILLIAMS:** I don't have a preference, Your Honor.
22      **THE COURT:** All right. So by December 4th, then,
23  exchange your jury instructions. Don't file. Meet and confer.
24  And December 18th, file your final ones or file your
25  instructions.

1    I know Ms. Haag and Mr. Kramer are local.  Mr. Williams,
2    are you local?
3         **MR. WILLIAMS:**  Yes.
4         **THE COURT:**  I don't think I'm in trial on
5    November 20th.  Let's go ahead and just have a pretrial
6    conference on November 20th at 9:00 a.m.  I just want to
7    understand where we are.  You will have just filed your
8    motions.  I doubt I'm going to have answers for you, but at
9    least we'll know the lay of the land.
10        When I did the -- well, the other thing you're going to
11   have to exchange, looking back at this -- this is always a
12   problem.  You're also going to have to exchange your --
13   beginning in September, your deposition designations.
14        **MR. KRAMER:**  Your Honor, would you like us to do that
15   on the 29th when we exchange the other items?
16        **THE COURT:**  Right.  So make your exchanges.  That way
17   you can do your cross-designations.
18        To the extent that there are lots of disputes over the
19   rule of completeness or anything else, I want you to hire
20   someone to deal with it.  Go find yourself -- we did this in
21   Epic/Apple, and it worked, right?  I don't want to have to
22   spend time on these little evidentiary issues.
23        So you will meet and confer.  If there's no disputes,
24   that's great.  That's great.  But if there are -- and sometimes
25   I've seen them, lots and lots of little petty disputes over

1   depo designations and what comes in and what doesn't come in,
2   etc., and I'm going to require that you hire -- there are
3   terrific trial judges out there who know the rule of evidence.
4   You hire someone that you can agree on where you agree you're
5   not going to appeal these little evidentiary issues, and you
6   just ask another judge to do it.  Sometimes I just, you know --
7   there are just -- I'm not going -- I don't want to spend time
8   doing that.
9            **MS. HAAG:**  That is very fair, Your Honor.
10           **THE COURT:**  Okay.  If depo designations are identified
11  on September 29th, when do you want the cross-designations?
12  October 27th?
13           **MR. KRAMER:**  That's good for defendants, Your Honor.
14           **MR. WILLIAMS:**  For plaintiffs as well, Your Honor.
15           **THE COURT:**  So when we meet on November 20th, then I
16  will have a much better understanding of when I can get answers
17  to you in terms of how the rest of the landscape looks at that
18  time.
19       Are there other things that you want to exchange that I'm
20  not thinking about right off the top of my head?
21           **MR. KRAMER:**  Unless Ms. Haag has something,
22  Your Honor, I have nothing more for the defendants.
23           **MS. HAAG:**  I don't either.
24           **MR. WILLIAMS:**  I'm just looking at my notes,
25  Your Honor.  I don't think so.

1           **THE COURT:** I'm just making sure that there is nothing
2  else.
3           **MR. WILLIAMS:** We didn't discuss the expert lists and
4  summaries of the expert testimony that's in your standing
5  order, but --
6           **THE COURT:** Well, expert witnesses. So if you expect
7  to call them, they better be on your witness list.
8           **MR. WILLIAMS:** Got it.
9           **THE COURT:** And their reports don't come in. And
10  *Dauberts* are over.
11           **MR. WILLIAMS:** Yep.
12           **THE COURT:** So I'm not anticipating -- unless there is
13  some motion in limine, I'm not expecting anything with respect
14  to the experts at this point.
15        This is a jury trial, so their evidence does not come in
16  by written form.
17           **MR. WILLIAMS:** Correct.
18           **THE COURT:** What I would say is that with the jury
19  instructions, you should -- well, there are a couple of things
20  I just want to highlight. One is that I understand that
21  lawyers like to have everything on their exhibit lists. You're
22  just too nervous to not have something on that exhibit list.
23        You must annotate that list, and I believe it's in my
24  standing order -- you should annotate that list in some way, by
25  asterisk or something else, showing what you anticipate are

1   your primary exhibits so that you're not fighting over --
2   because I require that you try to stipulate and/or indicate if
3   there are objections.  We don't want to be having fights over
4   things that are just there just in case.
5       So you will be -- you will be put on time limits, and
6   because you're put on time limits, if you don't stipulate to
7   the admissibility of an exhibit, you're going to have to walk
8   through the steps to make sure that the evidentiary foundation
9   for an exhibit is laid, and that's going to eat up your time,
10  is the point.  So it benefits both of you to have an agreement
11  with respect to the exhibits.
12      I would encourage you to go ahead and look at the
13  following docket, 19-3161.  It's a patent case that I just
14  tried.  And in that patent case, they agreed to some
15  pretrial -- they had some pretrial agreements which I think
16  streamlined the process for both sides, and it was well done.
17      So you should meet and confer over stipulations that will
18  help both sides in terms of the process.  And if you don't have
19  your own template for doing that, I recommend you to take a
20  look at that docket, and you will see their pretrial
21  stipulations.
22      With your jury instructions, I'll also need your verdict
23  forms.  And then also file on the 15th what I would call a
24  short form pretrial statement; that is, tell me what you think
25  you want to talk about on that Monday or take a look -- you can

1    look at my standing order in terms of things that I generally
2    think are important.
3        Frankly, I have a lot of, you know -- that's a generic
4    standing order for cases where I don't have a lot of exposure
5    to them.  I have a lot of exposure to this case.  So just go
6    through that and say, you know -- identify things that you all
7    want to talk about and give me your perspectives.  I think that
8    will make the conference go by more efficient.
9            **MS. HAAG:**  Your Honor, that's November 15th?
10           **THE COURT:**  Right.  So that I have it before
11   November 20th.
12           **MS. HAAG:**  Got it.
13           **THE COURT:**  Okay.  So I'll put this together and get
14   this out.  And then, again, to the extent you all come up with
15   your own agreements, I can incorporate that into another trial
16   order.
17       Okay.  Any questions?
18           **MS. HAAG:**  Not from me, Your Honor.  Really appreciate
19   your work on this very much.
20           **MR. WILLIAMS:**  Nothing from plaintiffs, Your Honor.
21           **THE COURT:**  We will see you on November 20th.
22           **MR. WILLIAMS:**  Thank you, Your Honor.
23           **MS. HAAG:**  Great.  Thank you so much, Your Honor.
24                  (Proceedings adjourned at 2:24 p.m.)
25

CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Monday, July 31, 2023

_____
Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
U.S. Court Reporter