ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
        – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff
[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL REVIEW AND PRODUCTION OF NON-PRIVILEGED DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:     August 18, 2023<br>TIME:      9:30 a.m.<br>CTRM:    F, 15th Floor<br>JUDGE:   Hon. Joseph C. Spero |

**[FILED UNDER SEAL]**

4889-5087-3969.v2

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................................1

I. INTRODUCTION ...................................................................................................................1

II. RELEVANT PROCEDURAL HISTORY ................................................................................2

III. ARGUMENT ............................................................................................................................4

    A. Rule 26 Requires Apple to Apply the Controlling Test for Attorney-Client Privilege and Produce Relevant, Non-Privileged Documents Currently Withheld ........................................................................................................................4

        1. Apple Does Not Dispute It Failed to Comply with *Grand Jury* in Conducting Its Privilege Review ...........................................................................4

        2. Apple Has Acknowledged the Documents It Continues to Withhold Would Be Subject to "the Primary-Purpose Test" ......................................................5

        3. Apple's Production Pursuant to the August 2022 Order Demonstrates that Apple Continues to Improperly Withhold Non-Privileged Documents ..................................................................................................6

        4. Apple's Privilege Log Also Strongly Indicates that Withheld Documents Are Non-Privileged Under *Grand Jury* ...................................7

        5. By Failing to Apply *Grand Jury*, Apple's Production Is Materially Incomplete and Inaccurate ........................................................................9

    B. Nothing Excuses Apple's Failure to Comply with Rule 26 ..................................10

IV. CONCLUSION .......................................................................................................................10

# TABLE OF AUTHORITIES

Page

**CASES**

*Apple, Inc. v. Samsung Elecs. Co.*,
    2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) ........................................................................10

*Covil Corp. by & through Protopapas v. United States Fid. & Guar. Co.*,
    544 F. Supp. 3d 588 (M.D.N.C. 2021) .................................................................................10

*Hernandez v. Polanco Enters., Inc.*,
    19 F. Supp. 3d 918 (N.D. Cal. 2013) ....................................................................................10

*In re Facebook, Inc. Consumer Priv. User Profile Litig.*,
    2023 WL 1871107 (N.D. Cal. Feb. 9, 2023) ..........................................................................6

*In re Grand Jury*,
    23 F.4th 1088 (9th Cir. 2021) ........................................................................................ *passim*

*In re Grand Jury*,
    598 U.S. _, 143 S. Ct. 543 (2023) ..........................................................................................3

*In re Kellogg Brown & Root, Inc.*,
    756 F.3d 754 (D.C. Cir. 2014) ................................................................................................3

*LD v. United Behav. Health*,
    2022 WL 4372075 (N.D. Cal. Sept. 21, 2022) ...................................................................8, 9

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 26 ........................................................................................................................ *passim*
    Rule 26(e) ........................................................................................................................1, 10
    Rule 26(e)(1)-(A) ....................................................................................................................4

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on August 18, 2023 at 9:30 a.m., before the Honorable Joseph C. Spero, United States Magistrate Judge, at the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom F, 15th Floor, San Francisco, CA 94102, Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Plaintiff"), hereby brings this Motion, pursuant to Federal Rule of Civil Procedure 26(e) and this Court's June 30 and July 10, 2023 Orders (ECFs 373, 376), respectfully requesting that Defendants[1] be ordered to apply the controlling Ninth Circuit test for privilege set forth in *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021) to all documents Apple continues to withhold on the basis of privilege (excluding 232 documents subject to Plaintiff's prior challenge), and produce all non-privileged documents. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Kenneth J. Black ("Black Decl.") and the exhibit thereto, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Rule 26 places an ongoing burden on a producing party to correct or supplement an incorrect or incomplete production. As this Court is aware, following its *in camera* review, Apple has already been compelled to turn over 156 of 232 documents challenged by Plaintiff as improperly withheld on the basis of privilege. In the course of that dispute, it became apparent that Apple never applied the controlling "***the*** primary-purpose test" set forth in *Grand Jury* to its privilege review; rather, Apple applied the out-of-circuit "***a*** primary-purpose test" – which resulted in Apple withholding documents not properly subject to a claim of privilege. Indeed, in seeking to avoid compliance with this Court's Order Granting in Part and Denying in Part Motion to Compel (ECF 272) ("August 2022 Order"),

---

[1] "Defendants" are Apple Inc. ("Apple" or the "Company"), Timothy D. Cook ("Cook"), and Luca Maestri ("Maestri").

LEAD PLAINTIFF'S NTC. & MTN. TO COMPEL REVIEW AND PRODUCTION OF NON-PRIVILEGED DOCUMENTS; MEM IN SUPPORT - 4:19-cv-02033-YGR
4889-5087-3969.v2

- 1 -

1  Apple argued that having to comply with the controlling test would result in Apple producing
2  potentially case-determining documents.
3        The arguments Apple advanced against the *Grand Jury* test were rejected by the District
4  Court, Ninth Circuit, and Supreme Court, yet Apple has refused to apply that controlling test to any
5  documents beyond the 232 previously challenged.  As a result, Apple continues to withhold 1,630
6  documents[2] based on a review that did not apply the correct standard, and there is strong evidence
7  that Apple likely continues to withhold non-privileged documents.  Apple itself has indicated that
8  most or all of the documents it continues to withhold have at least some business purpose and thus
9  would be subject to the "the primary-purpose test."  And, based on the descriptions of the withheld
10 documents on Apple's privilege log, and informed by the documents already turned over, there is
11 strong evidence indicating that Apple continues to improperly withhold non-privileged documents.
12       Apple's arguments against applying "the primary-purpose test" to the withheld documents
13 lack merit and do not excuse their failure to comply with Rule 26.  Apple argued that Plaintiff's
14 demand is untimely.  ECF 355 at 5.  But Rule 26 is not limited by the close of discovery and the
15 District Court already found "this dispute is timely."  ECF 372 at 3.  Apple also claimed Plaintiff
16 waived its right to challenge withheld documents beyond the initial 232 disputed, but this argument
17 finds no support in case law.  Finally, Apple argued that re-review would be inappropriate because
18 some documents withheld are not dual purpose and thus not subject to *Grand Jury*, but this argument
19 concedes that other documents are dual purpose and withheld without a proper privilege review.
20       Apple is out of colorable arguments.  Apple must now do what Rule 26 requires, apply the
21 controlling "*the* primary-purpose test" and correct and supplement its productions.
22 **II.    RELEVANT PROCEDURAL HISTORY**
23       The Court is familiar with the procedural history of this case up to the August 2022 Order.
24 *Id.* at 1-5.  The August 2022 Order set forth the Court's *in camera* review, which found 18 of 27

---

[2]   The privilege log entries for those documents are filed concurrently herewith as Exhibit 1.  All "Ex. 1" citations herein are to the Black Decl.

LEAD PLAINTIFF'S NTC. & MTN. TO COMPEL REVIEW AND PRODUCTION OF NON-
PRIVILEGED DOCUMENTS; MEM IN SUPPORT - 4:19-cv-02033-YGR — - 2 -
4889-5087-3969.v2

(67%) documents not privileged under the "the primary-purpose test" from *Grand Jury*, and directed Apple to apply the same test to the remaining 205 documents subject to challenge. *Id.*[3]

Apple spent nearly six months exhausting challenges to the August 2022 Order. Apple argued in favor of the "***a*** primary[-]purpose" test articulated in *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014) (emphasis in original), and made clear that it never applied the "the primary-purpose test."[4] On September 12, 2022, the District Court denied Apple's request for emergency relief (ECFs 276-277), rejecting "defendants['] argu[m]e[nt] that Judge Spero erred by applying 'the' primary purpose test for determining if documents with multiple purposes are privileged rather than the more expansive "'***a***' primary purpose test." ECF 302 at 3 (emphasis in original). On September 29, 2022, the District Court denied Apple's request for interlocutory appeal. ECFs 304, 312. On October 19, 2022, the Ninth Circuit denied Apple's petition for a writ of mandamus. *See* ECFs 313-314; *Apple Inc., et al. v. USDC-CAOAK*, No. 22-70220, Order (9th Cir. Oct. 19, 2022). However, on October 3, 2022, the Supreme Court granted certiorari to a challenge to *Grand Jury*, and the District Court granted Apple's request for a stay pending Supreme Court review. *See In re Grand Jury*, No. 21-1397, Petition Granted (U.S. Oct. 3, 2022); ECFs 319, 335. On January 23, 2023, the Supreme Court dismissed that writ of certiorari "as improvidently granted," thus leaving the "the primary-purpose test" undisturbed in the Ninth Circuit. *In re Grand Jury*, 598 U.S. _, 143 S. Ct. 543 (2023).

Following dismissal of the writ of certiorari, by February 13, 2023, Apple produced 156 non-privileged documents of 232 challenged. On February 15, 2023, after producing additional privilege logs and declarations, Apple finally stated its compliance with the August 2022 Order was complete.

Pursuant to the August 2022 Order, the parties then met and conferred about remaining issues in dispute, including whether Apple would apply *Grand Jury* to all other documents still withheld. When Apple stated it would not, on March 7, 2023, Plaintiff promptly sought relief. ECF 348.[5] The

---

[3]   Significantly, the Ninth Circuit issued *Grand Jury* on September 13, 2021, before Apple issued its privilege logs or purported to have completed its document production. 23 F.4th 1088.

[4]   All citations and footnotes omitted and emphasis added unless otherwise indicated.

[5]   The parties have another privilege dispute before this Court. ECF 376. The August 2022 Order obligated Apple to substantiate that it applied *Grand Jury* and the Court's analysis to 232 challenged

Court denied Plaintiff's request, noting "the parties previously narrowed their privilege disputes." ECF 349.  Plaintiff objected to that Order; the District Court sustained that objection and directed this Court to assess the application of Rule 26 to the current dispute.  ECFs 351, 372.

### III. ARGUMENT

#### A. Rule 26 Requires Apple to Apply the Controlling Test for Attorney-Client Privilege and Produce Relevant, Non-Privileged Documents Currently Withheld

Rule 26 requires: "A party . . . who has responded to a[] . . . request for production . . . ***must*** supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)-(A).  This obligation is self-enforcing and is not limited by the close of discovery.  Despite having lost its effort to obtain retroactive approval for its preferred, more lenient test, Apple never applied *Grand Jury* to 1,630 documents it continues to withhold and, as a result, it appears that Apple continues to improperly withhold non-privileged, and highly relevant, documents.  Rule 26 requires Apple to conduct the appropriate review and produce all non-privileged documents still withheld.

#### 1. Apple Does Not Dispute It Failed to Comply with *Grand Jury* in Conducting Its Privilege Review

Prior to the August 2022 Order, Apple claimed to this Court to have followed the controlling test set forth in *Grand Jury*.[6]  However, after this Court properly applied *Grand Jury* by identifying "the primary-purpose" of each document with dual business and legal functions, and finding privilege only if ***the*** primary-purpose was legal, Apple reversed course.  As the District Court explained, Apple "argue[d] that Judge Spero erred by applying 'the' primary purpose test for determining if documents with multiple purposes are privileged rather than the ***more expansive* '*a*'** primary purpose test."  ECF 302 at 2-3 (some emphasis in original).

---

documents, which Apple failed to do. *See* ECF 374 at 2-4.  Plaintiff requested *in camera* review of 26 unique documents to resolve that dispute. *Id.*  The page limit of this brief does not provide for meaningful expansion of the arguments already submitted by joint letter.  Plaintiff is prepared to provide supplemental briefing if requested or further address the dispute at the hearing.

[6] *See, e.g.*, ECF 233 at 3-4 (citing *Grand Jury* and asserting "[p]rivilege applies if '***the*** primary or predominate purpose of the communication is to seek legal advice or assistance'"); ECF 248 at 2, 6-7, 10, 12 (claiming the disputed documents were created or sent "primarily for a legal purpose").

In seeking to overturn the August 2022 Order, Apple doubled down on the "*a* primary-purpose test" arguing that in this particular case the difference between the two standards dictated whether it was properly withholding documents. ECF 276 at 2. In seeking emergency relief Apple argued: "the Order should have examined whether seeking legal advice was 'a primary purpose.'" *Id.* (emphasis in original); *see id.* at 4 (same); and application of the "a" primary-purpose test, rather than "the" primary-purpose test, **would** "**change the outcome of a privilege analysis**.'" *Id.* at 6.

In seeking interlocutory appeal, Apple argued that documents are privileged "where obtaining or seeking legal advice was *a* primary purpose of the communication, but not its single primary purpose." ECF 304 at 2 (emphasis in original); *id.* at 4 (arguing application of "the primary-purpose test" would require Apple to produce challenged documents). Apple also revealed it knew the Ninth Circuit had not adopted the "a" primary-purpose test: "***If*** . . . the Ninth Circuit joins the D.C. Circuit in adopting *Kellogg*'s '***a*** primary[-]purpose' test, Defendants would have already disclosed privileged information." *Id.* at 8-9 (some emphasis in original).

Apple's writ of mandamus and another motion to stay repeated the same arguments: "obtaining or seeking legal advice was *a* primary purpose of the communication, but not its single primary purpose" (ECF 313 at 4) (emphasis in original); *see also* ECF 319 at 6; and "Judge Spero . . . erroneously construed *Grand Jury* to mean that dual-purpose communications could only have one single primary purpose." (ECF 313 at 6 n.1). All of Defendants' arguments were rejected by the District Court and the Ninth Circuit, and the Supreme Court left *Grand Jury* undisturbed.

### 2. Apple Has Acknowledged the Documents It Continues to Withhold Would Be Subject to "the Primary-Purpose Test"

The documents Apple continues to withhold appear to be dual-purpose documents to which *Grand Jury* applies. Apple previously argued that "***every*** communication within a corporation has some 'business purpose.'" ECF 276 at 1. Thus, all of these documents are potentially dual-purpose business and legal documents subject to the "the primary-purpose test." Indeed, that two-thirds of the previously challenged documents were produced under the proper test would indicate that no less than that percentage were dual-purpose documents.

The factors previously assessed by the Court further support the conclusion that the still-withheld documents are dual purpose and must be analyzed under *Grand Jury*. The presence of non-attorneys, the carbon copying (or "Cc:ing") of in-house counsel, and the absence of outside counsel, are all factors indicating that the documents are dual purpose (or business purpose only). *See* August 2022 Order at 30; *see also id.* at 6 ("add[ing] layers of lawyers to every business decision" does not make documents primarily legal purpose) (quoting *Grand Jury*, 23 F.4th at 1093-94). Those factors were abundant in the 232 previously-challenged documents. *See, e.g.*, *id.* at 22 (analyzing Entry Nos. 363-364); *id.* at 23-24 (Entry No. 329); *id.* at 31 (Entry No. 100). And they are abundant in the remaining 1,630 documents. For example, Entry No. 1326 is an email with a non-legal subject, "Interview prep," sent from non-lawyer Apple executive Saori Casey to non-lawyer Cook copying four other non-lawyer Apple employees, including Maestri, and in-house counsel Sam Whittington. Ex. 1 at Entry No. 1326. That email, and the 14 other versions withheld from the same thread (Entry Nos. 1304-1328), appear at minimum to be dual purpose (if not business purpose only) and must be assessed under the *Grand Jury* test. *Id.* at 1304-1328.[7] Numerous other still-withheld documents bear similar indicia of being dual purpose.

### 3. Apple's Production Pursuant to the August 2022 Order Demonstrates that Apple Continues to Improperly Withhold Non-Privileged Documents

The consequences of Apple's initial failure to apply the "the primary-purpose test" have proved significant. To date, Apple has produced, pursuant to the August 2022 Order, 156 of the 232 challenged documents, all of which were improperly withheld until approximately 10 months after the close of discovery. That massive error rate of 67% **alone** warrants a re-review of all documents still withheld pursuant to the same improper test. *See In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2023 WL 1871107, at *19 (N.D. Cal. Feb. 9, 2023) (63% error rate requires re-review).

Review of the late-produced documents demonstrates that Apple's review was fundamentally flawed under any applicable test and that Apple improperly deemed entirely non-legal

---

[7] The nearest in-time interview to these emails is Cook's January 2, 2019 interview with CNBC, which took place on the last day of the Class Period. These documents are likely highly relevant.

communications as privileged. For example, this Court found that Entry No. 288 was withheld despite constituting a "generic request for feedback . . . that does not reference any specific legal concerns." August 2022 Order at 24. Apple also withheld an email from Maestri that read in full "'Looks really good to me.'" ECF 348 at 2-3 (providing further examples). A highly relevant draft "'Q&A'" document (that Plaintiff filed in opposing summary judgment) is also a facially single, business-purpose document only late-produced after Apple was ordered to apply controlling law to its review. *See* ECF 356 at 2-3; ECF 348 at 2-4; ECF 341-5. The 1,630 documents that Apple continues to withhold were a product of this same flawed process.

### 4. Apple's Privilege Log Also Strongly Indicates that Withheld Documents Are Non-Privileged Under *Grand Jury*

The similarities between the documents remaining on Apple's privilege log, and the non-privileged documents it belatedly produced, strongly suggests Apple continues to withhold non-privileged documents that are likely highly relevant to Plaintiff's claims. First, Apple continues to withhold documents concerning the same business processes that the Court found did not justify Apple's blanket withholding of all related communications, such as the critical "Q&A" process related to Apple's earnings preannouncement. *See* ECF 341-3. Apple's log suggests that many of the over 700 "Q&A" documents remaining on its privilege log also relate to Apple's earnings preannouncement, or to the similarly critical question and answer with analysts during which Cook made the alleged false statement and omissions. *See* Ex. 1. Ninety-six still-withheld documents concern the "Q4'18 Q&A" – the same question and answer session during which Cook made the alleged false statement and omissions. *Id*. Another 83 concern the "Q1'19 Q&A," the fiscal quarter for which Apple preannounced its revenue miss blaming poor iPhone sales in Greater China. *Id*.

Second, Apple did not review the "family" documents (*i.e.*, attachments or parent emails) to non-privileged documents if they were not listed among the 232 challenged documents, despite this clear indicator of potential error. For example, Apple refuses to review the parent email to the extremely relevant "'Q&A'" draft Plaintiff submitted as supplemental evidence in opposition to Defendants' motion for summary judgment. *See* ECF 348 at 2-4; ECF 341-5.

Third, hundreds of documents remain on Apple's log that are described in the same or similar manner as now-produced, non-privileged documents. For example, 978 still-withheld documents purportedly "'reflect[] legal advice from in-house counsel'" – the same inaccurate description of dual-purpose documents as 58 non-privileged documents now produced. *See* ECF 348 at 3.

Fourth, Apple has not carried through the results of the initial challenge to the remainder of the documents withheld. Thus, Apple has produced certain instances of documents (or portions thereof) that it continues to withhold in similar or related documents. For example, Entry Nos. 514, 521, and 523 are email threads that this Court ordered produced in redacted form. Ex. 1, Entry Nos. 514, 521, 523. Each begins with a redacted December 31, 2018 email from Cook now found non-privileged and produced elsewhere. In that email, Cook writes that he is going to give the pen back to Adam Talbot, a non-lawyer, to revise the January 2, 2019 preannouncement. While Plaintiff has been able to identify this example because certain emails were produced in redacted form, Plaintiff has no ability to identify other similar instances where portions of related email strings have been found to be non-privileged. Nor is such an error harmless, as the ability to see a non-privileged email within every version of a related string is often highly relevant to assessing the primary purpose of the communication.[8]

Apple's argument that the results of the Court's review will not "readily extrapolate[]" to the remaining withheld documents should be rejected. ECF 355 at 4. As an initial matter, because Apple has not applied the "the primary-purpose test" to the documents it continues to withhold, this assertion is pure speculation. The Court has already found Apple repeatedly and improperly withheld purely **non**-legal documents as privileged attorney-client communications. *See, e.g.*, August 2022 Order at 24 (describing a "generic request for feedback . . . that does not reference any specific legal concerns"). Having over-designated documents as dual purpose, Apple is not now entitled to the reverse, unsupported inference that enough of the remaining documents are purely

---

[8]   Notably, that Apple has produced a handful of still-withheld documents in part elsewhere is no defense to now applying *Grand Jury*, or to producing further non-privileged documents. *See LD v. United Behav. Health*, 2022 WL 4372075, at *5, *10 (N.D. Cal. Sept. 21, 2022) (late production not "harmless based on vague statements by . . . counsel that the production contained 'a number' of documents that were similar to ones that were timely produced").

legal to relieve Apple of the duty to apply the controlling test for dual-purpose documents. And, even if Apple was correct, and merely half the documents were improperly withheld (as opposed to two-thirds), that would provide no relief.

### 5. By Failing to Apply *Grand Jury*, Apple's Production Is Materially Incomplete and Inaccurate

Under Rule 26, "'"[I]nformation is 'incomplete or incorrect' in 'some material respect' if there is an objectively reasonable likelihood that the additional or corrective information ***could*** substantially affect or alter the opposing party's discovery plan or trial preparation."'" *LD*, 2022 WL 4372075, at *6 (alteration in original). Here, Apple previously argued it was withholding evidence that would affect both settlement and trial. For example, in seeking interlocutory appeal, Apple argued that compliance with the August 2022 Order "'could materially affect the outcome of [this] litigation.'" ECF 304 at 6 (alteration in original). Apple also argued that if the Ninth Circuit were to "join[] the D.C. Circuit in adopting *Kellogg*'s '*a* primary[-]purpose' test" that "would eliminate the[] possibilities" of "litigating this case to trial" and "could facilitate the prospect of settlement by giving the parties a clear view of the scope of Plaintiff's claims and the evidence that will (or will not) be available to prove those claims," *i.e.*, at trial. ECF 304 at 8-9 (emphasis in original). Thus, by its own account, Apple's improper privilege review withheld the very type of evidence this Court has found must be produced as possibly critical to resolving the litigation under Rule 26. *See id.*

Review of the late-produced documents confirms that the still-withheld documents are likely to impact trial preparation. For example, Apple (and its experts), in moving for summary judgment, argued that no financial analysts interpreted the alleged false statement in this litigation as Plaintiff has alleged. *See* ECF 341-3 at 4-5. But at the time Apple made that argument, it was withholding a document confirming that, internally, Apple executives in the Company's Investor Relations department believed that the market understood Cook's November 1, 2018 alleged misstatement in precisely the same way that Plaintiff has alleged. *Id.*; *see also supra* §III.A.3-4 (discussing "'Q&A'" document filed with the District Court). This document eviscerated a key defense Apple raised at summary judgment, and was only produced after Apple applied the "the primary-purpose test" to the 232 previously challenged documents.

So too the documents that remain on Apple's privilege log show hallmarks of being highly relevant to this action. More than 500 documents are dated within the Class Period (nearly 500 more have no date); more than 700 reference a "Q&A" process apparently connected to earnings reports; 91 reference "Interview prep" and may be related to the highly-relevant January 2, 2019 interview Cook gave to CNBC about Apple's $9 billion revenue miss and its causes, or the Company's end-of-quarter conference call just 27 days after the end of the Class Period.

### B. Nothing Excuses Apple's Failure to Comply with Rule 26

Immediately upon issuance of the Supreme Court's *Grand Jury* decision Apple should have re-reviewed all documents withheld under the wrong standard without a motion brought by Plaintiff. Apple is well aware from previous litigation that responding parties must correct prior errors "promptly when required under [Rule 26(e)], without the need for a request from opposing counsel or an order from the Court." *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 3155574, at *4 (N.D. Cal. Aug. 2, 2012); *see also Covil Corp. by & through Protopapas v. United States Fid. & Guar. Co.*, 544 F. Supp. 3d 588, 597-98 (M.D.N.C. 2021). Neither the conclusion of fact discovery, nor any claim of a lack of timeliness or prior narrowing of the privilege dispute,[9] relieves Apple of its ongoing duties. *See* ECF 372 at 4. As the District Court explained, Rule "26(e) places litigants under an affirmative duty to supplement non-deposition discovery responses, even after the discovery cut-off date," and the sanction for failure to do so "is intended to be 'self-executing' and 'automatic.'" *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 933 (N.D. Cal. 2013).

### IV. CONCLUSION

For the foregoing reasons, the Court should order Apple to apply "the primary-purpose test" set forth in *Grand Jury* to all documents Apple continues to withhold on the basis of privilege, and to produce all non-privileged documents.

DATED: July 18, 2023                    Respectfully submitted,

                                   s/ Kenneth J. Black
                                   KENNETH J. BLACK

---

[9] Though not relevant to Apple's ongoing duties under Rule 26, nonetheless Plaintiff did promptly raise this challenge. *See supra* pp. 3-4; ECF 372 at 3 ("[T]his dispute is timely.").

LEAD PLAINTIFF'S NTC. & MTN. TO COMPEL REVIEW AND PRODUCTION OF NON-PRIVILEGED DOCUMENTS; MEM IN SUPPORT - 4:19-cv-02033-YGR - 10 -
4889-5087-3969.v2

| | |
|---|---|
| 1 | |
| 2 | ROBBINS GELLER RUDMAN |
| |   & DOWD LLP |
| 3 | SHAWN A. WILLIAMS |
| | DANIEL J. PFEFFERBAUM |
| 4 | KENNETH J. BLACK |
| | HADIYA K. DESHMUKH |
| 5 | JACOB G. GELMAN |
| | Post Montgomery Center |
| 6 | One Montgomery Street, Suite 1800 |
| | San Francisco, CA 94104 |
| 7 | Telephone: 415/288-4545 |
| | 415/288-4534 (fax) |
| 8 | shawnw@rgrdlaw.com |
| | dpfefferbaum@rgrdlaw.com |
| 9 | kennyb@rgrdlaw.com |
| | hdeshmukh@rgrdlaw.com |
| 10 | jgelman@rgrdlaw.com |
| 11 | ROBBINS GELLER RUDMAN |
| |   & DOWD LLP |
| 12 | MARK SOLOMON |
| | JASON A. FORGE |
| 13 | RAPHAELLA FRIEDMAN |
| | 655 West Broadway, Suite 1900 |
| 14 | San Diego, CA 92101 |
| | Telephone: 619/231-1058 |
| 15 | 619/231-7423 (fax) |
| | marks@rgrdlaw.com |
| 16 | jforge@rgrdlaw.com |
| | rfriedman@rgrdlaw.com |
| 17 | |
| | Lead Counsel for Lead Plaintiff |
| 18 | |
| | LABATON SUCHAROW |
| 19 | CAROL C. VILLEGAS |
| | 140 Broadway |
| 20 | New York, NY 10005 |
| | Telephone: 212/907-0700 |
| 21 | 212/883-7524 (fax) |
| | cvillegas@labaton.com |
| 22 | |
| | Counsel for Employees' Retirement System of the |
| 23 | State of Rhode Island |
| 24 | VANOVERBEKE, MICHAUD & TIMMONY, P.C. |
| | THOMAS C. MICHAUD |
| 25 | 79 Alfred Street |
| | Detroit, MI 48201 |
| 26 | Telephone: 313/578-1200 |
| | 313/578-1201 (fax) |
| 27 | tmichaud@vmtlaw.com |
| 28 | Additional Counsel |

LEAD PLAINTIFF'S NTC. & MTN. TO COMPEL REVIEW AND PRODUCTION OF NON-
PRIVILEGED DOCUMENTS; MEM IN SUPPORT - 4:19-cv-02033-YGR - 11 -
4889-5087-3969.v2

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 18, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Kenneth J. Black
KENNETH J. BLACK

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  kennyb@rgrdlaw.com

4889-5087-3969.v2

**Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Walter F. Brown**
  wbrown@paulweiss.com,mao_fednational@paulweiss.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com

- **Meredith Richardson Dearborn**
  mdearborn@paulweiss.com,egold@paulweiss.com,cduong@paulweiss.com,imcmillan@paulweiss.com,mao_fednational@paulweiss.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Harris Michael Fischman**
  hfischman@paulweiss.com,mao_fednational@paulweiss.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com,RRamphul@labaton.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Jacob G. Gelman**
  jgelman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com,cgrady@structurelaw.com

- **Daniel J. Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Audra Jan Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,kjudd@labaton.com,agreenbaum

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`