ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
       – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
| | CLASS ACTION |
| This Document Relates To: | REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL REVIEW AND PRODUCTION OF NON-PRIVILEGED DOCUMENTS |
| ALL ACTIONS. | |
| | DATE: August 18, 2023<br>TIME: 9:30 a.m.<br>CTRM: F, 15th Floor<br>JUDGE: Hon. Joseph C. Spero |

**[FILED UNDER SEAL]**

4889-7033-7653.v1

I.  **INTRODUCTION**[1]

Exactly one year has passed since the Court's August 2022 Order, which required Apple to re-review 232 challenged documents withheld as privileged and to properly apply the controlling law of the Ninth Circuit: "the primary-purpose test." *See* August 2022 Order at 41. As set forth in the Motion, Apple maintained it should not have to apply the controlling law to those 232 documents, and now – despite its ongoing obligations under Rule 26 – claims it should not be required to apply it to the other documents it continues to withhold as a result of the same improper privilege review. Mot. at 3-6. Apple's legal arguments have been soundly rejected by every court to consider them. *Id*. The Motion asks only that Apple's evasion of Ninth Circuit law be put to an end and that Apple review and produce relevant, non-privileged documents.

In response, Apple repeats rejected, irrelevant, and incorrect arguments that it should be excused from Rule 26's obligation to correct and supplement its admittedly incorrect privilege review and incomplete production. ECF 395 ("Opposition" or "Opp."). As explained below, *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021) has been the controlling law at all relevant times, and the District Court already rejected Apple's timeliness arguments. In seeking to overturn the August 2022 Order, Apple argued the difference between the privilege test it applied and the controlling "the primary-purpose test" was outcome-determinative of its privilege assertions; it cannot now protest the difference between the "a" and "the" primary-purpose tests only affects "'truly close cases.'" Opp. at 7. Nor does Apple respond to the Motion's specific examples of documents likely improperly withheld.

For the reasons stated in the Motion and herein, the Court should grant the Motion.

II.  **ARGUMENT**

   A.  **Apple Knew and Knows that It Must Apply the "The Primary-Purpose Test" to Documents it Withholds on the Grounds of Privilege**

Apple did not apply the controlling "'the primary-purpose test'" in its privilege review. Mot. at 3-6. Its failure to do so admittedly resulted in withholding documents that are not

---

[1] All terms not defined herein have the same meaning as in Lead Plaintiff's Motion to Compel Review and Production of Non-Privileged Documents (ECF 389-3) ("Motion" or Mot."). All citations and footnotes omitted and emphasis added unless otherwise indicated.

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL REVIEW AND PRODUCTION OF NON-PRIVILEGED DOCUMENTS - 4:19-cv-02033-YGR - 1 -
4889-7033-7653.v1

1  privileged under *Grand Jury*. *Id*. at 5-6. Two-thirds of the 232 documents originally challenged
2  were found to be improperly withheld. *Id*. at 6-7. These facts are undisputed. Nevertheless, Apple
3  claims it has not "'learn[ed]'" its review and production were incorrect and incomplete. Opp. at
4  5-6. Apple wants the Court to ignore the arguments it made in challenging the August 2022 Order,
5  and reviewing courts' rejection of those arguments, both of which definitively establish Apple has
6  notice that its review and production are in error and incomplete. *Contrast* Mot. at 3-6, *with* Opp.
7  at 2 (omitting events between August 2022 Order and Supreme Court's dismissal of *Grand Jury*).

8        Apple also claims it "sought to comply with the law at all times ***as [it] made [its] privilege***
9  ***determinations***," which were made in 2021. Opp. at 6. But *Grand Jury* was the law months before
10 Apple produced a log to substantiate its privilege assertions.[2] Rule 26(e) contains no provision –
11 the Opposition points to none – excusing the duty to correct or supplement because an error was
12 made in the first instance, or in good faith. Apple must "comply with the law" ***now***.

13       **B.**    **Plaintiff's Challenge to Apple's Undisputed Failure to Apply the "The Primary-Purpose Test" Is Timely**

15       Apple suggests it is too late to fix its mistake because the discovery cut-off date has passed
16 and the District Court has now set a trial date. *See* Opp. at 1. But this argument baldly contradicts
17 the District Court, which already rejected Apple's argument that Plaintiff cannot bring this Rule
18 26(e) challenge following the close of fact discovery. ECF 372 at 3.[3] Further, this argument
19 ignores that any delay in bringing this challenge is solely attributable to the fact that Apple
20 incorrectly told this Court (and Plaintiff) that it applied the "'the primary-purpose test'" before
21 reversing course. Mot. at 4 n.6. It was only after "significant involvement by this Court, resulting
22 in a substantial burden on the Court's time and resources" (Opp. at 1), that Apple, in challenging
23 this Court's August 2022 Order, revealed the truth: It had never applied the controlling test. Mot.

---

[2] Nevertheless, Apple suggests that an irrelevant amendment to *Grand Jury* (changing only "tax advice" to "tax return preparation assistance") made it ambiguous whether the "'the primary-purpose test'" controlled its initial privilege determinations. *Grand Jury*, 23 F.4th at 1090; Opp. at 6. This is meritless and Apple offers no support for the proposition that it was not, and is not now, bound by a published Ninth Circuit decision.

[3] Were Apple's timeliness defense credible, parties would be forced to bring wholesale, premature challenges to privilege reviews, merely to preserve the right to challenge later-disclosed errors. Rule 26's ongoing obligations serve to avoid this undesirable result.

1  at 3-6.  Moreover, this case is set for trial in May 2024 – more than nine months away – meaning
2  Apple's compliance with the law will not impact the trial date.

3     **C.**  **Plaintiff Did Not Bargain Away Apple's Rule 26(e) Obligations**

4    Apple is wrong that the narrowing of a dispute between parties may relieve a responding
5  party of its general obligations under Rule 26(e).  Apple's cited authorities – just two out-of-circuit
6  cases – are not to the contrary.  They stand only for the proposition that a party cannot request new
7  or additional discovery by improperly styling such a request as a motion to supplement under Rule
8  26(e).  In *In re High Fructose Corn Syrup Antitrust Litig.*, 2000 WL 33180835 (C.D. Ill. July 19,
9  2000) the requesting party sought to expand the previously agreed-to relevant time period and to
10 obtain documents that had not already been requested or identified.  *Id.* at *3.  Indeed, it sought
11 "information ***not yet in existence*** as of the date the[ producing party] answered the discovery
12 request."  *Id.*; *see also Switch Commc'ns Grp. v. Ballard*, 2012 WL 2342929, at *7 (D. Nev. June
13 19, 2012) (declining to follow *High Fructose* because it did "not analyze the language of the rule,
14 the Advisory Committee Notes, or other legal authority").  And in *Arconic Inc. v. Novelis Inc.*,
15 2022 WL 2669201 (W.D. Pa. Apr. 1, 2022) the requesting party "s[ought] several **broad categories**
16 of supplemental production" and "to ***extend*** the date range for discovery."  *Id.* at *2.  Also, the
17 court in *Arconic* specifically distinguished the scenario it was presented with to a situation where
18 "the party had failed to comply with its discovery obligations in the first instance."  *Id.* at *3.  Here,
19 Plaintiff requests that Apple ***correct*** its error in the first instance, *i.e.*, applying the wrong test to
20 documents ***already collected*** in response to requests Plaintiff served as early as ***2020***.

21   Even if, *arguendo*, parties could bargain away the obligation to comply with the Ninth
22 Circuit's test or its obligations under Rule 26(e), Plaintiff did not do so here.  Plaintiff never
23 consented to Apple's application of an improper privilege test.  In fact, Plaintiff did not know
24 Apple applied an improper test when it engaged in "months of exhaustive meet and confer efforts."
25 Opp. at 4.  The Court was similarly unaware because Apple claimed it applied the "'***the*** primary-
26 purpose test.'"  Mot. at 4, n.6.  The Opposition conflates cases concerning open and ***mutual***
27 discovery negotiations with Apple's ***unilateral*** decision to apply the "'***a*** primary-purpose test.'"
28 No agreement will be undone if Apple now applies the "'the primary-purpose test.'"

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL REVIEW AND PRODUCTION
OF NON-PRIVILEGED DOCUMENTS - 4:19-cv-02033-YGR
4889-7033-7653.v1

- 3 -

### D. Apple Ignores and Mischaracterizes the Errors in Its Production

Apple seizes on the Motion's use of the word "likely" to mischaracterize as speculative Plaintiff's arguments that Apple continues to withhold relevant documents. It also disputes numbers Plaintiff has given as examples. These arguments too fail. It is **certain** that Apple applied the wrong test and that the test it did apply led to withholding non-privileged documents. The documents Apple produced to comply with the August 2022 Order prove this fact. It is also certain that Apple continues to withhold privileged material. For example, it still withholds the non-privileged, duplicate contents of Entry Nos. 514, 521, and 523. Mot. at 8. Apple also continues to withhold "family" documents, such as the parent email to one document filed with the District Court in opposition to Defendants' motion for summary judgment. Mot. at 7. Apple conveniently ignores these examples.

Apple's objections to the quantity of relevant documents it likely improperly withholds is immaterial to the dispute. Opp. at 8-9. Here, the Opposition accurately corrects the number of unique "Q&A" and "Interview prep" documents remaining on Apple's log, which Plaintiff acknowledges.[4] However, Plaintiff's inadvertent error in tabulating the quantities of those examples does not affect the underlying point. As Apple acknowledges, there are still hundreds (476, not over 700) of "Q&A" documents and dozens (49, not 91) of "Interview prep" documents that may be improperly withheld as similar documents have been. *Id.*

Apple also argues many of these documents have already been produced with "narrow" redactions. Opp. at 8-9. But improper redactions, whether broad or narrow (just like fully withheld documents), must be produced where the content is non-privileged.

Finally, Apple claims 469 documents have only been redacted to protect contents concerning "pending litigation" – *i.e.* the redacted contents are purely legal. Opp. at 8. But, Apple previously suggested all the documents it withheld had both business and legal purposes – making them subject to the "the primary purpose test." *See* Mot. at 5. And, Apple's logs have proven unreliable. For example, Apple redacted text concerning "Qualcomm litigation" that discussed

---

[4] Plaintiff is unable to verify Apple's correction that 470 unique documents on Apple's log """"reflect[] legal advice from in-house counsel."""" *Compare* Opp. at 8, *with* ECF 389-5.

whether "[Qualcomm's] legal victories impact[ed] sales in the quarter? . . . Not in any material way." Apple has produced the non-privileged contents of this document elsewhere, but continues to improperly redact it from Entry No 428. Ex. 1. That redacted-but-not-privileged material is directly relevant to the issue of loss causation (*i.e.* to showing that Apple's fraud, and not other factors, caused Plaintiff's loss). And even if Apple has properly withheld a subset of documents related to litigation, that does not change the fact that Apple's review as a whole is in error.

### E. Apple Mischaracterizes Plaintiff's Requested Relief

Plaintiff requests, only, that Apple be required to fix its own error. Apple admittedly applied the over-inclusive "'a primary-purpose test'" in conducting its privilege review. Now it must properly apply the controlling "'the primary-purpose test'" to the dual-purpose documents that it continues to withhold. Indeed, Apple has effectively already been ordered to properly comply with *Grand Jury* for the 232 documents Plaintiff previously challenged. *See* Mot. at 6-7.

The Opposition entirely mischaracterizes Plaintiff's routine and targeted request, contending "Plaintiff is essentially asking the Court to order Defendants to search for purported deficiencies in their privilege log." Opp. at 5. Not so. Apple itself, among others, has already identified the single "deficiency": Failure to apply the controlling "'the primary-purpose test.'" Plaintiff has not requested an additional "search" of any kind and none is required.[5]

## III. CONCLUSION

For the reasons stated in the Motion and above, the Court should grant the Motion.

DATED: August 3, 2023

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH
JACOB G. GELMAN

s/ Kenneth J. Black
KENNETH J. BLACK

---

[5] Apple also objects to re-reviewing purportedly non-relevant documents. Opp. at 4. Essentially, it argues the entire Motion should be denied because Plaintiff has not preemptively identified and excluded irrelevant documents which should not have been logged. *Id*. This is no basis to deny the Motion's request that Apple correct a global error in its privilege review.

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL REVIEW AND PRODUCTION OF NON-PRIVILEGED DOCUMENTS - 4:19-cv-02033-YGR - 5 -
4889-7033-7653.v1

| | |
|---|---|
| 1 | Post Montgomery Center |
| | One Montgomery Street, Suite 1800 |
| 2 | San Francisco, CA  94104 |
| | Telephone:  415/288-4545 |
| 3 | 415/288-4534 (fax) |
| | shawnw@rgrdlaw.com |
| 4 | dpfefferbaum@rgrdlaw.com |
| | kennyb@rgrdlaw.com |
| 5 | hdeshmukh@rgrdlaw.com |
| | jgelman@rgrdlaw.com |
| 6 | |
| | ROBBINS GELLER RUDMAN |
| 7 |    & DOWD LLP |
| | MARK SOLOMON |
| 8 | JASON A. FORGE |
| | RAPHAELLA FRIEDMAN |
| 9 | 655 West Broadway, Suite 1900 |
| | San Diego, CA  92101 |
| 10 | Telephone:  619/231-1058 |
| | 619/231-7423 (fax) |
| 11 | marks@rgrdlaw.com |
| | jforge@rgrdlaw.com |
| 12 | rfriedman@rgrdlaw.com |
| 13 | Lead Counsel for Lead Plaintiff |
| 14 | LABATON SUCHAROW |
| | CAROL C. VILLEGAS |
| 15 | 140 Broadway |
| | New York, NY 10005 |
| 16 | Telephone: 212/907-0700 |
| | 212/883-7524 (fax) |
| 17 | cvillegas@labaton.com |
| 18 | Counsel for Employees' Retirement System of the |
| | State of Rhode Island |
| 19 | |
| | VANOVERBEKE, MICHAUD & TIMMONY, |
| 20 | P.C. |
| | THOMAS C. MICHAUD |
| 21 | 79 Alfred Street |
| | Detroit, MI  48201 |
| 22 | Telephone:  313/578-1200 |
| | 313/578-1201 (fax) |
| 23 | tmichaud@vmtlaw.com |
| 24 | Additional Counsel |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO COMPEL REVIEW AND PRODUCTION
OF NON-PRIVILEGED DOCUMENTS - 4:19-cv-02033-YGR                                                                     - 6 -
4889-7033-7653.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 3, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

     s/ Kenneth J. Black
KENNETH J. BLACK

ROBBINS GELLER RUDMAN
     & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  kennyb@rgrdlaw.com

4889-7033-7653.v1

**Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Walter F. Brown**
  wbrown@paulweiss.com,mao_fednational@paulweiss.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com

- **Meredith Richardson Dearborn**
  mdearborn@paulweiss.com,egold@paulweiss.com,cduong@paulweiss.com,imcmillan@paulweiss.com,mao_fednational@paulweiss.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Harris Michael Fischman**
  hfischman@paulweiss.com,mao_fednational@paulweiss.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,vvibar@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,kjudd@labaton.com,6312349420@filings.docl

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Jacob G. Gelman**
  jgelman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com,cgrady@structurelaw.com

- **Daniel J. Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kperez@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.cor

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Audra Jan Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,vvibar@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,kjudd@laba

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`