ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
        – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| In re APPLE INC. SECURITIES LITIGATION | ) ) ) | Case No. 4:19-cv-02033-YGR |
|---|---|---|
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | LEAD PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF |
| ALL ACTIONS. | ) ) ) ) | UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ADDITIONAL MATERIAL FACTS |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| **Issue 1: Mr. Cook's challenged statement[1] was not false or misleading.** | Fact 1.  Messrs. Cook and Maestri reviewed data from FQ4 2018 to prepare for Apple's FQ4 2018 Call and anticipated that analysts would ask questions about China and currency pressures.<br><br>Cook Decl. ¶¶ 4-17; Maestri Decl. ¶¶ 4-5; Ex. 1 at 1-2; Ex. 2 at 13, 20-21, 23. | Disputed to the extent that as a basis for the purported fact Defendants have narrowly and incorrectly defined the "challenged statement" to exclude the surrounding context that created the false and misleading impression alleged.  Ex. 114 at 8; *see* ECF 123 at 8-9.<br><br>Undisputed that Cook and Maestri anticipated that analysts would ask questions about China.  Ex. 59; Ex. 18.<br><br>Disputed to the extent that the purported fact does not establish or support Issue No. 1, as Defendants' purported preparation or anticipation does not bear upon whether the alleged misrepresentation was false and misleading or created a materially misleading impression to a reasonable investor.  *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017). |
| Issue 1 | Fact 2.  With his challenged statement, Mr. Cook intended to give his opinion that China was not in the same category of emerging markets like Turkey, India, Brazil, and Russia, based on Apple's | Disputed to the extent that as a basis for the purported fact Defendants have narrowly and incorrectly defined the "challenged statement" to exclude the |

---

[1] The "challenged statement" refers to the bolded language below in the context of Mr. Cook's answer to an analyst question on Apple's FQ4 2018 Call:

> The emerging markets that we're seeing pressure in are markets like Turkey, India, Brazil, Russia. These are markets where currencies have weakened over the recent period. In some cases, that resulted in us raising prices and those markets are not growing the way we would like to see. To give you a perspective in of some detail, our business in India in Q4 was flat. Obviously, we would like to see that be a huge growth. Brazil was down somewhat compared to the previous year. And so I think, or at least the way that I see these, is each one of the emerging markets has a bit of a different story, and I don't see it as some sort of issue that is common between those for the most part. **In relation to China specifically, I would not put China in that category.** Our business in China was very strong last quarter. We grew 16%, which we're very happy with. iPhone in particular was very strong, very strong double-digit growth there. Our other products category was also stronger, in fact, a bit stronger than even the overall company number.

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | performance in FQ4 2018.<br><br>Cook Decl. ¶¶ 22-25. | surrounding context that created the false and misleading impression alleged.  Ex. 114 at 8; *see* ECF 123 at 8-9.<br><br>Disputed. Cook's November 1 statement was not expressed as an opinion but rather a fact that China was not in the category of emerging markets where Apple was experiencing deceleration and pressure.  Ex. 114.<br><br>Disputed. The purported fact does not establish or support Issue No. 1, as Defendants' purported intention does not bear upon whether the alleged misrepresentation was false and misleading or created a materially misleading impression to a reasonable investor, nor can Cook's intent be established or resolved by declaration. *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017).<br><br>Disputed. The question asked was in the present tense and concerned Apple's current business and trajectory in China and Cook answered using the present tense. Analysts understood Cook to be referring to Apple's current business condition in China.  Exs. 114, 63, 65, 64, 67. |
| Issue 1 | <u>Fact 3</u>.  Mr. Cook's challenged statement was made with reference to Apple's FQ4 2018 data that was contained in the preparation materials he had in front of him.<br><br>Cook Decl. ¶¶ 22-25; Maestri Decl. ¶ 6; Ex. 2 at 13, 20-21, 23; Ex. 3 at 7. | Disputed to the extent that as the basis of the purported fact Defendants have narrowly and incorrectly defined the "challenged statement" to exclude the surrounding context that created the false and misleading impression alleged. Ex. 114 at 8; *see* ECF 123 at 8-9.<br><br>Disputed. The purported fact does not support or establish Issue No. 1 as it does not bear upon whether |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | Cook's November 1 statement was false and misleading or created a materially misleading impression to a reasonable investor about the current state of Apple's business in China.  This is true, regardless of whether Cook says he had 4Q18 data in front of him at the time. *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017).<br><br>Disputed. Cook's alleged November 1, 2018 misrepresentation concerned the Company's current performance in China which was known to him but not contained within the materials he claims to have been referencing. The materials he purports to have been referencing do not contain the response he provided to Mohan on November 1, 2018. Ex. 114; DefsEx. 2; DefsEx. 3.<br><br>Disputed.  To the extent that Cook claims that he was referencing DefsEx. 2 at 13 during the conference call, the document on its face states that the material was prepared for Defendant Maestri. DefsEx. 2 at 13. |
| Issue 1 | Fact 4.  The FQ4 2018 data in Mr. Cook's preparation materials demonstrated that weakened currencies decelerated Apple's FQ4 2018 revenue growth in Turkey by 26%, in India by 7%, in Brazil by 16%, and in Russia by 11%, but had only a 1% adverse impact on China's revenue, which grew 16% year-over-year in FQ4 2018.<br><br>Cook Decl. ¶¶ 10-11, 13-16; Ex. 2 at 13, 20-21, 23. | Disputed.  None of the referenced exhibits in Cook's declaration state or refer to "decelerat[ion]" of revenue that was caused by currency fluctuations, and use of the term in the purported fact is vague and ambiguous when applied year-over-year to quarterly results.  And it appears that Defendants are using "decelerated" with respect to certain countries and "adverse impact" synonymously with "decelerated." The terms are not synonymous.<br><br>Disputed to the extent that DefsEx. 2 at 13 was specifically identified as part of the preparation materials |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | for Defendant Maestri, whereas other sections within the document were designated for Cook. DefsEx. 2 at 13.<br><br>Disputed.  The purported undisputed fact is not relevant to Issue No. 1 as it does not bear upon whether Cook's statement was false and misleading or created a materially misleading impression to a reasonable investor about the current state of Apple's business in China as of November 1, 2018.  *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017). |
| Issue 1 | <u>Fact 5</u>.  Apple's overall revenue in China for FY 2018 grew YoY by 11% in FQ1, by 21% in FQ2, by 19% in FQ3, and by 16% in FQ4 and iPhone revenue in China for FY 2018 grew YoY by 25% in FQ2, by 23% in FQ3, and by 27% in FQ4.<br><br>Ex. 2 at 19-20; Ex. 85 at 209:21-210:4, 231:21-232:1; Ex. 95 ¶¶ 9-10, 14-15. | Undisputed to the extent that these are historical growth rates the Company reported.<br><br>Disputed only to the extent that purported undisputed fact is not relevant to Issue No. 1, as it does not bear upon whether Cook's November 1 statement was false and misleading or created a materially misleading impression to a reasonable investor about the current condition of Apple's business in China as of November 1, 2018. *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017). |
| Issue 1 | <u>Fact 6</u>.  On Apple's FQ4 2018 Call, Mr. Cook noted that Apple had seen "a slowdown or a moratorium, to be more accurate, on new game approvals" for the App Store in China.<br><br>Cook Decl. ¶ 30; Ex. 3 at 7. | Undisputed that during the 4Q18 call Cook made the following statement as a complete sentence: "The App Stop in China, we have seen a slowdown or moratorium to be more accurate on new game approvals."  Ex. 114 at 8. |
| Issue 1 | <u>Fact 7</u>.  In October 2018, seventeen analysts published reports on Apple that referenced Apple's business in China, and fifteen of them expressed concerns about | Undisputed to the extent that Defendants identify seventeen analyst reports that were published in October 2018 that make |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | the Company's business there.<br><br>Ex. 27 at 2; Ex. 28 at 1, 3-5, 8; Ex. 29 at 1, 3; Ex. 30 at 1, 4; Ex. 31 at 1; Ex. 32 at 1, 3; Ex. 33 at 1; Ex. 34 at 1; Ex. 35 at 1-2; Ex. 36 at 1, 3, 5; Ex. 37 at 1; Ex. 38 at 1-2, 28, 44, 68; Ex. 39 at 6; Ex. 40 at 1, 4; Ex. 41 at 1-3; Ex. 42 at 1; Ex. 43 at 1-2; Ex. 44 at 5, 11-12; Ex. 45 at 5, 9; Ex. 97 ¶¶ 54-57. | reference to Apple's business in China.<br><br>Disputed to the extent these seventeen reports do not cover every analyst report that was published in October 2018 that makes reference to Apple's business in China or represent the entirety of relevant analyst, news and media coverage of Apple's business. *E.g.* Exs. 3, 113.<br><br>Disputed to the extent that Defendants describe fifteen reports as reports in which financial analysts "express concerns" about Apple's business in China. Only four of the referenced reports use the term "concern" as it related to China, and of those, two express concerns related only to Apple's services business in China. DefsEx. 35, DefsEx. 40 (DefsEx. 29 and DefsEx. 43 are the remaining two reports). Defendants do not describe what their use of the term "concerns" means, do not describe which concerns are relevant, and do not describe what "fact" is undisputed and supports Issue 1.   The term "concerns" is thus vague and ambiguous, and its usage is also often inconsistent with the content of the referenced exhibits.  DefsEx. 27 at 2, for example, states "China Improving" as part of its "Investment Thesis."  And, though it describes "Economic factors" as a "Risk," it does not reference any economic factors in China, or express "concern" about those economic factors.  *See* Additional Fact No. 34. |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| Issue 1 | <u>Fact 8</u>.  Between November 1 and 4, 2018, thirty-eight securities analysts published research reports about Apple.<br><br>Exs. 46-83; Ex. 97 ¶ 35. | Undisputed to the extent that Defendants identify thirty-eight analyst reports that were published between November 1 and November 4 that discuss Apple.<br><br>Disputed to the extent that there were more than 38 analyst reports that were published during this period that discussed Apple, and additional coverage from financial analysts, news, media and other publishers, whether published within or without this period, that are relevant to assessing Issue 1. *E.g.* Ex. 63; Ex. 116; Ex. 145; Ex. 137. |
| Issue 1 | <u>Fact 9</u>. Of the thirty-eight analyst reports about Apple that were published between November 1-4, 2018, twenty-two of them referenced Mr. Cook's challenged statement.<br><br>Ex. 46 at 2; Ex. 47 at 1; Ex. 48 at 1, 3; Ex. 49 at 1, 3, 7; Ex. 50 at 1, 3-4; Ex. 54 at 1; Ex. 55 at 5; Ex. 56 at 2; Ex. 57 at 1; Ex. 58 at 1; Ex. 59 at 1; Ex. 60 at 1, 3; Ex. 61 at 1; Ex. 63 at 1; Ex. 67 at 3; Ex. 72 at 8; Ex. 73 at 4-5; Ex. 74 at 1; Ex. 77 at 1, 3; Ex. 81 at 4; Ex. 82 at 1-2: Ex. 83 at 3; Ex. 97 ¶¶ 61-69. | Disputed.  *See* response to Fact No. 8.<br><br>Disputed to the extent that as a basis for the purported fact Defendants have narrowly and incorrectly defined the "challenged statement" to exclude the surrounding context that  created the false and misleading impression alleged.  Ex. 114 at 8; *see* ECF 123 at 8-9.<br><br>Disputed.  None of the referenced reports specifically quote Defendants' narrow and incomplete definition of the what they describe as the "challenged statement."  For example, Defendants write in footnote 1 above that "[t]he "challenged statement" refers to the bolded language… '**In relation to China specifically, I would not put China in that category**,'" yet in in Ex. 46 at 2, Defendants highlight the unrelated phrase "Despite mounting concerns over tariffs, Apple's China business continues to recover, based on high-end appetite for the new phones; China revenue rose 16%." |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | Undisputed that certain of the reports cited by Defendants reference generally the context of the statement Plaintiff alleges to be false and misleading. *E.g.* Ex. 67 at 1 ("Apple cited Turkey, India, Brazil and Russia specifically, but emphasized that China is not in the same category and continues to see strong demand."). Disputed to the extent that Defendants under-count the number of analysts and other news, media and other publishers that discuss Cook's comments concerning business condition in China during the conference call. See, for example, Ex. 63 Ex. 116, Ex. 128, Ex. 130, Ex. 94, which discuss Cook's comments regarding China and emerging markets in the conference call. |
| Issue 1 | <u>Fact 10</u>.  Of the twenty-two analyst reports about Apple published between November 1-4, 2018 that referenced Mr. Cook's challenged statement, at least twenty-one of them reported it to be about FQ4 2018. Ex. 46 at 2; Ex. 47 at 1; Ex. 48 at 1, 3; Ex. 49 at 1, 3, 7; Ex. 50 at 1, 3-4; Ex. 54 at 1; Ex. 55 at 5; Ex. 56 at 2; Ex. 57 at 1; Ex. 58 at 1; Ex. 59 at 1; Ex. 60 at 1, 3; Ex. 61 at 1; Ex. 63 at 1; Ex. 67 at 3; Ex. 72 at 8; Ex. 73 at 4-5; Ex. 74 at 1; Ex. 77 at 1, 3; Ex. 81 at 4; Ex. 82 at 1-2: Ex. 83 at 3; Ex. 97 ¶¶ 61-69. | Disputed to the extent that as a basis for the purported fact Defendants have narrowly and incorrectly defined the "challenged statement" to exclude the surrounding context that created the false and misleading impression alleged.  Ex. 114 at 8; *see* ECF 123 at 8-9. Disputed to the extent that none of the twenty-two analyst reports that are identified by Defendants actually quote Cook's statements on the call in the way that the Defendants have defined the so called "challenged statement." *See* response to Fact No. 9.  While analysts reported the Company's 4Q18 results in China, the 4Q18 results in China are not the statements that are alleged to be false and misleading. Disputed.   Analysts interpreted Cook's alleged misrepresentation to relate to China's current business performance in China. |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | *E.g.*, Exs. 117, 64, 67. |
| Issue 1 | <u>Fact 11</u>.  None of the analyst reports about Apple published between November 1-4, 2018 that referenced Mr. Cook's challenged statement reported it to be an update on Apple's performance in China during FQ1 2019.<br><br>Exs. 46-83; Ex. 97 ¶¶ 61-69. | Disputed to the extent that as a basis for the purported fact Defendants have narrowly and incorrectly defined the "challenged statement" to exclude the surrounding context that  created the false and misleading impression alleged.  Ex. 114 at 8; *see* ECF 123 at 8-9.<br><br>Disputed to the extent that none of the twenty-two analyst reports that are identified by Defendants actually quote Cook's statements in the call in the way that the Defendants have defined the so called "challenged statement." While analysts reported the Company's 4Q18 results in China, the 4Q18 results in China are not the statements that are alleged to be false and misleading. *See* response to Fact No. 9.  Therefore, none of them addressed the so called "challenged statement" such that they would describe it as an "update" on Apple's performance in 1Q19, or indeed as anything at all.<br><br>Disputed to the extent that the purported fact is offered to show a lack of falsity.  No analyst reported on the true condition of the Company known to Defendants as of November 1, 2018, including that (i) Apple's revenue outlook for China had turned negative, (ii) that Chinese resellers told Apple to stop shipping the iPhone XR, (iii) that Defendants had cut iPhone production, or (iv) that Apple had cut its outlook by nearly $6 billion due to poor iPhone sales, particularly in China. |
| Issue 1 | <u>Fact 12</u>.  None of the analyst reports about Apple published between November 1-4, 2018 reported that Mr. Cook said there was "no deceleration or pressure" on | Disputed with respect to whether the purported fact supports an absence of falsity.  Analysts reported that Cook represented that |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | Apple's business in China in FQ1 2019.<br><br>Exs. 46-83; Ex. 97 ¶¶ 34-60. | Apple was not experiencing pressure from economic deceleration in China like it was in other emerging markets such as Turkey India, Russia and Brazil. *E.g.* Ex. 67 at 1; Ex. 63. And, no analyst reported on the true condition of the Company known to defendants as of November 1, including that (i) Apple's revenue outlook for China had turned negative, (ii) that Chinese resellers told Apple to stop shipping the iPhone XR, (iii) that Defendants had cut iPhone production, or (iv) that Apple had cut its outlook by nearly $6 billion due to poor iPhone sales, particularly in China.<br><br>Undisputed to the extent that none of the reports selected by Defendants in the stated date range quoted Cook using the precise words selected by defendants that there was "no deceleration or pressure" on Apple's business in China in 1Q19. That is not surprising, because Cook did not use the phrase there was "no deceleration or pressure" on Apple's business in 1Q19 during the 4Q18 call when he discussed current conditions in China. |
| Issue 1 | <u>Fact 13</u>. None of the analyst reports about Apple published between November 1-4, 2018 reported that Apple faced "no deceleration or pressure" on its business in China in FQ1 2019.<br><br>Exs. 46-83; Ex. 97 ¶¶ 34-60. | Disputed. *See* Response to Fact No. 12.<br><br>Undisputed that none of the reports selected by Defendants in the stated date range quoted Cook as stating that Apple faced "no deceleration or pressure" in its business in China in 1Q19. That is not surprising because Cook did not use the phrase there was "no deceleration or pressure" during the 4Q18 call when he discussed current conditions in China. |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| Issue 1 | <u>Fact 14</u>.  Eighteen of the analyst reports about Apple published between November 1-4, 2018 expressed concern about Apple's business in China in FQ1 2019.<br><br>Ex. 47 at 1; Ex. 48 at 1; Ex. 49 at 1, 3, 7; Ex. 50 at 1, 3-5; Ex. 56 at 2; Ex. 57 at 1; Ex. 59 at 1; Ex. 60 at 1, 3; Ex. 61 at 1; Ex. 63 at 1-2; Ex. 67 at 3; Ex. 70 at 1; Ex. 72 at 8; Ex. 73 at 5; Ex. 74 at 1-2; Ex. 80 at 8; Ex. 81 at 3; Ex. 82 at 1-2; Ex. 97 ¶¶ 51-60. | Disputed. *See* response to Fact No. 7. |
| Issue 1 | Defendants incorporate Facts 15-26 as if restated in full here. | |
| **Issue 2: Mr. Cook did not act with scienter.** | Defendants incorporate Facts 1-14 and 21-26 as if restated in full here. | |
| Issue 2 | <u>Fact 15</u>.  Mr. Cook did not intend to mislead Apple investors on Apple's FQ4 2018 Call, and the challenged statement represented his honestly held opinion.<br><br>Cook Decl. ¶ 34. | Disputed to the extent that as a basis for the purported fact Defendants have narrowly and incorrectly defined the "challenged statement" to exclude the surrounding context that created the false and misleading impression alleged.  Ex. 114 at 8; *see* ECF 123 at 8-9.<br><br>Disputed.  Cook knew of, but did not disclose, the material facts constituting the alleged fraud.  Exs. 1, 6, 9, 86 at 107:7-9, 87 at 94-96; Exs. 11 at 989, 13, 14, 77; Exs. 42 at 799, 84 at 623, 35, 40, 44 at 794, 90 at 252-253; Exs. 37, 41, 47, 49, 58; Exs. 86 at 30:4-11, 96; Exs. 114 at 8, 19, 20, 87 at 136-137, 88, 36; Exs. 20, 86 at 225:16-226:3, 86 at 206-207; Ex. 88 at 221:23-222:6; Exs. 17, 143 at 226, 55, 50, 66, 142, 55, 71, 87 at 33:15-34:6, 37:6-38:3; Exs. 88, 74, 75; Exs. 51, 69, 61.  Cook has also admitted |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | that he knew of the facts concerning weak demand in China for iPhones and chose not to disclose them. Ex. 86 at 223:13-226:3. |
| Issue 2 | **Fact 16**.  Mr. Cook knew that Apple's FQ1 2019 guidance would disappoint the market when it was disclosed on November 1, 2018 and expected it to cause Apple's stock price to decline.<br><br>Ex. 85 at 229:22-230:4; Ex. 101 at 1. | Undisputed. |
| Issue 2 | **Fact 17**.  On November 1, 2018, Mr. Cook emailed Apple's board of directors noting that Apple was concerned about FQ1 2019 revenue headwinds "we are seeing in the emerging markets, particularly Turkey, India, Russia, and Brazil," but did not mention China.<br><br>Ex. 101 at 1. | It is Undisputed that on November 1, 2018 Defendant Cook sent the Board of Directors a memorandum that said among other things that during the upcoming earnings call he and Maestri planned to "***talk about*** 4 revenue ***headwinds***". Among them he wrote that he planned to talk about the fact that "we are concerned with what we are ***seeing*** in the emerging markets, particularly Turkey, India, Russia, and Brazil."  That memo did not state that Cook and Measrti would talk about 1Q19 headwinds in China which the Company was undisputedly experiencing.  Exs. 1, 6, 9, 86 at 107:7-9, 87 at 94-96; Exs. 11 at 989, 13, 14, 77; Exs. 42 at 799, 84 at 623, 35, 40, 44 at 794, 90 at 252-253; Exs. 37, 41, 47, 49, 58; Exs. 86 at 30:4-11, 96; Exs. 114 at 8, 19, 20, 87 at 136-137, 88, 36; Exs. 20, 86 at 225:16-226:3, 86 at 206-207; Ex. 88 at 221:23-222:6; Exs. 17, 143 at 226, 55, 50, 66, 142, 55, 71, 87 at 33:15-34:6, 37:6-38:3; Exs. 88, 74, 75; Exs. 51, 69, 61.<br><br>Disputed.  Fact No. 17 does not support an absence of scienter, because Cook's description to the Board that he intended to describe "what we are seeing" confirms that Cook's alleged misrepresentation |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | was addressing the Company's current business performance and his knowing omission of China supports both falsity and scienter. |
| Issue 2 | **Fact 18**.  As of November 1, 2018, Mr. Cook owned almost 880,000 shares of Apple stock. He sold no Apple stock during the class period.<br><br>Cook Decl. ¶ 36. | Undisputed. |
| Issue 2 | **Fact 19**.  During the class period, Apple repurchased over 9 million shares of its own stock for over $1.8 billion.<br><br>Maestri Decl. ¶ 19; Ex. 8 at 3. | Undisputed. |
| Issue 2 | **Fact 20**.  On December 17, 2018, Mr. Cook informed Apple's board of directors that Apple was going to miss its FQ1 2019 revenue guidance and that the Company would pre-announce that guidance miss, despite having no legal obligation to do so.<br><br>Cook Decl. ¶ 37; Ex. 6. | Disputed.  Cook's declaration claims that Ex. 6 is "my notes for a meeting with Apple's board of directors on December 17, 2018." Cook Decl., ¶37.  But notes made in preparation for a meeting do not establish that a meeting occurred or what was told to the Board.<br><br>Disputed.  While Cook's notes (at 3) state "No Legal requirement to pre-announce but want to do it," that statement does not establish that there was in fact no legal obligation to pre-announce, or that Cook in fact believed there was no legal obligation to pre-announce, or that the purpose of pre-announcing was to be "transparent" with investors, as Cook conclusorily asserts in his Declaration at ¶37.<br><br>Disputed because Defendants have withheld relevant documents related to the reason for and timing of the decision to pre-announce on the ground that they are privileged – despite court rulings that they are not privileged.  Having withheld |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | these directly relevant materials, Defendants cannot assert that Fact No. 20 is undisputed.  *See* ECF 302. |
| **Issue 3: There is no loss causation.** | <u>Fact 21</u>.  Apple's FQ1 2019 revenue guidance that it provided on its FQ4 2018 Call was accurate as of November 1, 2018, the date it was provided.<br><br>Dkt. No. 279 at 9 ("To be clear, Plaintiff does not allege the 1Q19 guidance is actionable, materially false, or misleading."); Maestri Decl. ¶¶ 10-11; Parekh Decl. ¶¶ 15-16; Ex. 7 at 5. | Disputed.  To the extent that revenue guidance of $89b to $93b can properly be considered as accurate, the fact that Apple missed its revenue guidance by $5-9 billion proves that it was inaccurate, particularly where like here there is no intervening event that caused the miss to revenue guidance.<br><br>Disputed.  The fact that the revenue guidance was not alleged to be actionable is not indisputable evidence that it was accurate.<br><br>Disputed.  The revenue guidance of $89b-$93b provided to the market on November 1, 2018 was not "accurate" because it did not also disclose critical, adverse facts known to Defendants that undermined its accuracy, including: (i) Apple had cut its internal China Revenue outlook and its internal Company-wide revenue outlook; (ii) resellers in China told Apple to stop shipping iphone XRs; (iii) Apple was already experiencing declining demand trends; (iv) Apple had already cut production orders with top suppliers; (v) Apple needed iPhone XR sales to grow week over week, *i.e.* at a pace unlike any iPhone model before it; and (vi) Apple had no experience predicting demand for a phone like the XR. *See*  Exs. 30, 61, 42, DefsEx101; Exs. 1, 6, 9, 86 at 107:7-9, 87 at 94-96; Exs. 11 at 989, 13, 14, 77; Exs. 37, 41, 47, 49, 58; Exs. 114 at 8, 19, 20, 87 at 136-137, 88, 36; 20, 86 at 225:16-226:3, 86 at 206-207; Ex. 88 at 221:23-222:6; Exs. 51, 69, 61. |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | Disputed to the extent that the purported fact is offered to show an absence of stock price inflation or loss causation. The evidence shows there is a causal connection between the allegedly false and misleading statement and the relevant disclosures and price declines. *See* ECF 301-19. |
| Issue 3 | <u>Fact 22</u>. Apple's FQ1 2019 revenue guidance incorporated all relevant, available data about Apple's actual performance results up until November 1, 2018, the date it was provided.<br><br>Dkt. No. 279 at 9 ("To be clear, Plaintiff does not allege the 1Q19 guidance is actionable, materially false, or misleading."); Maestri Decl. ¶¶ 10-11; Parekh Decl. ¶¶ 14-16; Ex. 106 ¶¶ 38-39. | Disputed. The revenue guidance of $89b-$93b provided to the market did not disclose critical, adverse facts known to Defendants that undermined its accuracy, including: (i) Apple had cut its internal China Revenue outlook and its internal Company-wide revenue outlook; (ii) resellers in China told Apple to stop shipping iPhone XRs; (iii) Apple was already experiencing declining demand trends; (iv) Apple had already cut production orders with top suppliers; (v) Apple needed iPhone XR sales to grow week over week, *i.e.* at a pace unlike any iPhone model before it; and (vi) Apple had no experience predicting demand for a phone like the XR. *See* Exs. 30, 61, 42, DefsEx101; Exs. 1; 6, 9, 86 at 107:7-9, 87 at 94-96; Exs. 11 at 989, 13, 14, 77; Exs. 42 at 799, 84 at 623, 35, 40, 44 at 794, 90 at 252-253; Exs. 37, 41, 47, 49, 58; Exs. 86 at 30:4-11, 96; Exs. 114 at 8, 19, 20, 87 at 136-137, 88, 36; 20, 86 at 225:16-226:3, 86 at 206-207; Ex. 88 at 221:23-222:6; Exs. 17, 143 at 226, 55, 50, 66, 142, 55, 71, 87 at 33:15-34:6, 37:6-38:3; Ex. 88, 74; Exs. 51, 69, 61.<br><br>Disputed to the extent that the purported fact is offered to show an absence of stock price inflation or loss causation. The evidence shows there is a causal connection between the allegedly false and misleading statement and the |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | relevant disclosures and price declines. *See* ECF 301-19. |
| Issue 3 | <u>Fact 23</u>.  As of November 1, 2018, Apple was on track to meet its FQ1 2019 revenue guidance.<br><br>Dkt. No. 279 at 9 ("To be clear, Plaintiff does not allege the 1Q19 guidance is actionable, materially false, or misleading."); Maestri Decl. ¶ 13; Parekh Decl. ¶ 20; Ex. 7 at 5. | Disputed.  *See* Response to Fact No. 21.<br><br>Disputed.  Defendants do not provide any objective metric for what is meant by "on track" such that it could be part of a fact, much less an undisputed fact. Moreover, the evidence shows that as of November 1, 2018, Apple was experiencing significantly declining demand trends, particularly in China, which had not provided any clear signs of that declining trend slowing. *See* Response to Facts Nos. 17, 21-22. In one example, just one day before Defendants' issued Apple's revenue guidance on November 1, 2018, one Apple executive wrote "Luca [Maestri] asked me to find $800M to $1B!!" (*i.e.* in revenue for the quarter) and "Let's just hope N84 is on a curve we've never seen before and it surprises us all with week on week strength through end of quarter!" Ex. 51. |
| Issue 3 | <u>Fact 24</u>.  The FQ1 2019 revenue guidance that Apple disclosed on November 1, 2018 accounted for the reduced iPhone sales estimates that caused Apple to notify its suppliers of production cuts on November 2, 2018.<br><br>Ex. 7 at 5 (November 1, 2018 revenue forecast with "likely" case of 70.6 million iPhone unit sales); Ex. 13 at 9 (November 1, 2018 iPhone unit sales or "SI" forecast of 70.6 million units); Ex. 104; Ex. 105 at 1; Ex. 106 ¶¶ 47-49; Ex. 107 at 5 (November 5, 2018 iPhone unit sales or "SI" forecast of 70.6 million units); Ex. 108 at 2 (Master Production Schedule or "MPS" as of November 3, 2018 calling for 81.5 million iPhone units); Ex. 109 at 2 (Master Production Schedule or "MPS" as of November 10, 2018 calling for 81.5 | Undisputed to the extent that prior to November 1, 2018, Apple's iPhone sales estimates were cut substantially and that caused Apple to cut its internal China Revenue outlook and its internal Company-wide revenue outlook. *See* Response to Fact No. 22.<br><br>Disputed to the extent that Apple notified suppliers on November 2, 2018.  The evidence shows that suppliers were notified both prior to November 1, 2018, and after November 2, 2018. *E.g.* Ex. 74; Ex. 144 at 925.<br><br>Disputed to the extent that the purported fact is offered to show an absence of stock price inflation or loss causation. The evidence |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | million iPhone units). | shows there is a causal connection between the allegedly false and misleading statement and the relevant disclosures and price declines. *See* ECF 301-19. |
| Issue 3 | <u>Fact 25</u>.  On Apple's FQ4 2018 Call, Mr. Maestri disclosed that, in FQ1 2019, Apple "expect[ed] almost $2 billion of foreign exchange headwinds" and "face[d] some macroeconomic uncertainty, particularly in emerging markets," which included China.<br><br>Maestri Decl. ¶ 12; Ex. 3 at 6. | Disputed to the extent that Maestri only made part of the statements that are purportedly undisputed in his prepared remarks during the November 1, 2018 conference call, and does not reference China either in the referenced statements or anywhere in his prepared remarks. The first statement in full is "Second, we expect almost $2 billion of foreign exchange headwinds."  The second statement in full is "And fourth, we also face some macroeconomic uncertainty, particularly in emerging markets." Neither statement references China. Ex. 114 at 6.<br><br>Disputed to the extent that the purported fact is offered to show an absence of stock price inflation or loss causation. The evidence shows there is a causal connection between the allegedly false and misleading statement and the relevant disclosures and price declines. *See* ECF 301-19. |
| Issue 3 | <u>Fact 26</u>.  Apple missed its FQ1 2019 revenue guidance for reasons that occurred after the November 1, 2018 date the guidance was issued.<br><br>Dkt. No. 279 at 9 ("To be clear, Plaintiff does not allege the 1Q19 guidance is actionable, materially false, or misleading."); Maestri Decl. ¶ 14; Parekh Decl. ¶¶ 20-31. | Disputed.  The underlying conditions and sales trend that resulted in the January 2019 preannouncement which included Apple's miss of its 1Q19 revenue guidance, including those set forth in the January 2, 2019 Shareholder Investor Letter, were present, known and negatively impacting Apple prior to and as of November 1, 2018.  Exs. 1, 6, 9, 86 at 107:7-9, 87 at 94-96; Exs. 11 at 989, 13, 14, 77; Exs. 42 at 799, 84 at 623, 35, 40, 44 at 794, 90 at 252-253; Exs. 37, 41, 47, 49, 58; Exs. 86 at 30:4-11, 96; Exs. 114 at 8, 19, 20, 87 at 136-137, 88, 36; 20, 86 at 225:16-226:3, 86 at 206-207; Ex. |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | 88 at 221:23-222:6; Exs. 17, 143 at 226, 55, 50, 66, 142, 55, 71, 87 at 33:15-34:6, 37:6-38:3; Exs. 88, 74, 75; Exs. 51, 69, 61.<br><br>Disputed to the extent that the purported fact is offered to show an absence of stock price inflation or loss causation. The evidence shows there is a causal connection between the allegedly false and misleading statement and the relevant disclosures and price declines. *See* ECF 301-19. |
| **Issue 4: Mr. Maestri is not a liable control person.** | <u>Fact 27</u>.  Mr. Maestri believed at the time (and continues to believe) that Mr. Cook's challenged statement was true, accurate, and not misleading.<br><br>Maestri Decl. ¶ 8. | Disputed  to the extent that as a basis for the purported fact Defendants have narrowly and incorrectly defined the "challenged statement" to exclude the surrounding context that  created the false and misleading impression alleged.  Ex. 114 at 8; *see* ECF 123 at 8-9.<br><br>Maestri knew of the same concealed the same adverse facts that were known to Cook's which made the November 1, 2018 statement at issue false and misleading.  Exs. 1, 6, 9, 86 at 107:7-9, 87 at 94-96; Exs. 11 at 989, 13, 14, 77; Exs. 42 at 799, 84 at 623, 35, 40, 44 at 794, 90 at 252-253; Exs. 37, 41, 47, 49, 58; Exs. 86 at 30:4-11, 96; Exs. 114 at 8, 19, 20, 87 at 136-137, 88, 36; 20, 86 at 225:16-226:3, 86 at 206-207; Ex. 88 at 221:23-222:6; Exs. 17, 143 at 226, 55, 50, 66, 142, 55, 71, 87 at 33:15-34:6, 37:6-38:3; Exs. 88, 74, 75; Exs. 51, 69, 61. |
| Issue 4 | <u>Fact 28</u>.  The analyst question that prompted Mr. Cook's challenged statement was an oral question that Apple did not receive in advance of the FQ4 2018 Call and that was directed at Mr. Cook, not at Mr. Maestri.<br><br>Maestri Decl. ¶ 9; Ex. 3 at 7. | Disputed.  Defendants were informed, in writing, of the substance of the question(s) expected to be asked by certain analysts in advance of the November 1, 2018 conference call. Ex. 59; Ex. 18. |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | |
| Issue 4 | <u>Fact 29</u>.  Mr. Maestri did not direct, or otherwise induce, Mr. Cook to make the challenged statement. <br><br> Maestri Decl. ¶¶ 4, 9. | Disputed.  Maestri need only "indirectly induce" the violation (or otherwise not act in good faith), and here Maestri actively participated with Cook in preparing for the Q&A portion of the earnings call, including attending meetings and proposing answers to anticipated questions, and it was Maestri who forwarded Cook the email detailing which questions the analyst(s) was (were) likely to (and then substantively did) ask, prompting Cook's false and misleading response during the November 1, 2018 earnings call. Additional Fact No. 63; Ex. 59; Ex. 18. <br><br> Disputed.  Maestri did not correct Cook or advise investors of the true state of Apple's current business condition in China, which was known to him. |
| Issue 4 | <u>Fact 30</u>.  As of November 1, 2018, Mr. Maestri owned 27,324 shares of Apple stock. He sold no Apple stock during the class period. <br><br> Maestri Decl. ¶ 20. | Undisputed. |
| **Issue No.** | **OPPOSING PARTY'S ADDITIONAL MATERIAL FACTS** | |
| Issue No. 1 | <u>Additional Fact #31</u>: Apple considers China an emerging market country. | 27 at 124. |
| Issue No. 1 | <u>Additional Fact #32</u>: In FY18, China was Apple's second-largest market by country, accounting for $52B in revenue. | Ex. 122 at  23. |
| Issue No. 1 | <u>Additional Fact #33</u>:  The iPhone XR was designed to compete and expected to generate strong demand in the Chinese market based upon its combination of size, features and price, and Apple allocated two-thirds of its initial iPhone XR production inventory to the Chinese | Exs.113, 126, 110, 4, 132 at 2, 133 at 1. |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | market. | |
| Issue No. 1 | <u>Additional Fact #34</u>: In the second half of 2018, analysts, investors, economists, and journalists publicly chronicled slowing economic conditions in China, the effect on consumers there, and risks to Apple's iPhone business. | ECF 301-16, ¶60; Ex. 3; Ex. 4; Ex. 139; Ex. 136. |
| Issue No. 1 | <u>Additional Fact #35</u>: In October 2018, Cook and other top executives internally expressed concern about weak demand for the iPhone XR in Greater China. | Ex. 2; Ex. 6. |
| Issue No. 1 | <u>Additional Fact #36</u>: During October 2018, Chinese iPhone partners/resellers communicated to Apple that demand for iPhone XR in China was weak. | Ex. 41; Ex. 47; Ex. 56; Ex. 87 at 80:13-90:20; Ex. 86 at 111-113. |
| Issue No. 1 | <u>Additional Fact #37</u>: Chinese iPhone partners and resellers historically represented 80% of iPhone sales in Greater China. | Ex. 87 at 85-86; 47 at 1; Ex. 87 at 80:13-90:20; Ex. 86 at 111-113. |
| Issue No. 1 | <u>Additional Fact #38</u>: By October 16, 2018, Cook told Conroy, Vice President of Finance, that he was worried about demand risk in China and Japan. | Ex. 6; Ex. 86 at 106, 107, 112; Ex. 87 at108. |
| Issue No. 1 | <u>Additional Fact #39</u>: In the week of October 15, 2018, Apple cut the iPhone XR MPS by 2M. | Ex. 17. |
| Issue No. 1 | <u>Additional Fact #40</u>: Pre-orders for the iPhone XR, which began on October 19, 2018, materially underperformed the launches of other iPhones, and were materially below Apple's internal expectations, particularly in China. | Ex. 15; Ex. 22; Ex. 16; 90 at 103; 86 at 117. |
| Issue No. 1 | <u>Additional Fact #41</u>: Between October 19 and October 23, 2018, Defendants cut Greater China revenue outlook from 4% growth to -1%, a decline driven by poor demand for the iPhone and iPad. | Ex. 20. |
| Issue No. 1 | <u>Additional Fact #42</u>: Greater China revenue was down $1.4B YoY (-86%) by October 28, 2018, which was attributed to poor iPhone XR sales. | Ex. 22; Ex. 77; Ex. 31; Ex. 36. |
| Issue No. 1 | <u>Additional Fact #43</u>: In Week 4 (Oct. 21-Oct. 27, 2018) store traffic was down -35% worldwide. In greater China, traffic was down 34% on October 26 (Launch Day) and 35% on October 27. | Ex. 36; Ex. 42 at 815; Ex. 86 at 134-135. |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| Issue No. 1 | <u>Additional Fact #44</u>: As of October 26, 2018, Cook was told and knew that in China "[o]verall store traffic is low compared to historical launch days." | Ex. 140 at 3. |
| Issue Nos. 1 and 2 | <u>Additional Fact #45</u>: As of October 26, 2018, Apple knew that some Chinese consumers were waiting on purchasing an iPhone until they could compare the latest iPhones to the new Huawei Mate 20 series of phones and that the buzz in China was for the new Mate 20, not the iPhone XR. | Ex. 24 at 3-4; Ex. 42; Ex. 53; Ex. 86 at 129:2-132:6; 162:2-23; Ex. 96. |
| Issue Nos. 1 and 2 | <u>Additional Fact #46</u>:  On October 27, 2018, Apple cut its 1Q19 iPhone unit sales outlook by as much as 7.1M units (including a cut of 7.3M units of iPhone XR) which Conroy described to Cook as an "extreme problem" due to "how low the early results have been" for iPhone XR sales. | Ex. 31. |
| Issue No. 1 | <u>Additional Fact #47</u>:  On October 27, 2018, Maestri told Cook, with respect to the weak 1Q19 revenue outlook, "The whole issue is if course XR . . ." | Ex. 34. |
| Issue No. 1 | <u>Additional Fact #48</u>:  On October 27, 2018, Cook told top executives that revised 1Q19 revenue by -$3.3 billion was "obviously a disaster." | Ex. 32; Ex. 25; Ex. 26. |
| Issue No. 1 | <u>Additional Fact #49</u>: On October 28, 2018, Cook described the current revenue outlook as a result of poor iPhone XR sales and as "a 5 alarm fire," and sought urgent action to drive revenue to cover for the iPhone XR shortfall. | Ex. 38; Ex. 86 at 173:21-176:20. |
| Issue No. 1 | <u>Additional Fact #50</u>: By October 28, 2018, Apple's Chinese telecom partners were threatening to reject shipments of the iPhone XR or withhold payment to Apple if shipments continued, and they stopped orders by November 1. | Ex. 41; Ex. 47 at 1; Ex. 58; Ex. 58. |
| Issue No. 1 | <u>Additional Fact #51</u>: Apple's iPhone XR unit sales forecast, which was a component of its 1Q19 revenue forecast, was higher than its projections based upon historical sales and achieving the forecast would require unprecedented week-over-week iPhone XR sales growth never previously achieved. | Ex. 42; Ex. 60; Ex. 51. |
| Issue No. 1 | <u>Additional Fact #52</u>: Based on initial sales results, as of October 28, 2018, the iPhone XR was projected to have the lowest sales of any model in the prior 4 years using Apple's traditional extrapolations. | Ex. 42. |
| Issue No. 1 | <u>Additional Fact #53</u>: Apple executives internally expressed concern about the demand risk in Greater | Ex. 42; Ex. 53; Ex. 86 at 129:2-132:6; |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | China, in particular due to the Huawei Mate 20 launch. | 162:2-23. |
| Issue No. 1 | Additional Fact #54:  On October 29, 2018, Apple's China sales team warned that Apple "may want to be cautious on the tone of XR launch in China" during the November 1, 2018 investor conference call because of weak demand. | Ex. 43. |
| Issue No. 1 | Additional Fact #55: On October 29, 2018, Apple told Wistron it would not receive orders to build the iPhone XR due to lack of demand. | Ex. 74. |
| Issue No. 1 | Additional Fact #56: By October 31, 2018, the Company had documented production cuts to iPhones XR, XS, and XS Max during 1Q19.  The largest driver of the cuts was the XR with 11 million units cut in 1Q19 and a total of 34 million units cut by 4Q19.  On November 1, 2018, Apple finalized the cuts. | Ex. 55; Ex. 71; Ex. 142. |
| Issue Nos. 1 and 2 | Additional Fact #57: Between October 23 to November 1, 2018, the Company cut its company-wide revenue forecast for 1Q19 by $5.9 billion and its expected iPhone sales by 6 million units, and Apple and Cook knew that the iPhone XR launch got off to a slower start than expected and that the forecast was revised downward because of it. | Ex. 56; Ex. 57; ECF 297-76, ¶38; Ex. 86 at 167:7-168:16. |
| Issue Nos. 1 and 2 | Additional Fact #58: Prior to the November 1, 2018 conference call, Cook and Maestri were informed of questions they would likely be asked by the analysts on the call that day, including that of Wamsi Mohan (BofA), who was expected to ask "There is broader concern about the economic situation in China, how is your business performing there?" | Ex. 59. |
| Issue Nos. 1 and 2 | Additional Fact #59: On the morning of November 1, Cook told the Board of Directors that the iPhone XR launch had been muted and the Company had no experience forecasting demand for a product like the iPhone XR. | Ex. 61. |
| Issue No. 3 | Additional Fact #60: Apple's stock declines following the partial disclosures on November 5 and 12, 2018, and following the disclosure on January 2, 2019, were statistically significant. | ECF 301-19 at 121 (Exhibit 7); ¶¶109-112, 119-120. |
| Issue No. 3 | Additional Fact #61: On January 2, 2019, the Company published the "Letter from Tim Cook to Apple investors," which stated that the Company's shortfall to guidance was primarily due to decelerating conditions in | Ex. 123. |

| Issue No. | Defendants' Undisputed Material Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | China. | |
| Issue No. 3 | Additional Fact #62: On January 2, 2019, Cook was interviewed by CNBC, during which he stated that the cause of the miss to revenue guidance was 100% due to conditions in China. | Ex. 125. |
| Issue No. 4 | Additional Fact #63: Maestri knew what questions would be asked during the November 1, 2018 earnings call, and he forwarded the email describing that information to Cook. Maestri also had substantial responsibility for preparing Apple's responses to the questions expected at the earnings call. | Ex. 89 at 54:11-14; 85:16-86:10; 95:5-6. |

DATED:  [Insert Date]

ROBBINS GELLER RUDMAN
    & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH
JACOB G. GELMAN


                    [ATTORNEY SIGNATURE]

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com

1

2       ROBBINS GELLER RUDMAN
          & DOWD LLP
3       MARK SOLOMON
        JASON A. FORGE
        RAPHAELLA FRIEDMAN
4       655 West Broadway, Suite 1900
        San Diego, CA  92101
5       Telephone:  619/231-1058
        619/231-7423 (fax)
6       marks@rgrdlaw.com
        jforge@rgrdlaw.com
7       rfriedman@rgrdlaw.com

8       Lead Counsel for Lead Plaintiff

9       LABATON SUCHAROW
        CAROL C. VILLEGAS
10      140 Broadway
        New York, NY 10005
11      Telephone: 212/907-0700
        212/883-7524 (fax)
12      cvillegas@labaton.com

13      Counsel for Employees' Retirement System of the
        State of Rhode Island
14
        VANOVERBEKE, MICHAUD & TIMMONY,
15      P.C.
        THOMAS C. MICHAUD
16      79 Alfred Street
        Detroit, MI  48201
17      Telephone:  313/578-1200
        313/578-1201 (fax)
18      tmichaud@vmtlaw.com

19      Additional Counsel

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

      I hereby certify under penalty of perjury that on October 20, 2022, I authorized the

3

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

4

send notification of such filing to the email addresses on the attached Electronic Mail Notice List,

5

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service

6

to the non-CM/ECF participants indicated on the attached Manual Notice List.

7

                           s/ Shawn A. Williams
                           SHAWN A. WILLIAMS

8

9

                           ROBBINS GELLER RUDMAN
                             & DOWD LLP

10

                           Post Montgomery Center
                           One Montgomery Street, Suite 1800

11

                           San Francisco, CA  94104
                           Telephone:  415/288-4545

12

                           415/288-4534 (fax)
                           Email:  shawnw@rgrdlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4881-2025-2474.v3

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,ndonlon@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Jacob G. Gelman**
  jgelman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,lpina@labaton.com,5739893420@filings.docketbird.com,electroniccasefiling@labaton.com,dsaldamando@labaton.com

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)