ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
        – and –
MARK SOLOMON (151949)
JASON A. FORGE (181542)
RAPHAELLA FRIEDMAN (323324)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jforge@rgrdlaw.com
rfriedman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Case No. 4:19-cv-02033-YGR<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S REQUEST FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

4877-7559-3552.v1

## I. INTRODUCTION

Plaintiff[1] hereby submits this request for leave to supplement their evidentiary submission in opposition to Defendants' motion for summary judgment ("Request"). *See* Ex. A.[2] This Request is necessitated by Defendants' January 31, 2023 production of documents, previously withheld as privileged, that are relevant to issues raised in Defendants' September 9, 2022 motion for summary judgment (ECF 293) ("Motion"), Plaintiff's October 20, 2022 opposition thereto (ECF 322-3) ("Opp."), and Defendants' November 17, 2023 reply (ECF 329) ("Reply").

The newly produced document submitted herewith and discussed below eviscerates the primary thrust of Defendants' Motion, which argues that the investment community did not interpret Cook's November 1, 2018 alleged false statement in the way Plaintiff alleges, *i.e.*, excluding China from the category of emerging markets in which Apple was currently experiencing pressure due to macroeconomic deceleration. *See, e.g.*, ECF 329 at 9-10 ("Defendants have presented overwhelming, unrebutted evidence showing that analysts – and thus the market – did not interpret the Challenged Statement as Plaintiff alleges.").

Now, almost a year after the close of fact discovery and after summary judgment has been fully briefed, Defendants have produced a previously improperly withheld document confirming that ***internally*** Apple's own investor relations team, which was responsible for assessing market sentiment, also interpreted Cook's November 1, 2018 in the same way Plaintiff alleges. In preparation for the 1Q19 earnings pre-announcement, a senior member of Apple's investor relations team drafted questions that Cook should be prepared to answer. In particular, he expected analysts and investors to ask Cook how China performed during 1Q19, because during the November 1, 2018 conference call, Cook "specifically said that China was not in that category" of emerging markets experiencing macroeconomic uncertainty:

---

[1] "Plaintiff" is Lead Plaintiff and Class Representative Norfolk County Council as Administering Authority of the Norfolk Pension Fund. "Defendants" are Apple Inc. ("Apple" or the "Company"), Timothy D. Cook ("Cook"), and Luca Maestri ("Maestri").

[2] All "Ex. A" citations herein are to the Declaration of Shawn A. Williams in Support of Lead Plaintiff's Request for Leave to File Supplemental Evidence in Support of Lead Plaintiff's Opposition to Defendants' Motion for Summary Judgment, filed concurrently herewith.

> ***You mentioned macroeconomic uncertainty in some emerging markets during your last earnings call, but specifically said China was not in that category. How did China perform during the quarter?***

Ex. A at 2.

This newly produced document confirms that even Apple believed the market understood Cook's statement as Plaintiff alleges and further contradicts Defendants' summary judgment argument that such evidence was absent from the record. By improperly withholding evidence on a groundless claim of privilege, Defendants facilitated their ability to advance summary judgment arguments that had only nominal merit in light of the facts put forward by Plaintiff in its Opposition. Those arguments are now proven to have no merit at all. Accordingly, Plaintiff requests leave to file Exhibit A as important evidence in support of its Opposition to Defendants' Motion in advance of the hearing scheduled for March 14, 2023.[3]

## II. RELEVANT PROCEDURAL HISTORY

Following extensive negotiations regarding Defendants' assertions of privilege and the sufficiency of their privilege logs, on March 4, 2022, Plaintiff moved to compel production of documents withheld on the basis of attorney-client privilege, many of which related to Defendants' preparation of the January 2, 2018 disclosure that Apple would miss financial targets because of poor iPhone sales in China, the pre-announcement that gave rise to the action. ECF 232.

On August 3, 2022, Magistrate Judge Spero issued an order granting in part, and denying in part, Plaintiff's motion to compel. ECF 272 ("August 3 Order"). After an *in camera* review, Judge Spero directed Defendants to produce part or all of 18 of the 27 documents he reviewed and instructed Defendants to apply his reasoning to the remaining 215 documents he did not review. He gave Defendants an opportunity to produce supplemental declarations supporting any

---

[3]  Plaintiff submits this Request without waiving any rights to challenge Defendants' continued assertions or privilege, or to seek appropriate remedies under the Federal Rules of Civil Procedure or any other applicable rule or law. *See Berman v. Freedom Fin. Network, LLC*, 2020 WL 6684838, at *4 (N.D. Cal. Nov. 12, 2020), *aff'd*, 30 F.4th 849 (9th Cir. 2022) ("[i]f [the party] truly believed that the evidence was material to the motion, they might have sought leave to supplement their evidentiary submission on the motion"). All citations and footnotes omitted and emphasis added unless otherwise indicated.

1  continued assertions of privilege and directed the parties to meet and confer after the production
2  was made and return to the Court with any remaining disputes.

3  Initially, Defendants did not comply with any aspect of the August 3 Order and instead
4  sought relief from this Court and from the Ninth Circuit based on Defendants' interpretation of *In*
5  *re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021), *cert. granted*, 598 U.S._, 143 S. Ct. 80 (U.S. Oct. 3,
6  2022).  *See, e.g.*, ECF 276, 286, 302, 304, 312-313, 335.

7  On September 9, 2022, without producing documents required by the August 3 Order,
8  Defendants filed the Motion and related *Daubert* motions.  ECFs 292-293.  Summary judgment
9  briefing was completed on November 17, 2022.

10  On January 23, 2023, the United States Supreme Court dismissed the writ of certiorari in
11  *In re Grand Jury* as improvidently granted.  ECF 336.  The Supreme Court's decision effectively
12  exhausted Defendants' last manner of obtaining relief from the August 3 Order.

13  On January 31, 2023, Defendants produced 150 previously withheld documents pursuant
14  to the August 3 Order.  Defendants continue to withhold approximately 70 documents without
15  providing supplemental declarations or new privilege logs.  On February 8, 2023, Defendants
16  stated they would need additional time to determine whether their compliance with the August 3
17  Order was complete.  On February 13, 2023, just before the filing of this Request, Defendants
18  produced six more documents and stated they still required additional time to complete compliance
19  with the August 3 Order.  Plaintiff's review and analysis of the January 31 and February, 13, 2023
20  productions in the context of the existing productions is ongoing.[4]

21  **III.   ARGUMENT**

22       **A.   Newly Produced Evidence Eviscerates the Central Theme of
              Defendants' Motion**
23

24  Plaintiff previously submitted evidence that the market and investment community
25  understood Cook's November 1, 2018 statement, at the time it was made, as excluding China from

---

[4] Accordingly, because critical documents were withheld at the time of summary judgment briefing, Plaintiff maintains, as explained in its Rule 56(d) declaration (ECF 322-18), to the extent the Court finds Defendants have met their burden under Rule 56(a), that Defendants' Motion be denied.

the category of emerging markets currently experiencing pressure due to macroeconomic deceleration. *E.g.*, ECF 322-4, Ex. 67 ("[Cook] emphasized that China is not in the same category and continues to see strong demand."); *id.*, Exs. 63, 65.  Plaintiff also submitted equally powerful evidence of the market's interpretation of the statement when Apple pre-announced just two months later, and the market reflected back on the November 1, 2018 statement. *E.g.*, ECF 322-4, Ex. 94 ("AAPL during their EPS call on 11/1 stressed that China wasn't seeing softer demand"); *id.* Exs. 124, 128, 130, 135.  Newly produced evidence confirms that ***internally***, Apple executives in the Company's Investor Relations department believed that the market understood Cook's November 1, 2018 conference call statement in the same way.  *See* Ex. A at 2.

On January 31, 2023, Defendants produced a December 14, 2018 draft Q&A ("1Q19 Q&A"), prepared in anticipation of the 1Q19 earnings pre-announcement of a $9 billion revenue miss primarily due to poor performance of the iPhone in China.  *Id.* at 2.  The 1Q19 Q&A contained anticipated questions from investment analysts about the reasons for the Company's 1Q19 revenue miss and pre-announcement.  The 1Q19 Q&A was drafted by Matthew Blake ("Blake"), the Company's then Director of Finance, and was attached to an email (still withheld on the basis of purported privilege) from Blake to Nancy Paxton ("Paxton"), former Senior Director Investor Relations.  ECF 322-4, Ex. 89.[5]

Plaintiff deposed Blake on March 4, 2022 without Exhibit A (or several other relevant documents produced on January 31, 2023), during which Blake testified it was his responsibility to prepare documents like the 1Q19 Q&A in preparation for earnings calls and that he did the same for the January 2 pre-announcement:

> [Blake:] [M]y primary responsibility in preparation for the earnings calls would have been what we referred to as the Q&A document, which supported their [*i.e.*, Cook's and Maestri's] preparation for the question and answer sessions.
>
> \*   \*   \*
>
> [Q:] [R]elated to Apple's Q1 '19 earnings, did you prepare anything related to those earnings, such as a Q&A?

---

[5]   Blake was also a high-ranking member of Apple's Investor Relations group.  *See* ECF 322-4, Ex. 89 at 40:23-41:7; *see also id.* at 26:10:13; 30:3-15.

> [Blake:] So through the normal quarterly process beginning in – with that [quarterly closed reviewing] meeting . . . I would have prepared a Q&A document."

ECF 322-4, Ex. 89 at 34:2-6, 121:21-122:2.

Blake further testified that as part of drafting such Q&A's for these earnings prep meetings, he would often collect data from sources like media and analyst notes as a basis for those questions and would sometimes receive potential questions from Maestri and Cook. ECF 322-4, Ex. 89 at 62-65. In fact, Blake testified that he prepared a Q&A for a December 18 pre-announcement meeting with Cook and Maestri, and that it was Maestri or Head of Investor Relations Paxton who likely instructed him to draft a 1Q19 Q&A. ECF 322-4, Ex. 89 at 25.

Blake's December 14, 2018 1Q19 Q&A for the Company's 1Q19 pre-announcement demonstrates that Apple's own investor relations department interpreted the actionable statement almost exactly as Plaintiff has alleged. Further, 1Q19 Q&A shows that Apple believed the investment community understood Cook's statement in the same way Plaintiff alleges, and therefore the Company would need to prepare a response:

> You mentioned macroeconomic uncertainty in some emerging markets during your last earnings call, but specifically said China was not in that category. How did China perform during the quarter?

Ex. A at 2.

Apart from establishing Defendants intentionally withheld damaging evidence that was clearly not protected by the attorney-client privilege, the 1Q19 Q&A also establishes that Defendants possessed (and withheld) evidence that their summary judgment and supporting expert reports insisted was absent. While Plaintiff has submitted more than sufficient evidence that the investment community interpreted the alleged false statement as Plaintiff alleged, this previously withheld document differs in that it shows Apple itself shared this interpretation. This withheld evidence eviscerates Defendants' primary argument that nobody interpreted Cook's statement in the way that Plaintiff alleged.

**B.     Defendants' Belated Production of a Key Document After the Close of Discovery and After Filing of the Motion Alone Warrants Denial of Their Motion**

The facts in evidence already warrant denial of the Motion. The new evidence calls into question whether the Motion ever had merit at all. On January 31, 2023, Defendants produced Blake's 1Q19 Q&A, which shows that Apple internally interpreted the alleged misrepresentation exactly the way Plaintiff alleges. This evidence was produced over two years after Plaintiff served its discovery requests, ten months after Plaintiff deposed Blake, five months after Judge Spero issued the August 3 Order, and days after the United States Supreme Court dismissed as improvidently granted *In Re Grand Jury* – a case Apple insisted would prove Judge Spero's ruling to be incorrect and Defendants' purported basis for continuing to improperly withhold the document. Notably, Defendants' compliance with Judge Spero's August 3 Order is still incomplete. Defendants' Motion, to the extent it relies on a purported absence of evidence that the market did not interpret Cook's November 1, 2018 statement the way Plaintiff alleges – evidence that Defendants simultaneously withheld – should be summarily denied.

**IV.    CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court permit the submission of newly produced evidence into the record in support of Plaintiff's Opposition to Defendants' Motion.

DATED: February 13, 2023

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
KENNETH J. BLACK
HADIYA K. DESHMUKH
JACOB G. GELMAN

  s/ Shawn A. Williams
SHAWN A. WILLIAMS

| | |
|---|---|
| 1 | |
| 2 | Post Montgomery Center<br>One Montgomery Street, Suite 1800 |
| 3 | San Francisco, CA 94104<br>Telephone: 415/288-4545 |
| 4 | 415/288-4534 (fax)<br>shawnw@rgrdlaw.com |
| 5 | dpfefferbaum@rgrdlaw.com<br>kennyb@rgrdlaw.com |
| 6 | hdeshmukh@rgrdlaw.com<br>jgelman@rgrdlaw.com |
| 7 | ROBBINS GELLER RUDMAN |
| 8 | & DOWD LLP<br>MARK SOLOMON |
| 9 | JASON A. FORGE<br>RAPHAELLA FRIEDMAN |
| 10 | 655 West Broadway, Suite 1900<br>San Diego, CA 92101 |
| 11 | Telephone: 619/231-1058<br>619/231-7423 (fax) |
| 12 | marks@rgrdlaw.com<br>jforge@rgrdlaw.com |
| 13 | rfriedman@rgrdlaw.com |
| 14 | Lead Counsel for Lead Plaintiff |
| 15 | LABATON SUCHAROW<br>CAROL C. VILLEGAS |
| 16 | 140 Broadway<br>New York, NY 10005 |
| 17 | Telephone: 212/907-0700<br>212/883-7524 (fax) |
| 18 | cvillegas@labaton.com |
| 19 | Counsel for Employees' Retirement System of the<br>State of Rhode Island |
| 20 | VANOVERBEKE, MICHAUD & TIMMONY, P.C. |
| 21 | THOMAS C. MICHAUD |
| 22 | 79 Alfred Street<br>Detroit, MI 48201 |
| 23 | Telephone: 313/578-1200<br>313/578-1201 (fax) |
| 24 | tmichaud@vmtlaw.com |
| 25 | Additional Counsel |
| 26 | |
| 27 | |
| 28 | |

LEAD PLAINTIFF'S REQUEST FOR LEAVE TO FILE SUPPL EVIDENCE IN SUPPORT OF LEAD PLAINTIFF'S OPP TO DEFS' MOTION FOR SUMMARY JUDGMENT - 4:19-cv-02033-YGR - 7 -
4877-7559-3552.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 13, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/Shawn A. Williams
SHAWN A. WILLIAMS
ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  shawnw@rgrdlaw.com

4877-7559-3552.v1

# Mailing Information for a Case 4:19-cv-02033-YGR IN RE APPLE INC. SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Tristan Allen**
  tallen@orrick.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Kevin Michael Askew**
  kaskew@orrick.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Frank H. Busch**
  busch@wvbrlaw.com,abarca@wvbrlaw.com,myers@wvbrlaw.com,pallister@wvbrlaw.com

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Joseph Foley**
  wfoley@orrick.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christine M. Fox**
  cfox@labaton.com,lpina@labaton.com,electroniccasefilings@labaton.com,6312349420@filings.docketbird.com,RRamphul@labaton.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **Jacob G. Gelman**
  jgelman@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Nicomedes Sy Herrera**
  nherrera@herrerakennedy.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Austin Thomas Jackson**
  ajackson@structurelaw.com,cford@structurelaw.com,cgrady@structurelaw.com

- **James Neil Kramer**
  jkramer@orrick.com,lpatts@orrick.com,mwatkins@orrick.com,vmorse@orrick.com,tallen@orrick.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle Suzanne Myers**
  shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,dmyers@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@rgrdlaw.com,jgeorge@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,jgeorge@ecf.courtdrive.com,sbloyd@rgrdlaw.c

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Craig Wallace Smith**
  notice@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,csmith@robbinsllp.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com,tallen@orrick.com

- **Michael David Torpey**
  mtorpey@orrick.com

- **Carol C. Villegas**
  cvillegas@labaton.com,ndonlon@labaton.com,5739893420@filings.docketbird.com,dsaldamando@labaton.com,lpina@labaton.com,kjudd@labaton.com,agreenbaum

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com

- **Steven Ray Wedeking , II**
  swedeking@robbinsllp.com,notice@robbinsllp.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,kennyb@rgrdlaw.com,jgelman@rgrdlaw.com,rfriedman@ecf.courtdrive.com,ShawnW@ecf.courtdrive.com,smorris@rgrdlaw.com,e_file_sd@r

- **Ariel Brianna Winawer**
  awinawer@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`