1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   DANIEL J. PFEFFERBAUM (248631)
3  KENNETH J. BLACK (291871)
   HADIYA K. DESHMUKH (328118)
4  JACOB G. GELMAN (344819)
   Post Montgomery Center
5  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
6  Telephone:  415/288-4545
   415/288-4534 (fax)
7  shawnw@rgrdlaw.com
   dpfefferbaum@rgrdlaw.com
8  kennyb@rgrdlaw.com
   hdeshmukh@rgrdlaw.com
9  jgelman@rgrdlaw.com
            – and –
10 MARK SOLOMON (151949)
   ELLEN GUSIKOFF STEWART (144892)
11 JASON A. FORGE (181542)
   655 West Broadway, Suite 1900
12 San Diego, CA  92101
   Telephone:  619/231-1058
13 619/231-7423 (fax)
   marks@rgrdlaw.com
14 elleng@rgrdlaw.com
   jforge@rgrdlaw.com

15 Lead Counsel for Lead Plaintiff

16

17                    UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19                          OAKLAND DIVISION

20

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ALL ACTIONS. | |

21

22

23

24

25

26

27

28

WHEREAS, a securities class action is pending before this Court entitled *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR (the "Action");

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e)(1), for an order preliminarily approving the settlement of this Action, in accordance with a Stipulation of Settlement dated March 14, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, the capitalized terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court preliminarily finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate.   The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; (b) eliminates the risks to the Parties of continued litigation; (c) does not provide preferential treatment to Lead Plaintiff or to segments of the Class; (d) does not provide excessive compensation to Lead Counsel; and (e) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class.   Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2024, at _:__ _.m. **[a date that is at least 100 days from the date of this Order]**, at the United States District Court for the Northern District of California, Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, CA 94612, for the following purposes:

(a)      to determine whether the Settlement is fair, reasonable, and adequate, and should finally be approved by the Court;

1          (b)    to finally determine whether Judgment as provided under the Stipulation

2   should be entered, dismissing the Action on the merits and with prejudice, and to determine

3   whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation

4   should be ordered, along with a permanent injunction barring efforts to prosecute any Released

5   Claims or Released Defendants' Claims extinguished by the Settlement;

6          (c)    to finally determine whether the proposed Plan of Allocation for the

7   distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

8          (d)    to consider the application of Lead Counsel for an award of attorneys' fees

9   and expenses (the "Fee and Expense Application");

10         (e)    to consider an award to Representative Parties pursuant to 15 U.S.C. §78u-

11  4(a)(4);

12         (f)    to consider Class Members' responses to the Settlement, Plan of Allocation,

13  or application for fees and expenses; and

14         (g)    to rule upon such other matters as the Court may deem appropriate.

15      3.    The Court may adjourn the Settlement Hearing without further notice to Class

16  Members, and reserves the right to approve the Settlement with such modifications as may be

17  agreed upon or consented to by the Parties and without further notice to the Class where to do so

18  would not impair Class Members' rights under Rule 23 of the Federal Rules of Civil Procedure

19  and due process of law.  The Court further reserves the right to enter Judgment approving the

20  Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether

21  it has approved the Plan of Allocation or awarded attorneys' fees and expenses pursuant to the Fee

22  and Expense Application.

23      4.    The Court approves, as to form and content, the Notice of Pendency and Proposed

24  Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"),

25  and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"),

26  annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that dissemination of notice,

27  substantially in the manner and form set forth in ¶¶7-8 of this Order, meets the requirements of

28

Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.     The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

6.     Apple shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff, the Settlement Fund, Lead Counsel or the Claims Administrator, within five (5) business days after the Court enters this Order, documentation or data in the possession of Apple or its present or former stock transfer agents sufficient to identify to the extent available the record holders of Apple common stock during the Class Period and their last known addresses, email addresses (if available), or other similar information.  The Parties shall determine an appropriate electronic format for provision of this information.

7.     Lead Counsel, through the Claims Administrator, shall commence dissemination of the Summary Notice substantially in the form annexed hereto, within twenty-one (21) calendar days after the Court signs this Order (the "Notice Date"), by email or first-class mail (where email addresses are not available) to all Class Members who can be identified with reasonable effort. Contemporaneously with the mailing of the Summary Notice, the Claims Administrator shall cause the Notice and Proof of Claim (the "Notice Packet") to be posted on the Settlement Website at www.2019AppleSecuritiesSettlement.com, from which copies of the documents can be downloaded.  For all Summary Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses or email addresses.

8.     No later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

9.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publication.

10. Nominees who purchased or otherwise acquired Apple publicly traded securities for the beneficial ownership of Class Members during the Class Period shall: (a) within seven (7) calendar days of receipt of the Summary Notice request from the Claims Administrator sufficient copies of the Summary Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of the Summary Notice forward it to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Summary Notice, send a list of the names and email addresses or physical addresses where an email address is unavailable, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail the Summary Notice to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11. As provided in ¶2.3 of the Stipulation, Apple shall be responsible for the provision of notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), and shall bear all costs and expenses of providing such notice.

12. The Court finds that the form and content of the notice program described herein and the methods set forth herein, for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

13. In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date. Such

1  deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to

2  have been submitted when legibly postmarked (if properly addressed and mailed by first-class

3  mail).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted

4  when it was actually received by the Claims Administrator at the address designated in the Notice.

5          (b)     The Proof of Claim submitted by each Class Member must satisfy the

6  following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner

7  in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by

8  adequate supporting documentation for the transactions and holdings reported therein, in the form

9  of broker confirmation slips, broker account statements, an authorized statement from the broker

10  containing the transactional and holding information found in a broker confirmation slip, or such

11  other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if

12  the person executing the Proof of Claim is acting in a representative capacity, a certification of his,

13  her, its, or their current authority to act on behalf of the Class Member must be provided with the

14  Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or

15  modifications of any of the printed matter contained therein and must be signed under penalty of

16  perjury.

17          (c)     Claims that do not meet the submission requirements may be rejected.  Once

18  the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine

19  whether such claim is valid, deficient, or rejected.  For each claim determined to be either deficient

20  or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate,

21  describing the basis on which the claim was so determined and shall indicate in such notice that

22  the Claimant whose claim is to be rejected has the right to review by the Court if the Claimant so

23  desires.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall

24  be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall

25  appear that such deficiency may be cured.

26          (d)     For the filing of and all determinations concerning their Proof of Claim,

27  each Class Member shall submit to the jurisdiction of the Court.

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE - 4:19-cv-02033-YGR                                                                    - 5 -

14. Any Class Member who does not submit a valid and timely Proof of Claim within the time provided, or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from sharing in any distribution of the proceeds of the Net Settlement Fund; (c) shall in all other respects be subject to and bound by the provisions of the Stipulation and all proceedings, determinations, orders, and judgments in the Action relating thereto, including without limitation, the Judgment, and the Released Claims provided for therein, whether favorable or unfavorable to the Class; and (d) shall be barred from commencing, maintaining, or prosecuting any Released Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

15. Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

16. All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Class.  A Class Member wishing to be excluded from the Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail such that it is postmarked no later than twenty-four (24) calendar days prior to the Settlement Hearing, or _____, 2024, to the address listed in the Notice and Settlement Website.  A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number and type of Apple publicly traded securities that the Person requesting exclusion purchased, otherwise acquired, and/or sold during the Class Period, as well as the number of shares, dates, and prices for each such purchase, other acquisition, and sale; and (c) that the Person wishes to be excluded from the Class in *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR.  A Request for Exclusion shall not be effective unless it

1  provides all the required information and is received within the time stated above, or is otherwise

2  accepted by the Court.  All Persons who submit valid and timely Requests for Exclusion in the

3  manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the

4  distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Final

5  judgment.  Unless otherwise ordered by the Court, any Class Member who does not submit a valid

6  and timely written Request for Exclusion as provided by this paragraph shall be bound by the

7  Stipulation.

8        17.      The Claims Administrator, Lead Counsel, or other Person designated to receive

9  exclusion requests shall cause to be provided to Defendants' Counsel copies of all Requests for

10  Exclusion by email, whether timely and valid or not, within three (3) business days of receipt

11  thereof and in any event no later than at least twenty-one (21) calendar days before the Settlement

12  Hearing.

13        18.      The Court will consider comments or objections to the Settlement, the Plan of

14  Allocation, or Lead Counsel's Fee and Expense Application, only if such comments or objections

15  and any supporting papers are submitted to the Court either by mailing them to the Clerk of the

16  Court, United States District Court for the Northern District of California, 1301 Clay Street,

17  Oakland, CA 94612, or by filing them in person at any location of the United States District Court

18  for the Northern District of California.  Such comments or objections must be filed or postmarked

19  at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2024.

20  Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally

21  in opposition to the Settlement, the Plan of Allocation, or the Fee and Expense Application is

22  required to indicate in their written objection whether they intend to appear at the Settlement

23  Hearing.  The notice of objection must: (a) state the name, address, email address, and telephone

24  number of the objecting Person and must be signed by the objecting person; (b) include

25  documentation establishing the objecting Person's membership in the Class, including the number

26  and type of shares of Apple publicly traded securities that the objecting Person purchased,

27  otherwise acquired, and/or sold during the Class Period, as well as the dates and prices for each

28  such purchase, other acquisition, or sale; and (c) contain a statement of reasons for the objection,

including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  The objection must identify all other class action settlements the objector and his, her, its, or their counsel has previously objected to in the prior two years, and contain the objector's signature, even if represented by counsel.

19.   Any Class Member who does not make his, her, their, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel unless otherwise ordered by the Court.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

20.   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.   All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and/or any Fee and Expense Application by Lead Counsel, including an award to Representative Parties pursuant to 15 U.S.C. §78u-4(a)(4), shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 2024.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 2024.

22.   The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any Fee and Expense Application submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any Fee or Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

23.   At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any Fee and Expense Application, shall be approved.

24.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Plaintiffs' Counsel, the Class, nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.8 or 2.9 of the Stipulation.

25.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

26.     If the Stipulation and the Settlement set forth therein is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties.  In such event, any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall revert to their respective positions in the Action as of March 5, 2024, as provided for, and subjection to the exceptions contained in, ¶7.5 of the Stipulation.

27.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the proposed Settlement should be approved, the Court bars and enjoins the Lead Plaintiff, and any Class Member, directly or indirectly, representatively, or in any other capacity, from commencing or prosecuting against any and all of the Released

Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

28.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

29.     The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED:                                        THE HONORABLE YVONNE GONZALEZ ROGERS
                                              UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
         – and –
MARK SOLOMON (151949)
ELLEN GUSIKOFF STEWART (144892)
JASON A. FORGE (181542)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
elleng@rgrdlaw.com
jforge@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
| | CLASS ACTION |
| This Document Relates To: | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | EXHIBIT 1 |

4855-8746-9993.v1

**TO:     ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF APPLE INC. ("APPLE"), INCLUDING PURCHASERS OF APPLE CALL OPTIONS AND SELLERS OF APPLE PUT OPTIONS, DURING THE PERIOD FROM NOVEMBER 2, 2018 THROUGH JANUARY 2, 2019, INCLUSIVE, AND WHO SUFFERED DAMAGES BY DEFENDANTS' ALLEGED VIOLATIONS OF §§10(b) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2024**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Action") between Lead Plaintiff and Defendants Apple, Timothy D. Cook, and Luca Maestri and the proposed $490 million settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the pendency and proposed Settlement of the Action and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claim forms must be postmarked or submitted online on or before _____, 2024.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of |

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated March 14, 2024 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.2019AppleSecuritiesSettlement.com.

EX 1 - NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION - 4:19-cv-02033-YGR                                                                                    - 1 -
4855-8746-9993.v1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| | limitations and statutes of repose.  **Exclusions must be postmarked on or before _____, 2024.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a member of the Class.  **Objections must be *filed* with the Court on or before _____, 2024.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2024** | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be *filed* with the Court and counsel on or before _____, 2024.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $490 million settlement fund has been established.  Based on Lead Plaintiff's estimate of the number of Apple shares eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation is approximately $1.33 and the average distribution per underlying share with respect to a damaged options contract is approximately $0.11 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court.  **Class Members should note, however, that these are only estimates**.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's allowed claim amount as compared to the total allowed claims of all Class Members who submit acceptable Proofs of Claim.  An individual Class Member may receive more or less than these estimated average amounts.  *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged.  Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.  The issues on which the Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Apple securities were allegedly distorted (if at all) during the Class Period; (4) the amount, if any, by which the prices of Apple securities were allegedly distorted (if at all) during the Class Period; (5) the effect of various market forces on the prices of Apple securities at various times during the Class Period; (6) the extent to which external factors influenced the prices of Apple securities at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of Apple securities at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff

EX 1 - NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS
ACTION - 4:19-cv-02033-YGR                                                                                          - 2 -

alleged were omitted influenced (if at all) the prices of Apple securities at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Action's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and has advanced the expenses of the Action in the expectation that if it was successful in obtaining a recovery for the Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Amount, plus expenses not to exceed $3 million, plus interest earned thereon. In addition, one or more of the Representative Parties may request an award in connection with their representation of the Class. If the amounts requested are approved by the Court, the average cost per Apple common share will be approximately $0.35 and average cost per underlying share with respect to a damaged option contract will be approximately $0.03.

**Further Information**

For further information regarding the Action, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-735-2348 or visit the website www.2019AppleSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the substantial benefit to the Class now, without further risk or the delays inherent in continuation of the Action. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any legal action, especially in complex cases such as this Action. Defendants have concluded that after four years of litigation, further litigation of this Action will be protracted, overly burdensome, expensive, and distracting.

### BASIC INFORMATION

**1.    Why did I get this Notice package?**

This Notice is being provided to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Apple common stock or call options on Apple common stock or sold put options on Apple common stock between November 2, 2018 through and including January 2, 2019 (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Northern District of California, and the case is known as *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR. The case has been assigned to the Honorable Yvonne Gonzalez Rogers. The entity representing the Class, Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Norfolk"), is the Court-appointed Lead Plaintiff. Apple and the individuals the Lead Plaintiff sued and who have now settled are called the Defendants.

| **2.** | **What is this lawsuit about?** |
|---|---|

On April 16, 2019, the first complaint in this action was filed in the United States District Court for the Northern District of California under the caption *City of Roseville Employees' Retirement System v. Apple Inc.*, No. 4:19-cv-02033. ECF 1. On August 14, 2019, the Court appointed the Employees' Retirement System of the State of Rhode Island ("Rhode Island") as lead plaintiff. ECF 72. On October 15, 2019, Rhode Island filed a Consolidated and Amended Class Action Complaint for Violation of the Federal Securities Laws. ECF 85. On December 16, 2019, Defendants moved to dismiss that complaint. ECF 91. On June 2, 2020, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss, and ordering the transition of lead plaintiff from Rhode Island to Norfolk. ECF 110. On June 19, 2020, the Court issued an order appointing Norfolk as lead plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel. ECF 113. On June 23, 2020, Norfolk filed its Revised Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"). ECF 114. The Complaint alleged, *inter alia*, that on November 1, 2018, Defendants made materially false and misleading statements and omissions about demand for the newly-released iPhone and Apple's business in China, in violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934. The Complaint further alleged that the false and misleading statements and omissions caused Apple stock to trade at artificially inflated prices and that, when the true facts were disclosed, Apple's stock price declined.

Defendants moved to dismiss the Complaint on July 13, 2020. ECF 118. Norfolk opposed the motion on July 27, 2020. ECF 120. On November 4, 2020, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss. ECF 123.

On May 5, 2021, Norfolk filed its motion for class certification. ECF 165. On February 4, 2022, the Court issued an Order granting the motion in part, certifying a Class of purchasers or acquirers of Apple common stock, and denying (without prejudice) the motion with respect to the proposed class of Apple options investors. ECF 224. The Court appointed Norfolk as the Class Representative, and Robbins Geller as Class Counsel. On April 15, 2022, Norfolk filed a supplemental motion seeking certification of a class of options investors. ECF 239. On March 28, 2023, the Court issued an Order Modifying Class, which granted Norfolk's motion to certify call option buyers and put option sellers as part of the Class. ECF 352.

On September 9, 2022, Defendants filed a Motion for Summary Judgment and Motion to Exclude Expert Testimony. ECF 292, 293. On September 9, 2022, Lead Plaintiff filed an Omnibus Motion to Exclude Opinion Testimony of Defendants' Proposed Experts. ECF 301. On June 26, 2023, the Court issued an Order Denying Summary Judgment. ECF 369. On July 17, 2023, the Court issued an Order denying Defendants' Motion to Exclude and granting in part and denying in part Lead Plaintiff's Motion to Exclude. ECF 384.

On February 27, 2024, the Court issued an Amended Pretrial Scheduling Order setting deadlines for the parties to exchange and submit witness lists, motions *in limine*, proposed jury instructions, and other pretrial materials, as well as setting a trial date of September 9, 2024. ECF 420.

In late 2021, the Parties first engaged the services of the Hon. Layn R. Phillips (Ret.), a nationally recognized mediator, to facilitate settlement negotiations. On January 31, 2022, the

Parties attended a mediation session with Judge Phillips held remotely via videoconference.  The January 31, 2022 mediation session was preceded by the submission of voluminous mediation statements including exhibits.  The mediation did not result in a settlement.

On May 25, 2022, the Parties attended a second mediation session with Judge Phillips, this time in person.  The May 25, 2022 mediation was also preceded by the submission of supplemental mediation statements with additional exhibits and excerpts of deposition testimony by each of the Parties.  Again, the Parties did not reach an agreement at that mediation and litigation continued.

Following the May 25, 2022 mediation and concurrent with the ongoing litigation, Judge Phillips continued to correspond with the parties to explore the potential for resolution of the case.  On January 10, 2024, the Parties engaged in another in-person mediation session with Judge Phillips, but again the Parties were unable to reach a settlement.  On February 14, 2024, Judge Phillips issued a mediator's proposal to resolve all claims alleged in the Complaint and on March 1, 2024 the Parties accepted the mediator's proposal.  The agreement to accept the mediator's proposal included, among other things, the Settling Parties' agreement to settle and release all claims that were asserted or could have been asserted in the Action in return for a cash payment of $490,000,000 to be paid by Apple and/or its insurers on behalf of Defendants, for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement between the Settling Parties.

**3.      Why is there a settlement?**

The Court has not decided in favor of Defendants or the Lead Plaintiff.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of continuing the Action, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

**4.      How do I know if I am a member of the Class?**

The Court directed that everyone who fits the following description is a Class Member: all Persons that purchased or otherwise acquired the publicly traded securities of Apple, including purchasers of Apple call options and sellers of Apple put options, during the period from November 2, 2018, through January 2, 2019, inclusive, and who suffered damages by Defendants' alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, except those Persons that are excluded.

Excluded from the Class are:  (i) Apple and the Individual Defendants; (ii) members of the families of each Individual Defendant; (iii) officers and directors of Apple; and (iv) the legal representatives, heirs, successors, or assigns of any such excluded party.  Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is available for downloading on the settlement website, and the required supporting documentation as set forth therein postmarked or submitted online at www.2019AppleSecuritiesSettlement.com on or before _____, 2024.

**5.      What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-888-735-2348, or you can fill out and return the Proof of Claim to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

**6.     What does the Settlement provide?**

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Action, Defendants have agreed to pay (or cause to be paid) $490 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

**7.     How much will my payment be?**

Your share of the Net Settlement Fund will depend on several things, including the total value of Apple securities represented by the valid Proof of Claim forms that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**8.     How can I get a payment?**

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form.  A Proof of Claim form may be downloaded at www.2019AppleSecuritiesSettlement.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2024.**  The Proof of Claim form may be submitted online at www.2019AppleSecuritiesSettlement.com.

**9.     When would I get my payment?**

**The Court will hold a Settlement Hearing on _____, 2024, at _____ _.m.,** to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

**10.     What am I giving up to get a payment or to stay in the Class?**

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their "Related Persons" (as defined below) about the "Released Claims" (also defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all Released Claims, including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Related Persons" means each and all of a Defendant's present and former subsidiaries, divisions, controlling persons, associates, entities, and affiliates, and each of all of their respective present and former employees, members, partners,

EX 1 - NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS
ACTION - 4:19-cv-02033-YGR                                                                 - 6 -
4855-8746-9993.v1

principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures, and insurers and reinsurers of each of them; as well as the predecessors, successors, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Released Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, including both known and Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Class (i) asserted in any complaint filed in the Action, or could have asserted or could in the future assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint filed in the Action and (ii) that relate in any way, directly or indirectly, to the purchase, acquisition, holding (by those who purchased or otherwise acquired Apple securities during the Class Period), sale or disposition of Apple securities during the Class Period. "Released Claims" does not include claims relating to the enforcement of the Settlement, derivative claims, or any claims of any Person that submits a request for exclusion from the Class that is accepted by the Court.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, including both known and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Plaintiffs' Counsel and Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" means each and all of the Defendants, and each and all of their Related Persons.

- "Unknown Claims" means any and all Released Claims of every nature and description against the Released Defendant Parties that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims of every nature and description against the Released Plaintiff Parties that any Defendant does not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendants' Claims, and including, without limitation, those that, if known by him, her, them, or it, might have affected his, her, their, or its decision to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, their, or its decision not to object to this Settlement or not exclude himself, herself, themselves, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code §1542, or any

law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties may hereafter discover facts in addition to or different from those that he, she, they, or it now knows or believes to be true with respect to the subject matter of Released Claims or Released Defendants' Claims, but they stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall expressly waive and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.   How do I get out of the Class and the proposed Settlement?** |
| --- |

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you request exclusion from the Class in the *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR. Your letter must include your purchases or acquisitions of Apple publicly traded securities during the Class Period, including the dates and the number of Apple common shares or call options on Apple common shares you purchased or acquired and/or the date(s) and number of put options on Apple common shares you sold. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2024** to:

*2019 Apple Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this

EX 1 - NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS
ACTION - 4:19-cv-02033-YGR                                                                            - 8 -

lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Claims in the future.

| **12.** | **If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?** |

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Action to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2024.

| **13.** | **If I exclude myself, can I get money from the proposed Settlement?** |

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| **14.** | **Do I have a lawyer in this case?** |

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.** | **How will the lawyers be paid?** |

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $3,000,000 in connection with prosecuting the Action, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  One or more Representative Parties may seek up to $73,000 in the aggregate for their time and expenses incurred in connection with the Action pursuant to 15 U.S.C. §78u-4(a)(4).  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |

Any Class Member who does not request exclusion, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses.  You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing.  You must include your name address, email address, telephone number, and your signature (even if you are represented by counsel).  If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your

EX 1 - NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS
ACTION - 4:19-cv-02033-YGR                                                                      - 9 -
4855-8746-9993.v1

own attorney, you are responsible for hiring and paying the attorney.  All written objections and supporting papers must (a) clearly identify the case name and number (*In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR), (b) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____, 2024.

The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the date(s), price(s), and number and type of Apple publicly traded securities you purchased or otherwise acquired and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  You must also identify all other class action settlements in which you or your counsel have filed objections in the past two years.  You must also include copies of documents demonstrating all of your purchase(s), acquisitions, and/or sale(s) of Apple publicly traded securities during the Class Period.

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Persons.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at **_:___ _.m., on _____, 2024**, in the Courtroom of the Honorable Yvonne Gonzalez Rogers, at the United States District Court for the Northern District of California, Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, CA 94612. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much Lead Counsel will be paid and how much Representative Parties will be awarded pursuant to 15 U.S.C. §78u-4(a)(4).  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.2019AppleSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

| **20.** | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR. Persons who intend to object to the Settlement, the Plan of Allocation, and/or any awards to Lead Counsel or Representative Parties and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Your Notice of Intention to Appear must be ***filed*** **with the Court no later than _____, 2024**.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| **21.** | **What happens if I do nothing?** |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Persons about the Released Claims in this case.

## GETTING MORE INFORMATION

| **22.** | **How do I get more information?** |
|---|---|

This Notice contains only a summary of the terms of the proposed Settlement.  For even more detailed information concerning the matters involved in this Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-735-2348  Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other Settlement related papers filed in the Action, which are posted on the Settlement website at www.2019AppleSecuritiesSettlement.com.

This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.2019AppleSecuritiesSettlement.com or by contacting Lead Counsel below.  You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

*2019 Apple Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC

P.O. Box 301135
Los Angeles, CA 90030-1135

**or**

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
settlementinfo@rgrdlaw.com
*Lead Counsel*

<u>PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE TO
INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.</u>

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

The Settlement Amount of $490 million together with any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Apple securities during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Action.

The Plan of Allocation is intended to compensate investors who purchased or otherwise acquired Apple common stock or call options on Apple common stock, and/or sold put options on Apple common stock from November 2, 2018 through January 2, 2019, inclusive, and have held through the issuance of at least one corrective disclosure. In this case, Lead Plaintiff alleges that Defendants made materially false and misleading statements and omissions on November 1, 2018, which had the effect of artificially inflating the trading prices of Apple common stock and call options on Apple common stock, and deflating the trading price of put options on Apple common stock. Lead Plaintiff alleges that corrective disclosures were made on November 5, 2018, November 12, 2018, and January 2, 2019 (after the close of trading).

The Plan of Allocation is not a formal damage analysis. The Recognized Loss Amount is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per common share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $170.59 per Apple common share.[2] Furthermore, if any of the formulas set forth below yield an amount less than zero, the claim per share shall be zero.

---

[2]    "In any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the

The Plan of Allocation was developed in consultation with Lead Plaintiff's damages expert. In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of alleged artificial inflation in the prices of each of the Apple securities that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions the Court previously found to be actionable. In calculating the estimated impact allegedly caused by those misrepresentations and omissions, Lead Plaintiff's damages expert considered the price changes in Apple securities in reaction to the public disclosures that allegedly corrected the alleged misrepresentations or omissions, adjusting the price change for factors that were attributable to market or industry forces.

In order to have recoverable damages under the federal securities laws, disclosures relating to the alleged misrepresentations and/or omissions must be a cause of the decline in the price of the security. In this Action, Lead Plaintiff alleges that corrective information allegedly impacting the price of Apple securities and determined to result in potentially recoverable damages (the "corrective disclosure") was released to the market on November 5, 2018, November 12, 2018 and January 2, 2019 (after the close of trading). With respect to the November 5, 2018 and November 12, 2018 stock price declines, the Plan of Allocation reflects a 25% and 75% reduction, respectively, for litigation risk.

In order to have a "Recognized Loss Amount" under the Plan of Allocation, Apple common stock or call options on Apple common stock must have been purchased or acquired during the Class Period and held through the issuance of at least one corrective disclosure. Put options on Apple common stock must have been written (sold) during the Class Period and held through at least one corrective disclosure.

As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis according to Recognized Claims for Class Member damages. The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) at least 96% of the Net Settlement Fund will be allocated collectively to Apple common stock; and (b) no more than 4% of the Net Settlement Fund will be allocated to options on Apple common stock.

Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Apple common stock or call option on Apple common stock and/or sale of put options on Apple common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

**Transactions in Apple Common Stock**

For each share of Apple publicly traded common stock purchased or otherwise acquired from November 2, 2018 through January 2, 2019, inclusive, and:

      (a)      sold prior to November 2, 2018, the Recognized Loss Amount will be zero;

---

misstatement or omission that is the basis for the action is disseminated to the market." Consistent with §28(e)(1) of the Securities Exchange Act of 1934, Recognized Loss Amounts for Apple common stock are reduced to an appropriate extent by taking into account the closing prices of Apple common stock during the 90-day look-back period. The mean (average) closing price for Apple common stock during this 90-day look-back period was $170.59 per share as shown in Table 2.

(b)      sold from November 5, 2018 through January 2, 2019, the Recognized Loss Amount will be the lesser of: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

(c)      sold from January 3, 2019 through and including the close of trading on April 2, 2019, the Recognized Loss Amount will be the least of: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between January 3, 2019 and the date of sale as stated in Table 2 below; or

(d)      held as of the close of trading on April 2, 2019, the Recognized Loss Amount will be the lesser of: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $170.59, the average closing price for Apple common stock between January 3, 2019, and April 2, 2019 (the last entry in Table 2 below).

**Transactions in Apple Option Contracts**

For *call options* on Apple common stock purchased or otherwise acquired during the Class Period,[3] and:

(a)      closed (through sale, exercise, or expiration) before November 5, 2018, the Recognized Loss Amount is zero;

(b)      closed (through sale, exercise, or expiration) without being held through at least one corrective disclosure, the Recognized Loss Amount is zero;

(c)      held through at least one corrective disclosure, the Recognized Loss Amount is the difference between the price paid for the call option less the proceeds received upon the sale, exercise, or expiration of the call option contract; or

(d)      held as of the close of trading on April 2, 2019, the Recognized Loss Amount is the difference between (i) the price paid for the call option, and (ii) the Call Option Intrinsic Value of the option on April 2, 2019.[4]

For call options on Apple common stock written (sold), the Recognized Loss Amount is zero.

For *put options* on Apple common stock written (sold) during the Class Period, and:

---

[3]      To participate in the Settlement, Claimants must provide adequate documentation to establish that each call option and put option purchased or sold remained open through at least one of the disclosures identified above.  With respect to shares of Apple common stock purchased or sold through the exercise of an option, the purchase/sale date of the Apple common stock is the exercise date of the option, and the purchase/sale price of the Apple common stock is the exercise price of the option.

[4]      The Call Option Intrinsic Value on April 2, 2019 is equal to 100 multiplied by the difference between $194.02 and the option exercise strike price (where $194.02 is the closing price of Apple common stock on April 2, 2019).  If the Call Option Intrinsic Value calculates to a negative number or zero based on this formula, that Call Option Intrinsic Value will be zero.

(a)     closed (via re-purchase, assignment, or expiration) before November 5, 2018, the Recognized Loss Amount is zero;

(b)     closed (via re-purchase, assignment, or expiration) without being held through at least one corrective disclosure, the Recognized Loss Amount is zero;

(c)     held through at least one corrective disclosure, the Recognized Loss Amount is the difference between the amount(s) paid upon re-purchase, assignment, or expiration of the put option contract less the initial proceeds received upon the sale of the put option contract; or

(d)     held as of the close of trading on April 2, 2019, the Recognized Loss Amount is the difference between (a) the Put Option Intrinsic Value of the option on April 2, 2019,[5] and (b) the initial proceeds received from the sale of the put option contract.

For put options on Apple common stock purchased or otherwise acquired, the Recognized Loss Amount is zero.

For Class Members who held Apple securities at the beginning of the Class Period or made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim.  Under the FIFO method, sales of Apple securities during the Class Period will be matched, in chronological order, first against Apple securities held at the beginning of the Class Period.  The remaining sales of Apple securities during the Class Period will then be matched, in chronological order, against Apple securities purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Apple securities described above during the Class Period are subtracted from all losses.  However, the proceeds from sales of Apple securities that have been matched against Apple securities held at the beginning of the Class Period will not be used in the calculation of such net loss.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

If a Claimant had a market gain with respect to their overall transactions in Apple securities during the Class Period, the value of the Claimant's Recognized Claim will be zero.  If a Claimant suffered an overall market loss with respect to their overall transactions in Apple securities during the Class Period, but that market loss was less than the Claimant's total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a Claimant had a market gain, or suffered a market loss, with respect to a Claimant's overall transactions in Apple common stock and call options during the Class Period, the Claims Administrator will determine the difference between

---

[5]     The Put Option Intrinsic Value on April 2, 2019, is equal to 100 multiplied by the difference between the option exercise/strike price and $194.02 (where $194.02 is the closing price of Apple common stock on April 2, 2019).  If the Put Option Intrinsic Value calculates to a negative number or zero based on the formula, that Put Option Intrinsic Value will be zero.

EX 1 - NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS
ACTION - 4:19-cv-02033-YGR                                                                          - 15 -

the Claimant's (i) Total Purchase Amount[6] and (ii) the sum of the Total Sales Proceeds[7] and Holding Value.[8]  For purposes of determining whether a Claimant had a market gain, or suffered a market loss, with respect to that Class Member's overall transactions in Apple put options during the Class Period, the Claims Administrator will determine the difference between the Claimant's (i) total Put Proceeds[9] and (ii) the sum of the Total Covering Cost[10] and Holding Value.[11]  This difference will be deemed a Claimant's market gain or loss with respect to the Claimant's overall transactions in Apple put options during the Class Period.

A purchase, acquisition, or sale of Apple securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  All purchase, acquisition, and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise, or operation of law of Apple securities during the Class Period shall not be deemed a purchase, acquisition, or sale of Apple securities for the calculation of a Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment.  The receipt of Apple securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of Apple securities.

---

[6]   The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for Apple securities purchased or otherwise acquired during the Class Period.

[7]   The Claims Administrator will match any sales of Apple common stock from the start of the Class period through and including the close of trading on January 2, 2019, first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Apple common stock sold from the start of the Class Period through and including the close of trading on January 2, 2019 will be the "Total Sales Proceeds."

[8]   The Claims Administrator will ascribe a "Holding Value" equal to (i) $142.19 for each share of Apple common stock purchased or acquired during the Class Period and still held as of the close of trading on January 2, 2019; (ii) the Call Option Intrinsic Value on January 3, 2019 for each call option purchased during the Class Period and still held as of the close of trading on January 2, 2019.  The Call Option Intrinsic Value on January 3, 2019 is equal to 100 multiplied by the difference between $142.19 and the option exercise/strike price (where $142.19 is the closing price of Apple common stock on January 2, 2019).  If the Call Option Intrinsic Value calculates to a negative number or zero based on this formula, that Call Option Intrinsic Value will be zero.

[9]   The "Total Put Proceeds" is the total amount the Claimant received (excluding commissions and other charges) for writing put options on Apple common stock during the Class Period.

[10]   The "Total Covering Cost" is the total amount the Claimant paid (excluding commissions and other charges) to close the written put option position.

[11]   The Claims Administrator will ascribe a "Holding Value" equal to the Put Option Intrinsic Value on January 3, 2019, for each put option written or sold during the Class Period and still held as of the close of trading on January 2, 2019.  The Put Option Intrinsic Value on January 3, 2019, is equal to 100 multiplied by the difference between the option exercise/strike price and $142.19 (where $142.19 is the closing price of Apple common stock on January 2, 2019).  If the Put Option Intrinsic Value calculates to a negative number or zero based on the formula, that Put Option Intrinsic Value will be zero.

EX 1 - NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION - 4:19-cv-02033-YGR                                                                              - 16 -
4855-8746-9993.v1

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to the Investor Protection Trust.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

**TABLE 1**

**Decline in Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 11/2/2018-11/4/2018 | 11/5/2018-11/11/2018 | 11/12/2018-1/2/2019 | Sold on or Retained Beyond 1/3/2019 |
| 11/2/2018-11/4/2018 | $0.00 | $5.38 | $6.59 | $14.72 |
| 11/5/2018-11/11/2018 | | $0.00 | $1.21 | $9.34 |
| 11/12/2018-1/2/2019 | | | $0.00 | $8.13 |
| Purchased on or Retained Beyond 1/3/2019 | | | | $0.00 |

**TABLE 2**

**Apple Closing Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between 3 January 2019 and Date Shown | Date | Closing Price | Average Closing Price Between 3 January 2019 and Date Shown |
|---|---|---|---|---|---|
| 1/3/2019 | $142.19 | $142.19 | 2/19/2019 | $170.93 | $160.30 |
| 1/4/2019 | $148.26 | $145.22 | 2/20/2019 | $172.03 | $160.66 |
| 1/7/2019 | $147.93 | $146.13 | 2/21/2019 | $171.06 | $160.97 |
| 1/8/2019 | $150.75 | $147.28 | 2/22/2019 | $172.97 | $161.31 |
| 1/9/2019 | $153.31 | $148.49 | 2/25/2019 | $174.23 | $161.67 |
| 1/10/2019 | $153.80 | $149.37 | 2/26/2019 | $174.33 | $162.01 |
| 1/11/2019 | $152.29 | $149.79 | 2/27/2019 | $174.87 | $162.35 |
| 1/14/2019 | $150.00 | $149.82 | 2/28/2019 | $173.15 | $162.63 |
| 1/15/2019 | $153.07 | $150.18 | 3/1/2019 | $174.97 | $162.93 |
| 1/16/2019 | $154.94 | $150.65 | 3/4/2019 | $175.85 | $163.25 |
| 1/17/2019 | $155.86 | $151.13 | 3/5/2019 | $175.53 | $163.54 |
| 1/18/2019 | $156.82 | $151.60 | 3/6/2019 | $174.52 | $163.80 |
| 1/22/2019 | $153.30 | $151.73 | 3/7/2019 | $172.50 | $163.99 |
| 1/23/2019 | $153.92 | $151.89 | 3/8/2019 | $172.91 | $164.19 |
| 1/24/2019 | $152.70 | $151.94 | 3/11/2019 | $178.90 | $164.51 |
| 1/25/2019 | $157.76 | $152.31 | 3/12/2019 | $180.91 | $164.86 |
| 1/28/2019 | $156.30 | $152.54 | 3/13/2019 | $181.71 | $165.21 |
| 1/29/2019 | $154.68 | $152.66 | 3/14/2019 | $183.73 | $165.59 |
| 1/30/2019 | $165.25 | $153.32 | 3/15/2019 | $186.12 | $166.00 |
| 1/31/2019 | $166.44 | $153.98 | 3/18/2019 | $188.02 | $166.43 |
| 2/1/2019 | $166.52 | $154.58 | 3/19/2019 | $186.53 | $166.82 |
| 2/4/2019 | $171.25 | $155.33 | 3/20/2019 | $188.16 | $167.22 |
| 2/5/2019 | $174.18 | $156.15 | 3/21/2019 | $195.09 | $167.74 |
| 2/6/2019 | $174.24 | $156.91 | 3/22/2019 | $191.05 | $168.16 |
| 2/7/2019 | $170.94 | $157.47 | 3/25/2019 | $188.74 | $168.53 |
| 2/8/2019 | $170.41 | $157.97 | 3/26/2019 | $186.79 | $168.85 |
| 2/11/2019 | $169.43 | $158.39 | 3/27/2019 | $188.47 | $169.19 |
| 2/12/2019 | $170.89 | $158.84 | 3/28/2019 | $188.72 | $169.52 |
| 2/13/2019 | $170.18 | $159.23 | 3/29/2019 | $189.95 | $169.86 |
| 2/14/2019 | $170.80 | $159.61 | 4/1/2019 | $191.24 | $170.21 |
| 2/15/2019 | $170.42 | $159.96 | 4/2/2019 | $194.02 | $170.59 |

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased or otherwise acquired Apple publicly traded securities during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THE SUMMARY NOTICE, you either (a) provide to the Claims Administrator the name and last known email or physical

address of each person or organization for whom or which you purchased or acquired such Apple publicly traded securities during such time period, or (b) request additional copies of the Summary Notice, which will be provided to you free of charge, and within seven (7) days send via email or regular mail where an email address is not available the Summary Notice directly to the beneficial owners of the Apple publicly traded securities referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the email was sent or the mailing was made as directed and retain the names, email addresses, or physical addresses for any future mailings to Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claim Administrator per record; up to a maximum of $0.03 per Summary Notice emailed or mailed by you, plus postage at the rate used by the Claims Administrator.  Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator at:

*2019 Apple Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135

DATED: _____      _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EX 1 - NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION - 4:19-cv-02033-YGR
4855-8746-9993.v1
- 20 -

# EXHIBIT 2

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
          – and –
MARK SOLOMON (151949)
ELLEN GUSIKOFF STEWART (144892)
JASON A. FORGE (181542)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
elleng@rgrdlaw.com
jforge@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |

Case No. 4:19-cv-02033-YGR

CLASS ACTION

PROOF OF CLAIM AND RELEASE

EXHIBIT 2

I.      **GENERAL INSTRUCTIONS**

1.      To recover as a member of the Class based on your claims in the action entitled *In re Apple Inc. Securities Litigation*, No. 4:19-cv-02033-YGR (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release ("Claim Form").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action (the "Settlement").[1]

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2024, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*2019 Apple Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135
Online Submissions: www.2019AppleSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.  If you are NOT a member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Claim Form.

---

[1]      This Claim Form incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.2019AppleSecuritiesSettlement.com.

4.      If you are a member of the Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.      It is important that you completely read and understand the Notice that can be found on the Settlement website, www.2019AppleSecuritiesSettlement.com, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice (as well as the Stipulation) also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## II.    CLAIMANT IDENTIFICATION

You are a member of the Class if you purchased or otherwise acquired the publicly traded securities of Apple, including purchasers of Apple call options and sellers of Apple put options, during the period from November 2, 2018 through January 2, 2019, inclusive (the "Class Period"), and suffered damages by Defendants' alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  Excluded from the Class are: (i) Apple and the Individual Defendants; (ii) members of the families of each Individual Defendant; (iii) officers and directors of Apple; and (iv) the legal representatives, heirs, successors, or assigns of any such excluded party.  Also excluded from the Class is any Person who would otherwise be a member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of this Claim Form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Apple publicly traded securities which form the basis of this claim.  THIS CLAIM MUST BE

1  FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE

2  LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE APPLE

3  PUBLICLY TRADED SECURITIES UPON WHICH THIS CLAIM IS BASED.

4  　　　All joint purchasers or acquirers must sign this Claim Form.  Executors, administrators,

5  guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons

6  represented by them and their authority must accompany this Claim Form and their titles or

7  capacities must be stated.  The last four digits of the Social Security Number (or full Taxpayer

8  Identification Number) and telephone number of the beneficial owner may be used in verifying

9  the claim.  Failure to provide the foregoing information could delay verification of your claim or

10  result in rejection of the claim.

11  　　　If you are acting in a representative capacity on behalf of a member of the Class (for

12  example, as an executor, administrator, trustee, or other representative), you must submit evidence

13  of your current authority to act on behalf of that member of the Class.  Such evidence would

14  include, for example, letters testamentary, letters of administration, or a copy of the trust

15  documents.

16  　　　One Claim Form should be submitted for each separate legal entity.  Separate Claim Forms

17  should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not

18  include separate transactions of just one of the joint owners, and an individual should not combine

19  his or her IRA transactions with transactions made solely in the individual's name).  Conversely,

20  a single Claim Form should be submitted on behalf of one legal entity, including all transactions

21  made by that entity on one Claim Form, no matter how many separate accounts that entity has

22  (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all

23  accounts on one Claim Form).

24  　　　NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of

25  transactions may request to, or may be requested to, submit information regarding their

26  transactions in electronic files.  All claimants MUST submit a manually signed paper Claim Form

27  listing all their transactions whether or not they also submit electronic copies.  If you wish to file

28  your Claim Form electronically, you must contact the Claims Administrator at edata@gilardi.com

to obtain the mandatory file layout.  Any file not in accordance with the required electronic filing format will be subject to rejection.  Only one Claim Form should be submitted for each legal entity (*see* above) and the **complete** name of the beneficial owner(s) of the securities must be entered where called for.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.  Do not assume that your file has been received until you receive this notification.  If you do not receive such an email within 10 days of your submission you should contact the electronic filing department at edata@gilardi.com to inquire about your file and confirm it was received.

## III.    CLAIM FORM

Use Part II of this Claim Form entitled "Schedule of Transactions in Apple Common Stock," and Part III of this Claim Form entitled "Schedule of Transactions in Apple Options" to supply all required details of your transaction(s) in Apple publicly traded securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **all** of your holdings, purchases, or acquisitions and **all** of your sales of Apple publicly traded securities, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Apple common stock, and the date of a "short sale" is deemed to be the date of sale of Apple common stock.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Apple publicly traded securities.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these

documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN APPLE PUBLICLY TRADED SECURITIES**.

PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re Apple Inc. Securities Litigation*

Case No. 4:19-cv-02033-YGR

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 2024

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN APPLE PUBLICLY TRADED SECURITIES.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

1

PART I: CLAIMANT IDENTIFICATION

Last Name                                                    M.I.   First Name

2

Last Name (Co-Beneficial Owner)                              M.I.   First Name (Co-Beneficial Owner)

3

○ IRA      ○ Joint Tenancy      ○ Employee      ○ Individual      ○ Other _____
                                                                             (specify)
Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

4

5

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

6

Account#/Fund# (Not Necessary for Individual Filers)

7

LAST 4 DIGITS OF
SOCIAL SECURITY NUMBER              or       Taxpayer Identification Number
                                                        —

8

Telephone Number (Primary Daytime)          Telephone Number (Alternate)
         —          —                                 —          —

9

Email Address

MAILING INFORMATION

10

Address

11

Address

12

City                                         State   Zip Code

13

Foreign Province          Foreign Postal Code          Foreign Country Name/Abbreviation

14

15

PART II:        SCHEDULE OF TRANSACTIONS IN APPLE COMMON STOCK

16

A.      Number of shares of Apple common stock held at the close of trading on November 1, 2018: _____

17

Proof Enclosed?

18

○ Y
○ N

19

20

B.      Purchases or acquisitions of Apple common stock between November 2, 2018, and April 2, 2019, inclusive:[2]

21

22

| Trade Date<br>Month Day Year | Number of Shares<br>Purchased or Acquired | Total Purchase or<br>Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3. | 3. | 3. |

23

24

25

_____

[2]     Information requested about your purchases or acquisitions on January 3, 2019, through and including the close of trading on April 2, 2019, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases or acquisitions during this period are not eligible for a recovery because they were made outside the Class Period.

26

27

28

EX 2 – PROOF OF CLAIM AND RELEASE - 4:19-cv-02033-YGR                          - 6 -
4892-0350-9418.v1

C.     Sales of Apple common stock between November 2, 2018, and April 2, 2019, inclusive:



| | SALES | | | |
|---|---|---|---|---|
| | Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| 1. | M M / D D / Y Y Y Y | | $    . 0 0 | ○ Y ○ N |
| 2. | M M / D D / Y Y Y Y | | $    . 0 0 | ○ Y ○ N |
| 3. | M M / D D / Y Y Y Y | | $    . 0 0 | ○ Y ○ N |
| 4. | M M / D D / Y Y Y Y | | $    . 0 0 | ○ Y ○ N |

D.     Number of shares of Apple common stock held at the close of trading on January 2, 2019:

Proof Enclosed?
○ Y
○ N

E.     Number of shares of Apple common stock held at the close of trading on April 2, 2019:

Proof Enclosed?
○ Y
○ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

PART III:     SCHEDULE OF TRANSACTIONS IN APPLE OPTIONS

## PURCHASES/REPURCHASES

A.     I made the following purchases/repurchases of options on Apple common stock between November 2, 2018, and January 2, 2019, inclusive:



| Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Assigned/Exercised Date | | |
|---|---|---|---|---|---|---|---|---|
| Option Type:   Put   Call | | | | . | | Proof of transaction enclosed? | Y | N |
| Option Type:   Put   Call | | | | . | | Proof of transaction enclosed? | Y | N |
| Option Type:   Put   Call | | | | . | | Proof of transaction enclosed? | Y | N |
| Option Type:   Put   Call | | | | . | | Proof of transaction enclosed? | Y | N |
| Option Type:   Put   Call | | | | . | | Proof of transaction enclosed? | Y | N |
| Option Type:   Put   Call | | | | . | | Proof of transaction enclosed? | Y | N |
| Option Type:   Put   Call | | | | . | | Proof of transaction enclosed? | Y | N |

**SALES/WRITTEN**

B.      I sold/wrote the following options on Apple common stock during the period between November 2, 2018 and January 2, 2019, inclusive.

| Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Assigned/Exercised Date |
|---|---|---|---|---|---|---|
| Option Type:  Put  Call | | | | . | Proof of transaction enclosed?  Y  N |
| Option Type:  Put  Call | | | | . | Proof of transaction enclosed?  Y  N |
| Option Type:  Put  Call | | | | . | Proof of transaction enclosed?  Y  N |
| Option Type:  Put  Call | | | | . | Proof of transaction enclosed?  Y  N |
| Option Type:  Put  Call | | | | . | Proof of transaction enclosed?  Y  N |
| Option Type:  Put  Call | | | | . | Proof of transaction enclosed?  Y  N |
| Option Type:  Put  Call | | | | . | Proof of transaction enclosed?  Y  N |

**YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.      SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a member of the Class and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Action, including the releases and the covenants set forth herein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Apple publicly traded securities during the Class Period and know of no other Person having done so on my (our) behalf.

## V.     RELEASES

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release from the "Released Claims" (as defined below) each and all of the "Released Defendant Parties" (as defined below).

2.      "Released Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, including both known and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Class (i) asserted in any complaint filed in the Action, or could have asserted or could in the future assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint filed in the Action and (ii) that relate in any way, directly or indirectly, to the purchase, acquisition, holding (by those who purchased or otherwise acquired Apple securities during the Class Period), sale or disposition of Apple securities during the Class Period. "Released Claims" does not include claims relating to the enforcement of the Settlement, derivative claims, or any claims of any Person that submits a request for exclusion from the Class that is accepted by the Court.

3.      "Released Defendant Parties" means each and all of the Defendants and each and all of their Related Persons.

4.      "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known and Unknown Claims, whether arising under federal, state, common, or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties (as defined below), including Plaintiffs' Counsel and Class

Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement.

5.     "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

6.     "Released Plaintiff Parties" means the Lead Plaintiff, each and every Class Member, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

7.     "Unknown Claims" means any and all Released Claims of every nature and description against the Released Defendant Parties that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims of every nature and description against the Released Plaintiff Parties that any Defendant does not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendants' Claims, and including, without limitation, those that, if known by him, her, them, or it, might have affected his, her, their, or its decision to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth therein, or might have affected his, her, their, or its decision not to object to this Settlement or not exclude himself, herself, themselves, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree

that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties may hereafter discover facts in addition to or different from those that he, she, they, or it now knows or believes to be true with respect to the subject matter of Released Claims or Released Defendants' Claims, but they stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall expressly waive and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

8.      These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

9.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

10.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Apple publicly traded securities during the Class Period and the number of Apple common shares held by me (us) at the close of trading on November 1, 2018, January 2, 2019, and April 2, 2019.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____

                                           (Month/Year)                         (City/State/Country)

_____     _____
(Sign your name here)                                              (Sign your name here)

_____     _____
(Type or print your name here)                                 (Type or print your name here)

_____     _____
(Capacity of person(s) signing, *e.g.*,                          (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)         Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. Do not send originals of certificates.
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____ __, 2024, ADDRESSED AS FOLLOWS:**

*2019 Apple Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135
www.2019AppleSecuritiesSettlement.com

# EXHIBIT 3

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
DANIEL J. PFEFFERBAUM (248631)
KENNETH J. BLACK (291871)
HADIYA K. DESHMUKH (328118)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
kennyb@rgrdlaw.com
hdeshmukh@rgrdlaw.com
jgelman@rgrdlaw.com
       – and –
MARK SOLOMON (151949)
ELLEN GUSIKOFF STEWART (144892)
JASON A. FORGE (181542)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
elleng@rgrdlaw.com
jforge@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re APPLE INC. SECURITIES LITIGATION | Case No. 4:19-cv-02033-YGR |
| | CLASS ACTION |
| This Document Relates To: | SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | EXHIBIT 3 |

**TO:**   **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF APPLE INC. ("APPLE"), INCLUDING PURCHASERS OF APPLE CALL OPTIONS AND SELLERS OF APPLE PUT OPTIONS, DURING THE PERIOD FROM NOVEMBER 2, 2018, THROUGH JANUARY 2, 2019, INCLUSIVE, AND WHO SUFFERED DAMAGES BY DEFENDANTS' ALLEGED VIOLATIONS OF SECTIONS 10(b) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934 ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION.   PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2024, at _ _.m., before the Honorable Yvonne Gonzalez Rogers at the United States District Court, Northern District of California, Ronald V. Dellums Federal Building & U.S. Courthouse, Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, CA 94612, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $490 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Action with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and to award Representative Parties for their time and expenses pursuant to 15 U.S.C. §78u-4(a)(4), and, if so, in what amount; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

IF YOU PURCHASED OR OTHERWISE ACQUIRED APPLE PUBLICLY TRADED SECURITIES FROM NOVEMBER 2, 2018, THROUGH JANUARY 2, 2019, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2024)** or electronically **(no later than _____, 2024)**.  Your failure to

---

[1]   The   Stipulation   can   be   viewed   and/or   obtained   at www.2019AppleSecuritiesSettlement.com.

EX 3 - SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION - 4:19-cv-02033-YGR                                                                                                  - 1 -

4893-7370-7690.v1

submit your Proof of Claim by _____, 2024, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Action. If you purchased, otherwise acquired, Apple publicly traded common stock or call options on Apple common stock, or sold put options on Apple stock during the period from November 2, 2018 through January 2, 2019, inclusive, and do not request exclusion from the Class, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

You may review the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), access the Proof of Claim, and find the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.2019AppleSecuritiesSettlement.com, or by writing to:

*2019 Apple Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

1    IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE

2  SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR

3  AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 25% OF THE SETTLEMENT

4  AMOUNT AND EXPENSES NOT TO EXCEED $3,000,000, PLUS INTEREST EARNED

5  THEREON AND AN AWARD TO REPRESENTATIVE PARTIES NOT TO EXCEED $73,000

6  IN THE AGGREGATE PURSUANT TO 15 U.S.C. §78u-4(a)(4).  ANY OBJECTIONS MUST

7  BE FILED WITH THE COURT **BY _____, 2024**, IN THE MANNER AND FORM

8  EXPLAINED IN THE NOTICE.

9    DATED: _____        BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
10                                      NORTHERN DISTRICT OF CALIFORNIA